BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | MDL No.: _____ |

## GC ADVERTISING, LLC AND CB ROOFING, LLC'S MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for the reasons below and explained in much greater detail in the supporting Memorandum, Plaintiffs in *GC Advertising, LLC and CB Roofing, LLC v. Blue Cross and Blue Shield of Alabama, and Blue Cross and Blue Shield Association*, 2:12-cv-02525 (N.D. Ala.) ("*GC*"), respectfully move the Judicial Panel on Multidistrict Litigation ("the Panel") for an Order transferring the actions identified in the attached Schedule A, (the "BCBS Cases"), and all subsequently filed related actions, to the Honorable R. David Proctor in the United States District Court for the Northern District of Alabama for coordinated or consolidated pretrial proceedings. Transfer of these actions pursuant 28 U.S.C. § 1407 is appropriate for the reasons set forth below, and more fully explained in the accompanying memorandum, including:

1.  Nine (9) related actions have been filed to date and are identified in the attached Schedule A, (the "BCBS Cases"). They include actions filed in Alabama, Tennessee, and North Carolina.[1]

---

[1] Upon discussions with several other plaintiffs' counsel, it is likely that additional BCBS Cases will be filed shortly and in advance of the consideration of the instant motion.

2.  Plaintiffs in the BCBS Cases are, and are acting on behalf of, individuals who have contracted with and paid premiums directly to Blue Cross Blue Shield licensees for the provision of health insurance.

3.  Plaintiffs in the BCBS Cases have sued Defendant Blue Cross and Blue Shield Association ("BCBSA"), and an independent Blue Cross and Blue Shield licensee ("Blues"). While operating as independent economic entities, all Blues are licensees of the BCBSA. Importantly, Blues elect the BCBSA board of directors, composed exclusively of Blues, which in turn establishes the rules and procedures governing licensing, and, consequently, status as a Blue. Though individual BCBS Cases may involve different Blues in addition to the BCBSA, each BCBS Case alleges essentially the same legal claim and underlying factual allegations. All BCBS Cases involve the BCBSA and its member Blues' scheme to limit the market for the provision of health insurance.

4.  Health insurance plans operating under the Blue Cross and Blue Shield trademarks and trade names provide health insurance coverage for approximately 100 million subscribers. BCBSA itself does not provide health services and does not contract with physicians for the provision of services, but it operates to create consistency and cooperation among its 38 member Blues. It is owned and controlled by its member Blues and is governed by a board of directors, two-thirds of which must be composed of either chief executive officers or plan board members. The 38 member Blues fund Defendant BCBSA.

5.  In establishing the policies and regulations between Blues, the BCBSA requires that Blues agree not to compete in each other's exclusive territories. There is no precompetitive justification for these agreements and restrictions on competition in exclusive territories.

Instead, they are naked restraints on trade, and are not ancillary to the legitimate and competitive purposes of the Blues, and have profound anticompetitive effects.

6. All of the BCBS Cases arise from the same factual context—the contracting and payment of premiums for health insurance through a Blue—and raise the same principal legal issue—whether the BSBCA and its member Blues have placed illegal restraints on competition for the provision of health insurance.

7. All BCBS Cases have been filed in a relatively narrow time period of six months, with the *GC* case being filed on July 24, 2012. Seven (7) of the nine (9) related BCBS cases are currently pending in the Northern District of Alabama and have all been consolidated before the Honorable United States District Judge R. David Proctor.

8. In addition to being an experienced and eminently capable jurist, Judge Proctor is also the best choice for transfer because no other judge is more familiar with the issues, parties or claims involved in the BCBS Cases. Moreover, the Northern District of Alabama is an appropriate forum for coordination or consolidation because it has the resources and judicial expertise to conduct this multi-district litigation promptly and efficiently, and because that District is centrally and conveniently located.

9. Under 28 U.S.C. § 1407, the transfer and coordination or consolidation of the "BCBS Cases" will serve the convenience of the parties, witnesses, counsel, and the judicial system. Absent pretrial coordination or consolidation, the possibility of inconsistent pretrial rulings exists, especially with respect to issues concerning class certification, discovery, and the merits of Plaintiffs' claims, including damages.

10. No judicial resources will be wasted if these cases are transferred to the Northern District of Alabama given that all of the other cases have only recently been filed and no

significant discovery or other rulings have occurred in those cases. The Honorable Judge J. David Proctor has consolidated the seven (7) cases filed in the Northern District of Alabama creating a provider track and a subscriber track to judiciously administer the two tracks. Judge Proctor has also initiated the leadership process to appoint interim lead counsel.

WHEREFORE, for the reasons stated herein and in the accompanying Brief, Plaintiffs GC Advertising, LLC and CB Roofing, LLC respectfully request that the Panel issue an order transferring all actions listed in the attached Schedule A, the "BCBS Cases," as well as all subsequently filed related actions, to the United States District Court for the Northern District of Alabama before United States District Court Judge R. David Proctor for coordinated or consolidated pretrial proceedings.

Respectfully submitted on this the 6th day of September 2012.

/s/ Greg L. Davis
Attorney for GC Advertising, LLC and
CB Roofing, LLC

OF COUNSEL:

Greg L. Davis
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
(334) 832-9080/telephone
(334) 409-7001/facsimile
gldavis@knology.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of September 2012, a copy of foregoing Motion to Transfer was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system which will send notice of electronic filing to all parties of record.

/s/ Greg L. Davis
OF COUNSEL