Case MDL No. 2406    Document 2-10    Filed 09/07/12    Page 1 of 37

# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:12-cv-02185-RDP

Bajalieh et al v. Blue Cross and Blue Shield of Alabama et al

Assigned to: Judge R David Proctor

Lead case: 2:12-cv-01133-RDP

Member case: (View Member Case)

Cause: 15:1 Antitrust Litigation

Date Filed: 06/15/2012

Jury Demand: Plaintiff

Nature of Suit: 410 Anti-Trust

Jurisdiction: Federal Question

**Plaintiff**

**Chris Bajalieh**

represented by **Charles R Watkins**
DONALDSON & GUIN LLC
300 South Wacker Drive
Suite 1700A
Chicago, IL 60606
312-878-8391
Fax: 312-663-0303
Email: charlesw@dglawfirm.com
*ATTORNEY TO BE NOTICED*

**David J Guin**
DONALDSON & GUIN LLC
The Financial Center
505 20th Street N, Suite 1000
Birmingham, AL 35203
205-226-2282
Fax: 205-226-2357
Email: davidg@dglawfirm.com
*ATTORNEY TO BE NOTICED*

**John R Wylie**
DONALDSON GUIN LLC
300 South Wacker Drive
Suite 1700A
Chicago, IL 60606
312-878-8391
Fax: 312-663-0303
Email: Johnw@dglawfirm.com
*ATTORNEY TO BE NOTICED*

**Star Mishkel Tyner**
DONALDSON & GUIN, LLC

505 20th Street North, Suite 1000
Birmingham, AL 35203
205-225-2282
Fax: 205-226-2357
Email: start@dglawfirm.com
*ATTORNEY TO BE NOTICED*

**Tammy McClendon Stokes**
DONALDSON & GUIN LLC
The Financial Center
505 20th Street North, Suite 1000
Birmingham, AL 35203
205-226-2282
Fax: 205-226-2357
Email: tstokes@dglawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Consumer Financial Education Foundation of America Inc** | represented by | **Charles R Watkins**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **David J Guin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John R Wylie**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Star Mishkel Tyner**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Tammy McClendon Stokes**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Blue Cross and Blue Shield of Alabama** | represented by | **Carl S Burkhalter**<br>MAYNARD COOPER & GALE PC<br>AmSouth Harbert Plaza, Suite 2400 |

1901 6th Avenue North
Birmingham, AL 35203-2618
254-1000
Email:
cburkhalter@maynardcooper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James L Priester**
MAYNARD COOPER & GALE PC
2400 Regions/Harbert Plaza
1901 Sixth Avenue N
Birmingham, AL 35203
205-254-1000
Fax: 205-254-1999
Email: jpriester@maynardcooper.com
*ATTORNEY TO BE NOTICED*

**Pamela B Slate**
HILL HILL CARTER FRANCO COLE
& BLACK PC
425 S Perry Street
Montgomery, AL 36104
334-834-7600
Fax: 334-386-4381
Email: pslate@hillhillcarter.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield**
**Association**

represented by **Kimberly R West**
WALLACE JORDAN RATLIFF &
BRANDT LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
PO Box 530910
Birmingham, AL 35253
205-870-0555
Fax: 205-871-7534
Email: kwest@wallacejordan.com
*ATTORNEY TO BE NOTICED*

**Mark M Hogewood**
WALLACE JORDAN RATLIFF &
BRANDT, LLC
P O Box 530910

Birmingham, AL 35253
205-870-0555
Fax: 205-874-3245
Email:
mhogewood@wallacejordan.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2012 | 1 | COMPLAINT against Blue Cross and Blue Shield Association, Blue Cross and Blue Shield of Alabama (Filing fee $350 Receipt# B4601034477), filed by Chris Bajalieh, Consumer Financial Education Foundation of America Inc.(AVC) (Entered: 06/18/2012) |
| 06/15/2012 | 2 | Request for service by certified mail filed by Chris Bajalieh, Consumer Financial Education Foundation of America Inc. (AVC) (Entered: 06/18/2012) |
| 06/18/2012 | 3 | Summons Issued as to Blue Cross and Blue Shield Association, Blue Cross and Blue Shield of Alabama; mailed certified mail. (AVC) (Entered: 06/18/2012) |
| 06/18/2012 | 4 | NOTICE of Corporate Disclosure by Consumer Financial Education Foundation of America Inc (Stokes, Tammy) (Entered: 06/18/2012) |
| 06/20/2012 | 5 | SUMMONS Returned Executed Blue Cross and Blue Shield of Alabama served on 6/19/2012, answer due 7/10/2012. (AVC) (Entered: 06/20/2012) |
| 06/22/2012 | 6 | MOTION to Consolidate Cases by Chris Bajalieh, Consumer Financial Education Foundation of America Inc. (Stokes, Tammy) (Entered: 06/22/2012) |
| 06/25/2012 | 7 | ORDER-This case is before the court on pltf's Chris Bajalieh and Consumer Foundation Education of America, Inc.'s Unopposed Motion to Consolidate (6 in 2:12-cv-02185-RDP). The motion is GRANTED. The Clerk is hereby DIRECTED to CONSOLIDATE case 2:12-cv-2185-RDP with case 2:12-cv-1133. In the future, all other documents should be electronically filed only in the lead case, but should bear the style used in this order. Signed by Judge R David Proctor on 6/25/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02185-RDP(AVC) (Entered: 06/25/2012) |
| 06/26/2012 | 8 | MOTION to Consolidate Cases *(Unopposed)* by Blue Cross and Blue Shield Association. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02185-RDP(West, Kimberly) (Entered: 06/26/2012) |
| 06/26/2012 | 9 | MOTION for Status Conference by Nicholas A Layman, One Stop Environmental, LLC. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02185-RDP(Hellums, Christopher) Modified on 6/26/2012 (AVC). (Entered: 06/26/2012) |

| 06/27/2012 | 10 | ORDER-This case is before the court on Dft Blue Cross and Blue Shield Association's (BCBSA) Unopposed Motion to Consolidate (8 in 2:12-cv-02185-RDP, 36 in 2:12-cv-01133-RDP, 20 in 2:12-cv-01910-RDP). The motion is GRANTED. The Clerk is DIRECTED to CONSOLIDATE American Electric Motor Services, Inc. v BCBSA, et al with Richards et al v. BCBSA. Signed by Judge R David Proctor on 6/26/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(AVC) (Entered: 06/27/2012) |
| --- | --- | --- |
| 06/27/2012 | 11 | NOTICE of Appearance by Kimberly R West on behalf of Blue Cross and Blue Shield Association Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(West, Kimberly) (Entered: 06/27/2012) |
| 06/27/2012 | 12 | NOTICE of Appearance by Mark M Hogewood on behalf of Blue Cross and Blue Shield Association Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(Hogewood, Mark) (Entered: 06/27/2012) |
| 06/27/2012 | 13 | NOTICE of Appearance by Carl S Burkhalter on behalf of Blue Cross and Blue Shield of Alabama (Burkhalter, Carl) (Entered: 06/27/2012) |
| 06/28/2012 | 14 | ORDER-This matter is before the court on Pltfs' Motion for Status Conference, (37 in 2:12-cv-01133-RDP, 21 in 2:12-cv-01910-RDP, 9 in 2:12-cv-02185-RDP). The motion is GRANTED. This case is SET for a status conference at 11am on 7/25/2012, in Courtroom 7A of the Hugo L. Black US Courthouse. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(AVC) (Entered: 06/28/2012) |
| 06/28/2012 | 15 | SUMMONS Returned Executed Blue Cross and Blue Shield Association served on 6/22/2012, answer due 7/13/2012. (AVC) (Entered: 06/28/2012) |
| 06/28/2012 | 16 | WAIVER OF SERVICE Returned Executed by Consumer Financial Education Foundation of America Inc, Chris Bajalieh. Blue Cross and Blue Shield Association waiver sent on 6/20/2012, answer due 8/20/2012. (Stokes, Tammy) (Entered: 06/28/2012) |
| 07/02/2012 | 17 | NOTICE of Appearance by James L Priester on behalf of Blue Cross and Blue Shield of Alabama (Priester, James) (Entered: 07/02/2012) |
| 07/10/2012 | 18 | ALL PARTIES' Proposed Agenda for July 25,2012 Status Conference by Blue Cross and Blue Shield Association, Blue Cross and Blue Shield of Alabama, Nicholas A Layman, One Stop Environmental, LLC, Chris Bajalieh, Consumer Financial Education Foundation of America Inc, American Electric Motor Services Inc, Fred R Richards, Richards and Sons Construction Company Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(Small, Daniel) Modified on 7/11/2012 (AVC). (Entered: 07/10/2012) |

| 07/10/2012 | 19 | Consent MOTION to Vacate (34 in 2:12-cv-01133-RDP, 34 in 2:12-cv-01133-RDP) Order,,, Terminate Motions,, by Blue Cross and Blue Shield Association. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(West, Kimberly) (Entered: 07/10/2012) |
| 07/11/2012 | 20 | TEXT ORDER - The court has before it Defendants' Agreed Motion to Vacate (Doc. # 43), filed July 10, 2012. The parties request that the court vacate the June 21, 2012 scheduling order. The Motion (Doc. # 43) is GRANTED. The court will set a briefing schedule at the July 25, 2012 conference. Signed by Judge R David Proctor on 07/11/12. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(SFR, ) (Entered: 07/11/2012) |
| 07/24/2012 | 21 | MOTION for Admission Pro Hac Vice of Arthur N. Bailey, Jr. by Richards and Sons Construction Company Inc. (Attachments: # 1 Exhibit)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(Hellums, Christopher) Modified on 7/24/2012 (AVC). (Entered: 07/24/2012) |
| 07/24/2012 | 22 | TEXT ORDER -This matter is before the court on the Motion for Admission Pro Hac Vice of Arthur N. Bailey, Jr. (Doc. # 45). The Motion (Doc. # 45) is GRANTED. Signed by Judge R David Proctor on 7/24/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(AVC) (Entered: 07/24/2012) |
| 07/24/2012 | | PHV Fee paid: $50, Receipt# 1126-1716393 (ALND# B4601035590). Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(Hellums, Christopher) Modified on 7/24/2012 (AVC). (Entered: 07/24/2012) |
| 07/25/2012 | | Minute Entry for proceedings held before Judge R David Proctor: Status Conference held on 7/25/2012. The court will enter a separate order outlining the deadlines as indicated on the record. (Court Reporter Anita McCorvey.) Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP(KLL) (Entered: 07/27/2012) |
| 07/26/2012 | 23 | TEXT ORDER -On July 25, 2012, the court conducted a status conference in these consolidated cases. At the status conference, the court was informed that an additional case, Case No. 2:12-cv-02532-LSC, Conway v. Blue Cross and Blue Shield of Alabama, et al, had been filed and may be appropriate for consolidation with this case, despite the fact that additional defendants are named in that case. At the status conference, counsel for Blue Cross and Blue Shield Association agreed to undertake to notify the defendants in that case that, if they intend to oppose consolidation of that case with these cases, they should file a notice with the court on or before August 3, 2012. Counsel for Blue Cross |

| | | and Blue Shield Association is DIRECTED to make those other Blue Cross and Blue Shield entities who are named in that case and with whom the have contact aware of this Order. Signed by Judge R David Proctor on 7/26/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP(AVC) (Entered: 07/26/2012) |
|---|---|---|
| 07/27/2012 | 24 | ORDER-By agreement of the parties, it is ORDERED that case 2:12-cv-2525-KOB, be consolidated with case 2:12-cv-1133-RDP. In the future, all other documents should be electronically filed only in the lead case 2:12-CV-1133-RDP. Signed by Judge R David Proctor on 7/27/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP(AVC) (Entered: 07/27/2012) |
| 07/27/2012 | 25 | ORDER-By agreement of the parties, it is ORDERED that case 2:12-cv-2537-TMP will be consolidated with 2:12-cv-1133-RDP. In the future, all other documents should be electronically filed only in the lead case 2:12-CV-01133-RDP. Signed by Judge R David Proctor on 7/27/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 07/27/2012) |
| 07/27/2012 | 26 | ORDER -It is the courts intent to appoint Interim Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3) in these consolidated cases. Applications and/or nominations for the Interim Lead Class Counsel position must be filed with the Clerks Office electronically on or before Tuesday, September 4, 2012. Signed by Judge R David Proctor on 7/27/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 07/27/2012) |
| 07/31/2012 | 27 | Transcript of Proceedings held on 7/25/2012, before Judge R. David Proctor. Court Reporter/Transcriber Anita McCorvey, Telephone number 205-278-2063. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local /court forms/transcripts/Transcript Redaction Policy.pdf) See Transcript Redaction Policy Redaction Request due 8/21/2012. Redacted Transcript Deadline set for 8/31/2012. Release of Transcript Restriction set for 10/29/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02537-RDP(AVC) (AVC, ). (Entered: 07/31/2012) |

| 08/02/2012 | 28 | Amended Transcript of Proceedings held on 7/25/2012, before Judge R. David Proctor. Court Reporter/Transcriber Anita McCorvey, Telephone number 205-278-2063. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. (A copy can be obtained at http://www.alnd.uscourts.gov/local/court forms/transcripts/Transcript Redaction Policy.pdf) See Transcript Redaction Policy Redaction Request due 8/23/2012. Redacted Transcript Deadline set for 9/4/2012. Release of Transcript Restriction set for 10/31/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/02/2012) |
| 08/07/2012 | 29 | ORDER-This matter is before the court on the Provider Pltfs' Motion to Consolidate and Establish Seperate Track (#2 in 2:12-cv-02532-LSC). By agreement of the parties and over no objection from others, it is ORDERED that the motion is GRANTED, and that case 2:12-cv-2532-LSC, be consolidated with case 2:12-cv-1133-RDP. In the future, all other documents should be electronically filed only in the lead case, Richards, et al. v. Blue Cross and Blue Shield of Alabama, et al., 2:12-CV-01133-RDP. Signed by Judge R David Proctor on 8/6/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/07/2012) |
| 08/10/2012 | 30 | NOTICE of Appearance by James L Priester on behalf of Blue Cross and Blue Shield of Alabama. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Priester, James) Modified on 8/10/2012 (AVC). (Entered: 08/10/2012) |
| 08/16/2012 | 31 | NOTICE of Appearance by Carl S Burkhalter on behalf of Blue Cross and Blue Shield of Alabama. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Burkhalter, Carl) Modified on 8/16/2012 (AVC). (Entered: 08/16/2012) |
| 08/17/2012 | 32 | STIPULATION *(Agreed) of the Conway Parties* by Blue Cross and Blue Shield Association. filed by Blue Cross and Blue Shield Association Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(West, Kimberly) (Entered: 08/17/2012) |
| 08/17/2012 | 33 | NOTICE of Appearance by Pamela B Slate on behalf of Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Alabama Associated Cases: |

| | | |
|---|---|---|
| | | 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Slate, Pamela) (Entered: 08/17/2012) |
| 08/20/2012 | 34 | MOTION for Leave to Appear pro hac vice *of Charles R. Watkins* by Chris Bajalieh, Consumer Financial Education Foundation of America Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Guin, David) (Entered: 08/20/2012) |
| 08/20/2012 | 35 | MOTION for Leave to Appear pro hac vice *of John R. Wylie* by Chris Bajalieh, Consumer Financial Education Foundation of America Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Guin, David) (Entered: 08/20/2012) |
| 08/21/2012 | 36 | ORDER-Before the court is the Motion for Admission Pro Hac Vice of Charles R. Watkins (59 in 2:12-cv-01133-RDP). The motion is CONDITIONALLY GRANTED. By 8/27/2012, Attorney Watkins SHALL: pay the $50 filing fee, and Certify to the court that he has read and understands: any local rules applicable in this District; the Alabama State Bar Pledge of Professionalism; this court's CM/ECF requirements. Signed by Judge R David Proctor on 8/21/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/21/2012) |
| 08/21/2012 | 37 | MOTION for Leave to Appear pro hac vice *of John R. Wylie* by Chris Bajalieh, Consumer Financial Education Foundation of America Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Guin, David) (Entered: 08/21/2012) |
| 08/21/2012 | 38 | CERTIFICATE of Counsel *of Charles R. Watkins in support of Motion to Appear Pro Hac Vice* by David J Guin on behalf of Chris Bajalieh, Consumer Financial Education Foundation of America Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Guin, David) (Entered: 08/21/2012) |
| 08/21/2012 | | PHV Fee paid: $100.00, Receipt# B4601036372 for Attorneys Charles R. Watkins and John R. Wylie. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/21/2012) |
| 08/21/2012 | 39 | ORDER-Before the court is Motion for Admission Pro Hac Vice of John R. Wylie (62 in 2:12-cv-01133-RDP). The Motion is CONDITIONALLY GRANTED. By 8/27/2012, Attorney Wylie SHALL: pay the $50 filing fee, and Certify to the court that he has read and understands: any local rules applicable |

| | | |
|---|---|---|
| | | in this District; the Alabama State Bar Pledge of Professionalism; and this court's CM/ECF requirements. Signed by Judge R David Proctor on 8/21/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/21/2012) |
| 08/27/2012 | 40 | NOTICE of Appearance by J Bentley Owens, III on behalf of Premera Blue Cross of Alaska Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) (Entered: 08/27/2012) |
| 08/27/2012 | 41 | MOTION for Leave to Appear Pro Hac Vice *for Gwendolyn C. Payton* by Premera Blue Cross of Alaska. (Attachments: # 1 Exhibit A)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) (Entered: 08/27/2012) |
| 08/27/2012 | 42 | MOTION for Leave to Appear Pro Hac Vice *for Erin M. Wilson* by Premera Blue Cross of Alaska. (Attachments: # 1 Exhibit A)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) (Entered: 08/27/2012) |
| 08/27/2012 | | PHV Fee paid: $50, Receipt# 1126-1743094 (ALND# B4601036526). Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) Modified on 8/30/2012 (AVC). (Entered: 08/27/2012) |
| 08/27/2012 | | PHV Fee paid: $50, Receipt# 1126-1743100 (ALND# B4601036527). Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) Modified on 8/30/2012 (AVC). (Entered: 08/27/2012) |
| 08/27/2012 | 43 | NOTICE of Appearance by John M Johnson on behalf of Blue Cross and Blue Shield of Kansas, Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Johnson, John) (Entered: 08/27/2012) |
| 08/27/2012 | 44 | NOTICE of Appearance by Brian P Kappel on behalf of Blue Cross and Blue Shield of Kansas, Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kappel, Brian) (Entered: 08/27/2012) |

| 08/27/2012 | 45 | MOTION for Limited Admission *(Pro Hac Vice of Kathleen Taylor Sooy)* by Blue Cross and Blue Shield of Kansas, Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska. (Attachments: # 1 Exhibit 1)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Johnson, John) (Entered: 08/27/2012) |
| 08/27/2012 | | PHV Fee paid: $50, Receipt# 1126-1743195 (ALND# B4601036529). Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Johnson, John) Modified on 8/30/2012 (AVC). (Entered: 08/27/2012) |
| 08/27/2012 | 46 | MOTION for Limited Admission *(Pro Hac Vice of Tracy A. Roman)* by Blue Cross and Blue Shield of Kansas, Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska. (Attachments: # 1 Exhibit 1)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Johnson, John) (Entered: 08/27/2012) |
| 08/27/2012 | | PHV Fee paid: $50, Receipt# 1126-1743214 (ALND# B4601036530). Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Johnson, John) Modified on 8/30/2012 (AVC). (Entered: 08/27/2012) |
| 08/29/2012 | 47 | ORDER: 70 and 71 , Motions for Leave to Appear PHV for Kathleen Taylor Sooy and Tracy Roman are GRANTED; 66 and 67 , Motions for Leave to Appear Pro Hac Vice for Gwendolyn Payton and Erin Wilson are CONDITIONALLY GRANTED, as further set out in order. Signed by Judge R David Proctor on 08/29/12. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(CVA) Modified on 8/29/2012 (CVA). (Entered: 08/29/2012) |
| 08/30/2012 | 48 | NOTICE of Appearance by Cavender C Kimble on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, |

| | | 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
|---|---|---|
| 08/30/2012 | 49 | MOTION for Leave to Appear Pro Hac Vice *Craig A. Hoover* by Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
| 08/30/2012 | 50 | MOTION for Leave to Appear Pro Hac Vice *J. Robert Robertson* by Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
| 08/30/2012 | 51 | MOTION for Leave to Appear Pro Hac Vice *Emily M. Yinger* by Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
| 08/30/2012 | 52 | MOTION for Leave to Appear Pro Hac Vice *E. Desmond Hogan* by Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem |

| | | |
|---|---|---|
| | | Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
| 08/30/2012 | 53 | NOTICE of Appearance by D Keith Andress on behalf of Blue Cross and Blue Shield of Tennessee Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Andress, D) (Entered: 08/30/2012) |
| 08/30/2012 | 54 | MOTION for Leave to Appear Pro Hac Vice *N. Thomas Connally* by Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Kimble, Cavender) (Entered: 08/30/2012) |
| 08/30/2012 | 55 | NOTICE of Appearance by Kevin R Garrison on behalf of Blue Cross and Blue Shield of Tennessee Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Garrison, Kevin) (Entered: 08/30/2012) |
| 08/30/2012 | 56 | NOTICE of Appearance by Emily M Yinger on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Tennessee, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, |

| | | |
|---|---|---|
| | | 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Yinger, Emily) (Entered: 08/30/2012) |
| 08/30/2012 | 57 | NOTICE of Appearance by N Thomas Connally, III on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Tennessee, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Connally, N) (Entered: 08/30/2012) |
| 08/30/2012 | 58 | NOTICE of Appearance by E Desmond Hogan on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Tennessee, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Hogan, E) (Entered: 08/30/2012) |
| 08/30/2012 | 59 | NOTICE of Appearance by Craig A Hoover on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Tennessee, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv- |

| | | |
|---|---|---|
| | | 02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Hoover, Craig) (Entered: 08/30/2012) |
| 08/31/2012 | 60 | NOTICE of Appearance by J Robert Robertson on behalf of Anthem Blue Cross and Blue Shield of Connecticut, Anthem Blue Cross and Blue Shield of Indiana, Anthem Blue Cross and Blue Shield of New Hampshire, Anthem Blue Cross and Blue Shield of Virginia Inc, Anthem Blue Cross and Shield of Missouri, Anthem Health Plans of Maine, Anthem Inc, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Georgia, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Blue Cross and Blue Shield of Minnesota, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross and Blue Shield of Tennessee, Hawaii Medical Service Assoc, Horizon Blue Cross and Blue Shield of New Jersey, Wellmark of South Dakota Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Robertson, J) (Entered: 08/31/2012) |
| 08/31/2012 | 61 | ORDER-Before the court are Motions for Admission Pro Hac Vice on behalf of Craig A. Hoover 74 , J. Robert Robertson 75 , Emily M. Yinger 76 , E. Desmond Hogan 77 , and N. Thomas Connally 79 . The motions are CONDITIONALLY GRANTED. By 9/7/2012, the Attorneys seeking admission SHALL pay the $50 pro hac vice fee; and Certify to the court that they have read and understand: any local rules applicable in this District; the Alabama State Bar Pledge of Professionalism; this court's CM/ECF requirements. Signed by Judge R David Proctor on 8/30/2012. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/31/2012) |
| 08/31/2012 | | PHV Fee paid: $250.00, Receipt# B4601036604, for Attorneys Craig A. Hoover, J. Robert Robertson, Emily M. Yinger, E. Desmond Hogan and N. Thomas Connally. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(AVC) (Entered: 08/31/2012) |
| 09/04/2012 | 62 | NOTICE of Compliance re: Attorneys Gwendolyn C. Payton and Erin M. Wilson by Premera Blue Cross of Alaska re (31 in 2:12-cv-02532-RDP)(Attachments: # 1 Exhibit Application and Declaration of Gwendolyn C. Payton in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Application and Declaration of Erin M. Wilson in Support of Motion for Admission Pro Hac Vice)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Owens, J) Modified on 9/4/2012 (AVC). (Entered: 09/04/2012) |

| 09/04/2012 | 63 | MOTION to be Appointed Lead Counsel in the Provider Track by Jerry L Conway. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Whatley, Joe) Modified on 9/4/2012 (AVC). (Entered: 09/04/2012) |
|---|---|---|
| 09/04/2012 | 64 | Brief re(50 in 2:12-cv-01133-RDP) Order,, *Application to Appoint Cohen Milstein as Interim Class Counsel and John D. Saxon as Interim Liaison Counsel*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Small, Daniel) (Entered: 09/04/2012) |
| 09/04/2012 | 65 | JOINT Application of Boies, Schiller & Flexner LLP, Donaldson & Guin, LLC, and Pittman, Dutton & Hellums, PC to Serve as Interim co-Lead Counsel by Nicholas A Layman, One Stop Environmental, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Hellums, Christopher) Modified on 9/5/2012 (AVC). (Entered: 09/04/2012) |
| 09/04/2012 | 66 | MOTION to Appoint Counsel Greg Davis Interim Lead Class Counsel in the Subscriber Track by GC Advertising LLC. Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Davis, Gregory) Modified on 9/5/2012 (AVC). (Entered: 09/04/2012) |
| 09/05/2012 | 67 | CERTIFICATION of Emily M. Yinger Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Yinger, Emily) Modified on 9/6/2012 (AVC). (Entered: 09/05/2012) |
| 09/05/2012 | 68 | CERTIFICATION of N. Thomas Connally Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Connally, N) Modified on 9/6/2012 (AVC). (Entered: 09/05/2012) |
| 09/05/2012 | 69 | CERTIFICATION of E. Desmond Hogan Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Hogan, E) Modified on 9/6/2012 (AVC). (Entered: 09/05/2012) |
| 09/05/2012 | 70 | CERTIFICATION of Craig A. Hoover Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Hoover, Craig) Modified on 9/6/2012 (AVC). (Entered: 09/05/2012) |

| 09/05/2012 | 71 | CERTIFICATIION of J. Robert Robertson Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Robertson, J) Modified on 9/6/2012 (AVC). (Entered: 09/05/2012) |
| --- | --- | --- |
| 09/06/2012 | 72 | SUPPLEMENT to the Application to Appoint Cohen Milstein as Interim Class Counsel and John D. Saxon as Interim Liason Counsel (89 in 2:12-cv-01133-RDP) by Thomas A Carder, Jr, Industrical Sales & Service LLC, American Electric Motor Services Inc, Fred R Richards, Richards and Sons Construction Company Inc Associated Cases: 2:12-cv-01133-RDP, 2:12-cv-01910-RDP, 2:12-cv-02169-RDP, 2:12-cv-02185-RDP, 2:12-cv-02525-RDP, 2:12-cv-02532-RDP, 2:12-cv-02537-RDP(Small, Daniel) Modified on 9/7/2012 (AVC). (Entered: 09/06/2012) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/07/2012 08:37:01 | | |
| PACER Login: | gd0814 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:12-cv-02185-RDP |
| Billable Pages: | 12 | Cost: | 1.20 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

CHRIS BAJALIEH and            )
CONSUMER FINANCIAL           )
EDUCATION FOUNDATION OF      )
AMERICA, INC.,               )
                             )
  *Plaintiffs,*    )  Case No. _____
                             )
vs.                          )
                             )
BLUE CROSS AND BLUE SHIELD   )  CLASS ACTION
OF ALABAMA; and              )
BLUE CROSS AND BLUE SHIELD   )  JURY TRIAL DEMANDED
ASSOCIATION,                 )
                             )
  *Defendants.*     )

## COMPLAINT

## INTRODUCTION

1.  Plaintiffs Chris Bajalieh ("Bajalieh) and Consumer Financial Education Foundation of America, Inc. ("CFEFA, Inc.") (collectively, "Plaintiffs") bring this class action on behalf of themselves and all others similarly situated, against the Blue Cross and Blue Shield Association ("BCBSA") and Blue Cross and Blue Shield of Alabama's ("BCBSAL") (collectively, "Defendants") for their illegal and anticompetitive conduct in violation of the Sherman Act.

2.  Through their BCBSA and otherwise, BCBSAL and the thirty-seven other members of the BCBSA have engaged, among other things, in an ongoing

1

conspiracy to restrain trade, establish and maintain monopoly power, prevent competition and carve up geographic markets in violation of the Sherman Act. This action seeks to enjoin that ongoing conspiracy to allow free and open competition in the Alabama market for small group and individual health insurance, and to recover treble damages for BCBSAL's inflated health insurance premiums throughout the Class Period described below.

3.      BCBSAL is the largest health insurance provider in Alabama, exercising market power in the commercial health insurance market throughout the state. At least 90% of Alabamians who subscribed to commercial health insurance policies as of 2008 were BCBSAL subscribers. By contrast, United Healthcare, the next largest healthcare provider in Alabama, carried only 3% of subscribers. Currently, BCBSAL maintains an 86% market share in the individual health care policy market and a 96% market share in the small group health insurance market. Recent studies have found that Alabama is the least competitive market for health insurance in the United States. For the last four years, as a result of the conspiracy and anticompetitive conduct described herein, BCBSAL has successfully created and maintained its monopoly power within Alabama, therefore facing little to no competition in selling health insurance plans in Alabama.

4.      BCBSAL's dominant market share in Alabama is a result of a conspiracy, in abrogation of the federal antitrust laws, between BCBSAL and the

2

thirty-seven other members of BCBSA to secure monopolization of the Alabama health insurance market by BCBSAL. Defendants, along with the other thirty-seven members of BCBSA (which is owned by BCBSAL and those thirty-seven other Blue Cross members), have conspired to divide up and allocate geographic markets for commercial consumer health insurance. Specifically, Defendants and the other BCBSA members have agreed that no other BCBSA members may compete with BCBSAL in the commercial health insurance market in Alabama. This unlawful market allocation is codified through license agreements executed between BCBSA and its members, including BCBSAL.

5.    But for the unlawful anticompetitive conduct alleged herein, BCBSAL would face competition from other Blue Cross and Blue Shield plans, as well as non-Blue plans developed by BCBSA members, which would allow competitive market forces to operate, thereby driving BCBSAL to lower its premiums for individual and small group commercial insurance plans. However, with the Defendants' anticompetitive licensing agreements in place, BCBSA members are precluded from competing in other members' geographic areas.

6.    As a result of Defendants' anticompetitive conduct and BCBSAL's resulting monopoly power in Alabama, competition in the commercial health insurance market in Alabama has been effectively eliminated. For example, in 1996, several large Alabama corporations, including Alabama Power Co.,

3

Drummond Power Inc. and SouthTrust Bank, N.A., banded together to solicit bids for group health insurance from BCBSAL competitors. BCBSAL responded by offering these corporations a special three-year, 20% discount, thus thwarting any competitive bids. The costs to BCBSAL of providing discounts to its large group plans and to establish and maintain its dominant market share are passed on to the purchasers of individual and small group plans in the state, who lack the market power to obtain competing offers or to negotiate with BCBSAL either for reduced premiums or increased services.

7.      As a result of BCBSAL's dominant market power, health insurance premiums have skyrocketed for Alabamians, especially in individual and small group plans. From 2000 to 2009, health insurance premiums for employer-provided insurance plans rose by 88.7% on average. Similarly, in 2010 alone, some premiums charged by BCBSAL rose by 21%. As a result of BCBSAL's monopoly and ability to raise premiums at will, BCBSAL's cash surplus rose by more than $200 million from 2001 to 2009. In 2011, BCBSAL's net income rose 58% from the previous year.

8.      Accordingly, Plaintiffs bring this action on behalf of themselves and the putative class to enjoin Defendants' continuing conspiracy and to recover the overcharges paid for BCBSAL's health insurance premiums in Alabama.

## JURISDICTION & VENUE

9.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1337(a) and 15 U.S.C. §§ 15, 26.

10.    Venue is proper in this Court pursuant to 15 U.S.C. §§ 15, 22 and 26 and 28 U.S.C. § 1391.

## PARTIES

11.    Plaintiff Bajalieh is a resident citizen of Jefferson County, Alabama over the age of nineteen years. He has been enrolled in an individual BCBSAL health insurance policy for several years.

12.    Plaintiff CFEFA, Inc. is an Alabama non-profit corporation with its principal office located in Jefferson County, Alabama. Plaintiff CFEFA, Inc. has purchased a small group BCBSAL health insurance policy to cover its employees.

13.    Defendant BCBSA is an Illinois corporation headquartered in Chicago, Illinois. It is owned and operated by thirty-eight health insurance plans operating under the Blue Cross and Blue Shield trademarks and trade names, including BCBSAL. BCBSA licenses its trademarks and trade names to the plans, which in turn provide health insurance coverage for millions of Americans. Most importantly, through licensing agreements which are the subject of this suit, BCBSA controls the geographic area in which BCBSAL operates.

5

14.     Defendant BCBSAL is a health insurance plan operating in Alabama using the Blue Cross and Blue Shield trademarks and trade names. It is the largest health insurer in Alabama and does business in every county in the state. BCBSAL is headquartered in Jefferson County Alabama.

## TRADE AND COMMERCE

15.     BCBSAL and the other remaining plans that form BCBSA are engaged in interstate commerce and in activities substantially affecting interstate commerce. BCBSA enters into licensing agreements with health insurance providers throughout the United States specifying the geographic areas in which those plans may compete. BCBSAL provides health insurance plans that cover Alabama residents who travel across state lines, purchases health care in interstate commerce when Alabama residents need out-of-state health care and receives payments from out-of-state employers with in-state employees.

## CLASS ALLEGATIONS

16.     Plaintiffs ask this Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons or entities who paid health insurance premiums from April 16, 2008 to the present (the "Class Period") to BCBSAL for individual or small group full-service commercial health insurance.

17.     The members of the class are sufficiently numerous that joinder of all members is impractical.

6

18.     There are numerous questions of law and fact common to the class. These common questions include but are not limited to:

    a.  Whether BCBSAL, BCBSA and any others conspired to restrain trade or engage in other anticompetitive conduct in violation of the Sherman Act;

    b.  Whether the health insurance premiums charged by BCBSAL for individual or small group plans were artificially inflated as a result of Defendants' anticompetitive practices;

    c.  Whether BCBSAL charged and Plaintiffs and class members paid artificially inflated health insurance premiums as a result of illegal restrictions in Defendants' licensing agreements;

    d.  Whether the BCBSAL and BCBSA's license agreements constitute *per se* violations under Section 1 of the Sherman Act;

    e.  Whether the restrictions set forth in Defendants' licensing agreements violate or are otherwise prohibited by Section 1 of the Sherman Act.

19.     Plaintiffs' claims are typical of the class members' claims.

20.     Plaintiffs will fairly and adequately protect the interests of the class members and have retained counsel competent and experienced in class action securities litigation.

21.   The common questions of law and fact predominate over any questions affecting only individual class members. The claims that the Defendants illegally conspired to artificially inflate the cost of health insurance premiums focus on the Defendants' conduct and affect the class members equally. Indeed, the Court's ruling on these issues will be determinative of all class members' claims. The Plaintiffs' and class members' conduct is not properly at issue in this litigation.

22.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for individual class members to seek redress for the wrongful conduct alleged herein.

23.   Plaintiffs know of no difficulty that will be encountered in managing this action that would preclude its maintenance as a class action.

24.   Names and addresses of class members are presently unknown to Plaintiffs but can be readily ascertained from the Defendants' business records.

25.   The class action proceeding will provide a practical basis for the determination of all interests of the parties, will prevent inconsistent adjudications,

will maximize judicial economy and is superior to all other available methods for the fair and efficient adjudication of the controversy.

## FACTUAL ALLEGATIONS

### Summary of Allegations

26.    BCBSA is a trade organization for Blue Cross and Blue Shield health insurance plans marketed under the Blue Cross and Blue Shield trademarks and trade names. Through licensing agreements with BCBSA, the thirty-eight members of BCBSA, including BCBSAL, agree to illegally allocate geographic markets and refrain from competing with one another in the allocated markets, in violation of Section 1 of the Sherman Act.

27.    BCBSA licenses the Blue Cross and Blue Shield trademarks and trade names to BCBSAL within the State of Alabama. By agreement among the thirty-eight members of BCBSA, no other member may use the Blue Cross and Blue Shield trademarks and trade names within Alabama. Similarly, BCBSA members have agreed to exclusive licenses of the Blue Cross and Blue Shield trademarks and trade names by geographic allocation throughout the United States.

28.    BCBSAL is the largest provider of commercial health insurance in Alabama. BCBSAL maintains more than ninety percent of the market share among HMO and PPO providers in Alabama. As reported by a 2008 market share study conducted by the American Medical Association, BCBSAL has over a ninety

percent market share for HMO and PPO in *all* metro areas in the State of Alabama. The Government Accountability Office (GAO) similarly reported in 2009 that BCBSAL maintains a 96 percent market share of the small group health insurance market in Alabama.

29.    By contrast, United Healthcare, BCBSAL's closest competitor in the state, dropped from its narrow five percent share in 2006 to only three percent by 2008, notwithstanding its status as the largest single health insurance provider in the United States.

30.    The Birmingham Business Journal reports that "[i]n Alabama's neighboring states, no insurer – not even other BlueCross affiliates – can claim the kind of market dominance that BCBS of Alabama enjoys," citing examples of the "closest" as Tennessee and South Carolina with 49 percent and Georgia with 27 percent of small group health insurance market share. DeButts, Jimmy, "Special Report: Blue-opoly: Is BlueCross BlueShield's Monopoly Status Good for the State?", BIRMINGHAM BUSINESS JOURNAL (Mar. 22, 2009).

31.    Alabama's Department of Insurance Commissioner has recognized that "the state's health insurance market has been in a non-competitive posture for many years…" and explained that "[o]thers have told us they can't do it [that is, compete] here under the current health care model." Piper, Ben, "Blue Cross and

Blue Shield of Alabama Boosts State Market Share," BIRMINGHAM BUSINESS JOURNAL (Feb. 11, 2011) (internal quotations omitted).

32.     Notably, government sponsored health insurance programs like Medicare and Medicaid are not substitutes for commercial health insurance products such as those provided by BCBSAL because the government programs are limited to special groups of individuals, such as the disabled and the elderly.

33.     BCBSAL's dominance of the commercial health insurance market in Alabama allows it to artificially inflate the prices for individual and small group commercial health insurance plans in Alabama and to offer their plans to customers on a take it or leave it basis with no potential for negotiation, either as to premiums or services provided. In the absence of negotiation, the National Association of Insurance Commissioners reports that BCBSAL's direct premiums increased almost 42 percent over the past several years.

34.     As one industry expert noted, "BCBS of Alabama's market share is the ultimate red flag.... 'The 800-pound gorilla has the ability to make the decisions' .... You get what they are willing to give. An 80 percent market share is a monopoly. Monopolies are never healthy for the market place.'" DeButts, Jimmy, "Special Report: Blue-opoly: Is BlueCross BlueShield's Monopoly Status Good for the State?", BIRMINGHAM BUSINESS JOURNAL (Mar. 22, 2009).

35.    As a result of Defendants' anticompetitive conduct and the exclusion of competitors from the Alabama commercial health insurance market, Alabamians purchasing individual or small group (*i.e.,* small business) plans have fewer choices in health insurance providers, face higher health care costs and pay higher premiums when purchasing health care insurance.

**History of BCBSA**

36.    A brief history of BCBSA and its member plans shows that, despite many plans initially developing independently, the coordinated effort to create a national brand, which resulted in the formation of BCBSA, has resulted in the development of local monopolies in geographic health insurance markets, such as BCBSAL's monopoly in Alabama.

37.    In 1934, the first Blue Cross plan was developed as a hospital care plan, identifiable with a blue Greek cross mark. Hospital plans around the country adopted the same symbol, but were not associated with one another at the outset. In 1939, physician service plans, which offered separate but complementary coverage to Blue Cross plans, adopted the Blue Shield symbol. Thus, originally, Blue Cross and Blue Shield plans developed separately, one plan providing coverage for hospital services and the other providing coverage for physicians' services.

38.    In the 1940s, a national organization of Blue Cross plans, the Blue Cross Commission, was formed; a national organization for Blue Shield plans,

12

Associated Medical Care Plans, formed a few years later. Eventually, the Blue Cross and Blue Shield associations merged to form BCBSA.

39.   Until 1982, BCBSA was comprised of tax-exempt, non-profit medical plans. Congress revoked that tax-exempt status in 1986, and in the early 1990s, BCBSA began to allow its licensees to operate as for-profit corporations.

40.   Since the formation of the Blue Cross and Blue Shield associations, some member plans have merged so that, currently, only thirty-eight BCBSA member plans remain. However, enrollment in Blue Cross and Blue Shield plans has skyrocketed in recent years, from 37.5 million enrollees in the 1990s up to 100 million by 2009.

**BCBSA Licensing Agreements**

41.   As demonstrated by this history, Blue Cross and Blue Shield health insurance companies are both owners and licensees of BCBSA, which controls the Blue Cross and Blue Shield trademarks and trade names. A member plan must obtain a license from BCBSA to legally operate under the Blue Cross and Blue Shield trademarks and trade names.

42.   Thus, BCBSA is controlled and operated by its members, including BCBSAL, which are independent health insurance companies that license the Blue Cross and Blue Shield trademarks and trade names and would, but for agreements

13

to the contrary, compete with one another. The licensees are potential competitors using the self-owned BCBSA to coordinate their activities.

43.    In order to obtain such a license to use the Blue Cross and Blue Shield trademarks and trade names, a member plan must enter into a licensing agreement with BCBSA ("BCBSA Licensing Agreement"). Each of the thirty-eight current BCBSA member plans, including BCBSAL, has entered into a BCBSA Licensing Agreement.

44.    Each BCBSA Licensing Agreement grants a member plan the right to use the Blue Cross and Blue Shield trademarks and trade names only within a designated geographic area. The designated geographic area is either the geographic area served by the plan on June 30, 1972 or the area to which the plan has been granted a license subsequently. Thus, the Licensing Agreement effectively fixes the geographic service area for each member plan as of June 30, 1972. Guidelines imposed by BCBSA on its members also limit the members' abilities to compete outside the defined geographic service area. Thus, the BCBSA license restricts the plans from using the trademark and trade name outside the prescribed service area to prevent competition among BCBSA member plans.

45.    The BCBSA Licensing Agreement is a horizontal territorial allocation among BCBSA member plans used to restrain competition. The result of such explicit horizontal agreements to geographically divide health insurance markets,

14

and license the Blue Cross and Blue Shield trademarks and trade names, is reduced competition, fewer health insurance choices for Alabamians, and artificially inflated health insurance premiums paid by BCBSAL individual and small group health insurance plan members.

46.     The reduced competition, lack of choice and inflated premiums is a direct result of Defendants' unlawful agreement to allocate markets and eliminate competition. Thus, but for the Licensing Agreements, various BCBSA companies could compete with each other in Alabama, resulting in increased competition, increased choice among health insurance plans and decreased health insurance rates.

## COUNT I
### Contract, Combination or Conspiracy in Restraint of Trade in Violation of Section 1 of the Sherman Act

47.     Plaintiffs incorporate all preceding paragraphs by reference.

48.     During the Class Period, Defendants had an agreement, understanding and conspiracy in restraint of trade and in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, to allocate markets, reduce competition, restrict output and increase prices for commercial, consumer individual and small group health insurance policies sold in Alabama.

49.     Plaintiffs and the class members have been injured by and as a result of Defendants' unlawful combination, contract, conspiracy and agreement in that

15

they have paid higher prices for commercial individual and small group health insurance than they would have paid in the absence of Defendants' unlawful conduct. This is the type of injury that the antitrust laws were enacted to prevent.

50.    Plaintiffs, on behalf of themselves and the class members, seek to enjoin Defendants' continuing violations, plus trebled money damages, and the costs of this suit, including reasonable attorneys' fees and costs.

### COUNT II
**Willful Acquisition and Maintenance of a Monopoly
in the Relevant Market for Private Health Insurance in Violation of
Section 2 of the Sherman Act**

51.    Plaintiffs incorporate all preceding paragraphs by reference.

52.    BCBSAL has monopoly power in Alabama in the individual and small group full-service health insurance market – as evidenced by its high market share in the commercial health insurance market and its increasing market share even as it raised premiums and increased profits.

53.    BCBSAL has abused and continues to abuse its monopoly power so that it can maintain its market dominance by unlawfully restraining trade and artificially inflating the health insurance premiums charged to Plaintiffs and the class members.

54.    BCBSAL's    anticompetitive    conduct    constitutes    unlawful monopolization in the relevant market in violation of Section 2 of the Sherman

16

Act. These violations, and the effects thereof, will continue unless injunctive and other relief is granted.

55.     As a direct and proximate result of BCBSAL's violations of Section 2 of the Sherman Act, Plaintiffs and the class members suffered injury and damages by paying higher health insurance premiums than they would have paid in the absence of Defendants' unlawful conduct.

56.     Plaintiffs, on behalf of themselves and the class members, seek to enjoin Defendants' continuing violations, plus treble damages and the costs of this suit, including reasonable attorneys' fees and costs.

## COUNT III
### Willful Attempted Monopolization in the Relevant Market for Private Health Insurance in Violation of Section 2 of the Sherman Act

57.     Plaintiffs incorporate all preceding paragraphs by reference.

58.     BCBSAL acted with the intent to monopolize the relevant market.

59.     There is a dangerous possibility that BCBSAL will succeed in its attempts to further monopolize the relevant market because it already controls a dominant share of those markets.

60.     BCBSAL's attempted monopolization of the relevant markets has harmed competition and caused injury to Plaintiffs and the class members, who, as a direct and proximate result of Defendants' anticompetitive conduct, are paying

17

higher health insurance premiums than they would have paid in the absence of such unlawful conduct.

61.    Plaintiffs, on behalf of themselves and the class members, seek to enjoin Defendants' continuing violations, plus treble damages and the costs of this suit, including reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A. Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23 and naming the Plaintiffs as class representatives;

B. Naming Plaintiffs' counsel as class counsel;

C. Determining that BCBSA and BCBSAL have violated Sections 1 and 2 of the Sherman Act;

D. Awarding treble damages in favor of Plaintiffs and the class against all Defendants, jointly and severally, in the form of three times the amount by which premiums charged by BCBSAL have been inflated artificially above their competitive levels during the Class Period;

E. Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

F. Such equitable, injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED June 15, 2012

David J. Guin (ASB-3461-G67D)
Tammy M. Stokes (ASB-6084-K69T)
Star M. Tyner (ASB-4799-A49T)
DONALDSON & GUIN, LLC
The Financial Center
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Facsimile:  (205) 226-2357
Email:      davidg@dglawfirm.com
            tammys@dglawfirm.com
            start@dglawfirm.com
*Counsel for the Plaintiffs*

19

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING:**

Blue Cross and Blue Shield of Alabama
450 Riverchase Parkway East
Birmingham, Alabama 35244

Blue Cross and Blue Shield Association
225 North Michigan Avenue
Chicago, Illinois 60601