BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | ) ) ) ) ) ) ) MDL No. 2406 |

**RESPONSE OF CERTAIN DEFENDANTS
IN SUPPORT OF MDL TRANSFER**

The 19 undersigned defendant Blue Plans [1] agree that the cases on the moving plaintiffs' schedule of actions, along with additional tag-along cases, should be transferred under 28 U.S.C. § 1407 to the Honorable R. David Proctor in the Northern District of Alabama for coordinated or consolidated pretrial proceedings. All of these complex putative class actions challenge the validity of the agreements by which the Blue Cross and Blue Shield Association ("BCBSA") licenses the use of the Blue Cross and Blue Shield trade and service marks to the Blue Plans. Seven of these cases are already consolidated and pending before Judge Proctor. Transfer of the other three cases challenging the BCBSA licensing agreements (*Cerven*, *Morrissey* and *Jarreau*) is appropriate under § 1407, because centralized pretrial proceedings will minimize the risk of inconsistent rulings, promote efficiency, and serve the convenience of the parties.

---

[1] Anthem, Inc.; Anthem Health Plans, Inc. (Anthem Blue Cross and Blue Shield of Connecticut); Blue Cross and Blue Shield of Georgia, Inc.; Anthem Insurance Companies, Inc. (Anthem Blue Cross and Blue Shield of Indiana); Anthem Health Plans of Maine, Inc.; HMO Missouri, Inc. (Anthem Blue Cross and Blue Shield of Missouri); Anthem Health Plans of New Hampshire, Inc. (Anthem Blue Cross and Blue Shield of New Hampshire); Anthem Health Plans of Virginia, Inc. (Anthem Blue Cross and Blue Shield of Virginia Inc.); Blue Cross and Blue Shield of North Carolina, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); Blue Cross and Blue Shield of Massachusetts; BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); and Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa).

The core claim of an antitrust conspiracy based on the exclusive service area ("ESA") provisions in the BCBSA licensing agreements unites all the cases proposed for transfer and centralization, including the *Jarreau* case tagged by BCBSLA. Where suits in multiple federal courts each assert the same alleged antitrust conspiracy, the Panel regularly finds sufficient complexity to warrant transfer. *See, e.g., In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 930 (J.P.M.L. 1980); *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333, 336 (J.P.M.L. 1979); *In re Clark Oil & Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973). While there are state law claims and state-specific allegations in *Cerven*, *Morrissey* and *Jarreau*, including claims relating to the alleged use of most favored nations provisions in provider contracts, the conspiracy claims based on the ESAs are the principal focus of these cases. Indeed, the undersigned Blue Plan defendants in *Cerven*, *Morrissey* and *Jarreau*, (respectively, Blue Cross and Blue Shield of North Carolina ("BCBSNC"), Blue Cross and Blue Shield of Tennessee ("BCBST") and Blue Cross and Blue Shield of Louisiana ("BCBSLA")), support the transfer of the cases filed against them in their home states into the proposed multidistrict litigation before Judge Proctor.

Centralized pretrial proceedings to address the underlying legality of the BCBSA licensing agreements will avoid the very real potential for conflicting rulings. For example, BCBSNC, BCBST and BCBSLA are all also defendants in the *Conway* case already pending before Judge Proctor. The *Conway* plaintiff seeks to invalidate and enjoin the licensing agreements between the BCBSA and each of BCBSNC, BCBST and BCBSLA, just as the *Cerven* plaintiffs seek to invalidate and enjoin the BCBSNC license, 2/ the *Morrissey* plaintiffs

---

2/   The putative nationwide injunctive class in *Cerven* (Compl. ¶ 20) and the putative nationwide class in *GC Advertising* (Compl. ¶ 64) are overlapping and also encompass all of the putative class members in the other subscriber cases, including *Morrissey* and *Jarreau*.

seek to invalidate and enjoin the BCBST license, and the *Jarreau* plaintiffs seek to invalidate and enjoin the BCBSLA license. BCBSNC and BCBST have already filed motions to dismiss the conspiracy claims based on the ESAs asserted against them in *Cerven* and *Morrissey*, and BCBSLA intends to file a similar motion to dismiss in *Jarreau*. And all defendants will do the same in *Conway*. Having the defendants' motions to dismiss briefed and ruled on in a single court – a court with both MDL and antitrust experience – would promote the efficient, consistent and comprehensive disposition of these cases. 3/

Centralized pretrial proceedings would also provide obvious efficiencies for the courts and the parties, as well as avoid the prospect of duplicative discovery. Absent MDL transfer, if these cases survived defendants' motions to dismiss, then BCBSNC, BCBST and BCBSLA would have to provide discovery responses, documents and deposition testimony about the same factual issues (e.g., the BCBSA licensing agreement and their ESAs, the alleged antitrust conspiracy not to compete with other Blue Plans, and the history of their use of the Blue Marks) as parties in both *Conway* and in the cases brought against them in their home states.

Moreover, as *all* the Blue Plans are alleged co-conspirators in *all* the cases proposed for transfer, they would all likely be served with non-party discovery on the same issues in each of these cases. It would be pointless and extraordinarily burdensome for the Blue Plans to have to respond to discovery (and address discovery disputes) on the same factual issues in each of the cases proposed for transfer. Furthermore, plaintiffs' counsel have indicated that they intend to

---

3/   Defendants make this response in support of transfer expressly reserving and not waiving any objections or defenses they may have with respect to the actions (as originally filed) that are proposed or tagged for centralization. *In re Gypsum Wallboard*, 302 F.Supp. 794, 794 (J.P.M.L. 1969). If the Panel orders transfer, those challenges would simply be raised with the transferee court.

file additional cases alleging the same antitrust conspiracy, 4/ additional cases in which all the defendants would likely be served with discovery. Centralization in an MDL would provide for orderly, fair and efficient discovery overseen by a single court.

This is not to say that there are not important state-specific and party-specific issues raised by these cases. For example, in their motions to dismiss, the Blue Plans may assert arguments based on their own particular state law regimes and their own markets; indeed, BCBSNC and BCBST have done just that in their motions to dismiss already filed in *Cerven* and *Morrissey*. While defendants believe that plaintiffs have not and cannot state a claim, if an MDL court were to conclude that plaintiffs had stated a claim in any of these cases, many issues raised in discovery, class certification, and other related pretrial proceedings would have to be addressed state by state and Blue Plan by Blue Plan. But a single court is much better positioned to address those state-specific and Plan-specific issues in a coherent way, as opposed to having multiple federal courts making potentially conflicting rulings on every issue, from motions to dismiss to discovery disputes to class certification. *See In re Telephone Charge Antitrust Litig.*, 341 F. Supp. 771, 772 (J.P.M.L 1972) ("Although plaintiffs are apparently cooperating with one another in asserting these claims, we cannot leave the complexities of the overlapping class allegations to the voluntary coordination of the parties. We have frequently held that the possibility of duplicative discovery resulting from common fact questions and the threat of inconsistent judicial decisions of discovery, class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407.").

---

4/ Plaintiffs' counsel in *GC Advertising* stated an intention to file additional cases in other jurisdictions. Mot. to App't Greg Davis as Interim Lead Counsel in Subscriber Track at 4, *Richards* Dkt. 91 ("Greg Davis has been contacted by subscriber plaintiffs in other jurisdictions and will be filing other cases involving subscribers.").

It is also important to note that none of the cases proposed for transfer – and certainly not all of them together – present issues of law or fact common to all putative class members that would justify certification of any class. Plaintiffs' claims do not raise the type of issues of law or fact that can be fairly resolved at trial for all putative class members all at once under Rule 23. But the standard for transfer under 28 U.S.C. § 1407 does not require the kind of common questions necessary for class certification under Rule 23. Section 1407 does not require that common questions predominate, and the presence of additional state-specific or party-specific issues does not negate the existence of common questions of fact. *See, e.g., In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008); *In re Travel Agent Comm'n Antitrust Litig.*, 290 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003). Section 1407 merely requires that the complaints in the cases proposed for transfer involve one or more common questions of fact, along with a finding that transfer serves the convenience of the parties and promotes the just and efficient conduct of the litigation. That requirement is met here.

## Conclusion

For the reasons set forth herein, and those set forth in the Defendants' Response to the Motion to Transfer and Consolidate for Pretrial Proceedings in the Northern District of Alabama, the 19 undersigned defendants support the transfer of the cases proposed for centralization, along with tag-along actions, to the Northern District of Alabama.

Respectfully submitted,

/s/ Craig A. Hoover
Craig A. Hoover
J. Robert Robertson
E. Desmond Hogan
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
craig.hoover@hoganlovells.com
robby.robertson@hoganlovells.com
desmond.hogan@hoganlovells.com

Emily M. Yinger
N. Thomas Connally, III
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA 22102
(703) 610-6100
emily.yinger@hoganlovells.com
tom.connally@hoganlovells.com

*Counsel for Anthem, Inc.; Anthem Health Plans, Inc. (Anthem Blue Cross and Blue Shield of Connecticut); Blue Cross and Blue Shield of Georgia, Inc.; Anthem Insurance Companies, Inc. (Anthem Blue Cross and Blue Shield of Indiana); Anthem Health Plans of Maine, Inc.; HMO Missouri, Inc. (Anthem Blue Cross and Blue Shield of Missouri); Anthem Health Plans of New Hampshire, Inc. (Anthem Blue Cross and Blue Shield of New Hampshire); Anthem Health Plans of Virginia, Inc. (Anthem Blue Cross and Blue Shield of Virginia Inc.); Blue Cross and Blue Shield of North Carolina, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); Blue Cross and Blue Shield of Massachusetts; BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of*

6

*Hawaii); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); and Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa).*

# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

I certify that on October 1, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. In addition, I caused a true and correct copy of the foregoing to be served on the following parties by the following means:

**ALN/2:12-cv-02169 Notice has been electronically mailed to:**

Carl Burkhalter
cburkhalter@maynardcooper.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Daniel C. Hedlund
dhedlund@gustafsongluek.com

Kimberly R. West
kwest@wallacejordan.com

Daniel E. Gustafson
dgustafson@gustafsongluek.com

Mark M. Hogewood
mhogewood@wallacejordan.com

Dianne M. Nast
dnast@rodanast.com

Pamela B. Slate
pslate@hillhillcarter.com

Ellen M. Ahrens
eahrens@gustafsongluek.com

Charles M. Thompson
cmtlaw@aol.com

Erin C. Burns
eburns@rodanast.com

Ian R. Conner
Ian.conner@kirkland.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

**ALN/2:12-cv-02525 Notice has been electronically mailed to:**

Carl Burkhalter
cburkhalter@maynardcooper.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

Gregory L. Davis
gldavis@knology.net

Ian R. Conner
Ian.conner@kirkland.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Kimberly R. West
kwest@wallacejordan.com

Pamela B. Slate
pslate@hillhillcarter.com

Mark M. Hogewood
mhogewood@wallacejordan.com

**ALN/2:12-cv-02532 Notice has been electronically mailed to:**

Brian P. Kappel
bkappel@lightfootlaw.com

Tracy A. Roman
troman@crowell.com

Carl Burkhalter
cburkhalter@maynardcooper.com

W. Tucker Brown
tbrown@whatleykallas.com

Dennis G. Pantazis, Jr.
dpantazisjr@wcqp.com,
dgp@wcqp.com

J. Bentley Owens, III
jbo@starneslaw.com

E. Kirk Wood, Jr.
ekirkwood1@bellsouth.net,
bakercarla@bellsouth.net

Gary M. London
glondon@burr.com

Edward S. Bloomberg
ebloomberg@phillipslytle.com,
dwallum@phillipslytle.com

Alan D. Rutenberg
arutenberg@foley.com

Erin M. Wilson
wilsonem@lanepowell.com

Devin Clark Dolive
ddolive@burr.com

Gwendolyn C. Payton
paytong@lanepowell.com

Michael A. Naranjo
mnaranjo@foley.com

J. Bentley Owens, III
jbo@starneslaw.com

John M. Johnson
jjohnson@lightfootlaw.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

H. James Koch
hjk@ajlaw.com

Edith M. Kallas
ekallas@whatleykallas.com

Andrew W. Martin, Jr.
awm@ajlaw.com

\\NORTHVA - 040293/000100 - 535902 v1

| | |
|---|---|
| Joe R. Whatley, Jr.<br>jwhatley@whatleykallas.com | Brian K. Norman<br>bkn@snlegal.com |
| John M. Johnson<br>jjohnson@lightfootlaw.com | Cheri D. Green<br>cgreen@brunini.com |
| Kathleen Taylor Sooy<br>ksooy@crowell.com | Christopher A. Shapley<br>cshapley@brunini.com |
| Mark M. Hogewood<br>mhogewood@wallacejordan.com | R. David Kaufman<br>dkaufman@brunini.com |
| Michael E. Gurley, Jr.<br>mgurleyjr@yahoo.com | Scott F. Singley<br>Ssingley@brunini.com |
| Nicholas B. Roth<br>nbroth@eysterkey.com | Daniel E. Laytin<br>Daniel.laytin@kirkland.com |
| Pamela B. Slate<br>pslate@hillhillcarter.com | Ian R. Conner<br>Ian.conner@kirkland.com |
| Rafael Escalera-Rodriguez<br>Pedro Santiago-Rivera<br>escalera@reichardescalera.com,<br>santiagop@reichardescalera.com | Kimberly R. West<br>kwest@wallacejordan.com |
| John D. Briggs<br>jdb@avhlaw.com | Todd M. Stenerson<br>tstenerson@hunton.com |
| Helen E. Witt<br>hwitt@kirkland.com | |

**ALN/2:12-cv-02532 Notice has been sent via First Class Mail:**

Blue Cross of Northeastern Pennsylvania
70 North Main Street
Wilkes-Barre, PA 18711

Blue Cross and Blue Shield of Rhode Island
500 Exchange Street
Providence, RI 02903

Blue Cross and Blue Shield of Vermont
P.O. Box 186
Montpelier, VT 05601

Highmark Inc.
Fifth Ave Place
120 Fifth Ave.
Pittsburg, PA 15222-3099

3

Highmark Blue Cross and Blue Shield of Delaware
800 Delaware Avenue,
Wilmington, DE 19801

Highmark Blue Cross, Blue Shield of West Virginia
P.O. Box 7026
Wheeling, WV 26003

**ALN/2:12-cv-02185 Notice has been electronically mailed to:**

Carl Burkhalter
cburkhalter@maynardcooper.com

Mark M. Hogewood
mhogewood@wallacejordan.com

Charles R. Watkins
charlesw@dglawfirm.com

Pamela B. Slate
pslate@hillhillcarter.com

David J. Guin
davidg@dglawfirm.com

Star Mishkel Tyner
start@dglawfirm.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Tammy McClendon Stokes
tstokes@dglawfirm.com

John R. Wylie
Johnw@dglawfirm.com,
Tressyw@dglawfirm.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

Kimberly R. West
kwest@wallacejordan.com

Ian R. Conner
Ian.conner@kirkland.com

**ALN/2:12-cv-02537 Notice has been electronically mailed to:**

Adam W. Pittman
apittman@saxonattorneys.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

Carl Burkhalter
cburkhalter@maynardcooper.com

Ian R. Conner
Ian.conner@kirkland.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Kimberly R. West
kwest@wallacejordan.com

John D. Saxon
jsaxon@saxonattorneys.com

Mark M. Hogewood
mhogewood@wallacejordan.com

Pamela B. Slate
pslate@hillhillcarter.com

Eric L. Cramer
ecramer@bm.net

**ALN/2:12-cv-01910 Notice has been electronically mailed to:**

Arthur Nash Bailey, Jr.
abailey@hausfeldllp.com

Kimberly R. West
kwest@wallacejordan.com

Carl Burkhalter
cburkhalter@maynardcooper.com

Mark M. Hogewood
mhogewood@wallacejordan.com

Christopher T. Hellums
ChrisH@pittmandutton.com

Michael D. Hausfeld
mhausfeld@hausfeldllp.com

Edgar D. Gankendorff
egankendorff@provostylaw.com

Pamela B. Slate
pslate@hillhillcarter.com

Eric R. Belin
ebelin@provostylaw.com

William A. Isaacson
wisaacson@bsfllp.com,
llaing@bsfllp.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

Jonathan S. Mann
JonM@pittmandutton.com

Ian R. Conner
Ian.conner@kirkland.com

**ALN/2:12-cv-01133 Notice has been electronically mailed to:**

Adam W. Pittman
apittman@saxonattorneys.com

John D. Saxon
jsaxon@saxonattorneys.com

Carl Burkhalter
cburkhalter@maynardcooper.com

Kimberly R. West
kwest@wallacejordan.com

Christopher T. Hellums
ChrisH@pittmandutton.com

Laura Alexander
lalexander@cohenmilstein.com

Daniel A. Small
dsmall@cohenmilstein.com,
awentworth@cohenmilstein.com

Mark M. Hogewood
mhogewood@wallacejordan.com

Daniel Edward Laytin
daniel.laytin@kirkland.com

Ian Robert Conner
ian.conner@kirkland.com,
john.wunderlich@kirkland.com

James Louis Priester
jpriester@maynardcooper.com,
ajohnson@maynardcooper.com

Meghan M. Boone
mboone@cohenmilstein.com

Pamela B. Slate
pslate@hillhillcarter.com

Charles M. Thompson
cmtlaw@aol.com

**NCWD/5:12-cv-00017 Notice has been electronically mailed to:**

Arthur Nash Bailey , Jr.
abailey@hausfeldllp.com

Carl S Kravitz
ckravitz@zuckerman.com

Cyril Vincent Smith , III
csmith@zuckerman.com

Daniel Patrick Moylan
dmoylan@zuckerman.com

David Matthew Wilkerson
dwilkerson@vwlawfirm.com

J. Michael Malone
mmalonelaw@aol.com

Kathleen Simpson Kiernan
kkiernan@bsfllp.com

Jennifer K. Van Zant
jvanzant@brookspierce.com

Larry Stephen McDevitt
lmcdevitt@vwlawfirm.com

Michael D. Hausfeld
mhausfeld@hausfeldllp.com

William A. Isaacson
wisaacson@bsfllp.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

David J. Zott
david.zott@kirkland.com

Ian R. Conner
Ian.conner@kirkland.com

James Thomas Williams , Jr.
jwilliams@brookspierce.com

Chad Dwight Hansen
ChadHansen@KilpatrickTownsend.com

**TNWD/2:12-cv-02359 Notice has been electronically mailed to:**

William Gordon Ball
gball@ballandscott.com

Daniel E. Laytin
Daniel.laytin@kirkland.com

6

\\NORTHVA - 040293/000100 - 535902 v1

Gerald F. Easter  
jerryeaster1@gmail.com

David J. Zott  
david.zott@kirkland.com

Randall D. Noel  
randy.noel@butlersnow.com

Ian R. Conner  
Ian.conner@kirkland.com

**LAMD/3:12-cv-00421 Notice has been electronically mailed to:**

Nicholas R. Rockforte  
nrockforte@pbclawfirm.com

Michael Paul Fruge  
michaelfruge@claytonfrugelaw.com

Christopher L. Coffin  
ccoffin@pbclawfirm.com

Tony Clayton  
tclaytonlaw@aol.com

Patrick Wayne Pendley  
pwpendley@pbclawfirm.com

John Stone Campbell , III  
johnstone.campbell@taylorporter.com

Stanley P. Baudin  
sbaudin@pbclawfirm.com

Daniel E. Laytin  
daniel.laytin@kirkland.com

L. Adam Thames  
adam.thames@taylorporter.com

David John Zott  
david.zott@kirkland.com

Ian R. Conner  
Ian.conner@kirkland.com

[SIGNATURE PAGE FOLLOWS]

7

/s/ Craig A. Hoover
Craig A. Hoover
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
craig.hoover@hoganlovells.com
*Admitted pro hac vice*

*Counsel for Anthem, Inc.; Anthem Health Plans, Inc. (Anthem Blue Cross and Blue Shield of Connecticut); Blue Cross and Blue Shield of Georgia, Inc.; Anthem Insurance Companies, Inc. (Anthem Blue Cross and Blue Shield of Indiana); Anthem Health Plans of Maine, Inc.; HMO Missouri, Inc. (Anthem Blue Cross and Blue Shield of Missouri); Anthem Health Plans of New Hampshire, Inc. (Anthem Blue Cross and Blue Shield of New Hampshire); Anthem Health Plans of Virginia, Inc. (Anthem Blue Cross and Blue Shield of Virginia Inc.); Blue Cross and Blue Shield of North Carolina, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); Blue Cross and Blue Shield of Massachusetts; BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); and Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa).*