**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ) | |
| ANTITRUST LITIGATION            ) | MDL No.:  2406 |
|                                  ) | |

**RESPONSE OF PLAINTIFF DR. JERRY L. CONWAY, D.C. TO
GC ADVERTISING, LLC AND CB ROOFING, LLC'S MOTION FOR TRANSFER
OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Dr. Jerry L. Conway, D.C. responds to the petition of GC Advertising, LLC and CB Roofing, LLC as follows:

**I.     DR. CONWAY DOES NOT OPPOSE CONSOLIDATION**

Dr. Conway, currently, has filed the only provider case in the country on behalf of a nationwide class of healthcare providers.  However, the provider case will certainly present overlapping discovery (and perhaps legal questions) with the other pending Blue Cross subscriber cases.  Coordination in one court will also assure consistent pretrial rulings throughout each stage of the litigation.  This Panel has frequently ordered transfer when coordination will work to avoid conflicting or inconsistent pretrial rulings. *See, e.g., In re Foundry Resins Antitrust Litig., 342* F. Supp. 2d 1346, 1347 (J.P.M.L. 2004) (noting that, *inter alia,* transfer was necessary to "prevent inconsistent pretrial rulings"); *In re Dow Chemical Co. "Sarabond" Prods. Liab. Litig.,* 650 F. Supp. 187, 188 (J.P.M.L. 1986) *(per curiam)*.  In other litigation, at least one of the Blues Defendants, Highmark, has taken the position that there will likely be an MDL Proceeding and that claims against it should not proceed until it is determined whether there will be an MDL

Proceeding. *UPMC v. Highmark, Inc.*, D.E. 46, Case 2:12-cv-00692-JFC (W.D. Pa. August 13, 2012). Therefore, Dr. Conway does not oppose consolidation.

## II.  THE NORTHERN DISTRICT OF ALABAMA IS MOST APPROPRIATE FORUM FOR CONSOLIDATION

Assuming the panel consolidates these cases in one forum, the relevant factors point strongly toward the Northern District of Alabama as the most appropriate forum.

First, all the cases in the Northern District of Alabama have been consolidated before the Honorable R. David Proctor, a very capable jurist with a proven track record in handling MDL Proceedings but who currently has no active MDL Proceeding. *See, e,g.* MDL No. 1985, *In re: Total Body Formula Prods. Liab. Litig.*, (N.D. Ala., Proctor, J). Judge Proctor would be well suited to expeditiously handle this litigation if he is so inclined.

Second, more cases are pending in the Northern District of Alabama than in any other District, and Dr. Conway has filed the only provider class complaint, which includes broadest allegations. It also the only complaint that includes all of the Defendants sued in other Districts, and a number of Defendants who are not yet involved in any of the other actions. The *Conway* complaint is the only complaint that includes all of the Blue Cross entities presently before the Panel.

Third, Blue Cross and Blue Shield of Alabama has the highest market concentration in the country, by some measures over 90% of the market. When President Obama addressed Congress to advance health care reform legislation, Alabama was presented as the poster child for monopoly control of the health insurance market. Blue Cross and Blue Shield of Alabama is headquartered in the Northern District of Alabama, a relatively short drive from the courthouse where Judge Proctor sits. The issues in the case therefore make the Northern District of Alabama the most appropriate venue for this litigation.

Fourth, Judge Proctor sits in Birmingham, Alabama, which is reasonably convenient for all parties. There are direct flights on two different airlines from Chicago, where the headquarters of the defendant Blue Cross and Blue Shield Association as well as the headquarters for the Blue Cross Plans in Texas, New Mexico, Oklahoma and Illinois are located. As the Panel is aware, thousands of people travel to the Northern District of Alabama on many weekends in the fall, and many of those stay in hotels in Birmingham. Thus, the hotels are obviously adequate to house the attorneys and others who would come to hearings in this matter. This Panel has often noted its preference to transfer actions to a geographically convenient location for the parties and witnesses. *See, e.g., In re TJX Cos., Inc., Fair and Accurate Credit Transactions Act (FACTS) Litig,* 505 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (noting the importance of selecting a transferee district that is centrally located for parties and witnesses); *In re Merck & Co., Sec., Derivative & "ERISA" Litig.,* 360 F. Supp. 2d 1375, 1377 (J.P.M.L. 2005) (noting that the transferee district was "relatively conveniently located for the parties and witnesses taken as a whole").

In summary, the Panel should consolidate the cases in the Northern District of Alabama before Judge Proctor.

Respectfully submitted on this the 1st day of October, 2012.

 /s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr.

*One of the Attorneys for Plaintiff Dr. Jerry L. Conway, DC*

OF COUNSEL:

Joe R. Whatley, Jr.
W. Tucker Brown
WHATLEY KALLAS, LLC
2001 Park Place North

1000 Park Place Tower
Birmingham, AL 35203
Tel.: (205) 488-1200
Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com
       tbrown@whatleykallas.com

Edith M. Kallas
WHATLEY KALLAS, LLC
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel:  212-447-7060
Fax: 800-922-4851
Email: ekallas@whatleykallas.com

Deborah Winegard
WHATLEY KALLAS, LLC
1068 Virginia Avenue, NE
Atlanta, GA  30306
Tel:  404-607-8222
Fax: 404-607-8451
Email: dwinegard@whatleykallas.com

Edward Kirk Wood, Jr.
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL  35233
Tel:  205-612-0243
Email: ekirkwood1@bellsouth.net

Michael E. Gurley, Jr.
Attorney at Law
P. O. Box 382732
Birmingham, AL  35238
Fax: (877) 267-5245
Email: mgurleyjr@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of October, 2012 a copy of the foregoing **RESPONSE OF PLAINTIFF DR. JERRY L. CONWAY, D.C. TO GC ADVERTISING, LLC AND CB ROOFING, LLC'S MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS** was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system which will send notice of electronic filing to all parties of record.

/s/ Joe R. Whatley, Jr.
OF COUNSEL