**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION ) ) ) ) | MDL No.: 2406 |

**RESPONSE OF PLAINTIFF HILDA JARREAU TO THE MOTION OF GC ADVERTISING, L.L.C. AND CB ROOFING, L.L.C.'S PURSUANT TO 28 U.S.C. § 1407 TO TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

NOW INTO COURT, through undersigned counsel, comes Hilda Jarreau, individually and on behalf of all persons similarly situated, in the action entitled *Hilda Jarreau, individually and on behalf of all others similarly situated v. Louisiana Health Service and Indemnity Company D/B/A Blue Cross Blue Shield of Louisiana*, No. 3:12-cv-00421, pending in the United States District Court for the Middle District of Louisiana, who hereby submits this Memorandum in Response to the Motion of GC Advertising, L.L.C. and CB Roofing, L.L.C. (hereinafter referred to as "GC/CB"), pursuant to 28 U.S.C. § 1407 to Transfer for Consolidated and Coordinated Pretrial Proceedings to the United States District Court for the Northern District of Alabama.  Plaintiff opposes GC/CB's Motion to Transfer these cases to the Northern District of Alabama and instead, proposes that these cases be transferred and consolidated in the Eastern District of Louisiana.[1]

---

[1] Plaintiff notes that the petition of "GC/CB" sets forth adequate arguments for consolidation and transfer for all cases pending in any federal court.  Therefore, to avoid needless duplication, Plaintiff will adopt those arguments and simply supplement them briefly.

Plaintiff agrees, as GC/CB has argued, that there are ample grounds for coordinating and consolidating the cases pursuant to 28 U.S.C. § 1407. (See Motion of GC Advertising, L.L.C. and CB Roofing, L.L.C., Paragraph 6, pp. 3). However, Plaintiff avers that the most appropriate transferee district is the Eastern District of Louisiana.

I.      **SUMMARY OF EXISTING LITIGATION**

There are eleven (11) cases currently pending in this potential Multidistrict Litigation case. Of these cases, seven (7) cases are currently pending in the United States District Court for the Northern District of Alabama and all of those cases are pending before the Honorable R. David Proctor, United States District Judge. However, there are several cases pending in other United States District Courts at this time and more are expected to be filed in the near future. The cases currently pending are *Morissey v. Blue Cross and Blue Shield of Tenn.*, No. 2:12-cv-02359 pending in the Western District of Tennessee; *Hilda Jarreau, individually and on behalf of all others similarly situated v. Louisiana Health Service and Indemnity Company D/B/A Blue Cross Blue Shield of Louisiana*, pending in the United States District Court for the Middle District of Louisiana, *Cerven v. Blue Cross and Blue Shield of N.C.*, No. 5:12-cv-17, pending in the United States District Court for the Western District of North Carolina and *Plessy v. Blue Cross and Blue Shield of Alabama, et al.*, No. 2:12-cv-02410, pending in the United States District Court for the Eastern District of Louisiana. In the *Cerven* case in North Carolina, Judge Richard Voohrees currently has pending a fully briefed Motion to Dismiss filed by the defendants.

*Plessy* pending in the Eastern District of Louisiana, is unique among all the pending cases in that it is a nationwide class action filed on behalf of all Blue Cross and Blue Shield subscribers against Blue Cross and Blue Shield Association ("BCBSA") and the 41 BCBSA licensees.

## II.    LAW AND ARGUMENT

The United States District Court for the Eastern District of Louisiana is a federal district that clearly meets and promotes the statutory goals of 28 U.S.C. § 1407.  That district has demonstrated its ability to handle large scale, multidistrict litigation and the Judges are perfectly competent to oversee this particular MDL.

In addition to the federal cases that are pending, undersigned counsel is counsel of record in two class actions filed in state court:  (1) *Debra Piercy and Lisa Tomazolli, on behalf of themselves and all others similarly situated, v. Healthcare Service Corp. (D/B/A Blue Cross Blue Shield of Illinois),* in the Circuit Court for the First Judicial District of Union County, Illinois, Civil Action No. 12-L-28 and (2) *Ryan Ray, et al. v. Wellpoint, Inc. d/b/a Anthem Insurance Companies, Inc.,* No. 49D12, in the Marion Superior Court, County of Marion, State of Indiana.   Those Complaints allege purely state-law based antitrust claims, but similar in import to the Sherman Antitrust Act provisions.   Further, Mover would represent to the Court that she reasonably believes that related actions will be filed shortly in federal court in the states of Mississippi and Florida.   In addition, state court actions either have or will be filed shortly in the states of Texas, Oklahoma, Arkansas, Hawaii and Nebraska, among others.

3

The mere fact that a number of cases have been filed in the Northern District of Alabama in an effort to create a false center of gravity of the litigation should not be dispositive of the transferee court issue.   Simply "front loading" one venue with multiple cases all alleging the same claims for the same statewide class of subscribers should not satisfy the requirements of 28 U.S.C. § 1407.

Under 28 U.S.C. § 1407, the transfer and coordination or consolidation of the "BCBS Litigation" must be to a venue that would serve the convenience of the parties, witnesses, counsel and the judicial system.

## III.    TRANSFEREE COURT

The Panel may transfer cases to a single judicial district for pretrial coordination, if:

(1) They involve "common questions of fact";

(2) Transfer would be convenient for the parties and witnesses; and,

(3) Transfer would "promote the just and efficient conduct" of the cases.

See 28 U.S.C. § 1407(a).

"The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs and save the time and efforts of the parties, the attorneys, the witnesses, and the courts."   See Manual for Complex Litigation, 4th § 20.131 (2004).   Mover respectfully suggests that these cases be transferred and consolidated in the Eastern District of Louisiana located at New Orleans, Louisiana.   The United States District Court for the Eastern District of Louisiana has been the venue of numerous Multidistrict Litigation proceedings, inter

4

*alia, In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20,*
*2010; In Re: FEMA Trailer Formaldehyde Liability Litigation; In Re: Propulsid Products*
*Liability Litigation; In Re: Vioxx Marketing, Sales Practices and Products Liability Litigation;*
*In Re: Chinese Manufactured Drywall Products Liability Litigation; and, In Re: Pool Products*
*Distribution Market Antitrust Litigation.*   Obviously, the Eastern District of Louisiana is a
major metropolitan court and well able to administer this MDL proceeding.

New Orleans is a major city with many non-stop airline flights from other major
cities in the United States, and is generally centrally located with respect to the rest of
the United States.  As this Panel has determined, in other MDL proceedings, that have
been transferred to the Eastern District of Louisiana for pretrial proceedings, New
Orleans has more than adequate amenities to provide out of state counsel in attendance
at Court.

Counsel in the *Morissey* case joins in this request that these matters be
consolidated to the United States District Court for the Eastern District of Louisiana.  As
counsel in the *Ray* and *Piercy* cases, undersigned counsel urges consolidation to the
United States District Court for the Eastern District of Louisiana.

**IV.   CONCLUSION**

For the foregoing reason, Plaintiff respectfully requests that the Panel transfer *In*
*Re: Blue Cross Blue Shield Antitrust Litigation,* MDL No. 2406, listed in the attached
Schedule of Actions, to the United States District Court for the Eastern District of
Louisiana, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §
1407.

Respectfully submitted on this 1ST day of October, 2012.

/s/ Patrick W. Pendley
**PATRICK W. PENDLEY (#10421)**
**NICHOLAS R. ROCKFORTE (#31305)**
**STAN P. BAUDIN (#22937)**
Pendley, Baudin & Coffin, L.L.P.
24110 Eden Street
Post Office Drawer 71
Plaquemine, Louisiana 70765-0071
(225) 687-6396  Telephone
(225) 687-6398  Facsimile
pwpendley@pbclawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1ST day of October, 2012, a copy of the foregoing pleading was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system which will send notice of electronic filing to all parties of record.


/s/ Patrick W. Pendley
**PATRICK W. PENDLEY**