BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
| **IN RE: BLUE CROSS BLUE** | ) | |
| **SHIELD ANTITRUST** | ) | **MDL-2406** |
| **LITIGATION** | ) | |
|  | ) | |
|  | ) | |

## INTERESTED PARTY RESPONSE

Plaintiff Donald Ridge, individually and on behalf of a Class of similarly situated persons (hereinafter, the "Kentucky Class"), tenders the following Interested Party Response pursuant to Rule 6.2(e) of the Rules for Multidistrict Litigation.

The Kentucky Class supports transfer and coordination of the pending BCBS cases because the thirteen cases filed to date all arise from the same factual context and involve the same facts and core legal issue – whether Defendant Blue Cross and Blue Shield Association ("BCBSA") and its member Blue Cross and Blue Shield licensees (the "Blues") have improperly entered into agreements illegally restraining trade in the sale and provision of health insurance in violation of the antitrust laws.  Pretrial proceedings, including discovery, class certification, and pre-trial motion practice in all of the BCBS Cases will involve the same evidence and arguments addressing and directed toward resolving the parties' positions relative to the central issue in all of the cases – the licensing agreements and internal policies between and among the Defendants.

**A.    Coordination and Transfer is Proper Under Section 1407.**

All thirteen cases filed to date involve substantially the same alleged facts and claims, namely that: (1) the Blues enjoy unrivaled market dominance in their respective service areas across the United States; (2) the Blues are independently owned and operated licensees of

BCBSA that conduct business in distinct geographical regions; (3) the Blues enter into licensing agreements under the auspices of BCBSA that allocate geographic markets for health insurance by limiting each Blue's activity outside of designated service areas, thereby preventing competition among the Blues; (4) these licensing agreements effectively obstruct entry by non-BCBS insurers by, among other things, preventing the sale or transfer of established networks to non-Blue entities; (5) these licensing agreements have insulated the Blues from competition by both other Blues and non-Blues in each of their respective service areas; (6) these agreements operate as restraints on competition, and have no sufficient economic justification aside from protecting BCBSA and the Blues from competition; (7) by these agreements, the Blues have been able to acquire and maintain a grossly disproportionate market share for health insurance products in the United States, benefiting from inflated surpluses and increased underwriting margins; (8) the Blues and BCBSA have engaged in a common course of illegal conduct to increase their profits to the detriment of subscribers in violation of the antitrust laws; and (9) the Blues and BCBSA face liability for damages resulting from their illegal conduct.  Having one transferee court presiding over one coordinated MDL case will promote orderly pretrial proceedings, and result in consistent rulings on discovery, class certification motions, and ultimately the critical issue of Defendants' illegal conduct, all of which are consistent with the purposes of 28 U.S.C § 1407(a).  Accordingly, the Kentucky Class respectfully requests that the Panel coordinate the BCBS cases.

### B. United States District Court Judge David Proctor is the Logical Choice as Transferee Judge.

The Kentucky Class wholeheartedly supports the request for transfer to the United States District Court for the Northern District of Alabama for coordination with the cases currently

docketed with the Honorable R. David Proctor.  As this Panel is aware, Judge Proctor is widely viewed as one of the most competent, fair-minded jurists in the federal judiciary.  Additionally, Judge Proctor has an established track record for handling complex multidistrict proceedings in an efficient manner.  The undersigned counsel served as a Plaintiffs' Steering Committee member for *In re: Total Body Formula Product Liability Litigation (*MDL 1985), which was assigned by this Panel to Judge Proctor.  Through Judge Proctor's efforts, MDL 1985 was handled, and ultimately resolved, in a relatively short period of time.  As noted in media reports, Judge Proctor's guidance fostered unprecedented cooperation among the parties and their counsel, and discovery coordination between federal and state courts.  *See http://www.law.com/isp/article.isp?id=1202470897664.*

Since April 17, 2012, seven BCBS cases have been filed in the United States District Court for the Northern District of Alabama.  Of the thirteen pending BCBS cases, more than half are currently before Judge Proctor, and are already coordinated with both a "provider track" (medical providers who received medical insurance payments from the Blues) and a "subscriber track" (individuals and businesses who paid health insurance premiums to the Blues).  Moreover, Judge Proctor is currently working to coordinate the litigation by appointing interim lead counsel and has already held a status conference to address current issues to move the case forward.  In so doing, Judge Proctor has already recognized that these cases involve common issues of fact and should therefore proceed as one case on two tracks.

The cases filed outside of Alabama, including the Kentucky Class case, allege almost the same factual allegations as the seven Alabama cases- an ongoing conspiracy among the thirty-eight Blues in violation of the Sherman Act.  Because Judge Proctor has demonstrated both the legal aptitude to handle these complex cases and the willingness to manage the majority of the

BCBS cases currently on file, he is the logical choice as transferee judge. Accordingly, the Kentucky Class joins with the requests to transfer these cases to Judge Proctor for coordination.

    **C.**    **The Northern District of Alabama Provides Efficient Access for In-Person Court Appearances.**

Where the actions subject to a transfer motion are geographically dispersed, the Panel traditionally has sought to identify a location that maximizes accessibility and convenience for the parties and their counsel. *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litig.,* 435 F. Supp. 2d 1345, 1347 (J.P.M.L June 20, 2006) (weighing geographic convenience in transfer decision). The city of Birmingham, Alabama serves the Panel's goal in every way.

Every complaint filed to date has been filed in the Southern part of the United States. *See* Alabama (7), Louisiana (2), Tennessee (1), North Carolina (1), Mississippi (1) and Kentucky (1). In terms of convenience of the parties and their counsel, Birmingham is centrally located and easily accessible to each of these jurisdictions. Birmingham is a major southern city, with relatively easy access by air, in no small part because of the Birmingham-Shuttlesworth International Airport's ongoing $200 million dollar expansion and modernization. For instance, Southwest Airlines, a low cost air carrier, services Birmingham as well as Louisville, Kentucky, New Orleans, Louisiana, Jackson, Mississippi, Charlotte, North Carolina, Nashville, Tennessee and Memphis, Tennessee with multiple low-cost daily flights. Moreover, because of its central location in relation to the other venues, Birmingham is within a reasonable driving distance of most, if not all, jurisdictions. At the end of the day, one of the parties to this litigation will be footing the bill (directly or indirectly) for the significant travel expenses. Therefore, it behooves everyone involved to coordinate the cases in a venue, like Birmingham, that provides low-cost

travel accommodations. Accordingly, the Kentucky Class respectfully requests that the Panel coordinate the cases in the United States District Court for the Northern District of Alabama.

## CONCLUSION

For the foregoing reasons, the Kentucky Class respectfully request that the Panel transfer the BCBS cases to the United States District Court for the Northern District of Alabama for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 before the Honorable R. David Proctor.

>Respectfully submitted,
>
>JONES WARD PLC
>Lawrence L. Jones II
>
> /s/ Lawrence L. Jones II
>Marion E. Taylor Building
>312 South Fourth Street, Sixth Floor
>Louisville, Kentucky 40202
>Phone: (502) 882-6000
>Facsimile: (502) 587-2007
>larry@jonesward.com
>*Counsel for the Kentucky Class*