# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RYAN RAY, et al., )
)
Plaintiff, )
)
)
v. ) Cause No. _____
)
WELLPOINT, INC. d/b/a ANTHEM )
INSURANCE COMPANIES, INC., )
)
Defendant. )

1 : 12 -cv- 1 5 7 6 JMS -TAB

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

PLEASE TAKE NOTICE THAT defendant WellPoint, Inc. ("WellPoint") [1], by its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the Superior Court of the State of Indiana, Marion County, to the United States District Court for the Southern District of Indiana, and states three separate grounds for removal as follows:

1. On or about September 28, 2012, Plaintiff Ryan Ray commenced this action in the Superior Court of the State of Indiana, Marion County, in a case captioned *Ryan Ray, et al. v.*

---

[1] Plaintiff improperly filed this action against WellPoint, Inc. D/B/A Anthem Insurance Companies, Inc. WellPoint is the ultimate parent company of numerous subsidiaries, including Anthem health insurance benefits companies that hold a Blue Cross and/or Blue Shield license in fourteen different states and who provide insurance to over thirty million people. *See* WellPoint, Inc. 10-K filed Feb. 22, 2012 at 3, *available at* http://www.sec.gov/Archives/edgar/data/1156039/000119312512072739/d277395d10k.htm. There are no allegations in the Complaint that support a conclusion that WellPoint is doing business as Anthem Insurance Companies, Inc. (hereinafter "AICI" or "Anthem"). AICI, which is a subsidiary of WellPoint, is the holder of the Blue Cross Blue Shield license in Indiana. *Id.* at 37; *see also* http://www.wellpoint.com/Companies/AnthemBlueCrossBlueShield/index.htm.

*WellPoint, Inc. D/B/A Anthem Insurance Companies, Inc.*, Case No. 49D12 12 09 CT 038162 (the "State Court Action.").

2. The State Court Action alleges that Anthem, the Blue Cross Blue Shield Association (BCBSA), and thirty-seven co-conspirator Blue Cross Blue Shield plans from all around the country have violated the Indiana Antitrust Act, Ind. Code § 24-1-1 *et seq.*, through market allocation and licensing agreements. *See* Compl. ¶ 3 (Exhibit 1).

**DIVERSITY JURISDICTION UNDER CAFA**

3. Enacted to expand federal jurisdiction over purported class actions, the Class Action Fairness Act ("CAFA") provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b) and 1332(d).

4. CAFA's first requirement—that class membership be no less than 100 (28 U.S.C. § 1332(d)(5)(B))—is easily satisfied here. The putative class action is brought on behalf of "[a]ll persons and entities who, from 2006 to present ... have paid health insurance premiums to WellPoint for individual or small group full-service commercial health insurance." *See* Compl. ¶ 12 (Exhibit 1). The putative class is alleged to be "numerous" and consisting of "a large number of similarly situated persons." *See* Compl. ¶¶ 13, 18 (Exhibit 1).

5. The alleged class consisting of "a large number" of people contains more than 100 persons. WellPoint is one of the nation's largest health insurers. WellPoint's health insurance plan subsidiary in Indiana, AICI a/k/a Anthem, is the state's largest health insurer and currently has over 900,000 members, including more than 250,000 currently insured under small group and individual, commercial insurance plans. Declaration of Tracy Bunch ¶¶ 3-5

(Exhibit 2).[2/] For each year between 2006 and 2011, the number of small group and individual members exceeded 250,000, ranging up to almost 290,000 members one year. *Id.*

6. CAFA's second requirement—that any one member of the purported class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A))—is easily satisfied here. Minimal diversity under CAFA is met when one purported class member is a citizen of a different state, even if the named plaintiff and defendant are citizens of the state in which the action was filed. *See Spaulding Moving and Storage, Inc. v. National Forwarding Co., Inc.*, 2008 WL 781929, at *1 (N.D.Ill. 2008). And while Plaintiff Ryan Ray, *see* Compl. ¶ 7 (Exhibit 1), and WellPoint are citizens of Indiana, minimal diversity under CAFA is satisfied here because at least one member of the purported class is a citizen of a state other than Indiana. The putative class consists of "[a]ll persons and entities who, from 2006 to present … have paid health insurance premiums to WellPoint for individual or small group full-service commercial health insurance." *See* Compl. ¶ 12 (Exhibit 1). As a threshold matter, subsidiaries of WellPoint provide health insurance coverage to tens-of-millions of people who live in California, New York, Maine, Georgia, and places in between who are not residents of Indiana. And moreover, there are current small group members insured by Anthem in the commercial insurance market that do not live in Indiana. Declaration of Tracy Bunch ¶ 6 (Exhibit 2). This is because Indiana law provides for "small employer" health insurance to cover employees who live outside of Indiana. *See* Ind. Code 27-8-15-14 ("small employer" health insurance may issue to a group with less than 50 employees, "the majority of whom work in Indiana."). Additionally, it is a

---

[2/] Under Indiana law, "small employer" insurance is issued to employers with 50 or less employees, Ind. Code 27-8-15-14, and "large group" insurance is issued to employers with 51 or more employees. In contrast—and in conflict with Indiana law—Plaintiff's Complaint suggests that "small groups" include employers with up to 199 employees. *See* Compl. ¶¶ 108 (e) (Exhibit 1). Thus, Plaintiff is attempting to include some large groups within the class definition despite stating that they seek to certify a class representing only "small groups" and individuals.

self-evident reality that at least one person who was insured by Anthem under an individual or small group plan since 2006 has moved out of the state of Indiana.

7. CAFA's third requirement—that the aggregate amount in controversy exceed $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2))—also is easily satisfied. Anthem disputes that it owes any type of damages, and it disputes each and every asserted remedy or theory of recovery advanced in the Complaint. Nevertheless, it is evident that Plaintiff has placed more than $5,000,000 at issue in this action, as explained below.

8. Plaintiff seeks treble damages for four alleged violations of Indiana's Antitrust Act, Compl. ¶¶117-154 (Exhibit 1),[3] compensatory damages for two alleged violations of Indiana's Antitrust Act relating to monopolization, *id.* ¶¶ 155-164, and restitution under the theories "unjust enrichment" and "payment of a thing not owed." *Id.* ¶¶ 165-173.

9. In order to invoke federal jurisdiction, WellPoint merely must provide an "estimate" of the amount in controversy which is "plausibly and adequately supported by the facts." *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). The Seventh Circuit has made clear that this simply is a "pleading requirement, not a demand for proof." *Id.* (citation omitted). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000…the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764 (internal citations omitted).

10. WellPoint estimates that more than $5,000,000 of damages is at issue in this case. For the reasons set forth below, this estimate is entirely reasonable and plausible. Among other things, Plaintiff seeks on behalf of the class compensatory damages and restitution related to allegedly inflated premiums paid by the purported class members for each year starting in

---

[3] Indiana's Antitrust Act, like the federal Sherman Act, provides for trebling of damages. *See* 15 U.S.C. § 15(a).

4

2006. Currently, the Anthem plan in Indiana has more than a quarter of a million members covered by plans sold in the individual and small group market. Declaration of Tracy Bunch ¶ 4 (Exhibit 2). And Anthem has had even more members in these categories in each of the prior six years. *Id.* at ¶ 5. Therefore, if Plaintiff were to prevail (which he should not) and a class be awarded damages of less than $3.00 in premium overpayment per purported class member, per year, the damages in this case, before trebling, would exceed the $5,000,000 federal jurisdiction threshold. And when taking into account the trebling sought by Plaintiff under the antitrust laws, the purported class would need only to establish less than $1.00 in premium overpayment per member, per year to satisfy the federal jurisdictional amount required.

**FEDERAL QUESTION JURISDICTION**

11. In addition to having jurisdiction under CAFA, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331, because the Complaint asserts a substantial federal question under the Sherman Act and because Plaintiff's claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district courts of the United States have original jurisdiction over claims brought under ERISA and the Sherman Antitrust Act. *See* ERISA Section 502(e), 29 U.S.C. § 1132(e); Sherman Antitrust Act, 15 U.S.C.A. §§ 1-7; 28 U.S.C. § 1331; and 28 U.S.C. § 1337.

12. Despite alleging that BCBSA's license agreements are the product of a conspiracy among WellPoint, the BCBSA, and 37 other health plans around the country to restrain trade, *See* Compl. ¶¶ 1-2, 20 (Exhibit 1), Plaintiff attempts to artfully plead around the Sherman Antitrust Act by alleging only state law causes of action under the Indiana Antitrust Act. Plaintiff has done so in order to avoid having this case, which simply mimics similar cases filed in federal courts around the country bringing Sherman Antitrust claims, removed to federal

5

court where it could be consolidated into a Multi-District Litigation by the Joint Panel on Multi-District Litigation when it hears argument on a pending consolidation and transfer request on November 29, 2012. *See In re Blue Cross Blue Shield Antitrust Litig.*, MDL 2406. The MDL motion to consolidate was filed on September 6, 2012, before this case was even filed on September 28, 2012. But Plaintiff ignores the reality that the remedy for the alleged harm sought, if granted, necessarily would involve upsetting the license agreements of every Blue Cross Blue Shield Plan across the country. Thus, Plaintiff's state law antitrust claims have a significant impact on interstate commerce due to their interstate nature and unquestionable nationwide impact of the relief requested, presenting a substantial federal question under the Sherman Antitrust Act.

13. Moreover, Plaintiff's Complaint includes in the purported class all persons and entities who paid health insurance premiums to Anthem for individual or small group full-service commercial health insurance at any time since 2006. *See* Compl. ¶ 12 (Exhibit 1). These small group plans are predominately employee welfare benefits plans within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), 29 U.S.C. §1001, *et seq.* Here, Plaintiff's claims fall within § 502(a)(2) as relating to Anthem's fiduciary duties, as plan administrator, to avoid anticompetitive conduct that would harm plan members. Accordingly, Plaintiff's claims are removable by Defendant under the "complete preemption" doctrine. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 1552, 1557-58 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 1546-48 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

**PROCEDURAL REQUIREMENTS UNDER REMOVAL STATUTE**

14. The procedural requirements set forth in 28 U.S.C. § 1446 are satisfied here. Section (a) of that statute requires the removing party to file a notice of removal "in the district

court of the United States for the district and division within which such action is pending," which Anthem does with this filing. Section (a) also requires a moving party to provide a copy to the district court of all process, pleadings, and orders served on defendants in the state action. Accordingly, Anthem has attached copies of all pleadings, process, and orders served on Anthem in this action, including the Complaint. *See* Exhibit 1.

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b). That section provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

16. The Complaint (but no summons) in the State Court Action was delivered by mail to Anthem by Plaintiff's counsel on or about October 5, 2012. Anthem first received a copy of the Complaint through informal means on October 2, 2012. The date of this Notice of Removal is within thirty days of receipt of the Complaint by Anthem. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

17. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of the State of Indiana, County of Marion.

18. By filing this Notice of Removal, Anthem does not waive any defense, argument, or principle of equity which may be available to it.

19. Based upon the foregoing, Anthem respectfully submits: (i) that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453; (ii) this Court has federal

question jurisdiction under 28 U.S.C. § 1331; and (iii) that the procedural requirements of 28 U.S.C. § 1446 are met. As such, this action is properly removable to federal court.

WHEREFORE, the above described action now pending against Anthem in the Superior Court of Indiana, County of Marion is removed to the United States District Court for the Southern District of Indiana.

Dated: October 26, 2012

Respectfully submitted,

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-1241
Fax:    (317) 237-1000
Email: paul.wolfla@FaegreBD.com

Christopher G. Scanlon
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-1253
Fax: (317) 237-1000
Email: chris.scanlon@FaegreBD.com

Craig A. Hoover
(*pro hac vice* motion to be filed)
E. Desmond Hogan
(*pro hac vice* motion to be filed)
Elizabeth A. Jose
(*pro hac vice* motion to be filed)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
elizabeth.jose@hoganlovells.com
Telephone: 202-637-5600
Fax: 202-637-5910

*Attorneys for Defendant WellPoint, Inc.*
*D/B/A Anthem Insurance Companies, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Removal was served this 26th day of October, 2012 by first class mail directed to the following:

Jonathan Little
Saeed & Little LLP
1433 Meridian
Indianapolis, IN 46202
jon@slllawfirm.com

Gordon Ball
Ball & Scott
555 W. Main Street
Knoxville, TN 37902

Patrick W. Pendley
Nicholas R. Rockforte
Pentley, Baudin & Coffin, LLP
P.O. Drawer 71
Plaquemine, LA 70765