UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION         MDL No. 2406

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of Alabama *GC Advertising* action move to centralize this litigation in the Northern District of Alabama. This antitrust litigation concerns the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans) and currently consists of seven actions pending in the Northern District of Alabama and an action each in the Western District of Tennessee and the Western District of North Carolina, as listed on Schedule A.[1]

According to defendants, BCBSA is a coordinated effort by health insurers to create a national brand with separate companies in local areas. In total, 38 separate Blue Plans operate under Blue Cross Blue Shield trademarks and trade names, providing health insurance to approximately 100 million subscribers. Plaintiffs contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another. Instead, working together with and through the BCBSA, they have allegedly divided and allocated among themselves health insurance markets throughout the nation to eliminate competition. Plaintiffs variously contend that this conduct violates Sections 1 and 2 of the Sherman Antitrust Act, as well as various related state laws.

---

[*] All Panel members have interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter; they have renounced any interest in the underlying litigation. Additionally, the Panel invoked the Rule of Necessity and all Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,* 273 F. Supp. 2d 1353 (J.P.M.L. 2003) ; *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356 (J.P.M.L. 2001).

[1] The Panel has been notified of twelve additional related actions pending in twelve districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2. Further, various parties to the Eastern District of Pennsylvania *LifeWatch* action presented argument as to whether that action should be included in the centralized proceedings, as did plaintiff in the Western District of Pennsylvania *UPMC* action, which opposed inclusion of its action. Because those actions are not on this motion, and thus not squarely before us, such arguments are best presented as opposition to a conditional transfer order covering the respective actions, if issued.

- 2 -

Plaintiffs in the Northern District of Alabama *Conway* action, the Western District of Tennessee *Morrissey* action and three potential tag-along actions support the plaintiffs' motion in its entirety, as do responding defendants.[2]  Plaintiffs in three Northern District of Alabama actions – *Carter*, *Richards* and *American Electric Motor* – oppose centralization.  Plaintiffs in the Northern District of Alabama *Bajalieh* and *One Stop Environmental* actions and the Western District of North Carolina *Cerven* action also oppose centralization and, alternatively, suggest centralization in the Northern District of Alabama or the Western District of North Carolina.

The primary arguments advanced against centralization are that there are too few pending actions, discovery will focus on each Blue Plan's activity in a specific market, and several potentially-dispositive state-specific issues will be prominent in each action.  We disagree that these considerations weigh against centralization here.  Though only nine actions pending in three districts were included on the motion for centralization, this litigation has since grown to encompass potentially 21 actions involving allegations of complex anticompetitive behavior pending in fourteen districts.  The Panel has, in the past, centralized antitrust cases involving allegations of concerted anticompetitive activity in the insurance market.  *See, e.g.*, MDL No. 767 – *In re: Commercial Gen. Liab. Ins. Antitrust Litig.*, Aug. 30, 1988, Transfer Order at 2 ("The complaints in all actions contain similar allegations of conspiracies, involving essentially the same groups of defendants, to manipulate the availability of commercial general liability insurance, in violation of federal antitrust laws.").  Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core.  Here, the actions involve substantial common questions of fact relating to the state BCBS entities' relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity to exclusive service areas, among other restrictions.  All of the Blue Plans are alleged to be co-conspirators, even

---

[2] Anthem Blue Cross and Blue Shield of Connecticut; Anthem Blue Cross and Blue Shield of Indiana; Anthem Blue Cross and Blue Shield of New Hampshire; Anthem Blue Cross and Blue Shield of Virginia Inc.; Anthem Blue Cross and Shield of Missouri; Anthem Health Plans of Maine; Anthem Inc.; Arkansas Blue Cross and Blue Shield; Blue Cross and Blue Shield Association (BCBSA); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Florida; Blue Cross and Blue Shield of Georgia; Blue Cross and Blue Shield of Kansas; Blue Cross and Blue Shield of Kansas City; Blue Cross and Blue Shield of Louisiana; Blue Cross and Blue Shield of Massachusetts; Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Minnesota; Blue Cross and Blue Shield of Mississippi; Blue Cross and Blue Shield of Nebraska; Blue Cross and Blue Shield of North Carolina; Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee; Blue Cross Blue Shield of Tennessee, Inc.; Blue Cross and Blue Shield of New Mexico; Blue Cross and Blue Shield of Oklahoma; Blue Cross and Blue Shield of Texas; CareFirst Blue Cross and Blue Shield of Maryland; Excellus BlueCross BlueShield of New York; Hawaii Medical Service Assoc.; Health Care Service Corp.; Horizon Blue Cross and Blue Shield of New Jersey; Independence Blue Cross;  Premera Blue Cross of Alaska; Triple S - Salud Inc.; Wellmark; Inc.; and Wellmark of South Dakota Inc.

though some Blue Plans are named as defendants only in actions in their respective state. Centralizing these actions under Section 1407 will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

For all these reasons, on the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of Alabama will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification;[3] and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, we have selected the Northern District of Alabama as the transferee district for this litigation. Seven related actions are pending in this district, and these actions include claims on behalf of both Blue Plan subscribers and healthcare providers. Further, the Honorable R. David Proctor, to whom we assign this litigation, is an experienced transferee judge who is already familiar with the contours of the litigation and has taken preliminary steps to organize the litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Alabama are transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer         Lewis A. Kaplan

---

[3] All actions are purported statewide and/or nationwide class actions brought against BCBSA and one or more Blue Plan defendants.

**IN RE: BLUE CROSS BLUE SHIELD**
**ANTITRUST LITIGATION**                                            MDL No. 2406

## SCHEDULE A

<u>Northern District of Alabama</u>

Fred R. Richards, et al. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-01133
One Stop Environmental, LLC, et al. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-01910
American Electric Motor Services, Inc. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-02169
Chris Bajalieh, et al. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-02185
GC Advertising, LLC, et al. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-02525
Jerry L. Conway v. Blue Cross and Blue Shield of Alabama, et al., C.A. No. 2:12-02532
Thomas A. Carder, et al. v. Blue Cross and Blue Shield of Alabama, et al.,
 C.A. No. 2:12-02537

<u>Western District of North Carolina</u>

Thomas A. Cerven, Jr., et al. v. Blue Cross and Blue Shield of North Carolina, et al.,
 C.A. No. 5:12-00017

<u>Western District of Tennessee</u>

Mary Morrissey v. Blue Cross Blue Shield of Tennessee, Inc., C.A. No. 2:12-02359