BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Blue Cross Blue Shield Antitrust Litigation | ) ) ) ) ) | MDL Docket No. 2406<br>ED Pa. No. 2:12-CV-05146 |

### LIFEWATCH'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**I.   INTRODUCTION**

In their Response to LifeWatch's Motion to Vacate Conditional Transfer Order ("Defendants' Response"), Defendants fail to refute the assertion that the LifeWatch action does not share a common factual core with the other actions that have been transferred and centralized in the In re Blue Cross Blue Shield Antitrust Litigation.  Instead, Defendants argue that each of the many differences between the LifeWatch case and the other actions *on its own* is insufficient to deny transfer of the LifeWatch action.  But when the differences are viewed in totality, one cannot escape the conclusion that the LifeWatch action is so different from the other transferred actions that it should not be centralized.

Defendants also disregard the fact that transfer of this Pennsylvania centric action to the Northern District of Alabama will not provide any convenience to the parties or the prospective witnesses, none of whom have any ties to Alabama.  Defendants further ignore that there are other more efficient methods than transfer to coordinate the very limited overlapping discovery between LifeWatch's action and the class actions before the Panel.

## II.     ANALYSIS

### A.     LifeWatch's Claims Do Not Arise From A Common Factual Core With The Transferred Actions

Defendants argue in their Response that "a 'core' of common facts to a case" is not required by 28 U.S.C. § 1407.  Defendants' Response at 5.  Defendants' argument completely ignores that the Panel itself stated in its December 12, 2012 Transfer Order in this MDL proceeding [Dkt 128] that transfer under Section 1407 can be allowed where actions present additional facts "*when the actions still arise from a common factual core*."  Transfer Order at 2.  *See also* Multidistrict Litigation Manual at § 5.4 (2012 ed.) ("Even where common issues abound [ ], the Panel considers the role and importance of common issues to the litigation as a whole.  **If common issues do not at least play a central role, however, transfer will not be ordered**.") (emphasis added).

LifeWatch's claims are based upon an entirely different conspiracy than those alleged in the other actions and thus do not arise from a common factual core with those actions.  Defendants continue to mislead the Panel by stating that LifeWatch "alleges the same conspiracy claimed in the cases in the MDL."  Defendants' Response at 3.  However, as discussed in LifeWatch's Moving Brief, LifeWatch's antitrust claim is based upon a conspiracy between the Blue Cross Plans as purchasers to limit competition with each other with regard to the medical services they cover by collectively deciding on their medical policies governing such services.  *See* LifeWatch Complaint ¶¶ 37-47; LifeWatch Moving Brief at 6-7.  In contrast, the claims in the other transferred actions are based upon a conspiracy between the Blue Cross Plans as sellers to divide and allocate the market in which they sell health insurance.  *See* Generally *Cerven* Complaint.

2

As acknowledged in LifeWatch's Moving Brief, LifeWatch's complaint does contain certain limited allegations (approximately six of LifeWatch's 106 paragraph complaint) that discuss the conspiracy between the Blue Cross Plans to allocate the market for the sale of health insurance, but those allegations are not central to LifeWatch's claims and are provided as background to explain the Blue Cross plans' motivation to engage in the conspiracy to deny medical coverage that is the basis of LifeWatch's claims.

Nor is the conspiracy alleged by LifeWatch merely a "conspiracy within the conspiracy alleged by the other plaintiffs" as Defendants suggest. *See* Defendants' Response at 5. Unlike *In re Cuisinart Food Processor Antitrust Litigation* and *In re Cement & Concrete Antitrust Litigation*, upon which Defendants rely, the LifeWatch action does not allege a conspiracy that is merely a smaller subset (in terms of geographic scope or subclass of purchasers) of the seller conspiracy that is alleged in each of the other transferred class actions. Rather, the purchaser conspiracy alleged by LifeWatch involves a very different agreement relating to entirely different conduct in a completely different product market that has led to different anticompetitive effects. *See* Moving Brief at 2, 6-8.

Defendants cite to cases for the proposition that transfer can still be allowed where the *only* difference between the actions is a different alleged product *or* geographic market, different type of plaintiff *or* different type of injury. Notably, however, they cannot cite to any case for the proposition that transfer is appropriate where an action is different in *all* of these ways.

Defendants further argue that transfer is appropriate because "the MDL already includes four actions brought by and on behalf of healthcare 'providers': *Conway, Surgical Center, Sult and Heritage Medical Partners*." Defendants' Response at 7. However, just like the transferred actions brought by subscribers of the Blue Cross plans, each of the four provider actions cited by

3

Defendants allege a seller conspiracy between the Blue Cross plans to enter into and enforce illicit market allocation agreements. *See, e.g., Conway* Complaint at ¶129 (Ex. 1 hereto); *Surgical Center* Complaint at ¶135 (Ex. 2 hereto); *Sult* Complaint at ¶ 130 (Ex. 3 hereto); and *Heritage Medical Partners* Complaint at ¶¶ 129 -130 (Ex. 4 hereto).   The four Provider complaints cited by Defendants further allege that this seller conspiracy forces members of the prospective class to accept fewer patients, lower rates, and unfavorable terms for their services as a result of the BCBS plans' conspiracy to divide and allocate the market. *Id*. These consequences are not alleged in the instant case.  Moreover, none of those other provider actions address the Blue Cross plans' medical policies or a conspiracy to deny coverage for particular medical services as does the LifeWatch complaint.

## B. Transfer Will Not Promote Just And Efficient Conduct Of The Litigation

Defendants' argument that centralization of the LifeWatch action will promote just and efficient conduct by eliminating duplicative discovery is unavailing.  Defendants do not dispute that the vast majority of discovery that will be conducted in connection with LifeWatch's claims does not overlap with discovery of the claims asserted by the class action plaintiffs.  See Moving Brief at 10-11.  Accordingly, rather than promoting just and efficient conduct, centralization would only serve to disrupt and delay the MDL proceedings by bogging down the transferee court in discovery issues that are unique to the LifeWatch action. *See, e.g*., *In re Petroleum Products Antitrust Litigation*, 476 F. Supp. 455, 458 (1979) (vacating conditional transfer order where scope of discovery in tag-along action was broader and varied from discovery necessary for other transferred actions).

Defendants largely ignore LifeWatch's argument that any efficiencies from the elimination of (minimal) duplicative discovery could be easily achieved through coordination. LifeWatch, as indicated in its Moving Brief at 14, is amenable to stipulating that discovery on

4

those limited issues could be taken and used in all the actions.  The Panel has previously held on many occasions that transfer should be denied where the benefits of transfer could be obtained through such alternatives.  *See* cases discussed in Moving Brief at 13-14; *see also* Manual for Complex Litigation, Fourth § 20.14 (2004) §§11.423, 11.443, 11.452, and 20.14.

### III.     CONCLUSION

For the reasons set forth above and in LifeWatch's Moving Brief, the Panel should vacate the conditional transfer order and exclude LifeWatch's Pennsylvania-centric, single-plaintiff antitrust and tortious interference action from MDL No. 2406.

Dated:  January 31, 2013

By:           /s/ Lara Fetsco Phillip

David A. Ettinger (P26537)
Peter E. Boivin (P62043)
Lara Fetsco Phillip (P67353)
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
Detroit, MI 48226
(313) 465-7368 (p)
dettinger@honigman.com

Michael J. McCarrie
PA I.D. # 57671
Artz Health Law
Centre Square - West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
Office: 267-886-1852
Fax: 215-735-1714
mjm@artzhealthlaw.com

Charles I. Artz
PA I.D. #55747
Artz Health Law
200 North Third Street, Suite 12-B
Harrisburg, PA 17101
Phone: (717) 238-9905
cia@artzhealthlaw.com

12004109.2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2013, a copy of the foregoing pleading was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system which will send notice of electronic filing to all parties of record.

/s/ Lara Fetsco Phillip
LARA FETSCO PHILLIP

12004109.2