UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION
    LifeWatch Services, Inc. v. Highmark, Inc., et al.,    )
        E.D. Pennsylvania, C.A. No. 2:12-5146    )    MDL No. 2406


**TRANSFER ORDER**


    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff LifeWatch Services, Inc. (LifeWatch) moves to vacate our order conditionally transferring this action (*LifeWatch*) to MDL No. 2406. Defendants[1] oppose the motion.

    In opposing transfer, plaintiff argues, *inter alia*, that the *LifeWatch* action differs from the previously-centralized actions in that it focuses on an alleged conspiracy to deny insurance coverage for certain life-saving medical technologies, which is different from the conspiracy alleged in the MDL proceedings regarding the alleged improper allocation of insurance markets. Further, LifeWatch insists that whatever common discovery is conducted can be shared among the parties without requiring transfer of *LifeWatch*.

    We do not find LifeWatch's arguments convincing. Although *LifeWatch* will involve some different facts regarding defendants' alleged conspiracy to deny coverage of certain medical services, plaintiffs' complaint also touches on the core controversy of the MDL proceedings – the propriety of BCBSA's license agreements and the anticompetitive effects of certain provisions in those agreements, most notably the geographical service area restrictions.

    We are instead persuaded that this action will benefit from the framework provided by the centralized proceedings for discovery and motion practice. The transferee court can structure the litigation so as to allow discovery with respect to any individual issues (such as the alleged conspiracy to deny coverage of certain medical services) to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F. Supp.2d 1373, 1375 (J.P.M.L. 2004), and ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

  [*] Judge John G. Heyburn II took no part in the decision of this matter.

  [1] Blue Cross and Blue Shield Association (BCBSA); Blue Cross Blue Shield of Minnesota; Blue Cross Blue Shield of South Carolina; Highmark, Inc.; Horizon Blue Cross Blue Shield of New Jersey; and Wellpoint, Inc.

- 2 -

Thus, after considering all argument of counsel, we find that this action involves common questions of fact with actions previously centralized in the MDL, and that transfer of this action to the Northern District of Alabama for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, this action involves substantial common questions of fact relating to the state BCBS entities' relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity to exclusive service areas, among other restrictions. *See In re Blue Cross Blue Shield Antitrust Litig.*, __ F. Supp. 2d __, 2012 WL 6554004 (J.P.M.L. Dec. 12, 2012).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Paul J. Barbadoro
Marjorie O. Rendell           Charles R. Breyer
Lewis A. Kaplan