# ATTACHMENT 1

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 APR 22  A 11: 11

CLERK'S OFFICE
AT GREENBELT

903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| **CAREFIRST OF MARYLAND, INC.** )<br><br>10455 Mill Run Circle )<br>Owings Mills, MD  21117 )<br><br>      **Plaintiff,** )<br>     v. )<br><br>**WHATLEYKALLAS, LLC** )<br><br>2001 Park Place North )<br>1000 Park Place Tower )<br>Birmingham, AL  35203 )<br><br>**MOONEY, GREEN, SAINDON,** )<br>**MURPHY & WELCH, P.C.** )<br><br>1920 L Street, N.W., Suite 400 )<br>Washington, DC  20036 )<br><br>**ADVANCED SURGERY CENTER** )<br>**OF BETHESDA, LLC** )<br><br>6430 Rockledge Dr., Suite 160 )<br>Bethesda, MD  20817 )<br><br>**BETHESDA CHEVY CHASE** )<br>**SURGERY CENTER, LLC** )<br><br>6931 Arlington Road, Suite E )<br>Bethesda, MD  20814 )<br><br>**DEER POINTE SURGICAL** )<br>**CENTER, LLC** )<br><br>6503 Deer Point Drive, Suite A )<br>Salisbury, MD  21804 )<br><br>**HAGERSTOWN SURGERY CENTER,** )<br>**LLC** )<br><br>11236 Robinwood Drive, Suite 201 ) | Civil Action No. ___RWT 13 CV 11 04___<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Hagerstown, MD  21742                          )
                                               )
**LEONARDTOWN SURGERY**                        )
**CENTER, LLC**                                )
                                               )
40900 Merchants Lane, Suite 200                )
Leonardtown, MD  20650                         )
                                               )

**MAPLE LAWN SURGERY CENTER,**                 )
**LLC**                                        )
                                               )
7625 Maple Lawn Blvd., Suite 110               )
**Fulton, MD  20759**                          )
                                               )
**PICCARD SURGERY CENTER, LLC**                )
                                               )
1330 Piccard Drive, Suite 102                  )
Rockville, MD  20850                           )
                                               )
**RIVA ROAD SURGCENTER, LLC**                  )
                                               )
2635 Riva Road, Suite 118                      )
Annapolis, MD  21401                           )
                                               )
**SURGCENTER OF BEL AIR, LLC**                 )
                                               )
**209 Thomas Street**                          )
**Bel Air, MD  21014**                         )
                                               )
**SURGCENTER OF GLEN BURNIE,**                 )
**LLC**                                        )
                                               )
308 Hospital Drive, Suite 102                  )
Glen Burnie, MD  21061                         )
                                               )
**SURGCENTER OF GREENBELT, LLC** )
                                               )
7300 Hanover Drive, Suite 102                  )
Greenbelt, MD  20770                           )
                                               )
**SURGCENTER AT NATIONAL**                     )
**HARBOR, LLC**                                )
                                               )
125 Potomac Passage, Suite 200                 )
National Harbor, MD  20745                     )

                                                    )
**SURGCENTER OF SILVER SPRING,**                    )
**LLC**                                             )
                                                    )
**8710 Cameron Street, Suite 100**                  )
**Silver Spring, MD 20910**                         )
                                                    )
**SURGCENTER OF SOUTHERN**                          )
**MARYLAND, LLC**                                   )
**9001 Woodyard Road, Suite B**                     )
**Clinton, MD 20735**                               )
                                                    )
**SURGCENTER OF WESTERN**                           )
**MARYLAND, LLC**                                   )
                                                    )
**12252 Williams Road SE, Suite 103**               )
**Cumberland, MD 21502**                            )
                                                    )
**SURGENTER OF WHITE MARSH,**                       )
**LLC**                                             )
                                                    )
**11605 Crossroad Circle, Suite A**                 )
**Baltimore, MD 21220**                             )
                                                    )
**TIMONIUM SURGERY CENTER, LLC** )
                                                    )
**1954 Greenspring Drive, Suite LL18**              )
**Lutherville-Timonium, MD 21093**                  )
                                                    )
**WESTMINSTER SURGERY CENTER,**   )
**LLC**                                             )
                                                    )
**826 Washington Road, Suite 131**                  )
**Westminster, MD 21157**                           )
                                                    )
            **Defendants,**                         )
                                                    )

## NOTICE OF REMOVAL

Defendants Whatley Kallas, LLC; Mooney, Green, Saindon, Murphy & Welch, P.C.;

Surgical Center Development, Inc., d/b/a SurgCenter Development; Advanced Surgery Center of

Bethesda, LLC; Bethesda Chevy Chase Surgery Center, LLC; Deer Pointe Surgical Center, LLC;

Hagerstown Surgery Center, LLC; Leonardtown Surgery Center, LLC; Maple Lawn Surgery

Center, LLC; Piccard Surgery Center, LLC; Riva Road SurgCenter, LLC; SurgCenter of Bel Air,

LLC; SurgCenter of Glen Burnie, LLC; SurgCenter of Greenbelt, LLC; SurgCenter at National

Harbor, LLC; SurgCenter of Silver Spring, LLC; SurgCenter of Southern Maryland, LLC;

SurgCenter of Western Maryland, LLC; SurgCenter of White Marsh, LLC; Timonium Surgery

Center, LLC; and Westminster Surgery Center, LLC (collectively, "Defendants") file this Notice

of Removal of the action brought against them by CareFirst of Maryland, Inc. ("Plaintiff"). The

grounds in support of this Notice of Removal are as follows:

**1.      The State Court Action.** Defendants have been named as defendants in a civil

action filed on or about April 1, 2013, in the Circuit Court for Montgomery County, Maryland.

(the "State Court Action"). A true and correct copy of Plaintiff's complaint and all filed and

served process and pleadings in the case (the "Complaint") are attached hereto as Exhibit A.

**2.      Service upon the Defendants.** Defendants Mooney, Green Saindon, Murphy &

Welch, P.C. ("Mooney Green") and Whatley Kallas, LLC ("Whatley Kallas") were served with

the Complaint on April 3, 2013. Whatley Kallas accepted service of the Complaint on behalf of

the remaining Defendants without formal service on April 4, 2013. *See* Declaration of Joe R.

Whatley, Jr. ("Whatley Decl."), filed concurrently herewith, at Ex. 1.

**3.      This Notice of Removal is Timely Pursuant to 28 U.S.C. § 1446(b).** This

Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State

Court Action is being removed within the statutorily allowed thirty-day period after the date

Defendants were served with or otherwise received a copy of the Complaint, the initial pleading

setting forth the claims for relief upon which the State Court Action is based.

**4.      The State Court Action Raises a Federal Question under the Sherman Act.**

Plaintiff's Complaint raises a federal question under the Sherman Antitrust Act, 15
U.S.C. § 1, *et seq.* (the "Sherman Act"). In essence, Plaintiff has asked the state court to enjoin
Defendants from pursuing their Sherman Act claims against it in *Advanced Surgery Center of
Bethesda, LLC, et al. v. CareFirst of Maryland, Inc.*, Case No. 1:13-cv-00769 (the "Federal
Action"), which was originally filed in the United States District Court for the District of
Maryland and which has since been transferred to the Northern District of Alabama for pre-trial
proceedings as part of the multi-district litigation entitled *In re: Blue Cross Blue Shield Antitrust
Litigation*, MDL No. 2406 (the "Antitrust MDL"). Indeed, Plaintiff's Complaint is predicated
entirely on the existence of the Federal Action and implicates the Sherman Act itself.

The Supreme Court has recognized for "nearly 100 years that in certain cases federal-
question jurisdiction will lie over state-law claims that implicate significant federal issues."
*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312-314 (2005)(citations
omitted). The doctrine captures the common sense notion that a federal court ought to be able to
hear claims recognized under state law that nonetheless turn on substantial questions of federal
law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal
forum offers on federal issues." *Id.* Here, Plaintiff's alleged interpretation of the Confidentiality
Agreement at issue (the "Confidentiality Agreement") (essentially that Defendants have released
their right to pursue their Sherman Act claims in the Antitrust MDL) requires the presiding court
to interpret federal antitrust law and underlying public policy to determine whether Defendants'
pursuit of their Sherman Act claim has resulted in a breach of the Confidentiality Agreement or
whether the Confidentiality Agreement is void as against federal public policy. *See, e.g.*, *Lawlor
v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 329 (1955)( "[I]n view of the public interest in vigilant
enforcement of the antitrust laws through the instrumentality of the private treble-damage

action," an agreement which confers even "a partial immunity from civil liability for future

violations" of the antitrust laws is inconsistent with the public interest); *In re American Exp.*

*Merchants' Litig.,* 667 F.3d 204, 214 (2d Cir. 2012), *cert granted,* 133 S. Ct. 594 ( "[A]n

agreement which in practice acts as a waiver of future liability under the federal antitrust statutes

is void as a matter of public policy."); *Miami Parts & Spring, Inc. v. Champion Spark Plug Co.*,

402 F.2d 83, 84 (5th Cir.1968)("[F]ederal law governs the effect of a release of joint tort-feasors

in anti-trust cases"); *Redel's, Inc. v. General Electric Co.*, 498 F.2d 95, 98 (5th Cir. Fla.

1974)("The Court held in essence that **a release of a federally created statutory claim raises**

**pervasive federal questions** which should be determined by a uniform federal rule of

construction rather than various state rules)(emphasis added); *Fox Midwest Theatres v. Means,*

221 F.2d 173, 180 (8th Cir. 1955)("Any contractual provision which could be argued to absolve

one party from liability for future violations of the antitrust statutes against another would to that

extent be void as against public policy. This is because the effect of such a release could be to

permit a restraint of trade to be engaged in, which would have impact, not simply between the

parties, but upon the public as well")(internal citation omitted); *AT&T Mobility LLC v. Fisher*,

2011 U.S. Dist. LEXIS 124839, *16-17 (D. Md. Oct. 28, 2011) ("We merely note that in the

event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver

of a party's right to pursue statutory remedies for antitrust violations, we would have little

hesitation in condemning the agreement as against public policy."). Plaintiff's attempt to

interpret the Confidentiality Agreement to prohibit Defendants from proceeding on their

Sherman Act claims presents the same "pervasive federal questions" found in the cases above.

In addition, Plaintiff's Complaint raises substantial issues related to the interplay

between the state and federal courts. For instance, an Order issued by the Northern District of

Alabama allowing discovery in the Antitrust MDL may conflict with an injunction issued by the Maryland state court. Plaintiff's action -- which cannot be defined except by its relationship to the underlying Federal Action it seeks to enjoin, and which Plaintiff alleges relies exclusively on "confidential information" and "trade secrets" to form the basis of its Sherman Act claims -- is properly heard by the Northern District of Alabama in the Antitrust MDL.

"For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. Thus, [the United States Supreme Court] has explained that the appropriateness of a federal forum to hear an embedded issue can be evaluated only after considering the 'welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.'" *Grable*, at 313-14 (citing *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 8 (1983). Here, Plaintiff's lawsuit is an end-run around the jurisdiction of the federal courts in an attempt to have its claim (which would rightfully be a compulsory counterclaim at best in federal court) heard by what it presumably believes to be a favorable home forum state court in Maryland. This is exactly the sort of circumstance where federal jurisdiction should lie to allow for "proper management of the federal judicial system." *Id.*

## 5.    The State Court Action May Be Removed to Federal Court Pursuant to 28 U.S.C § 1332.

In addition to being removable on the basis of federal question jurisdiction, as set forth above, this case may be removed to this Court on the basis of the federal diversity statute, 28 U.S.C. § 1332, as the parties to the agreement at the center of this dispute are from different states and the amount in controversy is more than $75,000. As Plaintiff alleges in its Complaint, on August 24, 2011, Plaintiff entered into a Confidentiality Agreement that forms the purported

basis of its claims. *See* Complaint at ¶¶ 55-56; Ex. 1 (Confidentiality Agreement), at 2. According to Plaintiff, Defendants breached the Confidentiality Agreement by filing their complaint alleging violations of the federal antitrust laws in the Federal Action. The signatories to the Confidentiality Agreement were SurgCenter Development, and two law firms, Whatley Drake & Kallas, LLC ("Whatley Drake")[1] and Mooney Green.   Complaint, Ex. 1 (Confidentiality Agreement), at 2. As is set forth in the Complaint itself, Plaintiff is a Maryland corporation (Complaint, ¶ 1), SurgCenter Development is a Nevada corporation with its principal place of business in California (Complaint, ¶ 5), Mooney Green is a professional corporation organized under the laws of the District of Columbia with its principal place of business in that city (Complaint, ¶ 3) and Whatley Drake is an Alabama limited liability company with its principal place of business in Alabama. Whatley Decl., ¶ 1. Thus, complete diversity among the parties to the Confidentiality Agreement exists.

Moreover, because Plaintiff seeks to enjoin the prosecution of the claims brought in the Federal Action, valued in the millions of dollars, the jurisdictional minimum of $75,000 under the diversity statute, 28 U.S.C. § 1332, has been met. "It is well settled in the Fourth Circuit that the test for determining the amount in controversy in a diversity proceeding is the 'either-viewpoint rule' which is concerned with 'the pecuniary result to either party which [a] judgment would produce.'" *Slumber Parties, Inc. v. Cooper*, 2012 U.S. Dist. LEXIS 98198, at *16 (D. Md. July 16, 2012) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)) (alteration in original). Under this rule, "the amount-in-controversy requirement is satisfied if either the gain

---

[1]Whatley Kallas is improperly named as a defendant here, as it was Whatley Drake, a separate, ongoing entity, that entered into the Agreement, not Whatley Kallas.   Complaint, Ex. 1 (Confidentiality Agreement), at 2; Whatley Decl., ¶ 1. In any event, even if Whatley Kallas were a proper defendant, it too is diverse from Plaintiff, as it is a Colorado limited liability company organized under the laws of the state of Colorado, with its principal place of business in Alabama. Complaint ¶ 2; Whatley Decl., ¶ 1.

to the plaintiff or the cost to the defendant is greater than $75,000." *Id.* (citing *Gonzalez v. Fairgale Props. Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002)). The value of an injunction vis-à-vis the amount in controversy requirement for diversity jurisdiction is determined "by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (citing *Dixon*, 290 F.3d at 710).

As a Maryland corporation, Plaintiff has sought to defeat complete diversity and, in turn, federal jurisdiction, by joining eighteen Maryland-based ambulatory surgery center ("ASC") facilities (the "Defendant ASCs") as Defendants in this litigation, despite the fact that none of the Defendant ASCs are parties to the contract alleged to have been breached. Clearly the joinder of the Defendant ASCs is nothing more than a fraudulent attempt to avoid the jurisdiction of the Northern District of Alabama, which is presiding over the Antitrust MDL, and should be rejected.

A party cannot defeat the right of removal to a federal court by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186). In the Fourth Circuit, to establish fraudulent joinder, "the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Balt. County v. Cigna Healthcare*, 238 Fed. Appx. 914, 920 (4th Cir. Md. 2007) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999)) (quotation marks omitted). Here, because there is no possibility that Plaintiff can establish a cause of action against the Defendant ASCs under any of the theories of recovery it

has asserted, it is clear that Plaintiff has fraudulently joined the Defendant ASCs to this action in order to defeat complete diversity.

Plaintiff alleges four causes of action against Defendants under two theories of liability: (1) breach of contract, and (2) violation of unlawful misappropriation under Maryland's Uniform Trade Secrets Act, Md. Code Ann., Com. Law §§ 11-1201, *et seq.* ("MUTSA"). As discussed below, the Defendant ASCs are not properly joined as defendants under either theory.

In Maryland, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (Md. 2001) (citing *Continental Masonry Co., Inc. v. Verdel Const. Co., Inc.*, 279 Md. 476, 480 (1977)). As is clear from the Confidentiality Agreement itself, and implied from Plaintiff's own statements in its Complaint, the Defendant ASCs were *not* parties to the Confidentiality Agreement. *See* Complaint ¶¶ 55-56; Ex. 1 (Confidentiality Agreement), at 2. And Plaintiff points to nothing else that indicates that the Defendant ASCs owed Plaintiff any contractual obligations under either the Confidentiality Agreement or any other contract. *See id.* Therefore, Plaintiff has failed to satisfy a necessary element of a breach of contract claim. *See Taylor*, 365 Md. at 175. Thus, the Defendant ASCs are not properly joined in this action under a breach of contract theory of recovery.

Plaintiff also alleges violations of MUTSA, which provides remedies for a plaintiff alleging misappropriation of a trade secret. *See* Md. Code Ann., Com. Law §§ 11-1201, *et seq.* Specifically, Plaintiff alleges that the following purported "trade secrets" were unlawfully misappropriated by Defendants: (1) that in negotiating an in-network contract, Plaintiff offered Defendants only an "anti-competitive rock bottom rate"; and (2) that after further negotiations of an in-network contract, CareFirst still only offered rates "that were significantly below market

rates for facility reimbursements." Complaint ¶¶ 68-70. Plaintiff's position that such broad statements about its pricing constitute trade secrets is nonsensical, and does not begin to meet the definition of "trade secrets" under the Act.

MUTSA defines "trade secrets" as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.* § 11-1201(e). Clearly the information Plaintiff alleges has been improperly disclosed cannot constitute trade secrets under such a definition, as, among other things, such information does not derive independent economic value from not being generally known. Moreover, Plaintiff has not undertaken any efforts to have the complaint filed in the Federal Action sealed.

Moreover, in Maryland, there are only two types of trade secrets: "technological developments and internal operating information." *Optic Graphics, Inc. v. Agee*, 87 Md. App. 770, 784 (Md. Ct. Spec. App. 1991) (citing 2 R. Callman, *The Law of Unfair Competition, Trademarks, and Monopolies* § 14.06, at 35 (4th ed. 1982 & Supp. 1991)). Here, Plaintiff has failed to allege that the information allegedly misappropriated falls within either category of information.

Indeed, courts have expressly found that the type of general pricing information alleged to have been misappropriated by Plaintiff does not constitute a trade secret. For example, in *Optic Graphics*, the plaintiff alleged that the defendant misappropriated certain trade secrets, including pricing information. *Id.* at 781. Agreeing with the trial court, the Maryland Court of

Special Appeals found that the information the plaintiff relied on did not constitute trade secrets, as the information was "(1) subject to change, (2) subject to market forces, (3) subject to the type of machinery used, and so forth." *Id.* at 787. Because of these characteristics, the Special Appeals Court affirmed the trial court in finding that it was unlikely that the appellees "could obtain economic value from its disclosure or use as required by the Act." *Id.* at 787-88 (internal quotation omitted).

Additionally, in *Diamond v. T. Rowe Price Assocs.*, 852 F. Supp. 372 (D. Md. 1994), the District Court of Maryland found that despite the fact that a former employee took more than 10,000 documents, and regardless of whether T. Rowe Price might gain utility from the information contained within those documents, "there is no evidence that they have any independent economic value for anyone else." *Id.* at 412. Here, the purported pricing information underlying Plaintiff's claim -- that is, the mere description of the Plaintiff's reimbursement rates as low -- cannot constitute a trade secret.

Because Plaintiff cannot show that the Defendant ASCs are proper defendants under either theory of recovery presented in its Complaint, removal is appropriate.

**6.      Notice of Removal Filed in State Court Action.** Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Montgomery County, Maryland.

WHEREFORE, Defendants respectfully notices the removal of this action to this Court from the Circuit Court for Montgomery County.

Respectfully Submitted,

s/Alvin I. Frederick
Alvin I. Frederick (Federal Bar #01459)
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
Telephone:  (410) 752-7474
Facsimile:  (410) 752-0611
*Attorneys for Law Firm Defendants*

s/Lauren E. Marini
Lauren E. Marini (Federal Bar #30057)
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076
Telephone:  (410) 752-7474
Facsimile:  (410) 752-0611
*Attorneys for Law Firm Defendants*

s/Mark J. Murphy
Mark J. Murphy (Federal Bar #16534)
Mooney, Green, Saindon, Murphy
 & Welch, P.C.
1920 L Street, N.W., Suite 400
Washington, DC  20036
Telephone: (202) 783-0010
Facsimile: (202) 783-6088
*Attorneys for All Other Defendants*

Joe R. Whatley, Jr.
Whatley Kallas, LLC
2001 Park Place North
1000 Park Place Tower
Birmingham, AL  35203
Telephone: (205) 488-1200
Facsimile:  (800) 922-4851
*Attorneys for All Other Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been

served upon the following counsel of record by depositing same in the U.S. Mail, postage

prepaid, on this 19th day of April, 2013:

        Patrick de Gravelles
        Carefirst BlueCross BlueShield
        840 First Street, N.E., DC12-08
        Washington, DC  20065

               s/Lauren E. Marini
               Lauren E. Marini (Federal Bar #30057)

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CAREFIRST OF MARYLAND INC.

## DEFENDANTS
WHATLEYKALLAS, LLC; MOONEY GREEN SAINDON MURPHY & WELCH, P.C., SURGICAL CENTER DEVELOPMENT, INC., d/b/a SURGCENTER DEVELOPMENT, et al.,

**(b)** County of Residence of First Listed Plaintiff      Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick de Gravelles, Carefirst BlueCross Blue Shield
840 First Street, N.E., DC12-08
Washington, DC  20065  (202) 680-7457

Attorneys *(If Known)*
See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ❑ 2   U.S. Government
  Defendant
- ❑ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 340 Marine | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL INJURY** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 365 Personal Injury - Product Liability | **LABOR** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ❑ 710 Fair Labor Standards Act | ❑ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 720 Labor/Management Relations | **SOCIAL SECURITY** |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | **PERSONAL PROPERTY** | ❑ 740 Railway Labor Act | ❑ 861 HIA (1395ff) |
| ❑ 196 Franchise | | ❑ 370 Other Fraud | ❑ 751 Family and Medical Leave Act | ❑ 862 Black Lung (923) |
| | | ❑ 371 Truth in Lending | ❑ 790 Other Labor Litigation | ❑ 863 DIWC/DIWW (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ❑ 380 Other Personal Property Damage | ❑ 791 Employee Retirement Income Security Act | ❑ 864 SSID Title XVI |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | ❑ 385 Property Damage Product Liability | | ❑ 865 RSI (405(g)) |
| ❑ 220 Foreclosure | ❑ 441 Voting | **PRISONER PETITIONS** | | |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 463 Alien Detainee | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 890 Other Statutory Actions |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 510 Motions to Vacate Sentence | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 891 Agricultural Acts |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | ❑ 530 General | | ❑ 893 Environmental Matters |
| | ❑ 448 Education | ❑ 535 Death Penalty | **IMMIGRATION** | ❑ 895 Freedom of Information Act |
| | | **Other:** | ❑ 462 Naturalization Application | ❑ 896 Arbitration |
| | | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | ❑ 550 Civil Rights | | ❑ 950 Constitutionality of State Statutes |
| | | ❑ 555 Prison Condition | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC § 1;  28 USC § 1441
Brief description of cause:
Enforcement of contract in violation of federal antitrust laws

## VII. REQUESTED IN COMPLAINT:
- ❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❑ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  J. Frederick Motz          DOCKET NUMBER  1:13-cv-00769-JFM

DATE  04/18/2013

SIGNATURE OF ATTORNEY OF RECORD
*Alvin S Frederick, By em with permission*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**Attachment to Civil Cover Sheet: Attorneys for Defendants**

Alvin I. Frederick (Federal Bar #01459)
Lauren E. Marini (Federal Bar #30057)
Eccleston and Wolf, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD   21076
Telephone:  (410) 752-7474
Facsimile:  (410) 752-0611
frederick@ewmd.com
marini@ewmd.com
*Attorneys for WhatleyKallas, LLC and Mooney, Green, Saindon, Murphy & Welch, P.C.*

Mark J. Murphy (Federal Bar # 16534)
Mooney, Green, Saindon, Murphy
& Welch, P.C.
1920 L Street, N.W., Suite 400
Washington, DC  20036
Telephone: 202-783-0010
Facsimile: 202-783-6088
*Attorneys for All Other Defendants*

Joe R. Whatley, Jr.
Whatley Kallas, LLC
2001 Park Place North
1000 Park Place Tower
Birmingham, AL  35203
Telephone: (205) 488-1200
Facsimile:  (800) 922-4851
*Attorneys for All Other Defendants*

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

  United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

  United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

  Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

  Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.

  Original Proceedings.  (1) Cases which originate in the United States district courts.

  Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

  Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

  Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

  Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

  Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

  Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

  Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Civil    INFORMATION FOR CASE #375780  AS OF 04/01/2013 15:10   5145
    CAREFIRST OF MARYLAND INC         VS. WHATLEYKALLAS LLC, ET AL
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                    D O C K E T    I N F O R M A T I O N

CASE ID: 375780V    Reference Case:  (none)

04/01/2013 #1    BILL OF COMPLAINT                        366 J9
        TYPE: DOCKET
        COMPLAINT, RULE 1-313 CERTIFICATION, AND ATTACHMENTS, FILED.
        (ATTACHMENTS REMOVED AND PLACED IN EXHIBIT ROOM.)

04/01/2013 #2    LETTER REQUESTING INFORMATION SHEET      803 J9
        TYPE: DOCKET
        LETTER REQUESTING INFORMATION SHEET HANDED TO PLAINTIFF'S ATTORNEY.

04/01/2013 #3    ORDER, SCHEDULING HEARING CIVIL TRACK    838 J9
        TYPE: DOCKET
        NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 4 (DEBELIUS,
        J.), ENTERED.
        JUDGE:  J DEBELIUS

04/01/2013 #4    NOTICE, NEW CASE NUMBER                  836 J9
        TYPE: DOCKET
        NOTICE SENT GIVING NEW CASE NUMBER TO ALL PARTIES.

04/01/2013 #5    SUMMONS ISSUED                           248 J9
        TYPE: DOCKET
        EIGHTEEN 30 DAY AND THREE 60 DAY SUMMONS ISSUED FOR PERSONAL SERVICE
        AND HANDED TO ATTORNEY.

```
Civil        INFORMATION FOR CASE #375780  AS OF 04/01/2013 15:10  5145

------------------------------------------------------------------------
TRIAL ELECTION : COURT          Status: Open          as of: 04/01/2013
SUBTYPE: CONTRACT               S BURRELL            TRACK:  4  CALENDAR: 1
MAIN CHARGE: BREACH OF CONTRACT                          AGE: 0

  P CAREFIRST OF MARYLAND INC      11/11/1111 PATRICK DE GRAVELLES, ESQ29883
    1501 S CLINTON STREET                     CAREFIRST BLUECROSS BLUESHIELD
    BALTIMORE, MD 21224                        DC12-08
                                              840 FIRST STREET, NE
                                              WASHINGTON DC 20065
                                              PHONE   202-680-7457
                                              FAX     202-680-7620

          -VS.-

  D WHATLEYKALLAS LLC              00/00/0000 NONE ASSIGNED AS OF THIS DATE
    2001 PARK PLACE NORTH
    1000 PARK PLACE TOWER
    BIRMINGHAM, AL 35203

  D MOONEY GREEN SAINDON MURPHY & WE 00/00/0000 NONE ASSIGNED AS OF THIS DATE
    1920 L STREET NW SUITE 400
    WASHINGTON, DC 20036

  D SURGICAL CENTER DEVELOPMENT INC  00/00/0000 NONE ASSIGNED AS OF THIS DATE
    PO BOX 1708
    PISMO BEACH, CA 93448
      d/b/a SURGCENTER DEVELOPMENT

  D ADVANCED SURGERY CENTER OF BETHE 00/00/0000 NONE ASSIGNED AS OF THIS DATE
    6430 ROCKLEDGE DR SUITE 160
    BETHESDA, MD 20817

  D BETHESDA CHEVY CHASE SURGERY CEN 00/00/0000 NONE ASSIGNED AS OF THIS DATE
    6931 ARLINGTON RD SUITE E
    BETHESDA, MD 20814

  D DEER POINTE SURGICAL CENTER LLC  00/00/0000 NONE ASSIGNED AS OF THIS DATE
    6503 DEER POINTE DR STE A
    SALISBURY, MD 21804

  D HAGERSTOWN SURGERY CENTER LLC    00/00/0000 NONE ASSIGNED AS OF THIS DATE
    11236 ROBINWOOD DR SUITE 201
    HAGERSTOWN, MD 21742

  D LEONARDTOWN SURGERY CENTER LLC   00/00/0000 NONE ASSIGNED AS OF THIS DATE
    40900 MERCHANTS LANE SUITE 200
    LEONARDTOWN, MD 20650

  D MAPLE LAWN SURGERY CENTER LLC    00/00/0000 NONE ASSIGNED AS OF THIS DATE
    7625 MAPLE LAWN BLVD STE 110
    FULTON, MD 20759



------------------------------------------------------------------------
```

```
Civil        INFORMATION FOR CASE #375780  AS OF 04/01/2013 15:10  5145 CONTINUED
---------------------------------------------------------------------------

  D PICCARD SURGERY CENTER LLC        00/00/0000 NONE ASSIGNED AS OF THIS DATE
    1330 PICARD DRIVE SUITE 102
    ROCKVILLE, MD 20850

  D RIVA ROAD SURGCENTER LLC          00/00/0000 NONE ASSIGNED AS OF THIS DATE
    2635 RIVA ROAD SUITE 118
    ANNAPOLIS, MD 21401

  D SURGCENTER OF BEL AIR LLC         00/00/0000 NONE ASSIGNED AS OF THIS DATE
    209 THOMAS STREET
    BEL AIR, MD 21014

  D SURGCENTER OF GLEN BURNIE LLC     00/00/0000 NONE ASSIGNED AS OF THIS DATE
    308 HOSPITAL DRIVE SUITE 102
    GLEN BURNIE, MD 21061

  D SURGCENTER OF GREENBELT LLC       00/00/0000 NONE ASSIGNED AS OF THIS DATE
    7300 HANOVER DRIVE SUITE 102
    GREENBELT, MD 20770

  D SURGCENTER AT NATIONAL HARBOR LL  00/00/0000 NONE ASSIGNED AS OF THIS DATE
    125 POTOMAC PASSAGE STE 200
    OXON HILL, MD 20745

  D SURGCENTER OF SILVER SPRING LLC   00/00/0000 NONE ASSIGNED AS OF THIS DATE
    8710 CAMERON STREET SUITE 100
    SILVER SPRING, MD 20910

  D SURGCENTER OF SOUTHERN MARYLAND   00/00/0000 NONE ASSIGNED AS OF THIS DATE
    9001 WOODYARD RD SUITE B
    CLINTON, MD 20735

  D SURGCENTER OF WESTERN MARYLAND L  00/00/0000 NONE ASSIGNED AS OF THIS DATE
    12252 WILLIAMS RD SE SUITE 103
    CUMBERLAND, MD 21502

  D SURGCENTER OF WHITE MARSH LLC     00/00/0000 NONE ASSIGNED AS OF THIS DATE
    11605 CROSSROAD CIR STE A
    MIDDLE RIVER, MD 21220

  D TIMONIUM SURGERY CENTER LLC       00/00/0000 NONE ASSIGNED AS OF THIS DATE
    1954 GREENSPRING DR SUITE LL18
    LUTHERVILLE TI, MD 21093

  D WESTMINSTER SURGERY CENTER LLC    00/00/0000 NONE ASSIGNED AS OF THIS DATE
    826 WASHINGTON RD SUITE 131
    WESTMINSTER, MD 21157
---------------------------------------------------------------------------
                        C H A R G E S
#01  BREACH OF CONTRACT
#02  INJUNCTION

---------------------------------------------------------------------------
```

```
Civil      INFORMATION FOR CASE #375780  AS OF 04/01/2013 15:10  5145 CONTINUED
-----------------------------------------------------------------------------
|                          C H A R G E S                                      |
|#03  MISAPPROPRIATION/TRADE SECRETS/LIST (ETC.)                              |
|#04  INJUNCTION                                                              |
|                                                                             |
-----------------------------------------------------------------------------

  COSTS     COUNTY MAKER    DATE        ASSESSED  STATUS DATE      PAID STATUS

  Filing                   04/01/2013    $135.00  04/01/2013       $135.00 Paid

   DATE      SCHEDULED EVENT                  PLDG  TIME JUDGE         RM. LENGTH
07/05/2013SF 0740* SCHEDULING HEARING               09:00 BURRELL, SHA  2
07/05/2013         PLT EXPERTS IDENTIFIED/F
07/29/2013         MOTION FOR ALT SVC DEADL
08/27/2013         DEF EXPERTS IDENTIFIED/F
11/12/2013         ALL WRITTEN DISCOVERY SE
12/26/2013         DISCOVERY COMPLETED
01/06/2014         ADD'L PARTIES JOINDER DE
01/10/2014SH 0603  STATUS HEARING                   08:30 BURRELL, SHA  2
01/10/2014         MOTIONS/INC DISPOSITIVE
01/10/2014         MEETING OF ALL COUNSEL
01/10/2014         RULE 2-504.3(B) NOTICE D
01/21/2014         JOINT PRETRIAL STMT FILE
01/31/2014SS 0429* SETTLEMENT/PRETRIAL HRG.         01:30 BURRELL, SHA  2
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

CAREFIRST OF MARYLAND, INC.  )
  )
10455 Mill Run Circle  )
Owings Mills, MD  21117  )
  )
    Plaintiff,  )
 v.  )
  )
10455 Mill Run Circle  )
Owings Mills, MD  21117  )
  )
ADVANCED SURGERY CENTER  )
OF BETHESDA, LLC  )
  )
6430 Rockledge Dr., Suite 160  )
Bethesda, MD  20817  )
  )
BETHESDA CHEVY CHASE  )  Civil Action No._____
SURGERY CENTER, LLC  )
  )
6931 Arlington Road, Suite E  )
Bethesda, MD  20814  )
  )
DEER POINTE SURGICAL  )
CENTER, LLC  )
  )
6503 Deer Point Drive, Suite A  )
Salisbury, MD  21804  )
  )
HAGERSTOWN SURGERY CENTER, )
LLC  )
  )
11236 Robinwood Drive, Suite 201  )
Hagerstown, MD  21742  )
  )
LEONARDTOWN SURGERY  )
CENTER, LLC  )
  )
40900 Merchants Lane, Suite 200  )
Leonardtown, MD  20650  )
  )

MAPLE LAWN SURGERY CENTER, )
LLC                          )
                             )
7625 Maple Lawn Blvd., Suite 110 )
Fulton, MD 20759             )
                             )
PICCARD SURGERY CENTER, LLC  )
                             )
1330 Piccard Drive, Suite 102 )
Rockville, MD 20850          )
                             )
RIVA ROAD SURGCENTER, LLC    )
                             )
2635 Riva Road, Suite 118    )
Annapolis, MD 21401          )
                             )
SURGCENTER OF BEL AIR, LLC   )
                             )
209 Thomas Street            )
Bel Air, MD 21014            )
                             )
SURGCENTER OF GLEN BURNIE,   )
LLC                          )
                             )
308 Hospital Drive, Suite 102 )
Glen Burnie, MD 21061        )
                             )
SURGCENTER OF GREENBELT, LLC )
                             )
7300 Hanover Drive, Suite 102 )
Greenbelt, MD 20770          )
                             )
SURGCENTER AT NATIONAL       )
HARBOR, LLC                  )
                             )
125 Potomac Passage, Suite 200 )
National Harbor, MD 20745    )
                             )
SURGCENTER OF SILVER SPRING, )
LLC                          )
                             )
8710 Cameron Street, Suite 100 )
Silver Spring, MD 20910      )
                             )
SURGCENTER OF SOUTHERN       )
MARYLAND, LLC                )



9001 Woodyard Road, Suite B )
Clinton, MD  20735 )
)
SURGCENTER OF WESTERN )
MARYLAND, LLC )
)
12252 Williams Road SE, Suite 103 )
Cumberland, MD  21502 )
)
SURGENTER OF WHITE MARSH, )
LLC )
)
11605 Crossroad Circle, Suite A )
Baltimore, MD  21220 )
)
TIMONIUM SURGERY CENTER, LLC )
)
1954 Greenspring Drive, Suite LL18 )
Lutherville-Timonium, MD  21093 )
)
WESTMINSTER SURGERY CENTER, )
LLC )
)
826 Washington Road, Suite 131 )
Westminster, MD  21157 )
)
          Defendants, )
)

## DECLARATION OF JOE R. WHATLEY, JR.

I am Joe R. Whatley Jr., one of the attorneys for the Plaintiffs in the case of *Advanced Surgery Center of Bethesda, LLC, et al. v. CareFirst of Maryland, Inc.*, Case No. 1:13-cv-00769, which was originally filed in this Court and which has since been transferred to the Northern District of Alabama for pre-trial proceedings as part of the multi-district litigation entitled *In re: Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406.  I have personal knowledge of all facts stated herein.

1.     Whatley Drake & Kallas, LLC, is an Alabama limited liability company with its principal place of business in Birmingham, Alabama.  It is a separate entity from Whatley Kallas,

LLC, which CareFirst of Maryland, Inc. has sued in the Circuit Court for Montgomery County, Maryland. Whatley Kallas, LLC is a Colorado limited liability company with its principal place of business in Birmingham, Alabama.

2.      Exhibit 1 to this Declaration is a copy of a letter that I wrote and transmitted by electronic mail to counsel for CareFirst accepting service for all Defendants other than the law firms and setting out certain other facts that may be relevant to this proceeding.

I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge.

Joe R. Whatley, Jr.

# EXHIBIT 1



WhatleyKallas
Litigation & Healthcare Group

Joe R. Whatley, Jr.
Email: jwhatley@whatleykallas.com

April 4, 2013

**VIA ELECTRONIC MAIL**

Patrick de Gravelles, Esquire
CareFirst Blue Cross Blue Shield
Litigation General Counsel
Office of Corporate Counsel
840 First St., NE
Washington, DC  20065
Email: patrick.degravelles@carefirst.com

> Re:   *Advanced Surgery Center v. CFMI*, Case No. 1:13-cv-0769-JFM;
> *CareFirst v. WhatleyKallas, et al*

Dear Mr. de Gravelles:

First, as I informed you by email earlier today, I did not receive your letter of April 3, 2013 until this morning. Therefore, I could not possibly comply with the deadline of close of business yesterday for a response to your letter. I have since conferred with our clients, and we are authorized to accept service on behalf of the incorrectly named SurgCenter Development Corp and the 18 ASCs that are plaintiffs.

Second, I would also like to confirm that prior to your filing of your lawsuit against our firm, the Mooney Green firm and our clients, you made no effort to communicate with us about any confidentiality concerns or to have any discussions to determine whether your alleged concerns have any basis or whether there is any way to resolve them. If you believe my statement is incorrect in any way, please send me anything you have that shows you made any effort to communicate. We are always open to having communications with opposing counsel to resolve any issues that may arise and, despite your failure to contact us, remain willing to do so.

Third, to expand on my earlier email of today and to respond to your threatened effort to obtain a temporary restraining order or a preliminary injunction, the *Advanced Surgery Center* case has been transferred to the Northern District of Alabama and assigned to Judge Proctor as part of MDL 2406. As you are aware, Judge Proctor has issued a stay that applies to all actions in MDL 2406. You were represented at the hearing before Judge Proctor on February 21, 2013, where one counsel for Defendants, speaking in the presence of your counsel, stated: "I should just point out there is an existing stay right now. As you know, Your Honor has already entered a stay with Case Management Order No. 1 pending further order of the Court, and we believe that should remain in place." We are going to comply with this order. We are not making any

ASPEN  |  ATLANTA  |  BIRMINGHAM  |  BOSTON  |  LOS ANGELES  |  NEW YORK  |  SAN DIEGO  |  SAN FRANCISCO

WhatleyKallas, LLC, Attorneys at Law  | 2001 Park Place North  | 1000 Park Place Tower  | Birmingham, Alabama 35203

Telephone: (205) 488-1200  | Facsimile: (800) 922-4851  | Mailing Address: P.O. Box 10968 Birmingham, Alabama 35202-0968  | www.WhatleyKallas.com

Patrick de Gravelles
April 4, 2013
Page 2

additional filings in the case or disclosures until further order from the Court or communications
with you. Of course, by making this statement we are not in any way admitting that there has
been any violation of the confidentiality agreement. On the contrary, we continue to deny that
there has been any violation of the confidentiality agreement, and your case is without merit.

Yours truly,

Joe R. Whatley, Jr.

JRWjr/mab
cc: Mark Murphy, Esq.

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: 375780-V

TO:
                                         **(Service Address)**

**MOONEY GREEN SAINDON MURPHY & WELCH PC**    **(Same as addressee)**
**1920 L STREET NW SUITE #400**
**WASHINGTON DC 20036**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

    **CAREFIRST OF MARYLAND INC**

within **60** days after service of this summons upon you.

    Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

Date Issued: **04/01/2013**



*Loretta E. Knight*
Loretta E. Knight
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[ ] Served _____ on _____ at _____
               (Whom)                     (Date)       (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
              (Date)         (Reason)

_____ [ ] Sheriff
  (Signature)

SUM1 (Rev. 24/04/03)                                      SUM1ORF 04/01/2013 16:09:23



**Loretta E. Knight**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397

April  1, 2013

RE:  Notice of New Case Number for
     CAREFIRST OF MARYLAND INC   vs WHATLEYKALLAS LLC, ET AL
     Reference Case#: N/A
     Case Type: BREACH OF CONTRACT
                      (836)

Dear Sir/Madam:

     Please be advised that the above referenced case was received on

April  1, 2013, in the office of the Clerk for Montgomery County.

This matter has been assigned case number 375780-V.  Please

include this case number on all future papers to be filed in this case.

                    Sincerely,

                    *Loretta E. Knight*
                    Clerk of the Circuit Court
                    for Montgomery County,
                    Maryland

MOONEY GREEN SAINDON MURPHY & WELCH PC
1920 L STREET NW SUITE #400
WASHINGTON DC 20036

NEWCASE 04/01/2013 15:07:31

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

| | | |
|---|---|---|
| **CAREFIRST OF MARYLAND INC** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. **375780-V** |
| | : | |
| | : | Judge: SHARON V BURRELL |
| **WHATLEYKALLAS LLC, ET AL** | : | |
| Defendant | : | |

### NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 4
(838)
### COMPLAINT FILED ON 04/01/2013

**SCHEDULING HEARING, 07/05/2013, 9:00 AM COURTROOM   2, ATTENDANCE REQUIRED PLUS
DEADLINE: PLT EXPERTS IDENTIFIED: 07/05/2013**

It is by the Circuit Court for Montgomery County, Maryland, hereby **ORDERED** as follows:

1) **Effective this date, this case is assigned to the individual judge designated above.  ALL FUTURE FILINGS IN THIS CASE SHALL BEAR THE CASE NUMBER AND THE JUDGE'S NAME BENEATH THE CASE NUMBER.** On filing any motion or paper related thereto with the Clerk's Office, a courtesy copy shall be delivered to the assigned judge's chambers by the party filing the pleading.

2) **MOTIONS FILED IN A TRACK 4 ACTION SHALL NOT EXCEED 25 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 15 PAGES WITHOUT LEAVE OF COURT.**

3) **Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service on each of the Defendants of the following: copies of the Summons, the Complaint, and this Notice of Scheduling Hearing and Order.**

   a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice at the time of the Scheduling Hearing.

   b) As to any Defendant not served at the time of the initial Scheduling Hearing, the Court may sever the case against that party.

   c) A motion for alternative service as to any Defendant not served may not be filed after the 121st day after filing of the Complaint: **DEADLINE: 07/29/2013**

   d) Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.

   e) As to any Defendant served with the Summons and Complaint, within thirty days of service, the Defendant must file the Defendant's Civil Information Form with the initial pleading and a copy mailed to the Plaintiff.

4) Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court may enter an Order of Default pursuant to Rule 2-613 at the time of the initial Scheduling Hearing.

MOONEY GREEN SAINDON MURPHY & WELCH PC
1920 L STREET NW SUITE #400
WASHINGTON DC 20036

CIVSFT4  04/01/2013 15-07:25

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: 375780-V

TO:
(Service Address)
**MOONEY GREEN SAINDON MURPHY & WELCH PC**   **(Same as addressee)**
**1920 L STREET NW SUITE #400**
**WASHINGTON DC 20036**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

   **CAREFIRST OF MARYLAND INC**

within **60** days after service of this summons upon you.

   Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

Date Issued: **04/01/2013**



*Loretta E. Knight*

Loretta E. Knight
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[  ] Served _____ on _____ at _____
                        (Whom)                                         (Date)                    (City/State/Country)
[  ] Summons and [  ] Show Cause Order and [  ] Complaint/Petition/Motion Served

[  ] Unserved _____ _____
                          (Date)                    (Reason)

_____   [  ] Sheriff
        (Signature)

SBMIER88 24/04/23

SUM1KRF 04/01/2013 16:09:33



**Loretta E. Knight**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397

April 1, 2013

RE:   Notice of New Case Number for
      CAREFIRST OF MARYLAND INC    vs WHATLEYKALLAS LLC, ET AL
      Reference Case#: N/A
      Case Type: BREACH OF CONTRACT
                      (836)

Dear Sir/Madam:

     Please be advised that the above referenced case was received on

April  1, 2013, in the office of the Clerk for Montgomery County.

This matter has been assigned case number 375780-V.   Please

include this case number on all future papers to be filed in this case.

                     Sincerely,

                     *Loretta E. Knight*
                     Clerk of the Circuit Court
                     for Montgomery County,
                     Maryland

MOONEY GREEN SAINDON MURPHY & WELCH PC
1920 L STREET NW SUITE #400
WASHINGTON DC 20036

NEWCASE  04/01/2013 15-07:31

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **CAREFIRST OF MARYLAND INC**<br>Plaintiff | :<br>:<br>: |
| v. | : Case No. **375780-V**<br>: |
| | : Judge: SHARON V BURRELL |
| **WHATLEYKALLAS LLC, ET AL**<br>Defendant | :<br>: |

### NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 4
(838)
**COMPLAINT FILED ON 04/01/2013**

**SCHEDULING HEARING, 07/05/2013, 9:00 AM COURTROOM   2, ATTENDANCE REQUIRED PLUS**
**DEADLINE: PLT EXPERTS IDENTIFIED: 07/05/2013**

It is by the Circuit Court for Montgomery County, Maryland, hereby **ORDERED** as follows:

1) **Effective this date, this case is assigned to the individual judge designated above.  ALL FUTURE FILINGS IN THIS CASE SHALL BEAR THE CASE NUMBER AND THE JUDGE'S NAME BENEATH THE CASE NUMBER. On filing any motion or paper related thereto with the Clerk's Office, a courtesy copy shall be delivered to the assigned judge's chambers by the party filing the pleading.**

2) **MOTIONS FILED IN A TRACK 4 ACTION SHALL NOT EXCEED 25 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 15 PAGES WITHOUT LEAVE OF COURT.**

3) Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service on each of the Defendants of the following: copies of the Summons, the Complaint, and this Notice of Scheduling Hearing and Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice at the time of the Scheduling Hearing.

    b) As to any Defendant not served at the time of the initial Scheduling Hearing, the Court may sever the case against that party.

    c) A motion for alternative service as to any Defendant not served may not be filed after the 121st day after filing of the Complaint: **DEADLINE: 07/29/2013**

    d) Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.

    e) As to any Defendant served with the Summons and Complaint, within thirty days of service, the Defendant must file the Defendant's Civil Information Form with the initial pleading and a copy mailed to the Plaintiff.

4) Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court may enter an Order of Default pursuant to Rule 2-613 at the time of the initial Scheduling Hearing.

MOONEY GREEN SAINDON MURPHY & WELCH PC
1920 L STREET NW SUITE #400
WASHINGTON DC 20036

CIVSFT4  04/01/2013 15:07:25

5) No later than ten (10) days before the initial Scheduling Hearing, the parties shall: complete sufficient initial discovery to enable them to participate in the hearing meaningfully and in good faith and to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing; including:

   i. **Initial Disclosure of the Plaintiff's Experts to occur no later than the Scheduling Hearing:** When possible, the deadline for the disclosure of Plaintiff's experts coincides with the Scheduling Hearing.  Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert.  The obligation to supplement the information provided by this deadline continues and must be provided without delay, as it is known to the Plaintiff, but no later than 30 days after the Scheduling Hearing without leave of the Court, including any missing substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness.  Under no circumstances may this information be withheld.

6) Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties shall be prepared to address the following at the Scheduling Hearing:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

   b) Exchange of discoverable information in electronic format where appropriate, including:

      i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the manner in which the information shall be exchanged such as CD-ROM disks or otherwise; and

      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

   d) The manner of handling inadvertent production of privileged materials; and

   e) Whether the parties agree to refer electronic discovery disputes to a Special Master for resolution. The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court at or before the Scheduling Hearing.

7) Ten (10) days before the initial Scheduling Hearing, each party must file with the Court and provide the other party(ies) and the assigned judge a Scheduling Hearing Statement setting forth the following information:

   a) for the Plaintiff, a brief statement of the nature of the controversy and the claims being made by the Plaintiffs;

   b) for the Defendant, a concise statement of the Defendant's defenses;

   c) an itemization of damages or other relief sought for the Plaintiff and an itemization of matters in mitigation of damages or in opposition ,to the relief sought by the Defendant;

   d) the maximum offer or minimum demand now acceptable to your client;

   e) a concise statement of the number of witnesses and a designation of the number and identity of proposed expert witnesses;

   f) an estimation of the amount of time it will take to complete each party's portion of the trial.

Circuit Court for _____

City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*
*Defendant: You must file an Information Report as required by Rule 2-323(h).*
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☐ PLAINTIFF ☐ DEFENDANT     CASE NUMBER _____
(Clerk to insert)

CASE NAME: _____ vs. _____
Plaintiff         Defendant

JURY DEMAND: ☐ Yes ☐ No     Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? ☐ Yes ☐ No   If yes, Case #(s), if known: _____

Special Requirements?   ☐ Interpreter (Please attach Form CC-DC 41)

☐ ADA accommodation (Please attach Form CC-DC 49)

<table>
<tr><td colspan="2" align="center"><b>NATURE OF ACTION</b><br>(CHECK ONE BOX)</td><td align="center"><b>DAMAGES/RELIEF</b></td></tr>
<tr>
<td>
<b>TORTS</b><br>
☐ Motor Tort<br>
☐ Premises Liability<br>
☐ Assault & Battery<br>
☐ Product Liability<br>
☐ Professional Malpractice<br>
☐ Wrongful Death<br>
☐ Business & Commercial<br>
☐ Libel & Slander<br>
☐ False Arrest/Imprisonment<br>
☐ Nuisance<br>
☐ Toxic Torts<br>
☐ Fraud<br>
☐ Malicious Prosecution<br>
☐ Lead Paint<br>
☐ Asbestos<br>
☐ Other<br>
_____
</td>
<td>
<b>LABOR</b><br>
☐ Workers' Comp.<br>
☐ Wrongful Discharge<br>
☐ EEO<br>
☐ Other<br>
<b>CONTRACTS</b><br>
☐ Insurance<br>
☐ Confessed Judgment<br>
☐ Other<br>
<b>REAL PROPERTY</b><br>
☐ Judicial Sale<br>
☐ Condemnation<br>
☐ Landlord Tenant<br>
☐ Other _____<br>
<b>OTHER</b><br>
☐ Civil Rights<br>
☐ Environmental<br>
☐ ADA<br>
☐ Other
</td>
<td>
<b>A. TORTS</b><br>
<b>Actual Damages</b><br>
☐ Under $7,500<br>
☐ $7,500 - $50,000<br>
☐ $50,000 - $100,000<br>
☐ Over $100,000<br><br>
☐ Medical Bills<br>
$ _____<br>
☐ Property Damages<br>
$ _____<br>
☐ Wage Loss<br>
$ _____<br>
<b>B. CONTRACTS</b><br>
☐ Under $10,000<br>
☐ $10,000 - $20,000<br>
☐ Over $20,000<br>
<b>C. NONMONETARY</b><br>
☐ Declaratory Judgment<br>
☐ Injunction<br>
☐ Other _____
</td>
</tr>
</table>

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☐ Yes ☐ No      C. Settlement Conference ☐ Yes ☐ No
B. Arbitration ☐ Yes ☐ No      D. Neutral Evaluation ☐ Yes ☐ No

### TRACK REQUEST
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**

☐ 1/2 day of trial or less      ☐ 3 days of trial time
☐ 1 day of trial time      ☐ More than 3 days of trial time
☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.**

Date _____      Signature _____

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months
of Filing

☐
**Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____  _____

Signature                                          Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

---

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited           Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short      Trial 210 days.

☐ Standard            Trial 360 days.

☐ Lead Paint          Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos            Events and deadlines set by individual judge.

☐ Protracted Cases    Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐  Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐  Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐  Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐  Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

8) On the date and time noted above, all counsel and any unrepresented parties shall appear before the assigned judge at an initial Scheduling Hearing to discuss the possibilities of settlement, alternative dispute resolution, and to establish a schedule for the completion of all proceedings. This Order is the only notice that parties and counsel will receive concerning this hearing. Failure to appear may result in sanctions. Where the Plaintiff does not appear and Defendants have been served failure to appear may result in dismissal of the Complaint.

9) Upon advice that the date noted above is in conflict with another required appearance for any attorney of record or unrepresented party, the Hearing may be postponed once for no more than 2 weeks, with the consent of all parties. No other postponement of the Hearing will be granted except upon motion for good cause shown. Failure to appear at the Scheduling Hearing may result in a dismissal and/or default judgment.

10) **THE TRIAL DATE SHALL BE SET AT THE SCHEDULING HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED:**

**[TRIAL DATE BETWEEN: 02/07/2014 and 06/30/2014]**

DATE: 04/01/2013

John W. Debelius III
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK,
COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358.
QUESTIONS?  PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Three of Three

**CareFirst BlueCross BlueShield**
840 First St., NE
Washington, DC 20065
www.carefirst.com

**Patrick de Gravelles**
**Litigation General Counsel**
**Office of Corporate Counsel**
Tel:    202/680-7457
Fax:    202/680-7620
E-mail:  patrick.degravelles@carefirst.com



April 3, 2013

Joe R. Whatley, Jr., Esquire
Whatley Kallas, LLC
2001 Park Place North
1000 Park Place Tower
Birmingham, AL  35203

Mark J. Murphy, Esquire
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C.  20036

Dear Messrs. Whatley and Murphy

As you can see from the attached lawsuit, CareFirst has initiated a case against your law firms.
That lawsuit also names as Defendants SurgCenter Development Corp. and the eighteen ASCs
that are plaintiffs in *Advanced Surgery Center v. CFMI*.

We intend to immediately serve the other Defendants.  If you wish to avoid service on them,
please confirm in writing or by e-mail that you have accepted service on their behalf.  I would
appreciate a response on this issue by close of business today, April 3, 2013.  My e-mail
address is patrick.degravelles@CareFirst.com.  Otherwise, we will start serving those
Defendants.

CareFirst intends to file a motion for injunctive relief in the Circuit Court for Montgomery
County.  Under Maryland rules, a preliminary injunction hearing cannot be scheduled prior to
35 days after the motion is filed because some of the Defendants, including your law firms, are
out of state.  Therefore, CareFirst will also seek a temporary restraining order ("TRO") on
Monday, March 8, 2013, or as soon as possible after service is complete on all Defendants.
The motion will be filed and a request made that the duty judge issue the TRO.  If all of the
Defendants are willing to provide written assurance that no disclosures of confidential
information in breach of the Confidentiality Agreement will occur prior to the hearing on the
preliminary injunction, CareFirst is willing to forego the TRO request.  If you do not provide
such an assurance by the end of this week, CareFirst will assume that the possibility of such a
disclosure exists and will seek the appropriate relief.

CareFirst BlueCross BlueShield is the shared business name of CareFirst of Maryland, Inc. and Group Hospitalization
and Medical Services, Inc. which are independent licensees of the Blue Cross and Blue Shield Association
® Registered trademark of the Blue Cross and Blue Shield Association ®' Registered trademark of CareFirst of Maryland, Inc.

Messrs. Joe R. Whatley, Jr., Esq. and Mark J. Murphy, Esq.
April 3, 2013
Page 2

Please call me immediately if you have any questions or would like to discuss this matter.
Thank you.

Sincerely,

Patrick de Gravelles

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: 375780-V

TO:
**WHATLEYKALLAS LLC**
**2001 PARK PLACE NORTH**
**1000 PARK PLACE TOWER**
**BIRMINGHAM AL 35203**

(Service Address)
(Same as addressee)

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**CAREFIRST OF MARYLAND INC**

within **60** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

Date Issued: **04/01/2013**



*Loretta E. Knight*
Loretta E. Knight
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[ ] Served _____ on _____ at _____
　　　　　　　(Whom)　　　　　　　　　　　(Date)　　　　　(City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
　　　　　　　　(Date)　　　　　(Reason)

_____ [ ] Sheriff
　　(Signature)



**Loretta E. Knight**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397
April 1, 2013

RE:   Notice of New Case Number for
      CAREFIRST OF MARYLAND INC   vs WHATLEYKALLAS LLC, ET AL
      Reference Case#: N/A
      Case Type: BREACH OF CONTRACT
                        (836)

Dear Sir/Madam:

      Please be advised that the above referenced case was received on

April 1, 2013, in the office of the Clerk for Montgomery County.

This matter has been assigned case number **375780-V**.  Please

include this case number on all future papers to be filed in this case.

                              Sincerely,

                              *Loretta E. Knight*
                              Clerk of the Circuit Court
                              for Montgomery County,
                              Maryland

WHATLEYKALLAS LLC
2001 PARK PLACE NORTH
1000 PARK PLACE TOWER
BIRMINGHAM AL 35203

NEWCASE  04/01/2013 15:07:31

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**CAREFIRST OF MARYLAND INC**          :
    Plaintiff

                   :

      v.          :   Case No. **375780-V**

                   :   Judge: SHARON V BURRELL

**WHATLEYKALLAS LLC, ET AL**          :
    Defendant          :

### NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 4
(838)
**COMPLAINT FILED ON 04/01/2013**

**SCHEDULING HEARING, 07/05/2013, 9:00 AM COURTROOM   2, ATTENDANCE REQUIRED PLUS
DEADLINE: PLT EXPERTS IDENTIFIED: 07/05/2013**

It is by the Circuit Court for Montgomery County, Maryland, hereby **ORDERED** as follows:

1) **Effective this date, this case is assigned to the individual judge designated above.  ALL FUTURE FILINGS IN THIS CASE SHALL BEAR THE CASE NUMBER AND THE JUDGE'S NAME BENEATH THE CASE NUMBER.** On filing any motion or paper related thereto with the Clerk's Office, a courtesy copy shall be delivered to the assigned judge's chambers by the party filing the pleading.

2) **MOTIONS FILED IN A TRACK 4 ACTION SHALL NOT EXCEED 25 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 15 PAGES WITHOUT LEAVE OF COURT.**

3) Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service on each of the Defendants of the following: copies of the Summons, the Complaint, and this Notice of Scheduling Hearing and Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice at the time of the Scheduling Hearing.

    b) As to any Defendant not served at the time of the initial Scheduling Hearing, the Court may sever the case against that party.

    c) A motion for alternative service as to any Defendant not served may not be filed after the 121st day after filing of the Complaint: **DEADLINE: 07/29/2013**

    d) Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.

    e) As to any Defendant served with the Summons and Complaint, within thirty days of service, the Defendant must file the Defendant's Civil Information Form with the initial pleading and a copy mailed to the Plaintiff.

4) Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court may enter an Order of Default pursuant to Rule 2-613 at the time of the initial Scheduling Hearing.

WHATLEYKALLAS LLC
2001 PARK PLACE NORTH
1000 PARK PLACE TOWER
BIRMINGHAM AL 35203

CIVSFT4 04/01/2013 15:07:28

5) No later than ten (10) days before the initial Scheduling Hearing, the parties shall: complete sufficient initial discovery to enable them to participate in the hearing meaningfully and in good faith and to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing; including:

   i. **Initial Disclosure of the Plaintiff's Experts to occur no later than the Scheduling Hearing:** When possible, the deadline for the disclosure of Plaintiff's experts coincides with the Scheduling Hearing.  Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert.  The obligation to supplement the information provided by this deadline continues and must be provided without delay, as it is known to the Plaintiff, but no later than 30 days after the Scheduling Hearing without leave of the Court, including any missing substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness.  Under no circumstances may this information be withheld.

6) Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties shall be prepared to address the following at the Scheduling Hearing:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

   b) Exchange of discoverable information in electronic format where appropriate, including:

      i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the manner in which the information shall be exchanged such as CD-ROM disks or otherwise; and

      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

   d) The manner of handling inadvertent production of privileged materials; and

   e) Whether the parties agree to refer electronic discovery disputes to a Special Master for resolution. The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court at or before the Scheduling Hearing.

7) Ten (10) days before the initial Scheduling Hearing, each party must file with the Court and provide the other party(ies) and the assigned judge a Scheduling Hearing Statement setting forth the following information:

   a) for the Plaintiff, a brief statement of the nature of the controversy and the claims being made by the Plaintiffs;

   b) for the Defendant, a concise statement of the Defendant's defenses;

   c) an itemization of damages or other relief sought for the Plaintiff and an itemization of matters in mitigation of damages or in opposition ,to the relief sought by the Defendant;

   d) the maximum offer or minimum demand now acceptable to your client;

   e) a concise statement of the number of witnesses and a designation of the number and identity of proposed expert witnesses;

   f) an estimation of the amount of time it will take to complete each party's portion of the trial.

8) On the date and time noted above, all counsel and any unrepresented parties shall appear before the assigned judge at an initial Scheduling Hearing to discuss the possibilities of settlement, alternative dispute resolution, and to establish a schedule for the completion of all proceedings. This Order is the only notice that parties and counsel will receive concerning this hearing. Failure to appear may result in sanctions. Where the Plaintiff does not appear and Defendants have been served failure to appear may result in dismissal of the Complaint.

9) Upon advice that the date noted above is in conflict with another required appearance for any attorney of record or unrepresented party, the Hearing may be postponed once for no more than 2 weeks, with the consent of all parties. No other postponement of the Hearing will be granted except upon motion for good cause shown. Failure to appear at the Scheduling Hearing may result in a dismissal and/or default judgment.

**10) THE TRIAL DATE SHALL BE SET AT THE SCHEDULING HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED:**

**[TRIAL DATE BETWEEN:  02/07/2014 and 06/30/2014]**

DATE: 04/01/2013

John W. Debelius III
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK,
COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358.
QUESTIONS?  PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Three of Three