**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**In re Blue Cross Blue Shield Antitrust Litigation**                    **No. 2406**

<u>**NOTICE OF POTENTIAL TAG-ALONG ACTION**</u>

To:     Clerk of the Panel
        Judicial Panel on Multidistrict Litigation
        Thurgood Marshall Federal Judiciary Building
        One Columbus Circle, N.E.
        Room G-255, North Lobby
        Washington, D.C. 20002-8004

Pursuant to Rule 7.1(a), defendants Blue Cross and Blue Shield of Florida, Inc., d/b/a Florida Blue, Community Insurance Company, d/b/a Anthem Blue Cross and Blue Shield, Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its unincorporated division Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of North Carolina, Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield, Highmark, Inc., d/b/a Highmark Blue Cross Blue Shield and d/b/a Highmark Blue Shield, Blue Cross and Blue Shield of Alabama, and Blue Cross and Blue Shield of Kansas City hereby give notice of the filing of the following related action filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida: *Recovery Village at Umatilla v. Blue Cross and Blue Shield of Florida, Inc., et al.,* Case No. CACE-15-008975.  The case has been removed to the United States District Court for the Southern District of Florida, No. 0:15-cv-61414-KAM. A Schedule of Related Action accompanies this filing.  A copy of the docket sheet is attached as Exhibit 1A.  A copy of the Complaint in *Recovery Village* is attached as Exhibit 1B.   A copy of the Notice of Removal is attached as Exhibit 1D.

**Recovery Village Alleges the Same Conspiracy**
**Alleged in the Cases Centralized in the BCBS Antitrust MDL**

This related action involves common questions of fact with actions the Panel previously centralized in the *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406, 13-cv-20000 (N.D. Al.) ("BCBS Antitrust MDL").  In centralizing those actions, the Panel found that they "involve substantial common questions of fact relating to the state BCBS entities' relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity to exclusive service areas . . ." and that the Blue Plans "are alleged to be co-conspirators."  Transfer Order, MDL No. 2406 [Dkt. 128] at 2. The *Recovery Village* action involves these same questions of fact.

Plaintiff Recovery Village at Umatilla, L.L.C. ("Recovery Village") is a rehabilitation and addiction treatment center which seeks reimbursement from defendant Blue Plans for providing services to their members.  Recovery Village is an out-of-network provider, meaning it does not participate in any of the defendants' authorized provider networks.  *See* Ex. 1B, *Recovery Village* Compl. ¶¶ 26-27.  As such, Recovery Village is a member of the purported Provider Class in the BCBS Antitrust MDL.  *See* Ex. 1C, Provider Consolidated Compl. ¶ 377 (alleging a class of "[a]ll healthcare providers . . . in the United States of America, who provided covered services . . . to any patient who was insured by . . . a Defendant [Blue Plan.]"); ¶ 56 (arguing that out-of-network providers have standing to sue).

As the Provider Plaintiffs do in the Consolidated Provider Complaint in the BCBS Antitrust MDL (attached as Exhibit 1C), Recovery Village alleges that the defendant Blue Plans possess coercive market power and have engaged in an alleged conspiracy to depress provider reimbursement rates involving both the exclusive service areas set forth in the Blue Cross and

Blue Shield Association ("BCBSA") License Agreements and the BlueCard program.  Indeed, the allegations of a "civil conspiracy" among the Blue Plans set out in Recovery Village's Complaint largely mirror the allegations that underlie the federal antitrust claims in the Consolidated Provider Complaint.

Consistent with the BCBS Antitrust MDL Provider Plaintiffs' allegation that Blue Plans possess market power, Recovery Village alleges that Blue Plans have "a coercive power" and "economic power" allowing them to underpay health care providers.  Ex. 1B, *Recovery Village* Compl. ¶¶ 4 (alleging the Blue Plans have "coercive power"), 59 & 61 (Blue Plans "combine economic power"), 58 ("A Blue Cross Blue Shield licensee is the largest health insurer…in forty-four states"); Ex. 1C, Consolidated Provider Compl. ¶¶ 170 ("market power"), 61-130 (alleging that various Blue Plans are the "largest provider of healthcare insurance" in their state). Both cases contend that the designated service areas in the BCBSA License Agreements, whereby Blue Plans allegedly do not compete with other Blue Plans outside of their service area, result in Blue Plans' supposed coercive market power.  *See* Ex. 1B, *Recovery Village* Compl. ¶¶ 46-47; Ex. 1C, Consolidated Provider Compl. ¶ 5.  Both complaints also acknowledge that the service areas in the BCBSA License Agreements involve the Blue Plans' trademark rights.  *See* Ex. 1B, *Recovery Village* Compl. ¶ 46; Ex. 1C, Consolidated Provider Compl. ¶¶ 177, 188-89, 196.

In addition, both complaints challenge the BlueCard program, which permits subscribers of one Blue Plan to obtain services in another Blue Plan's service area when visiting or living in another state.  *Compare* Ex. 1B *Recovery Village* Compl. ¶ 49 ("The Blue Card Program allows eligible members of one Blue Cross and Blue Shield Plan ('the Home Plan') to obtain health care services in another Blue Cross and Blue Shield Plan's ('the Host Plan') service area") *with* Ex.

1C, Consolidated Provider Compl. ¶ 236 ("Within the Blue Card Program, the Blue through which the subscriber is enrolled is referred to as the 'Home Plan,' while the Blue located in the Service Area where the medical service is provided is referred to as the 'Host Plan.'").

Based on these general allegations, Recovery Village, similar to the BCBS Antitrust MDL Provider Plaintiffs, claims that the BlueCard program limits competition, restricts Blue Plans from contracting directly with providers outside of their service areas, and depresses the reimbursement Blue Plans pay for services rendered by providers. *See* Ex. 1B *Recovery Village* Compl. ¶¶ 50, 51, 55-56, 60; Ex. 1C, Consolidated Provider Compl. ¶ 8.

### Transferring *Recovery Village* to the BCBS Antitrust MDL Promotes Efficient Resolution of Common Allegations and Prevents Inconsistent Rulings

Transferring *Recovery Village* to the BCBS Antitrust MDL will allow one court to address the underlying claim of conspiracy and the legality of the BCBSA License Agreements. The Panel centralized the initial actions in the BCBS Antitrust MDL in order to "ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary" and "prevent inconsistent pretrial rulings." Transfer Order, MDL No. 2406 [Dkt. 128] at 3. The same reasoning justifies transferring *Recovery Village* to the BCBS Antitrust MDL.

All of the defendants in *Recovery Village* are also defendants in cases centralized in the BCBS Antitrust MDL and dispute the common claims of conspiracy. If *Recovery Village* is not transferred to the BCBS Antitrust MDL, there is a risk of conflicting rulings from different federal courts on the purported existence of the nationwide conspiracy, and the effects of the BCBSA License Agreements and BlueCard program on provider reimbursement. The Panel consistently has held that the potential for inconsistent rulings is a significant factor warranting transfer of related actions. *See In re: BP Securities, Derivative and Employment Retirement Income Sec. Act (ERISA) Litig.*, 734 F.Supp.2d 1380, 1382 (JPML 2010) (transferring cases to

4

existing MDL to "prevent inconsistent pretrial rulings on discovery disputes and other pretrial issues"); *In re National Sec. Agency Telecomm. Records Litig.*, 474 F.Supp.2d 1355, 1356 (JPML 2007) (affirming transfer of actions to previously centralized action to "prevent inconsistent pretrial rulings"). The potential for inconsistent rulings by itself heavily weighs in favor of transferring *Recovery Village* to the BCBS Antitrust MDL.

### Transferring *Recovery Village* to the BCBS Antitrust MDL Eliminates Duplicative Discovery and Conserves the Courts' and Parties' Resources

Transferring *Recovery Village* to the BCBS Antitrust MDL so that it can be managed with other cases involving the same allegations will also avoid the prospect of duplicative discovery being sought from, and potentially inconsistent discovery obligations being imposed on, the defendants in this action. The Panel centralized the initial actions in the BCBS Antitrust MDL to "eliminate duplicative discovery" and "conserve the resources of the parties, their counsel, and the judiciary." Transfer Order, MDL No. 2406 [Dkt. 128] at 3. Transferring the *Recovery Village* action will achieve these same goals.

The Panel has repeatedly held that a potential for parties to be subject to duplicative discovery is a substantial factor that warrants transfer. *See In re: BP Securities, Derivative and Employment Retirement Income Sec. Act (ERISA) Litig.*, 734 F.Supp.2d at 1382 (transferring cases to existing MDL to "eliminate duplicative discovery"); *In re National Sec. Agency Telecomm. Records Litig.*, 474 F.Supp.2d at 1356 (affirming transfer of actions to previously centralized action to "eliminate duplicative discovery").

If *Recovery Village* is not transferred to the BCBS Antitrust MDL, the *Recovery Village* defendants (whose respective principal places of business are located across the country) will likely to have to prepare written discovery responses, produce documents, and provide deposition testimony about factual issues that overlap with the facts in the BCBS Antitrust MDL.

Recovery Village has already served Requests for Production on defendants that seek documents on numerous topics, including the BlueCard program, the BCBSA License Agreements, Blue Plan service areas, and provider reimbursement.  These topics overlap with information plaintiffs in the BCBS Antitrust MDL seek and which have already been the subject of months of meet-and-confer discussions between the parties, several conferences with the BCBS Antitrust MDL Court and eight discovery orders.  Duplicating those efforts in a separate litigation would be a waste of judicial and party resources and would risk exposing defendants to duplicative or inconsistent discovery obligations.

For all of these reasons, this related action is appropriate for transfer to the BCBS Antitrust MDL.

Dated: July 9, 2015                                        Respectfully submitted,


                                                           /s/ Craig A. Hoover
                                                           Craig A. Hoover
                                                           J. Robert Robertson
                                                           E. Desmond Hogan
                                                           HOGAN LOVELLS US LLP
                                                           Columbia Square
                                                           555 Thirteenth Street, NW
                                                           Washington, DC 20004
                                                           202-637-5600
                                                           (fax) 202-637-5910
                                                           craig.hoover@hoganlovells.com
                                                           robby.robertson@hoganlovells.com
                                                           desmond.hogan@hoganlovells.com

                                                           Emily M. Yinger
                                                           N. Thomas Connally, III
                                                           HOGAN LOVELLS US LLP
                                                           Park Place II
                                                           7930 Jones Branch Drive, Ninth Floor
                                                           McLean, VA 22102

703-610-6100
(fax) 703-610-6200
emily.yinger@hoganlovells.com
tom.connally@hoganlovells.com

*Co-Coordinating Counsel for the
Defendants*