# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** | **Master File No. 2:13-CV-20000-RDP** **This Document relates to:** **All Cases** |

**SUBSCRIBER AND PROVIDER PLAINTIFFS' JANUARY 20, 2015 REQUESTS FOR**
**PRODUCTION TO ALL DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request

that each Defendant respond to the following Requests for Production and produce to Plaintiffs

all of the following Documents, electronically stored information and things that are in the

possession, custody, or control of each Defendant or Defendants' agents or attorneys, within

thirty (30) days following the date of service of these Requests.

**DEFINITIONS**

The following definitions apply to this Request for the Production of Documents and are

deemed to be incorporated into each request listed below:

1.      "The Blues" means the independent health insurance companies that currently

license or have at any time licensed the Blue Cross and/or Blue Shield trademarks or trade

names.

2.      "Blue brand" or "Blue branded" means services sold by a Defendant under any

variation of the "Blue" name, including "Blue Cross," "Blue Shield," "Blue Cross Blue Shield,"

"BCBS," or the symbol of a blue cross or blue shield, or any trademark claimed by any

Defendant, including by the Blue Cross and Blue Shield Association ("BCBSA").

3.      "Non-Blue branded" means services sold by a Defendant under a trade name or trademark other than "Blue," including "Blue Cross," "Blue Shield," "Blue Cross Blue Shield," "BCBS," or the symbol of a blue cross or blue shield, and excluding any trademark claimed by any Defendant, including by BCBSA.

4.      "Blue Mark" means any Blue Cross, BCA, Blue Shield, BSA, Blue Shield and/or Blue Cross Blue Shield ("BCBS") Trademark, Service Mark, Licensed Mark or Trade Name.

5.      "Commercial Health Plan Coverage" means primary medical insurance or administrative services sold to individuals and groups, including vision and dental insurance, Medicare Supplemental, and Medicare Advantage among others.  Commercial Health Plan Coverage does not include government-sponsored programs, such as the Federal Employees Program, Medicare, Medicaid, or non-medical specialty insurance such as life, short-term disability, or/and long-term disability insurance.

6.      "Defendant" means any party named as a defendant in the *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, including its subsidiaries, divisions, predecessors, successors, parents, including any organization or entity that the Defendant manages or controls, together with all present and former officers, directors, and employees.

7.       "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

8.      "ESI" means "electronically stored information," which is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

9.     "Employee" means any of your current or former officers, directors, managers, sales personnel, secretaries, clerical staff, messengers, agents, representatives, and other persons acting or purporting to act on behalf of any of the foregoing.

10.     "Geographic Service Area" means the geographic area in which the Defendant is licensed to offer Commercial Health Plan Coverage.

11.     "Geographic Service Area Agreement" means agreements, restrictions, rules, guidelines, and policies concerning the location where a Defendant offers Commercial Health Plan Coverage.

12.     "Identify" or "identity," with respect to persons, means to give, to the extent known, the person's full name, relationship to you, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

13.     "Identify," with respect to Documents, means to give, to the extent known, the (i) type of Document; (ii) general subject (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14.     "MFN" means a Most Favored Nation or Most Favored Nation plus clause, which is a contract provision or clause in which a Defendant requires a provider of medical care to give the Defendant, or its subsidiaries or licensees, pricing equal to or better than pricing the provider makes available to any other insurance company, employer, health management organization, individual, or group.

15.     "Person" or "Persons" means any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

3

16.     The term "Provider Plaintiffs" shall mean and refer to Jerry L. Conway, D.C., Corey Musselman, M.D., The San Antonio Orthopaedic Group, L.L.P., Orthopaedic Surgery Center of San Antonio, L.L.P., Charles H. Clark III, M.D., Crenshaw Community Hospital, Bullock County Hospital, Fairhope Cosmetic Dentistry and Fresh Breath Center, P.C., Sports and Ortho, P.C., Kathleen Cain, M.D., Northwest Florida Surgery Center, L.L.C., Wini Hamilton, D.C., Jay Korsen, D.C., North Jackson Pharmacy, Inc., Neuromonitoring Services of America, Inc., Cason T. Hund, D.M.D., ProRehab, P.C., Texas Physical Therapy Specialists, L.L.C., BreakThrough Physical Therapy, Inc., Dunn Physical Therapy, Inc., Gaspar Physical Therapy, P.C., Timothy H. Hendlin, D.C., Greater Brunswick Physical Therapy, P.A., Charles Barnwell, D.C., Brain and Spine, L.L.C., Heritage Medical Partners L.L.C., Judith Kanzic, D.C., Brian Roadhouse, D.C., Julie McCormick, M.D., L.L.C., Harbir Makin, M.D., Saket K. Ambasht, M.D., John M. Nolte, M.D., Bauman Chiropractic Clinic of Northwest Florida, P.A., Joseph S. Ferezy, D.C. d/b/a Ferezy Clinic of Chiropractic and Neurology, Snowden Olwan Psychological Services, Ear, Nose & Throat Consultants and Hearing Services, P.L.C., and U.S. Imaging Network, L.L.C. d/b/a Imaging Network Administrators, L.L.C..

17.     "Relating to," "relate to," "referring to," "refer to," "reflecting," or "concerning" mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these requests, including Documents attached to or used in the preparation of or concerning the preparation of the Documents.

18.     "Regulatory Authority" means any federal or state government agency or division, or any employee of any federal or state government agency or division, in any

jurisdiction, including the Department of Justice, any attorney general, any insurance regulators, and any healthcare regulators.

19.     "Reserves" means the amounts held in reserves.

20.     "Subscriber" means a Person (as defined above) who purchased or enrolled in Commercial Health Plan Coverage with a Defendant.

21.     "Surplus" means the excess of assets over liabilities.

22.     "You" and "Your" mean the responding Defendant, as defined above.

### INSTRUCTIONS

1.     Plaintiffs offer to meet and confer with Defendants regarding the most efficient method to produce the requested information. Provider Plaintiffs' contact counsel regarding the logistics of production are Patrick J. Sheehan, W. Tucker Brown, Nicholas B. Roth and Dennis G. Pantazis. Subscriber Plaintiffs' contact counsel regarding the logistics of production are Andrew Lemmon and William Butterfield.

2.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production shall be deemed to be continuing in nature so that, if you, your directors, officers, employees, agents, representatives or any person acting on your behalf, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, you shall promptly make such Document available.

3.     In producing Documents, you are requested to furnish all Documents or things in your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators. If

any Document is known to exist but cannot be produced, identify such Documents as precisely as possible and the reason(s) that the Document(s) cannot be produced.

4.      If any Document or copy thereof was, but is no longer in your possession, custody, or subject to your control, identify the Document, including: the date, the sender, the recipient, the persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it, and the identity of all persons having knowledge of the contents thereof.

5.      You must produce all Documents electronically. Hard copies of Documents should be scanned and OCR'd.

6.      Unless otherwise agreed, all ESI shall be produced in native format.

7.      All Documents must be produced in their original form, including all marginalia, notes, and any attachments referred to or incorporated in the Document, together with all non-identical copies and drafts of such Document.  If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible.

8.      Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, or similar materials.

9.      Documents must be produced in the order in which they are maintained in the ordinary course of business.  You may not shuffle or rearrange any Documents you produce in response to this Document request.  Documents attached to each other should not be separated.

ESI linked or otherwise programmatically integrated to other databases or source systems cannot be separated nor produced out of sequence.

10.     All Document productions responsive to this Document request must include a cover letter and index providing a description of the types of Documents produced, their contents, and the number of the Document request paragraph for which those Documents are responsive.  If there are no Documents responsive to a particular request, that information along with an explanation of why no responsive Documents could be located or produced must also be included in the cover letter.

11.     Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document custodian(s).

12.     If you claim privilege or objection as a basis for not producing any requested Document, state the factual and legal basis for your non-production and furnish a list identifying each Document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were provided and their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such Document responds.  If you claim privilege or any other objection with regard to only a portion of a Document, produce the portion to which there is no objection.

13.     Unless otherwise stated, these requests seek Documents either created or in effect from January 1, 1995 to the present.

## <u>REQUESTS FOR PRODUCTION:</u>

## DOCUMENT REQUESTS RELATING TO ORGANIZATIONAL CHARTS

1.      All Documents, such as organizational charts, concerning Your corporate structure and organization, including the identities of Your affiliates and subsidiaries, any changes to Your structure, such as acquisitions, mergers or divestitures, and the dates of such changes.

2.      All Documents, such as organizational charts, concerning the identity of each of Your businesses, including divisions, departments, groups, or units, and the identities of all persons with managerial or supervisory authority or responsibility for those businesses.

3.      All Documents concerning the names, functions or organizational structures or lines of reporting and/or authority of Your businesses, divisions, departments, groups, or units.

4.      All Documents concerning the names, functions or organizational structures of any division, department, group, working group, study group, task force, committee, subcommittee or unit within the Blue Cross Blue Shield Association or with responsibilities or oversight relating to the Blue Cross Blue Shield Association, and the identities of all persons with responsibility within them.

5.      All Documents concerning the names, functions or organizational structures of any working group, study group, task force, committee or subcommittee with responsibilities or oversight relating to the BlueCard Program and the National Accounts Program, and the identities of all persons with responsibility within them.

6.      All Documents concerning the names, functions or organizational structures of any working group, study group, task force, committee or subcommittee with responsibilities or oversight relating to NASCO, and the identities of all persons with responsibility within them.

8

## DOCUMENTS RELATING TO FORMATION, STRUCTURE, ACTIVITIES AND AGREEMENTS OF BCBSA AND OTHER DEFENDANTS

7.      All Documents from any time related to the creation or formation of the Blue Cross Association and any predecessor entities (including the Committee on Hospital Service, the Hospital Service Plan Commission, the Blue Cross Plan Commission, the Blue Cross Commission, the Associated Medical Care Plans, or the National Association of Blue Shield Plans), including Documents regarding the possibility of forming one or more of these Associations, reasons for or against, or alternatives thereto, and all Documents from any time related to any Defendant's decision to participate in, or become a member of, any of these entities.

8.      All Documents from any time related to the creation or formation of the Blue Shield Association and any predecessor entities (including the Committee on Hospital Service, the Hospital Service Plan Commission, the Blue Cross Plan Commission, the Blue Cross Commission, the Associated Medical Care Plans, or the National Association of Blue Shield Plans), including Documents regarding the possibility of forming one or more of these Associations, reasons for or against, or alternatives thereto, and all Documents from any time related to any Defendant's decision to participate in, or become a member of, any of these entities.

9.      All Documents from any time related to the creation or formation of the Blue Cross and Blue Shield Association and any predecessor entities (including the Committee on Hospital Service, the Hospital Service Plan Commission, the Blue Cross Plan Commission, the Blue Cross Commission, the Associated Medical Care Plans, or the National Association of Blue Shield Plans). including Documents regarding the possibility of forming one or more of these

9

Associations, reasons for or against, or alternatives thereto, and all Documents from any time related to any Defendant's decision to participate in, or become a member of, any of these entities.

10.     All Documents from any time related to the Assembly of Plans held in approximately 1987 and all Documents related to meetings, communications, or actions taken related to the Assembly of Plans.

11.     All Documents from any time relating to any arbitration before William Webster in approximately 1993, and all Documents related to the dispute involved in that arbitration and any related proceeding.

12.     All Documents from any time submitted to or received from any Regulatory Authority relating to the relationship between BCBSA and any, each, or all of The Blues. This request includes Documents submitted to or received from a Regulatory Authority concerning actual or potential anticompetitive effects of the business practices of BCBSA and/or The Blues, separately or severally, and any analysis of competitive impact or possible cost savings achieved through the elimination of competition among the Blues.

13.     All Documents from any time creating, confirming, recording, registering, or transferring any Blue Mark.

14.     All Documents regarding any agreement, restriction, rule, guideline, or policy to place any limitation on the use of the Blue brand or a Blue Mark.

15.     All Documents from any time that demonstrate the corporate structure of BCBSA and its operations, such as operating procedures and Documents sufficient to show all committees with BCBSA, be they standing committees, or *ad hoc* committees.

16.     All minutes from any time of any meeting of the Board of Directors of BCBSA and any of its predecessor entities relating to any matter alleged in the complaint.

17.     All minutes of any meeting of the IPPC or any predecessor entity. (IPPC is the entity referred to in Guideline 6 on page BCBSA00004395, as well as any predecessor or successor entity, as well as any subcommittee of that entity).

18.     All Documents relating to any action taken by the IPPC or any predecessor entity, or any subcommittee thereof.

19.     All Documents from any time relating to any action taken by the BCBSA Board of Directors or any predecessor entity, or any committee within BCBSA or any predecessor entity, whether or not such committee has or had specific authorization from the BCBSA Board of Directors to act related to any matter alleged in the complaint.

20.     All Documents relating or referring to antitrust or anticompetitive impact or effect of BCBSA or the Blues.

21.     All Documents from any time related to, referencing, discussing, or analyzing the formation, continuing operation, expansion, or retraction of any non-Blue branded subsidiaries or related companies by any of The Blues.

22.     All Documents relating to disputes, including any arbitration, between BCBSA and any of The Blues, or among more than one of The Blues.

23.     All Documents relating to membership standards, guidelines, or practices, or any other policy regarding the qualifications or requirements for The Blues to remain licensees of the Blue Mark.

24.     All Documents relating to the annual audit performed upon The Blues as required for membership in BCBSA.

11

25.     All Documents relating to capital and liquidity requirements established by BCBSA for membership in BCBSA.

26.     All Documents relating to or reflecting royalty payments to BCBSA for affiliation with BCBSA, including but not limited to the formula for calculating any such royalty payments.

27.     All Documents from any time relating to the creation or structure of the Plan Performance and Financial Standards Committee or the Brand Enhancement and Protection Committee, including documents sufficient to show the historical membership of the Plan Performance and Financial Standards Committee or the Brand Enhancement and Protection Committee.

28.     All Documents created by, considered by, or part of any proceeding or meeting conducted by the Plan Performance and Financial Standards Committee, or the Brand Enhancement and Protection Committee.

29.     All Documents from any time relating to the creation of, or amendments to, Standard 10 of the Guidelines to Administer Membership Standards Applicable to Regular Members.

30.     All License Agreements that were created at any time between BCBSA (including its predecessor entities) and The Blues.

31.     All attachments and Documents referenced in all License Agreements.

32.     With respect to the 1954 License Agreement between the American Hospital Association and the Blue Cross Plans, Dkt 120-7, Ex. 6, all Documents from any time (a) related to paragraph number 1 on page 2; (b) related to or reflecting the meaning of the terms "prepayment plan for hospital care and related services"; (c) related to paragraphs 4 and 5 on page 6; (d) reflecting or related to any action taken under paragraphs 4 or 5 on page 6; (e) related

to or reflecting the meaning of each of the terms "certain" in the fourth Whereas clause starting on page 1 and continuing over to page 2; (f) reflecting or related to the services and each area served by each INDIVIDUAL PLAN as stated in paragraph (b) on page 3; (g) related to or reflecting the meaning of each of the conditions set forth in paragraph 2 on pages 4 and 5; (h) related to or reflecting the meaning of the revocation provision in paragraph 7.

33.     With respect to the 1952 Licensing Agreement with Blue Shield Plans, Dkt. 120-8, Ex. 7, all Documents from any time (a) related to the formation of the National Organization referenced in paragraph A of page 1; (b) related to or reflecting the members referred to in paragraph A of page 1; and (c) related to or reflecting the meaning of the terms "non-profit prepayment medical care plans" contained in paragraph B of page 1.

34.     With respect to the 1972 License Agreement, DKT 120-9, Ex. 8, all Documents from any time (a) reflecting that "BCA is the owner of the term 'BLUE CROSS' and the design of a Blue Cross as service marks for prepayment plans for hospital care and relates services ("BCA Marks")" as stated on page 1; (b) related to the ownership of the BCA Marks;  (c) reflecting or related to the meaning of the terms "License Marks as service marks, in the sale and advertising of programs of healthcare and related services on a non-profit basis" as stated in paragraph 1 of page 1; (d) reflecting or related to "the area or areas served by one or more licensed Blue Cross Plans on the effective date of this License Agreement"; (e) reflecting or related to the meaning of each of the "License Requirements of General Application—BCA License Agreement" on page 4 of the Agreement; (f) reflecting or related to the meaning of paragraph 9; (g) reflecting or related to any action taken under paragraph 9; (h) related to or reflecting the meaning of paragraph 10.

13

35.     All Documents from any time reflecting or related to any changes in the area or areas served by one or more licensed Blue Cross Plans (a) between the date of the 1954 License Agreement and the 1972 License Agreement; and (b) between the date of the 1972 License Agreement and the present.

36.     With respect to the License Agreement that the Defendants filed with the Court in Dkt. 120-10, Ex. 9, all Documents from any time: (a) reflecting or related to the "Ownership Agreement" referenced in the third Whereas clause on page 1; (b) reflecting or related to the "desire to supercede said Agreement(s) to reflect their current practices and to assure the continued integrity of the Licensed Marks and of the BLUE CROSS [and BLUE SHIELD] system" as stated in the fourth Whereas clause; (c) reflecting or related to the meaning of the terms "in the sale, marketing and administration of health care plans and related services" as used in paragraph 1 of page 2; (d) reflecting or related to the term "service area" and the origin of that term;  (e) reflecting or related to the meaning of paragraphs 11, 15 and 17; (f) reflecting or related to the Ownership Agreement referred to in paragraph 15.

37.     With respect to the License Agreement that the Defendants filed with the Court in Dkt. 120-11, Ex. 10, all Documents from any time (a) reflecting or related to "the Agreement(s) Relating to the Collective Service Mark 'Blue Shield'" as stated in the third Whereas clause on page 1; (b) reflecting or related to the "desire to supercede said Agreement(s) to reflect their current practices and to assure the continued integrity of the Licensed Marks and of the BLUE SHIELD system" as stated in the fourth Whereas clause; (c) reflecting or related to the meaning of the terms "in the sale, marketing and administration of healthcare plans and related services" as used in paragraph 1 of page 2;  (d) reflecting or related to the term "service area" and the

origin of that term;  (e) reflecting or related to the meaning of paragraphs 11, 15, and 17; (f) reflecting or related to the Ownership Agreement referred to in paragraph 15.

38.     All Documents from any time related to the creation and/or implementation of the "new product" that Defendants alleged in their motion to dismiss.

39.     All Documents from any time related to the creation of the BlueCard Program and the National Accounts Program.

40.     All Documents from any time that states or relates to any policy of the BlueCard Program and the National Accounts Program

41.     All Documents from any time related to how Blues paid for provider goods, services, and facilities outside of their service areas prior to the creation of the BlueCard Program.

42.     All Documents from any time demonstrating how Blues paid for provider goods, services or facilities outside of their service areas prior to the creation of the National Accounts program.

43.     All Documents discussing any suggested or actual effort to bolster brand recognition of the Blue brand.

44.     All Documents from any time in the possession of BCBSA related to the conversion of any Blue to a for-profit company.

45.     All Documents relating to the formation of any Blue as a particular type of business organization, *e.g.*, nonprofit, mutual, or for-profit, and the conversion of any Blue from one type of business organization to another.

46.     All Documents relating to research, studies, analyses, or reports relating to the conversion of companies from one type of business organization to another, *e.g.* conversion from a nonprofit organization to a for-profit organization.

47.     All Documents from any time relating to any business strategy proposal considered by the BCBSA Board of Directors. This request includes, but is not limited to the Long Term Business Strategy Proposal adopted by the BCBSA Board of Directors in approximately September of 1982.

48.     All Documents from any time created by, or sent to, any or all of The Blues regarding the Long Term Business Strategy Proposal adopted by the BCBSA Board of Directors in approximately September of 1982, including any response or comment by any of The Blues on the Long Term Business Strategy Proposal.

49.     All Documents from any time received from any of the Blues related to the Long Term Business Strategy.

### DOCUMENTS RELATING TO MERGERS, PURCHASES, OR SALES OF BLUE MARKS OR BLUE CROSS BLUE SHIELD ENTITIES

50.     All Documents from any time related to contemplated or actual purchases, mergers, or acquisitions (including purchases or acquisitions of any business interest or asset) of one or more Defendants or current or former licensees of Blue Marks.

51.     All Documents from any time related to contemplated or actual sales or divestitures (including sales or divestitures of any business interest or asset) of one or more Defendants or current or former licensees of Blue Marks.

52.     All Documents from any time related to the merger of the Blue Cross Association and the Blue Shield Association.

16

53. All Documents referring to, discussing, or analyzing, any merger or sale of any of The Blues (including all Documents from BCBSA discussing the merger, sale or divestiture of any business interest or asset of any of the Blues, whether or not such merger or sale was ever consummated.

54. All Documents related to the proposed merger between Highmark and Independence Blue Cross.

55. All Documents produced by Highmark in *LifeWatch Services, Inc. v. Highmark Inc*., File No. 50 187 T 00060 13, in the International Centre for Dispute Resolution Arbitration.

56. All deposition transcripts and exhibits to those depositions in *LifeWatch Services, Inc. v. Highmark Inc*., File No. 50 187 T 00060 13, in the International Centre for Dispute Resolution Arbitration.

57. All Documents from any time related to any proposal or suggestion that the Blue Cross and Blue Shield Plans be merged in any state, including (a) California; (b) Washington; (c) Idaho; and (d) central Pennsylvania.

### DOCUMENTS RELATING TO MARKET DIVISION AND GEOGRAPHIC SERVICE AREAS

58. All Documents from any time creating, confirming, registering, or transferring any exclusive service area for any of the Blues.

59. All Documents from any time defining or delineating any territories or service areas of each of The Blues, including all Documents concerning the exclusive territories or service areas in which each or any of The Blues operate.

17

60.     All Documents from any time mentioning, referring to, or relating to market division among The Blues, including any Documents stating or showing what geographic areas the separate Blues operate in.

61.     All Documents analyzing the effect of licensing agreements that limit business activity outside or inside of any of the Blues' licensed service area.

62.     All Documents (including Documents submitted to, or received from, any Regulatory Authority) discussing or referring to any agreement or policy limiting revenue generated outside or inside one Blue's Geographic Service Area.

63.     All Documents with any suggestion, complaint, accusation, review, litigation, or evidence of non-compliance with a Geographic Service Area Agreement, including Documents stating any penalties discussed, proposed, or imposed.

64.     All Documents produced to, or received from, a Regulatory Authority regarding a Geographic Service Area Agreement.

65.     All Documents discussing the impact of state regulations on Geographic Service Areas.

66.     All Documents relating to any meetings, presentations, reports or analyses, regarding strategic planning or any other business planning. This request includes all Documents regarding the following topics:

    a.     The number of providers of health insurance benefits and/or administrative services related to employee benefit plans in any particular geographic area, or any market, however that term is defined by any such document.

    b.     The percentage or market share of the market for health insurance benefits and/or administrative services related to employee benefit plans in any particular geographic area, or any market, however that term is defined by any such document.

c. The actual and/or potential competitors to any or all The Blues in the market for health insurance benefits and/or administrative services related to employee benefit plans, in any geographic market, or any market, however that term is defined by any such document.

d. The ability of any or all of The Blues to compete with actual or potential competitors in the market for health insurance benefits and/or administrative services related to employee benefit plans, in any geographic market, or any market, however that term is defined by any such document. This request includes any documents relating to the ability of any of The Blues to price their products and remain competitive with actual or potential competitors within any defined market.

## DOCUMENTS RELATED TO MARKET SHARE AND COMPETITION

67.     All Documents analyzing market share or enrollment (including past changes to market share and anticipated future changes to market share or enrollment) of one or more of the Defendants for Commercial Health Plan Coverage, whether Blue-branded or non-Blue branded.

68.     All Documents regarding competition, pricing power, or market share in any geographic area to provide (a) Commercial Health Plan Coverage between any Blue and any non-Blue provider of Commercial Health Plan Coverage; (b) public health plan coverage between any Blue and any non-Blue provider of public health plan coverage; (c) administrative services for health plans between any Blue and any non-Blue provider of administrative services; (d) payment for healthcare provider goods, services, or facilities of any kind; and/or (e) healthcare provider networks between any Blue and any non-Blue established healthcare provider networks.

69.     All Documents relating to or analyzing the market share (including past changes to market share and anticipated future changes to market share) of one or more of the Blues for (a) health insurance; (b) administrative services for employee benefit plans providing health related benefits; (c) public health plan coverage, including Medicare and/or Medicaid; (d) Combined Commercial and public health plan coverage; (e) administrative services for health

plans; (f) healthcare financing; (g) healthcare provider networks of any type; (h) pharmacy benefit management; or (i) payment for healthcare provider goods, services, or facilities of any kind.

70.     All Documents relating to competition among the Blues for Subscribers and/or Providers.

71.     All Documents relating to competition with companies other than The Blues that provide health insurance benefits and/or administrative services relating to employee benefit plans.

72.     All Documents from any time relating to studies or analyses of market areas in which two or more Blues are or were known to compete.

73.     All Documents discussing which non-Blue, non-defendant entities a Defendant deems to be its competitor.

74.     All Documents submitted to, or received from, a Regulatory Authority regarding a Defendants' market share or enrollment, competition, or lack of competition, between Defendants.

75.     All Documents relating to analyses of the economic efficiency of the Blues, including comparative analyses and analyses of economies of scale.

## DOCUMENTS RELATED TO PREMIUMS AND RATES

76.     All Documents produced to, filed with, or received from, any Regulatory Authority regarding premiums, rates, or prices offered to or paid by a Subscriber for Commercial Health Plan Coverage, or any formula, method, or schedule used to determine such premiums, rates, or prices.

77.     All Documents produced to, filed with, received from, or otherwise related to any administrative oversight exercised by any Regulatory Authority relating to the premiums, rates, or prices offered to or paid by a Subscriber for Commercial Health Plan Coverage, filed by Defendants, in any jurisdiction, or any formula, method, or schedule used to determine such premiums, rates, or prices.

78.     All Documents analyzing the premiums of competitors of The Blues in their relevant markets.

79.     All Documents used to perform any analysis or study of premiums charged by The Blues.

80.     All Documents reflecting or discussing the existence of an MFN, including Documents submitted to or received from a Regulatory Authority regarding an MFN.

81.     All Documents demonstrating how the Blues, separately or severally, set premiums.

## DOCUMENTS RELATED TO PAYMENT TO PROVIDERS

82.     All Documents relating to claims administration and the handling of claims submitted by providers or for provider services, and the policies, customs, practices, and pricing or other methodologies by which claims for services are paid, including UCR rates.

83.     All Documents related to or reflecting provider payment methods and bases, including but not limited to fee schedules, per diem rates, DRG rates, capitation rates, UCR rates, payment for services as a percentage of Medicare, withholds, and bonuses, as well as other payment methodologies for healthcare providers of all types.

84.     All Documents related to studies and/or analyses or reviews of and contracts for UCR rates as a methodology for calculating payment for healthcare goods, services and facilities.

85.     All Documents evidencing fee schedules, payment rates, and pricing methodologies employed by The Blues, separately or severally, for provider goods, services and facilities for health benefits and/or administrative services related to employee benefit plans.

86.     All data and Documents related to the determination of fee schedules and payment rates for goods, services, and facilities provided by healthcare providers. Included in this request are all Documents constituting any analysis of relative payment rates as opposed to any other competition in the market for health insurance benefits and/or administrative services related to employee benefit plans.

87.     All data and Documents related to any comparison or analysis of payments to medical providers by The Blues, either separately or severally, to payments made by (a) other health insurance companies, and/or (b) Medicare, and/or (c) any other applicable benchmark to the same providers.

88.     All Documents relating to the evaluation of rates for healthcare goods, services and facilities by or from providers.

89.     All Documents relating to contracts or agreements between any Blue and any other third party payor of healthcare goods, services or facilities.

90.     All Documents relating to any other provider network in the service area of any Blue and/or comparing any such network to the network of any Blue.

91.     All agreements that any Defendant has with National Care Network, MultiPlan, Viant, PHCS, Three Rivers, and any company that provides rental networks or services with

respect to the rates for out of network healthcare providers and all Documents related to the implementation of those agreements.

92.    All Documents relating to how The Blues, separately and/or severally, determine allowable amounts for healthcare goods, services and facilities.

93.    All Documents relating to "most favored nation" clauses and/or exclusive provider contracts.

94.    All Documents relating to the decision of each Blue whether to honor assignments to providers of healthcare goods, services and facilities.

95.    All Documents or other data relating to the setting of premiums for The Blues, separately and/or severally. This Document request includes all Documents consisting of any analysis of the premiums of competitors of The Blues in their relevant markets.

96.    All Documents or data used to perform any analysis or study of premiums charged by The Blues.

97.    All Documents concerning administrative fees charged by The Blues separately and/or severally.

98.    All Documents concerning the setting of administrative fees charged by The Blues, separately and/or severally, as they compare to other providers of health insurance benefits and/or administrative services related to employee benefit plans in the relevant market(s).

## DOCUMENTS RELATING TO FINANCIAL ACCOUNTING AND REPORTING

99.    Documents sufficient to show revenues for each Defendant.

23

100.    Documents sufficient to show total annual aggregate revenues for all Blues combined, for Blue branded, non-Blue branded, and subsidiary revenues for Commercial Health Plan Coverage.

101.    Documents sufficient to show total annual revenues, for each Defendant, for Blue branded, non-Blue branded, and subsidiary revenues for Commercial Health Plan Coverage.

102.    Documents sufficient to show the operating procedures for financial reporting, cash reserves, surplus, expenses, profits, revenues, reserves, procedures, customs, policies, or practices for setting reserves, and/or reporting or recording of revenues, expenses, profits, surpluses, or reserves, for each Defendant.

103.    All Documents relating to financial reporting for both BCBSA and The Blues, separately and/or severally.

104.    All Documents relating to the operating procedures for financial reporting for both BCBSA and The Blues, separately and/or severally.

105.    All Documents relating to cash reserves, profits, and/or surplus for The Blues, separately and/or severally.

106.    All Documents regarding procedures, customs, policies, or practices for setting reserves for The Blues, separately and/or severally.

107.    All Documents regarding reserve amounts for each of The Blues, separately and/or severally, for each year in the Relevant Period.

108.    All Documents constituting the reporting or recording of revenues, expenses, profits, surpluses, and reserves for The Blues, separately and/or severally.

**DOCUMENTS RELATED TO OPERATION AND BUSINESS PRACTICES**

109.    All Documents relating to the formation of NASCO, Inc. ("NASCO").

24

110.    All Documents relating to the profitability of and revenue streams for NASCO.

111.    All Documents relating to the integration of NASCO's processing system with the claims processing systems for The Blues, separately and/or severally.

112.    All Documents relating to the initial capital expenditures or investment for the establishment and start up of NASCO.

113.    All Documents relating to the following programs: (a) Transfer Program; (b) Inter-Plan Teleprocessing System; (c) BlueCard Program; (d) National Accounts Programs; (e) Inter-Plan Medicare Advantage Program; and (f) any other national program adopted by the Blues for the purpose of providing portability of membership among the Blues.

114.    All Documents relating to and/or reflecting the amounts of any payments, transfer of funds or credits among The Blues, relating to each of the programs in the previous request.

115.    All agreements between Control Plans and Participating Plans involved in any National Accounts Programs.

116.    All Documents describing the interaction of plans, including a description of any interaction between control plans and participating plans.

117.    All Documents reflecting or relating to differentials in any National Account Program and the payment of any such differentials.

118.    All Documents reflecting or relating to administrative fees in the BlueCard Program and the National Accounts Program and the payment of any such administrative fees.

119.    All Documents relating to membership in or affiliation with Consortium Health Plans.

120. All Documents reflecting the amount and percentage or proportion of each Blue's business in (a) insured business in each category for which the Blue maintains records; and (b) administered business in each category for which the Blue maintains records.

121. All Documents at any time related to the development of each of the Membership Standards in the Licensing Agreements.

122. All Documents describing any provider networks using the Licensed Marks or Names in any way with such network and all Documents reflecting the persons and entities to whom those networks have been rented.

123. All Documents describing any provider networks of any Blue not using any Licensed Marks or Names, and all Documents reflecting the persons and entities to whom those networks have been rented.

124. All Documents relating to accounting and cash management practices among The Blues as they relate to (a) the BlueCard program; and (b) the National Accounts Program.

125. All Documents reflecting or relating to which Blue may be a Control Plan for a National Account.

126. All Documents reflecting or relating to agreements between Blues involving which Blue will be a Control Plan for a National Account.

127. All Documents reflecting or relating to the number or percentage of Blue network providers as compared to the total population of similar providers in any particular Blue service area.

128. All Documents created at any time restricting or prohibiting any Blue from contracting and/or negotiating with providers outside of that Blue's service area.

129.    All Documents created at any time reflecting when any restriction or prohibition against any Blue contracting and/or negotiating with providers outside of that Blue's service area was established and why any such restriction or prohibition was established.

130.    All Documents created at any time relating to any Blues contracting with healthcare providers or soliciting such contracts in areas contiguous to a Geographic Service Area.

131.    All Documents created at any time reflecting when any Blues were permitted to contract with providers in areas contiguous to a Geographic Service Area and why the "areas contiguous" policy or practice was adopted or permitted.

132.    All Documents created at any time reflecting or related to any request by any provider located outside of a Geographic Service Area for a contract with that Blue and all Documents reflecting or related to any response and/or action taken or not taken by that Blue in response to the provider from outside the Geographic Service Area.

133.    All Documents relating to studies or analyses of areas in which two or more Blues are or were known to compete.

134.    All Documents during the Class Period from any Blue stating that the Blue would not negotiate the terms of any provider agreement.

135.    All Provider Manuals published by each of The Blues for the Class Period.

136.    All Provider fee schedules, contracts, agreements, or any other document published by The Blues, separately and/or severally, setting forth claims procedures, reimbursement policies, and/or other operating procedures for providers.

137.    All Documents relating to any analysis or other study or compilation of data concerning payments for goods, services or facilities remitted by the Blues, separately and/or

27

severally, to out-of-network providers, including the bases for payments and any applicable allowances.

138.    All Documents relating to programs designed to evaluate and modify provider practice patterns to control costs and assure quality.

139.    All Documents relating to outcome studies and quality and satisfaction surveys.

140.    All Documents relating to analyses of scale economies or diseconomies of scale with respect to the Blues.

141.    All Documents relating to analyses of the economic efficiency of the Blues, including, but not limited to, comparative analyses.

142.    All Documents, including, but not limited to, studies, reports, white papers, and market surveys, relating to the matters involved in this litigation.

143.    All reports related to hospital savings, provider reimbursement savings and/or provider contract savings for any Blue.

144.    All Documents reflecting or relating to savings or cost reductions from the BlueCard Program and/or National Accounts.

145.    All Documents prepared by or for any Blue or by or for the Association related to reductions in payments for healthcare provider goods, services or facilities as a result of provider networks and/or the BlueCard Program and/or National Accounts.

146.    All Documents that any Blue has submitted to any sponsor of any employee benefit plan relating to savings or reductions in payments related to the use of any Blue's healthcare provider network.

147.    All Documents comparing or relating to differences in payments by any Blues for healthcare provider goods, services or facilities with billed charges and/or payments by any other health insurance company.

148.    All Documents comparing or relating to differences in payments to healthcare providers in any network where a Licensed Mark or Name is used with payments to healthcare providers in any other network.

149.    All Documents showing payments from any affiliated company to any employee or officer of any Blue.

150.    All financial statements for all companies affiliated with any Blue.

151.    All financial statements for all privately held companies owned by any present or former officers of any Blue.

152.    All financial statements for any foundation associated with, affiliated with, or founded by any Blue.

153.    For the top five officers of each Defendant, all Documents reflecting: (a) payments for lodging; (b) payments for commercial airfare; (c) value of private airfare; (d) payments for meals; (e) gifts; and (f) all payments for healthcare goods, services or facilities that exceeded the maximum allowable under an employee benefit plan or insurance policy covering the officer.

154.    All Documents reflecting any dividends paid by any Blue to any holding company.

155.    All Documents reflecting any payments to any Blue from any other company that the Blue owns in whole or part.

156.    All Documents reflecting any payment or credit from any Blue to any other Blue.

157.     All Documents from any time regarding, or produced in, any litigation alleging price fixing among the Blues, separately or severally, or BCBSA and/or regarding territorial restrictions, including, but certainly not limited to, *Aetna v. BCBS of Michigan*; *United States v. BCBS of Michigan*; *Drummond v. BCBS of Alabama*; *BCBSA v. Group Hospitalization and Medical Services, Inc*., 744 F. Supp. 700 (E.D. Va. 1990); *Maryland v. BCBSA*, 620 F. Supp. 907 (D. Md. 1985); *Louisiana Health Service & Indemnity Co. v. Rapides Healthcare System* (M.D. La. 2000-04): *Highmark, Inc. v. Commonwealth of Pennsylvania*, No. 194 MD 2010 (Pa. Commw. Ct. Mar. 16, 2010); *Chester County Hospital v. Independence Blue Cross*, No. 02-2746 (E.D. Pa. Feb. 3, 2003); *Royal Mile Co., Inc. v. UPMC and Highmark,* No. 10-1609 (W.D. Pa. Dec. 2, 2010); Pennsylvania Insurance Department ("PID") investigation of Blue Marks (2007-2010); DC Attorney General's investigation of CareFirst's use of MFNs in provider contracts (2007);  Maryland Insurance Administration and DC Insurance Commission investigations of CareFirst's excessive surplus (2010); New York Attorney General non-prosecution agreement with Excellus BCBS involving MFNs (2001).

158.     All Documents from any time regarding any merger or other regulatory proceedings or actions taken against, or any lawsuit filed against, either The Blues, separately and/or severally, or BCBSA, alleging anti-competitive business practices, or any violation of  the antitrust laws of the United States or any violation of any state antitrust or fair competition laws.

159.     All Documents related to the Provider Plaintiffs, including, but not limited to, all files related to the named Provider Plaintiffs.

Respectfully submitted the 20th day of January, 2015.

| **Provider Track** | **Subscriber Track** |
|---|---|

*/s/ Joe R. Whatley, Jr.*

Joe R. Whatley, Jr. – *Co-Lead Counsel*
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel:  (205) 488-1200
Fax:  (800) 922-4851
Email: jwhatley@whatleykallas.com
          tbrown@whatleykallas.com

Edith M. Kallas – *Co-Lead Counsel*
Patrick J. Sheehan
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036
Tel: (212) 447-7060
Fax: (800) 922-4851
Email: ekallas@whatleykallas.com
          psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email: hquillen@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel:  (404) 607-8222
Fax:  (404) 607-8451
Email: dwinegard@whatleykallas.com

*/s/ David Boies*

David Boies – *Co-Lead Counsel*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8200
dboies@bsfllp.com

Michael Hausfeld – *Co-Lead Counsel*
William Butterfield – *Chair, Discovery Committee*
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel:  (205) 612-0243
Fax:  (205) 705-1223
Email: ekirkwood1@bellsouth.net

Chris T. Hellums – *Local Facilitating Counsel*
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
chrish@pittmandutton.com

*/s/ Barry A. Ragsdale*
Barry Alan Ragsdale – *Plaintiffs' Liaison Counsel and Discovery Liaison Counsel*
SIROTE & PERMUTT P.C.
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5114
Fax: (205) 212-2932
Email: bragsdale@sirote.com

**Provider Track**

**Subscriber Track**

J. Mark White – *Litigation Committee*
Augusta S. Dowd – *Chair, Litigation Committee*
U.W. Clemon – *Plaintiffs' Steering Committee*
Linda G. Flippo – *Discovery Committee*
WHITE ARNOLD & DOWD, P.C.
The Massey Building
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: uwclemon@whitearnolddowd.com
        adowd@whitearnolddowd.com
        mwhite@whitearnolddowd.com

William A. Isaacson – *Settlement Committee & PSC Member*
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
wisaacson@bsfllp.com

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel:  (305) 358-2800
Fax:  (305) 358-2382
Email: apodhurst@podhurst.com
        pprieto@podhurst.com

Dennis C. Reich – *Chair, Damages Committee*
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (713) 622-7271
Fax:  (713) 623-8724
Email: dreich@rbfirm.net

Debra B. Hayes – *Plaintiffs' Steering Committee*
Charles Clinton Hunter
THE HAYES LAW FIRM
700 Rockmead, Suite 210
Kingwood, TX  77339
Tel:  (281) 815-4963
Fax: (832) 575-4759
dhayes@dhayeslaw.com
chunter@dhayeslaw.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER
  GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel:  (205) 314-0500
Fax:  (205) 254-1500
Email: dgp@wcqp.com
        bclark@wcqp.com

Gregory Davis – *Settlement Committee & PSC Member*
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Fax: (334) 409-7001
gldavis@knology.net

Megan Jones – *Settlement Committee & PSC Member*
Arthur Bailey – *Discovery Committee*
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 744-1970
Fax: (415) 358-4980
mjones@hausfeldllp.com
abailey@hausfeldllp.com

Kathleen Chavez – *Settlement Committee & PSC Member*
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
kcc@fmcolaw.com

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON &
ADAMS, LLP
402 East Moulton Street
Decatur, AL 35601
Tel:  (256) 353-6761
Fax:  (256) 353-6767
Email:  nroth@eysterkey.com
          jroth@eysterkey.com

Cyril V. Smith – ***Settlement Committee & PSC Member***
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 949-1145
Fax: (410) 659-0436
csmith@zuckerman.com

Robert J. Axelrod – ***Chair, Written Submissions Committee***
AXELROD & DEAN LLP
830 Third Avenue, 5th Floor
New York, NY 10022
Tel:  (646) 448-5263
Fax:  (212) 840-8560
Email:  rjaxelrod@axelroddean.com

Eric L. Cramer – ***Expert Committee***
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 1-800-424-6690
Fax: (215) 875-4604
ecramer@bm.net

Van Bunch – ***Chair, Class Certification Committee***
BONNETT FAIRBOURN FRIEDMAN &
  BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel:  (602) 274-1100
Fax:  (602) 274-1199
Email:  vbunch@bffb.com

Richard A. Feinstein – ***Co-Chair, Expert Committee***
Karen Dyer – ***Expert Committee***
Hamish P.M. Hume – ***Discovery Committee***
Kathleen Kiernan – ***Written Submissions Committee***
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
tchutkan@bsfllp.com
kdyer@bsfllp.com
hhume@bsfllp.com
kkiernan@bsfllp.com

David A. Balto – *Expert Committee*
DAVID A. BALTO LAW OFFICES
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
Fax:  (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Patrick Cafferty – *Discovery Committee*
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
101 North Main Street, Suite 565
Ann Arbor, MI 48104
Tel: (734) 769-2144
Fax: (734) 769-1207
pcafferty@caffertyclobes.com

Peter H. Burke – *Class Certification Committee*
J. Allen Schreiber – *Litigation Committee*
BURKE HARVEY, LLC
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Tel:  (205) 930-8144
Fax:  (205) 930-9054
Email: pburke@burkeharvey.com
       aschreiber@burkeharvey.com

Bryan Clobes – *Litigation Committee*
Ellen Meriwether – *Written Submissions Committee*
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Tel: (215) 864-2800
Fax: (215) 864-2810
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL  35233
Tel:  (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowski.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel:  (850) 222-4770
Email: john@johndavislaw.net

Douglas Dellaccio – *Litigation Committee*
CORY WATSON CROWDER & DEGARIS,
P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
Tel: (205) 328-2200
Fax: (205) 324-7896
ddellaccio@cwcd.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW & DICKSON, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel:  (334) 738-4225
Fax:  (334) 738-4229
Email: ljinks@jinkslaw.com
        ccrow@jinkslaw.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS
  & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel:  (800) 898-2034
Fax:  (334) 954-7555
Email: dee.miles@beasleyallen.com

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel:  (256) 764-0095
Fax:  (256) 767-5705
Email: joey@bunchandjames.com

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel:  (502) 805-1800
Fax:  (502) 618-4059
Email: mgray@grayandwhitelaw.com

Chris Cowan – *Damages Committee*
THE COWAN LAW FIRM
2919 Commerce Street, Ste. 700
Dallas, TX 74226-1610
Tel: (214) 826-1900
Fax: (214) 826-8900
chris@cowanlaw.net

Edwin J. Kilpela, Jr.
Benjamin Sweet – *Litigation Committee*
CARLSON LYNCH LTD
115 Federal St., Suite 210
Pittsburgh, PA  15212
Tel: (412) 322-9243
Fax: (412) 231-0246
ekilpela@carlsonlynch.com
bsweet@carlsonlynch.com

Robert M. Foote – *Damages Committee*
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
rmf@fmcolaw.com

Charles T. Caliendo – *Class Certification Committee*
GRANT & EISENHOFER
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
ccaliendo@gelaw.com

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel:  (253) 302-5955
Fax:  (253) 301-1147
Email:  steve@stephenmhansenlaw.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
  THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel:  (305) 372-1800
Fax:  (305) 372-3508
Email:  hst@kttlaw.com
       jal@kttlaw.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel:  (850) 784-9000
Fax:  (850) 763-6787
Email:  wes@pittmanfirm.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel:  (205) 933-8383
Fax:  (205) 933-8386
Email:  rroden@shelbyroden.com

Robert Eisler – *Discovery Committee*
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
reisler@gelaw.com

David Guin – *Chair, Written Submissions Committee*
Tammy Stokes – *Damages Committee*
GUIN, STOKES & EVANS, LLC
The Financial Center
505 20th Street North, Suite 1000
Birmingham, AL 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
davidg@gseattorneys.com
tammys@gseattorneys.com

Daniel Gustafson – *Litigation Committee*
Daniel C. Hedlund – *Damages Committee*
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Brent Hazzard – *Litigation Committee*
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
Tel: (601) 977-5253
Fax: (601) 977-5236
brenthazzard@yahoo.com

Gary E. Mason – *Class Certification Committee*
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DK 20036
Tel:  (202) 429-2290
Fax:  (202) 640-1160
Email: gmason@wbmllp.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel:  (719) 471-1984
Fax:  (719) 577-4356
Email: lance@searsandswanson.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel:  (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel:  (205) 908-6512
Email: Michael@gurleylaw.net

John Saxon – *Litigation Committee*
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
Tel: (205) 324-0223
Fax: (205) 323-1583
jsaxon@saxonattorneys.com

Lawrence Jones – *Damages Committee*
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, KY 40202
Tel: (502) 882-6000
larry@jonesward.com

Andrew Lemmon – *Chair, Discovery Committee*
LEMMON LAW FIRM
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Tel: (504) 581-5644
Fax: (504) 581-2156
andrew@lemmonlawfirm.com

Virginia Buchanan – *Chair, Class Certification Committee*
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7000
Fax: (850) 435-7020
vbuchanan@levinlaw.com

38

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel:  (334) 738-4486
Fax:  (334) 738-4432
Email: myronpenn28@hotmail.com

Troy A. Doles – *Discovery Committee*
SCHLICHTER BOGARD & DENTON, LLP
100 S. 4th Street, Suite 900
St. Louis, MO 63102
Tel:  (314) 621-6115
Fax:  (314) 621-7151
Email: tdoles@uselaws.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel:  (803) 252-4800
Fax:  (803) 252-4801
Email: petestrom@stromlaw.com

Thomas V. Bender – *Discovery Committee*
WALTERS BENDER STROHBEHN
  & VAUGHAN, P.C.
2500 City Center Square, 1100 Main
Kansas City, MO 64105
Tel:  (816) 421-6620
Fax:  (816) 421-4747
Email: tbender@wbsvlaw.com

Robert Methvin – *Chair, Settlement Committee*
James M. Terrell – *Class Certification Committee*
MCCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199
Fax: (205) 939-0399
rgm@mmlaw.net
jterrell@mmlaw.net

Michael McGartland – *Class Certification Committee*
MCGARTLAND & BORCHARDT LLP
1300 South University Drive, Suite 500
Fort Worth, TX 76107
Tel: (817) 332-9300
Fax: (817) 332-9301
mike@attorneysmb.com

H. Lewis Gillis – *Co-Head Chair, Litigation Committee*
MEANS GILLIS LAW, LLC
3121 Zelda Court
Montgomery, AL 36106
Tel: 1-800-626-9684
hlgillis@tmgslaw.com

David J. Hodge – *Chair, Settlement Committee*
MORRIS, KING & HODGE
200 Pratt Avenue NE
Huntsville, AL 35801
Tel: (256) 536-0588
Fax: (256) 533-1504
lstewart@alinjurylaw.com

39

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel:  (320) 289-2363
Fax:  (320) 289-2369
Email:  brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
2900 1st Avenue South
Birmingham, AL 352333
(205) 324-4644
(205) 324-4649 Fax
alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA  51101
Tel:  (712) 234-3030
Fax:  (712) 234-3034
Email:  paul@lundberglawfirm.com

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Tel:  (907) 277-5400
Fax:  (907) 277-9896
Email:  Jessica@dillonfindley.com
          Ray@dillonfindley.com
           Molly@dillonfindley.com

Dianne M. Nast – *Class Certification Committee*
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

Patrick W. Pendley – *Chair, Damages Committee*
Christopher Coffin – *State Liaison Committee*
PENDLEY, BAUDIN & COFFIN, LLP
Post Office Drawer 71
Plaquemine, LA 70765
Tel: (225) 687-6369
pwpendley@pbclawfirm.com
ccoffin@pbclawfirm.com

Edgar D. Gankendorff – *Co-Head Chair, Litigation Committee*
Eric R.G. Belin – *Damages Committee*
PROVOSTY & GANKENDORFF, LLC
650 Poydras Street, Suite 2700
New Orleans, LA 70130
Tel: (504) 410-2795
Fax: (504) 410-2796
egankendorff@provostylaw.com
ebelin@provostylaw.com

Richard Rouco – *Written Submissions Committee*
QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP
2700 Highway 280 East, Suite 380
Birmingham, AL 35223
Tel: (205) 870-9989
Fax: (205) 870-9989
rrouco@qcwdr.com

40

James Redmond
Cynthia C. Moser
HEIDMAN LAW FIRM
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA  51101
Tel:  (712) 255-8838
Fax  (712) 258-6714
Email:  Jim.Redmond@heidmanlaw.com
           Cynthia.Moser@heidmanlaw.com

Garrett Blanchfield – *Written Submissions Committee*
REINHARDT, WENDORF &
BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel: (651) 287-2100
Fax: (651) 287-2103
g.blanchfield@rwblawfirm.com

Jason Thompson – *Damages Committee*
SOMMERS SCHWARTZ
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
jthompson@sommerspc.com

Larry McDevitt – *Chair, Class Certification Committee*
David Wilkerson – *Discovery Committee*
VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Tel: (828) 258-2991
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Carl S. Kravitz – *Expert Committee*
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Tel: (202) 778-1800
Fax: (202) 822-8106
ckravitz@zuckerman.com

41

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 20th day of January, 2015, served the foregoing SUBSCRIBER AND PROVIDER PLAINTIFFS' JANUARY 20, 2015 REQUESTS FOR PRODUCTION TO ALL DEFENDANTS via electronic transmission to Defendants' Liaison Counsel.

*/s/ W. Tucker Brown*

W. Tucker Brown