<35>
Case MDL No. 2406 Document 363-1 Filed 02/06/17 Page 1 of 7

FILED
2013 Apr-26 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No.: 2406) | Master File No.: 2:13-CV-20000-RDP <br><br> This document relates to all cases |

### CASE MANAGEMENT ORDER NO. 2 –
### ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL, LOCAL FACILITATING COUNSEL, PLAINTIFFS' STEERING COMMITTEE, AND DISCOVERY LIAISON COUNSEL

Applications for Interim Co-Lead Class Counsel, Local Facilitating Counsel, and membership on Plaintiffs' Steering Committee ("PSC") have been filed in accordance with the procedures set forth in the court's February 28, 2013 Order (Doc. # 15). The submissions have been reviewed by the court and the Special Master. The Special Master interviewed all persons seeking an appointment and has filed a Report Recommending Interim Plaintiffs' Leadership Counsel. (Doc. #43). Both in an order (Doc. #47) and at the hearing, the court invited objections and comments regarding the Special Master's proposed slate. The court has carefully reviewed the Special Master's Report, objections and responses thereto, and conducted a hearing in open court on April 23, 2013.[1] After thorough consideration of this matter, the court hereby **ORDERS** as follows:

I.  **Appointment of Interim Co-Lead Class Counsel, Local Facilitating Counsel, Plaintiffs' Steering Committee, and Discovery Liaison Counsel**

The court **APPOINTS** the following individuals:

**For the Subscriber Plaintiffs**:

    A.    Interim Co-Lead Class Counsel

        David Boies

---

[1] Written objections were lodged by Carefirst with respect to Provider Lead Counsel. For the reasons stated on the record at the April 23, 2013 hearing, these objections were overruled.

        Michael Hausfeld

B.      Local Facilitating Counsel

        Chris Hellums

C.      Plaintiffs' Steering Committee[2]

        Kathleen Chavez
        Greg Davis
        Bill Isaacson
        Meghan Jones
        Cy Smith

**For the Provider Plaintiffs:**

A.      Interim Co-Lead Class Counsel

        Edith Kallas
        Joe Whatley

B.      Local Facilitating Counsel

        Kirk Wood

C.      Plaintiffs' Steering Committee[3]

        U.W. Clemon
        Debra Hayes
        Dennis Pantazis
        Aaron Podhurst

**Discovery Liaison Counsel**

A.      Barry Ragsdale (in addition to his other duties as Court-Appointed Plaintiffs' Liaison Counsel)

Particularly with respect to appointment of Interim Co-Lead Class Counsel, the court has conducted an independent review of the applicants and finds that those appointed in this Order are best suited to represent, on an interim basis, the interests of the class. Fed.R.Civ.P. 23(g)(2) & (3).

---

[2] The Special Master also recommended the appointment of Dan Small to the Subscriber Track Plaintiffs' Steering Committee; however, Mr. Small has withdrawn his name from consideration.

[3] Because the Provider Plaintiffs will not be required to undertake the same amount of state court coordination as the Subscriber Plaintiffs, the Provider Plaintiffs' Steering Committee has four members rather than five.

The court further finds that counsel appointed to the lead roles are qualified and responsible, and that they will fairly and adequately represent the interests of the class.

Appointment to these positions is of a personal nature. Accordingly, other attorneys, including members of the appointee's law firm, may not substitute for the appointees to perform Lead Counsel, Local Facilitating Counsel, or PSC functions, except with express, prior approval of the court. Furthermore, any appointment to the Interim Co-Lead Counsel, Local Facilitating Counsel, and PSC positions is for one (1) year from the date of this Order. Appointees may reapply and be reappointed when their terms expire. Their applications should detail the nature and scope of their work in their position, including the time and resources expended during the prior term.

**II.     Duties of Interim Co-Lead Class Counsel, Local Facilitating Counsel, Plaintiffs' Steering Committee, and Discovery Liaison Counsel**

   **A.     Interim Co-Lead Class Counsel**

Interim Co-Lead Class Counsel **SHALL** be charged with "communications between the [c]ourt and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), conveying meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual for Complex Litigation* (Fourth) § 10.221 (2005).

To be more specific, Interim Co-Lead Class Counsel **SHALL** generally be responsible for coordinating the activities for their respective tracks during pretrial proceedings, including:

   1.     Determining and presenting to the court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings, including pre-trial/pre-certification motion practice.

   2.     Prosecuting the class allegations in this case, including compliance with Rule 23's requirements and analysis of any necessary sub-classes;

3

  3. Directing, coordinating, and conducting discovery on behalf of Plaintiffs, including working with Defense Counsel to develop appropriate electronic discovery protocols, serving and responding to written discovery, and conducting the examination of deponents;

  4. Consulting with and employing experts;

  5. Providing general coordination of the activities of Plaintiffs' counsel and delegating work responsibilities to selected counsel, in a manner to ensure the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  6. Calling and chairing meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

  7. Acting as spokesperson for Plaintiffs at status and pretrial conferences;

  8. Entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

  9. Preparing and filing appropriate motions, responses, and other written submissions;

  10. Initiating and conducting any settlement negotiations with counsel for Defendants; and

  11. Performing such other duties as may be expressly authorized by this court.

Interim Co-Lead Counsel for both tracks **SHALL**, after consultation with their respective Local Facilitating Counsel and PSCs, nominate an appropriate list of committee chairs and committee members.[4]

**B.** **Plaintiffs' Steering Committee**

With the understanding that the scope of work required to prosecute this litigation on behalf of the putative class(es) is substantial, the court has also appointed a small number of lawyers to the

---

[4] The polestar considerations in both organizational structure and nomination of attorneys to leadership positions must be efficiency, economy, teamwork, and quality of legal work.

4

PSC for each track. The PSCs will report to their track's Interim Co-Lead Class Counsel, support the Interim Co-Lead Class Counsel in the prosecution of this litigation, and facilitate supervision of committees organized to perform common benefit work.[5]

### C. Plaintiffs' Local Facilitating Counsel

The court has also appointed Local Facilitating Counsel for each track: Chris Hellums and Kirk Wood. Mr. Hellums and Mr. Wood will serve as ex-officio members of their respective PSCs, and will vote on issues only if the members of the PSCs are deadlocked on any issue. Local Facilitating Counsel will be responsible for coordination between Interim Co-Lead Class Counsel and the other Common Benefit Counsel, serving as local counsel for all Plaintiffs' Counsel groups, and serve as a point of contact for the court and Special Master with respect to all litigation in this court. In addition, Local Facilitating Counsel **SHALL** receive and review (along with the Special Master) monthly time and expense reports of all attorneys on behalf of their respective track Plaintiffs, to determine if the time and expenses are being spent appropriately and for the benefit of Plaintiffs.[6]

### D. Plaintiffs' Discovery Liaison

Finally Plaintiffs' Discovery Liaison, in addition to the previous duties assigned by the court, will be responsible for coordinating and facilitating discovery on behalf of Plaintiffs' tracks, including working with Interim Co-Lead Class Counsel, Plaintiffs' Steering Committees, and the two Discovery Committees to resolve any disputes or disagreements between the two tracks and working to eliminate any duplication of discovery requested by the two tracks. In addition, Plaintiffs' Discovery Liaison **SHALL** be charged with communicating and working with counsel

---

[5] The court contemplates that leadership counsel will nominate additional attorneys to work on specific committees, and work together in coordinating the work of those various committees, subject to the polestar consideration described in Footnote 4.

[6] Common Benefit billing procedures will be addressed by separate order.

for the Defendants to ensure the timely, efficient and smooth exchange of discovery requests and responses, coordinating and scheduling depositions and attempting to resolve any discovery disputes prior to the involvement of the court.

Plaintiffs' Discovery Liaison **SHALL** be compensated for his reasonable and necessary services on an hourly basis at the rate of $250.00 and **SHALL** submit to the Special Master detailed and itemized invoices for his services on a monthly basis. The hourly charges, as well as any reasonable out-of-pocket expenses incurred by Plaintiffs' Discovery Liaison **SHALL** be shared equally by all other Plaintiffs' counsel in a manner agreed upon by Interim Co-Lead Class Counsel, or set by the court if they cannot reach an agreement. The fees and expenses of Plaintiffs' Discovery Liaison **SHALL** be paid within thirty (30) days after approval by the Special Master. In the event that Plaintiffs are successful in this litigation, either by way of a final judgment or negotiated settlement, Plaintiffs' Discovery Liaison **SHALL** be eligible to apply to the court for additional compensation for his services previously rendered at an enhanced hourly rate to be determined by the court.

**III.     Appointment of Lead Counsel and Local Facilitating Counsel for Defendants**

The court **APPOINTS** the following individuals:

A.   Lead Counsel for Defendants

    David Zott
    Daniel Laytin
    Craig Hoover
    Emily Yinger

B.   Local Facilitating Counsel for Defendants

    Kimberly West
    Mark Hogewood

## IV. Requirement to Confer and Report Regarding Consolidated Class Action Complaint

**Not later than May 10, 2013**, Interim Co-Lead Class Counsel **SHALL** confer with Lead Counsel for Defendants about whether a consolidated class action complaint will be filed, or whether two complaints will be filed with respect to the separate tracks in this case.

**Not later than June 14, 2013**, Interim Co-Lead Class Counsel **SHALL** file either a consolidated class action complaint, or consolidated class action complaints for each track, which for purposes of this MDL **SHALL** be the operative complaints and **SHALL** supersede all other complaints filed in any of the actions centralized in this MDL.

**DONE** and **ORDERED** this      26th      day of April, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

7