UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM<br><br>    Plaintiff,<br><br>v.<br><br>LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA,<br><br>    Defendant. | CIVIL ACTION NO. 6:17-cv-00818<br><br>JUDGE REBECCA F. DOHERTY<br><br>MAG. JUDGE PATRICK J. HANNA |

**EMERGENCY MOTION FOR REMAND**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Health System, individually and on behalf of all persons similarly situated, and respectfully moves this Court for emergency remand for the reasons set forth in the accompanying memorandum.

Emergency consideration of this remand motion is necessary, as this action was improperly removed on the eve of a class certification hearing scheduled to commence on June 29, 2017 at 9:00 am before the 29th Judicial District Court of Louisiana for the Parish of St. Landry. Witnesses and counsel have made extensive arrangements to attend the hearing, and will be unfairly prejudiced if the hearing is delayed by virtue of an improper removal.



Opelousas General Hosp. v. Louisiana Health Service, et al

**Exhibit A**

Respectfully submitted,

**MURRAY LAW FIRM**


By: /s/ Stephen B. Murray, Jr.
STEPHEN B. MURRAY, JR. (#23877)
STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 525-8100

**MORROW, MORROW, RYAN & BASSETT**
PATRICK C. MORROW (#09748)
JAMES P. RYAN (#11560)
324 West Landry Street
Opelousas, Louisiana 70570-5120
Telephone: (337)948-4483
Facsimile: (337)942-5234

**COX, COX, FILO, CAMEL & WILSON L.L.C.**
THOMAS A. FILO (#18210)
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Stephen B. Murray, Jr.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM | CIVIL ACTION NO. 6:17-cv-00818 |
| Plaintiff, | JUDGE REBECCA F. DOHERTY |
| v. | MAG. JUDGE PATRICK J. HANNA |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT
OF EMERGENCY MOTION FOR REMAND**

MAY IT PLEASE THE COURT:

In a desperate bid to disrupt a class certification hearing which has been set for months, just one business day before the hearing, the defendant and a *non-party* improperly removed this matter to this Federal Court. The only defendant in the action, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana (Louisiana Blue Cross), is a Louisiana corporation. Plaintiff in this action, Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Health System (OGHA), is also a Louisiana citizen. OGHA has brought this action on behalf of a class of Louisiana citizens. Hence, there is absolutely no diversity, and removal of this action is entirely improper under 28 U.S.C. §1453(b).

1

In order to overcome this absolute bar to removal, the sole defendant in this lawsuit has joined in its removal with an out-of-state non-party, Blue Cross and Blue Shield Association (Blue Cross Association). Blue Cross Association is NOT a party to this action. Plaintiffs have not sued Blue Cross Association. Plaintiffs have not served Blue Cross Association. Although Blue Cross Association represents to this Court that it is an intervenor in this action, it is not. No court has granted Blue Cross Association leave to intervene, a pre-requisite to becoming a party intervenor. The removal of this action is spurious at best. Rather than await leave to intervene (which under Louisiana would not be granted), Louisiana Blue Cross and the non-party Blue Cross Association have attempted to circumvent this critical step by proceeding directly to removal. For the reasons stated herein, this removal is entirely improper, intended for the sole purpose of avoiding a long-scheduled class certification hearing, and this Court should remand this matter post haste.

**A.     The so-called intervenor is NOT a party to this action.**

Under Louisiana law, after an answer has been filed, a party must seek leave of court to intervene in an action. La. C.C.P. art. 1033. Louisiana Blue Cross filed its answer in this matter in March, 2017, so leave of court is required for the Blue Cross Association to intervene. Blue Cross Association recognized as much when it filed a motion for leave with the Louisiana state court. However, Louisiana Blue Cross and Blue Cross Association removed this matter before the motion for leave had even been set for hearing, much less granted. Exhibit A to the Notice of Remand contains an *unsigned* Rule to Show Cause, with an as yet unfixed date. Unless and until its motion for leave to intervene is granted by the Louisiana district court, Blue Cross Association is not even a party to this action, and hence its out-of-state status cannot even be considered for diversity purposes.

Under Louisiana, "failure to obtain leave of court when it is required renders the pleading *totally without effect and is deemed to have not been filed at all*." *Morgan v. ABC Manufacturing*, 637 So.2d 1076 (La.App. 5th Cir. 1994) (emphasis added). *See also Phillip v. Garden*, 211 So.2d 735 (La.App. 2nd Cir. 1968). (Intervention deemed ineffective without leave of court); *Carolina Casualty v. John Day Housemovers*, 525 So.2d 116 (La.App. 3rd Cir. 1988); *Bernard v. Grefer*, 2015 WL 1781674 (E.D. La. 2015) (citing *Morgan, supra* for proposition that failure to obtain leave of court when required renders a pleading totally without effect). The purported basis for removal, the supposed intervention of Blue Cross Association, is totally without effect. Until leave is granted, it is as if Blue Cross Association's intervention had never been filed.

This exact scenario was presented to the Federal District Court for the Eastern District of Louisiana in *Lester v. Exxon Mobile Corp.*, 2007 WL 1029507 (E.D. La. 2007), wherein Judge Fallon remanded an improperly removed case where the purported basis for removal involved a pleading (an amended petition that required leave of court to file) which had been deemed "not filed and ineffective" because no leave of court was obtained in state court prior to its filing. The Court stated that where Defendant Humble filed a notice of removal in the federal court prior to the resolution of the motion for leave to amend, the supplemental petition had not been "filed," and thus Humble was not yet a party to the litigation. The Court went on to state that the case had not yet become removable insofar as Humble was concerned, because leave to amend had not been granted, and hence Humble was not yet a party to the action in state court. The Court found, "common sense in the practicalities of pleadings dictate that no nonparty to a state court proceeding has a mature right to remove that proceeding to federal court." *Citing FDIC v. Lloyd*, 955 F.2d 316 (5th Cir. 1992) and 28 USA Sec. 1446 (b).

Defendant's motive in by-passing the crucial step of obtaining leave to file is not difficult to ascertain. Blue Cross Association's motion to intervene is destined to fail. After an answer has been filed, leave to intervene will not be granted if it will retard the progress of the initial action. La. C.C.P. art. 1033. The entire purpose of Blue Cross Association's intervention is to retard the action. The timing of the attempted intervention and improper removal of this action, on the eve of a hearing for class certification, eliminates any doubt on that score.[1]

Moreover, even if its intervention were not found to retard the progress of this action, the Association would still not even have a right to intervene, as the action will not directly impact any right of the Association. In order to intervene, an intervenor "must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Opelousas General Hospital Authority v. Faripay Solutions*, Inc., 118 So.3d 1639, 1273 (La. App. 3rd Cir. 2013) . The only right by Plaintiffs in this action is one for monetary damages against Louisiana Blue Cross. The Association does not allege that it is owed or would be responsible for any part of the damages claimed. Plaintiffs have made no claim for injunctive or declaratory relief, so no judgment against Louisiana Blue Cross could have any direct effect on Blue Cross Association.[2] Any judgment in this matter will not have "a direct impact" on Blue Cross

---

[1] Notably, prior to filing this eleventh hour improper removal, Louisiana Blue Cross unsuccessfully sought stays of the class certification hearing on three separate occasions, twice before the district court and once before the Louisiana Third Circuit.

[2] This is no doubt why any and all reference to the "home state" exception to CAFA jurisdiction is absent from Defendant's briefing. Cases removed to federal court pursuant to CAFA must be remanded if two-thirds or more of the members of the plaintiff class and the primary defendants, are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B). Here, there

Association's rights, so Blue Cross Association's motion to intervene is bound to fail. For that reason, Blue Cross Association has sought to by-pass consideration of the motion for leave by immediately removing this matter to federal court.

**B.     Even if Blue Cross Association had been granted leave to intervene, as an intervenor, Blue Cross Association cannot remove the action.**

Defendant contends that the instant action is removable pursuant to U.S.C. §§1453(b) and 1446(b). Section 1453(b), which provides exceptions to §1446's one year removal deadline and requirement of consent of all defendants to removal, nevertheless requires that removal be proper under §1446 for a class action to be removed. It is well-established that an intervention cannot form the basis of removal under §1446. *In re Crystal Power Co., Ltd.*, 641 F.3d 82, n. 10 (5th Cir. 2011); *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (district court remanded because removal could not be based on intervention); *Opelousas General Hospital Authority v. Fairpay Solutions, Inc.*, 2012 WL 5423881 (W.D. La. 2012); *Ball v. Al Fortish*, 2009 WL 901773 (E.D. La. 2009).

In *Crystal Power* an intervening party sought to remove the action. The Fifth Circuit held that a party that chose to avail itself of the state forum by intervening could not remove the case, for

---

can be only one primary defendant. Louisiana Blue Cross was and remains the only defendant sued by the Plaintiff Class. Even if Blue Cross Association had properly intervened (it did not) and could be considered a defendant being sued by the Plaintiff Class (it is not), the Fifth Circuit has held that all defendants cannot be primary defendants. *Watson v. City of Allen,* Tx, 821 F.3d 634 (5th Cir. 2016). Assuming arguendo that there are two defendants before the Court (once again, there are not), it follows that one must be the primary defendant. Under these facts, the *only* conclusion that can reasonably be reached is Louisiana Blue Cross is the primary defendant in this case, and the home state exception would necessarily require remand. In other words, this matter would have to remanded in any event.

5

by intervening in state court, the intervenor avaidled itself of the state forum. Had the intervenor wished for a federal forum, it was required to bring its action there. *Crystal Power*, 641 F.3d 82, n. 1, *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In a case remarkably similar to this one – indeed involving the same plaintiff, OGHA – Judge Haik found that removal where diversity arose by way of intervention was improper, and remanded the action to state court. *Opelousas General v. Fairpay, supra*. Judge Haik reasoned, an intervenor "cannot modify the procedural nature of the main demand, nor retard its process by way of the intervention." *Id.*, at p. 3, citing *Schexnayder, supra.* Likewise here, Blue Cross Association cannot modify the procedural nature of this action nor retard its progress through an intervention, even assuming *arguendo* that it had been granted leave to intervene.

**C.     Plaintiff will forego sanctions to ensure expedited remand.**

Defendant and non-party's intervention is facially improper, and intended for the sole purpose of disrupting the proceedings of the state court. Having failed on three separate occasions to obtain a stay of tomorrow's hearing, Louisiana Blue Cross and a non-party sought an improper removal with a non-party on the basis of an intervention that had yet to occur, and likely never would occur. Such abusive practice is sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

As sanctionable as this facially invalid removal is, Plaintiff is willing to forego sanctions in order to deprive Defendant of its intended result, the postponement of tomorrow's hearing. Rather than burden these proceedings further with a motion for sanctions, Plaintiff requests immediate remand of this case so that tomorrow's hearing can proceed as scheduled. However, should this

Court not grant emergency remand, and the hearing date be lost, Plaintiff intends to move for sanctions for this unconscionable abuse of process.

## CONCLUSION

Defendant Louisiana Blue Cross and its association have played fast and loose with the intervention procedures of Louisiana courts and the removal jurisdiction of this Court, for the sole purpose of derailing a long-set class certification hearing. This Court should not reward such abuse of the removal procedure. The only way ensure that Defendant does not profit by its improper conduct is to grant immediate remand of this action so that the Louisiana state court can proceed with the class certification hearing that Defendant has so transparently attempted to avoid.

Respectfully submitted by:

**MURRAY LAW FIRM**

By: /s/ Stephen B. Murray, Jr.
STEPHEN B. MURRAY, JR. (#23877)
STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 525-8100

**MORROW, MORROW, RYAN & BASSETT**
PATRICK C. MORROW (#09748)
JAMES P. RYAN (#11560)
324 West Landry Street
Opelousas, Louisiana 70570-5120
Telephone: (337)948-4483
Facsimile: (337)942-5234

**COX, COX, FILO, CAMEL & WILSON L.L.C.**
THOMAS A. FILO (#18210)
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611

## CERTIFICATE OF SERVICE

     I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                                                   /s/ Stephen B. Murray, Jr.