UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM**<br>      Plaintiff,<br>v.<br><br>**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA,**<br>      Defendant. | **CIVIL ACTION NO. 6:17-cv-00818**<br><br><br><br><br>**JUDGE REBECCA F. DOHERTY**<br><br>**MAG. JUDGE PATRICK J. HANNA** |

### PLAINTIFF OPELOUSAS GENERAL HOSPITAL AUTHORITY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO REMAND

MAY IT PLEASE THE COURT:

Following the denial of Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Health System's ("OGH") request for emergency consideration of its Motion to Remand (after the Court was willing to accommodate the parties with a two and one-half hour telephone hearing on extremely short notice), this Honorable Court indicated that it would set Plaintiff's Motion to Remand for Hearing "in due course". Plaintiff now supplements its Memorandum in Support of its Motion to Remand to point out that Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana's ("Louisiana Blue Cross") removal is simply not allowed under 28 U.S.C. §1446(b)(3) and remand is required due to Louisiana Blue Cross's procedurally defective removal.



Opelousas General Hosp. v. Louisiana Health Service, et al

**Exhibit B**

As a result of the Court's repeated and persistent return to the language of 28 U.S.C. §1446(b)(3) during the telephone hearing, Plaintiff has conducted further research into the issue of procedural removability and has found the answer to the Court's question. As it turns out, the removal/remand issue does *not* turn on any of the three issues raised in Plaintiff's Motion to Remand but instead turns on the well established "voluntary/involuntary rule".[1] The voluntary/involuntary rule is well established in the Fifth Circuit (and across the entire country) and simply states that "cases not removable as originally pled under 28 U.S.C. §1446(b)(1) may later become removable under 28 U.S.C. §1446(b)(3) *only through a voluntary action of plaintiff*."

The voluntary/involuntary rule has been repeatedly, consistently and uniformly applied by the United States Fifth Circuit Court of Appeal for decades. See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996), *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961) and *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967) (holding that the enactment of 1446(b) identical in relevant part to the current provision did not affect the rule developed by prior case law that "a case nonremovable on the initial pleadings can become removable only pursuant to voluntary action of the plaintiff). In the case of an intervention (such as here), this Honorable Court (Judge Richard Haik) in the case of *Scott v. Perma-Pipe, Inc.*, 2015 WL 4661623 (W.D. La. 2015) held that Perma-Pipe's removal based on the intervention of plaintiff's employer was procedurally improper under 28 U.S.C. §1446(b)(3) as the intervention was not a voluntary act of the plaintiff and therefore could not form the basis for removal (citing the above referenced well established and

---

[1] Although the failure to raise the issue upon which the removability (or more properly non-removability) of this action turns may be due in part to time constraints, it is always the burden of the party seeking remand to explain all legal grounds for the request. Accordingly, Plaintiff is hereby supplementing its Memorandum in Support of Motion to Remand to include the arguments concerning the procedural inability of Louisiana Blue Cross to remove this action under 28 U.S.C. §1446(b)(3).

controlling Fifth Circuit jurisprudence).

Research of cases within this Circuit and around the country are all in accord. In every instance where a removal was attempted based on the intervention of anyone other than the FDIC (as discussed below there is a special removal statute applicable to the FDIC under FIRREA), the courts have all remanded the cases under the "voluntary/involuntary" rule. See for example, *Benson v. Benson*, 2015 WL 3622335 (W.D. Texas 2015) (citing *S.W.S. Erectors*); *Murphy v. Joshua Financial Services, Inc.*, 2006 WL 3299999 (N.D. Texas 2006) (where the intervenor's petition was not the result of any action by the plaintiffs, removal may not be based upon the intervening petition); *Henderson v. City of Chattanooga*, 2002 WL 32060139 (E.D. Tenn. 2002) (claims introduced or interjected by intervention cannot provide a basis for removal); *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington*, 517 F.Supp. 243 (E.D. Ky. 1981) (removal improper when based on intervening claim which was not part of the initial pleading nor resulted from a voluntary act of the plaintiff); *Smith v. St. Luke's Hospital*, 480 F.Supp. 58 (D.S.D. 1979) (intervention cannot be the basis for removal) *Ball v. Alfortish*, 2009 WL 901773 (E.D. La. 2009) (if the plaintiff sets forth a non-removable case in his initial complaint, involuntary changes, such an intervention, will not make the case removable; they must have been brought by the voluntary act of the plaintiff); *Brixey v. Union Oil Co. of California*, 275 F.Supp. 290 (W.D. Ark. 1967) (claims introduced into an action via intervention was not removable under 28 U.S.C. §1446(b)(3)). Finally, the Fifth Circuit Court of Appeal in *Schexnayder v. Entergy Louisiana, Inc.,* 394 F.3d 283 (5th Cir. 2004) found that the District Court had provided an adequate reason for remand when it rejected the moving party's contention that remand was proper based on a petition for intervention.

Adherence to the "voluntary/involuntary" rule is overwhelming and is strictly followed in the Fifth Circuit. Because the Petition for Intervention filed by the Blue Cross and Blue Shield Association("Blue Cross Association") is not a voluntary act of the plaintiff, the intervention (even assuming it has occurred, will occur or has the absolute right to occur) cannot possibly form the basis for removal of the instant action. Additionally, because an intervention cannot form the basis for removal under 28 U.S.C. §1446(b)(3), the issue of whether CAFA jurisdiction does or does not exist (or whether any CAFA exceptions would require remand) is simply of no moment. This is so because, as the Court correctly pointed out during the telephone hearing, CAFA has no independent basis for removal and removal under CAFA depends entirely on the right to remove under 28 U.S.C. §1446. See *Admiral Ins. Co. v. Abshire*, 574 F.3d 267 (5th Cir. 2009) wherein the Fifth Circuit explained that even where CAFA jurisdiction exists there must still be a basis for remand under 28 U.S.C. §1446(b) in order for the case to be removed. The Fifth Circuit pointed out that "even though §1446(b)'s one year time bar on removal of diversity suits does not apply under CAFA, there are still suits for which jurisdiction exists but for which removal is improper. *Admiral* at 279.

Clearly then, whether Louisiana Blue Cross does or does not have a valid basis for CAFA jurisdiction, makes no difference whatsoever if removal cannot be effectuated under 28 U.S.C. §1446(b)(3). As the Court noted during the telephone hearing, CAFA simply "tweaked" the diversity jurisdiction requirements under 28 U.S.C. §1332 but did nothing to affect the removal rules under 28 U.S.C. §1446. The confusion at the telephone hearing seemed to stem from reference by the parties to FDIC cases that had been removed upon either the intervention or contemplated intervention into a state court by the FDIC. The reason for this is simple. The FDIC (unlike the Blue Cross Association) has the benefit of a special removal statute (12 U.S.C. 1819 et seq.) in cases

where the FDIC becomes a party, including through intervention. See *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002). Consequently, there are numerous cases (all involving the FDIC) where removal has been found proper where the FDIC has intervened. These cases, of course, do *not* apply to the instant unless Louisiana Blue Cross either claims to be the FDIC or claims that another special removal statute exists which could apply to it. Because Louisiana Blue Cross is not the FDIC and because the voluntary/involuntary rule prohibits removal under 28 U.S.C. §1446(b)(3) based on an intervention, the Motion to Remand should and must be GRANTED.

     Finally, because remand of this matter is sought on procedural grounds rather than on any CAFA grounds (CAFA jurisdiction arguments are simply not relevant to the 28 U.S.C. §1446(d)(3) removal issue) the Court's ruling on Plaintiff's Motion to Remand will not trigger a CAFA discretionary appeal. It is well settled that determining whether a remand triggers the availability of a CAFA discretionary appeal under 28 U.S.C. §1453(c)(1) necessarily considers whether the issues presented are unique to CAFA. See *Alvarez v. Midland Credit Management, Inc.*, 585 F.3d 890 (5th Cir. 2009) stating that the CAFA discretionary appeal rule is intended to facilitate the development of a "body of appellate law interpreting CAFA without unduly delaying the litigation of class actions (citing *Saab v. Home Depot USA, Inc.*, 469 F.3d 758 (9th Cir. 2006)). See also, *Berniard v. Dow Chemical*, 481 Fed.Appx. 859 (5th Cir. 2010) (the court does not have jurisdiction to review remand decisions not based on CAFA).

## CONCLUSION

After admittedly failing to address in its Emergency Motion to Remand the pivotal legal issue created by Louisiana Blue Cross's procedurally improper removal, Plaintiff has now (once the focus was properly shifted to the removal statute itself) identified the singular, definitive and controlling rule of law upon which remand of this matter turns. Because an intervention cannot form the basis for removal pursuant to 28 U.S.C. §1446(d)(3) under the "voluntary/involuntary rule", Louisiana Blue Cross removal was defective and this matter should and must be remanded on that basis and that basis alone. Consideration of any other issues (including issues of jurisdiction under CAFA) is unnecessary and this Court should remand this matter back to State Court as this case is simply "non-removable".

Respectfully submitted by:

**COX, COX, FILO, CAMEL & WILSON L.L.C.**

By: /s/ Thomas A. Filo
THOMAS A. FILO (#18210)
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611

**MURRAY LAW FIRM**
STEPHEN B. MURRAY (#9858)
STEPHEN B. MURRAY, JR. (#23877)
ARTHUR M. MURRAY (#27694)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 525-8100

**MORROW, MORROW, RYAN & BASSETT**
PATRICK C. MORROW (#09748)
JAMES P. RYAN (#11560)
324 West Landry Street
Opelousas, Louisiana 70570-5120
Telephone: (337)948-4483

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

    /s/ Thomas A. Filo

7