**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:  BLUE CROSS BLUE SHIELD      )<br>ANTITRUST LITIGATION                       )<br>_____)  | MDL. 2406 |

<u>This filing relates to the following case only:</u>

*Chicoine et al. v. Wellmark, Inc. d/b/a Wellmark
Blue Cross and Blue Shield of Iowa, et al.,*
S.D. Iowa, Case No. 4:17-cv-00210

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-32)**

COME NOW, Plaintiffs in *Chicoine et al. v. Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, et al.,* U.S. District Court for the Southern District of Iowa Case No. 4:17-cv-00210 ("S.D. Iowa Case") and, pursuant to Rule 7.1(f) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML"), hereby move this Panel to vacate the Conditional Transfer Order (CTO-32) entered on June 20, 2017, [Doc. 366] for transfer to the United States District Court for the Northern District of Alabama. In support thereof, Plaintiffs state the following:

1. On October 5, 2015, Iowa-licensed Plaintiff chiropractors filed this putative class action in the Iowa District Court for Polk County, Case No. CVCV050638 ("Iowa District Court") against Defendants Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, and Wellmark Health Plan of Iowa, Inc. ("Wellmark") alleging conspiracy in Iowa to discriminate against Iowa chiropractors in the form of price fixing and coverage limitations in violation of the Iowa Competition Act, Iowa Code § 553.4. The Defendants are both Iowa corporations. The class Plaintiffs propose to represent are all Iowa citizens. Plaintiffs do not

assert violations of the Sherman and Clayton Acts. (*See* Petition and First Amendment to Petition attached as Exs. 1, 3).

2. Blue Cross and Blue Shield Association ("BCBSA"), a non-Iowa citizen, is not a named defendant. BCBSA has merely sought intervention in the Iowa District Court on June 14, 2017 (Ex. 4), and then on the same day, Wellmark defendants filed a notice of removal in clear violation of 28 U.S.C. § 1446(b)(1) (Ex. 5). There is no federal jurisdiction for the S.D. Iowa Case. The operative Iowa District Court petition (Exs. 1, 3) filed before the notice of removal does not contain allegations of BCBSA horizontal territorial allocation and does not attack the validity of BCBSA's trademarks, underlying licensing system or its national BlueCard Program. Plaintiffs have a pending Motion to Remand in the S.D. Iowa Case (Ex. 6) and have resisted BCBSA's intervention request (Ex. 9).

3. The Wellmark defendants moved to stay all proceedings in the Southern District of Iowa until the JPML determines whether to transfer the case to the Northern District of Alabama for consolidated and coordinated pretrial proceedings under the Rules of Procedure of JPML (Ex. 7). Plaintiffs agreed to a stay pending this Panel's transfer determination while maintaining their contention of lack of federal jurisdiction both in the Southern District of Iowa and before this Panel (Ex. 8).

4. Plaintiffs object to the underlying basis stated in CTO-32 because their action—which solely centers on conspiratorial and discriminatory price fixing treatment of Iowa chiropractors in Iowa by Iowa actors in violation of Iowa law—does not involve common questions of fact with the consolidated action in the Northern District of Alabama. As detailed in their supporting brief filed concurrently with this motion, the actions do not present common

factual questions, and Section 1407 does not support transfer. The stark differences between the actions show that transfer would not serve the objectives of efficiency and convenience.

5. Moreover, the Wellmark defendants' and BCBSA's thinly-veiled objective is to manufacture diversity jurisdiction in order to circumvent the Iowa Supreme Court's refusal to stay the Iowa District Court case pending proceedings in MDL 2406. The Iowa Supreme Court weighed similar factors relevant to this Panel's determination to transfer and found "considerable differences" between the actions and that staying Plaintiffs' case would harm their interest in "prompt and complete justice." *See generally Chicoine v. Wellmark, Inc.*, 894 N.W.2d 454, 456, 461 (Iowa 2017) (Ex. 2). Not only is transfer unwarranted under Section 1407, but also vacating CTO-32 will show that the Panel does not condone this kind of gamesmanship.

6. This Motion to Vacate is supported by the accompanying brief, exhibits and schedule.

Date: July 7, 2017

/s/ *Steven P. Wandro*
Steven P. Wandro  AT0008177
Kara M. Simons  AT0009876
WANDRO & ASSOCIATES, P.C.
2501 Grand Avenue, Suite B
Des Moines, Iowa 50312
Telephone:  515-281-1475
Facsimile:   515-281-1474
Email: swandro@2501grand.com
           ksimons@2501grand.com

Glenn L. Norris  AT0005907
HAWKINS & NORRIS, P.C.
2501 Grand Avenue, Suite C
Des Moines, Iowa 50312-5399
Telephone:  515-288-6532
Facsimile:  515-281-1474
Email: gnorris@2501grand.com
           gnorrislaw@gmail.com

> ATTORNEYS FOR PLAINTIFFS CHICOINE ET AL. IN CASE NO. 4:17-cv-00210 BEFORE THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2017, a copy of the foregoing was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system on behalf of Plaintiffs Bradley A. Chicoine, D.C., Mark A. Niles, D.C., Rod R. Rebarcak, D.C., and Ben Winecoff, D.C., on behalf of themselves and those like situated, and Steven A. Mueller, D.C., Bradley J. Brown, D.C., Mark A. Kruse, D.C., Kevin D. Miller, D.C., and Larry E. Phipps, D.C., on behalf of themselves and those like situated, which will send notice of electronic filing to counsel for all parties of record: Defendants Wellmark, Inc. d/b/a Wellmark Blue Cross and BlueShield of Iowa and Wellmark Health Plan of Iowa, Inc., and Applicant Intervenor Blue Cross Blue Shield Association.

Date: July 7, 2017

>   */s/ Steven P. Wandro*
>   Steven P. Wandro