BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL No. 2406                                              IN RE: Blue Cross Blue Shield
                                                          Antitrust Litigation

This Filing Relates To The Following Case Only:

*Opelousas General Hospital Authority v. Louisiana Health Service & Ind. Co.*
USDC WD of LA Case No. 17-00818

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO33)**

STEPHEN B. MURRAY
Louisiana Bar No. 9858
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel: (504)525-8100
smurray@murray-lawfirm.com

COUNSEL FOR PLAINTIFF
Opelousas General Hospital Authority

Dated: July 18, 2017

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Health System ("Plaintiff" or "OGH") files this Memorandum of Law in Support of its Motion to Vacate Conditional Transfer Order (CTO-33), as follows.

## PRELIMINARY STATEMENT

Plaintiff OGH brought this action against Louisiana Health Services & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana (Louisiana Blue Cross solely under La. R.S. 51:137. The federal courts do not have removal jurisdiction over this case under either 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity). The 27th Judicial Court for the Parish of St. Landry, State of Louisiana is the only court with jurisdiction to adjudicate Plaintiff's claims.

Defendant improperly removed Plaintiff's action to federal district court despite having no basis for doing so. Defendant further seeks to maximize the delay occasioned by this improper removal by having this action transferred into MDL 2406. Because Defendant's removal was improper, Plaintiff has requested the United States District Court for the Western District of Louisiana to remand this action. The most efficient course of action now, both for the parties and for the courts, is to permit the Western District of Louisiana to determine the threshold jurisdictional issue: whether removal was proper. A transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice Plaintiff by causing further needless delay and unnecessary expense.

Plaintiff respectfully requests that the Panel vacate its conditional transfer of this matter to the Northern District of Alabama in order for the Western District of Louisiana Court to address the

pending motion to remand. Doing so will foster the just, speedy, and inexpensive determination of this action. See Fed. R. Civ. P. 1. Moreover, delaying transfer until after resolution of the remand motion will ensure that Defendant is not rewarded for its dilatory removal, and discourage similar practices by others.

## PROCEDURAL HISTORY

Plaintiff and the class it seeks to represent are Louisiana healthcare providers who entered into network contracts with Louisiana Blue Cross. This lawsuit was commenced in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, on August 24, 2016.[1] Plaintiff, a Louisiana citizen, filed this action on behalf of Louisiana citizens, solely against Louisiana Blue Cross, a Louisiana citizen, under Louisiana anti-trust law. Tellingly, when this action was first commenced, defendant Louisiana Blue Cross made no effort to remove the matter to federal court, recognizing that controlling authority held that actions such as this one, proceeding exclusively under Louisiana antitrust laws between completely non-diverse parties, did not give rise to federal question.[2]

On December 22, 2016, Defendant filed an Exception of Prematurity, which the Louisiana district court denied on March 8, 2017.[3] On March 22, 2017, Defendant filed an Answer and Affirmative Defenses to the Louisiana state court action.[4] On Apr 21, 2017, Defendant filed an

---

[1] Petition for Damages attached hereto as Exhibit A.

[2] See *Terrebonne Homecare v SMA Healthplan,* 271 F.3d 186 (5th Cir. 2001) (anti-trust actions filed by Louisiana citizens under Louisiana antitrust statute do not raise federal question, even though the same claims would be actionable under federal anti-trust laws).

[3] Order denying exception attached hereto as Exhibit B.

[4] Answer attached hereto as Exhibit C.

3

Application for Supervisory Review of the denial of its exception with the Louisiana Third Circuit Court of Appeal.[5] Upon applying for a writ of supervisory review, Louisiana Blue Cross sought a stay from both the Louisiana district and appellate courts. The Louisiana district court denied the stay and scheduled hearing on Plaintiff's Motion for Class Certification to commence on June 29, 2017. One week before hearing on plaintiff's motion to certify the Louisiana matter as a class action, Louisiana Blue Cross renewed its motion for stay with the Louisiana district court. The district court once again denied the motion for stay. Louisiana Blue Cross then sought a stay from the Louisiana Third Circuit Court of Appeal, which likewise declined to grant the stay.[6] Unable to persuade the Louisiana courts to stay the class certification hearing, on June 27, 2017, just two days before the class certification hearing was to commence (but nearly a year after the action was commenced), the Defendant attempted to derail the class certification hearing through an improper removal.

Two days before the class certification hearing, the Blue Cross Blue Shield Association (BCBSA), an entity which had never been sued by Plaintiff, sought leave to intervene in the state court action. Tellingly, defendant Louisiana Blue Cross had never sought to join BCBSA as an indispensable party.[7] Before the Louisiana court even ruled on the motion for leave to intervene, Louisiana Blue Cross removed the action to the United States Federal District Court for the Western District of Louisiana, Lafayette Division, contending that the intervention of this unnamed party

---

[5] See Application for Writ of Supervisory Review, attached hereto as Exhibit D.

[6] The Louisiana Third Circuit never ruled on the request for stay. The request was rendered moot by an Order of the Louisiana Third Circuit dated June 30, 2017, dismissing the writ application as untimely.

[7] It is well-established that a co-conspirator is not an indispensable party. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 329-330, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955).

created minimal diversity under the Class Action Fairness Act (CAFA). That very same day, Defendant filed a Notice of Tag-Along action, and on June 28, 2017, this Court entered Conditional Transfer Order 33, conditionally transferring the matter to MDL 2406, *In re Blue Cross Blue Shield Antitrust Litigation*.

On June 28, 2017 Plaintiff filed an Emergency Motion to Remand in the Louisiana Western District of Louisiana, hoping to salvage the derailed class certification hearing date.[8] The Louisiana Western District Court declined to rule on an emergency basis, and took the Motion to Remand under advisement. The parties have now fully briefed the remand question, and await ruling from the Louisiana Western District Court on the remand motion.[9]

On July 5, 2017, Plaintiff filed timely Notice of Objection to Conditional Transfer Order. For the reasons set forth herein, Plaintiff respectfully moves this Court to Vacate Conditional Transfer Order 33, and defer transfer until after the Western District of Louisiana has decided the remand question.

## STANDARD OF REVIEW

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp. 976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN

---

[8] Emergency Motion to Remand attached hereto as Exhibit E.

[9] See Supplement Memorandum in Support of Motion to Remand as Exhibit F, Opposition to Motion to Remand as Exhibit G, and Plaintiff's Sur-reply as Exhibit H, attached hereto.

1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

Under this standard, this Panel should vacate CTO-33 to allow immediate consideration of the Plaintiff's remand motion by the Western District of Louisiana. Vacating the CTO will allow the most efficient correction of a facially defective removal, and curtail abuses of removal and MDL consolidation undertaken for the sole purpose of delaying actions in which the only jurisdiction is state court.

## ARGUMENT

The instant case presents a transparent attempt to derail state court proceedings by improper, eleventh hour removal and to maximize the delay occasioned by removal by attempting to effect immediate transfer to the MDL. Although this action was pending in state court for nearly a year, it was not until the very eve of a hearing on a motion for certification of a Louisiana class, and denial of multiple requests for a stay from both the state district and appellate courts, that Louisiana Blue Cross's related entity sought, but did not obtain, leave to intervene, which the Defendant Louisiana Blue Cross then improperly urged as the grounds for removal. To maximize the dilatory effect of this improvident removal, Defendant immediately obtained the entry of a Conditional Transfer Order. As the timing reveals, the purpose of this eleventh hour maneuvering was not to effect legitimate removal to federal court, but to obtain the longest possible delay of the state court actions, having unsuccessfully sought such delay from the state courts through successive motions for stay.

Vacating the Conditional Transfer Order to allow for immediate consideration of remand by the Western District of Louisiana is the only way to curtail an increasingly prevalent practice of engaging in dubious removals so as to bring properly filed state court actions into the sweep of an MDL, not so that they can be litigated in a federal forum, but so as to enhance the dilatory effect of an improper removal. This procedural ploy is unfortunately all too common. As here, the Defendant files a spurious removal, followed by an immediate Notice of Tag-Along, in the hopes that the burdened transferee court will delay ruling on remand and thus provide an ill-gotten delay in the prosecution of the state court action. Both considerations of federalism and the interests of judicial efficiency favor consideration of remand of improperly removed cases in the transferor court, not the transferee court.

This Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. *See In re Air Crash Disaster at J.F.K. Int'l Airport*, MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on sub judice motion to remand that action to state court), cited by Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577, n. 15 (1978); *see also, In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent*, 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by transferor judges on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

Here, a transfer of this action would not promote "significant economy and efficiency in judicial administration," H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added) but would delay the resolution of the motion to remand. A transfer at this juncture would result in additional, unnecessary expense and delay. Presumably, a remand motion would need to be re-filed in the MDL. The MDL court would have to either interrupt the schedule it currently has in place in order to consider the renewed remand motion, or more likely, will take up the question of remand in due course, some time in the future.

As remand motions are not the only thing on an MDL court's busy docket, MDL courts often elect to postpone consideration of remand until resolution of consolidated pre-trial matters, with the result that state court litigants experience an unusually long delay in resolution of motions for remand.[10] While such prioritization certainly falls within the discretion of the MDL judge, the delay of the state court action could be avoided altogether by awaiting resolution of the remand question before finalizing transfer. When, as here, the grounds for removal are dubious, and the dilatory intent apparent, the interests of both inherent fairness and judicial efficiency warrant vacating the transfer order to allow prompt resolution of remand in the transferor court.

While it is true that before finalization of the transfer order, the transferor court can resolve a motion to remand, transferor courts often decline to do so. The panel has oft held, "[b]etween the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which

---

[10] Notably, in MDL 2406, the docket does not show any action on motions to remand in the MDL, although multiple remand motions had been filed in the consolidated actions, to date, the docket does not contain any ruling on remand motions. (See Transcript of initial status conference in MDL 2406, at p. 69-70 attached as Exhibit I (discussing pendency of multiple motions to remand)).

to do so." (Transfer Order, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (J.P.M.L. filed February 7, 2011 (Doc. No. 494). Unfortunately, out of deference to the MDL process, transferor courts often elect not to act on remand motions, with the ironic result that the MDL transferee court gets burdened with remand motions that could more efficiently have been resolved in the transferor court. Hoping to ensure that the Louisiana Western District does not take up remand, Defendant has requested that the district court stay all matters until transfer to the MDL.

Seeking to dispose of matters on their dockets efficiently, and in deference to the JPML and the MDL transferee judge, district court judges often opt to allow removed cases to simply be transferred to an MDL before ruling upon a motion to remand. As a result, the dilatory practice of improper removal is rewarded, and the aims of judicial efficiency behind the MDL process are thwarted. To ensure that such a result does not obtain here, and to curtail potential abuses of removal procedures in connection with MDL litigation, this Court should vacate the CTO pending resolution of the remand issue. In the unlikely case remand is denied, this Court can always renew its transfer order.

Plaintiff has already suffered delay in pursuing its state court claims against Defendant because of the inappropriate removal, and would be further prejudiced if the matter is transferred. Accordingly, the Panel should vacate Conditional Transfer Order (CTO-33) with respect to this action in order to promote the just, speedy, and inexpensive determination of this action.

## **CONCLUSION**

The MDL procedure was adopted for the purpose of ensuring efficient resolution of matters brought in multiple districts of the Federal Court System. That goal of efficiency is undermined if

transferee courts are burdened with consideration of remand motions prompted by dubious removals. In cases such as this one, the MDL transferee court must either set aside the business of streamlining pre-trail matters to consider remand of frivolously removed cases, or delay resolution of remand and reward dilatory practices. Cases that belong in federal courts achieve immense efficiencies through the MDL process. Cases that have been improperly removed only hamper those efficiencies. Judicial efficiency, the very *raison d'etre* for MDL consolidation, is best achieved by vacating the transfer order until the remand motion has been resolved.

                                              RESPECTFULLY SUBMITTED:

                                        /s/ Stephen B. Murray
STEPHEN B. MURRAY
Louisiana Bar No. 9858
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel: (504)525-8100
smurray@murray-lawfirm.com

COUNSEL FOR PLAINTIFF
Opelousas General Hospital Authority