

**Exhibit A**

Opelousas Gen. Hosp.
Authority v. BCBS of LA
MDL 2406

Memo in Support of Pl.'s Mtn to Vacate CTO 33

exhibitsticker.com

27TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. LANDRY

STATE OF LOUISIANA

NO. 16 C 3647 C            DIVISION "C"

OPELOUSAS GENERAL HOSPITAL AUTHORITY,
A PUBLIC TRUST, D/B/A OPELOUSAS GENERAL HEALTH SYSTEM

Versus

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY
D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES UNDER LA R.S. 51:137
AND FOR CLASS CERTIFICATION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, individually and as a representative of the Class of persons similarly situated having a common and undivided interest in the subject matter of this litigation, who files this Petition for Damages under La. R.S. 51:137 and Class Certification as follows:

**JURISDICTION**

1.

Jurisdiction is proper pursuant to Articles 2 and 6 of the Louisiana Code of Civil Procedure.

**VENUE**

2.

Venue is proper pursuant to Articles 74 and 76.1 of the Louisiana Code of Civil Procedure.

**PARTIES**

3.

Plaintiff

Plaintiff OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, D/B/A OPELOUSAS GENERAL HEALTH SYSTEM, is a political subdivision of the state of Louisiana organized under the laws of Louisiana, with its principal place of business and domicile in St. Landry Parish, Louisiana.

1

4.

**Defendant**

Defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ("Louisiana Blue Cross") is a Louisiana corporation with its principal place of business located at 5525 Reitz Avenue, Baton Rouge, Louisiana, and which is authorized to do and doing business in the Parish of St. Landry, State of Louisiana, which may be served through its registered agent for service of process Michelle S. Calandro, 5525 Reitz Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL BACKGROUND AND ALLEGATIONS

5.

The Plaintiff Class, defined in Paragraph 18 below consists of Louisiana healthcare providers who have contracted with Louisiana Blue Cross for alternate rates of reimbursement for healthcare services rendered to patients covered by Louisiana Blue Cross policies or plans.

6.

Defendant Louisiana Blue Cross operates one of the several locally operated Blue Cross and Blue Shield companies licensed to use the trademarks and name "Blue Cross" and/or "Blue Cross Blue Shield" in an exclusive geographic area (in the case of Louisiana Blue Cross - Louisiana) by the Blue Cross Blue Shield Association ("BCBSA").

7.

The BCBSA exists solely for the benefit of the various Blue Cross Blue Shield companies (including Louisiana Blue Cross) and to facilitate their concerted activities. Although the various Blue Cross Blue Shield companies use different iterations of the Blue Cross/Blue Shield name, all of the Blue Cross/Blue Shield companies (including Louisiana Blue Cross) are stand alone independent companies.

8.

Through various agreements with affiliated Blue Cross/Blue Shield companies and the BCBSA Louisiana Blue Cross colluded to make Louisiana a distinct "Service Area" and to allocate the Louisiana health insurance market free of competition from any other Blue Cross/Blue Shield company (the "Scheme").

2

9.

In furtherance of the Scheme, Louisiana Blue Cross agreed to allocate the Louisiana market to Louisiana Blue Cross (free of competition from other Blue Cross Blue Shield companies) and likewise agreed that Louisiana Blue Cross would not operate in any other geographic area in competition with any other Blue Cross/Blue Shied Company. In short, Louisiana Blue Cross has conspired to an allocation of geographic markets and to refrain from competing in other markets in return for the exclusive right to operate in Louisiana free from competition from other Blue Cross/Blue Shield companies (the "Louisiana Monopoly").

10.

Each of the Blue Cross/Blue Shield companies (including Louisiana Blue Cross) is organized and operated independently of each other and therefore could or would compete with each other but for the Scheme and the various agreements to not compete.

11.

The Scheme included not only unlawful agreements to not compete in other Blue Cross/Blue Shield geographic markets (in exchange for exclusive monopolistic reign over the Louisiana market) but also granted other Blue Cross/Blue Shield companies access to its Louisiana contracted rates essentially turning would-be competitors into Louisiana Blue Cross customers or clients instead.

12.

The scheme has significantly decreased competition in the healthcare insurance market in Louisiana and has resulted in a disproportionate market share (over 75%) for Louisiana Blue Cross in the state of Louisiana. As a direct result of this decreased competition, reimbursement rates to Plaintiff and the other Louisiana class members are artificially low and the contract terms with Louisiana Blue Cross are much less favorable to the Louisiana providers than they would be if normal competition existed.

13.

Louisiana Blue Cross's unlawful actions have significantly injured Plaintiff and the class member health care providers. Louisiana Blue Cross's actions have also harmed competition within the state of Louisiana resulting in reimbursement rates so low that many Louisiana healthcare providers have been forced to reduce services or fail to expand services which has a direct detrimental impact on the Louisiana healthcare industry as a whole.

3

14.

Louisiana Blue Cross's participation in the above described Scheme constitutes contracts, combinations and/or conspiracy in the restriction of trade within the state of Louisiana, all in violation of La. R.S. 51:122.

15.

Louisiana Blue Cross's participation in the aforementioned Scheme is an attempt to monopolize, and, in fact, has monopolized trade or commerce within the state of Louisiana, all in violation of La. R.S. 51:123.

16.

Plaintiff and the Plaintiff Class have been injured in their business or property by reason of the foregoing violations of La. R.S. 51:122 and La. R.S. 51:123 in that they have been forced or coerced into contracts providing for reimbursement for medical services and/or have been reimbursed for medical services at rates far lower that they would have been in the absence of Louisiana Blue Cross's restriction of trade and/or monopolization, and as such are entitled to three fold damages sustained and reasonable attorney fees pursuant to La. R.S. 51:137.

## COUNT I - CLASS ACTION

17.

Plaintiffs reiterate and reaver all preceding allegations of this petition.

### Class Definition

18.

Plaintiff submits that the class of persons and entities that should be certified for management as a class action be defined as follows:

> All Louisiana healthcare providers who, as the date of the filing of the instant petition, 1) are citizens of the state of Louisiana, and 2) are contracted with Defendant Louisiana Blue Cross, and 3) have had one or more medical bills reimbursed pursuant to such contract for any services rendered to a patient in the state of Louisiana.

19.

The above class definition is objective and includes class member criteria that is concrete and ascertainable, and that will permit the Court to clearly and specifically determine the constituency of the Plaintiff Class for the purpose of establishing the conclusiveness of any settlement or

4

judgments that may be reached in this matter, as required by Louisiana Code of Civil Procedure Article 591(A)(5), and for providing adequate class notice, if notice be required by the provision under which the action is certified as a class action, including Louisiana Code of Civil Procedure Article 592.

This lawsuit is appropriate for management as a class pursuant to Louisiana Code of Civil Procedure Article 591 for the following reasons:

### Numerosity

20.

On information and belief, there are tens of thousands of Louisiana healthcare providers in the state of Louisiana, the vast majority of which are currently contracted with Louisiana Blue Cross and which have been reimbursed pursuant to such contracts. Hence, the number of potential claimants easily suffices the numerosity requirement for a class action because the proposed class is sufficiently numerous that joinder of all class members in a single action is impractical.

21.

Plaintiff avers that individual trials would be cost prohibitive for all parties and will pose a risk of inconsistent or varied decisions that would, as a practical matter, impair the ability of the absent class members to protect their interest.

### Common Questions of Law and Fact

22.

Plaintiffs aver that common questions of law and fact exist in this case. The common questions of law or fact include, but are not limited to the following:

a. Whether Louisiana Blue Cross committed acts in violation of La. R.S. 51:122;

b. Whether Louisiana Blue Cross committed acts in violation of La. R.S. 51:123;

c. Whether Louisiana Blue Cross acts in restriction of trade resulted in unfair and anti-competitive contract terms within the class members;

d. Whether Louisiana Blue Cross's restriction of trade activities allowed Louisiana Blue Cross to enter into contracts with providers for lower than normal or competitive market rates; and

e. The methods for calculating lost revenue or profits as a result of these lower than competitive market reimbursement rates.

5

23.

Plaintiff alleges that Louisiana Blue Cross has acted or failed to act similarly with respect to each member of the Plaintiff Class and that the claims of the Plaintiff and of all class members arising from the same events, actions, inactions, practices and conduct on the part of Louisiana Blue Cross and are further based on the exact same legal theory (in violation of the Louisiana Anti-Trust laws La. R.S. 51:121 et seq.).

24.

Claims for economic harm resulting from anti-competitive behavior are especially well suited for class treatment and management because the measure of economic harm involves economic analysis across the entire Louisiana market which can be formulaically applied to the class as a whole as well as individual class members on a transaction by transaction basis.

### Adequacy of Representation

25.

The named class representative will fairly and adequately represent the interests and protect the due process rights of the absent class members. The interests of the name plaintiff parallel the interest of the class members and are not antagonistic to the class as a whole or to any individual class member. Plaintiff is wiling to take an active role in this litigation and is willing and capable of performing all duties expected of a class representative imposed under Louisiana law.

26.

Plaintiff avers that the Plaintiff Class is represented by skilled counsel experienced in litigating class actions (including numerous class action brought by Plaintiff and other class member healthcare providers) and is serving as class counsel in those actions. Class counsel will litigate this matter to conclusion in a competent, expedient and professional manner serving the best interest of the Plaintiff, the class as a whole and the individual class members. Class counsel is financially capable of advancing all costs and expense in the matter on behalf of the Plaintiff and the Class.

### Superiority

27.

Class certification is superior to any other means of adjudication of class members' claims. If pursued individually, in multiple venues within the state, conflicting rulings as to the unlawfulness

of Defendant's conduct, as well as the proper measure of damage caused by the anti-competitive conduct would or could result.

28.

Claims for economic harm resulting from anti-competitive behavior are well suited for class certification as they necessarily involve issues of fact and law as applied across an entire market within each class member participant.

## COUNT II

### VIOLATION OF LA. R.S. 51:122

29.

Plaintiff reiterates and reavers all preceding allegations of this Petition.

30.

Be entering into agreements with BCBSA and the other Blue Cross/Blue Shield companies, Louisiana Blue Cross has contracted, conspired and/or combined to restrain trade and commerce in Louisiana, acts which are expressly prohibited by La. R. S. 51:122.

31.

Louisiana Blue Cross's anti-competitive agreements and Schemes precluded other Blue Cross/Blue Shield companies from entering the Louisiana healthcare market and/or contracting for their own reimbursement rates thereby ensuring that Louisiana Blue Cross would gain an extremely dominant and artificially high market share which could not have been achieved but for the elimination of would be competitors from the Louisiana healthcare market in the state of Louisiana.

32.

Defendant's contracts, combinations and conspiracy in restraint of trade and/or commerce in the state of Louisiana violate La. R.S. 51:122.

## COUNT III

### VIOLATION OF LA. R.S. 51:123

33.

Plaintiff reiterates and reavers all preceding allegations of this Petition.

34.

Defendant Louisiana Blue Cross has entered into unlawful agreements with other Blue Cross/Blue Shield companies in order to monopolize the Louisiana healthcare insurance market to

7

the detriment of Plaintiff and the Plaintiff Class members. The agreements and scheme entered into by Louisiana Blue Cross has in fact resulted in Louisiana Blue Cross gaining unfair and unlawful monopoly power within the healthcare market in the state of Louisiana thereby creating a Louisiana monopoly.

35.

Louisiana Blue Cross's agreements with other Blue Cross/Blue Shield companies constitute a combination and/or company to monopolize trade and/or commerce within the state of Louisiana, namely the Louisiana healthcare insurance market.

36.

Defendant's monopolization, attempt to monopolize, and combination with other Blue Cross/Blue Shield companies (as well as Defendant's conspiracy to monopolize trade and/or commerce in Louisiana) all violate the provisions and prohibitions contained in La. R. S. 51:123.

## COUNT IV

### TREBLE DAMAGES AND ATTORNEY FEES AVAILABLE UNDER LA. R.S. 51:137

37.

Plaintiff reiterates and reavers all preceding allegations of this Petition.

38.

As a result of Defendant Louisiana Blue Cross's violations of La. R.S. 51:122 and La. R.S. 51:123 as set forth above, Plaintiff and the Plaintiff Class members have suffered damage to their property and businesses. Plaintiffs have been reimbursed for healthcare services pursuant to Louisiana Blue Cross contracts at rates far lower than they would have been in the absence of Louisiana Blue Cross's scheme and agreements in restraint of trade and contracts.

39.

Plaintiffs have also been subjected to onerous and less favorable contracted terms with Louisiana Blue Cross as a result of Defendant's monopolistic, overwhelming large market share and the coercive effect of such unlawful monopoly power wielded by Defendant Louisiana Blue Cross.

40.

Pursuant to La. R.S. 51:137, Defendant Louisiana Blue Cross is liable unto Plaintiff and the Plaintiff Class for treble damages resulting from Defendant's violation of La. R.S. 51:122 and La.

8

R.S. 51:123, as well as reasonable attorney fees to be assessed by the Court against Louisiana Blue Cross.

## COUNT V

## NO OTHER CLAIMS

Plaintiffs assert no claims and pray for no relief of any kind under any state or federal law other than the claims asserted herein under La. R.S. 51:122, 123 and 137.

WHEREFORE, Plaintiffs pray that Defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana should be served with a copy of this Petition for Damages under La. R.S. 51:137 and for Class Certification and be cited to appear and answer same, and that after due proceedings are had, in accordance with Louisiana Code of Civil Procedure Article 591 et seq., the Plaintiff Class be certified, and there be judgment entered in favor of the Plaintiff and all similarly situated class members and against Louisiana Health Services and Indemnification Company d/b/a Blue Cross Blue Shield of Louisiana for all damages, including treble damages allowed under La. R.S. 51:137, as well as attorneys' fees, together with legal interest and all costs of these proceedings.

Respectfully submitted,

MORROW, MORROW, RYAN & BASSETT

PATRICK MORROW (09748)
JAMES P. RYAN (11560)
324 West Landry Street
Opelousas, LA 70570-5120
Telephone: (337)948-4483

MURRAY LAW FIRM
STEPHEN B. MURRAY, JR. (23877)
ARTHUR M. MURRAY (27694)
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone: (504)525-8100

**SERVICE INSTRUCTIONS:**

Please serve the Defendant as outlined hereinabove.