

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Michael C. Drew
Direct Dial: 504-582-8318
Direct Fax: 504-589-8318
mdrew@joneswalker.com

March 22, 2017

<u>**VIA U.S. MAIL**</u>

Mr. Charles Jagneaux
Clerk of Court, 27th Judicial District Court for
the Parish of St. Landry
118 South Court Street, Suite 207
Opelousas, LA 70570

RE: *Opelousas General Hospital Authority v. Louisiana Health Service and Indemnity Company;* No. 16C3647, Division "C", 27th Judicial District Court for the Parish of St. Landry; Our File: 162428-00

Dear Mr. Jagneaux:

Please find enclosed the original and one copy of Defendant's *Answer and Affirmative Defenses*, which we ask that you file in the above-referenced matter. Please return the stamped "filed" copy to me in the enclosed pre-paid envelope.

Additionally enclosed is our firm's check in the amount of $38.00 as payment for the filing fees. Thank you for your assistance with this matter. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Michael C. Drew

MCD/lh
Enclosures
CC: Thomas A. Filo
    Patrick Morrow
    James P. Ryan
    Stephen B. Murray
    Nicole I. Murray
    Stephen B. Murray, Jr.
    Arthur M. Murray



Opelousas Gen. Hosp.
Authority v. BCBS of LA
MDL 2406

**Exhibit C**

Memo in Support of Pl.'s Mtn to Vacate CTO 33

{N3386422.1}

**27TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. LANDRY**

**STATE OF LOUISIANA**

NO. 16-C-3647                                                                                           DIVISION C

OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST,
D/B/A OPELOUSAS GENERAL HEALTH SYSTEM

versus

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY
D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA

---

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA") respectfully answers as follows the "Petition for Damages under La. R.S. 51:137 and for Class Certification" (the "Petition") filed by Plaintiff Opelousas General Hospital Authority, a Public Trust d/b/a Opelousas General Health System ("OGHA").

1.

Paragraph 1 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

2.

Paragraph 2 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

3.

Paragraph 3 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

4.

Admitted.

5.

Paragraph 5 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

6.

BCBSLA admits that it is licensed by the Blue Cross Blue Shield Association to use certain trademarks, including, but not limited to, "Blue Cross" and "Blue Shield." BCBSLA further admits that its license includes the State of Louisiana. BCBSLA denies the remainder of Paragraph 6.

7.

BCBSLA denies the first sentence of Paragraph 7. BCBSLA admits that it is a "stand alone independent company." BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of Paragraph 7 and, on that basis, denies them.

8.

Denied.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Paragraph 13 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

14.

Paragraph 14 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

15.

Paragraph 15 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

16.

Paragraph 16 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

### COUNT I – CLASS ACTION

17.

BCBSLA incorporates by reference its answers to Paragraphs 1-16 of the Petition, as if fully restated herein.

### Class Definition

18.

Paragraph 18 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

19.

Paragraph 19 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

### Numerosity

20.

BCBSLA admits that it has participating provider contracts with certain healthcare providers doing business in the state of Louisiana. BCBSLA admits that one aspect of these participating provider contracts relates to the reimbursement of the provider for medical services, including both the possible amount of such reimbursement and the mechanism for tendering any such reimbursement. The remainder of Paragraph 20 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

21.

Paragraph 21 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

**Common Questions of Law and Fact**

22.

Paragraph 22 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it. By way of further response:

    a.    Denied.

    b.    Denied.

    c.    Denied.

    d.    Denied.

    e.    Denied.

23.

Paragraph 23 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

24.

Paragraph 24 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

**Adequacy of Representation**

25.

Paragraph 25 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

26.

Paragraph 26 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

**Superiority**

27.

Paragraph 27 of the Petition states a legal conclusion for which no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

28.

Paragraph 28 of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

**COUNT II – VIOLATION OF LA. R.S. 51:122**

29.

BCBSLA incorporates by reference its answers to Paragraphs 1-28 of the Petition, as if fully restated herein.

30.

Denied.

31.

Denied.

32.

Denied.

**COUNT III – VIOLATION OF LA. R.S. 51:123**

33.

BCBSLA incorporates by reference its answers to Paragraphs 1-32 of the Petition, as if fully restated herein.

34.

Denied.

35.

Denied.

36.

Denied.

## COUNT IV – TREBLE DAMAGES AND ATTORNEY FEES AVAILABLE UNDER LA. R.S. 51:137

37.

BCBSLA incorporates by reference its answers to Paragraphs 1-36 of the Petition, as if fully restated herein.

38.

Denied.

39.

Denied.

40.

Denied.

## COUNT V – NOT OTHER CLAIMS

This unnumbered Paragraph of the Petition is not directed to BCBSLA and, as a result, no response is required. To the extent a response is required, BCBSLA lacks knowledge or information sufficient to justify a belief as to the truth of this allegation and, on that basis, denies it.

## UNNUMBERED PRAYER

BCBSLA denies that any Plaintiff Class should be certified, that any judgment be entered in favor of Plaintiff or Plaintiff Class, that any damages, including but not limited to treble damages under La. R.S. 51:137, are recoverable or provable, that any attorneys' fees, costs, or interest are recoverable or provable, and that Plaintiff or Plaintiff Class are entitled to any relief at law or in equity.

AND NOW, further answering, BCBSLA alleges each of the following affirmative defenses to the Petition, and to each of every cause of action set forth therein:

## FIRST AFFIRMATIVE DEFENSE

OGHA and the putative class have no cause or right of action against BCBSLA.

## SECOND AFFIRMATIVE DEFENSE

BCBSLA has not breached any duty that was or could have been owed to OGHA or the putative class.

## THIRD AFFIRMATIVE DEFENSE

OGHA's claims, as well as those of the putative class, are barred to the extent that they have prescribed.

## FOURTH AFFIRMATIVE DEFENSE

OGHA and the putative class have no right of action against BCBSLA.

## FIFTH AFFIRMATIVE DEFENSE

OGHA's claims, as well as those of the putative class, are barred to the extent that they failed to comply with the terms and conditions of their respective participating provider agreements.

## SIXTH AFFIRMATIVE DEFENSE

OHGA and the putative class have failed to join indispensable parties to this action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of OGHA and the putative class are barred under the doctrine of comparative fault.

## EIGHTH AFFIRMATIVE DEFENSE

The class claims are barred, in whole or in part, because OGHA and the putative class have failed to properly meet the requirements necessary to bring a class-action lawsuit.

## NINTH AFFIRMATIVE DEFENSE

Class certification is not available here, for one or more of the following reasons:

1) Individual questions of fact and law predominate over any questions common to purported members of the proposed class.
2) Class action treatment would not be the superior method of adjudication for the fair and efficient adjudication of the claims.
3) Plaintiff has failed to establish a class of numerous aggrieved persons.
4) Plaintiff is not a member of the purported class he seeks to represent.
5) There are no questions of fact or law that are common to all members of the purported class proposed by plaintiff.
6) The claims of the named plaintiff are not typical of the claims of the purported class.

A class action would not be manageable.

## TENTH AFFIRMATIVE DEFENSE

The amount and type of claims and damages sought by Plaintiff are fundamentally divergent from the putative claims, damages, and circumstances of any other individual or juridical person (all of which alleged claims and damages are hereby denied). Thus, Plaintiff is not a proper representative of any putative class.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and some or all of the members of the purported class are barred from recovery to the extent that they have failed to give timely and sufficient notice of breach or of other non-compliance, as required by relevant statutes, customs, or legal principles.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of some or all of the members of the purported class may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of some or all of the members of the purported class may be barred, in whole or in part, from recovery because of the collateral estoppel effect of prior judgments.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of some or all members of the purported class may be premature.

### FIFTEENTH AFFIRMATIVE DEFENSE

All claims asserted in the Petition are barred, in whole or in part, by the doctrines of ratification, extinguishment, novation, waiver, estoppel, and/or unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

All claims asserted in the Petition are barred to the extent of any payment, discharge, settlement, setoff, accord and satisfaction, or release.

### SEVENTEENTH AFFIRMATIVE DEFENSE

BCBSLA reserves the right to amend its Answer to include other affirmative defenses as may be identified in the course of litigation. BCBSLA will further amend prior to trial to remove any such affirmative defenses as may be conclusively disproved through discovery or motions practice.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All allegations of the Petition which have not been expressly admitted are denied.

WHEREFORE, Defendant BCBSLA prays that its answer be deemed good and sufficient and that after due proceedings are had, OGHA's claims for monetary and class action relief are denied and that this action be dismissed at OGHA's sole cost and expense. BCBSLA further prays for such other general and equitable relief to which it may be entitled.

Respectfully submitted,

*[signature]*

RICHARD J. TYLER, T.A. (#1155)
MICHAEL C. DREW (#30884)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8266
Direct Facsimile: (504) 589-8266
rtyler@joneswalker.com
mdrew@joneswalker.com

and

CHARLES A. O'BRIEN (#10143)
ALLISON N. PHAM (#29369)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2454
Facsimile: (225) 297-2760
Andy.O'Brien@bcbsla.com
Allison.Pham@bcbsla.com

***Attorneys for Defendant,***
***Louisiana Health Service & Indemnity Company***
***d/b/a Blue Cross and Blue Shield of Louisiana***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has this date been mailed via United States Mail, postage prepaid and properly addressed, and e-mailed to the following known counsel of record:

Patrick Morrow
James P. Ryan
Morrow, Morrow, Ryan and Bassett
324 West Landry Street
Opelousas, Louisiana 70570-4483

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, LLC
723 Broad Street
Lake Charles, Louisiana 70601

Stephen B. Murray, Nicole I. Murray,
Stephen B. Murray, Jr., and Arthur M. Murray
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70112

This 22 day of March, 2017.

*[signature]*