# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM,**<br><br>    Plaintiff,<br><br>v.<br><br>**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA,**<br><br>    Defendant. | CIVIL ACTION NO. 6:17-00818<br><br>JUDGE DOHERTY<br><br>MAGISTRATE HANNA |

## OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO REMAND

The United States Judicial Panel on Multidistrict Litigation has entered a Conditional Transfer Order regarding this matter. *See* Doc. 6. This order should prompt this Court to defer any further action in this case pending further action in the MDL. First, Plaintiff concedes that this action is substantially identical to the MDL proceedings. For instance, Opelousas General Hospital Authority d/b/a Opelousas General Health System ("OGHA") told the state court in its class certification motion:

> Louisiana antitrust laws La. R.S. 51:122-123 are nearly identical to the federal Sherman Act, and federal courts' interpretations of the Sherman Antitrust Act are persuasive authority as to the interpretation of the Louisiana antitrust provisions. ***Allegations substantially similar to those at issue in this case have been found to give rise to actionable claims for violation of federal antitrust law***.
>
> ***Reviewing the same collusive agreements among "the Blues" at issue in this Louisiana class action***, a federal district court held: [T]he contentions discussed above make clear that Plaintiffs have

{N3435553.1}      1



Opelousas Gen. Hosp. Authority v. BCBS of LA MDL 2406

Exhibit G

Memo in Support of Pl.'s Mtn to Vacate CTO 33

> alleged a viable market allocation scheme. If that scheme is proven, it may subject Defendants to antitrust liability.

Ex. A at 2 (OGHA motion for class certification) (emphasis added) (citing to and quoting from *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, 26 F.Supp.3d 1172, 1184 (N.D. Ala. 2014)).

Second, the MDL is the most appropriate forum to resolve the remand motion and any other procedural issues. When faced with the identical scenario in another copycat case, Judge Brady of the Middle District of Louisiana stayed the case in favor of the MDL. *See Jarreau v. Louisiana Health Service & Indemnity Co.*, No. 12-421-JJB. In that case, as here: (1) a putative class action seeking to mirror the Blue Cross MDL was brought against Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBS-LA"); (2) the plaintiffs did not name Blue Cross and Blue Shield Association ("BCBSA") as a defendant; (3) the BCBSA moved to intervene; (4) BCBS-LA removed the matter to federal court while the intervention motion was pending; and (5) plaintiffs argued that the BCBSA was not yet a party and, even if a party, could not support removal. In deciding to stay the case, Judge Brady recognized that the MDL is the most appropriate forum to address remand issues in order to avoid creating a patchwork of inconsistent decisions which would defeat the purpose of the MDL. *See id.* Doc. 48 (adopting BCBS-LA's arguments at Doc. 34).[1] The same result is appropriate here – a case that Plaintiffs concede mimics the allegations and claims in the MDL.

---

[1] Relevant filings from *Jarreau* are attached hereto as exhibits B, C, D, and E.

{N3435553.1}

2

**LAW AND ARGUMENT**

I.   **The Court Should Defer Consideration Of Removal In Favor Of The MDL.**

BCBS-LA incorporates by reference the arguments made in its Motion to Stay, Doc. 5. As explained in that motion, the statutes governing multi-district litigation, the special weight given anti-trust matters in the MDL forum, and the importance of judicial efficiencies all warrant deference to the MDL in this matter. OGHA concedes that it is bringing the same lawsuit against BCBS-LA as is being litigated against BCBS-LA in the MDL. BCBS-LA should not be subject to twice the discovery, twice the depositions, twice the class certification hearings, and, possibly two different or inconsistent judgments.

II.  **The Citizenship Of BCBSA Is Properly Before This Court**

Moreover, even if this Court were to reach the remand motion, Fifth Circuit precedent requires that the motion be denied. Plaintiff has raised only two objections to removal. First, it claims that defendants acted prematurely by removing the case before the state court ruled on the intervention motion. Second, it claims that BCBSA is not a principal defendant and should not be considered for purposes of evaluating diversity. Neither argument passes muster.

It is well-settled that the citizenship of indispensable parties must be considered for purposes of diversity jurisdiction, "even [the citizenship] of absent indispensable parties." *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994). Indeed, the Fifth Circuit has consistently held that "jurisdictional rules may not be used to perpetrate a fraud or ill-practice upon the court by either improperly creating or destroying diversity jurisdiction. Were that to occur, we would not elevate form over substance but would accomplish whatever piercing and adjustments considered necessary to protect the court's jurisdiction." *Louisiana ex rel. Caldwell v. Allstate*

*Ins. Co.*, 536 F.3d 418, 424 (citing *Grassi v. Ciba-Geigy, Ltd.,* 894 F.2d 181, 185 (5th Cir. 1990)).

While OGHA argues that BCBSA cannot properly intervene in this litigation, it does so without regard to its own allegations against BCBSA. Considering these allegations, it is obvious that BCBSA is properly intervening in this matter and is indispensable to its resolution.[2]

BCBSA is the sole owner and licensor of the famous Blue Cross and Blue Shield trademarks. BCBSA's license agreements are the contracts that grant BCBS-LA the exclusive right to use the Blue Cross and Blue Shield Marks in Louisiana. BCBSA is also the administrator of the BlueCard Program. BCBS-LA is one of 36 downstream licensees and participants in the BlueCard Program.

OGHA makes a frontal assault on the legitimacy of BCBSA's license with BCBS-LA and all other Blue licensees. *E.g,* Pet. (Doc. 1-1) ¶¶ 6-12. OGHA challenges BCBSA's agreement with BCBS-LA and, by implication, BCBSA's agreements with other Blue licensees. *Id.* ¶¶ 30-32. *Watson v. City of Allen*, 821 F.3d 634 (5th Cir. 2016), hurts rather than helps plaintiff's position. There, the court held that third-party contractors were not primary defendants in a suit challenging the constitutionality of a state statute. But BCBSA is analogous to the governmental defendants—which were recognized as primary defendants—not a third-

---

[2] An intervenor as of right under Rule 24(a) is a necessary party to the litigation under Rule 19. *See, e.g., MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389- 90 (2d Cir. 2006) (stating that Rule 19(a) and Rule 24(a)(2) "are intended to mirror each other"); *see also* FED. R. CIV. P. 24, 1966 amend. note ("Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(2)(i)."). As an intervenor of right and necessary party, BCBSA is treated as having been in the litigation from day one. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 480- 81 (5th Cir. 1986) (stating that an intervenor of right is treated as if it was an original party and has equal standing with original parties); *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978) (same).

{N3435553.1}

party contractor, because plaintiff here challenges **BCBSA's** license agreements and **BCBSA's** BlueCard Program.

In a substantially similar context, a federal court in Texas noted that "when success in the class action inevitably or likely will adversely affect a diverse party deliberately not named as a class-action defendant, [then] the court properly should consider that party's citizenship when determining CAFA's minimal diversity element." *Raspberry v. Capitol County Mutual Fire Ins. Co.*, 609 F.Supp. 2d 594, 603 (E.D. Tex. 2009). In that case, the court correctly asked whether the omission of an indispensable party was deliberate – i.e., jurisdictional gamesmanship. *Id.* at 604. Considering the allegations in this case and the existence of the MDL, the question raised by the *Raspberry* court must be asked here. From the record of these proceedings and its own admissions, it is plain that Plaintiff failed to name BCBSA for the sole reason of trying to avoid removal under CAFA. It cannot now complain that BCBSA has now intervened.

### III. BCBS-LA And The BCBSA Can Remove Based On The Minimal Diversity Established By BCBSA's Citizenship

The indispensable status of BCBSA is not the only trigger in this case. BCBSA has filed a formal motion to intervene. Although Plaintiff points out that the state court never acted on the motion, a rule holding that defendants cannot remove until the motion is granted will lead to mischief and strategic gamesmanship. The time for removal starts clicking as soon as Defendants are on notice that a basis for removal exists. A state court could sit on a motion to intervene for weeks, months, and even longer. If Defendants fail to remove as soon as they have notice of the intervention, they would run the risk of missing their deadline for removal. Imposing a technical requirement that forces Defendants to wait for a decision by a state court on an intervention motion would lead to mischief. As such, the Fifth Circuit has previously held that removal is appropriate even when a putative intervenor removed the case before filing a

{N3435553.1}
5

motion to intervene *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1074-75 (5th Cir. 1980); *see also Rademaker v. E.D. Flynn*, 17 F.2d 15, 17 (5th Cir. 1927) (a motion to amend "stands n the place of an actual amendment."); *Schillinger v. Union Pacific RR.*, 425 F.3d 330 (7th Cir. 2005) (concluding that action "commenced" based on filing a motion for leave because "a party has no control over when a court renders its decision regarding the proposed amended complaint").

BCBSA seeks only to protect its interests in the existing lawsuit and defend the merits of its agreements against antitrust challenges – the same challenges raised in the MDL. Such actions, while uncommon, are not procedurally deficient:

> Assuming that the original action would have been removable, and if the time for removing an action has not passed, and the original defendants join in the notice of removal or may be disregarded for removal purposes, the action may be removable by an intervening defendant. On the other hand, if the sole basis for removing the action is the claim raised through the intervention of the intervening defendant, the intervenor may not remove the action.

16 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 107.41[7]; *see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3730 ("Intervenors may file notices of removal if they are properly aligned as defendants, but the intervention must precede the removal."). *See also City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 141–44 (1934) (holding that, although federal appellate courts generally lack appellate jurisdiction to review remand orders, they have jurisdiction to review decisions logically precedent to remand, such as whether to add an additional party to the suit); *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 421 (5th Cir. 2002) (holding that, where intervention impacts the remand analysis, intervention is

decided first, and reversing a district court's decision to remand without first resolving a pending motion to intervene).³

OGHA cite to a number of inapposite cases for the proposition that the citizenship of BCBSA does not support removal. As discussed above, BCBSA is an indispensable party-defendant intervening by right to protect its contract – a contract squarely in the crosshairs of OGHA's copycat lawsuit. The cases cited by OGHA are irrelevant. They stand only for the proposition that an intervening *plaintiff* cannot create diversity, *see In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011), *Opelousas General Hospital Authority v. Fairpay Solutions, Inc.*, 2012 WL 5423881 (W.D. La. 2012); *Ball v. Al Fortish*, 2009 WL 901773 (E.D. La. 2009), or that an intervening cross-claim or counterclaim cannot create diversity, *In re Crystal Power, supra*; *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 282-283 (5th Cir. 2004). Neither of these situations are present here. The BCBSA is not an intervening plaintiff, nor does it seek to bring a cross-claim or counterclaim. BCBSA does not seek to modify, retard or otherwise change the nature of the suit made by OGHA. *Cf. Leger v. Kent*, 817 So.2d 305, 308-309 (La. App. 4 Cir. 2002) (Intervenor cannot convert an individual suit into a class action).

---

³ Plaintiff's argument that BCBSA's intervention cannot be considered because leave of court has yet to be granted is a non-sequitur. Under the Louisiana Code of Civil Procedure, a petition to intervene is an incidental demand. "An incidental demand that requires leave of court to file shall be considered filed as of the date it is presented to the clerk of court for filing if leave is thereafter granted." La. Code. Civ. Proc. Ann. Art. 1033. In fact, one of the cases plaintiff cites in support of its contrary argument was overruled by the 1970 amendments to LA's Code of Civil Procedure. *See* Comments to La. Code Civ. Proc. Ann. art. 1033 ("Amended on the recommendation of the Louisiana State Law Institute to overcome the ruling in *Phillips v. Garden*, 211 So.2d 735 (2nd 1969), in which an intervention filed on the last day of prescription, but without leave of court, was held subject to dismissal because of lack of leave of court to file."). The other cases cited by plaintiff involve pleadings, not incidental demands, which are governed by a separate set of procedural rules.

{N3435553.1}

In this case, BCBSA is properly aligned as a defendant, its presence does not change the nature of the litigation, and the joint removal by BCBS-LA and BCBSA is permitted under the authority of 28 USC 1332(d), 1441, 1446, and 1453.

## CONCLUSION

In sum, BCBSA should have been named a defendant as it was in the 60+ suits now pending in the MDL, BCBSA is an indispensable party whose citizenship must be considered for purposes of removal, the Court should not "elevate form over substance" to allow OGHA's artful omission of BCBSA destroy CAFA jurisdiction, and the Court should either deny remand or defer the issue to allow its consideration by the MDL as Judge Brady did in the substantively identical *Jarreau* matter.

Respectfully submitted,

*s/ Michael C. Drew*
RICHARD J. TYLER (#01155)
MICHAEL C. DREW (#30884)
MARK A. CUNNINGHAM (#01206)
GRAHAM H. RYAN (#34070)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8318
Fax: (504) 589-8318
rtyler@joneswalker.com
mdrew@joneswalker.com
mcunningham@joneswalker.com
gryan@joneswalker.com

GARY J. RUSSO (#10828)
Jones Walker LLP
600 Jefferson St, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593.7600
Fax: (337) 593.7601
grusso@joneswalker.com

CHARLES A. O'BRIEN (#10143)
ALLISON N. PHAM (#29369)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2454
Fax: (225) 297-2760
Andy.O'Brien@bcbsla.com
Allison.Pham@bcbsla.com

*Attorneys for Defendant,*
*Louisiana Health Service & Indemnity Company*
*d/b/a Blue Cross and Blue Shield of Louisiana*

And

*s/Joseph C. Giglio, Jr.*
JOSEPH C. GIGLIO, JR. (#06158)
WILLIAM E. KELLNER (#35860)
LISKOW & LEWIS
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Fax: (337) 267-2398
jcgiglio@liskow.com
wekellner@liskow.com

*Attorneys for the Blue Cross and Blue Shield*
*Association*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by this Court's CM/ECF system, this 28th day of June, 2017.

*s/ Michael C. Drew*

{N3435553.1}

9