# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM,** | **CIVIL ACTION NO. 6:17-cv-00818** |
| **Plaintiff** | |
| **VERSUS** | **JUDGE REBECCA F. DOHERTY** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA,** | **MAGISTRATE JUDGE PATRICK J. HANNA** |
| **Defendant** | |

## PLAINTIFF OPELOUSAS GENERAL HOSPITAL AUTHORITY'S SUR-REPLY TO DEFENDANT LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY'S REPLY IN SUPPORT OF STAY

Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana's ("hereinafter "Louisiana Blue Cross"), Reply Memorandum demonstrates just how frivolous and improper its attempt to remove this clearly non-removal case really is.



Opelousas Gen. Hosp. Authority v. BCBS of LA
MDL 2406
Exhibit H
Memo in Support of Pl.'s Mtn to Vacate CTO 33

Rather than controvert the obvious fact that removal under 28 U.S.C. 1446(b)(3) is not authorized here because the attempted (but not yet completed) intervention of the Blue Cross/Blue Shield Association ("The Association") is not a "voluntary act" of the Plaintiff[1], Louisiana Blue Cross now claims that Rule 19 of the Federal Rules of Civil Procedure should be used to "create" jurisdiction. Louisiana Blue Cross argues that the "The Association" should be deemed an indispensable party under Rule 19 and should therefore be considered in the jurisdictional analysis even though it is not yet a party.

This very argument has been expressly rejected by the United States Supreme Court in a 2005 unanimous 9-0 decision in the case of *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606 (2005). In *Lincoln*, the Supreme Court held that non-joined parties will "not affect the jurisdiction of the Federal Courts" and further held that Rule 19 deals with joinder of indispensable parties and does not affect subject matter jurisdiction. *Id* at *613* and *614*.

A nearly identical factual scenario was recently addressed by the United States District Court for the Eastern District of Arkansas in *Bass v. Alexander*, 2013 WL 5530355. Upon examining a practically identical fact pattern as that before this Honorable Court, the *Bass* Court remanded to state court, relying on Rule 19 of the Federal Rules of Civil Procedure, stating "A plaintiff is the master of the complaint, and a defendant cannot employ Rule 19 as a basis for removal or to compel a plaintiff to assert a claim against an unnamed defendant." In rejecting the same arguments made by Louisiana Blue Cross, the Court stated "Even assuming that Certain Underwriters qualify as necessary and indispensable parties needed for adjudication, the Court finds no controlling or persuasive authority for extending the fraudulent joinder doctrine to claims of 'fraudulent non-joinder.'…Fraudulent joinder analysis focuses on the reasonable probability of

---

[1] See all of the cases cited in Plaintiff's Opposition Memorandum.

recovery against a *named* defendant at the time of removal; it simply does not permit a court to permit removal based on the prospective joinder of an unnamed party."

The *Bass* Court (which also dealt with an improper removal of a class action) based its remand on the *Lincoln* decision. Clearly, Louisiana Blue Cross's attempt to invoke Rule 19 to create jurisdiction is not only wrong under unanimous United States Supreme Court precedent, but would constitute the very "bootstrapping" that this Honorable Court correctly questioned during the telephone hearing on Plaintiff's Emergency Motion to Remand.

This matter is simply not-removable and Rule 19 joinder issues cannot and do not alter this fact. This matter should not be stayed and the Court should address the remand issue just as this Honorable Court did in the case of *Carter v. Warner-Lambert*, 2001 WL 36649469 (W.D. La. 2001).[2]

>
> Respectfully submitted:
>
> **MORROW, MORROW, RYAN, BASSETT & HAIK**
>
> BY: s/Patrick C. Morrow
> Patrick C. Morrow (#9748)
> Richard T. Haik, Jr. (#29892)
> Post Office Drawer 1787
> Opelousas, Louisiana 70571
> Telephone: (337) 948-4483
> Facsimile: (337) 942-5243
>
> **COX, COX, FILO, CAMEL & WILSON, L.L.C.**
> THOMAS A. FILO (#18210)
> 723 Broad Street
> Lake Charles, Louisiana 70601
> Telephone: (337) 436-6611

---

[2] In *Carter* this Honorable Court (Your Honor presiding) addressed a Motion to Remand while a conditional MDL Transfer Order was pending holding "as this Court's jurisdiction continues until final transfer, this Court must address those matters pending before it." *Carter* at p. 1.

                    **MURRAY LAW FIRM**
                    STEPHEN B. MURRAY (#9858)
                    STEPHEN B. MURRAY, JR. (#23877)
                    ARTHUR M. MURRAY (#27694)
                    650 Poydras Street, Suite 2150
                    New Orleans, Louisiana 70130
                    Telephone: (504) 525-8100

                    Attorneys for *Opelousas General Hospital Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, a copy of the foregoing "Plaintiff Opelousas General Hospital Authority's Sur-Reply to Defendant Louisiana Health Service & Indemnity Company's Reply In Support Of Stay" was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system.

                    s/Patrick C. Morrow
                    Patrick C. Morrow   (#9748)
                    **MORROW, MORROW, RYAN, BASSETT & HAIK**
                    Post Office Drawer 1787
                    Opelousas, Louisiana 70571
                    Telephone: (337) 948-4483
                    Facsimile: (337) 942-5243