UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LIFEWATCH SERVICES, INC.,** }<br>}<br>Plaintiff, }<br>}<br>v. }<br>}<br>**HIGHMARK, INC., BLUE CROSS AND** }<br>**BLUE SHIELD ASSOCIATION,** }<br>**WELLPOINT, INC., HORIZON BLUE** }<br>**CROSS BLUE SHIELD OF NEW** }<br>**JERSEY, BLUE CROSS BLUE SHIELD** }<br>**OF SOUTH CAROLINA, AND BLUE** }<br>**CROSS BLUE SHIELD OF MINNESOTA,** }<br>}<br>**Defendants.** } | Case No.: 2:13-CV-598-RDP |

## SUGGESTION OF REMAND

This matter is before the court pursuant to LifeWatch Services, Inc.'s ("LifeWatch") request that the court file a Suggestion of Remand Order with respect to *LifeWatch v. Highmark, et al.* ("the *LifeWatch* Action"), a tag-along action to MDL-2406. In the *LifeWatch* Action, LifeWatch alleges a conspiracy among Defendants to deny coverage for mobile cardiac outpatient telemetry ("MCOT") services.

On September 10, 2012, LifeWatch filed its Complaint in the Eastern District of Pennsylvania. (MDL Dkt. 1). On November 2, 2012, Defendants filed a Notice of Related Action for the *LifeWatch* Action with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel"). (JPML Dkt. 96). LifeWatch opposed the Motion to Transfer and Notice of Related Action on November 19, 2012. (JPML Dkt. 114). Defendants filed a reply on November 26, 2012. (JPML Dkt. 123). The JPML held a hearing on the transfer of the *LifeWatch* Action and

other related actions on November 29, 2012. On December 13, 2012, the JPML issued Conditional Transfer Order 1 transferring the *LifeWatch* Action to the Northern District of Alabama. (JPML Dkt. 130). LifeWatch moved to vacate the Conditional Transfer Order, and Defendants opposed the motion. (JPML Dkts. 151, 165).

On April 1, 2013, the JPML ordered the *LifeWatch* Action transferred from the Eastern District of Pennsylvania to the Northern District of Alabama to be coordinated or consolidated for pretrial proceedings with the other cases in *In re Blue Cross Blue Shield Antitrust Litigation* (MDL 2406). (JPML Dkt. 192). In its transfer order, the JPML stated that the *LifeWatch* Action complaint "touches on the core controversy of the MDL proceedings – the propriety of BCBSA's license agreements and the anticompetitive effects of certain provisions in those agreements, most notably the geographical service area restrictions." (*Id.* at 1). Therefore, the Panel held that "[l]ike the already-centralized actions, [the *LifeWatch*] action involves substantial common questions of fact relating to the state BCBS entities' relationship with the national association, BCBSA, and the licensing agreements that limit the Blue Plans' activity to exclusive service areas, among other restrictions." (*Id*. at 2).

On March 19, 2015, this court issued an order granting LifeWatch leave to amend its complaint to address the overlapping allegations with the consolidated class complaints in *In re Blue Cross Blue Shield Antitrust Litigation*. (MDL Dkt. 69). On April 22, 2015, LifeWatch filed its Amended Complaint which removed several allegations relating to the license agreements and geographic service area restrictions. (MDL Dkt. 70). On May 7, 2015, Defendants filed a Notice Regarding Defendants' Position on LifeWatch's Amended Complaint. (MDL Dkt. 71). Defendants asserted that, even in light of the amendment, the allegations in the *LifeWatch* Action still overlapped with those made in MDL 2406. LifeWatch

responded on May 14, 2015. (MDL Dkt. 73). In its response, LifeWatch stated that "LifeWatch's Amended Complaint no longer includes any overlapping allegations with the Provider or Subscriber consolidated complaints in the MDL." (*Id*. at 8).

On May 19, 2015, the court held a status conference. As a result of discussions at that conference, the parties entered into certain stipulations. Thereafter, LifeWatch filed a Second Amended Complaint on May 27, 2015. (MDL Dkt. 75). That Second Amended Complaint includes the following stipulations reached by the parties:

- The Second Amended Complaint alleges that Highmark has denied LifeWatch's claims with respect to other Blue Cross Blue Shield plans' subscribers through the Blue Card program. The Second Amended Complaint does not allege that the Blue Card program is in itself anticompetitive.

- The Second Amended Complaint does not allege any territorial allocation agreement by Blue Cross and Blue Shield plans to fix provider prices or to refuse to deal with providers located outside of particular territories.

- The Second Amended Complaint does not allege any market allocation agreement by Blue Cross and Blue Shield plans not to compete with one another for subscribers.

(MDL Dkt. 75 at n. 2-4). Additionally, the parties have stipulated that, as to Defendants Highmark Inc., Blue Cross and Blue Shield Association, Anthem, Inc. f/k/a WellPoint, Inc., Horizon Blue Cross Blue Shield of New Jersey, Blue Cross Blue Shield of South Carolina, and BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota:

- Any discovery sought by LifeWatch of the MDL conspiracy allegations separate and apart from the medical policy conspiracy would be limited to, at most, documents produced in and depositions taken in the MDL. Any overlapping discovery shall be coordinated with MDL plaintiffs' counsel.

In light of the revised allegations in the Second Amended Complaint, and LifeWatch's stipulations, the court finds that the *LifeWatch* Action no longer "involves substantial common

3

questions of fact" with the MDL proceedings. (JPML Dkt. 192 at 2).[1] Moreover, the court notes that none of the parties object to a suggestion of remand of the *LifeWatch* Action to its transferor court.

Therefore, pursuant to JPML Rule 10.1(b) and 28 U.S.C. § 1407, this court **GRANTS** the request of LifeWatch and issues this Order suggesting that *LifeWatch Services, Inc. v. Highmark, Inc.*, *et al.*, 2:13-cv-00598 (N.D. Ala.), be remanded by the JPML to the Eastern District of Pennsylvania where it originated as No. 2:12-cv-05146.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

**DONE** and **ORDERED** this June 16, 2015.

 _____
 **R. DAVID PROCTOR**
 UNITED STATES DISTRICT JUDGE

---

[1] The court administratively terminated Defendants' Motion to Dismiss without prejudice on May 21, 2015. (MDL Dkt. 74).

4