# EXHIBIT 1A –

# *Reva Inc.* Docket Sheet

WCT

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:17-cv-24158-FAM

Reva Inc. v. Healthkeepers Inc. et al
Assigned to: Judge Federico A. Moreno
Case in other court:  11th Judicial Circuit for Miami-Dade
                      County, FL, 2017022282CA01
                      11th Judicial Circuit, 2017022282CA01
Cause: 28:1441 Notice of Removal-Breach of Contract

Date Filed: 11/13/2017
Jury Demand: Plaintiff
Nature of Suit: 110 Insurance
Jurisdiction: Federal Question

**Plaintiff**

**Reva Inc.**                          represented by  **Danya Pincavage**
                                                       Wolfe Pincavage, LLP
                                                       2980 McFarlane Road
                                                       Miami, FL 33133
                                                       7865098874
                                                       Email: danya@wolfepincavage.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Douglas Wolfe**
                                                       Douglas Wolfe Law
                                                       P.O. Box 566090
                                                       Miami, FL 33256-6090
                                                       786-509-9755
                                                       Email: doug@douglaswolfelaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Healthkeepers Inc.**                 represented by  **Daniel Balmori**
                                                       Hogan Lovells US LLP
                                                       600 Brickell Ave
                                                       Ste. 2700
                                                       Miami, FL 33131
                                                       9546084679
                                                       Email:
                                                       daniel.balmori@hoganlovells.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
Hogan Lovells LLP
600 Brickell Avenue
27th Floor
Miami, FL 33131
305-459-6641
Fax: 305-459-6550
Email: allen.pegg@hoganlovells.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross And Blue Shield of
Florida Inc.**
*doing business as*
Florida Blue

represented by **Daniel Balmori**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of North
Carolina**

represented by **Daniel Balmori**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Texas**
*a division of Health Care Service
Corporation*

represented by **Allen Paige Pegg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa Marie Baird**
Reed Smith LLP
1001 Brickell Avenue
Suite 900
Miami, FL 33131
786-747-0200
Fax: 786-747-0299
Email: lbaird@reedsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Martin J. Bishop**
Reed Smith, LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: mbishop@reedsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Kansas City**               represented by   **Allen Paige Pegg**
*TERMINATED: 11/27/2017*                                       (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Paul Joseph Schwiep**
                                                               Coffey Burlington, P.L.
                                                               2601 S Bayshore Drive
                                                               Penthouse
                                                               Miami, FL 33133
                                                               305-858-2900
                                                               Fax: 305-858-5261
                                                               Email:
                                                               pschwiep@coffeyburlington.com
                                                               *TERMINATED: 01/03/2018*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem Insurance Companies Inc.**               represented by   **Daniel Balmori**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Allen Paige Pegg**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Health Options Inc.**               represented by   **Daniel Balmori**
*doing business as*                                    (See above for address)
Florida Blue HMO                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Allen Paige Pegg**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross Blue Shield of Michigan Mutual Insurance Company**     represented by   **Alan J. Perlman**
Dickinson Wright PLLC
350 East Las Olas Blvd
Suite 1750
Ft Lauderdale, FL 33301
954-991-5420
Fax: 1-844-670-6009
Email: aperlman@dickinsonwright.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vijay Gibran Brijbasi**
Dickinson Wright PLLC
350 East Las Olas Boulevard
Las Olas Centre I
Suite 1750
Ft. Lauderdale, FL 33301
954-991-5424
Fax: 844-670-6009
Email: vbrijbasi@dickinson-wright.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Georgia Inc.**     represented by   **Daniel Balmori**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BlueCross BlueShield of South Carolina**     represented by   **Daniel Balmori**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Paige Pegg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

    represented by

**Blue Cross and Blue Shield of Alabama**

**Allen Paige Pegg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Robert Hawran**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Brickell Avenue
Suite 1600
Miami, FL 33131
305 374 0506
Email:
gregory.hawran@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2017 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT) Filing fees $ 400.00 receipt number 113C-10185324, filed by Blue Cross and Blue Shield of Kansas City, BlueCross BlueShield of South Carolina, Blue Cross and Blue Shield of Florida Inc. dba Florida Blue, Anthem Insurance Companies Inc., Blue Cross Blue Shield of Michigan Mutual Insurance Company, Healthkeepers Inc., Blue Cross and Blue Shield of Alabama, Health Options Inc. dba Florida Blue HMO, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of Texas. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Declaration of Lise Strother with Exhs, # 3 Exhibit C - Declaration of Michelle Kersey, # 4 Exhibit C - Declaration of Michelle Kersey Exh. 1, # 5 Exhibit C - Declaration of Michelle Kersey Exh. 2, # 6 Exhibit C - Declaration of Michelle Kersey Exh. 3, # 7 Exhibit C - Declaration of Michelle Kersey Exh. 4, # 8 Exhibit C - Declaration of Michelle Kersey Exh. 5, # 9 Exhibit C - Declaration of Michelle Kersey Exh. 6, # 10 Exhibit C - Declaration of Michelle Kersey Exh. 7, # 11 Exhibit C - Declaration of Michelle Kersey Exh. 8, # 12 Exhibit C - Declaration of Michelle Kersey Exh. 9, # 13 Exhibit C - Declaration of Michelle Kersey Exh. 10, # 14 Exhibit D - Declaration of Jesse Eptin from Blue Cross and Blue Shield of South Carolina with Exhs, # 15 Exhibit E - Declaration of Wade Cox from Blue Cross and Blue Shield of Alabama, # 16 Exhibit F - Docket & all materials filed in State Court Action - Part 1 of 2, # 17 Exhibit F - Docket & all materials filed in State Court Action - Part 2 of 2)(Pegg, Allen) (Entered: 11/13/2017) |
| 11/13/2017 | 2 | Clerks Notice of Judge Assignment to Judge Federico A. Moreno.

Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge William C. Turnoff is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. |

| | | |
|---|---|---|
| | | Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (rms1) (Entered: 11/14/2017) |
| 11/13/2017 | 3 | Clerks Notice to Filer re: Electronic Case. No Civil Cover Sheet. Filer is instructed to file a Notice (Other) with the Civil Cover Sheet attached within 24 hours of the notice. (rms1) (Entered: 11/14/2017) |
| 11/14/2017 | 4 | NOTICE of Filing: Civil Cover Sheet by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross Blue Shield of Michigan Mutual Insurance Company, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc. re 1 Notice of Removal (State Court Complaint), 3 Clerks Notice to Filer re: Electronic Case / *Defendants' Notice of Filing Civil Cover Sheet*. Attorney Allen Paige Pegg added to party Blue Cross Blue Shield of Michigan Mutual Insurance Company(pty:dft), Attorney Allen Paige Pegg added to party Blue Cross and Blue Shield of Alabama(pty:dft), Attorney Allen Paige Pegg added to party Blue Cross and Blue Shield of Kansas City(pty:dft), Attorney Allen Paige Pegg added to party Blue Cross and Blue Shield of Texas (pty:dft). (Attachments: # 1 Civil Cover Sheet A - Fed. Civil Cover Sheet) (Pegg, Allen) Modified text to match document on 11/14/2017 (vmz). (Entered: 11/14/2017) |
| 11/15/2017 | 5 | Notice of Court Practice re Removal Cases Response due by December 6, 2017. Signed by Judge Federico A. Moreno on 11/15/2017. (lfs) (Entered: 11/15/2017) |
| 11/16/2017 | 6 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 1 Notice of Removal (State Court Complaint),,,,,, *Certain Defendants' Unopposed Motion for Brief Enlargement of Time to Respond to the Complaint* by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc.. (Attachments: # 1 Text of Proposed Order Exh. A. - Proposed Order Granting Certain Defendants' Unopp Mot to Enlarge Time to Respond to Complaint) (Pegg, Allen) (Entered: 11/16/2017) |
| 11/17/2017 | 7 | ENDORSED ORDER granting 6 Motion for Extension of Time to File Answer to Complaint for ALL DEFENDANTS EXCEPT BLUE CROSS AND BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY. AnswerS due 11/29/2017. Signed by Judge Federico A. Moreno on 11/17/2017. (lfs) (Entered: 11/17/2017) |
| 11/20/2017 | 8 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 1 Notice of Removal (State Court Complaint),,,,,, by Blue Cross Blue Shield of Michigan Mutual Insurance Company. Attorney Vijay Gibran Brijbasi added to party Blue Cross Blue Shield of Michigan Mutual Insurance Company (pty:dft). (Brijbasi, Vijay) (Entered: 11/20/2017) |

| 11/22/2017 | 9 | NOTICE of Voluntary Dismissal *as to Defendant, Blue Cross and Blue Shield of Kansas City, Only* by Reva Inc. (Pincavage, Danya) (Entered: 11/22/2017) |
|---|---|---|
| 11/27/2017 | 10 | Order Dismissing Party Blue Cross and Blue Shield of Kansas City re 9 Notice of Voluntary Dismissal Signed by Judge Federico A. Moreno on 11/27/2017. (lfs) (Entered: 11/27/2017) |
| 11/29/2017 | 11 | Corporate Disclosure Statement by Anthem Insurance Companies Inc. identifying Corporate Parent Anthem Inc. for Anthem Insurance Companies Inc. (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 12 | Corporate Disclosure Statement by Blue Cross And Blue Shield of Florida Inc. identifying Corporate Parent GuideWell Mutual Holding Corporation for Blue Cross And Blue Shield of Florida Inc. (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 13 | Corporate Disclosure Statement by Blue Cross and Blue Shield of Georgia Inc. identifying Corporate Parent Anthem Inc. for Blue Cross and Blue Shield of Georgia Inc. (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 14 | Corporate Disclosure Statement by Blue Cross and Blue Shield of North Carolina (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 15 | Corporate Disclosure Statement by BlueCross BlueShield of South Carolina (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 16 | Corporate Disclosure Statement by Health Options Inc. identifying Corporate Parent GuideWell Mutual Holding Corporation for Health Options Inc. (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 17 | Corporate Disclosure Statement by Healthkeepers Inc. identifying Corporate Parent Anthem Inc. for Healthkeepers Inc. (Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 18 | Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, *for Lack of Personal Jurisdiction* by Blue Cross and Blue Shield of Alabama. Responses due by 12/13/2017 (Hawran, Gregory) (Entered: 11/29/2017) |
| 11/29/2017 | 19 | Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, by Anthem Insurance Companies Inc., Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, Healthkeepers Inc.. Responses due by 12/13/2017 (Attachments: # 1 Exhibit A - BCBSNC Declaration from Roy E. Watson Jr., # 2 Exhibit B - BCBSGa Declaration from Michelle Kersey, # 3 Exhibit C - Healthkeepers Inc. Declaration from Michelle Kersey, # 4 Exhibit D - AICI Declaration from Michelle Kersey)(Pegg, Allen) (Entered: 11/29/2017) |
| 11/29/2017 | 20 | Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, FOR FAILURE TO STATE A CLAIM by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of |

| | | |
|---|---|---|
| | | Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc.. Responses due by 12/13/2017 (Pegg, Allen) (Entered: 11/29/2017) |
| 11/30/2017 | 21 | Corporate Disclosure Statement by Blue Cross and Blue Shield of Texas (Baird, Lisa) (Entered: 11/30/2017) |
| 11/30/2017 | 22 | Corporate Disclosure Statement by Blue Cross and Blue Shield of Alabama (Hawran, Gregory) (Entered: 11/30/2017) |
| 11/30/2017 | 23 | NOTICE by Blue Cross and Blue Shield of Kansas City re 10 Order Dismissing Party, 9 Notice of Voluntary Dismissal *Notice of Removal from CM/ECF Service List* (Schwiep, Paul) (Entered: 11/30/2017) |
| 12/01/2017 | 24 | Clerks Notice to Filer re 21 Certificate of Interested Parties/Corporate Disclosure Statement. **Parties Not Added**; ERROR - The Filer failed to add all interested parties. Filer is instructed to file a Notice of Entry of Parties and add the additional party (Health Care Service Corporation) to the case in the role of interested party. (asl) (Entered: 12/01/2017) |
| 12/04/2017 | 25 | Corporate Disclosure Statement by Reva Inc. identifying Corporate Parent Aero Jet Intermediate Holdings, Inc., Corporate Parent Aero Medical International, Inc. for Reva Inc. (Pincavage, Danya) (Entered: 12/04/2017) |
| 12/04/2017 | 26 | NOTICE by Blue Cross and Blue Shield of Alabama re 18 Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,,,*for Lack of Personal Jurisdiction Defendant Blue Cross Blue Shield of Alabama's Notice of Filing Exhibit A to its Motion to Dismiss for Lack of Personal Jurisdiction* (Attachments: # 1 Exhibit A) (Hawran, Gregory) (Entered: 12/04/2017) |
| 12/05/2017 | 27 | ENDORSED ORDER granting 8 Defendant BCBS of Michigan's Motion for Extension of Time to File Answer to Complaint Answer due 12/7/2017. Signed by Judge Federico A. Moreno on 12/5/2017. (lfs) (Entered: 12/05/2017) |
| 12/05/2017 | 28 | Notice of Entry of Parties Listed on 21 Certificate of Interested Parties/Corporate Disclosure Statement into CM/ECF. NOTE: New Filer(s) will appear twice, since they are also a new party in the case. New Filer(s)/Party(s): Health Care Service Corporation. (Baird, Lisa) (Entered: 12/05/2017) |
| 12/05/2017 | 29 | STATUS REPORT *Removal Status Report* by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross Blue Shield of Michigan Mutual Insurance Company, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc. (Pegg, Allen) (Entered: 12/05/2017) |
| 12/07/2017 | 30 | MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint),,,,,, by Blue Cross Blue Shield of Michigan Mutual Insurance Company. Responses due by 12/21/2017 (Perlman, Alan) (Entered: 12/07/2017) |
| 12/07/2017 | 31 | |

|  |  | MOTION to Withdraw as Attorney *Coffey Burlington's Motion to be Removed from the CM/ECF Service List* by Paul J. Schwiep. by Blue Cross and Blue Shield of Kansas City. Responses due by 12/21/2017 (Attachments: # 1 Text of Proposed Order)(Schwiep, Paul) (Entered: 12/07/2017) |
|---|---|---|
| 12/07/2017 | 32 | Statement of: *Rule 7.1* by Blue Cross Blue Shield of Michigan Mutual Insurance Company (Brijbasi, Vijay) (Entered: 12/07/2017) |
| 12/13/2017 | 33 | Plaintiff's MOTION to Remand by Reva Inc.. (Attachments: # 1 Exhibit Exhibit A - Declaration of Michael Labinski)(Pincavage, Danya) (Entered: 12/13/2017) |
| 12/13/2017 | 34 | Plaintiff's MOTION to Stay re 19 Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, , 30 MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint),,,,,, , 18 Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, *for Lack of Personal Jurisdiction*, 20 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, FOR FAILURE TO STATE A CLAIM by Reva Inc.. Responses due by 12/27/2017 (Attachments: # 1 Text of Proposed Order Exhibit A - Proposed Order on Plaintiff's Motion for Stay, # 2 Exhibit Exhibit B - Sheridan v. UHC - Order on Motion for Extension) (Pincavage, Danya) (Entered: 12/13/2017) |
| 12/19/2017 | 35 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 33 Plaintiff's MOTION to Remand by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross Blue Shield of Michigan Mutual Insurance Company, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc.. (Attachments: # 1 Text of Proposed Order Ex. A - Proposed Order)(Pegg, Allen) (Entered: 12/19/2017) |
| 12/20/2017 | 36 | ENDORSED ORDER granting 35 Defendants' Motion for Extension of Time to File Response to 33 Plaintiff's MOTION to Remand. Responses due by 1/16/2018. Signed by Judge Federico A. Moreno on 12/20/2017. (lfs) (Entered: 12/20/2017) |
| 12/27/2017 | 37 | RESPONSE in Opposition re 34 Plaintiff's MOTION to Stay re 19 Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, , 30 MOTIO / *Defendants' Response in Opposition to Plaintiff's Motion for Stay, or Enlargement, or Discovery* filed by Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross Blue Shield of Michigan Mutual Insurance Company, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Texas, BlueCross BlueShield of South Carolina, Health Options Inc., Healthkeepers Inc.. Replies due by 1/3/2018. (Pegg, Allen) (Entered: 12/27/2017) |
| 01/03/2018 | 38 |  |

|            |    | ORDER granting 31 Motion to Withdraw as Attorney. Attorney Paul Joseph Schwiep terminated. Signed by Judge Federico A. Moreno on 12/29/2017. (lfs) (Entered: 01/03/2018) |
|------------|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 01/03/2018 | 39 | REPLY to Response to Motion re 34 Plaintiff's MOTION to Stay re 19 Defendant's MOTION to Dismiss for Lack of Jurisdiction 1 Notice of Removal (State Court Complaint),,,,,, 7 Order on Motion for Extension of Time to File Response/Reply/Answer, , 30 MOTIO filed by Reva Inc.. (Attachments: # 1 Exhibit A - Paperless Order, # 2 Exhibit B - The BlueCard Program BCBSNC, # 3 Exhibit C - BCBSAL Answer)(Pincavage, Danya) (Entered: 01/03/2018) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/08/2018 15:56:13 | | |
| **PACER Login:** | ds0078:2540207:0 | **Client Code:** | 049832-000100 |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-24158-FAM |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

# EXHIBIT 1B –

# *Reva Inc.* Complaint

Filing # 61710234 E-Filed 09/19/2017 02:05:59 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

REVA, INC.,

       Plaintiff,

v.

HEALTHKEEPERS, INC., BLUE CROSS
& BLUE SHIELD OF FLORIDA, INC.
d/b/a FLORIDA BLUE, BLUECROSS
BLUESHIELD OF NORTH CAROLINA,
BLUE CROSS AND BLUE SHIELD OF
TEXAS, A DIVISION OF HEALTH
CARE SERVICE CORPORATION,
BLUE CROSS AND BLUE SHIELD OF
KANSAS CITY, ANTHEM,
INSURANCE COMPANIES, INC.,
HEALTH OPTIONS, INC., d/b/a
FLORIDA BLUE HMO, BLUE CROSS
BLUE SHIELD OF MICHIGAN
MUTUAL INSURANCE COMPANY,
BLUE CROSS AND BLUE SHIELD OF
GEORGIA, INC., BLUE CROSS AND
BLUE SHIELD OF SOUTH CAROLINA;
BLUE CROSS AND BLUE SHIELD OF
ALABAMA,

       Defendants.

_____/

CASE NO.:

## COMPLAINT

Plaintiff, REVA, Inc., ("REVA"), sues defendants, Healthkeepers, Inc. ("Healthkeepers"),

Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue ("Florida Blue"), Blue Cross and

Blue Shield of North Carolina ("BCBSNC"), Blue Cross and Blue Shield of Texas, a Division of

Health Care Service Corporation ("BCBSTX"), Blue Cross and Blue Shield of Kansas City

("BCBSKC"), Anthem Insurance Companies, Inc. ("Anthem"), Health Options, Inc. d/b/a Florida

Blue HMO ("Health Options"), Blue Cross Blue Shield of Michigan Mutual Insurance Company

("BCBSMI"), Blue Cross and Blue Shield of Georgia, Inc. ("BCBSGA"), Blue Cross and Blue Shield of South Carolina ("BCBSSC"), and Blue Cross and Blue Shield of Alabama ("BCBSAL") (collectively, "Blue Plans" or "Defendants") and alleges as follows:[1]

## Case Overview

1.     This is an action to recover proper reimbursement for emergency air ambulance services that REVA provided to Defendants' insureds.   In each case, the patient required emergency transport because the facility in which the patient was initially treated lacked the capability to adequately treat him or her.

2.     For each claim at issue, the patient was insured by a Blue Plan at the time the air ambulance services were rendered by REVA.   Defendants acknowledged that its member's plan covered air ambulance services, evidenced by its partial payment to REVA, but grossly underpaid REVA for these services in violation of Florida law.

## Parties & Jurisdiction

3.     REVA is a Delaware corporation with its principal place of business in Broward County, Florida.   REVA is the largest fixed-wing air ambulance company in the world.   It provides emergent transport of patients suffering from critical and life-threatening medical conditions.

4.     Each Blue Plan is an independent licensee of the Blue Cross Blue Shield Association (the "Association").

5.     The Blue Plans utilize the Blue Card Program, which is purportedly designed to provide Blue Plans' insureds the benefit of access to nationwide health care services by utilizing the other Blue Plans' networks of providers in its respective service areas.

---

[1] REVA is not included within the definition of a "Class Member" with regards to the April 27, 2007 Rick Love, M.D., *et. al.* v. Blue Cross and Blue Shield Association, *et. al.* Settlement Agreement because REVA is not a "Physician", "Physician Group", or "Physician Organization."

2

Page 3 of 10

Case 1:17-cv-24259-XXXX Document 1 Entered on FLSD Docket 3/23/2017 Page 4 of 11
Case MDL No. 2406 Document 396-3 Filed 01/08/18 Page 3/5 of 22

6.     Defendant, Florida Blue, is a Florida-licensed health insurance corporation with its principal place of business in Duval County, Florida.

7.     Defendant, Health Options, is a Florida-licensed Health Maintenance Organization ("HMO") with its principal place of business in Duval County, Florida.

8.     Defendant, Healthkeepers, is a foreign HMO incorporated in Virginia with its principal place of business in Marion County, Indiana.

9.     Defendant, BCBSNC, is a foreign health insurance corporation incorporated in North Carolina with its principal place of business in Durham County, North Carolina.

10.     Defendant, BCBSTX, is a foreign health insurance corporation incorporated in Illinois with its principal place of business in Cook County, Illinois.

11.     Defendant, BCBSKC, is a foreign health insurance corporation and third-party administrator incorporated in Missouri with its principal place of business in Jackson County, Missouri.

12.     Defendant, Anthem, is a foreign health insurance corporation and third-party administrator incorporated in Indiana with its principal place of business in Marion County, Indiana.

13.     Defendant, BCBSMI, is a foreign health insurance corporation incorporated in Michigan with its principal place of business in Wayne County, Michigan.

14.     Defendant, BCBSGA, is a foreign health insurance corporation incorporated in Georgia with its principal place of business in Fulton County, Georgia.

15.     Defendant, BCBSSC, is a foreign health insurance corporation incorporated in South Carolina with its principal place of business in Richland County, South Carolina.

16.     Defendant, BCBSAL, is a foreign health insurance corporation incorporated in

3

Alabama with its principal place of business in Jefferson County, Alabama.

17.     Florida Blue, Health Options, and Anthem are subject to Florida jurisdiction pursuant to Florida Statutes §§ 48.193(1)(a)(1), (1)(a)(4), and (1)(a)(6) and (2).

18.     The remaining Blue Plans are subject to Florida jurisdiction pursuant to Fla. Stat. § 48.193 because each conducts business in Florida by: (1) authorizing Florida healthcare providers to provide healthcare services to its members and paying for such services; (2) contracting with Florida Blue to process and pay its claims in Florida pursuant to the Blue Card Program; and (3) intentionally advertising to its members that it provides access to healthcare goods and services in Florida.

19.     This Court has jurisdiction over this dispute in that Plaintiff seeks damages exceeding $15,000.00.

20.     Venue is proper in Miami-Dade County in that a material portion of the health care services at issue were provided to Defendants' members in Miami-Dade County.

### Substantive Allegations

**A.  REVA's Services to Defendants' Members**

21.     For many years, REVA rendered, and continues to render, emergency air ambulance services (the "Services") to Defendants' insureds.

22.     At the time the Services were rendered, each patient was enrolled as a member in a health insurance plan issued or administered by a Blue Plan.

23.     Each patient's health insurance plan covers air ambulance services and the applicable Blue Plan was obligated to pay for such Services.

24.     At or prior to the time the Services were rendered, each patient presented information identifying the relevant Defendant as his or her insurance provider, verifying

4

insurance coverage for REVA's Services and directing that all bills for the Services be submitted to the respective Defendant for processing and payment.

25. Subsequent to rendering Services, REVA submitted bills to Defendants, through Florida Blue as the Host Plan (defined below), seeking reimbursement of its usual and customary billed charges, which are published online and publicly available to Defendants.

26. REVA's standard charges are consistent with, or less than, the usual and customary billed charges of other air ambulance providers.

27. Even though Defendants provided REVA with an explanation of benefits ("EOB") for each patient acknowledging the Services were covered by the patient's insurance policy, Defendants significantly underpaid REVA for the Services.

28. At no time did REVA agree to any discounts for the Services. Accordingly, REVA expected to receive payment equal to the full amount of the charges reflected on the bills submitted to Defendants.

**B. The Defendants' Collaboration**

29. Defendants are independent licensees of the Association. Defendants utilize these independent licenses to cover millions of individuals throughout the United States.

30. The Association offers programs, like the BlueCard Program, which allows the Defendants to coordinate and cooperate with each other on a national platform, to create significant market advantages.

31. The BlueCare Program enables eligible members of one Blue Plan Member ("the Home Plan") to obtain health care services in another Blue Plan Member's (the "Host Plan") service area. This allows Blue Plans' insureds to access health care goods and services throughout the United States.

5

Page 6 of 10

Case 1:17-cv-24155-XXXX Document 1 Entered on FLSD Docket 11/13/2017 Page 7 of 11
Case MDL No. 2406 Document 396-3 Filed 01/08/18 Page 18 of 22

32.     For Florida healthcare providers, like REVA, Florida Blue acts as the "Host Plan" for foreign Blue Plans' insureds who receive healthcare services from Florida healthcare providers. As the Host Plan, Florida Blue is responsible for processing payments for services rendered by REVA to the Home Plan's members. The Home Plan adjudicates the claims submitted by Florida Blue, including the determination of payment to be made to the health care provider.

33.     For the claims at issue in this instant action, Florida Blue, as the Host Plan, purposefully submitted for adjudication a price to the Home Plan that was unreasonably low and significantly discounted.

34.     The Home Plan was not required to utilize Florida Blue's unreasonable pricing for the claims submitted by REVA.

35.     For each claim at issue, even though the Home Plan made partial payment to REVA, the rate of reimbursement did not reflect REVA's usual and customary billed charges or the reasonable value of REVA's services. Instead, Defendants significantly underpaid REVA for the services it rendered to Defendants' insureds.

36.     REVA has performed all of its material obligations, and all conditions precedent to the institution and maintenance of this action have been satisfied, fulfilled, or otherwise waived.

37.     REVA engaged the undersigned counsel and is obligated to pay counsel a reasonable fee.

## COUNT I - UNJUST ENRICHMENT
### (ALL DEFENDANTS)

38.     REVA realleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     REVA conferred a direct benefit upon Defendants by providing Defendants' members with emergency air ambulance services to which they were entitled pursuant to their

6

Page 7 of 10

Case 1:17-cv-24159-XXXX   Case: MDL No. 2406   Document 396-3 Filed 01/08/18   Page 3/9 of 22 Page 8 of 11   Document 1 Entered on FLSD Docket 11/13/2017

contract with Defendants.

40.    Defendants voluntarily accepted and received the benefit conferred by REVA, with the knowledge that REVA expected to be paid the reasonable value of its services (i.e., REVA's usual and customary charges).

41.    Defendants have not paid or reimbursed the value of the benefit conferred by REVA in that Defendants have significantly underpaid REVA's claims for the Services.

42.    Defendants' underpayment results in a windfall for Defendants in that Defendants collect premiums from its members and subscribers, including the members at issue in the instant action, in return for agreeing to properly reimburse providers, like REVA, that render covered medical services.

43.    It is unjust under the circumstances for Defendants to underpay REVA's claim.

## COUNT II - QUANTUM MERUIT
### (ALL DEFENDANTS)

44.    REVA realleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

45.    REVA conferred a direct benefit upon Defendants by providing Defendants' members with emergent medical services to which they were entitled pursuant to their contract with Defendants.

46.    REVA billed Defendants its usual and customary charges for the Services. These charges represent the fair market value of the Services rendered.

47.    Defendants received the bill from REVA but underpaid REVA for the Services.

48.    There is no express agreement between the parties that allows Defendants to discount REVA's usual and customary billed charges; therefore, REVA is entitled to reasonable compensation for the Services, as reflected in its billed charges.

7

Page 8 of 10

Case 1:17-cv-24150-XXXX Document 1 Entered on FLSD Docket 11/13/2017 Page 9 of 11
Case MDL No. 2406 Document 396-3 Filed 01/08/18 Page 30 of 22

49.     The circumstances are such that it would be inequitable for Defendants to retain these benefits without paying REVA the value thereof.

## COUNT III - VIOLATION OF FLORIDA STATUTES SECTION § 627.64194
### (DEFENDANT FLORIDA BLUE)

50.     REVA realleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

51.     Florida Blue is an insurer governed by Chapter 627 of the Florida Statutes.

52.     REVA provided emergency services to Florida Blue's members. The Services are covered services pursuant to Florida Blue's agreement with each of its members and pursuant to Fla. Stat. § 627.64194.

53.     REVA billed Florida Blue, specifying the nature of the Services and its usual and customary charges for such Services.

54.     Florida Blue grossly underpaid REVA for the Services rendered to Florida Blue's members.

55.     Florida Blue is required, pursuant to Fla. Stat. §§ 627.64194(4) and 641.513(5), to reimburse REVA for emergency services provided to Florida Blue's members in an amount equal to the lesser of: (i) REVA's charges; (ii) the usual and customary provider charges for similar services in the community where REVA provided the Services; or (iii) the charge mutually agreed to by REVA and Florida Blue within sixty (60) days of REVA's submission of the claim.

56.     REVA and Florida Blue did not mutually agree to discount the charges for the Services rendered to Florida Blue's members.

57.     Florida Blue has failed to comply with Fla. Stat. § 627.64194, by underpaying REVA for the Services it provided to Florida Blue's members.

8

**COUNT IV – VIOLATION OF FLORIDA STATUTES SECTION § 641.513**
**(DEFENDANT HEALTH OPTIONS)**

58.     REVA realleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

59.     Health Options is a Florida HMO, which is governed by Chapter 641 of the Florida Statutes.

60.     REVA provided emergency services to Health Options' members. The Services are covered services pursuant to Health Options' agreement with its members and pursuant to Fla. Stat. § 641.513.

61.     REVA billed Health Options, specifying the nature of the Services and its usual and customary charges for the Services.

62.     Health Options grossly underpaid REVA for the Services rendered to Health Options' members.

63.     Health Options is required, pursuant to Fla. Stat. § 641.513(5), to reimburse REVA for emergency services provided to Health Options members in an amount equal to the lesser of: (i) REVA's charges; (ii) the usual and customary provider charges for similar services in the community where REVA provided the Services; or (iii) the charge mutually agreed to by REVA and Health Options within sixty (60) days of REVA's submission of the claim.

64.     REVA and Health Options did not mutually agree to discount the charges for the Services rendered to Health Options' members.

65.     Health Options has failed to comply with Fla. Stat. § 641.513, by underpaying REVA for the Services it provided to Health Options' members.

9

**WHEREFORE**, REVA prays for judgment to be entered in its favor and against Defendants awarding the following:

a.   Compensatory damages in excess of $15,000.00;

b.   Pre and post judgment interest as provided by Florida law;

c.   Taxable costs and expenses;

d.   Attorneys' fees and costs pursuant to Fla. Stat. §§ 641.28 and 627.428; and

e.   Such other relief as the Court deems just and equitable.

### JURY TRIAL

REVA demands trial by jury on all issues so triable.

**DATED** this 19th day of September 2017

WOLFE | PINCAVAGE
2980 McFarlane Road
Miami, Florida 33133
Telephone: 786.509.9755

By:   /s/ Danya J. Pincavage
Douglas A. Wolfe
doug@wolfepincavage.com
Fla. Bar No.: 28671
Danya J. Pincavage
danya@wolfepincavage.com
Fla. Bar No.: 14616
Rebecca Greenfield
becky@wolfepincavage.com
Fla. Bar No.: 0117739

10