# EXHIBIT 1E –

# *Reva Inc*. – Plaintiff's Reply in Support of its Motion for Stay, or Alternatively, an Enlargement of Time to Respond to Motions to Dismiss, and Motion to Conduct Jurisdictional Discovery

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:17-cv-24158

REVA, INC.,

      *Plaintiff,*

v.

HEALTHKEEPERS, INC., BLUE CROSS
& BLUE SHIELD OF FLORIDA, INC. d/b/a
FLORIDA BLUE, BLUE CROSS BLUE
SHIELD OF NORTH CAROLINA, BLUE
CROSS AND BLUE SHIELD OF TEXAS,
A DIVISION OF HEALTH CARE
SERVICE CORPORATION, ANTHEM
INSURANCE COMPANIES, INC.,
HEALTH OPTIONS, INC., d/b/a FLORIDA
BLUE HMO, BLUE CROSS BLUE
SHIELD OF MICHIGAN MUTUAL
INSURANCE COMPANY, BLUE CROSS
AND BLUE SHIELD OF GEORGIA, INC.,
BLUE CROSS AND BLUE SHIELD OF
SOUTH CAROLINA; BLUE CROSS AND
BLUE SHIELD OF ALABAMA,

      *Defendants.*

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR STAY, OR, ALTERNATIVELY, AN ENLARGEMENT OF TIME TO RESPOND TO MOTIONS TO DISMISS, AND MOTION TO CONDUCT JURISDICTIONAL DISCOVERY

      Good cause exists for the Court to stay briefing and ruling on Defendants' motions to dismiss because the outcome of REVA's motion to remand [D.E. 33] will likely render the motions to dismiss moot. If the Court denies REVA's request for a stay, it should allow REVA to conduct limited jurisdictional discovery before responding to the motions to dismiss for lack of personal jurisdiction [D.E. 18 and 19].

I.     **REVA'S REQUEST TO STAY RULING ON THE MOTIONS TO DISMISS IS SUPPORTED BY GOOD CAUSE**

REVA identified good cause for the Court to stay briefing on the motions to dismiss: those motions will be mooted by this Court's ruling on REVA's motion for remand.  If the Court remands this case to state court, the Court will no longer have subject matter jurisdiction and cannot rule on the motions. If the Court denies the motion for remand, REVA will seek leave to file an amended complaint, and the motions to dismiss will be moot.[1]  Requiring the Parties to brief the motions to dismiss before the Court determines whether it has subject matter jurisdiction over this action is an unnecessary use of the Parties' and the Court's resources.

Other Courts have exercised their discretion to stay briefing on a motion to dismiss until it after it resolves a motion for remand.  Recently, another United States District Judge in this District stayed briefing on a motion to dismiss, finding that "Since the Plaintiff's motion to remand implicates the Court's subject matter jurisdiction and the Defendants do not oppose the requested stay, the Court hereby stays the briefing on the Defendants' motion to dismiss until the Court resolves the motion to remand." Paperless Order [D.E. 11] in *REVA, Inc. v. UnitedHealthcare Ins. Co.*, Case No. 1:17-cv-24210-RNS (S.D. Fla. Dec. 20, 2017)(citations to the docket omitted)(Ex. A).  Because ruling on REVA's motion for remand also "implicates the Court's subject matter jurisdiction", this Court should likewise exercise its discretion and stay briefing on the motions to dismiss.

II.    **IN THE ALTERNATIVE TO A STAY THE COURT SHOULD ENTER A JURISDICTIONAL DISCOVERY SCHEDULE BEFORE REQUIRING REVA TO RESPOND TO THE MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

[1] If the remand motion is denied REVA will be required to amend its complaint to assert claims under ERISA.  Furthermore, to the extent amendment is necessary, REVA will also amend the jurisdictional allegations that will render the motions to dismiss for lack of personal jurisdiction moot.

REVA requires jurisdictional discovery for two reasons.  First, the PJ Defendants[2]

submitted declarations that do not address REVA's jurisdictional allegations, and create a genuine

dispute concerning jurisdictional facts.  Second, the declarations contain statements that may give

rise to general jurisdiction in this Court.

### A.   The Declarations do not Address, and Conflict with, REVA's Personal Jurisdiction Allegations

REVA contends that the PJ Defendants' participation in the BlueCard program subjects

them to personal jurisdiction in Florida because it creates an agency relationship with Defendants

Florida Blue and Health Options, and/or the program allows them to conduct business in Florida.[3]

REVA alleges that Healthkeepers, Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross

and Blue Shield of Georgia, and Blue Cross and Blue Shield of Alabama, are subject to personal

jurisdiction in Florida "because each conducts business in Florida by: (1) authorizing Florida

healthcare providers to provide healthcare services to its members and paying for such services;

---

[2] The "PJ Defendants" are, collectively, Healthkeepers, Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Georgia, and Blue Cross and Blue Shield of Alabama and Anthem Insurance Companies, Inc.

[3] A brochure titled "The BlueCard Program: What you need to know about BlueCard claims filing", found on PJ Defendant Blue Cross Blue Shield of North Carolina's website, explains:

> BlueCard is a national program that enables Blue members to obtain healthcare services while traveling or living in another Blue Plan service area. The Program links healthcare providers with all the Blue Plans across the nation through a single electronic network for claims processing and reimbursement. Additionally, the program links providers in more than 200 countries and territories worldwide.

> The Program allows you to conveniently submit claims for patients from other Blue Plans, either domestic or international, to your local Blue Plan.

> For your convenience, your local Blue Plan is your single contact for claims payments, adjustments and customer service issues — for all BlueCard claims.

BlueCard brochure (Ex. B), available at http://www.bcbsnc.com/assets/providers/public/training/ The%20BlueCard%20Program.pdf  (last accessed on January 3, 2018).

(2) contracting with Florida Blue to process and pay its claims in Florida pursuant to the BlueCard

Program; and (3) intentionally advertising to its members that it provides access to healthcare

goods and services in Florida." Complaint [D.E. 1-1] at ¶ 18. REVA alleges that Anthem Insurance

Companies, Inc. is subject to personal jurisdiction pursuant to Fla. Stat. §§ 48.193(1)(a)(1),

(1)(a)(4), and (1)(a)(6) and (2).[4] *Id.* at ¶ 17.

REVA included extensive allegations regarding the nature of the BlueCard Program, the

Defendants' membership therein, and the method by which REVA submitted claims to (and was

paid by) the Defendants. D.E. 1-1 at ¶¶ 4-5, and 29-35.  REVA's allegations mirror the publicly-

available information about the manner in which the BlueCard Program operates. But information

---

[4] Florida Statute § 48.193 provides in relevant part:

> (1)  A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>> 1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>> 4.   Contracting to insure a person, property, or risk located within this state at the time of contracting.
>> 6.   Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>>> a.   The defendant was engaged in solicitation or service activities within this state ….
>
> (2)   A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

regarding the contractual relationship between the PJ Defendants and the "Host Plans" in Florida is not publicly available, and should be subject to limited jurisdictional discovery.

The PJ Defendants' virtually identical declarations do not address any of REVA's allegations regarding the BlueCard program. Instead, the PJ Defendants make conclusory statements regarding the nature of their contacts with the State of Florida. *See* D.E. 19-1 at ¶¶ 5-10; D.E. 19-2 at ¶¶ 4-5; D.E. 19-3 at ¶ 4; D.E. 19-4 at ¶¶ 4-5; D.E. 26-1 at ¶¶ 4-5. REVA therefore requires discovery regarding this program, including the contractual terms and provisions that allow the PJ Defendants to take advantage of the healthcare benefits offered by Florida-based providers to their insureds. REVA contends that the BlueCard program creates an agency relationship between the Host Plan (in this instance, Defendants Florida Blue and Health Options, a Florida-licensed health insurance corporation and Florida-licensed HMO, respectively) and the other the PJ Defendants' Home Plans that subjects them to personal jurisdiction in the courts of this State, and/or allows them to conduct business in the State of Florida.[5] The Court should therefore permit REVA to conduct limited discovery regarding the relationship between the PJ Defendants and Florida Blue and Health Options under the BlueCard program, so that REVA may rebut the PJ Defendants' assertions.

REVA is not required to submit an affidavit in support of a request to seek jurisdictional discovery. The cases cited by Defendants do not require the submission of affidavits, only a statement of the specific information sought that will establish personal jurisdiction.[6] The need for

---

[5] The Declarations do not dispute the Defendants' membership in the BlueCard program. And BCBS AL admitted in another Florida lawsuit that it is a member of the BlueCard program. *See* BCBS AL's Answer and Affirmative Defenses in *The Recovery Village at Umatilla v. BCBS*, Case No: CACE-15-008975 (07) in the Circuit Court of the 17th Judicial Circuit, in and for Broward County Florida, at ¶ 4 (Ex. C).

[6] In addition, the cases cited by Defendants pertain to motions to dismiss for lack of personal jurisdiction, not separate motions for leave to conduct jurisdictional discovery. *Westchester Fire*

jurisdictional discovery is plain from the face of the Complaint and the content of the Declarations, as there is a genuine issue of disputed fact regarding whether the PJ Defendants' membership in the BlueCard program subjects them to Florida's long-arm jurisdiction.

**B.    The Declarations Contain Statements that May Give Rise to General Jurisdiction**

All of the PJ Defendants (with the exception of Healthkeepers) acknowledge that they insure Florida residents under their health plans. D.E. 19-1 at ¶15; D.E. 19-2 at ¶10; D.E. 19-4 at ¶10; D.E. 26-1 at ¶9 ("While there are other individuals who are beneficiaries of health plans offered or administered by [PJ Defendant] who reside in Florida, [PJ Defendant's] business records do not reflect that during the relevant time period, [PJ Defendant] received any claims from Reva [sic] for providing air ambulance services to any such individuals."). If the aggregate number of these Florida-resident insureds is substantial, the PJ Defendants may be subject to this Court's general jurisdiction based on its contacts with Florida residents and payments to Florida healthcare providers.

"General jurisdiction allows federal courts to hear cases against foreign corporations when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Westchester Fire Ins. Co. v. Aerospace,* Case No. 16-231890-CIV-

---

*Ins. Co. v. Aerospace*, Case No. 16-231890-CIV-Moreno, 2017 U.S. Dist. LEXIS 158169 (S.D. Fla. Sept. 27, 2017); *Brown v. Carnival Corp.,* 202 F. Supp. 3d 1332 (S.D. Fla. 2016); *Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327 (S.D. Fla. 2016). As the *Thompson* Court observed, it is procedurally improper to seek jurisdictional discovery by "[burying] such requests in its briefs as a proposed alternative to dismissing defendant on the state of the current record." *Thompson*, 174 F. Supp. 3d at 1339 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009). These cases may have conflated the standard for rebutting allegations in motion to dismiss with the standard for seeking jurisdictional discovery.

The unpublished appellate opinion cited by the Defendants, *Bernath v. American Legion*, Case No. 16-17280, 2017 U.S. App. LEXIS 23948 (11th Cir. Nov. 28, 2017) is distinguishable. In *Bernath,* the Eleventh Circuit did not analyze whether the plaintiff made a proper request for jurisdictional discovery, but simply concluded (without explanation) that the district court did not abuse its discretion in denying discovery regarding the court's subject matter jurisdiction.

Moreno, 2017 U.S. Dist. LEXIS 158169 (S.D. Fla. Sept. 27, 2017) (quoting Daimler *AG v.*
*Bauman*, 134 S. 746, 754 (2014)). Because the Declarations have not provided any details about
the number of Florida-resident insureds and the amount of money paid to Florida healthcare
practitioners, REVA requires jurisdictional discovery to determine whether the PJ Defendants'
activities in Florida subject it to general jurisdiction. The information asserted in the Declarations
is such that REVA could not have known about it prior to filing the Complaint, and may provide
an additional basis for jurisdiction of the PJ Defendants. REVA should therefore be permitted to
conduct limited jurisdictional discovery of these statements.

## CONCLUSION

WHEREFORE, REVA, Inc. renews its request that this Court stay the briefings and ruling
on Defendants' four Motions to Dismiss pending its determination of REVA's Motion for
Remand. Alternatively, REVA respectfully requests that this Court grant an enlargement of time,
up to and including January 17, 2018, to file and serve its responses to both of the Motions to
Dismiss for Failure to State a Claim [D.E. 20 and 30].

In the alternative to a stay, REVA also requests that this Court enter an order setting a
discovery schedule and granting REVA an extension of time to respond to the MTDs for Personal
Jurisdiction [D.E. 18 and 19] until fourteen days after the conclusion of jurisdictional discovery.

WOLFE | PINCAVAGE
2980 McFarlane Road
Miami, Florida 33133
Telephone: 786.509.8874

By:  /s/ Danya J. Pincavage
Douglas A. Wolfe
doug@wolfepincavage.com
Fla. Bar No.: 28671
Danya J. Pincavage
danya@wolfepincavage.com
Fla. Bar No.: 14616

Rebecca Greenfield
becky@wolfepincavage.com
Fla. Bar No.: 0117739

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 3, 2018 the foregoing was filed using the Court's CM/ECF system and that will serve a copy on:

Allen P. Pegg
allen.pegg@hoganlovells.com
Daniel Balmori
daniel.balmori@hoganlovells.com
Paige Comparato
paige.comparato@hoganlovells.com
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: 305-459-6500 / Fax: 305-459-6550
*Counsel for Anthem Insurance Companies, Inc., Blue Cross Blue Shield of Georgia, Inc., Healthkeepers, Inc., Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, Health Options, Inc., BlueCross BlueShield of South Carolina, and Blue Cross and Blue Shield of North Carolina*

Lisa M. Baird
lbaird@reedsmith.com
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: 786-747-0200 / Fax: 786-747-0299
Martin J. Bishop
mbishop@reedsmith.com
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
Tel: 312-207-1000 / Fax: 312-207-6400
*Counsel for Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Corporation*

Alan J. Perlman
aperlman@dickinson-wright.com
Dickinson Wright PLLC
350 East Las Olas Blvd., Suite 1750
Ft. Lauderdale, FL 33301
Tel: 954-991-5420 / Fax: 844-670-6009
Scott R. Knapp
sknapp@dickinson-wright.com
Dickinson Wright PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
Tel: 517-371-1730 / Fax: 844-670-6009
*Counsel for Blue Cross Blue Shield of Michigan Mutual Insurance Company*

Gregory R. Hawran
gregory.hawran@ogletree.com
Ogletree Deakins Nash Smoak & Stewart P.C.
701 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-455-3803 / Fax: 305-374-0456
Tim A. Palmer
tim.palmer@ogletree.com
Ogletree Deakins Nash Smoak & Stewart P.C.
SunTrust Plaza – Suite 1200
401 Commerce Street
Nashville, TN 37219
Tel: 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 / Fax: 615-254-1908
*Counsel for Blue Cross and Blue Shield of Alabama*

By: _/s/ Danya J. Pincavage_____

1/3/2018   Wolfe Pincavage Mail - Case MDL No. 2406 — Document 306-6 — Filed 04/08/18 — Page 11 of 37 Company et al Order on Motion for Extension of Time

Case 1:17-cv-24210-RNS   Document 30-1   Entered on FLSD Docket 09/03/2018   Page 1 of 1



Danya Pincavage <danya@wolfepincavage.com>

---

## Activity in Case 1:17-cv-24210-RNS Reva, Inc. v. UnitedHealthcare Insurance Company et al Order on Motion for Extension of Time
1 message

**cmecfautosender@flsd.uscourts.gov** <cmecfautosender@flsd.uscourts.gov>
To: flsd_cmecf_notice@flsd.uscourts.gov

Fri, Dec 22, 2017 at 12:32 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 12/22/2017 at 12:32 PM EST and filed on 12/22/2017
**Case Name:**      Reva, Inc. v. UnitedHealthcare Insurance Company et al
**Case Number:**      1:17-cv-24210-RNS
**Filer:**
**Document Number:** 13(No document attached)

**Docket Text:**
**PAPERLESS ORDER: The Court grants [12] the Defendants UnitedHealthcare Insurance Company, UnitedHealthcare Insurance Company of New York, Inc. and UnitedHealthcare of Florida, Inc.'s motion for extension of time to respond to the Plaintiff's motion for remand [9]. The Defendants shall filed their response to the motion on or before January 16, 2018. Re: [9] Plaintiff's MOTION to Remand *and Incorporated Memorandum of Law* filed by Reva, Inc. Responses due by 1/16/2018. Signed by Judge Robert N. Scola, Jr. (ak02)**

**1:17-cv-24210-RNS Notice has been electronically mailed to:**

Danya Pincavage     danya@wolfepincavage.com, service@wolfepincavage.com

Douglas Wolfe     doug@wolfepincavage.com, farida@wolfepincavage.com, service@wolfepincavage.com

Rebecca Greenfield     becky@wolfepincavage.com

Shari Lyn Gerson     shari.gerson@gray-robinson.com, amy.vasilievich@gray-robinson.com

Shayna Alicia Freyman     shayna.freyman@gray-robinson.com, gale.myerowitz@gray-robinson.com

**1:17-cv-24210-RNS Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

## The BlueCard Program makes filing claims easy.

BlueCard is a national program that enables Blue members to obtain healthcare services while traveling or living in another Blue Plan service area. The Program links healthcare providers with all the Blue Plans across the nation through a single electronic network for claims processing and reimbursement. Additionally, the program links providers in more than 200 countries and territories worldwide.

The Program allows you to conveniently submit claims for patients from other Blue Plans, either domestic or international, to your local Blue Plan.

For your convenience, your local Blue Plan is your single contact for claims payments, adjustments and customer service issues — for all BlueCard claims.

To learn more about the BlueCard Program, call your local Blue Plan or visit **www.BCBS.com**.

**TheBlueCard**®

Now, Home Is Where The Card Is®

Blue Cross, Blue Shield, the Blue Cross and Blue Shield symbols, BlueCard and BlueCard Worldwide are registered service marks of the Blue Cross and Blue Shield Association, an association of independent Blue Cross and Blue Shield Plans.

N-11-184

# The
# BlueCard®
## Program

What you need to know about BlueCard claims filing





# The BlueCard® Program

## Our commitment to you

Blue℠ providers, just like you, serve nearly 100 million Blue members nationwide, including almost 25 million National Account members. We understand the importance of ensuring easy administration for you, and we want your patients to have a positive experience with each visit.

As a result, we are committed to meeting your needs and expectations by providing you with a single point of contact through your local Blue Plan for claims, customer service and provider education-related inquiries.

## Important facts about the Alpha Prefix

- The alpha prefix on a member ID is key to facilitating prompt payment and is always three alpha characters.

- It is used to identify and correctly route claims and confirm a patient's membership and coverage.

- It is critical for the electronic routing of specific HIPAA transactions to the appropriate Blue Plan.

- It is very important to capture all ID card data at the time of service.

- It is important that you accurately submit the alpha prefix and member ID number as identified on the Blue ID card.

## Filing claims for BlueCard members

1. Ask for the member's current Blue℠ ID card.

2. Check benefits and eligibility by either using your local Blue Plan's electronic capabilities or by calling 1.800.676.BLUE (2583).

3. Submit the claim electronically to your local Blue Plan for faster processing.

4. To check claim status, contact your local Blue Plan.

## Helpful tips about member IDs:

- Member's ID numbers are not Social Security Numbers.

- Be sure that all of your system upgrades accommodate the alpha prefix and all subsequent characters, up to 17 positions total.

- A correct member ID number includes the alpha prefix (first three positions) and all subsequent characters, up to 17 positions total.

- Some member ID numbers may include alphabetic characters in other positions following the alpha prefix, while others may be fewer than 17 positions.

- Do not add/delete characters or numbers within the member ID.

- Do not change the sequence of the characters following the alpha prefix.

- Please make copies of the front and back of the ID card, and pass this information to your billing staff.

If you have any questions about the BlueCard Program or filing claims for out-of-area patients, contact your local Blue Plan.

## How to identify members

BlueCard members have a three-character alpha prefix at the beginning of their ID number. The alpha prefix is key to facilitating prompt payment.

The member ID is a combination of alpha and numeric characters.

Sample ID cards:



The three-character alpha prefix

The "suitcase" logo appears in the lower right hand corner of the card.

Filing # 48874474 E-Filed 11/14/2016 05:20:07 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

COMPLEX LITIGATION UNIT

CASE NO.: CACE-15-008975 (07)

RECOVERY VILLAGE AT UMATILLA,
L.L.C., a Delaware limited liability company,

      Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., d/b/a Florida Blue, a
Florida corporation, et al.

      Defendants.

### DEFENDANT BLUE CROSS AND BLUE SHIELD OF ALABAMA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REVISED SECOND AMENDED COMPLAINT

      Defendant Blue Cross and Blue Shield of Alabama ("BCBSAL") hereby answers and sets

forth its affirmative defenses to Plaintiff Recovery Village at Umatilla's ("Plaintiff's") Second

Amended Complaint. It denies each and every allegation of Plaintiff's Second Amended

Complaint except as expressly admitted below:

### Nature of Action[1]

      1. In response to the allegations in paragraph one of Plaintiff's Second Amended Complaint,

      BCBSAL admits that Plaintiff is seeking the purported relief as stated, but denies that

      Plaintiff is due any relief.

---

[1] The headings and titles in the Complaint are not factual allegations to which a response is required. To the extent a
response is deemed required, BCBSAL denies any allegations in Plaintiff's headings and titles.

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 11/14/2016 5:20:04 PM.****

2. BCBSAL denies the allegations in Paragraph 2.

3. BCBSAL admits that it is an independent licensee of the Blue Cross Blue Shield Association ("Association"). Otherwise, the allegations in Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 3.

4. BCBSAL admits that it participates in the Blue Card program, but denies Plaintiff's characterization of such program and denies the remaining allegations in Paragraph 4.

5. BCBSAL denies the allegations in Paragraph 5.

6. BCBSAL denies the allegations in Paragraph 6.

7. BCBSAL denies the allegations in Paragraph 7.

### The Parties, Jurisdiction, and Venue

8. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies those allegations.

9. The allegations in Paragraph 9 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 13.

14. The allegations in paragraph 14 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 14.

15. The allegations in paragraph 15 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 15.

16. BCBSAL admits that it is a special health-benefit services plan under Alabama law but otherwise BCBSAL denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 22.

23. Whether the Court has jurisdiction over this action is a legal conclusion to which no response is required. BCBSAL states that the documents quoted speak for themselves and denies any characterization thereof. In further response to the allegations in paragraph 23 of Plaintiff's Complaint, BCBSAL denies that Plaintiff is due any of the relief sought, including damages.

24. The allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, BCBSAL denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are not factual allegations to which a response is required. To the extent a response is required, BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies those allegations.

## Recovery Village's Services

26. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

27. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.

28. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies those allegations.

**The Defendants' Products and Services**

29. BCBSAL admits the allegations in Paragraph 29.

30. In response to the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint, BCBSAL states that it maintains certain networks of participating healthcare providers but denies Plaintiff's characterization is accurate. BCBSAL also states that its individual and group benefit plans speak for themselves regarding coverage by "in-network" providers. BCBSAL is without sufficient information to admit or deny the allegations directed to other defendants. BCBSAL denies the remaining allegations of this paragraph and specifically denies those allegations that suggest, implicitly or explicitly, that BCBSAL's participating provider network and benefit plans amount to wrongful or illegal conduct.

31. In response to the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint, BCBSAL states that its individual and group benefit plans speak for themselves regarding coverage for "out-of-network" services. BCBSAL is without sufficient information to admit or deny the allegations directed to other defendants. BCBSAL denies the remaining allegations of this paragraph and specifically denies those allegations that

suggest, implicitly or explicitly, that BCBSAL's benefits plan provisions amount to wrongful or illegal conduct.

32. In response to the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint, BCBSAL states that its individual and group benefit plans speak for themselves regarding cost-sharing provisions. BCBSAL is without sufficient information to admit or deny the allegations directed to other defendants. BCBSAL denies the remaining allegations of this paragraph and specifically denies those allegations that suggest, implicitly or explicitly, that BCBSAL's benefits plan provisions amount to wrongful or illegal conduct.

33. BCBSAL denies the allegations in Paragraph 33.

### Recovery Village Provider Status

34. BCBSAL admits that Plaintiff does not participate in its provider network. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies those allegations.

35. BCBSAL admits that Plaintiff is not one of its network providers. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies those allegations.

36. BCBSAL admits that Plaintiff charges prices for its services, but denies that BCBSAL "knew" Plaintiff's prices for its services. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies those allegations.

37. In response to the allegations in Paragraph 37 of Plaintiff's Second Amended Complaint, BCBSAL admits that Plaintiff is not a participating provider in any network for

6

BCBSAL.  BCBSAL is without sufficient information to admit or deny the remaining allegations of this paragraph, and therefore denies the same.

### Recovery Village's Contracts with Defendants

38. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41. In response to the allegations of Paragraph 41 of Plaintiff's Second Amended Complaint, BCBSAL states that its members' plan documents speak for themselves regarding the level of utilization review or preauthorization required before certain services are rendered.  BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 directed to other defendants.  BCBSAL denies the remaining allegations of this paragraph.

42. In response to the allegations of Paragraph 42 of Plaintiff's Second Amended Complaint, BCBSAL admits that, in some instances, BCBSAL or its agents may issue pre-authorizations or pre-certifications for anticipated or proposed services for some of its members.  BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 directed to other defendants.  BCBSAL denies the remaining allegations of this paragraph.

43. In response to the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint, BCBSAL admits that Plaintiff's staff provides it or its agents certain information as part

of the utilization review or preauthorization process. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 directed to other defendants. BCBSAL denies the remaining allegations of this paragraph.

44. BCBSAL denies the allegations in the first sentence of Paragraph 44, and denies that BCBSAL "knew" Plaintiff's prices for its services. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies those allegations.

45. In response to the allegations of Paragraph 45 of Plaintiff's Second Amended Complaint, BCBSAL states that its members' plan documents speak for themselves regarding the utilization review and/or preauthorization process. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 directed to other defendants. BCBSAL denies the remaining allegations of this paragraph, and specifically denies that pre-authorization constitutes any agreement to pay for future services.

46. In response to the allegations of Paragraph 46 of Plaintiff's Second Amended Complaint, BCBSAL states that its members' plan documents speak for themselves regarding the utilization review and/or preauthorization process. BCBSAL further admits that it considers a number of factors when analyzing claims and that each claim decision is uniquely based upon a variety of such factors, including whether pre-authorization or approval was obtained. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 directed to other defendants. BCBSAL denies the remaining allegations of this paragraph.

47. BCBSAL denies the allegations of this paragraph.

48. The allegations in paragraph 48 contain legal conclusions to which no response is required. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies those allegations. BCBSAL further specifically denies that it "accepted" any "offer" made by Plaintiff to provide future services to BCBSAL members.

49. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies those allegations.

50. BCBSAL admits that Plaintiff has at times submitted claims for payment for services rendered to its members to Florida Blue. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies those allegations.

51. The allegations in Paragraph 51 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 51.

**The Defendants' Collaboration**

52. BCBSAL admits that it is an independent licensee of the Association. The remaining allegations in Paragraph 52 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is required, BCBSAL denies the allegations in Paragraph 52.

53. BCBSAL admits it uses Association programs to administer healthcare financing and related services on a national scale in order to meet the needs of consumers and healthcare providers and that one such program is the BlueCard Program.

54. BCBSAL admits the allegations of the first sentence of Paragraph 54. BCBSAL states that the BlueCard Program documents speak for themselves regarding the program's operation and purpose and denies any characterization thereof. BCBSAL denies the remaining allegations in Paragraph 54.

55. BCBSAL admits that the BlueCard Program enables the Association's independent licensees to market and sell products that provide for nationwide healthcare insurance coverage. BCBSAL admits that the BlueCard Program can enable a member of the Association's licensee in Ohio, with the appropriate level of benefits, to obtain healthcare insurance coverage for healthcare services in Florida. BCBSAL denies the remaining allegations in Paragraph 55.

56. BCBSAL admits that, with respect to inter-Plan claims, Florida Blue acts as the "Host Plan" for services rendered by healthcare providers in Florida to members of other Association licensees, and that such licensees are referred to as "Home Plans." BCBSAL further admits that, in general, Host Plans receive claims from local healthcare providers; conduct certain processing of such claims, including appending initial pricing; electronically transmit such claims to Home Plans for adjudication, including pricing determination; receive adjudicated claims from Home Plans; pay local providers; and receive reimbursement for such provider payments from Home Plans. BCBSAL denies the remaining allegations in Paragraph 56.

57. BCBSAL states that the BlueCard Program documents speak for themselves regarding the program's operation. BCBSAL denies the remaining allegations in Paragraph 57.

58. The allegations in Paragraph 58 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is required, BCBSAL admits, upon information and

belief, that Florida Blue and Plaintiff have not entered into a participating provider agreement but BCBSAL denies the remaining allegations in Paragraph 58.

59. The allegations in Paragraph 59 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is required, BCBSAL admits that Florida Blue has submitted certain claims to Defendants for adjudication, but BCBSAL denies the remaining allegations in Paragraph 59.

60. BCBSAL states that the BlueCard Program documents speak for themselves regarding the program's operation. BCBSAL denies the remaining allegations of this paragraph.

61. BCBSAL states that the BlueCard Program documents speak for themselves regarding the program's operation. BCBSAL denies the remaining allegations of this paragraph.

62. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

**The Force of Numbers Conspiracy**

63. BCBSAL admits it is the largest health insurance company in Alabama. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies those allegations.

64. BCBSAL denies the allegations in Paragraph 64.

65. BCBSAL denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is required, BCBSAL denies the allegations in Paragraph 66.

67. BCBSAL denies the allegations in Paragraph 67.

68. BCBSAL denies the allegations in Paragraph 68.

69. BCBSAL denies the allegations in Paragraph 69.

70. BCBSAL admits that it is an independent licensee of the Association. BCBSAL denies the remaining allegations in Paragraph 70.

71. BCBSAL denies the allegations in Paragraph 71.

72. BCBSAL denies the allegations in Paragraph 72.

### General Allegations and Conditions Precedent

73. The allegations in Paragraph 73 of Plaintiff's Second Amended Complaint constitute legal conclusions to which no response is required. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore denies those allegations.

74. The allegations in Paragraph 74 of Plaintiff's Second Amended Complaint constitute legal conclusions to which no response is required. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and therefore denies those allegations.

75. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies those allegations.

## COUNT I
## BREACH OF EXPRESS CONTRACT

76. BCBSAL repeats its responses to the allegations in all Paragraphs above as if fully set forth herein and further incorporates its affirmative defenses in response thereto.

77. BCBSAL denies the allegations in Paragraph 77.

78. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies those allegations.

79. BCBSAL denies the allegations in Paragraph 79.

80. BCBSAL denies the allegations in Paragraph 80.

81. BCBSAL denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 82.

83. The allegations in Paragraph 83 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 83, and denies that Plaintiff is entitled to any of the relief requested therein.

BCBSAL denies the allegations in the unnumbered paragraph following Paragraph 83, and denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT II
## BREACH OF IMPLIED-IN-FACT CONTRACT

84. BCBSAL repeats its responses to the allegations in all Paragraphs above as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

85. In response to the allegations of Paragraph 85 of Plaintiff's Second Amended Complaint, BCBSAL states that its members' plan documents speak for themselves regarding the utilization review and/or preauthorization process, and admits that Plaintiff provides it with certain information relating to the member's proposed treatment during this review or process. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 directed to other Defendants. BCBSAL denies the remaining allegations of this paragraph.

86. The allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies those

03824719.2

13

allegations. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies those allegations.

87. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies those allegations.

88. The allegations in Paragraph 88 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies those allegations. BCBSAL denies any other allegations in Paragraph 88.

89. The allegations in Paragraph 89 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 91, and denies that Plaintiff is entitled to any of the relief requested therein.

BCBSAL denies the allegations in the unnumbered paragraph following Paragraph 91, and denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT III
## BREACH OF IMPLIED-IN-LAW CONTRACT

92. BCBSAL repeats its responses to the allegations in all Paragraphs above as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

93. The allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 93.

94. In response to the allegations of Paragraph 94 of Plaintiff's Second Amended Complaint, BCBSAL states that its members' plan documents speak for themselves regarding the utilization review and/or preauthorization process, and admit that Plaintiff provides it with certain information relating to the member's proposed treatment during this review or process. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 directed to other defendants. BCBSAL denies the remaining allegations of this paragraph.

95. The allegations in Paragraph 95 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies those allegations. BCBSAL denies the remaining allegations of paragraph 95 of Plaintiff's Complaint.

96. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies those allegations.

97. BCBSAL denies the allegations in Paragraph 97.

98. BCBSAL denies the allegations in Paragraph 98.

99. BCBSAL denies the allegations in Paragraph 99.

100. BCBSAL denies the allegations in Paragraph 100.

101. BCBSAL denies the allegations in Paragraph 101.

102. BCBSAL denies the allegations in Paragraph 102.

103. BCBSAL denies the allegations in Paragraph 103.

104. BCBSAL denies the allegations in Paragraph 104.

105. The allegations in Paragraph 105 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 105, and denies that Plaintiff is entitled to any of the relief requested therein.

BCBSAL denies the allegations in the unnumbered paragraph following Paragraph 105, and denies that Plaintiff is entitled to any of the relief requested therein.

## COUNT IV
## CIVIL CONSPIRACY

106. BCBSAL repeats its responses to the allegations in all Paragraphs above as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

107. BCBSAL admits, upon information and belief, that Recovery Village has not entered into a participating provider agreement with Florida Blue. BCBSAL denies the remaining allegations in Paragraph 107.

108. The allegations in Paragraph 108 are not directed at BCBSAL, and, therefore, no response is required. To the extent a response is deemed required from BCBSAL, BCBSAL denies the allegations in Paragraph 108.

109. The allegations in Paragraph 109 contain legal conclusions to which no response is required. To the extent a response is deemed required, BCBSAL denies the allegations in Paragraph 109.

110. BCBSAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies those allegations.

111. BCBSAL denies the allegations in Paragraph 111.

112. BCBSAL denies the allegations in Paragraph 112.

113. BCBSAL denies the allegations in Paragraph 113.

114. BCBSAL denies the allegations in Paragraph 114.

115. BCBSAL denies the allegations in Paragraph 115.

116. BCBSAL denies the allegations in Paragraph 116.

BCBSAL denies the allegations in the unnumbered paragraph following Paragraph 116, and denies that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES

BCBSAL sets forth below its affirmative defenses. Each defense is asserted as to all claims against BCBSAL. By setting forth these affirmative defenses, BCBSAL does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiff's allegations.

As separate and distinct affirmative defenses, BCBSAL alleges as follows:

1. Plaintiff's claims are barred, in whole or in part, from any recovery on the Second Amended Complaint because the claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff's claims relate to employer-sponsored health plans and claims made thereunder. Plaintiff's claims, which are based in state law, are therefore preempted by federal law.

2. Because the claims administrators are vested with discretionary authority to make eligibility and benefits determinations, the Court's role is limited to a review of the administrative record at the time BCBSAL made the decisions pertaining to Plaintiff's claims for benefits to determine whether, in making those decisions, the claims administrators acted in an arbitrary or capricious manner.

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust its administrative remedies under ERISA.

4.      Pursuant to ERISA, BCBSAL is entitled to deferential review of its plan decisions, as its plans explicitly reserve full discretion to the administrator the relevant plan terms are unambiguous, the claim administrator had no conflict of interest, and the administrator complied with ERISA's claim processing requirements.

5.      Plaintiff's claims are barred, in whole or in part, because the challenged benefits decisions were based upon the proper exercise of discretion by the claims administrator and such discretion was not arbitrary or capricious.

6.      Plaintiff's claim and/or the remedies it seeks are barred, in whole or in part, by the terms of the relevant policies and/or plans, which establish the conditions for benefits eligibility.

7.      Because Plaintiff's claims are governed by ERISA, Plaintiff has no right to a jury trial.

8.      Because Plaintiff's claims are governed by ERISA, Plaintiff has no right to discovery beyond the administrative record.

9.      Plaintiff's claims are barred, in whole or in part, from any recovery on the Second Amended Complaint because Plaintiff has failed to state a cause of action upon which relief can be granted.

10.      Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing to raise those claims.  Plaintiff is not a member or subscriber of any plan or service offered by Defendants.  According to its allegations, Plaintiff is not a beneficiary of its patients' health insurance plans or services, by way of assignment or otherwise.

11.    Plaintiff's claims are barred, in whole or in part, from any recovery on the Second Amended Complaint because BCBSAL's actions were privileged, justified, and/or excused.

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver due to Plaintiff's own acts and omissions.  For multiple years, Plaintiff acquiesced to a payment process and to payment amounts from or on behalf of patients who were subscribers or members of Defendants' health insurance plans, under the same or similar circumstances as those raised by the patients at issue in this case.  At all times, Plaintiff was aware that it had a right to challenge the amounts paid in satisfaction of its services, or to stop rendering services to these patients, but Plaintiff failed to do so.  Through this acceptance and failure to object, Plaintiff intentionally relinquished its known right to challenge such payment process or amount.

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel due to Plaintiff's own acts and omissions.  For multiple years, Plaintiff acquiesced to a payment process and to payment amounts from or on behalf of patients who were subscribers or members of Defendants' health insurance plans, under the same or similar circumstances as those raised by the patients at issue in this case.  At all times, Plaintiff was aware that it had a right to challenge the amounts paid in satisfaction of its services, or to stop rendering services to these patients, but Plaintiff failed to do so.  Through this acceptance and failure to object, BCBSAL reasonably relied upon Plaintiff's actions as indications that it intentionally relinquished any claims regarding such process or payment.

14.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks damages that would constitute duplicative recovery and/or offset.  Plaintiff has already received and accepted compensation for any services rendered to the patients named in Plaintiff's Second Amended Complaint.

15.     Plaintiff's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiff. Plaintiff has already knowingly received, accepted, and retained compensation for the services rendered to the patients named in Plaintiff's Second Amended Complaint, such that any further compensation would be unjust and would outweigh the value of the services rendered.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff accepted payment in accord and satisfaction of any alleged debt.

17.     Plaintiff's claims are barred, in whole or in part, by their failure to mitigate, prevent, or avoid their alleged damages, if any, and therefore Plaintiffs' recovery, if any, should be reduced to the extent such damages could and should have been mitigated, prevented, or avoided.

18.     Plaintiff's claims are barred under Florida law to the extent that Plaintiff has agreed with the insureds or intends to waive deductibles or copayments, or does not for any other reason intend to collect the total amount of such charges from its patients.

19.     BCBSAL adopts by reference any affirmative defense, not otherwise expressly set forth herein, that is or will be pleaded by any other defendant in this action.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

BCBSAL has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. BCBSAL reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

BCBSAL requests that Plaintiff's Second Amended Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of BCBSAL, and that the Court award BCBSAL its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s Starr Turner Drum
One of the Attorneys for Defendant
Blue Cross Blue Shield of Alabama

**OF COUNSEL**
Carl S. Burkhalter (*pro hac vice*)
Grace R. Murphy (*pro hac vice*)
Starr Turner Drum
Sarah S. Glover (*pro hac vice*)
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Phone: 205-254-1000
Facsimile: 205-254-1999
cburkhalter@maynardcooper.com
gmurphy@maynardcooper.com
sdrum@maynardcooper.com
sglover@maynardcooper.com

Paul J. Schwiep, Esq.
Scott A. Hiaasen, Esq.
COFFEY BURLINGTON
2601 South Bayshore Drive
Penthouse One
Miami, FL 33133
Telephone: 305-858-2900
Facsimile: 305-858-5261
pschwiep@coffeyburlington.com
shiaasen@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com
*Attorneys for Blue Cross and Blue Shield of Alabama*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of November 2016, the foregoing was electronically filed with the Clerk of Court using the Florida state e-filing system which will send notification of such filing to all counsel of record.

| | |
|---|---|
| Glenn J. Waldman, Esq.<br>Douglas T. Marx, Esq.<br>WALDMAN                          TRIGOBOFF<br>HILDEBRANDT<br>MARX & CALNAN, P.A.<br>Broward Financial Centre, Suite 1700<br>500 East Broward Boulevard<br>Fort Lauderdale, FL 33394<br>Telephone: 954-467-8600 ext. 102<br>Facsimile: 954-467-6222<br>gwaldman@waldmanlawfirm.com<br>Dmarx@waldmanlawfirm.com<br><br>Eileen L. Parson, Esq.<br>Jason S. Mazer, Esq.<br>Matthew B. Weaver, Esq.<br>Gabriela R. Pirana, Esq.<br>Anthony S. Hearn, Esq.<br>VER PLOEG & LUMPKIN, P.A.<br>100 S.E. 2nd Street, Suite 3000<br>Miami, FL 33131<br>Telephone: 305-577-3996<br>Facsimile: 305-577-3559<br>eparsons@vpl-law.com<br>jmazer@vpl-law.com<br>mweaver@vpl-law.com<br>gpirana@vpl-law.com<br>ahearn@vpl-law.com<br>iromero@vpl-law.com<br><br>*Counsel for Plaintiff* | David A. Coulson, Esq.<br>Evelyn A. Cobos, Esq.<br>GREENBERG TRAURIG, P.A.<br>333 Avenue of the Americas<br>Miami, FL 33131<br>Telephone: 305-579-0500<br>Facsimile: 305-579-0717<br>coulsond@gtlaw.com<br>cobose@gtlaw.com<br>FLService@gtlaw.com<br><br>Helen E. Witt, Esq. (*pro hac vice*)<br>Casey McGushin, Esq. (*pro hac vice*)<br>KIRKLAND & ELLIS LLP 300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: 312-862-2000<br>Facsimile: 312-862-2200<br>helen.witt@kirkland.com<br>Casey.mcgushin@kirkland.com<br>hfisher@kirkland.com<br><br>*Counsel for Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, Including its Unincorporated Division Blue Cross and Blue Shield of Illinois* |

| | |
|---|---|
| Allen P. Pegg, Esq.<br>HOGAN LOVELLS US, LLP<br>600 Brickell Avenue, Suite 2700<br>Miami, FL 33131<br>Telephone: 305-459-6500<br>Facsimile: 305-459-6550<br>Allen.pegg@hoganlovells.com<br><br>Emily M. Yinger, Esq.<br>Thomas M. Trucksess, Esq.<br>HOGAN LOVELLS US LLP<br>Park Place II<br>7930 Jones Branch Drive, Ninth Floor<br>McLean, VA 22102<br>Telephone: 703-610-6100<br>Facsimile: 703-610-6200<br>Emily.yinger@hoganlovells.com<br>Thomas.trucksess@hoganlovells.com<br><br>*Counsel for Blue Cross and Blue Shield of Florida, Inc., Community Insurance Company, Anthem Health Plans of Virginia, Inc., and Blue Cross and Blue Shield of North Carolina* | Paul J. Schwiep, Esq.<br>Scott A. Hiaasen, Esq.<br>COFFEY BURLINGTON<br>2601 South Bayshore Drive<br>Penthouse One<br>Miami, FL 33133<br>Telephone: 305-858-2900<br>Facsimile: 305-858-5261<br>pschwiep@coffeyburlington.com<br>shiaasen@coffeyburlington.com<br>yvb@coffeyburlington.com<br>service@coffeyburlington.com<br><br>Kathleen Taylor Sooy, Esq.<br>Tracy A. Roman, Esq.<br>April N. Ross, Esq.<br>Michael W. Lieberman, Esq.<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: 202-624-2500<br>Facsimile: 202-628-5116<br>ksooy@crowell.com<br>troman@crowell.com<br>aross@crowell.com<br>mlieberman@crowell.com<br><br>*Counsel for Blue Cross and Blue Shield of Kansas City* |
| Elio F. Martinez, Jr.<br>ESPINOSA, TRUEBA & MARTINEZ<br>1428 Brickell Avenue, Suite 100<br>Miami, FL 33131<br>Telephone: 305-854-0900<br>Facsimile: 855-854-0900<br>Emartinez@etlaw.com<br>service@mwvlaw.com<br><br>Zachary Holmstead, Esq. (*pro hac vice*)<br>Alyssa Cantor Kalinsky, Esq. (*pro hac vice*)<br>Daniel E. Laytin, Esq.<br>Jessica L. Staiger, Esq.<br>Katie R. Lencioni, Esq.<br>Kirkland & Ellis, LLP | Timothy J. Conner, Esq.<br>Christina M. Schwing, Esq.<br>HOLLAND & KNIGHT LLP<br>50 North Laura Street, Suite 3900<br>Jacksonville, Florida 32202<br>Telephone: 904-353-2000<br>Facsimile: 904-358-1872<br>Timothy.conner@hklaw.com<br>Christina.schwing@hklaw.com<br>Lynette.mattison@hklaw.com<br>Cathy.luke@hklaw.com<br><br>*Counsel for Highmark, Inc.* |

300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Zachary.holmstead@kirkland.com
Daniel.laytin@kirkland.com
Alyssa.kalinsky@kirkland.com
Katie.lencioni@kirkland.com
Jessica.staiger@kirkland.com

*Counsel for Blue Cross and Blue Shield
Association*

/s Starr Turner Drum
Starr Turner Drum