# EXHIBIT 4
## Motion for Remand

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:17-24158-CIV-MORENO

REVA, INC.,

    Plaintiff,

v.

HEALTHKEEPERS, INC., BLUE CROSS & BLUE SHIELD OF FLORIDA, INC. d/b/a FLORIDA BLUE, BLUECROSS BLUESHIELD OF NORTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, ANTHEM INSURANCE COMPANIES, INC., HEALTH OPTIONS, INC., d/b/a FLORIDA BLUE HMO, BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA; BLUE CROSS AND BLUE SHIELD OF ALABAMA,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR REMAND
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, REVA, Inc. ("REVA"), moves to remand this action to state court pursuant to 28 U.S.C. § 1447. Remand is appropriate because (1) the claims at issue are not pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), and (2) none of the claims at issue implicate the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

**BACKGROUND**

    This case involves a multi-million dollar dispute between a healthcare provider and health insurers over the proper rate of reimbursement for covered emergency services. REVA is a fixed-

1

wing air ambulance company that provided emergency air ambulance services to Defendants' members. D.E. 1-1 at ¶ 3. REVA submitted claims for reimbursement to Defendants for these covered emergency services, and Defendants underpaid REVA's claims. *Id.* at ¶¶ 25 & 27. Currently, there are seventeen underpaid claims at issue in this lawsuit.[1] Declaration of Michael Labinski (Ex. A) at ¶ 5. For each claim at issue, the respective Defendant acknowledged the emergency services furnished by REVA were covered by the applicable insurance plan but paid REVA an arbitrary amount, which was less than REVA's usual and customary billed charges and/or the reasonable value of REVA's services. D.E. 1-1 at ¶ 35.

REVA filed this action in state court and asserted claims for unjust enrichment, quantum meruit, and violations of Florida emergency services reimbursement statutes, Fla. Stat. §§ 627.64194 and 641.513. Defendants removed this action to federal court on the erroneous basis that REVA's claims are preempted by ERISA and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Remand is proper because (1) none of the claims at issue trigger the federal officer removal statute, and (2) ERISA does not apply to the claims at issue.

## MEMORANDUM OF LAW

**I.     DEFENDANTS BEAR THE BURDEN OF PROVING SUBJECT MATTER JURISDICTION**

Federal courts possess limited jurisdiction and, as a result, removal statutes are strictly construed. *Rock v. State Farm Mut. Auto. Ins. Co.,* Case No. 8:12-cv-2890-T-30AEP, 2013 WL 330248, at *1 (M.D. Fla. Jan. 22, 2013) (citations omitted). As a general rule, "[t]o determine whether a claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 5 (2003).

---

[1] The number of claims is subject to change as Defendants continue to underpay REVA for its covered emergency services.

2

The removing party bears the burden of proving that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Any doubts about subject matter jurisdiction must be resolved in favor of remand. *Recovery Vill. at Umatilla, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, No. 15-61414-CIV, 2015 U.S. Dist. LEXIS 186986, at *8 (S.D. Fla. Aug. 28, 2015). Defendants fail to meet their burden of establishing subject matter jurisdiction, and therefore, this action should be remanded to state court because Defendants cannot identify any Federal Employees Health Benefits ("FEHBA") or Medicare Advantage ("MA") plans at issue in this action nor any claims preempted by ERISA.

## II. REMAND IS PROPER BECAUSE THE FEDERAL OFFICER REMOVAL STATUTE DOES NOT APPLY

Where a complaint does not contain any claims involving Federal Employees Health Benefits ("FEHBA") or Medicare Advantage ("MA") plans, preemption under the federal officer removal statute is inappropriate. *Sheridan Healthcorp, Inc. v. Aetna Health Inc.,* 161 F. Supp. 3d 1238, 1249 (S.D. Fla. 2016) (holding the plaintiff's claims were not preempted by FEHBA because the Complaint expressly carved out claims relating to government-sponsored healthcare plans). Defendants inaccurately state that REVA is seeking damages for all claims it ever submitted to Defendants over the past four years. D.E. 1 at ¶¶ 18-19. To the contrary, REVA is only seeking damages for seventeen claims, none of which involve FEHBA or MA plans. Ex. A at ¶ 6. Remand is therefore proper because the federal officer removal statute is inapplicable to any claims at issue in this matter.

## III. ERISA DOES NOT PREEMPT THIS ACTION

### A. *Standard for Removal Based on ERISA Complete Preemption*

The Eleventh Circuit employs the *Davila* test to determine if removal is appropriate under the ERISA complete preemption doctrine. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,*

3

591 F.3d 1337, 1345 (11th Cir. 2009) (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004)). The *Davila* test requires two inquiries, both of which must be satisfied for removal based on complete preemption: "(1) whether the plaintiff could have brought its claim under § 502(a) [of ERISA]; and (2) whether no other legal duty supports the plaintiff's claims." *Id.* Remand is appropriate because Defendants fail to prove both prongs of *Davila*.

### B. *Defendants Fail to Satisfy the First Prong of Davila*

The first prong of *Davila,* whether the plaintiff could have brought its claims under ERISA, is only satisfied if: (1) the plaintiff's claim falls within the scope of ERISA, and (2) the plaintiff has standing to sue under ERISA. *Conn. State,* 591 F.3d at 1349. Defendants fail to establish both elements of the first *Davila* prong, and therefore, remand is appropriate.

#### 1. *Rate of Payment Disputes do not Fall within the Scope of ERISA*

The first prong of the *Davila* test is not met if the claims at issue involve a dispute over the "rate of payment" and not the "right of payment." *Id.* at 1349; *see also Borrero v. United Healthcare of N.Y.*, 610 F.3d 1296, 1302 (11th Cir. 2010). Where the claims do not involve coverage determinations, but have already been deemed 'payable' (and the only remaining issue is whether they were paid at the proper rate), ERISA preemption does not apply. *Recovery Vill. at Umatilla, LLC*, No. 15-61414-CI, at *7 (citing *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.,* 579 F.3d 525, 532 (5th Cir. 2009)); *Hialeah Anesthesia Specialists v. Coventry Health Care of Fla.*, 258 F. Supp. 3d 1323, at *12 (S.D. Fla. 2017) (there is no ERISA preemption where the only claims at issue were previously adjudicated, deemed covered by the respective member's benefit plan, and paid by the insurer). Judges in the Southern District of Florida have found that where a Complaint lacks any allegations that discuss, allege, or imply the plaintiff is seeking damages for a denial of health benefits, the claims therein are not preempted by ERISA. *Sheridan Healthcorp,*

4

*Inc.*, 161 F. Supp. 3d at 1246; *Recovery Vill. at Umatilla,* LLC, No. 15-61414-CI, at *7; *Hialeah Anesthesia Specialists v. Coventry Health Care of Fla.*, 258 F. Supp. 3d 1323, at *12-13; *Recovery Vill. at Umatilla, LLC v. United Behavioral Health, Inc.,* No. 15-62374, D.E. 37, at *6-7.

The rate of payment versus right of payment distinction applies to both implied contract causes of action, like those asserted by REVA, and causes of action for breach of a written agreement. *Hialeah Anesthesia Specialists*, 258 F. Supp. 3d at 1323.[2] The *Hialeah Anesthesia Specialists* Court reasoned that an implied-in-law contract implicates a legal duty owed by defendants that is independent of an ERISA-governed plan. *Id.* at *7. Healthcare providers have an "implied-in-law right to recover for the reasonable value of their services" and ERISA does not pre-empt claims arising from a defendant's obligation to pay a healthcare provider the fair market rate for its services. *Id.* at *8.

REVA's causes of action relate exclusively to the rate of payment by Defendant for REVA's emergency medical services. Specifically, REVA alleges "[f]or each claim at issue, even though the Home Plan made partial payment to REVA, the rate of reimbursement did not reflect REVA's usual and customary billed charges or the reasonable value of REVA's services. Instead Defendants significantly underpaid REVA for the services it rendered to Defendants' insureds." (D.E. 1-1 at ¶ 35). In no instance does REVA's Complaint allege, discuss, or imply that the claims at issue arise from Defendants' denial of any claim. *See* (D.E. 1-1 at ¶¶ 2, 42, 43, 48, 54, and 62). Because REVA maintains a right to proper reimbursement independent of any member's ERISA plan, this dispute does not fall within the scope of ERISA. As such, Defendants cannot meet the

---

[2] *See also Recovery Vill. at Umatilla, LLC*, No. 15-61414-CI; *Recovery Vill. at Umatilla, LLC v. United Behavioral Health, Inc.,* No. 15-62374, D.E. 37 (S.D. Fla. Sept. 12, 2016); *Coast Plaza Doctors Hosp. v. Ark. Blue Cross & Blue Shield,* No. CV 10-06927 DDP (JEMx), 2011 U.S. Dist. LEXIS 95478 (C.D. Cal. Aug. 25, 2011); *Bell v. Blue Cross of Cal.,* 31 Cal. Rptr. 3d 688, 695 (2nd Cir. 2005).

5

first prong of *Davila* and the case should be remanded. *See Orthopaedic Care Specialists, P.L. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 12-81148, 2013 WL 1205594, at *2 (S.D. Fla. Mar. 5, 2013) (remanding case after only finding the defendant failed to meet the first requirement of the first prong of *Davila*).

The Defendants' reliance on *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 16-62768, 2017 U.S. Dist. LEXIS 99249, at *13 (S.D. Fla. 2017) is misplaced. In *Apex Toxicology*, the plaintiff provided non-emergent toxicology laboratory services to patients who were admitted to substance abuse facilities. In its report and recommendation, the magistrate judge explained that "[a]ll of the [toxicology provider's] state law claims are premised on the defendant's refusal to pay benefits. The scheme that the [toxicology provider] describes in the Complaint involves the defendant's wrongful denial of benefits through the use of purportedly false/fraudulent denial codes." *Id.* at *14. The insurance company removed the case to federal court based on diversity and ERISA pre-emption. *Id.* at *2. The magistrate judge denied the toxicology provider's motion to remand because diversity jurisdiction existed. *Id.* at *8. The magistrate judge correctly noted, "[r]ight of payment claims fall within the scope of ERISA. Rate of payment claims do not." *Id.* at *13-14. Concluding the toxicology provider's claims involved a right of payment dispute, the magistrate judge held the claims were pre-empted by ERISA. *Id.*

In dicta, the *Apex* magistrate judge commented that the claims could not involve a rate of payment dispute because there was no direct contract between the toxicology provider and insurance company. However, a direct contract is not required for a rate of payment dispute to exist. *Hialeah Anesthesia Specialists*, 258 F. Supp. 3d, at *10. For example, Florida's emergency services reimbursement statutes establish the rate of payment that insurance companies must pay in the absence of a direct contract. Fla. Stat. §§ 641.315 and 627.64194. These statutes allow

6

providers to bring rate of payment disputes against insurance companies in the absence of a direct contract. Judges in the Southern District of Florida that have recently analyzed this precise issue have concluded that a rate of payment dispute may arise under an implied contract cause of action. *Hialeah Anesthesia Specialists*, 258 F. Supp. 3d, at *10-14; *Recovery Vill. at Umatilla, LLC*, No. 15-61414-CI; *Recovery Vill. at Umatilla, LLC,* No. 15-62374, D.E. 37. Consequently, *Apex* is inapplicable to the present matter because (1) this matter does not involve diversity jurisdiction; (2) REVA is not seeking damages for denied claims; and (3) REVA's claims are predicated upon an emergency services reimbursement statute that did not apply in *Apex*.

        **2.**        ***Defendants Have not Proved REVA has Standing to Bring a Claim Under ERISA***

The second prong of *Davila* is not met if the Plaintiff lacks standing to sue under ERISA. *Conn. State,* 591 F.3d at 1349. Obtaining a valid and enforceable assignment of benefits from the patient is necessary for a healthcare provider to obtain standing to sue under ERISA. *Griffin v. Health Sys. Mgmt,* 635 Fed. Appx. 768, 771-772 (11th Cir. 2015). But when the patient's benefit plan prohibits assignment of benefits, healthcare providers do not have standing to sue under ERISA. *Id.* Under such plans, the second *Davila* prong cannot be satisfied because the healthcare providers lack standing to sue under ERISA. *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 148 (2d Cir. 2017) (ordering remand to state court because the anti-assignment provision in the benefit plan precluded the provider from obtaining standing under ERISA).[3]

The Second Circuit recently addressed this precise anti-assignment issue and explained:

If we were to ignore that the health care plan prohibits an assignment to [the

---

[3] *See also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-5636, 2017 U.S. Dist. LEXIS 147466, at *16, 2017 WL 4011203 (D.N.J. Sept. 11, 2017).

> Provider] in determining whether his claim is preempted, this would lead to a result that is both unjust and anomalous: [the Provider] would be barred from pursuing state-law claims in state court on preemption grounds and from pursuing an ERISA claim in federal court for lack of standing. [The Provider]—and other third-party providers in similar situations—would be left without a remedy to enforce promises of payment made by an insurer. Such a rule would not further the principal purpose of ERISA to protect plan beneficiaries and participants.

*Id.* at 148. The Court added that pre-empting the provider's claims would not advance the purpose of ERISA because the risk of non-payment would discourage medical providers from providing treatment or would lead them to "otherwise screen patients who are participants in certain plans." *Id.* "If providers have no recourse under either ERISA or state law[,] . . . providers will be understandably reluctant to accept the risk of non-payment, and may require up-front payment by beneficiaries—or impose other inconveniences—before treatment will be offered." *Id*.

Defendants attached multiple benefit plans to their Notice of Removal, which contain unambiguous anti-assignment clauses similar to the anti-assignment provisions in *McCulloch Orthopaedic*. The ERISA benefit plans attached to Defendants' removal notice contain the following (or substantially similar) anti-assignment language:

> *You may not assign, delegate, or otherwise transfer this Policy and the obligations hereunder without our written consent. Any assignment, delegation, or transfer made in violation of this provision shall be void.*

*See* Strother Decl. [D.E. 1-2] at Ex. 2, 4, 6; Eptin. Decl. [D.E. 1-14] at Ex. 1; Cox Decl. [D.E. 1-15] at Ex. 1. Defendants also state they will honor an employer group's instruction to prohibit assignments. *See* Strother Decl. [D.E. 1-2] at ¶ 20. Because the group plans include these anti-assignment provisions, REVA does not have standing under ERISA. Therefore, the second element of the first *Davila* prong is not satisfied, and this matter should be remanded to state court.

    **C.**    **Defendants Fail to Satisfy the Second Prong of <u>Davila</u> Because Florida's Emergency Services Statutes Create an Independent Legal Duty**

REVA's statutory causes of action under Florida Statutes §§ 641.315 and 627.64194

8

(collectively, the "Emergency Statutes") are not preempted by ERISA. The Emergency Statutes establish a rate of payment for covered emergency services. They require health maintenance organizations and insurers, respectively, to pay non-participating providers, like REVA, for emergency services at a rate equal to the lesser of: (1) the provider's charges; (2) the usual and customary provider charges for similar services in the community where the services were provided; or (3) the charge mutually agreed to by the insurer or health maintenance organization and the provider within sixty (60) days of submission of the claim.

The Emergency Statutes grant non-participating providers, like REVA, a statutory rate of reimbursement wholly independent of a member's ERISA health benefit plan. *Rocky Mt. Holdings,* 2008 U.S. Dist. LEXIS 65732, at *7, 16-17 (citing *Med. & Chirurgical Faculty v. Aetna U.S. Healthcare, Inc.,* 221 F. Supp. 2d 618 (D. Md. 2002)) ("What is at issue is the amount of payment, and the source for that determination is in the statutes, not the HMO plans."). "Simply put, the statute is expressly disconnected from the terms and provisions of any particular ERISA plan, as it mandates reimbursement to non-participating medical providers like Plaintiff. Similar relief is unavailable under ERISA." *C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc.* No. 07-1441, 2007 WL 3521369 (M.D. Fla. Nov. 15, 2007).

In their notice of removal, the Defendants' misinterpret *Rodriguez v. Health Options, Inc*. to argue that the Emergency Statutes are pre-empted by ERISA. No. 01-20429-CIV, 2003 U.S. Dist. LEXIS 28326, at *9 (S.D. Fla. 2003). Rodriguez involved a dispute over denial of payment. *Id.* The court explained "[r]egardless of the label that Plaintiff frames this lawsuit, at its core, it seeks to remedy the denial of ERISA plan benefits." *Id.* In the present matter, unlike *Rodriguez*, REVA is asserting causes of action under the Emergency Services statutes to recover a proper rate of payment, which create an independent legal duty that is not preempted by ERISA.

9

WHEREFORE, for the reasons stated above, REVA, Inc. respectfully requests that this Court enter an order remanding this lawsuit to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, together with any further relief the Court deems just and proper.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), REVA hereby requests oral argument for its Motion to Remand. This Motion contains complex arguments with respect to ERISA preemption, specifically with regards to the rate of payment versus right of payment distinction and REVA's independent right to payment under the Emergency Statutes. REVA estimates the parties will require 1 hour for oral argument on the issues set forth in this Motion.

### CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties that may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein, and is authorized to represent that all Defendants oppose the relief sought.

Respectfully submitted this 13th day of December, 2017.

            WOLFE | PINCAVAGE
            2980 McFarlane Road
            Miami, Florida 33133
            Telephone: 786.509.97

          By: /s/ Danya J. Pincavage
            Danya J. Pincavage
            danya@wolfepincavage.com
            Fla. Bar No.: 14616
            Douglas A. Wolfe
            doug@wolfepincavage.com
            Fla. Bar No.: 28671
            Rebecca Greenfield
            becky@wolfepincavage.com
            Fla. Bar No.: 0117739

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and that will serve a copy on:

Allen P. Pegg
allen.pegg@hoganlovells.com
Daniel Balmori
daniel.balmori@hoganlovells.com
Paige Comparato
paige.comparato@hoganlovells.com
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Tel: 305-459-6500 / Fax: 305-459-6550
*Counsel for Anthem Insurance Companies, Inc., Blue Cross Blue Shield of Georgia, Inc., Healthkeepers, Inc., Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, Health Options, Inc., BlueCross BlueShield of South Carolina, and Blue Cross and Blue Shield of North Carolina*

Lisa M. Baird
lbaird@reedsmith.com
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: 786-747-0200 / Fax: 786-747-0299
Martin J. Bishop
mbishop@reedsmith.com
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
Tel: 312-207-1000 / Fax: 312-207-6400
*Counsel for Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Corporation*

Alan J. Perlman
aperlman@dickinson-wright.com
Dickinson Wright PLLC
350 East Las Olas Blvd., Suite 1750
Ft. Lauderdale, FL 33301
Tel: 954-991-5420 / Fax: 844-670-6009
Scott R. Knapp
sknapp@dickinson-wright.com
Dickinson Wright PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
Tel: 517-371-1730 / Fax: 844-670-6009
*Counsel for Blue Cross Blue Shield of Michigan Mutual Insurance Company*

Gregory R. Hawran
gregory.hawran@ogletree.com
Ogletree Deakins Nash Smoak & Stewart P.C.
701 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-455-3803 / Fax: 305-374-0456
Tim A. Palmer
tim.palmer@ogletree.com
Ogletree Deakins Nash Smoak & Stewart P.C.
SunTrust Plaza – Suite 1200
401 Commerce Street
Nashville, TN 37219
Tel: 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 / Fax: 615-254-1908
*Counsel for Blue Cross and Blue Shield of Alabama*

By:  /s/ Danya J. Pincavage

11

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-24158

REVA, INC.,

    *Plaintiff,*

v.

HEALTHKEEPERS, INC., BLUE CROSS & BLUE SHIELD OF FLORIDA, INC. d/b/a FLORIDA BLUE, BLUECROSS BLUESHIELD OF NORTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, ANTHEM, INSURANCE COMPANIES, INC., HEALTH OPTIONS, INC., d/b/a FLORIDA BLUE HMO, BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA; BLUE CROSS AND BLUE SHIELD OF ALABAMA,

    *Defendants.*
_____/

## DECLARATION OF MICHAEL LABINSKI

I, Michael Labinski, being over 18 years of age and competent to testify, hereby make the following declaration:

    1.    I am the Chief Financial Officer of REVA, Inc. ("REVA"). The statements in this declaration are based upon my personal knowledge and my review of relevant company records kept in the course of REVA's regularly conducted business activity.

2. As part of my job duties, I have access to the corporate practices, relationships, and records described herein.

3. This declaration is submitted in support of REVA's Motion for Remand.

4. As part of my job duties, I oversee the claims for reimbursement that REVA submits to insurance carriers, including the Blue Cross and Blue Shield defendants in the above-captioned lawsuit (collectively "BCBS").

5. I have personal knowledge of the claims for reimbursement of emergent air ambulance services at issue in the above-captioned lawsuit. Presently, there are approximately 15-20 claims at issue in this lawsuit. REVA is not seeking to recover every claim submitted to BCBS within the past four years.

6. The above lawsuit does not include any claims involving the Federal Employees Health Benefits Act, nor the Medicare Advantage program.

7. I hereby declare, under the penalty of perjury, that the foregoing is true and correct.

Executed on: December 13, 2017

_____
Michael Labinski
Chief Financial Officer of REVA, Inc.