UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION  MDL No. 2406

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in a Southern District of Florida action (*REVA*), which is listed on the attached Schedule A, moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 2406. Defendants[1] oppose the motion.

After considering the argument of counsel, we find including this action in MDL No. 2406 will neither serve the convenience of the parties and witnesses, nor further the just and efficient conduct of the litigation. In *In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373 (J.P.M.L. 2012), we held that the Northern District of Alabama was an appropriate Section 1407 forum for actions sharing factual questions regarding "the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans)." *Id.* at 1374. MDL plaintiffs are health insurance subscribers and healthcare providers that "contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another." *Id.* at 1375. Plaintiffs further allege that the Blue Plans work together with and through the BCBSA to divide and allocate among themselves health insurance markets throughout the nation to eliminate competition. *Id. REVA* involves claims for reimbursement of services that plaintiff, an ambulance company that provides emergency transport of patients, provided to the defendants' insureds. Defendants are correct that there is some overlap between *REVA* and the MDL actions, but that overlap strikes us as largely tangential to the antitrust allegations at the heart of the MDL. Plaintiff brings no antitrust claims, and while the operative complaint describes the operation of the BlueCard program, it does not contain allegations typical of MDL No. 2406 cases – namely, that the BlueCard program has anticompetitive effects.

Plaintiff has sought discovery on the relationship among the defendants in response to certain defendants' motion to dismiss based on a purported lack of personal jurisdiction. But that alone does not support transfer. Plaintiff states that it does not, and will not, seek discovery regarding the agency relationship created by the BlueCard program for any other purpose. Defendants also point to two of our prior orders that transferred cases touching upon the operation of the BlueCard

---

[*] Judges R. David Proctor and Lewis A. Kaplan took no part in the decision of this matter.

[1] Anthem Insurance Companies Inc., Blue Cross And Blue Shield of Florida Inc., Blue Cross and Blue Shield of Georgia Inc., Blue Cross and Blue Shield of North Carolina, BlueCross BlueShield of South Carolina, Health Options Inc., and Healthkeepers Inc.

-2-

program. But those two decisions are readily distinguishable because plaintiffs in those cases – unlike plaintiff here – asserted antitrust and conspiracy claims against defendants.[2]

Although we vacate the conditional transfer order, we recognize that there might be some overlapping discovery between *REVA* and the MDL cases with respect to the BlueCard program. In light of the more limited scope of *REVA*, informal coordination of such discovery by the parties and the involved courts is both practicable and preferable to transfer. *See, e.g., In re: Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-34" is vacated.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     Catherine D. Perry

---

[2] *See* Transfer Order, *Chicoine, et al. v. Wellmark, Inc., et al./Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co., et al.*, MDL No. 2406 (J.P.M.L. Oct. 4, 2017), Doc. 393 at 2 n.1 (involving allegations of price fixing and conspiracy between Wellmark and the Blue Plans); *see also* Transfer Order, *Lifewatch Services, Inc. v. Highmark, Inc., et al.*, MDL No. 2406 (J.P.M.L. Apr. 1, 2013), Doc. 192 at 1 ("[P]laintiffs' complaint also touches on the core controversy of the MDL proceedings – the propriety of BCBSA's license agreements and the anticompetitive effects of certain provisions in those agreements, most notably the geographical service area restrictions.").

**IN RE: BLUE CROSS BLUE SHIELD**
**ANTITRUST LITIGATION**                                    MDL No. 2406

## SCHEDULE A

<u>Southern District of Florida</u>

REVA, INC. v. HEALTHKEEPERS INC., ET AL., C.A. No. 1:17-24158