BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | CASE NO. MDL No. 2406 |

VHS Liquidating Trust, et al vs. California Physcians [sic] Service, et al, N.D. Bankruptcy Court, California, Adv. Proc. No. 4:21-ap-4034

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION TO VACATE**

**CONDITIONAL TRANSFER ORDER**

### I.        SUMMARY

The Defendants are blatantly misusing the bankruptcy-removal process as a vehicle to manufacture federal subject matter jurisdiction where it otherwise does not exist. There is no diversity, CAFA, or federal question jurisdiction here. The underlying claims are all state law claims, with plaintiffs and defendants that are residents of California. Even worse, the "related to" "close nexus" bankruptcy jurisdictional standard, which governs post-plan-confirmation bankruptcies such as Verity's does not apply on its face. And this issue and others that are presently before the bankruptcy court and set for hearing on November 12, 2021, are unique to this action and are not common with any factual issues in the MDL. Thus, no efficiency would be gained by issuing a transfer order.

Defendants are using this Panel and the MDL process to delay resolution of this clear jurisdictional defect; this Panel should not place its imprimatur on such wasteful tactics. Worse yet, Defendants are dragging the other Plaintiffs, unrelated to the Verity bankruptcy, through the same wasteful endeavor. Where, as here, the most efficient use of judicial resources is to allow the transferor court to rule on the motions before it and resolve the case, the Conditional Transfer

1

Order should be vacated and the Northern District of California Bankruptcy Court should be allowed to rule on the Motion to Remand this case back to California Superior Court in Alameda County.

## II.    INTRODUCTION

The Judicial Panel on Multidistrict Litigation ought to grant this Motion to Vacate, and allow the Bankruptcy Court for the Northern District of California to rule on whether or not federal subject matter exists pursuant to the bankruptcy removal statutes, and, in any event, whether equity dictates the case ought to be remanded to the California Superior Court for Alameda County; Plaintiffs' chosen venue for a case under California law, brought by California plaintiffs, against California defendants.

Plaintiffs VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC. and PRIME HEALTHCARE MANAGEMENT, INC., file this memorandum, pursuant to Judicial Panel on Multidistrict Litigation Rule 7.1(f), in support of defendants' joint motion to vacate the Conditional Transfer Order of the Panel, issued on September 29, 2021, conditionally transferring the above-captioned case to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1407.

Plaintiffs filed the case on July 27, 2021, in the Superior Court of the State of California for the County of Alameda as Case Number RG21106600 (the "Superior Court Action"). Defendants filed a notice of removal on September 22, 2021, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure, known as removal "related to" a bankruptcy proceeding. The complaint sets forth predominantly California state law antitrust claims, but in all cases state-law antitrust claims, concerning Defendants' harm of Plaintiffs through illegal agreements not to compete, among other things. The conditional

transfer order was prompted by a Notice of Potential Tag-Along Action filed by Defendants before the Judicial Panel of Multidistrict Litigation the same day that Defendants improperly removed the action from state court, on September 22, 2021, requesting a transfer pursuant to Judicial Panel on Multidistrict Litigation Rule 7.1.

### III. STATEMENT OF FACTS

The Superior Court Action sounds primarily in California antitrust law. There is no federal subject matter jurisdiction over the claims in the Superior Court Action. Were this case a federal case, it likely ought to be part of the *In re: Blue Cross Blue Shield Antitrust Litigation* MDL; the alleged wrongful conduct by the Defendants is similar anticompetitive behavior to that at issue in the MDL.

But it is not a federal case. There is no diversity, nor does the case present any federal questions. Likewise, the case is not a class action, and accordingly no jurisdiction flows from the Class Action Fairness Act (CAFA). Instead, the confirmed bankruptcy plan in *In re Verity*, No. 2:18-bk-20151 assigned Verity Health System of California Inc.'s potential causes of action, whatever they were, to one of the Plaintiffs, VHS Liquidating Trust, to be asserted for the benefit of the trustees of VHS Liquidating Trust (creditors from the bankruptcy).

Defendants have made an aggressive procedural maneuver, attempting to springboard a California lawsuit pending in a California State Superior Court without federal subject matter jurisdiction into a federal Multidistrict Litigation by misusing the bankruptcy removal process. Defendants do not hide this; Defendants filed both the Notice of Removal and the Notice of Potential Tag-Along Action on the same day, September 22, 2021. Notably, Defendants drag the other Plaintiffs, Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc, and Prime Healthcare Management, Inc. into federal court without any basis, aside from existing alongside

a liquidating trust as plaintiffs. This panel should not place its imprimatur on such a misuse of the bankruptcy removal process.

Defendants filed a Motion to Stay the newly removed Superior Court Action shortly thereafter on September 30, 2021, pending a decision from this Panel regarding whether the case ought to be transferred to the MDL. Plaintiffs filed a Motion to Remand the Superior Court Action, and both motions are currently set to be heard by Judge Novack on November 12, 2021.

The Motion to Remand has two separate bases. First, that there is no "related to" federal subject matter jurisdiction under 28 U.S.C. §§ 1334(b) and 1452(a), because the Superior Court Action does not have a "close nexus" to the *In re Verity* bankruptcy. Second, if jurisdiction did exist, the standards that guide the bankruptcy court's 28 U.S.C. § 1452(b) remand powers strongly favor remand. Both of these bases sound in law specific to the bankruptcy court, and concern issues not common to the MDL. The remand motion to be ruled upon is dispositive as to the existence of this case in federal court.

### IV.   THE PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER

A case should be transferred for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C.A. § 1407 only when it is shown that transfer will "necessarily best serve the convenience of the parties and witnesses" and "promote the just and efficient conduct of the litigation." *In re Asbestos Bank. Litig.*, 1992 WL 423943, at *1 (U.S. Jud. Pan. Mult. Lit. Dec. 9, 1992). Here, transfer is not "convenient" or "just and efficient" for three independent reasons.

First, the requirement that transfer "promote the just and efficient conduct of the litigation" dictates that a motion "to vacate [an] order conditionally transferring [an] action . . . for inclusion in [an] MDL" should be granted when the action involves an issue of . . . law unique to [the conditionally transferred case]" which "is potentially dispositive." *In re Accutane*

*Prods. Liab. Litig.*, 560 F. Supp. 2d 1370, 1370-71 (U.S. Jud. Pan. Mult. Lit. 2008). Thus, it is only efficient to transfer a case to an MDL that is subject to a pending remand motion where "*identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding.*" *Goodwin v. Kajian*, 2013 WL 1528966, at *2 (C.D. Cal. April 12, 2013) (emphasis added). Here, transfer would be inefficient because the potentially dispositive "jurisdictional issue"—whether the California State Superior Court Action is "related to" a bankruptcy within the meaning of 28 U.S.C. § 1334—is unique to the case and is not "similar" to any "jurisdictional issues" raised by other cases "transferred to the MDL proceeding." *See Goodwin*, 2013 WL 1528966, at *2.

Second, it is "judicially inefficient" for an MDL Court to decide a question of federal subject matter jurisdiction when the remand issue turns on an area of law that the transferor court is "readily familiar with" and one that is less familiar to the MDL court. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (C.D. Cal. 2004). For example, the *Conroy* court found that this factor required resolution of the remand issue because the existence of federal subject matter jurisdiction turned on questions of "Ninth Circuit and California law" which the transferor court was "readily familiar with" and which were less familiar to the MDL court, the Southern District of New York. *Id.* Here, the potentially dispositive jurisdictional question turns on a nuanced issue of bankruptcy law. It is axiomatic that "bankruptcy judges are better suited to determine the related issue of the scope of their own jurisdiction" than a District Judge. *Doman Protection, LLC v. Sea Wasp, LLC*, 2018 WL 5809298, at *4 (N.D. Tex. Nov. 6, 2018).

Third, transfer is inefficient if the transferred case does not present "complex legal . . . questions" because, among other things, an overriding purpose of the MDL classification is to

5

"prevent inconsistent pretrial rulings." *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (U.S. Jud. Pan. Mult. Lit. 2003). Specifically, when subject matter jurisdiction over the case has been challenged and "the merits of [the] remand motion are easy" transfer is inefficient because the "threat of inconsistent [rulings] . . . is de minimis." *Bd. of Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F.Supp.2d 900, 903 (N.D. Ill.2002). Here, for the reasons explained below, it is likely that the bankruptcy court—utilizing its expertise in the field—will swiftly and easily conclude that there is no federal subject matter jurisdiction over the case at bar.

Finally, even if the case satisfied the bear minimum standards of federal subject matter jurisdiction (it does not), the equitable standards governing remand of cases removed to bankruptcy court would still strongly favor remand, and ought to be ruled on by a bankruptcy court familiar with the relevant equitable considerations.

**A.        Transfer Will Not Promote Just and Efficient Resolution Because this Case Involves a Potentially Dispositive Issue of Law that Is Unique to the Case.**

A motion "to vacate [an] order conditionally transferring [an] action . . . for inclusion in [an] MDL" should be granted when the action "involves an issue of . . . law unique to [the conditionally transferred case]" which "is potentially dispositive." *In re Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d at 1370-71. The court in *Accutane Products* granted such a motion because the transferred case "involve[d] an issue of Texas law unique to [the transferred case]" and resolution of this "unique" issue would end the entire action. *Id.* at 1371. For this reason, the Panel held that transfer would not "promote the just and efficient conduct of this litigation" because the "unique" Texas law issue would be more efficiently dealt with by the transferor court. *Id.*

6

This holding is consistent with the well-settled principle that the purpose of the MDL system is not furthered when the conditionally transferred case turns on an "issue not common to the MDL." *In re Mortg. Elect. Reg. Sys. (MERS) Litig.*, 2012 WL 1912133, at *4 (D. Ariz. May 25, 2012); *accord Goodwin*, 2013 WL 1528966, at *2; *Rundle v. DePuy Orthopaedics, Inc.*, 2011 WL 3022569, at *4 (D. Nev. July 6, 2011); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (C.D. Cal. 2004); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wisc. (2001). And specifically, where (as here) a motion to remand the tentatively transferred case for lack of federal subject matter jurisdiction is pending in the transferor court, such issues are best resolved in the transferor court *unless* "common subject matter jurisdiction issues" are currently pending before the MDL court. *Rundle*, 2011 WL 3022569, at *4 (D. Nev. July 6, 2011). This criterion is not satisfied when "there [i]s no evidence that the MDL court ha[s] previously considered" the specific federal subject matter jurisdiction issue "that was raised by the motion to remand." *Id.*

While the other cases pending before the transferee court may present subject-matter jurisdiction questions, "the jurisdictional issue" here is not "identical or similar" to any "jurisdictional issues" raised by other cases "transferred to the MDL proceeding." *Goodwin*, 2013 WL 1528966, at *2. The federal subject matter jurisdiction at issue here is not premised on ordinary diversity of citizenship or the existence of a federal claim for relief. Rather, Defendants premised their removal on the argument that the case is "related to" a bankruptcy within the meaning of 28 U.S.C. § 1334. But Defendants have provided no evidence that any of the other MDL cases present this issue. And "[t]he issue of subject matter jurisdiction" is "dispositive of any claim for relief." *Gaskins v. Emanuel & Co.*, 1998 WL 126064, at *1 (S.D.N.Y. Mar. 19, 1998). As such, transfer is improper because this "action involves an issue of . . . law unique to

7

[the conditionally transferred case]" which "is potentially dispositive." *See In re Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d at 1370-71.

**B.      Transfer Will Not Promote Just and Efficient Resolution Because the Transferor Court Is a Bankruptcy Court, Which Is Better Equipped to Rule on the Dispositive Bankruptcy Jurisdiction Issue in this Case.**

It is "judicially inefficient" for an MDL Court to decide a question of federal subject matter jurisdiction when the remand issue turns on an area of law that the transferor court is "readily familiar with" and one that is less familiar to the MDL court. *Conroy*, 325 F. Supp. 2d 1049, 1054 (C.D. Cal. 2004). *Conroy* court found that this factor required resolution of the remand issue because the existence of federal subject matter jurisdiction turned on questions of "Ninth Circuit and California law" which the Central District Court was "readily familiar with" and which were less familiar to the MDL court, the Southern District of New York. *Id.* Similarly, the court in *Rundle v. DePuy Orthopaedics, Inc.*, 2011 WL 3022569 (D. Nev. July 6, 2011) found that stay was improper because the "determination of subject matter jurisdiction . . . depends on the court's interpretation of Nevada law which a district court in Nevada is generally better equipped to address than the MDL court in Ohio." *Id.* at *1.

It is axiomatic that a federal "Bankruptcy Judge with his [or her] knowledge and experience" is "better equipped to deal with [bankruptcy law issues] than [a] District Judge." *Barlow & Peek, Inc.*, 163 B.R. 177, 179 (D. Nev. Bank. 1993); *accord e.g.*, *In re Heller Ehrman LLP*, 464 B.R. 348, 359 (N.D. Cal. 2011) (Breyer, J.) (allowing District Court to decide issue of bankruptcy law pending before bankruptcy court "would result in . . . losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources"); *Seiko Epson Corp. v. Koshkalda*, 2018 WL 5982870, at *4 (N.D. Cal. Nov.

2854.003/1672673.1

14, 2018) (Labson-Freeman, J.) ("the Bankruptcy Court's knowledge of bankruptcy law . . . weigh[s] in favor of keeping the matter with the bankruptcy judge").

In particular, the "statutory mandate that bankruptcy judges should determine whether a proceeding is core or non-core suggests that bankruptcy judges are better suited to determine the related issue of the scope of their own jurisdiction." *Doman Protection, LLC*, 2018 WL 5809298, at \*4. Thus, it is well recognized that because bankruptcy courts are "exceedingly learned in the laws of bankruptcy" such tribunals are "in the best position to make [the] determination" whether "removal was proper under 28 U.S.C. § 1334." *Traylor v. First Family Fin. Servs., Inc.*, 183 B.R. 286, 287 (M.D. Ala. 1995); *accord e.g.*, *Doman Protection, LLC*, 2018 WL 5809298, at \*4 ("Bankruptcy Court is better suited for the ultimate determination of whether it has subject-matter jurisdiction"); *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, 2006 WL 2349461, at \*2 (E.D. La. Aug. 11, 2006 ("the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction"); *Orix Fin. Corp. v. Nexbank, SSB*, 2008 WL 2796069, at \*3–\*4 (N.D. Tex. July 15, 2008) (Boyle, J.) (holding that a bankruptcy judge could better determine whether the case should be remanded for lack of jurisdiction); *Traylor v. First Family Fin. Servs., Inc.*, 183 B.R. 286, 287 (M.D. Ala. 1995) (Because bankruptcy courts are "exceedingly learned in the laws of bankruptcy" such tribunals are "in the best position to make [the] determination" whether "removal was proper under 28 U.S.C. § 1334."). Specifically, this means that a "Bankruptcy Court is better suited for the ultimate determination of whether it has subject-matter jurisdiction" under "the "related to" jurisdiction of the Bankruptcy Court" than a Non-Bankruptcy court. *Doman Protection, LLC*, 2018 WL 5809298, at \*4. Moreover, "[q]uestions of permissive abstention and equitable remand"—which are also at issue here—are particularly "better left to the bankruptcy court." *MD Acquisition, LLC v. Myers*, 2009 WL 466383, at \*5 (E.D. Ohio Feb.

23, 2009); *accord e.g.*, *In re LandAmerica Fin. Group, Inc.*, 2011 WL 203986, at *6 (E.D. Va. Jan. 21, 2001) ("question of equitable remand on whether the court ought to exercise the alternative basis for federal court jurisdiction is best left to the [bankruptcy] court"); *Jenkins v. Oakhurst Dev., LLC*, 2009 WL 1473960, at *1 (S.D. W. Va. May 22, 2009) ("[q]uestions of permissive abstention and equitable remand are also better left to the bankruptcy court"). Thus, allowing a bankruptcy judge to decide the jurisdictional question is a "better use of [the federal courts'] ever-more scarce judicial resources" because "[t]he bankruptcy court's expertise makes it a better forum to initially adjudicate this claim." *Price v. Seterus, Inc.*, 2016 WL 1392331, at *6 (N.D. Ill. April 8, 2016). Accordingly, the Panel should vacate its conditional transfer order and allow the bankruptcy court to utilize its "knowledge and experience" in bankruptcy law to resolve the unique and dispositive subject matter jurisdiction issue in this case.

**C.        Transfer Will Not Promote Just and Efficient Resolution Because the Issues Presented By the Motion to Remand Are Simple and all Courts will Likely Resolve the Question in the Same Manner.**

MDL transfer is inappropriate in cases that do not present "complex legal . . . questions" because, among other things, an overriding purpose of the MDL classification is to "prevent inconsistent pretrial rulings." *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d at 1378. Specifically, when subject matter jurisdiction over the case has been challenged and "the merits of [the] remand motion are easy" and resolution of the motion by the transferor court would require comparably "little judicial time" transfer is inefficient because the "threat of inconsistent [rulings] . . . is de minimis." *Bd. of Teachers' Ret. Sys.*, 244 F.Supp.2d at 903. This is so because in cases where subject-matter jurisdiction is clearly lacking, all courts will likely resolve the

10

issue in the same way and preventing the transferor court from promptly resolving the issue will merely "postpone the inevitable." *Id.*

Where, as here, federal jurisdiction is premised on the allegation that the case is "related to" a bankruptcy where the plan has already been confirmed, the party invoking federal jurisdiction must show "a close nexus connecting a proposed post-confirmation proceeding in the bankruptcy court with some demonstrable effect on the debtor or the plan of reorganization." *In re Wilshire Courtyard*, 459 B.R. 416, 430 (B.A.P. 9th Cir.2011). This requires a showing that "the matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013). In contrast, cases that are only "tangential" to the bankruptcy case will not satisfy the close-nexus test. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005). A case is only tangential when "the resolution of the dispute would require more than merely interpreting the plan's terms, . . . bankruptcy court jurisdiction does not extend to a 'major suit' brought by the trust against non-parties to the bankruptcy or to any closely related proceeding." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168 (3d Cir. 2004).

Here, it is evident that the claims at issue in the Superior Court Action do not affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan" as is required for there to be a close nexus to the bankruptcy, and, therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1334. Accordingly, "the merits of [the] remand motion are easy" and the "threat of inconsistent [rulings] . . . is de minimis." *See Bd. of Teachers' Ret. Sys.*, 244 F.Supp.2d at 903. Thus, for this reason as well, the Panel should vacate the conditional order of transfer because this would not "necessarily . . .promote the just and efficient conduct of the litigation." *See In re Asbestos Bank. Litig.*, 1992 WL 423943, at *1.

## V. CONCLUSION

Plaintiffs respectfully request that this Panel grant the Motion to Vacate the Conditional Order of Transfer and allow the Bankruptcy Court for the Northern District of California to rule on Plaintiffs' Motion to Remand the Superior Court Action back to Alameda County Superior Court for lack of federal subject matter jurisdiction. That determination is most efficiently made by the bankruptcy court, as none of the considerations relevant to that motion are common to the pending MDL, instead all being specific to the VHS Liquidating Trust and the confirmed bankruptcy plan that preceded it.

Date:  October 21, 2021

By: */s/ Patrick M. Ryan*
Patrick M. Ryan
Sean R. McTigue
BARTKO ZANKEL BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152
pryan@bzbm.com
smctigue@bzbm.com

Attorneys for VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC. and PRIME HEALTHCARE MANAGEMENT, INC.

2854.003/1672673.1