**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:  BLUE CROSS BLUE SHIELD    )
ANTITRUST LITIGATION              )            **MDL No. 2406**
_____)

**RESPONSE TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-36)**

Plaintiffs' lawsuit is one of more than 65 actions alleging that the Blue Cross Blue Shield

Association ("BCBSA") and its 35 member Blue Cross Blue Shield Plans ("Blue Plans") conspired

to reduce prices paid to them as healthcare providers and increase prices they paid as healthcare

subscribers.  Each of those copycat cases was tagged and transferred to *In re Blue Cross Blue*

*Shield Antitrust Litigation*, MDL No. 2406, 13-cv-20000 (N.D. Ala.) (the "MDL"), even where

there were jurisdictional challenges.  Plaintiffs' Complaint copies entire sections ***verbatim*** from

the consolidated complaints in the MDL.  The multitude of ***identical*** factual issues and legal

theories raised dictate transfer here as well.  Plaintiffs do not even attempt to dispute the obvious

commonality.

Plaintiffs' sole argument against transfer is that Defendants improperly removed the case

to federal court.  They attempt to shoehorn jurisdictional arguments under the "just and efficient"

conduct standard relevant to this Panel's transfer decision and argue the transferor court should

hear their motion to remand first.

But Plaintiffs have it wrong.  As this Panel has held ***in reference to this very MDL***:

"[J]urisdictional arguments concerning the propriety of federal jurisdiction are insufficient to

warrant vacating a [conditional transfer order]."  *In re Blue Cross Blue Shield Antitrust Litig.*,

MDL 2406, 2017 WL 6759056, at *2 (J.P.M.L. Oct. 4, 2017).  The Panel routinely transfers cases

where jurisdictional challenges are pending.  *E.g.*, *id.*; *In re Prudential Ins. Co. of Am. Sales*

*Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. Aug. 15, 2001).  This includes cases where there are bankruptcy-jurisdiction disputes.  *E.g.*, *In re New England Compounding Pharmacy, Inc., Products Liability Litig.*, 38 F. Supp. 3d 1384, 1386 (J.P.M.L. Aug. 12, 2014) (transferring cases despite plaintiffs' assertion before the Panel and in their motion to remand that "related to" bankruptcy jurisdiction was improper).

A transfer here will avoid the significant risk of conflicting rulings on critical overlapping issues and prevent duplicative discovery.  Notably, Plaintiffs do not argue they will experience any inconvenience from transfer.  Even if they had, any inconvenience is offset by efficiencies saved through coordinated and consolidated pretrial proceedings.

Although it is not this Panel's duty to evaluate jurisdiction, this case plainly falls within the scope of "related to" bankruptcy jurisdiction and thus federal jurisdiction is proper.  Plaintiff VHS Liquidating Trust brought this action directly to implement and execute an approved Bankruptcy Plan that explicitly includes claims, such as those here, against health plans including the Blue Plans.

For these reasons, the Panel should affirm its Conditional Transfer Order.

## BACKGROUND

### I.   THE BCBS MDL.

BCBSA owns the rights to the famous Blue Cross and Blue Shield trademarks.  BCBSA does not sell healthcare coverage.  Instead, BCBSA licenses the marks to individual Blue Cross and Blue Shield Plans that provide healthcare coverage to subscribers and contract with healthcare providers.  Since February 2012, dozens of suits have been filed across the country raising antitrust challenges to BCBSA's licensing agreements and the BlueCard Program.  These suits have been brought by healthcare providers and subscribers.

In 2012, one of the plaintiffs petitioned this Panel for centralization, which was granted. *In re Blue Cross Blue Shield Antitrust Litig.*, MDL 2406 (Dkt. 1). These suits are now consolidated for pretrial proceedings in front of the Honorable R. David Proctor. *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. Dec. 12, 2012) (centralizing cases alleging that BCBSA and the Blue Plans violated the antitrust laws by, among other things, allocating territories, establishing revenue restrictions, and price-fixing through the BlueCard Program).

Since the MDL's creation, a steady stream of individual and putative provider and subscriber class action cases have been filed and transferred to the MDL.

This includes several actions that were artfully pled in an attempt to avoid federal court: some only named the local Blue Plan as a defendant; others asserted only state-law claims, like here. Those attempts failed, and these cases were successfully removed, tagged, and transferred to the MDL. *E.g.*, *Sosebee v. USAble Mut. Ins. Co.*, Notice of Potential Tag-Along, MDL 2406 (Dkt. 137) (J.P.M.L. Dec. 18, 2012); *Sosebee v. USAble Mut. Ins. Co.*, Transfer Order, MDL 2406 (Dkt. 146) (J.P.M.L. Dec. 28, 2012); *Sheridan v. Blue Cross of California*, Notice of Potential Tag-Along, MDL 2406 (Dkt. 212) (J.P.M.L. May 2, 2013); *Sheridan v. Blue Cross of California*, Transfer Order, MDL 2406 (Dkt. 228) (J.P.M.L. May 21, 2013); *Jarreau v. Louisiana Health Serv. & Indemnity Co.*, Notice of Related Action, MDL 2406 (Dkt. 5) (J.P.M.L. Sept. 10, 2012); *Jarreau v. Louisiana Health Serv. & Indemnity Co.*, Transfer Order, MDL 2406 (Dkt. 144) (J.P.M.L. Dec. 21, 2012); *Ray v. Wellpoint Inc.*, Notice of Related Action, MDL 2406 (Dkt. 91) (J.P.M.L. Oct. 26, 2012); *Ray v. Wellpoint Inc.*, Transfer Order, MDL 2406 (Dkt. 144) (J.P.M.L. Dec. 21, 2012); *Allen v. Blue Cross of Idaho Health Serv., Inc.*, Notice of Potential Tag-Along, MDL 2406 (Dkt. 132) (J.P.M.L. Dec. 14, 2012); *Allen v. Blue Cross of Idaho Health Serv., Inc.*, Transfer Order, MDL 2406 (Dkt. 145) (J.P.M.L. Dec. 27, 2012).

3

Now that the MDL court has preliminarily approved a subscriber class action settlement, numerous opt outs have filed lawsuits either in the MDL court or around the country.

## II.    THE VERITY COPYCAT ACTION.

Plaintiffs filed their Complaint (the "Complaint" or "Verity Action") in July 2021.  Compl. (Dkt. 433-3).[1]  One of the Plaintiffs is VHS Liquidating Trust, "the bankruptcy liquidator for Verity Health System of California, Inc." (*id.* ¶ 110), created as part of an ongoing bankruptcy proceeding. *In re Verity Health Sys. of California, Inc.*, No. 2:18-bk-20151 (Bankr. C.D. Cal.).  That trust is charged with prosecuting actions, among others, "arising from claims against health plans," which necessarily includes the Defendants here.  Ex. 1, Bankruptcy Plan ("Plan"), *In re Verity*, No. 2:18-bk-20151, Dkt. 5466, § 13.9(a)(ix).  According to the Complaint, Verity "went bankrupt and closed due to the [Blues'] conduct at issue" in the Action, and "Defendants' conduct was a substantial factor in causing that bankruptcy."  Compl. (Dkt. 433-3) ¶¶ 21, 22.  Thus, Defendants removed the case under 28 U.S.C. §§ 1452(a) and 1334(b) as a non-core action "related to" an ongoing bankruptcy.  Notice of Removal (Dkt. 434-1).

Like the MDL complaints, the Verity Action alleges the Blue Plans, through their relationship with the BCBSA, conspired to allocate markets and establish revenue restrictions to reduce competition through the license agreements, engage in price fixing and boycotting through the BlueCard Program, and participate in other anticompetitive conduct.  *See* Compl. (Dkt. 433-3).

As explained in Defendants' Notice of Potential Tag-Along Action ("Notice"), Plaintiffs structure their allegations to proceed in lockstep with the Consolidated Provider Complaint in the

---

[1]    For ease of reference and to avoid burdening the Panel with additional exhibits, Defendants cite to the JPML docket where materials are already filed.

MDL.  Notice (Dkt. 433) at 4-12.  Broad swaths of Plaintiffs' Complaint are ***identical or nearly identical*** to the MDL complaints.  *Compare* Compl. (Dkt. 433-3) at ¶ 319 ("The Blue Card and National Accounts Programs are thus agreements to fix prices.") *and id.* at ¶ 451 ("As a result of their Price Fixing and Boycott Agreement, Defendants reduce their payments to healthcare providers by in excess of ten billion dollars every year.") *with* Consolidated Prov. Compl. (Dkt. 434-2) at ¶ 203 ("The Blue Card and National Accounts programs are thus agreements to fix prices.") and *id.* at ¶ 334 ("As a result of their Price Fixing and Boycott Conspiracy, Defendants reduce their payments to healthcare providers by in excess of ten billion dollars every year."). Plaintiffs' numerous copycat allegations are attached in **<u>Appendix A</u>**.

Plaintiffs attempt to distance themselves from the MDL by arguing they have chosen California Superior Court for "a case under California law, brought by California plaintiffs, against California defendants."  Mot. to Vacate (Dkt. 507-1) at 2.  However, the Complaint asserts violations of nine ***other*** states' laws (in addition to California's), and the Defendants include BCBSA (based in Illinois) and Blue Plans across the nation.  Indeed, the Complaint copies an entire section devoted solely to ***Blue Cross Blue Shield of Alabama***.  *Compare* Compl. (Dkt. 433-3) § IV.B.1.b ("BCBS-AL Uses Its Market Power to Extract Money From Providers Through 'Tiering'") *with* Consolidated Prov. Compl. (Dkt. 434-2) at 93-98 ("BCBS-AL Uses Its Market Power to Extract Money from Providers Through 'Tiering'").  They also (presumably inadvertently) copied allegations referencing "***Plaintiffs*** Jackson Medical Center, LLC, Evergreen Medical Center, LLC, and Crenshaw Community Hospital"—named Alabama providers in the MDL that are not parties to the Verity Action.  *E.g.*, Compl. (Dkt. 433-3) ¶ 389 (emphasis added).

In addition, Plaintiffs are members of the putative provider and subscriber classes in the MDL.[2]  *Compare* Compl. (Dkt. 433-3) ¶ 108 (alleging Plaintiffs were "subscribers and self-funded accounts of Defendant Blues . . . Plaintiffs purchased or were covered by commercial health benefit products offered by Defendant Blues") *and* ¶¶ 120-26 (alleging Plaintiffs "provided medically necessary, covered services to patients insured by Defendant [Blue Plans], or who are included in employee benefit plans administered by Defendants" as well as "medically necessary, covered services to other Blue Cross and Blue Shield Plan enrollees through national programs.") *with* Consolidated Prov. Compl. (Dkt. 434-2) ¶ 618 (alleging a class of "[a]ll healthcare providers . . . in the United States of America, who provided covered services . . . to any patient who was insured by . . . a Defendant [Blue Plan]") *and* Consolidated Sub. Compl. (Dkt. 434-3) ¶ 319 (alleging a Self-Funded Subclass of "[a]ll Self-Funded Accounts . . . that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product").   Plaintiffs also name as Defendants all of the defendants in the MDL.

## III.    THE CONDITIONAL TRANSFER ORDER.

On September 22, 2021, given the indisputable overlap between the Verity Action and the BCBS MDL, BCBSA filed a notice of potential tag-along action.  Dkt. 433.  A Conditional Transfer Order issued a week later.  Dkt. 436.  The Order recognized this case appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Alabama."  *Id.*  The next day, BCBSA promptly moved to stay proceedings in the Bankruptcy Court.  Ex. 2, Mot. to Stay.  That motion was heard earlier today, on November 12, 2021.

---

[2]    Plaintiffs have opted out of the Rule 23(b)(3) damages class proposed as part of a settlement with subscribers in the MDL, but remain part of the Rule 23(b)(2) injunctive relief class.

**LEGAL STANDARD**

The Panel may transfer an action "which involves common questions of fact with . . . actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407."  Rules of Proc. of the United States Judicial Panel on Multidistrict Litig., Rule 1.1(h).  Transfer under Section 1407 is appropriate if (1) the actions involve "one or more common questions of fact," (2) the transfer will be convenient for the parties and witnesses, and (3) the transfer "promote[s] just and efficient conduct."  28 U.S.C. § 1407(a).

Overlapping antitrust cases are particularly well suited for transfer under Section 1407. *See, e.g.*, *In re Int'l House of Pancakes Franchise Litig.*, 331 F. Supp. 556, 557 (J.P.M.L. 1971); *In re Lipitor Antitrust Litig.*, MDL 2332, 2012 WL 4069565, at *1 (J.P.M.L. Aug. 3, 2012); *In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196, 2011 WL 3182411, at *1 (J.P.M.L. May 19, 2011); *In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1343 (J.P.M.L. Apr. 6, 2017); *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. June 16, 2005).

**ARGUMENT**

## I.     THE VERITY ACTION SATISFIES ALL REQUIREMENTS FOR TRANSFER.

Plaintiffs ignore the first two relevant transfer factors and purport to address the third by arguing their jurisdictional challenge means that transfer would not be "just or efficient."  But the Panel has already rejected that argument as a basis to vacate transfer, and Plaintiffs do not even dispute that if there is subject-matter jurisdiction, this case can and should be transferred. Accordingly, this Panel should affirm its Conditional Transfer Order.

### A. Plaintiffs Do Not Dispute That This Action And The BCBS MDL Involve Common Questions Of Fact.

Plaintiffs do not dispute that the Verity Action is designed as a copycat subscriber/provider action that involves numerous identical factual allegations to the cases centralized in the MDL. Nor could they:  not only does the Complaint share numerous allegations with both of the MDL complaints, they possess near "complete identity of common factual issues."  *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d at 1376; *see* App'x A (Table of Selected Copycat Allegations).

Of course, Section 1407 does not require complete identity or even a majority of common factual and legal issues, just some overlap.  *In re Travel Agent Comm'n Antitrust Litig.*, 290 F. Supp. 2d 1381, 1382 (J.P.M.L. Nov. 10, 2003).  This action easily surpasses that hurdle.  The overlapping factual issues, parties, and legal theories presented in Plaintiffs' Complaint and in the MDL complaints are abundant, obvious, and substantial.  *See supra* Section II; App'x A.  As the Complaint avers:  "*[b]ut for the unlawful agreements not to compete with one another* at issue in this Complaint, *[Defendants] could and would* use their Blue brands and non-Blue brands to *compete with each* other throughout their Service Areas."  Compl. (Dkt. 433-3) ¶ 60 (emphases added); *see* Mot. to Vacate (Dkt. 507-1) at 2 (recognizing allegation of harm based on Defendants' "illegal agreements not to compete").  Plaintiffs' allegations are thus identical to those in the pending MDL, as summarized by the Panel's prior order centralizing the actions:  "Plaintiffs contend that the . . . Blue Plans are independent health insurance companies that, *but for any agreement to the contrary, could and would compete with one another*."  *In re Blue Cross Blue Shield Antitrust Litig.,* 908 F. Supp. 2d at 1375 (emphasis added).

This suit fits comfortably within the long line of precedent transferring antitrust actions alleging injuries sustained as a result of the same alleged conspiracy.  *See, e.g., In re Lipitor*

*Antitrust Litig.*, 2012 WL 4069565, at *1 (affirming conditional transfer order where individual action shared questions of fact with other antitrust class actions); *In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. Apr. 4, 2008) (affirming conditional transfer order where suit did not involve exact same factual issues but alleged same conspiracy to monopolize).  It also presents an even stronger case for transfer than other cases this Panel has transferred to the BCBS MDL.  *E.g.*, Transfer Order, *Lifewatch Services, Inc. v. Highmark, Inc.*, MDL No. 2406 (Dkt. 192) at 1 (J.P.M.L. Apr. 1, 2013) (transferring action to the MDL although case asserted distinct state and common law causes of action because complaint generally "touches on . . . the propriety of BCBSA's license agreements and the anticompetitive effects of certain provisions in those agreements."); Transfer Order, *Chicoine v. Wellmark, Inc./Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, MDL No. 2406 (Dkt. 393) at 1 (J.P.M.L. Oct. 4, 2017) (holding that the "focus . . . does appear to be somewhat different from the MDL allegations, but plaintiffs still allege sufficient factual overlap with the cases in the MDL to justify transfer.").

### B.    Plaintiffs Do Not Meaningfully Dispute That Transfer Will Promote Convenience.

Although Plaintiffs summarily state "transfer is not 'convenient,'" they do not present any argument on this point.  Mot. to Vacate (Dkt. 507-1) at 4.  Transfer would be more convenient for the parties collectively and therefore outweighs any unspecified inconvenience to Plaintiffs.

The Panel considers the relative convenience to all parties.  *In re Lib. Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. Oct. 17, 1968) (The Panel "must weigh the interests of all the plaintiffs ***and all the defendants***, and must consider multiple litigation as a whole in the light of the purposes of the law.") (emphasis added).  Here, Plaintiffs have named as defendants BCBSA and all 35 Blue Plans, all of whom are already defendants in the MDL and have been litigating there for over a decade.  Absent transfer, BCBSA (located in Illinois) and the Blue Plans (located

in different states across the country) would be forced to litigate the exact same issues and engage in duplicative discovery in both the ongoing MDL and in the Northern District of California. Transfer will ensure efficiencies and savings from coordinated pretrial proceedings.

Even if Plaintiffs prefer to litigate in their "home" state,[3] that does not trump the benefits of centralization helpful to all other affected parties and the courts.  *See In re Wells Fargo Wage & Hour Emp. Prac. Litig. (No. III)*, 804 F. Supp. 2d 1382, 1384 (J.P.M.L. Aug. 19, 2011) (even when "less than convenient for some parties," transfer is appropriate where the benefits outweigh the inconvenience for any one party).  Rather than force Defendants to litigate in multiple forums, the Panel should transfer this case to the MDL, as it has done in dozens of other cases.

## C.    Transfer Will Promote Just And Efficient Conduct.

Transfer will not only promote just and efficient conduct; it is necessary to avoid inconsistent rulings on both the substantive questions at the heart of Plaintiffs' suit and jurisdictional challenges.  It will also avoid duplicative discovery.

Absent transfer, there is a risk of inconsistent rulings on the existence of the alleged nationwide conspiracy, as well as the validity of BCBSA's BlueCard and licensing programs.  As Plaintiffs recognize, avoiding this potential conflict is one of the primary aims of Section 1407. Mot. to Vacate (Dkt. 507-1) at 5–6 ("[A]n overriding purpose of the MDL classification [and transfer] is to 'prevent inconsistent pretrial rulings.'") (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. Dec. 9, 2003)).

---

[3]    Moreover, despite Plaintiffs' apparent preference to litigate in California, Plaintiffs "own and operate hospitals and other healthcare providers ***throughout the country***."  Compl. (Dkt. 433-3) ¶ 120 (explaining Prime plaintiffs operate hospitals in Missouri, Ohio, Texas, Alabama, Michigan, Rhode Island, Florida, Pennsylvania, Indiana, Nevada, Kansas, New Jersey, and Georgia) (emphasis added).  Indeed, they bring claims under the laws of a variety of states where they operate, not just California, as noted above.  Thus, transfer cannot be inconvenient for Plaintiffs since presumably discovery will not be limited to California.

10

Transfer also promotes efficiency by ensuring that one court uniformly addresses alleged jurisdictional issues, including those regarding "related to" bankruptcy jurisdiction.  It is inefficient to ask this Panel to vacate the Conditional Transfer Order so that the transferor court can make a first pass on this issue, *see* Mot. to Vacate (Dkt. 507-1) at 1, when the MDL court may have to address it as well.  For example, in *In re Adelphia Communications Corp.*, the parties litigated "related to" jurisdiction in two fora before the transferee MDL court ultimately reversed the bankruptcy court's order and denied remand.  *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 2005 WL 1026559, at *1, *6 (S.D.N.Y. May 2, 2005).

If this Panel were to vacate its Conditional Transfer Order so the U.S. Bankruptcy Court for the Northern District of California could decide the jurisdiction question, the parties could very well end up back before this very Panel if the Bankruptcy Court denies Plaintiffs' Motion to Remand.  That—in and of itself—is inefficient.

Finally, transfer is necessary to avoid duplicative and expensive discovery.  *See, e.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d at 1376 ("Centralization will eliminate duplicative discovery . . . ."); *In re BP Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 734 F. Supp. 2d 1380, 1382 (J.P.M.L. Oct. 13, 2010) (transferring cases to existing MDL to "eliminate duplicative discovery"); *In re Lipitor Antitrust Litig.*, 2012 WL 4069565, at *1 ("[I]t is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core.") (internal quotation marks omitted).  Given the identity of factual allegations and legal theories, there can be no real dispute that Plaintiffs here will seek the same discovery sought in the MDL.

## II.     PLAINTIFFS' JURISDICTIONAL CHALLENGE IS AN INSUFFICIENT BASIS TO VACATE THE CONDITIONAL TRANSFER ORDER.

Plaintiffs purport to offer various reasons why transfer will not promote "just and efficient resolution," all of which boil down to their assertion that the Bankruptcy Court should hear their Motion to Remand first.  *See* Mot. to Vacate (Dkt. 507-1) §§ IV.A-C.  These arguments are red herrings.  Plaintiffs incorrectly try to frame their jurisdiction arguments as reasons why transfer would not be "just and efficient."

The Panel has repeatedly rejected arguments that a jurisdictional dispute is sufficient to warrant vacating a conditional transfer order.  *See In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 6759056, at *2 ("As the Panel has held repeatedly, jurisdictional arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacating a CTO.") (citing *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 170 F. Supp. 2d at 1347–48).  The transferee judge can decide any pending motions to remand.  *E.g.*, *id.* ("The transferee judge can decide the motions to remand"); *In re C.R. Bard, Inc.*, MDL No. 2187, 2015 WL 1641343 at *1 (J.P.M.L. April 7, 2015) ("The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge."); *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 899 F. Supp. 2d 1374, 1376 (J.P.M.L. Oct. 4, 2012) ("Plaintiffs in the removed derivative actions can present their pending motions for remand to state court to the transferee court.")*.* The Panel has routinely transferred cases with pending jurisdictional disputes. *See, e.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 6759056, at *2 (transferring two cases where motions to remand were pending in the transferor courts); *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 170 F. Supp. 2d at 1347-48; *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. Dec. 14, 1973).

Bankruptcy-related cases are no different. *E.g., In re New England Compounding Pharmacy, Inc., Products Liability Litig.*, 38 F. Supp. 3d at 1385 (transferring cases removed based on "related to" bankruptcy jurisdiction despite "plaintiffs' assertion that federal subject-matter jurisdiction is lacking [because] the Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge"). The Panel has further acknowledged that transfer in these circumstances comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). There is no reason to treat the present case any differently. Plaintiffs' arguments otherwise are unavailing. Mot. to Vacate (Dkt. 507-1) §§ IV.A-C.

## A.   There Is No "Unique" Issue Of Law.

First, Plaintiffs argue their procedural jurisdictional challenge is a "unique" issue of law such that transfer would be inefficient. Plaintiffs do not and cannot show their lawsuit involves "unique" issues of substantive law. Rather, Plaintiffs argue no "other [BCBS] MDL cases present this [bankruptcy jurisdiction] issue." Mot. to Vacate (Dkt. 507-1) at 7. But this argument is misleading. Indeed, Plaintiffs allege they are not the only provider to go bankrupt as a result of the challenged conduct. Specifically, they claim, as a result of the challenged conduct, "many hospitals and other healthcare facilities have closed or reduced services"; "[a]t least dozens of California hospitals, including Plaintiffs', have closed"; and "[s]till other [non-hospital] facilities, including Plaintiffs', have entered bankruptcy." Compl. (Dkt. 433-3) ¶¶ 88, 90–91. The MDL plaintiffs likewise allege that numerous healthcare providers outside of California have gone out of business. Consolidated Prov. Compl. (Dkt. 434-2) ¶ 394 (alleging the closure of 17 hospitals

in Alabama alone).[4]  Thus, there is a strong likelihood that future copycat cases, including opt-out cases, will raise the same jurisdictional issue.

Moreover, even a truly novel jurisdictional issue would not be a basis for vacating the Conditional Transfer Order here.  This Panel has already rejected a motion to vacate a conditional transfer order where the underlying case presented a jurisdictional challenge that the MDL court had not addressed as part of the MDL.  Prior to transfer of the *Chicoine* and *Opelousas* cases, the MDL court had not considered CAFA jurisdiction based on intervention of a minimally diverse party, yet the Panel transferred those cases and explained that the MDL court could address the issues raised for the first time after transfer.  *See In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 6759056, at *1-2.

Most of Plaintiffs' cases do not even analyze whether transfer should be denied because of an outstanding jurisdictional challenge.  *E.g.*, *Goodwin v. Kojian*, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013) (addressing motion to remand as opposed to motion to vacate and making no reference to the "just and efficient conduct" standard under Section 1407(a)); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) (same); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001) (same); *In re Accutane Prod. Liability Litig.*, 560 F. Supp. 2d 1370, 1370-71 (J.P.M.L. June 6, 2008) (vacating conditional transfer order based on outstanding state-law liability defense under statute of repose); *Gaskins v. Emanuel & Co.*, 1998 WL 126064 (S.D.N.Y. Mar. 19, 1998) (addressing neither a motion to remand nor a motion to

---

[4]   Plaintiffs' accusation that Defendants "blatantly misus[ed] the bankruptcy-removal process as a vehicle to manufacture federal subject matter jurisdiction where it otherwise does not exist" is baseless.  *See* Mot. to Vacate (Dkt. 507-1) at 1, 3.  The Complaint directly alleges Defendants and their challenged conduct caused Verity Health System to go into bankruptcy, resulting in the creation of Plaintiff VHS Liquidating Trust.  Compl. (Dkt. 433-3) ¶¶ 21, 22.  It is no surprise that Defendants removed on this basis.

vacate).[5]   Plaintiffs themselves recognize the MDL court has presided over subject-matter jurisdictional disputes, including instances where the MDL court has granted remand.  *See* Mot. to Vacate (Dkt. 507-1) at 7 ("[T]he other cases pending before the transferee court may present subject-matter jurisdiction questions . . . ."); *Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, 2018 WL 1710547, at *6 (N.D. Ala. Apr. 9, 2018) (granting remand).  That the MDL court has yet to address Plaintiffs' specific jurisdictional challenge is no obstacle to transfer and the Conditional Transfer Order should be affirmed.

### B.    The Bankruptcy Court Is Not "Better Suited" To Analyze Jurisdiction.

Second, Plaintiffs argue that a bankruptcy court is "better equipped" to deal with bankruptcy jurisdiction than the MDL.  Mot. to Vacate (Dkt. 507-1) at 8.  Plaintiffs are incorrect again.

Transferee courts regularly decide bankruptcy jurisdictional disputes.  *See CIT Grp./Equip. Fin., Inc. v. BDO Seidman, LLP*, 2009 WL 2171231, at *1 (W.D. Pa. July 21, 2009) (transferee MDL court deciding remand motion based on "related to" bankruptcy jurisdiction); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 312 (S.D.N.Y. 2003) (transferee MDL court finding "related to" jurisdiction and denying motion for remand; *In re Adelphia Commc'ns Corp.*, 2005 WL 1026559, at *6 (transferee MDL court reversing bankruptcy court remand decision on post-transfer appeal because "related to" jurisdiction existed).

Plaintiffs' contrary argument rests on a misinterpretation of several case quotations.  These cases involved either "core" bankruptcy actions or required the determination of whether the

---

[5]   Plaintiffs' citation to *Rundle* is likewise inapposite.  Mot. to Vacate (Dkt. 507-1) at 7 (citing *Rundle v. DePuy Orthopaedics, Inc.*, 2011 WL 3022569, at *4 (D. Nev. July 6, 2011)).  There, jurisdiction depended on an individualized issue of state law—whether state law permitted a claim against the defendant that was allegedly fraudulently joined—and not questions of federal law regarding bankruptcy jurisdiction.  Regardless, the *Rundle* court was also addressing a motion to remand, not a motion to vacate.

proceeding is a "core" or "non-core" action.  *E.g.*, *Seiko Epson Corp. v. Koshkalda*, 2018 WL 5982870, at *3 (N.D. Cal. Nov. 14, 2018) ("[A]ll claims before the Bankruptcy Court in this action are 'core' claims."); *Jenkins v. Oakhurt Dev., LLC*, 2009 WL 1473960, at *1 (S.D. W. Va. May 22, 2009) ("Pursuant to 28 U.S.C. § 157(b)(3), the bankruptcy judge shall determine . . . whether a proceeding is a core proceeding . . . ."); *MD Acquisition, LLC v. Myers*, 2009 WL 466383, at *4 (S.D. Ohio Feb. 23, 2009) (similar); *Orix Fin. Corp. v. Nexbank, SSB*, 2008 WL 2796069, at *3 (N.D. Tex. July 15, 2008) (similar); *Marquette Transp. Co. v. Trinity Marine Prod., Inc.*, 2006 WL 2349461, at *5 (E.D. La. Aug. 11, 2006) (similar).

These cases are strawmen.  Congress requires a bankruptcy court to determine whether a proceeding is "core" or "non-core" and oversee "core" proceedings.  28 U.S.C. § 157(b)(3).  But here, the parties have already agreed that the Verity Action is a "***non-core***" proceeding.  Ex. 3, Mot. to Remand at 15 ("Defendants' Notice of Removal asserts the case is 'related to' Verity Health Systems, Inc.'s chapter 11 case. . . . Accordingly, because this case arises from state substantive law, and not the bankruptcy code, ***this dispute is non-core***.") (emphasis added); Ex. 4, Opp'n to Mot. to Remand at 22 ("[This] proceeding is not core but falls under 'related to' jurisdiction . . . .").

Bankruptcy judges are not categorically "better suited" to address such non-core jurisdictional challenges.  *See, e.g.*, *In re New England Compounding Pharmacy, Inc., Prods. Liab. Litig.*, 38 F. Supp. 3d at 1387 (transferring cases despite argument before the Panel and in motion to remand that "related to" bankruptcy jurisdiction was improper).  Further, Plaintiffs' insinuation that the MDL transferee court is not suited to consider "related to" jurisdiction is flat wrong.  Mot. to Vacate (Dkt. 507-1) at 8–10.  Judge Proctor has analyzed "related to" jurisdiction on multiple occasions and there is no legitimate basis why he is not well suited to address the issue here and

16

in the context of an MDL.  *See, e.g.*, *Overton v. Chrysler Grp. LLC*, 2018 WL 847772, at *5 n.6, 7 (N.D. Ala. Feb. 13, 2018) (Proctor, J.) (analyzing "related to" bankruptcy jurisdiction); *El Paso E&P Co., L.P. v. CMV Joint Venture*, 2010 WL 11579728, at *3 (N.D. Ala. July 12, 2010) (Proctor, J.) (same).

### C.    Transfer Is Not Inefficient Because Of A "Simple" Jurisdictional Issue.

Third, Plaintiffs' argument that jurisdiction is "simple and all courts will likely resolve the question in the same manner," (Mot. to Vacate (Dkt. 507-1) at § IV.C (cleaned up)), is directly contrary to their assertion that this same question is so complex that only a bankruptcy court has the "knowledge and experience" to resolve it (*id.* at 9-10).  And in the case cited by Plaintiffs for the proposition that "transfer is inefficient" where "the merits of the remand motion are easy" (*id.* at 5-6), the court actually stayed the action pending the Panel's transfer decision, holding that judicial economy may be served by having the transferee court decide bankruptcy jurisdiction disputes.  *Bd. of Trustees of Teachers' Ret. Sys. of the State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905–06 (N.D. Ill. 2002).  That case was ultimately transferred.

In any event, transfer is not inefficient if a case presents a "simple" jurisdictional issue. Mot. to Vacate at 10.  Plaintiffs may not separate a purportedly "simple" jurisdictional question presented from the many complex substantive factual and legal issues pled in their Complaint that overlap with the MDL.  Plaintiffs' cited cases confirm this.  *See, e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d at 1378 ("[C]entralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All MDL-1570 actions present ***common, complex legal and factual questions concerning the efforts of plaintiffs to hold liable an array of defendants*** who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorists . . . .") (emphasis added).

In sum, this copycat case belongs in the MDL and transfer is appropriate even with a pending jurisdictional challenge.

## III.   FEDERAL JURISDICTION CLEARLY EXISTS.

While the Panel is not itself tasked with addressing jurisdiction, *see In re Ivy*, 901 F.2d at 9, federal jurisdiction exists in this case.  Under 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or **related to** cases under title 11."  *Id*. (emphasis added).

According to Plaintiffs' own authorities, a "bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2003) (citation omitted).  It includes, for example, post-confirmation actions, like this, that "affect[] the interpretation, implementation, consummation, execution, or administration of the confirmed [bankruptcy] plan."  *Id*. (internal quotation marks omitted).

Plaintiff VHS Liquidating Trust brought the Verity Action in direct implementation and execution of its Bankruptcy Plan, which calls for the transfer of causes of action into the Liquidating Trust and explicitly includes claims against health plans such as the Defendant Blue Plans.  Ex. 1, Plan §§ 6.5(b)(vi), 13.9(a)(ix).  And issues of standing, statutes of limitations, and damages in this Action will all depend on interpretation of the Bankruptcy Plan.  Therefore, this case was properly removed to federal court.  *See generally* Ex. 4, Opp'n to Mot. to Remand. Regardless, these are arguments that Plaintiffs should address to the MDL Court, not this Panel, because the Section 1407 factors for transfer are easily met.

## CONCLUSION

For all these reasons, the Conditional Transfer Order should be affirmed.

Date:  November 12, 2021

Very truly yours,

/s/ Daniel E. Laytin, P.C.
Daniel E. Laytin, P.C.
Zachary D. Holmstead
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
dlaytin@kirkland.com
zachary.holmstead@kirkland.com

*Counsel for Blue Cross Blue Shield Association*

Craig A. Hoover
E. Desmond Hogan
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Aware Integrated, Inc.; Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON
LLP

Evan R. Chesler
Christine A. Varney
Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
cvarney@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com

*Counsel for Defendants Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Florida, Inc.; Guidewell Mutual Holding Corp.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina, Inc.; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and*

1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera and*
*Premera Blue Cross, d/b/a Premera Blue*
*Cross Blue Shield of Alaska*

R. David Kaufman
M. Patrick McDowell
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
dkaufman@brunini.com
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue*
*Shield of Mississippi, a Mutual Insurance*
*Company*

Michael A. Naranjo
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA  94104
Tel: (415) 434-4484
Fax: (415) 434-4507
mnaranjo@foley.com

*Blue Shield of Hawaii); Health Care*
*Service Corporation, an Illinois Mutual*
*Legal Reserve Company, including its*
*divisions Blue Cross and Blue Shield of*
*Illinois, Blue Cross and Blue Shield of*
*Texas, Blue Cross and Blue Shield of*
*New Mexico, Blue Cross and Blue*
*Shield of Oklahoma, and Blue Cross and*
*Blue Shield of Montana; Caring for*
*Montanans, Inc., f/k/a Blue Cross and*
*Blue Shield of Montana, Inc.*

James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL CARTER FRANCO COLE &
BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP,*
*counsel for Defendant Blue Cross Blue*
*Shield of Alabama*

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200

*Counsel for Defendant USAble Mutual Insurance Company, doing business as Arkansas Blue Cross and Blue Shield*

M. Patrick McDowell
James A. McCullough
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
jmccullough@brunini.com

*Counsel for Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company*

Robert K. Spotswood
Joshua K. Payne
Jess R. Nix
SPOTSWOOD SANSOM & SANSBURY
LLC
505 20th Street North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
rks@spotswoodllc.com
jpayne@spotswoodllc.com
jnix@spotswoodllc.com

*Counsel for Defendant Capital BlueCross*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY  14203
Tel: (716) 847-8400
Fax: (716) 852-6100

hwitt@kirkland.com
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark Blue Cross Blue Shield Delaware Inc.*

Todd M. Stenerson
Brian C. Hauser
Edmund Y. Saw
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC  20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com
edmund.saw@shearman.com

*Counsel for Defendant Blue Cross and Blue Shield of Michigan*

John DeQ.Briggs
Rachel J. Adcox
Jeny M. Maier
AXINN, VELTROP & HARKRIDER,
LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701

ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

*Counsel for Defendant, Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield; and Lifetime Healthcare, Inc.*

Daniel E. Laytin
Zachary Holmstead
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
zachary.holmstead@kirkland.com
daniel.laytin@kirkland.com

*Counsel for Defendants Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Salud, Inc.; and Triple-S Management Corp.*

jbriggs@axinn.com
radcox@axinn.com
jmaier@axinn.com

*Counsel for Defendant Independence Blue Cross; Independence Health Group, Inc.*

Kathleen Taylor Sooy
ksooy@crowell.com
Tracy A. Roman
troman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Sarah M. Gilbert
sgilbert@crowell.com
Honor R. Costello
hcostello@crowell.com
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

*Counsel for Defendants Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City; GoodLife Partners, Inc.; Blue Cross and Blue Shield of Nebraska; Blue Cross Blue Shield of Arizona; HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota; Blue Cross Blue Shield of Wyoming; HealthNow Systems, Inc.; Highmark Western and Northeastern New York Inc.*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:  **BLUE CROSS BLUE SHIELD**          )
**ANTITRUST LITIGATION**                              )                    **MDL No. 2406**
                                     )

**CERTIFICATE OF SERVICE**

I, Daniel E. Laytin, as Counsel for Defendant Blue Cross and Blue Shield Association, hereby certify that on the 12th day of November, 2021, a copy of the foregoing Response to Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-36) was electronically filed with the Judicial Panel on Multidistrict Litigation by using the CM/ECF system on behalf of Defendant Blue Cross and Blue Shield Association, which will send notice of electronic filing to all parties of record.  The foregoing was also served electronically on the following counsel:

        Patrick M. Ryan
        Patrick E. O'Shaughnessy
        John F. McLean
        Oliver Q. Dunlap
        Sean R. McTigue
        BARTKO ZANKEL BUNZEL & MILLER
        One Embarcadero Center, Suite 800
        San Francisco, California  94111
        Telephone: (415) 956-1900
        Facsimile: (415) 956-1152
        pryan@bzbm.com
        poshaughnessy@bzbm.com
        jmclean@bzbm.com
        odunlap@bzbm.com
        smctigue@bzbm.com

*Counsel for Plaintiffs*

Craig A. Hoover                           Evan R. Chesler
E. Desmond Hogan                   Christine A. Varney
HOGAN LOVELLS US LLP          Karin A. DeMasi
Columbia Square                       Lauren R. Kennedy
555 13th Street, N.W.                 David H. Korn
Washington, DC 20004          CRAVATH, SWAINE &
Tel: (202) 637-5600                 MOORE LLP
Fax: (202) 637-5910                 Worldwide Plaza
craig.hoover@hoganlovells.com   825 Eighth Avenue
desmond.hogan@hoganlovells.com  New York, NY  10019
                                        Tel: (212) 474-1000
                                        Fax: (212) 474-3700
                                        echesler@cravath.com

i

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Aware Integrated, Inc.; Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross and Blue Shield of Georgia; Blue Cross of California; Compare Health Services Insurance Corporation; HMO Missouri Inc.; Healthy Alliance Life Insurance Company; Rightcoice Managed Care, Inc.*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera and Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

R. David Kaufman
M. Patrick McDowell
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902

cvarney@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com

*Counsel for Defendants Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Florida, Inc.; Guidewell Mutual Holding Corp.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina, Inc.; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.*

James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.

ii

dkaufman@brunini.com
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL
INSURANCE COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross &
Blue Shield of Mississippi, a Mutual
Insurance Company*

Michael A. Naranjo
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA  94104
Tel: (415) 434-4484
Fax: (415) 434-4507
mnaranjo@foley.com
smoses@foley.com

*Counsel for Defendant USAble Mutual
Insurance Company, doing business as
Arkansas Blue Cross and Blue Shield*

M. Patrick McDowell
James A. McCullough
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
jmccullough@brunini.com

*Counsel for Blue Cross Blue Shield of
Mississippi, a Mutual Insurance
Company*

Robert K. Spotswood
Joshua K. Payne
Jess R. Nix

425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore
LLP, counsel for Defendant Blue
Cross Blue Shield of Alabama*

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
hwitt@kirkland.com
jzeiger@kirkland.com

*Counsel for Defendants Health
Care Service Corporation, an
Illinois Mutual Legal Reserve
Company, including its divisions
Blue Cross and Blue Shield of
Illinois, Blue Cross and Blue
Shield of Texas, Blue Cross and
Blue Shield of New Mexico, Blue
Cross and Blue Shield of
Oklahoma, and Blue Cross and
Blue Shield of Montana; Caring
for Montanans, Inc., f/k/a Blue
Cross and Blue Shield of
Montana, Inc.; Highmark Inc.,
f/k/a Highmark Health Services;
Highmark West Virginia Inc.;
Highmark Blue Cross Blue Shield
Delaware Inc.; Highmark Inc.
predecessor Hospital Service
Association of Northeastern
Pennsylvania*

Jonathan M. Redgrave
REDGRAVE, LLP
14555 Avion Parkway, Suite 275
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and*

iii

SPOTSWOOD SANSOM &
SANSBURY LLC
505 20th Street North, Suite 700
Birmingham, AL 35203
Tel: (205) 986-3620
Fax: (205) 986-3639
rks@spotswoodllc.com
jpayne@spotswoodllc.com
jnix@spotswoodllc.com

*Counsel for Defendant Capital
BlueCross*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

*Counsel for Defendants, Excellus
Health Plan, Inc., d/b/a Excellus
BlueCross BlueShield; and Lifetime
Healthcare, Inc.*

Kathleen Taylor Sooy
ksooy@crowell.com
Tracy A. Roman
troman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

Sarah M. Gilbert
sgilbert@crowell.com
Honor R. Costello
hcostello@crowell.com
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134

*Highmark Defendants*

Todd M. Stenerson
Brian C. Hauser
Edmund Y. Saw
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com
edmund.saw@shearman.com

*Counsel for Defendant Blue Cross
and Blue Shield of Michigan;
Blue Cross Blue Shield of
Michigan Mutual Insurance
Company*

John DeQ.Briggs
Rachel J. Adcox
Jeny M. Maier
AXINN, VELTROP &
HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC 20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
radcox@axinn.com
jmaier@axinn.com

*Counsel for Defendant
Independence Blue Cross;
Independence Health Group, Inc.*

iv

*Counsel for Defendants Blue Cross of
Idaho Health Service, Inc.; Blue Cross
and Blue Shield of Kansas, Inc.; Blue
Cross and Blue Shield of Kansas City;
GoodLife Partners, Inc.; Blue Cross
and Blue Shield of Nebraska; Blue
Cross Blue Shield of Arizona;
HealthyDakota Mutual Holdings; Blue
Cross Blue Shield of North Dakota;
Blue Cross Blue Shield of Wyoming;
HealthNow Systems, Inc.; Highmark
Western and Northeastern New York
Inc.; Healthnow New York, Inc.;
Noridian Mutual Insurance Company*

Date:  November 12, 2021                    /s/ Daniel E. Laytin, P.C.

Daniel E. Laytin, P.C.
Zachary D. Holmstead
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
dlaytin@kirkland.com
zachary.holmstead@kirkland.com

*Counsel for Blue Cross Blue Shield Association*

v