# Exhibit 1A

ACCO,(ADSx),CONSOL,DISCOVERY,MANADR,PROTORD,SM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
### CIVIL DOCKET FOR CASE #: 8:20-cv-00102-JWH-ADS

| | |
|---|---|
| Women's Recovery Center, LLC v. Anthem Blue Cross Life and Health Insurance Company et al | Date Filed: 01/17/2020 |
| Assigned to: Judge John W. Holcomb | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Autumn D. Spaeth | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

Related Cases:  8:20-cv-02424-JWH-ADS
                2:21-cv-04427-JWH-ADS
                8:20-cv-00107-DOC-ADS
                8:20-cv-00108-DOC-ADS
                8:20-cv-00110-DOC-ADS
                8:20-cv-02412-JWH-ADS
                8:20-cv-00106-DOC-ADS
                8:20-cv-00577-DOC-ADS
                8:20-cv-00109-DOC-ADS
                8:20-cv-00112-DOC-ADS
                8:20-cv-00114-DOC-ADS
                8:20-cv-00104-DOC-ADS
                8:20-cv-00111-DOC-ADS
                8:20-cv-00578-DOC-ADS

Case in other court:  Superior Court of California, County of Orange,
                      30-02019-01116397

Cause: 29:1001 E.R.I.S.A.: Employee Retirement

**Plaintiff**

| | | |
|---|---|---|
| **Women's Recovery Center, LLC**<br>*a California limited liability company* | represented by | **Damon D Eisenbrey**<br>Callahan and Blaine APLC<br>3 Hutton Centre Drive 9th Floor<br>Santa Ana, CA 92707<br>714-241-4444<br>Fax: 714-241-4445<br>Email: deisenbrey@callahan-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Daniel J Callahan**<br>Callahan and Blaine APLC<br>3 Hutton Centre Drive 9th Floor<br>Santa Ana, CA 92707<br>714-241-4444<br>Fax: 714-241-4445<br>Email: dan@callahan-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Richard T Collins**<br>Callahan and Blaine APLC<br>3 Hutton Centre Drive 9th Floor<br>Santa Ana, CA 92707 |

714-241-4444
Fax: 714-241-4445
Email: rcollins@callahan-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adrian L. Canzoneri**
Theodora Oringher PC
535 Anton Boulevard Suite Ninth Floor
Costa Mesa, CA 92626
415-844-1985
Email: acanzoneri@tocounsel.com
*TERMINATED: 02/18/2022*

**Edward Susolik**
Callahan and Blaine APLC
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707
714-241-4444
Fax: 714-241-4445
Email: es@callahan-law.com
*TERMINATED: 03/30/2021*

**Plaintiff**

**TML Recovery LLC**                 represented by   **Damon D Eisenbrey**
*a California limited liability company*              (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Daniel J Callahan**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Richard T Collins**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Adrian L. Canzoneri**
                                                      (See above for address)
                                                      *TERMINATED: 02/18/2022*

                                                      **Edward Susolik**
                                                      (See above for address)
                                                      *TERMINATED: 03/30/2021*

**Plaintiff**

**Southern California Recovery Centers**   represented by   **Damon D Eisenbrey**
**Oceanside LLC**                                           (See above for address)
*a California limited liability company*                    *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Daniel J Callahan**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Richard T Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adrian L. Canzoneri**
(See above for address)
*TERMINATED: 02/18/2022*

**Edward Susolik**
(See above for address)
*TERMINATED: 03/30/2021*

**Plaintiff**

**MMR Services LLC**                          represented by   **Damon D Eisenbrey**
*a California limited liability company*                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Daniel J Callahan**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Richard T Collins**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Adrian L. Canzoneri**
                                                                (See above for address)
                                                                *TERMINATED: 02/18/2022*

                                                                **Edward Susolik**
                                                                (See above for address)
                                                                *TERMINATED: 03/30/2021*

**Plaintiff**

**Southern California Addiction Center Inc**   represented by   **Damon D Eisenbrey**
*a California corporation*                                      (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Daniel J Callahan**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Richard T Collins**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Adrian L. Canzoneri**

(See above for address)
*TERMINATED: 02/18/2022*

**Edward Susolik**
(See above for address)
*TERMINATED: 03/30/2021*

**Plaintiff**

**Kool Living Inc**                          represented by   **Damon D Eisenbrey**
*a California corporation*                                    (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel J Callahan**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Richard T Collins**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Adrian L. Canzoneri**
                                                             (See above for address)
                                                             *TERMINATED: 02/18/2022*

                                                             **Edward Susolik**
                                                             (See above for address)
                                                             *TERMINATED: 03/30/2021*

**Plaintiff**

**Pacific Palms Recovery LLC**              represented by   **Damon D Eisenbrey**
*a California limited liability company*                     (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel J Callahan**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Richard T Collins**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Adrian L. Canzoneri**
                                                             (See above for address)
                                                             *TERMINATED: 02/18/2022*

                                                             **Edward Susolik**
                                                             (See above for address)
                                                             *TERMINATED: 03/30/2021*

**Plaintiff**

**Addiction Health Alliance LLC**                    represented by   **Damon D Eisenbrey**
*a California limited liability company*                              (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Daniel J Callahan**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Richard T Collins**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Adrian L. Canzoneri**
                                                                     (See above for address)
                                                                     *TERMINATED: 02/18/2022*

                                                                     **Edward Susolik**
                                                                     (See above for address)
                                                                     *TERMINATED: 03/30/2021*

**Plaintiff**

**DR Recovery Encinitas LLC**                        represented by   **Damon D Eisenbrey**
*a California limited liability corporation*                         (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Daniel J Callahan**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Richard T Collins**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Adrian L. Canzoneri**
                                                                     (See above for address)
                                                                     *TERMINATED: 02/18/2022*

                                                                     **Edward Susolik**
                                                                     (See above for address)
                                                                     *TERMINATED: 03/30/2021*

**Plaintiff**

**Inland Detox Inc**                                 represented by   **Damon D Eisenbrey**
*a California corporation*                                           (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Daniel J Callahan**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*

CM/ECF - California Central District

*ATTORNEY TO BE NOTICED*

**Richard T Collins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adrian L. Canzoneri**
(See above for address)
*TERMINATED: 02/18/2022*

**Edward Susolik**
(See above for address)
*TERMINATED: 03/30/2021*

**Plaintiff**

**12 South LLC**                        represented by    **Damon D Eisenbrey**
*a California limited liability company*                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Daniel J Callahan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard T Collins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Adrian L. Canzoneri**
                                                          (See above for address)
                                                          *TERMINATED: 02/18/2022*

                                                          **Edward Susolik**
                                                          (See above for address)
                                                          *TERMINATED: 03/30/2021*

**Plaintiff**

**NTR Resources LLC**                   represented by    **Damon D Eisenbrey**
*a California limited liability company*                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Daniel J Callahan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard T Collins**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Adrian L. Canzoneri**

(See above for address)
*TERMINATED: 02/18/2022*

**Edward Susolik**
(See above for address)
*TERMINATED: 03/30/2021*

V.

**Defendant**

**Anthem Blue Cross Life and Health**          represented by    **Amir Shlesinger**
**Insurance Company**                                            Reed Smith LLP
*a California corporation*                                       355 South Grand Avenue Suite 2900
                                                                 Los Angeles, CA 90071-1514
                                                                 213-457-8000
                                                                 Fax: 213-457-8080
                                                                 Email: ashlesinger@reedsmith.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kenneth N Smersfelt**
                                                                 Reed Smith LLP
                                                                 355 South Grand Avenue Suite 2900
                                                                 Los Angeles, CA 90071-1514
                                                                 213-457-8000
                                                                 Fax: 213-457-8080
                                                                 Email: ksmersfelt@reedsmith.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Avraham E Aizenman**
                                                                 Reed Smith LLP
                                                                 355 South Grand Avenue Suite 2900
                                                                 Los Angeles, CA 90071
                                                                 213-457-8315
                                                                 Email: eaizenman@reedsmith.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jarrad Lucian Wood**
                                                                 Reed Smith LLP
                                                                 355 South Grand Avenue Suite 2800
                                                                 Los Angeles, CA 90071-1514
                                                                 213-457-8000
                                                                 Fax: 213-457-8080
                                                                 Email: jlwood@reedsmith.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Jonathan Daniel Gershon**
                                                                 Larson LLP
                                                                 555 South Flower Street Suite 4400
                                                                 Los Angeles, CA 90071
                                                                 213-545-0096
                                                                 Fax: 213-623-2000
                                                                 Email: jgershon@larsonllp.com
                                                                 *TERMINATED: 03/30/2021*

**Lorenzo E Gasparetti**
Reed Smith LLP
355 South Grand Avenue Suite 2900
Los Angeles, CA 90071-1514
213-457-8038
Fax: 213-457-8080
Email: lgasparetti@reedsmith.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem Inc.**                     represented by   **Amir Shlesinger**
*an Indiana corporation*                             (See above for address)
*doing business as*                                  *LEAD ATTORNEY*
Anthem Health, Inc.                                  *ATTORNEY TO BE NOTICED*

                                                     **Kenneth N Smersfelt**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Avraham E Aizenman**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jarrad Lucian Wood**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jonathan Daniel Gershon**
                                                     (See above for address)
                                                     *TERMINATED: 03/30/2021*

                                                     **Lorenzo E Gasparetti**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**The Anthem Companies of California**   represented by   **Amir Shlesinger**
*a California corporation*                               (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kenneth N Smersfelt**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Avraham E Aizenman**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jarrad Lucian Wood**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan Daniel Gershon**

CM/ECF - California Central District

(See above for address)
*TERMINATED: 03/30/2021*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Anthem Companies, Inc.**                    represented by **Amir Shlesinger**
*an Indiana corporation, doing business in*                    (See above for address)
*Wisconsin*                                                     *LEAD ATTORNEY*
*doing business as*                                             *ATTORNEY TO BE NOTICED*
Blue Cross and Blue Shield of Wisconsin

                                                               **Kenneth N Smersfelt**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Avraham E Aizenman**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jarrad Lucian Wood**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jonathan Daniel Gershon**
                                                               (See above for address)
                                                               *TERMINATED: 03/30/2021*

                                                               **Lorenzo E Gasparetti**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem Insurance Companies, Inc.**              represented by **Amir Shlesinger**
*an Indiana corporation, doing business in*                    (See above for address)
*Indiana as ANTHEM BLUE CROSS AND*                             *LEAD ATTORNEY*
*BLUE SHIELD OF INDIANA;*                                      *ATTORNEY TO BE NOTICED*

                                                               **Kenneth N Smersfelt**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Avraham E Aizenman**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jarrad Lucian Wood**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jonathan Daniel Gershon**
                                                               (See above for address)
                                                               *TERMINATED: 03/30/2021*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viant, Inc.**
*a Nevada corporation*

represented by **Errol J. King , Jr.**
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
225-346-0285
Fax: 225-381-9197
Email: errol.king@phelps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jenifer C. Wallis**
Munck Wilson Mandala LLP
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
310-286-0377
Fax: 972-628-3616
Email: jwallis@munckwilson.com
*ATTORNEY TO BE NOTICED*

**Katherine C. Mannino**
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
225-376-7960
Fax: 225-381-9197
Email: katie.mannino@phelps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor J. Crousillac**
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
225-346-0285
Fax: 225-381-9197
Email: taylor.crousillac@phelps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Multiplan, Inc.**
*a New York corporation*

represented by **Errol J. King , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jenifer C. Wallis**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Katherine C. Mannino**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor J. Crousillac**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HealthRisk Resource Group, Inc.**
*an Iowa corporation*
*TERMINATED: 02/05/2020*

**Defendant**

**DOES**
*1 through 25, inclusive*

**Defendant**

**Blue Cross of California**                    represented by   **Amir Shlesinger**
*a California corporation*                                      Reed Smith LLP
                                                                355 South Grand Avenue Suite 2900
                                                                Los Angeles, CA 90071-1514
                                                                213-457-8000
                                                                Fax: 213-457-8080
                                                                Email: ashlesinger@reedsmith.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Avraham E Aizenman**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Jarrad Lucian Wood**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Jonathan Daniel Gershon**
                                                                (See above for address)
                                                                *TERMINATED: 03/30/2021*

                                                                **Kenneth N Smersfelt**
                                                                Reed Smith LLP
                                                                355 South Grand Avenue Suite 2900
                                                                Los Angeles, CA 90071-1514
                                                                213-457-8000
                                                                Fax: 213-457-8080
                                                                Email: ksmersfelt@reedsmith.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Lorenzo E Gasparetti**
                                                                Reed Smith LLP
                                                                355 South Grand Avenue Suite 2900
                                                                Los Angeles, CA 90071-1514

213-457-8000
Fax: 213-457-8080
Email: lgasparetti@reedsmith.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Alabama**          represented by   **Amir Shlesinger**
*an Alabama corporation*                                            (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Avraham E Aizenman**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jarrad Lucian Wood**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jonathan Daniel Gershon**
                                                                    (See above for address)
                                                                    *TERMINATED: 03/30/2021*

                                                                    **Kenneth N Smersfelt**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Lorenzo E Gasparetti**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Arizona Inc**      represented by   **Amir Shlesinger**
*an Arizona corporation*                                            (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Avraham E Aizenman**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jarrad Lucian Wood**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Kenneth N Smersfelt**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Lorenzo E Gasparetti**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**USAble Mutual Insurance Company**                represented by   **William E von Behren**
*an Arkansas corporation doing business in*                         Von Behren and Hunter LLP
*Arkansas as ARKANSAS BLUE CROSS AND*                               2041 Rosecrans Avenue Suite 367
*BLUE SHIELD;*                                                      El Segundo, CA 90245

CM/ECF - California Central District

310-607-9111
Fax: 310-615-3006
Email: Bvonbehren@vbhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem Health Plans Inc**
*a Connecticut corporation, doing business in*
*Connecticut as ANTHEM BLUE CROSS AND*
*BLUE SHIELD OF CONNECTICUT*

**Defendant**

**Blue Shield of Florida Inc**
*a Florida corporation*

**Defendant**

**Blue Cross and Blue Shield of Georgia Inc**          represented by **Amir Shlesinger**
*a Georgia corporation*                                 (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Avraham E Aizenman**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jarrad Lucian Wood**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan Daniel Gershon**
                                                        (See above for address)
                                                        *TERMINATED: 03/30/2021*

                                                        **Kenneth N Smersfelt**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lorenzo E Gasparetti**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Health Care Service Corporation**                     represented by **Amir Shlesinger**
*an Illinois corporation, doing business in*            (See above for address)
*Illinois as BLUE CROSS BLUE SHIELD OF*                 *ATTORNEY TO BE NOTICED*
*ILLINOIS IN Oklahoma as BLUE CROSS*
*AND BLUE SHIELD OF OKLAHOMA and in*                     **Avraham E Aizenman**
*Texas as BLUE CROSS AND BLUE SHEILD*                    (See above for address)
*OF TEXAS;*                                              *ATTORNEY TO BE NOTICED*

                                                        **Jarrad Lucian Wood**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jonathan Daniel Gershon**
                                                        (See above for address)

*TERMINATED: 03/30/2021*

**Kenneth N Smersfelt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Kansas City Inc**
*a Missouri corporation*

represented by **Amir Shlesinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrad Lucian Wood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Daniel Gershon**
(See above for address)
*TERMINATED: 03/30/2021*

**Kenneth N Smersfelt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthem Health Plans of Kentucky Inc**
*a Kentucky corporation, doing business in Kentucky as BLUE CROSS BLUE SHIELD OF KENTUCKY;*

**Defendant**

**HMO Louisiana Inc**
*doing business in Louisiana as BLUE CROSS AND BLUE SHIELD OF LOUISIANA;*

**Defendant**

**Blue Cross and Blue Shield of Massachusetts Inc**
*a Massachusetts corporation;*

represented by **Carol B Lewis**
Von Behren and Hunter LLP
2041 Rosecrans Avenue Suite 367
El Segundo, CA 90245
310-607-9111
Fax: 310-615-3006
Email: clewis@vbhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BCBSM Inc**                              represented by  **Carol B Lewis**
*a Minnesota corporation, doing business in*                (See above for address)
*Minnesota as BLUE CROSS AND BLUE*                          *LEAD ATTORNEY*
*SHIELD OF MINNESOTA, INC.;*                                *ATTORNEY TO BE NOTICED*

                                                           **William E von Behren**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**HMO Missouri Inc**
*a Missouri corporation, doing business in*
*Missouri as ANTHEM BLUE CROSS AND*
*BLUE SHIELD OF MISSOURI*

**Defendant**

**Blue Cross and Blue Shield of Nebraska Inc**  represented by  **Amir Shlesinger**
*Nebraska corporation;*                                     (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Avraham E Aizenman**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jarrad Lucian Wood**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kenneth N Smersfelt**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Lorenzo E Gasparetti**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of North**   represented by  **Carol B Lewis**
**Carolina**                                               (See above for address)
*a North Carolina corporation;*                            *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **William E von Behren**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Community Insurance Company**
*an Ohio corporation, doing business in Ohio*
*as ANTHEM BLUE CROSS AND BLUE*
*SHIELD OF OHIO;*

<u>Defendant</u>

**Blue Cross and Blue Shield of South**                    represented by   **Carol B Lewis**
**Carolina**                                                                                        (See above for address)
*a South Carolina corporation;*                                                      *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

                                                                                                         **William E von Behren**
                                                                                                         (See above for address)
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Blue Cross and Blue Shield of Rhode Island**      represented by   **Carol B Lewis**
*a Rhode Island corporation;*                                                      (See above for address)
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

                                                                                                         **William E von Behren**
                                                                                                         (See above for address)
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Blue Cross Blue Shield of Tennessee Inc**           represented by   **Carol B Lewis**
*a Tennessee corporation;*                                                           (See above for address)
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

                                                                                                         **William E von Behren**
                                                                                                         (See above for address)
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Anthem Health Plans of Virginia Inc**
*a Virginia corporation, doing business in*
*Virginia as ANTHEM BLUE CROSS AND*
*BLUE SHIELD OF VIRGINIA, INC.*

<u>Defendant</u>

**Capital Blue Cross**                                            represented by   **Michael A Naranjo**
*Pennsylvania corporation;*                                                          Foley and Lardner LLP
                                                                                                         555 California Street Suite 1700
                                                                                                         San Francisco, CA 94104
                                                                                                         415-434-4484
                                                                                                         Fax: 415-434-4507
                                                                                                         Email: mnaranjo@foley.com
                                                                                                         *LEAD ATTORNEY*
                                                                                                         *ATTORNEY TO BE NOTICED*

                                                                                                         **Jason Yon-Wai Wu**

Foley and Lardner LLP
555 California Street Suite 1700
San Francisco, CA 94104-1520
415-434-4484
Fax: 415-434-4507
Email: jwu@foley.com
*ATTORNEY TO BE NOTICED*

**Kimberly Ann Klinsport**
Foley and Lardner LLP
555 South Flower Street Suite 3300
Los Angeles, CA 90071-2418
213-972-4741
Fax: 213-486-0065
Email: kklinsport@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carefirst Bluechoice Inc**
*a District of Columbia corporation;*

represented by **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carefirst of Maryland Inc**
*a Maryland corporation, doing business in Maryland as CAREFIRST BLUE CROSS BLUE SHIELD;*

represented by **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Empire HealthChoice Assurance Inc**
*a New York corporation doing business in New York as EMPIRE BLUE CROSS BLUE SHIELD;*

**Defendant**

**Excellus Health Plan Inc**
*a New York corporation, doing business in New York as EXCELLUS BLUE CROSS BLUE SHIELD;*

represented by **Jason Yon-Wai Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly Ann Klinsport**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Naranjo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HealthKeepers Inc**                    represented by   **Amir Shlesinger**
*a Virginia corporation;*                                (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrad Lucian Wood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Daniel Gershon**
(See above for address)
*TERMINATED: 03/30/2021*

**Kenneth N Smersfelt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Healthy Alliance Life Insurance Company**    represented by   **Amir Shlesinger**
*a Missouri corporation;*                                       (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrad Lucian Wood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Daniel Gershon**
(See above for address)
*TERMINATED: 03/30/2021*

**Kenneth N Smersfelt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Highmark Blue Cross Blue Shield**
*a Pennsylvania corporation, doing business in*
*Pennsylvania as BLUE CROSS BLUE*
*SHIELD OF WESTERN PENNSYLVANIA;*

represented by **Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Highmark Blue Shield**
*Pennsylvania corporation, doing business in*
*Pennsylvania as PENNSYLVANIA BLUE*
*SHIELD;*

represented by **Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Independence Hospital Indemnity Plan Inc**
*a Pennsylvania corporation*
*formerly known as*
Independence Blue Cross

represented by **Jason Yon-Wai Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly Ann Klinsport**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Naranjo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Premera Blue Cross**
*a Washington corporation;*

represented by **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Regence Blue Cross Blue Shield of Oregon**
*an Oregon corporation, doing business in*
*Oregon as BLUE CROSS BLUE SHIELD OF*
*OREGON*

represented by **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Regence Blue Shield**
*a Washington corporation;*

**Defendant**

**Rocky Mountain Hospital and Medical**
**Service Inc**

represented by **Amir Shlesinger**
(See above for address)

*a Colorado corporation, doing business in Colorado as ANTHEM BLUE CROSS AND BLUE SHIELD OF COLORADO;*

*ATTORNEY TO BE NOTICED*

**Avraham E Aizenman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrad Lucian Wood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Daniel Gershon**
(See above for address)
*TERMINATED: 03/30/2021*

**Kenneth N Smersfelt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lorenzo E Gasparetti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield Association**
*an Illinois corporation, inclusive*

represented by **Anne I. Salomon**
Kirkland and Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: anne.salomon@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel E. Laytin**
Kirkland and Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2198
Fax: 312-862-2200
Email: daniel.laytin@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Shipley**
Kirkland and Ellis LLP
555 South Flower Street Suite 3700
Los Angeles, CA 90071
213-680-8222
Fax: 213-808-8164
Email: michael.shipley@kirkland.com
*ATTORNEY TO BE NOTICED*

**Zachary D. Holmstead**
Kirkland and Ellis LLP
300 North Lasalle
Chicago, IL 60654
312-862-2392

CM/ECF - California Central District

Fax: 312-862-2200
Email: zachary.holmstead@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross and Blue Shield of Florida, Inc.**          represented by   **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Cross Blue Shield of Minnesota**          represented by   **William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carol B Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Louisiana Health Service & Indemnity
Company**          represented by   **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Regence BlueShield of Washington**          represented by   **Carol B Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E von Behren**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Special Master**

**Stephen G. Larson**          represented by   **Stephen G. Larson**
Larson LLP
555 South Flower Street Suite 4400
Los Angeles, CA 90071
213-436-4888
Email: slarson@larsonobrienlaw.com
PRO SE

CM/ECF - California Central District

**Adrian L. Canzoneri**
(See above for address)
*TERMINATED: 02/18/2022*

**Damon D Eisenbrey**
Callahan and Blaine APLC
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707
714-241-4444
Fax: 714-241-4445
Email: deisenbrey@callahan-law.com
*ATTORNEY TO BE NOTICED*

**Richard T Collins**
Callahan and Blaine APLC
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707
714-241-4444
Fax: 714-241-4445
Email: rcollins@callahan-law.com
*ATTORNEY TO BE NOTICED*

V.

**Creditor**

**Ken Ito WELLS FARGO BANK,
NATIONAL ASSOCIATION, c/o Hemar
Rousso Heald LLP**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2020 | 1 | NOTICE OF REMOVAL from Superior Court of the State of California, County of Orange, case number. 30-2019-01116397-CU-BC-CJC Receipt No: 0973-25146928 - Fee: $400, filed by Defendants Anthem Insurance Companies, Inc., Anthem Inc. dba Anthem Health, Inc., Anthem Blue Cross Life and Health Insurance Company, The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - State Court File) (Attorney Lorenzo E Gasparetti added to party Anthem Blue Cross Life and Health Insurance Company(pty:dft), Attorney Lorenzo E Gasparetti added to party Anthem Inc. dba Anthem Health, Inc.(pty:dft), Attorney Lorenzo E Gasparetti added to party Anthem Insurance Companies, Inc.(pty:dft), Attorney Lorenzo E Gasparetti added to party The Anthem Companies of California(pty:dft), Attorney Lorenzo E Gasparetti added to party The Anthem Companies, Inc.(pty:dft))(Gasparetti, Lorenzo) (Entered: 01/17/2020) |
| 01/17/2020 | 2 | CIVIL COVER SHEET filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc. dba Anthem Health, Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc.. (Gasparetti, Lorenzo) (Entered: 01/17/2020) |
| 01/17/2020 | 3 | CERTIFICATE of Interested Parties filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc. dba Anthem Health, Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc., (Gasparetti, Lorenzo) (Entered: 01/17/2020) |
| 01/17/2020 | 4 | NOTICE of Related Case(s) filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc. dba Anthem Health, Inc., Anthem Insurance Companies, Inc., The |

CM/ECF - California Central District

| | | |
|---|---|---|
| | | Anthem Companies of California, The Anthem Companies, Inc.. (Gasparetti, Lorenzo) (Entered: 01/17/2020) |
| 01/17/2020 | 5 | PROOF OF SERVICE filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc. dba Anthem Health, Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc., re Notice of Related Case(s), 4 , Certificate/Notice of Interested Parties, 3 , Notice of Removal (Attorney Civil Case Opening),,, 1 , Civil Cover Sheet (CV-71) 2 served on 01/17/2020. (Gasparetti, Lorenzo) (Entered: 01/17/2020) |
| 01/17/2020 | | CONFORMED COPY OF COMPLAINT filed by Plaintiff Women's Recovery Center, LLC in Orange County Superior Court on 12/5/2019, attached as Exhibit A. (jtil) (Entered: 01/22/2020) |
| 01/22/2020 | 6 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Autumn D. Spaeth. (jtil) (Entered: 01/22/2020) |
| 01/22/2020 | 7 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 01/22/2020) |
| 01/23/2020 | 8 | STIPULATION Extending Time to Answer the complaint as to Anthem Insurance Companies, Inc. answer now due 2/21/2020; Anthem Inc. answer now due 2/21/2020; Anthem Blue Cross Life and Health Insurance Company answer now due 2/21/2020; The Anthem Companies of California answer now due 2/21/2020; The Anthem Companies, Inc. answer now due 2/21/2020, filed by Defendants Anthem Insurance Companies, Inc.; Anthem Inc.; Anthem Blue Cross Life and Health Insurance Company; The Anthem Companies of California; The Anthem Companies, Inc..(Gasparetti, Lorenzo) (Entered: 01/23/2020) |
| 01/23/2020 | 9 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER upon filing of the complaint by Judge David O. Carter. (kd) (Entered: 01/23/2020) |
| 02/05/2020 | 10 | NOTICE OF DISMISSAL filed by plaintiff Women's Recovery Center, LLC pursuant to FRCP 41a(1) as to HealthRisk Resource Group, Inc.. (Eisenbrey, Damon) (Entered: 02/05/2020) |
| 02/10/2020 | 11 | STIPULATION for Extension of Time to File Answer to 03/23/20 filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # 1 Proposed Order)(Gasparetti, Lorenzo) (Entered: 02/10/2020) |
| 02/12/2020 | 12 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: The Stipulations to Extend Time to File Answer to 3/23/20 are GRANTED by the Court 11 . ( Status Conference set for 3/2/2020 at 08:30 AM before Judge David O. Carter.) (twdb) (Entered: 02/12/2020) |
| 02/19/2020 | 13 | Joint REQUEST for Protective Order for production of confidential, proprietary, or private information filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc.. (Gasparetti, Lorenzo) (Entered: 02/19/2020) |
| 02/21/2020 | 14 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Autumn D. Spaeth granting 13 Request for Protective Order. (kh) (Entered: 02/21/2020) |
| 03/02/2020 | 15 | MINUTES of Status Conference held before Judge David O. Carter: The Court orders the above listed cases to be consolidated with SACV20-102 DOC(ADSx): Women's Recovery Center, LLC v. Anthem Blue Cross Life and Health Insurance Co. et al. All future filings shall be filed only under the low number case, SACV20-102 DOC(ADSx). SEE DOCUMENT FOR FURTHER INFORMATION. Court Reporter: CourtSmart. (twdb) (Entered: 03/04/2020) |
| 03/04/2020 | 16 | ORDER SETTING SCHEDULING CONFERENCE By Judge David O. Carter. Scheduling Conference set for 4/27/2020 at 08:30 AM before Judge David O. Carter. (kd) Modified on 3/7/2020 (kd). (Entered: 03/04/2020) |
| 03/10/2020 | 17 | NOTICE of Interested Parties filed by Defendants Multiplan, Inc., Viant, Inc., (Attorney Jenifer |

CM/ECF - California Central District

|  |  |  |
|---|---|---|
|  |  | C Wallis added to party Multiplan, Inc.(pty:dft), Attorney Jenifer C Wallis added to party Viant, Inc. (pty:dft))(Wallis, Jenifer) (Entered: 03/10/2020) |
| 03/17/2020 | 18 | REQUEST of Non-Resident Attorney Errol J. King to Appear Pro Hac Vice on behalf of Defendants Multiplan, Inc., Viant, Inc. (Pro Hac Vice Fee - $400 Fee Paid, Receipt No. ACACDC-25765232) filed by Defendants Multiplan, Inc., Viant, Inc.. (Attachments: # 1 Proposed Order) (Wallis, Jenifer) (Entered: 03/17/2020) |
| 03/18/2020 | 19 | ORDER by Judge David O. Carter: Granting 18 Non-Resident Attorney Errol J. King APPLICATION to Appear Pro Hac Vice on behalf of Viant, Inc., MultiPlan, Inc., Defendants, designating Jenifer C. Wallis as local counsel. (twdb) (Entered: 03/19/2020) |
| 03/31/2020 | 20 | Joint REQUEST for Protective Order for for Protective Order for production of confidential, proprietary or private information filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc.. (Gasparetti, Lorenzo) (Entered: 03/31/2020) |
| 04/01/2020 | 21 | AMENDED PROTECTIVE ORDER by Magistrate Judge Autumn D. Spaeth: granting 20 Request for Protective Order. (see document for details) (hr) (Entered: 04/01/2020) |
| 04/06/2020 | 22 | TRANSCRIPT ORDER as to plaintiffs Women's Recovery Center, LLC for Court Smart (CS). Court will contact Jeannie Kirwin at jkirwin@callahan-law.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Eisenbud, Damon) (Entered: 04/06/2020) |
| 04/08/2020 | 23 | TRANSCRIPT ORDER as to Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc. for Court Smart (CS). Court will contact Mary Hong at mhong@reedsmith.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Gasparetti, Lorenzo) (Entered: 04/08/2020) |
| 04/13/2020 | 24 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 10 days, filed by Plaintiff Women's Recovery Center, LLC.. (Attachments: # 1 Exhibit A - Email correspondence) (Collins, Richard) (Entered: 04/13/2020) |
| 04/20/2020 | 25 | SCHEDULING NOTICE by Judge David O. Carter. The telephonic Scheduling Conference 16 is continued to 10:15 a.m. on April 27, 2020. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/20/2020) |
| 04/27/2020 | 26 | MINUTES OF Scheduling Conference (Not held; Continued) before Judge David O. Carter. Telephone Scheduling Conference continued to 5/4/2020 at 09:30 AM before Judge David O. Carter. The Court appoints the Hon. Stephen G. Larson (retired), as Special Master. SEE DOCUMENT FOR FURTHER INFORMATION. Court Reporter: Deborah Parker. (twdb) (Entered: 04/27/2020) |
| 04/27/2020 | 27 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER RE: APPOINTMENT OF SPECIAL MASTER. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/28/2020) |
| 04/29/2020 | 28 | SCHEDULING NOTICE by Judge David O. Carter. The telephonic Scheduling Conference is set for 5/4/2020 at 8:45 AM. Counsel shall take notice of the new time. Call-in information has been emailed to the parties. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/29/2020) |
| 04/29/2020 | 29 | **AMENDED** SCHEDULING NOTICE by Judge David O. Carter. The telephonic Scheduling Conference is set for 5/4/2020 at 11:00 AM. Counsel shall take notice of the new time. Call-in information has been emailed to the parties. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/29/2020) |
| 04/30/2020 | 30 | AFFIDAVIT by affiant: Special Master *Affidavit Pursuant to Federal Rule of Civil Procedure 53(a)(2)* filed by Special Master Stephen G Larson (Larson, Stephen) (Entered: 04/30/2020) |

| 04/30/2020 | 31 | SPECIAL MASTER'S STANDING ORDER filed by Special Master Stephen G Larson (Larson, Stephen) (Entered: 04/30/2020) |
|---|---|---|
| 04/30/2020 | 32 | SPECIAL MASTER'S STANDING ORDER by Judge David O. Carter, RE: 31 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/30/2020) |
| 05/01/2020 | 33 | CONSOLIDATED COMPLAINT *AMENDED* related to: Complaint - (Discovery) ; JURY DEMAND, filed by plaintiffs Women's Recovery Center, LLC(Eisenbrey, Damon) (Entered: 05/01/2020) |
| 05/03/2020 | 34 | SCHEDULING NOTICE by Judge David O. Carter: After speaking with Special Master Larson, the Court RESETS the hearing on Monday May 4, 2020 to Wednesday June 3, 2020 at 8:30 AM. Scheduling Conference continued to 6/3/2020 at 8:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 05/03/2020) |
| 05/04/2020 | 35 | TRANSCRIPT ORDER as to Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., The Anthem Companies of California, The Anthem Companies, Inc. for Court Smart (CS). Court will contact Mary Hong at mhong@reedsmith.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Gasparetti, Lorenzo) (Entered: 05/04/2020) |
| 05/04/2020 | 36 | Request for Clerk to Issue Summons on Consolidated Complaint 33 filed by plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. (Eisenbrey, Damon) (Entered: 05/04/2020) |
| 05/05/2020 | 37 | 21 DAY Summons Issued re Consolidated First Amended Complaint 33 as to defendant Blue Cross of California. (twdb) (Entered: 05/05/2020) |
| 05/19/2020 | 38 | TRANSCRIPT for proceedings held on 04/27/2020, 10:10 a.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/9/2020. Redacted Transcript Deadline set for 6/19/2020. Release of Transcript Restriction set for 8/17/2020. (dpa) (Entered: 05/20/2020) |
| 05/27/2020 | 39 | Special Master's Report & Recommendation No. 1 filed by Special Master Stephen G Larson (Larson, Stephen) (Entered: 05/27/2020) |
| 05/28/2020 | 40 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER RE: SCHEDULING CONFERENCE AND RESPONSIVE PLEADING DEADLINE. The Court CONTINUES the scheduling conference and adopts the entirety of the report and recommendation. The Court further EXTENDS Defendants' deadline for a responsive pleading to August 3, 2020. re: 39 . ( Scheduling Conference continued to 7/6/2020 at 08:30 AM before Judge David O. Carter.) (twdb) (Entered: 05/28/2020) |
| 06/03/2020 | 41 | [DOCUMENT STRICKEN PURSUANT TO COURT ORDER #42] NOTICE OF MOTION AND MOTION to Dismiss Case *MOTION TO DISMISS CONSOLIDATED FIRST AMENDED COMPLAINT* filed by Defendants Multiplan, Inc., Viant, Inc.. Motion set for hearing on 7/27/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration of Errol King, # 2 Proposed Order Granting Motion to Dismiss) (Wallis, Jenifer) Modified on 6/4/2020 (twdb). (Entered: 06/03/2020) |
| 06/03/2020 | 42 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Striking 41 MOTION to Dismiss. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 06/04/2020) |
| 06/29/2020 | 43 | SCHEDULING NOTICE by Judge David O. Carter. The Court hereby continues the in-person |

| | | |
|---|---|---|
| | | Scheduling Conference to JULY 7, 2020, at 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 06/29/2020) |
| 06/30/2020 | 44 | Special Master's Report & Recommendation No. 2 filed by Special Master Stephen G Larson (Attachments: # 1 Exhibit A)(Larson, Stephen) (Entered: 06/30/2020) |
| 07/01/2020 | 45 | ORDER re: SPECIAL MASTER'S REPORT AND RECOMMENDATION NO. 2 by Judge David O. Carter 44 . SEE DOCUMENT FOR FURTHER INFORMATION. ( Scheduling Conference continued to 8/3/2020 at 08:30 AM before Judge David O. Carter.) (twdb) (Entered: 07/01/2020) |
| 07/30/2020 | 46 | Special Master's Report & Recommendation No. 3 filed by Special Master Stephen G Larson (Attachments: # 1 Exhibit A)(Larson, Stephen) (Entered: 07/30/2020) |
| 07/30/2020 | 47 | ORDER re: SPECIAL MASTER'S REPORT AND RECOMMENDATION NO. 3 by Judge David O. Carter. Scheduling Conference continued to 9/9/20 at 8:30 am (ECF. NO. 45 . Revised Joint Rule 26(F) Report due 8/24/20. Plaintiff shall file the second amended consolidated complaint on 8/24/20. Responsive pleading deadline shall be 11/24/20. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 07/30/2020) |
| 08/24/2020 | 48 | JOINT REPORT Rule 26(f) Discovery Plan *Revised* ; estimated length of trial 10 days, filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G Larson.. (Attachments: # 1 Exhibit A Newly Added Out of State Defendants)(Collins, Richard) (Entered: 08/24/2020) |
| 08/24/2020 | 49 | SECOND AMENDED COMPLAINT against Defendants All Defendants amending Consolidated Complaint 33 , filed by plaintiff MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Women's Recovery Center, LLC, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, Addiction Health Alliance LLC, NTR Resources LLC, Stephen G Larson, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC(Attorney Richard T Collins added to party Stephen G Larson(pty:sm))(Collins, Richard) (Entered: 08/24/2020) |
| 09/06/2020 | 50 | SCHEDULING NOTICE by Judge David O. Carter. The Court continues the Scheduling Conference to 2:00 p.m. on SEPTEMBER 9, 2020. The Court will meet with the parties at the courthouse doors.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 09/06/2020) |
| 09/08/2020 | 51 | *Request for Counsel to Appear Via Telephone for Scheduling Conference* (King, Errol) (Entered: 09/08/2020) |
| 09/08/2020 | 52 | SCHEDULING NOTICE by Judge David O. Carter. The Court GRANTS out-of-state counsel Errol King's Request for Counsel to Appear Via Telephone for Scheduling Conference. Counsel shall call-in via his local counsel, who must appear in person. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 09/08/2020) |
| 09/09/2020 | 53 | Request for Clerk to Issue Summons on Amended Complaint/Petition,, 49 filed by plaintiff 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Summons, # 20 Summons, # 21 Summons, # 22 Summons, # 23 Summons, # 24 Summons, # 25 Summons, # 26 Summons, # 27 Summons, # 28 Summons, # 29 Summons, # 30 Summons, # 31 |

| | | Summons, # 32 Summons, # 33 Summons, # 34 Summons)(Eisenbrey, Damon) (Entered: 09/09/2020) |
|---|---|---|
| 09/09/2020 | 54 | MINUTES OF Scheduling Conference held and completed before Judge David O. Carter. Court and counsel confer outside the presence of the court reporter. Counsel to file a stipulation with proposed dates and briefing schedule on or before September 16, 2020. Court Reporter: not present. (lc) (Entered: 09/10/2020) |
| 09/10/2020 | 55 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield Association. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 56 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Anthem Health Plans Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 57 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Florida Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 58 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Kansas City Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 59 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Anthem Health Plans of Kentucky Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 60 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant HMO Louisiana Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 61 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Nebraska Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 62 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of North Carolina. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 63 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Alabama. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 64 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant USAble Mutual Insurance Company. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 65 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Arizona Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 66 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Massachusetts Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 67 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Rhode Island. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 68 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant BCBSM Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 69 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Capital Blue Cross. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 70 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Anthem Health Plans of Virginia Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 71 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross Blue Shield of Tennessee Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 72 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Rocky Mountain Hospital and Medical Service Inc. (iv) (Entered: 09/10/2020) |
| 09/10/2020 | 73 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of South Carolina. (iv) (Entered: 09/11/2020) |

| 09/10/2020 | 74 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Carefirst Bluechoice Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 75 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Regence Blue Shield. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 76 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Premera Blue Cross. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 77 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Independence Hospital Indemnity Plan Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 78 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Regence Blue Cross Blue Shield of Oregon. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 79 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Blue Cross and Blue Shield of Florida Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 80 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Carefirst of Maryland Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 81 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Community Insurance Company. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 82 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Empire HealthChoice Assurance Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 83 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant HMO Missouri Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 84 | 21 DAY Summons Issued re Second Amended Complaint/Petition,, 49 as to defendant Highmark Blue Shield. (twdb) (Entered: 09/11/2020) |
| 09/10/2020 | 85 | 21 DAY Summons Issued re Second Amended Complaint/Petition, 49 as to defendant Highmark Blue Cross Blue Shield a Pennsylvania corporation, doingbusiness in Pennsylvania as BLUE CROSS BLUE SHIELD OF WESTERN. (twdb) (Entered: 09/11/2020) |
| 09/10/2020 | 86 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Excellus Health Plan Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 87 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Healthy Alliance Life Insurance Company. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 88 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant HealthKeepers Inc. (iv) (Entered: 09/11/2020) |
| 09/10/2020 | 89 | 21 DAY Summons Issued re Amended Complaint/Petition 49 as to Defendant Health Care Service Corporation. (iv) (Entered: 09/11/2020) |
| 09/16/2020 | 90 | STIPULATION for Review of Briefing Schedule and Related Dates re Scheduling Conference - optional html form, 54 filed by Viant, Inc. and MultiPlan, Inc. filed by Defendants Viant, Inc.. (King, Errol) (Entered: 09/16/2020) |
| 09/16/2020 | 91 | [PROPOSED ORDER, filed as] STIPULATION for Order Granting Stipulation Regarding Briefing Schedule and Related Dates (Rec Doc 90) filed by Viant, Inc. and MultiPlan, Inc. filed by Defendants Viant, Inc..(King, Errol) Modified on 9/17/2020 (twdb). (Entered: 09/16/2020) |
| 09/18/2020 | 92 | ORDER GRANTING STIPULATION REGARDING BRIEFING SCHEDULE AND RELATED DATES (SEE APPLICABLE DEADLINES AS SPECIFIED PER ATTACHED APPENDIX SCHEDULE THEREIN) 90 by Judge David O. Carter (lc) (Entered: 09/21/2020) |
| 09/25/2020 | 93 | ORDER OF THE CHIEF JUDGE (#20-132) approved by Judge Philip S. Gutierrez. Pursuant to the recommended procedure adopted by the Court for the CREATION OF CALENDAR of Judge John W. Holcomb, this case is transferred from Judge David O. Carter to the calendar of |

|  |  | Judge John W. Holcomb for all further proceedings. The case number will now reflect the initials of the transferee Judge 8:20-cv-00102 JWH-ADSx. (rrp) (Entered: 09/30/2020) |
|---|---|---|
| 10/05/2020 | 94 | This action has been reassigned to the Honorable John W. Holcomb, United States District Judge. Judge Holcomb is located in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501. Additional information regarding Judge Holcomb's procedures and schedules is available on the court's website at www.cacd.uscourts.gov. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (iva) TEXT ONLY ENTRY (Entered: 10/05/2020) |
| 10/17/2020 | 95 | STANDING ORDER by Judge John W. Holcomb. (iva) (Entered: 10/17/2020) |
| 10/19/2020 | 96 | STIPULATION for Extension of Time to File Answer to 1/14/2021 re Amended Complaint/Petition,, 49 filed by Defendant Blue Cross and Blue Shield Association. (Attachments: # 1 Proposed Order)(Attorney Michael J Shipley added to party Blue Cross and Blue Shield Association(pty:dft))(Shipley, Michael) (Entered: 10/19/2020) |
| 10/20/2020 | 97 | ORDER EXTENDING DEFENDANT BLUE CROSS AND BLUE SHIELD ASSOCIATIONS TIME TO RESPOND TO SECOND AMENDED COMPLAINT by Judge John W. Holcomb. The parties having so stipulated, Defendant Blue Cross and Blue Shield Associations deadline to respond to Plaintiffs Second Amended Complaint (Dkt. No. 49) is hereby extended until January 14, 2021. IT IS SO ORDERED. (yl) (Entered: 10/21/2020) |
| 10/22/2020 | 98 | CORPORATE DISCLOSURE STATEMENT *Supplemental* filed by Defendant Multiplan, Inc. identifying MultiPlan Corporation as Corporate Parent. (King, Errol) (Entered: 10/22/2020) |
| 11/06/2020 | 99 | STIPULATION for Extension of Time to File Answer to 02/11/2021 re Amended Complaint/Petition,, 49 filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # 1 Proposed Order)(Attorney Lorenzo E Gasparetti added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Lorenzo E Gasparetti added to party Blue Cross of California(pty:dft), Attorney Lorenzo E Gasparetti added to party Health Care Service Corporation(pty:dft), Attorney Lorenzo E Gasparetti added to party HealthKeepers Inc(pty:dft), Attorney Lorenzo E Gasparetti added to party Healthy Alliance Life Insurance Company(pty:dft), Attorney Lorenzo E Gasparetti added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft))(Gasparetti, Lorenzo) (Entered: 11/06/2020) |
| 11/06/2020 | 100 | NOTICE of Appearance filed by attorney Jarrad Lucian Wood on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jarrad Lucian Wood added to party Anthem Blue Cross Life and Health Insurance Company(pty:dft), Attorney Jarrad Lucian Wood added to party Anthem Inc.(pty:dft), Attorney Jarrad Lucian Wood added to party Anthem Insurance Companies, Inc.(pty:dft), Attorney Jarrad Lucian Wood added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Jarrad Lucian Wood added to party Health Care Service Corporation(pty:dft), Attorney Jarrad Lucian Wood added to party HealthKeepers Inc(pty:dft), Attorney Jarrad Lucian Wood added to party Healthy Alliance Life Insurance Company(pty:dft), Attorney Jarrad Lucian Wood added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft), Attorney Jarrad Lucian Wood added to party The Anthem Companies of California(pty:dft), Attorney Jarrad Lucian Wood added to party The Anthem Companies, Inc.(pty:dft))(Wood, Jarrad) (Entered: 11/06/2020) |
| 11/09/2020 | 101 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO SECOND AMENDED COMPLAINT by Judge John W. Holcomb 99 Defendants' deadline to respond to the SAC, whether by answer, motion, or otherwise, is extended to February 11, 2021 with an |

|  |  |  |
|---|---|---|
|  |  | opposition deadline of March 11, 2021, and a reply deadline of April 5, 2021; and The previously ordered February 1, 2021 hearing date on the Defendants anticipated motion to dismiss is vacated. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 11/12/2020) |
| 11/23/2020 | 102 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross and Blue Shield of Florida, Inc. (Attorney William E von Behren added to party Blue Cross and Blue Shield of Florida, Inc.(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 103 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross and Blue Shield of Massachusetts Inc (Attorney William E von Behren added to party Blue Cross and Blue Shield of Massachusetts Inc(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 104 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross Blue Shield of Minnesota (Attorney William E von Behren added to party Blue Cross Blue Shield of Minnesota(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 105 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross and Blue Shield of North Carolina (Attorney William E von Behren added to party Blue Cross and Blue Shield of North Carolina(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 106 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross and Blue Shield of Rhode Island (Attorney William E von Behren added to party Blue Cross and Blue Shield of Rhode Island(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 107 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross and Blue Shield of South Carolina (Attorney William E von Behren added to party Blue Cross and Blue Shield of South Carolina(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 108 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Louisiana Health Service & Indemnity Company (Attorney William E von Behren added to party Louisiana Health Service & Indemnity Company(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 109 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Blue Cross Blue Shield of Tennessee Inc (Attorney William E von Behren added to party Blue Cross Blue Shield of Tennessee Inc(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 110 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendants Carefirst Bluechoice Inc, Carefirst of Maryland Inc (Attorney William E von Behren added to party Carefirst Bluechoice Inc(pty:dft), Attorney William E von Behren added to party Carefirst of Maryland Inc(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 111 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Premera Blue Cross (Attorney William E von Behren added to party Premera Blue Cross(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 112 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Regence BlueShield of Washington (Attorney William E von Behren added to party Regence BlueShield of Washington(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/23/2020 | 113 | NOTICE of Appearance filed by attorney William E von Behren on behalf of Defendant Regence Blue Cross Blue Shield of Oregon (Attorney William E von Behren added to party Regence Blue Cross Blue Shield of Oregon(pty:dft)) (von Behren, William) (Entered: 11/23/2020) |
| 11/27/2020 | 114 | APPLICATION of Non-Resident Attorney Zachary D. Holmstead to Appear Pro Hac Vice on behalf of Defendant Blue Cross and Blue Shield Association (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-29238474) filed by Defendant Blue Cross and Blue Shield Association. (Attachments: # 1 Proposed Order) (Shipley, Michael) (Entered: 11/27/2020) |

| 11/27/2020 | 115 | APPLICATION of Non-Resident Attorney Daniel E. Laytin to Appear Pro Hac Vice on behalf of Defendant Blue Cross and Blue Shield Association (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-29238655) filed by Defendant Blue Cross and Blue Shield Association. (Attachments: # 1 Proposed Order) (Shipley, Michael) (Entered: 11/27/2020) |
| --- | --- | --- |
| 12/02/2020 | 116 | ORDER by Judge John W. Holcomb: granting 115 Non-Resident Attorney Daniel E. Laytin APPLICATION to Appear Pro Hac Vice on behalf of Blue Cross Blue Shield Association, designating Micheal Shipley as local counsel. (yl) (Entered: 12/03/2020) |
| 12/02/2020 | 117 | ORDER by Judge John W. Holcomb: granting 114 Non-Resident Attorney Holmstead, Zachary D. APPLICATION to Appear Pro Hac Vice on behalf of Blue Cross Blue Shield Association, designating Michael Shipley as local counsel. (yl) (Entered: 12/03/2020) |
| 12/14/2020 | 118 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross and Blue Shield of Florida, Inc., identifying Blue Cross and Blue Shield of Florida, Inc.. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 119 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross and Blue Shield of North Carolina, identifying Blue Cross and Blue Shield of North Carolina. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 120 | CERTIFICATE of Interested Parties filed by Defendant Louisiana Health Service & Indemnity Company, identifying HMO LOUISIANA, INC.. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 121 | CERTIFICATE of Interested Parties filed by Defendant Regence Blue Cross Blue Shield of Oregon, identifying Regence BlueCross BlueShield of Oregon. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 122 | CERTIFICATE of Interested Parties filed by Defendant Regence BlueShield of Washington, identifying Regence BlueShield of Washington. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 123 | CERTIFICATE of Interested Parties filed by Defendant Premera Blue Cross, identifying Premera Blue Cross. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 124 | CERTIFICATE of Interested Parties filed by Defendants Carefirst Bluechoice Inc, Carefirst of Maryland Inc, (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 125 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross Blue Shield of Tennessee Inc, identifying BlueCross BlueShield of Tennessee, Inc.. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 126 | CERTIFICATE of Interested Parties filed by Defendant BCBSM Inc, Blue Cross Blue Shield of Minnesota, identifying AWARE INTEGRATED, INC.. (Attorney Carol B Lewis added to party Blue Cross Blue Shield of Minnesota(pty:dft))(Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 127 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross and Blue Shield of South Carolina, identifying Blue Cross and Blue Shield of South Carolina. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 128 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross and Blue Shield of Rhode Island, identifying Blue Cross & Blue Shield of Rhode Island. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/14/2020 | 129 | CERTIFICATE of Interested Parties filed by Defendant Blue Cross and Blue Shield of Massachusetts Inc, identifying Blue Cross and Blue Shield of Massachusetts, Inc.. (Lewis, Carol) (Entered: 12/14/2020) |
| 12/16/2020 | 130 | NOTICE of Appearance filed by attorney Lorenzo E Gasparetti on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Lorenzo E |

| | | Gasparetti added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft))(Gasparetti, Lorenzo) (Entered: 12/16/2020) |
|---|---|---|
| 12/16/2020 | 131 | NOTICE of Appearance filed by attorney Jarrad Lucian Wood on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc.., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jarrad Lucian Wood added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft), Attorney Jarrad Lucian Wood added to party Blue Cross of California(pty:dft))(Wood, Jarrad) (Entered: 12/16/2020) |
| 12/16/2020 | 132 | NOTICE of Appearance filed by attorney Jonathan Daniel Gershon on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc.., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jonathan Daniel Gershon added to party Anthem Blue Cross Life and Health Insurance Company(pty:dft), Attorney Jonathan Daniel Gershon added to party Anthem Inc.(pty:dft), Attorney Jonathan Daniel Gershon added to party Anthem Insurance Companies, Inc.(pty:dft), Attorney Jonathan Daniel Gershon added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Jonathan Daniel Gershon added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft), Attorney Jonathan Daniel Gershon added to party Blue Cross of California(pty:dft), Attorney Jonathan Daniel Gershon added to party Health Care Service Corporation(pty:dft), Attorney Jonathan Daniel Gershon added to party HealthKeepers Inc(pty:dft), Attorney Jonathan Daniel Gershon added to party Healthy Alliance Life Insurance Company(pty:dft), Attorney Jonathan Daniel Gershon added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft), Attorney Jonathan Daniel Gershon added to party The Anthem Companies of California(pty:dft), Attorney Jonathan Daniel Gershon added to party The Anthem Companies, Inc.(pty:dft))(Gershon, Jonathan) (Entered: 12/16/2020) |
| 12/16/2020 | 133 | NOTICE of Appearance filed by attorney Kenneth N Smersfelt on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc.., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Kenneth N Smersfelt added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Kenneth N Smersfelt added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft), Attorney Kenneth N Smersfelt added to party Blue Cross of California(pty:dft), Attorney Kenneth N Smersfelt added to party Health Care Service Corporation(pty:dft), Attorney Kenneth N Smersfelt added to party HealthKeepers Inc(pty:dft), Attorney Kenneth N Smersfelt added to party Healthy Alliance Life Insurance Company(pty:dft), Attorney Kenneth N Smersfelt added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft))(Smersfelt, Kenneth) (Entered: 12/16/2020) |
| 12/16/2020 | 134 | NOTICE of Appearance filed by attorney Amir Shlesinger on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc.., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Amir Shlesinger added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Amir Shlesinger added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft), Attorney Amir Shlesinger added to party Blue Cross of California(pty:dft), Attorney Amir Shlesinger added to party Health Care Service Corporation(pty:dft), Attorney Amir Shlesinger added to party HealthKeepers Inc(pty:dft), Attorney Amir Shlesinger added to party Healthy Alliance Life |

| | | Insurance Company(pty:dft), Attorney Amir Shlesinger added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft))(Shlesinger, Amir) (Entered: 12/16/2020) |
|---|---|---|
| 12/29/2020 | 135 | STIPULATION for Extension of Time to File Response as to Amended Complaint/Petition,, 49 filed by Defendant Blue Cross and Blue Shield of Kansas City Inc. (Attachments: # 1 Proposed Order Granting Stipulation to Extend Time to Respond)(Wood, Jarrad) (Entered: 12/29/2020) |
| 01/06/2021 | 136 | NOTICE of Related Case(s) filed by plaintiffs 12 South LLC, Addiction Health Alliance LLC, Kool Living Inc, Stephen G. Larson, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. Related Case(s): 2:20-cv-11514; 8:20-cv-02424 (Canzoneri, Adrian) (Entered: 01/06/2021) |
| 01/10/2021 | 137 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO SECOND AMENDED COMPLAINT AS TO DEFENDANT BLUE CROSS BLUE SHIELD OF KANSAS CITY by Judge John W 135 IT IS HEREBY ORDERED that the Stipulation is GRANTED, and BCBSKC's deadline to respond to the SAC, whether by answer, motion, or otherwise, is extended to February 11, 2021 with an opposition deadline of March 11, 2021, and a reply deadline of April 5, 2021. IT IS SO ORDERED. (yl) (Entered: 01/11/2021) |
| 01/13/2021 | 138 | STIPULATION to Vacate Motion to Dismiss Briefing Schedule and Set Status Conference filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc. (Attachments: # 1 Proposed Order)(Gasparetti, Lorenzo) (Entered: 01/13/2021) |
| 01/14/2021 | 139 | ORDER GRANTING STIPULATION TO VACATE MOTION TO DISMISS BRIEFING SCHEDULE AND SET STATUS CONFERENCE 138 by Judge John W. Holcomb. IT IS HEREBY ORDERED as follows: 1. The Stipulation is GRANTED; 2. The motion-to-dismiss briefing schedules previously set in this action are VACATED; 3. A video status conference in this action is set for April 1, 2021, at 10:00 a.m.; and 4. No later than 12:00 noon on March 25, 2021, the parties are DIRECTED file a Joint Status Report that provides the Court with the parties' respective proposals regarding a briefing schedule on their collective anticipated motions and regarding the case schedule through trial. See order for details. IT IS SO ORDERED. (lom) (Entered: 01/14/2021) |
| 01/19/2021 | 140 | NOTICE of Appearance filed by attorney Lorenzo E Gasparetti on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Lorenzo E Gasparetti added to party Blue Cross and Blue Shield of Alabama(pty:dft))(Gasparetti, Lorenzo) (Entered: 01/19/2021) |
| 01/19/2021 | 141 | NOTICE of Appearance filed by attorney Jarrad Lucian Wood on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jarrad Lucian Wood added to party Blue Cross and Blue Shield of Alabama(pty:dft))(Wood, Jarrad) (Entered: 01/19/2021) |
| 01/19/2021 | 142 | NOTICE of Appearance filed by attorney Jonathan Daniel Gershon on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, The |

CM/ECF - California Central District

|  |  | Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jonathan Daniel Gershon added to party Blue Cross and Blue Shield of Alabama(pty:dft))(Gershon, Jonathan) (Entered: 01/19/2021) |
|---|---|---|
| 01/19/2021 | 143 | NOTICE of Appearance filed by attorney Kenneth N Smersfelt on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Kenneth N Smersfelt added to party Blue Cross and Blue Shield of Alabama(pty:dft))(Smersfelt, Kenneth) (Entered: 01/19/2021) |
| 01/19/2021 | 144 | NOTICE of Appearance filed by attorney Amir Shlesinger on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Amir Shlesinger added to party Blue Cross and Blue Shield of Alabama(pty:dft))(Shlesinger, Amir) (Entered: 01/19/2021) |
| 01/20/2021 | 145 | Second STIPULATION for Protective Order filed by plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, Stephen G. Larson, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC.(Attorney Damon D Eisenbrey added to party Stephen G. Larson(pty:sm))(Eisenbrey, Damon) (Entered: 01/20/2021) |
| 01/22/2021 | 146 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Stipulation for Protective Order, 145 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (yl) (Entered: 01/22/2021) |
| 03/18/2021 | 147 | APPLICATION of Non-Resident Attorney Anne I. Salomon to Appear Pro Hac Vice on behalf of Defendant Blue Cross and Blue Shield Association (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-30938862) filed by Defendant Blue Cross and Blue Shield Association. (Attachments: # 1 Proposed Order) (Shipley, Michael) (Entered: 03/18/2021) |
| 03/18/2021 | 148 | Request for Clerk to Issue Summons on Amended Complaint/Petition,, 49 filed by plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, Stephen G. Larson, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons)(Eisenbrey, Damon) (Entered: 03/18/2021) |
| 03/23/2021 | 149 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request,, 148 . The following error(s) was found: Incorrect judge initials are listed on all requests for summons. It should read **JWH-ADSx**. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (yl) (Entered: 03/23/2021) |
| 03/23/2021 | 150 | Request for Clerk to Issue Summons on Amended Complaint/Petition,, 49 filed by plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, Stephen G. Larson, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Eisenbrey, Damon) (Entered: 03/23/2021) |
| 03/24/2021 | 151 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant Blue Cross and Blue Shield of Nebraska Inc. (lom) (Entered: 03/24/2021) |
| 03/24/2021 | 152 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant Blue Cross and Blue Shield of Arizona Inc. (lom) (Entered: 03/24/2021) |
| 03/24/2021 | 153 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant USABLE Mutual Insurance Company. (lom) (Entered: 03/24/2021) |
| 03/24/2021 | 154 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant Capital Blue Cross. (lom) (Entered: 03/24/2021) |
| 03/24/2021 | 155 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant Excellus Health Plan Inc. (lom) (Entered: 03/24/2021) |
| 03/24/2021 | 156 | 21 DAY Summons Issued re Second Amended Complaint 49 as to Defendant Independence Hospital Indemnity Plan Inc. (lom) (Entered: 03/24/2021) |
| 03/25/2021 | 157 | ORDER by Judge John W. Holcomb: granting 147 Non-Resident Attorney Anne I. Salomon APPLICATION to Appear Pro Hac Vice on behalf of Blue Cross and Blue Shield Association, designating Michael J. Shipley as local counsel. (lom) (Entered: 03/25/2021) |
| 03/25/2021 | 158 | STATUS REPORT *(JOINT)* filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. (Gasparetti, Lorenzo) (Entered: 03/25/2021) |
| 03/30/2021 | 159 | Notice of Appearance or Withdrawal of Counsel: for attorney Edward Susolik counsel for Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. Edward Susolik is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by plaintiffs plaintiffs. (Susolik, Edward) (Entered: 03/30/2021) |
| 03/31/2021 | 160 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan Daniel Gershon counsel for Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. Filed by Defendant Anthem Blue Cross Life and Health Insurance Company; Anthem Inc.; The Anthem Companies of California; The Anthem Companies, Inc.; Anthem Insurance Companies, Inc.; Blue Cross of California; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Georgia Inc.; Health Care Service Corporation; Blue Cross and Blue Shield of Kansas City Inc.; HealthKeepers Inc.; Healthy Alliance Life Insurance Company; Rocky Mountain Hospital and Medical Service Inc.. (Gershon, Jonathan) (Entered: 03/31/2021) |
| 04/01/2021 | 161 | MINUTES OF VIDEO HEARING RE: SCHEDULING CONFERENCE held before Judge John W. Holcomb. The parties' proposed briefing schedule on Defendants' anticipated omnibus motion to dismiss is adopted by the Court, as follows: Defendants' deadline to file their omnibus motion to dismiss: August 2, 2021; Plaintiffs' deadline to file any opposition to the omnibus motion to dismiss: August 31, 2021; and Defendants' deadline to file any reply/replies to the opposition: October 1, 2021. The hearing on the omnibus motion to dismiss is set for |

CM/ECF - California Central District

| | | |
|---|---|---|
| | | October 29, 2021, at 9:00 a.m. The Jury Trial date set for January 11, 2022, is VACATED. Court Reporter: Miriam Baird. (iv) (Entered: 04/02/2021) |
| 04/02/2021 | 162 | SECOND AMENDED PROTECTIVE ORDER by Magistrate Judge Autumn D. Spaeth re Second Stipulation for Protective Order 145 . (see document for details) (hr) (Entered: 04/02/2021) |
| 04/12/2021 | 163 | Scheduling & Procedure Order No. 1 filed by Special Master Stephen G. Larson (Larson, Stephen) (Entered: 04/12/2021) |
| 04/12/2021 | 164 | PROOF OF SERVICE Executed by Plaintiff Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc, upon Defendant Blue Cross and Blue Shield of Arizona Inc served on 3/26/2021, answer due 4/16/2021. Service of the Summons and Complaint were executed upon Deanna Salazar, Agent for Service in compliance with statute not specified by substituted service at business address and by also mailing a copy.Original Summons NOT returned. (Collins, Richard) (Entered: 04/12/2021) |
| 04/12/2021 | 165 | PROOF OF SERVICE Executed by Plaintiff Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc, upon Defendant Independence Hospital Indemnity Plan Inc served on 3/31/2021, answer due 4/21/2021. Service of the Summons and Complaint were executed upon Gail Stewart, Security Authorized to Accept Service in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Collins, Richard) (Entered: 04/12/2021) |
| 04/12/2021 | 166 | PROOF OF SERVICE Executed by Plaintiff Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc, upon Defendant USAble Mutual Insurance Company served on 3/26/2021, answer due 4/16/2021. Service of the Summons and Complaint were executed upon Sherri Kovach, Admin Assistant in compliance with statute not specified by substituted service at business address and by also mailing a copy.Original Summons NOT returned. (Collins, Richard) (Entered: 04/12/2021) |
| 04/12/2021 | 167 | PROOF OF SERVICE Executed by Plaintiff Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc, upon Defendant Excellus Health Plan Inc served on 3/26/2021, answer due 4/16/2021. Service of the Summons and Complaint were executed upon Cathy Bonacci, Executive Admin Assistant in compliance with statute not specified by substituted service at business address and by also mailing a copy.Original Summons NOT returned. (Collins, Richard) (Entered: 04/12/2021) |
| 04/12/2021 | 168 | WAIVER OF SERVICE Returned Executed filed by plaintiffs Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc. upon Capital Blue Cross waiver sent by Plaintiff on 4/12/2021, answer due 6/11/2021. Waiver of Service signed by Michael A. Naranjo. (Collins, Richard) (Entered: 04/12/2021) |
| 04/14/2021 | 169 | NOTICE of Appearance filed by attorney Michael A Naranjo on behalf of Defendant Excellus Health Plan Inc (Attorney Michael A Naranjo added to party Excellus Health Plan Inc(pty:dft)) |

| | | (Naranjo, Michael) (Entered: 04/14/2021) |
|---|---|---|
| 04/14/2021 | 170 | STIPULATION for Extension of Time to File Response as to Amended Complaint/Petition,, 49 filed by Defendant Excellus Health Plan Inc. (Attachments: # 1 Proposed Order)(Naranjo, Michael) (Entered: 04/14/2021) |
| 04/14/2021 | 171 | First STIPULATION for Extension of Time to File Answer to August 2, 2021 re Amended Complaint/Petition,, 49 filed by Defendant USAble Mutual Insurance Company. (Attachments: # 1 Proposed Order On Stipulation to Extend Time to Respond to Second Amended Complaint) (Attorney William E von Behren added to party USAble Mutual Insurance Company(pty:dft)) (von Behren, William) (Entered: 04/14/2021) |
| 04/14/2021 | 172 | SPECIAL MASTERS SCHEDULING & PROCEDURE ORDER NO. 1 by Judge John W. Holcomb 163 . Pursuant to this Court's April 1, 2021, Civil Minutes (ECF No. 161), the parties are DIRECTED to check in with the Special Master on a monthly basis regarding the informal exchange of information to ensure that the informal discovery process remains fruitful and is progressing on schedule. The Special Master will hold an informal discovery conference with the parties on the first Thursday of every month at 10:00 a.m. (PT), beginning May 6, 2021. (See document for further details) (yl) Modified on 4/15/2021 (yl). (Entered: 04/15/2021) |
| 04/15/2021 | 173 | ORDER EXTENDING THE TIME FOR DEFENDANT EXCELLUS HEALTH PLAN, INC., DBA EXCELLUS BLUECROSS BLUESHIELD, TO RESPOND TO SECOND AMENDED COMPLAINT by Judge John W. Holcomb 170 The parties having so stipulated, the deadline for Defendant Excellus Health Plan, Inc., dba Excellus BlueCross BlueShield, to respond to Plaintiffs' Second Amended Complaint (Dkt. 49) is hereby extended until August 2, 2021. IT IS SO ORDERED. (yl) (Entered: 04/16/2021) |
| 04/16/2021 | 174 | ORDER ON STIPULATION TO EXTEND DEADLINE TO RESPOND TO SECOND AMENDED COMPLAINT by Judge John W. Holcomb 171 . IT IS HEREBY ORDERED that ABCBS' deadline to respond to the SAC is extended from April 16, 2021, to August 2, 2021. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 04/19/2021) |
| 04/22/2021 | 175 | NOTICE of Appearance filed by attorney Jarrad Lucian Wood on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Jarrad Lucian Wood added to party Blue Cross and Blue Shield of Arizona Inc(pty:dft), Attorney Jarrad Lucian Wood added to party Blue Cross and Blue Shield of Nebraska Inc(pty:dft))(Wood, Jarrad) (Entered: 04/22/2021) |
| 04/22/2021 | 176 | NOTICE of Appearance filed by attorney Kenneth N Smersfelt on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Kenneth N Smersfelt added to party Blue Cross and Blue Shield of Arizona Inc(pty:dft), Attorney Kenneth N Smersfelt added to party Blue Cross and Blue Shield of Nebraska Inc(pty:dft))(Smersfelt, Kenneth) (Entered: 04/22/2021) |
| 04/22/2021 | 177 | NOTICE of Appearance filed by attorney Amir Shlesinger on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem |

| | | |
|---|---|---|
| | | Companies of California, The Anthem Companies, Inc. (Attorney Amir Shlesinger added to party Blue Cross and Blue Shield of Arizona Inc(pty:dft), Attorney Amir Shlesinger added to party Blue Cross and Blue Shield of Nebraska Inc(pty:dft))(Shlesinger, Amir) (Entered: 04/22/2021) |
| 04/22/2021 | 178 | STIPULATION for Extension of Time to File Answer to 08/02/2021 re Amended Complaint/Petition,, 49 filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # 1 Proposed Order)(Attorney Lorenzo E Gasparetti added to party Blue Cross and Blue Shield of Arizona Inc(pty:dft), Attorney Lorenzo E Gasparetti added to party Blue Cross and Blue Shield of Nebraska Inc(pty:dft))(Gasparetti, Lorenzo) (Entered: 04/22/2021) |
| 04/26/2021 | 179 | ORDER GRANTING STIPULATION TO EXTEND TIME TO RESPOND TO CONSOLIDATED SECOND AMENDED COMPLAINT AS TO DEFENDANTS BLUE CROSS BLUE SHIELD OF ARIZONA AND BLUE CROSS AND BLUE SHIELD OF NEBRASKA 178 by Judge John W. Holcomb. BCBSAZ's and BCBSNE's deadline to respond to the SAC is extended to August 2, 2021, with a reply (or replies) due October 1, 2021, and a hearing set for October 29, 2021, at 9:00 a.m. consistent with the briefing schedule ordered on April 1, 2021. (iv) (Entered: 04/27/2021) |
| 05/05/2021 | 180 | WAIVER OF SERVICE Returned Executed filed by plaintiffs Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc. upon Independence Hospital Indemnity Plan Inc waiver sent by Plaintiff on 4/30/2021, answer due 6/29/2021. Waiver of Service signed by Michael P. Zipfel. (Collins, Richard) (Entered: 05/05/2021) |
| 06/01/2021 | 181 | NOTICE of Appearance filed by attorney Avraham E Aizenman on behalf of Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Highmark Blue Cross Blue Shield, Highmark Blue Shield, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. (Attorney Avraham E Aizenman added to party Anthem Blue Cross Life and Health Insurance Company(pty:dft), Attorney Avraham E Aizenman added to party Anthem Inc.(pty:dft), Attorney Avraham E Aizenman added to party Anthem Insurance Companies, Inc.(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross and Blue Shield of Alabama(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross and Blue Shield of Arizona Inc(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross and Blue Shield of Georgia Inc(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross and Blue Shield of Kansas City Inc(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross and Blue Shield of Nebraska Inc(pty:dft), Attorney Avraham E Aizenman added to party Blue Cross of California(pty:dft), Attorney Avraham E Aizenman added to party Health Care Service Corporation(pty:dft), Attorney Avraham E Aizenman added to party HealthKeepers Inc(pty:dft), Attorney Avraham E Aizenman added to party Healthy Alliance Life Insurance Company(pty:dft), Attorney Avraham E Aizenman added to party Highmark Blue Cross Blue Shield(pty:dft), Attorney Avraham E Aizenman added to party Highmark Blue Shield(pty:dft), Attorney Avraham E Aizenman added to party Rocky Mountain Hospital and Medical Service Inc(pty:dft), Attorney Avraham E Aizenman added to party The Anthem Companies of |

| | | |
|---|---|---|
| | | California(pty:dft), Attorney Avraham E Aizenman added to party The Anthem Companies, Inc.(pty:dft))(Aizenman, Avraham) (Entered: 06/01/2021) |
| 06/02/2021 | 182 | NOTICE of Appearance filed by attorney Michael A Naranjo on behalf of Defendant Capital Blue Cross (Attorney Michael A Naranjo added to party Capital Blue Cross(pty:dft))(Naranjo, Michael) (Entered: 06/02/2021) |
| 06/02/2021 | 183 | STIPULATION for Extension of Time to File Response as to Amended Complaint/Petition,, 49 filed by Defendant Capital Blue Cross. (Attachments: # 1 Proposed Order (Proposed) Order Extending the Time for Defendant Capital BlueCross to Respond to Second Amended Complaint)(Naranjo, Michael) (Entered: 06/02/2021) |
| 06/03/2021 | 184 | ORDER EXTENDING THE TIME FOR DEFENDANT CAPITAL BLUECROSS TO RESPOND TO SECOND AMENDED COMPLAINT 183 by Judge John W. Holcomb. The parties having so stipulated, the deadline for Defendant Capital BlueCross to respond to Plaintiffs' Second Amended Complaint (Dkt. 49) is hereby extended until August 2, 2021. IT IS SO ORDERED. (lom) (Entered: 06/03/2021) |
| 06/18/2021 | 185 | NOTICE of Appearance filed by attorney Michael A Naranjo on behalf of Defendant Independence Hospital Indemnity Plan Inc (Attorney Michael A Naranjo added to party Independence Hospital Indemnity Plan Inc(pty:dft))(Naranjo, Michael) (Entered: 06/18/2021) |
| 06/18/2021 | 186 | STIPULATION for Extension of Time to File Response as to Amended Complaint/Petition,, 49 filed by defendant Independence Hospital Indemnity Plan Inc. (Attachments: # 1 Proposed Order (Proposed) Order Extending Time for Defendant Independence Hospital Indemnity Plan, Inc. to Respond to Second Amended Complaint)(Naranjo, Michael) (Entered: 06/18/2021) |
| 06/21/2021 | 187 | Special Master's Report & Recommendation No. 4 filed by Special Master Stephen G. Larson (Larson, Stephen) (Entered: 06/21/2021) |
| 06/22/2021 | 188 | ORDER EXTENDING THE TIME FOR DEFENDANT INDEPENDENCE HOSPITAL INDEMNITY PLAN, INC. TO RESPOND TO SECOND AMENDED COMPLAINT by Judge John W. Holcomb 186 . The parties having so stipulated, the deadline for Defendant Independence Hospital Indemnity Plan, Inc. to respond to Plaintiffs Second Amended Complaint (Dkt. 49) is hereby extended until August 2, 2021. IT IS SO ORDERED. (yl) (Entered: 06/23/2021) |
| 06/23/2021 | 189 | SPECIAL MASTERS REPORT & RECOMMENDATION NO. 4 by Judge John W. Holcomb 187 . (yl)(yl). (Entered: 06/24/2021) |
| 07/21/2021 | 190 | STIPULATION to Exceed Page Limitation as to Defendants Omnibus Motion to Dismiss Plaintiffs Second Amended Complaint filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # 1 Proposed Order)(Gasparetti, Lorenzo) (Entered: 07/21/2021) |
| 07/27/2021 | 191 | ORDER GRANTING STIPULATION RE BRIEFING OF DEFENDANTS OMNIBUS MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT by Judge John W. Holcomb 190 For good cause shown, the Court grants the Parties Stipulation re Briefing of Defendants Omnibus Motion to Dismiss Plaintiffs Second Amended Complaint and hereby ORDERS as follows: 1. Defendants shall have up to 50 pages for their omnibus motion to dismiss Plaintiffs SAC.1 2. Plaintiffs shall have up to 50 pages for their opposition to Defendants omnibus motion to dismiss the SAC. 3. Defendants shall have up to 24pages for their reply briefs in support of their omnibus motion to dismiss the SAC. IT IS SO ORDERED. (yl) (Entered: 07/28/2021) |
| 08/02/2021 | 192 | NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF* |

| | | |
|---|---|---|
| | | *OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. Motion set for hearing on 10/29/2021 at 09:00 AM before Judge John W. Holcomb. (Attachments: # 1 Memorandum, # 2 Declaration, # 3 Proposed Order) (Gasparetti, Lorenzo) (Entered: 08/02/2021) |
| 08/02/2021 | 193 | NOTICE OF MOTION AND MOTION to Dismiss Case *Defendant Blue Cross Blue Shield Association's Notice of Motion and Motion to Dismiss the Second Amended Complaint; Memorandum of Points and Authorities* filed by Defendant Blue Cross and Blue Shield Association. Motion set for hearing on 10/29/2021 at 09:00 AM before Judge John W. Holcomb. (Attachments: # 1 Proposed Order Granting Defendant Blue Cross Blue Shield Association's Motion to Dismiss the Second Amended Complaint) (Shipley, Michael) (Entered: 08/02/2021) |
| 08/02/2021 | 194 | Multiplan, Inc.'s and Viant, Inc.'s Addendum to Defendants' Omnibus Motion to Dismiss the Second Amended Consolidated Complaint re NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 filed by Defendants Multiplan, Inc., Viant, Inc.. (Wallis, Jenifer) (Entered: 08/02/2021) |
| 08/02/2021 | 195 | ADDENDUM TO DEFENDANT'S OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT re NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 filed by Defendants Carefirst Bluechoice Inc, Carefirst of Maryland Inc. (Attachments: # 1 Declaration Declaration of Kim Rothman) (Lewis, Carol) (Entered: 08/02/2021) |
| 08/02/2021 | 196 | ADDENDUM TO DEFENDANT'S OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT re NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 filed by Defendant Louisiana Health Service & Indemnity Company. (Attachments: # 1 Declaration Declaration of Ginger Bradley, # 2 Exhibit Exhibit 1 to Declaration of Ginger Bradleyl, # 3 Exhibit Exhibit 2 to Declaration of Ginger Bradley, # 4 Exhibit Exhibit 3 to Declaration of Ginger Bradley, # 5 Exhibit Exhibit 4 to Declaration of Ginger Bradley)(Lewis, Carol) (Entered: 08/02/2021) |
| 08/02/2021 | 197 | ADDENDUM TO DEFENDANT'S OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT re NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 filed by Defendant Blue Cross and Blue Shield of South Carolina. (Attachments: # 1 Declaration Declaration of Brook's Goodman, # 2 Exhibit Exhibit 1 to Declaration of Brook's Goodman, # 3 Exhibit Exhibit 2 Declaration of Brook's Goodman, # 4 Exhibit Exhibit 3 Declaration of Brook's Goodman)(Lewis, Carol) (Entered: 08/02/2021) |
| 08/02/2021 | 198 | ADDENDUM TO DEFENDANT'S OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT re NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 filed by Defendant Blue Cross and Blue Shield of North Carolina. (Attachments: # 1 Declaration Declaration of Aimee Forehand, # 2 Exhibit Exhibit 1 Declaration of Aimee Forehand, # 3 Exhibit Exhibit 2 Declaration of Aimee Forehand)(Lewis, Carol) (Entered: 08/02/2021) |
| 08/31/2021 | 199 | OPPOSITION opposition to re: NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED* |

CM/ECF - California Central District

| | | |
|---|---|---|
| | | *CONSOLIDATED COMPLAINT)* 192 filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 200 | OBJECTIONS to NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* 192 *TO DECLARATION OF AVRAHAM E. AIZENMAN* filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 201 | OPPOSITION opposition re: NOTICE OF MOTION AND MOTION to Dismiss Case *Defendant Blue Cross Blue Shield Association's Notice of Motion and Motion to Dismiss the Second Amended Complaint; Memorandum of Points and Authorities* 193 filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 202 | MEMORANDUM of Points and Authorities in Opposition *to MultiPlan's Addendum to Motion to Dismiss* Re: Motion Related Document, 194 (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 203 | MEMORANDUM of Points and Authorities in Opposition *to CareFirst's Addendum to Motion to Dismiss* Re: Motion Related Document, 195 (Attachments: # 1 Declaration Declaration of Richard Collins, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 204 | MEMORANDUM of Points and Authorities in Opposition *to BCBS of Louisiana's Addendum to Motion to Dismiss* Re: Motion Related Document,, 196 (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 205 | OBJECTIONS to Motion Related Document,, 196 *to Declaration of Ginger Bradley* filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 206 | MEMORANDUM of Points and Authorities in Opposition *to BCBS of South Carolina's Addendum to Motion to Dismiss* Re: Motion Related Document,, 197 (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 207 | OBJECTIONS to Motion Related Document,, 197 *to Declaration of Brooks Goodman* filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 208 | MEMORANDUM of Points and Authorities in Opposition *to BCBS of North Carolina's Addendum to Motion to Dismiss* Re: Motion Related Document,, 198 (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 209 | OBJECTIONS to Motion Related Document,, 198 *to Declaration of Aimee Forehand* filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland |

CM/ECF - California Central District

| | | |
|---|---|---|
| | | Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Collins, Richard) (Entered: 08/31/2021) |
| 08/31/2021 | 210 | REQUEST FOR JUDICIAL NOTICE *IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS* filed by Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Collins, Richard) (Entered: 08/31/2021) |
| 09/03/2021 | 211 | NOTICE of Appearance filed by attorney Adrian L. Canzoneri on behalf of Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC, Special Master Stephen G. Larson (Attorney Adrian L. Canzoneri added to party 12 South LLC(pty:pla), Attorney Adrian L. Canzoneri added to party Addiction Health Alliance LLC(pty:pla), Attorney Adrian L. Canzoneri added to party DR Recovery Encinitas LLC(pty:pla), Attorney Adrian L. Canzoneri added to party Inland Detox Inc(pty:pla), Attorney Adrian L. Canzoneri added to party Kool Living Inc(pty:pla), Attorney Adrian L. Canzoneri added to party Stephen G. Larson(pty:sm), Attorney Adrian L. Canzoneri added to party MMR Services LLC(pty:pla), Attorney Adrian L. Canzoneri added to party NTR Resources LLC(pty:pla), Attorney Adrian L. Canzoneri added to party Pacific Palms Recovery LLC(pty:pla), Attorney Adrian L. Canzoneri added to party Southern California Addiction Center Inc(pty:pla), Attorney Adrian L. Canzoneri added to party Southern California Recovery Centers Oceanside LLC(pty:pla), Attorney Adrian L. Canzoneri added to party TML Recovery LLC(pty:pla), Attorney Adrian L. Canzoneri added to party Women's Recovery Center, LLC(pty:pla))(Canzoneri, Adrian) (Entered: 09/03/2021) |
| 09/30/2021 | 212 | REPLY filed by Defendants Carefirst Bluechoice Inc, Carefirst of Maryland Inc to Motion Related Document, 195 (Lewis, Carol) (Entered: 09/30/2021) |
| 09/30/2021 | 213 | REPLY filed by Defendant Blue Cross and Blue Shield of South Carolina to Memorandum of Points and Authorities in Opposition 206 (Lewis, Carol) (Entered: 09/30/2021) |
| 09/30/2021 | 214 | REPLY filed by Defendant Blue Cross and Blue Shield of North Carolina to Motion Related Document,, 198 , Memorandum of Points and Authorities in Opposition 208 (Lewis, Carol) (Entered: 09/30/2021) |
| 09/30/2021 | 215 | RESPONSE filed by Defendant Blue Cross and Blue Shield of North Carolinato Objection, 209 (Lewis, Carol) (Entered: 09/30/2021) |
| 09/30/2021 | 216 | RESPONSE filed by Defendant Blue Cross and Blue Shield of South Carolinato Objection, 207 (Lewis, Carol) (Entered: 09/30/2021) |
| 09/30/2021 | 217 | OBJECTIONS to Memorandum of Points and Authorities in Opposition, 203 filed by Defendants Carefirst Bluechoice Inc, Carefirst of Maryland Inc. (Lewis, Carol) (Entered: 09/30/2021) |
| 10/01/2021 | 218 | REPLY filed by Defendant Louisiana Health Service & Indemnity Company to Memorandum of Points and Authorities in Opposition 204 (Lewis, Carol) (Entered: 10/01/2021) |
| 10/01/2021 | 219 | RESPONSE filed by Defendant Louisiana Health Service & Indemnity Companyto Objection, 205 (Lewis, Carol) (Entered: 10/01/2021) |
| 10/01/2021 | 220 | REPLY in Support of NOTICE OF MOTION AND MOTION to Dismiss Case *Defendant Blue Cross Blue Shield Association's Notice of Motion and Motion to Dismiss the Second Amended* |

| | | |
|---|---|---|
| | | *Complaint; Memorandum of Points and Authorities* [193] filed by Defendant Blue Cross and Blue Shield Association. (Shipley, Michael) (Entered: 10/01/2021) |
| 10/01/2021 | 221 | NOTICE of Interested Parties filed by Defendant Excellus Health Plan Inc, identifying Lifetime Healthcare, Inc.. (Naranjo, Michael) (Entered: 10/01/2021) |
| 10/01/2021 | 222 | NOTICE of Interested Parties filed by Defendant Independence Hospital Indemnity Plan Inc, identifying Independence Blue Cross, LLC; AmeriHealth, Inc.; and Independence Health Group, Inc.. (Naranjo, Michael) (Entered: 10/01/2021) |
| 10/01/2021 | 223 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* [192] filed by Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross and Blue Shield of Nebraska, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc.. (Attachments: # [1] Declaration)(Gasparetti, Lorenzo) (Entered: 10/01/2021) |
| 10/01/2021 | 224 | REPLY In Support of Multiplan, Inc.'s and Viant, Inc.'s Addendum [194] NOTICE OF MOTION AND MOTION to Dismiss Case *(DEFENDANTS' NOTICE OF OMNIBUS MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT)* [192] filed by Defendants Multiplan, Inc., Viant, Inc.. (Attachments: # [1] Exhibit Declaration of Marjorie G. Wilde in Support of Multiplan, Inc. and Viant, Inc.'s Motion to Dismiss)(Wallis, Jenifer) (Entered: 10/01/2021) |
| 10/06/2021 | 225 | NOTICE of Interested Parties filed by Defendant Capital Blue Cross, (Naranjo, Michael) (Entered: 10/06/2021) |
| 10/26/2021 | 226 | SCHEDULING NOTICE AND ORDER by Judge John W. Holcomb: The hearing on Defendants' Motions to Dismiss [ECF Nos. [192] & [193] ], is ordered CONTINUED from October 29, 2021 to November 5, 2021, at 9:00 a.m., via video conference. To obtain the video conference link for the scheduled hearing, the parties are directed to Judge Holcomb's Procedures and Schedules page on the Court's website: http://www.cacd.uscourts.gov/honorable-john-w-holcomb. Please follow the instructions listed under "Zoom Webinar Hearings." IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (iva) TEXT ONLY ENTRY (Entered: 10/26/2021) |
| 11/02/2021 | 227 | SCHEDULING NOTICE AND ORDER by Judge John W. Holcomb: The video hearing on Defendants' Motions to Dismiss [ECF Nos. [192] & [193] ], set for Friday, November 5, 2021, at 9:00 a.m., is hereby moved from 9:00 a.m. to 1:00 p.m. To obtain the video conference link for the scheduled hearing, the parties are directed to Judge Holcomb's Procedures and Schedules page on the Court's website: http://www.cacd.uscourts.gov/honorable-john-w-holcomb. Please follow the instructions listed under "Zoom Webinar Hearings." IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (iva) TEXT ONLY ENTRY (Entered: 11/02/2021) |
| 11/05/2021 | 228 | TRANSCRIPT ORDER as to Defendants Anthem Blue Cross Life and Health Insurance Company, Anthem Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Arizona Inc, Blue Cross and Blue Shield of Kansas City Inc, Blue Cross of California, Health Care Service Corporation, HealthKeepers Inc, Healthy Alliance Life Insurance Company, Rocky Mountain Hospital and Medical Service Inc, The Anthem Companies of California, The Anthem Companies, Inc. for Court Reporter. Court will contact Mary Hong at mhong@reedsmith.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Wood, Jarrad) (Entered: 11/05/2021) |
| 11/05/2021 | 230 | MINUTES OF VIDEO HEARING RE: DEFENDANTS' OMNIBUS MOTION TO DISMISS |

| | | |
|---|---|---|
| | | SECOND AMENDED COMPLAINT (ECF Nos. 192 & 193]) held before Judge John W. Holcomb. The Court confers with counsel and hears oral argument. The Court takes the motions [ECF Nos. 192 & 193] under submission. IT IS SO ORDERED. Court Reporter: Anne Keilwasser. (lom) (Entered: 11/08/2021) |
| 11/08/2021 | 229 | TRANSCRIPT ORDER as to plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, Stephen G. Larson, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC for Court Reporter. Court will contact Richard T. Collins at rcollins@callahan-law.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Collins, Richard) (Entered: 11/08/2021) |
| 11/16/2021 | 231 | APPLICATION of Non-Resident Attorney Taylor J. Crousillac to Appear Pro Hac Vice on behalf of Defendants Multiplan, Inc., Viant, Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-32332277) filed by Defendants Multiplan, Inc., Viant, Inc.. (Attachments: # 1 Proposed Order on Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice) (Wallis, Jenifer) (Entered: 11/16/2021) |
| 11/19/2021 | 232 | ORDER by Judge John W. Holcomb: granting 231 Non-Resident Attorney Taylor J. Crousillac APPLICATION to Appear Pro Hac Vice on behalf of defendants MultiPlan, Inc., Viant. Inc., designating Jenifer C. Wallis as local counsel. (mrgo) (Entered: 11/22/2021) |
| 02/01/2022 | 233 | NOTICE OF LIEN filed by WELLS FARGO BANK, NATIONAL ASSOCIATION Ken Ito WELLS FARGO BANK, NATIONAL ASSOCIATION, c/o Hemar Rousso Heald LLP. (Ito, Ken) (Entered: 02/01/2022) |
| 02/02/2022 | 234 | ORDER GRANTING-IN-PART DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND CONSOLIDATED COMPLAINT [ECF No. 192] by Judge John W. Holcomb. For the foregoing reasons, the Court hereby ORDERS as follows: Plaintiffs claims under ERISA are DISMISSED with leave toamend. All state law claims that depend on the existence of an ERISA plan are DISMISSED with prejudice. (See document for further details) (yl) (Entered: 02/02/2022) |
| 02/02/2022 | 235 | ORDER GRANTING MOTION TO DISMISS OF DEFENDANT BLUE CROSS BLUE SHIELD ASSOCIATION [ECF No. 193] by Judge John W. Holcomb. BCBSA's instant Motion is GRANTED. Plaintiffs are DIRECTED to amend their pleading on or before February 18, 2022, to correct the deficiencies noted in this Order. If Plaintiffs fail to file their amended pleading by that date, then the Court will DISMISS Defendant BCBSA from this action with prejudice. IT IS SO ORDERED. (See document for further details) (yl) (Entered: 02/02/2022) |
| 02/02/2022 | 236 | APPLICATION of Non-Resident Attorney Katie C. Mannino to Appear Pro Hac Vice on behalf of Defendants Multiplan, Inc., Viant, Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-32727276) filed by Defendants Multiplan, Inc., Viant, Inc.. (Attachments: # 1 Proposed Order on Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice) (Wallis, Jenifer) (Entered: 02/02/2022) |
| 02/02/2022 | 237 | AMENDED ORDER GRANTING IN- PART DEFENDANTS' OMNIBUS MOTION TO DISMISS THE SECOND CONSOLIDATED COMPLAINT [ECF No. 192] by Judge John W. Holcomb. Plaintiffs' claims under ERISA are DISMISSED with leave to amend. All state law claims that depend on the existence of an ERISA plan are DISMISSED with prejudice. the deadline for Plaintiffs to file an amended pleading that cures the defects identified in this Order is February 18, 2022. (See document for further details) (yl) (Entered: 02/02/2022) |
| 02/04/2022 | 238 | Joint STIPULATION for Extension of Time to Amend Amended Complaint/Petition,, 49 filed by Defendant Anthem Blue Cross Life and Health Insurance Company. (Attachments: # 1 Proposed Order)(Wood, Jarrad) (Entered: 02/04/2022) |
| 02/07/2022 | 239 | ORDER by Judge John W. Holcomb: granting 236 Non-Resident Attorney Mannino, Katherine C. APPLICATION to Appear Pro Hac Vice on behalf of MultiPlan, Inc. Viant. Inc., designating |

| | | Wallis, Jenifer C. as local counsel. (yl) (Entered: 02/08/2022) |
|---|---|---|
| 02/09/2022 | 240 | ORDER GRANTING STIPULATION TO EXTEND DEADLINES RELATED TO PLAINTIFFS' THIRD AMENDED COMPLAINT by Judge John W. Holcomb 238 . Plaintiffs' deadline to file a Third Amended Complaint is March 1, 2022. Defendants' deadline to file a response to the Third Amended Complaint, whether by motion or otherwise, is March 31, 2022. (See document for further details) (yl) (Entered: 02/09/2022) |
| 02/18/2022 | 241 | Notice of Appearance or Withdrawal of Counsel: for attorney Richard T Collins counsel for Plaintiffs 12 South LLC, Addiction Health Alliance LLC, DR Recovery Encinitas LLC, Inland Detox Inc, Kool Living Inc, MMR Services LLC, NTR Resources LLC, Pacific Palms Recovery LLC, Southern California Addiction Center Inc, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, Women's Recovery Center, LLC. Adrian L. Canzoneri is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by plaintiffs plaintiffs. (Collins, Richard) (Entered: 02/18/2022) |
| 03/01/2022 | 242 | THIRD CONSOLIDATED AMENDED COMPLAINT against Defendants All Defendants amending Amended Complaint/Petition,, 49 , filed by plaintiffs Women's Recovery Center, LLC, Addiction Health Alliance LLC, Stephen G. Larson, Southern California Recovery Centers Oceanside LLC, TML Recovery LLC, MMR Services LLC, Pacific Palms Recovery LLC, Inland Detox Inc, Kool Living Inc, DR Recovery Encinitas LLC, 12 South LLC, NTR Resources LLC, Southern California Addiction Center Inc (Attachments: # 1 Supplement Notice of Revisions to Second Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L)(Eisenbrey, Damon) (Entered: 03/01/2022) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/20/2022 09:14:00 | | |
| PACER Login: | kirklandpacer | Client Code: | 20098-0288/41999 |
| Description: | Docket Report | Search Criteria: | 8:20-cv-00102-JWH-ADS End date: 3/21/2022 |
| Billable Pages: | 30 | Cost: | 3.00 |

# Exhibit 1B

1

**CALLAHAN & BLAINE, APLC**
Richard T. Collins (Bar No. 166577)

2
    rcollins@callahan-law.com
Damon D. Eisenbrey (Bar No. 215927)

3
    deisenbrey@callahan-law.com
3 Hutton Centre Drive, Ninth Floor

4
Santa Ana, California 92707
Telephone: (714) 241-4444

5
Facsimile:  (714) 241-4445

6
Attorneys for Plaintiffs

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

<table>
<tr><td>

10
WOMAN'S RECOVERY CENTER,
LLC, a California limited liability

11
company;
TML RECOVERY, LLC, a California

12
limited liability company;
SOUTHERN CALIFORNIA

13
RECOVERY CENTERS
OCEANSIDE, LLC, a California

14
limited liability company;
MMR SERVICES, LLC, a California

15
limited liability company;
SOUTHERN CALIFORNIA

16
ADDICTION CENTER, INC., a
California corporation;

17
KOOL LIVING, INC., a California
corporation;

18
PACIFIC PALMS RECOVERY, LLC,
a California limited liability company;

19
ADDICTION HEALTH ALLIANCE,
LLC, a California limited liability

20
company;
DR RECOVERY ENCINITAS, LLC, a

21
California limited liability company;
INLAND DETOX, INC., a California

22
corporation;
12 SOUTH, LLC, a California limited

23
liability company; and
NTR RESOURCES, LLC, a California

24
limited liability company,

25
     Plaintiffs,

v.

26

ANTHEM BLUE CROSS LIFE AND

27
HEALTH INSURANCE COMPANY, a
California corporation;

28
ANTHEM INC., an Indiana corporation,

</td><td>

**Case No.: 8:20-cv-00102-DOC-ADSx**

*Assigned to Hon. David O. Carter*

Consolidated with:
8:20-cv-00104  8:20-cv-00106
8:20-cv-00107  8:20-cv-00108
8:20-cv-00109  8:20-cv-00110
8:20-cv-00111  8:20-cv-00112
8:20-cv-00114  8:20-cv-00577
8:20-cv-00578

This Document relates to:
**"ALL ACTIONS"**

**THIRD AMENDED
CONSOLIDATED COMPLAINT
FOR:**

1. **CLAIMS FOR PLAN BENEFITS
   UNDER ERISA, 29 U.S.C.
   §1132(a)(1)(B)**
2. **BREACH OF WRITTEN
   CONTRACT**
3. **BREACH OF IMPLIED
   COVENANT OF GOOD FAITH
   AND FAIR DEALING**
4. **BREACH OF ORAL
   CONTRACT**
5. **PROMISSORY ESTOPPEL**
6. **UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

</td></tr>
</table>

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  doing business in California as ANTHEM
   HEALTH, INC.;
2  THE ANTHEM COMPANIES OF
   CALIFORNIA, a California corporation;
3  THE ANTHEM COMPANIES, INC., an
   Indiana corporation, doing business in
4  Wisconsin as BLUE CROSS AND
   BLUE SHIELD OF WISCONSIN;
5  ANTHEM INSURANCE COMPANIES,
   INC., an Indiana corporation, doing
6  business in Indiana as ANTHEM BLUE
   CROSS AND BLUE SHIELD OF
7  INDIANA;
   BLUE CROSS OF CALIFORNIA, a
8  California corporation;
   VIANT, INC., a Nevada corporation;
9  MULTIPLAN, INC., a New York
   corporation;
10 BLUE CROSS AND BLUE SHIELD OF
   ALABAMA, an Alabama corporation;
11 BLUE CROSS AND BLUE SHIELD
   OF ARIZONA, INC., an Arizona
12 corporation;
   USABLE MUTUAL INSURANCE
13 COMPANY, an Arkansas corporation,
   doing business in Arkansas as
14 ARKANSAS BLUE CROSS AND
   BLUE SHIELD;
15 ANTHEM HEALTH PLANS, INC., a
   Connecticut corporation, doing business
16 in Connecticut as ANTHEM BLUE
   CROSS AND BLUE SHIELD OF
17 CONNECTICUT;
   BLUE CROSS AND BLUE SHIELD OF
18 FLORIDA, INC., a Florida corporation;
   BLUE CROSS AND BLUE SHIELD OF
19 GEORGIA, INC., a Georgia corporation;
   HEALTH CARE SERVICE
20 CORPORATION, an Illinois corporation,
   doing business in Illinois as BLUE
21 CROSS BLUE SHIELD OF ILLINOIS,
   in Oklahoma as BLUE CROSS AND
22 BLUE SHIELD OF OKLAHOMA and in
   Texas as BLUE CROSS AND BLUE
23 SHIELD OF TEXAS;
   BLUE CROSS AND BLUE SHIELD OF
24 KANSAS CITY, INC., a Missouri
   corporation;
25 ANTHEM HEALTH PLANS OF
   KENTUCKY, INC., a Kentucky
26 corporation, doing business in Kentucky
   as BLUE CROSS BLUE SHIELD OF
27 KENTUCKY;
   HMO LOUISIANA, INC., doing
28 business in Louisiana as BLUE CROSS

_____

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   AND BLUE SHIELD OF LOUISIANA;
    BLUE CROSS AND BLUE SHIELD OF
2   MASSACHUSETTS, INC., a
    Massachusetts corporation;
3   BCBSM, INC., a Minnesota corporation,
    doing business in Minnesota as BLUE
4   CROSS AND BLUE SHIELD OF
    MINNESOTA, INC.;
5   HMO MISSOURI, INC., a  Missouri
    corporation, doing business in Missouri
6   as ANTHEM BLUE CROSS AND
    BLUE SHIELD OF MISSOURI;
7   BLUE CROSS AND BLUE SHIELD OF
    NEBRASKA, INC., a Nebraska
8   corporation;
    BLUE CROSS AND BLUE SHIELD OF
9   NORTH CAROLINA, a North Carolina
    corporation;
10  COMMUNITY INSURANCE
    COMPANY, an Ohio corporation, doing
11  business in Ohio as ANTHEM BLUE
    CROSS AND BLUE SHIELD OF OHIO;
12  BLUE CROSS AND BLUE SHIELD OF
    RHODE ISLAND, a Rhode Island
13  corporation;
    BLUE CROSS AND BLUE SHIELD OF
14  SOUTH CAROLINA, a South Carolina
    corporation;
15  BLUE CROSS BLUE SHIELD OF
    TENNESSEE, INC., a Tennessee
16  corporation;
    ANTHEM HEALTH PLANS OF
17  VIRGINIA, INC., a Virginia corporation,
    doing business in Virginia as ANTHEM
18  BLUE CROSS AND BLUE SHIELD OF
    VIRGINIA, INC.;
19  CAPITAL BLUE CROSS, a
    Pennsylvania corporation;
20  CAREFIRST BLUECHOICE, INC., a
    District of Columbia corporation;
21  CAREFIRST OF MARYLAND, INC., is
    a Maryland corporation, doing business
22  in Maryland as CAREFIRST
    BLUE CROSS BLUE SHIELD;
23  EMPIRE HEALTHCHOICE
    ASSURANCE, INC., a New York
24  corporation, doing business in New York
    as EMPIRE BLUE CROSS BLUE
25  SHIELD;
    EXCELLUS HEALTH PLAN, INC., a
26  New York corporation, doing business in
    New York as EXCELLUS BLUE
27  CROSS BLUE SHIELD;
    HEALTHKEEPERS, INC., a Virginia
28  corporation;

_____

THIRD AMENDED CONSOLIDATED COMPLAINT

1  HEALTHY ALLIANCE LIFE
   INSURANCE COMPANY, a Missouri
2  corporation;
   HIGHMARK BLUE CROSS BLUE
3  SHIELD, a Pennsylvania corporation,
   doing business in Pennsylvania as BLUE
4  CROSS BLUE SHIELD OF WESTERN
   PENNSYLVANIA;
5  HIGHMARK BLUE SHIELD, a
   Pennsylvania corporation, doing business
6  in Pennsylvania as PENNSYLVANIA
   BLUE SHIELD;
7  INDEPENDENCE HOSPITAL
   INDEMNITY PLAN, INC., a
8  Pennsylvania corporation, formerly
   known as INDEPENDENCE BLUE
9  CROSS;
   PREMERA BLUE CROSS, a
10 Washington corporation;
   REGENCE BLUE CROSS BLUE
11 SHIELD OF OREGON, an Oregon
   corporation, doing business in Oregon as
12 BLUE CROSS BLUE SHIELD OF
   OREGON;
13 REGENCE BLUE SHIELD, a
   Washington corporation;
14 ROCKY MOUNTAIN HOSPITAL AND
   MEDICAL SERVICE, INC., a Colorado
15 corporation, doing business in Colorado
   as ANTHEM BLUE CROSS AND
16 BLUE SHIELD OF COLORADO; and
   BLUE CROSS AND BLUE SHIELD
17 ASSOCIATION, an Illinois corporation,
   inclusive,
18
             Defendants.
19 _____

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

_____

THIRD AMENDED CONSOLIDATED COMPLAINT

1    Plaintiffs Woman's Recovery Center, LLC, TML Recovery, LLC, Southern

2   California Recovery Centers Oceanside, LLC, MMR Services, LLC, Southern

3   California Addiction Center, Inc., Kool Living, Inc., Pacific Palms Recovery, LLC,

4   Addiction Health Alliance, LLC, DR Recovery Encinitas, LLC, Inland Detox, Inc.,

5   12 South, LLC and NTR Resources, LLC (collectively "Plaintiffs") hereby allege

6   against Defendants Anthem Blue Cross Life and Health Insurance Company,

7   Anthem Inc., doing business in California as Anthem Health, Inc., The Anthem

8   Companies of California, The Anthem Companies, Inc., an Indiana corporation,

9   doing business in Wisconsin as Blue Cross and Blue Shield of Wisconsin, Anthem

10  Insurance Companies, Inc., doing business in Indiana as Anthem Blue Cross and

11  Blue Shield of Indiana, Blue Cross of California, Blue Cross and Blue Shield of

12  Alabama, Blue Cross and Blue Shield of Arizona, Inc., USAble Mutual Insurance

13  Company, doing business in Arkansas as Arkansas Blue Cross and Blue Shield,,

14  Anthem Health Plans, Inc., doing business in Connecticut as Anthem Blue Cross

15  and Blue Shield of Connecticut, Blue Cross and Blue Shield of Florida, Inc., Blue

16  Cross and Blue Shield of Georgia, Inc., Health Care Service Corporation, doing

17  business in Illinois as Blue Cross Blue Shield of Illinois, in Oklahoma as Blue Cross

18  and Blue Shield of Oklahoma, and in Texas as Blue Cross and Blue Shield of Texas,

19  Blue Cross and Blue Shield of Kansas City, Inc., Anthem Health Plans of Kentucky,

20  Inc., doing business in Kentucky as Blue Cross and Blue Shield of Kentucky, HMO

21  Louisiana, Inc., doing business in Louisiana as Blue Cross and Blue Shield of

22  Louisiana, Blue Cross Blue Shield of Massachusetts, Inc., BCBSM, Inc., doing

23  business in Minnesota Blue Cross and Blue Shield of Minnesota**,** Inc.**,** HMO

24  Missouri, Inc., doing business in Missouri as Anthem Blue Cross and Blue Shield of

25  Missouri, Blue Cross and Blue Shield of Nebraska, Inc., Blue Cross and Blue Shield

26  of North Carolina, Community Insurance Company**,** doing business in Ohio as

27  Anthem Blue Cross and Blue Shield of Ohio, Blue Cross and Blue Shield of Rhode

28  Island, Blue Cross and Blue Shield of South Carolina, Blue Cross Blue Shield of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   Tennessee, Inc., Anthem Health Plans of Virginia, Inc., doing business in Virginia

2   as Anthem Blue Cross and Blue Shield of Virginia, Inc., Capital Blue Cross,

3   CareFirst BlueChoice, Inc., CareFirst of Maryland, Inc., doing business in Maryland

4   as CareFirst Blue Cross Blue Shield,  Empire HealthChoice Assurance, Inc., doing

5   business in New York as Empire Blue Cross Blue Shield, Excellus Health Plan, Inc.,

6   doing business in New York as Excellus Blue Cross Blue Shield, HealthKeepers,

7   Inc., Healthy Alliance Life Insurance Company,  Highmark Blue Cross Blue Shield,

8   doing business in Pennsylvania as Blue Cross Blue Shield of Western Pennsylvania,

9   Highmark Blue Shield, doing business in Pennsylvania as Pennsylvania Blue Shield,

10  Independence Hospital Indemnity Plan, Inc., formerly known as Independence Blue

11  Cross, Premera Blue Cross, Regence Blue Cross Blue Shield, doing business in

12  Oregon as Blue Cross Blue Shield of Oregon, Regence Blue Shield, and Rocky

13  Mountain Hospital and Medical Service, Inc., doing business in Colorado as

14  Anthem Blue Cross and Blue Shield of Colorado (collectively the **"**Blue Cross and

15  Blue Shield Defendants" or "Member Plans"), Blue Cross and Blue Shield

16  Association ("the Association"), Viant, Inc., and Multiplan, Inc. (collectively

17  "MultiPlan") (the Blue Cross and Blue Shield Defendants or Member Plans, the

18  Association and MultiPlan are collectively referred to herein as "Defendants") as

19  follows:

20  ## THE PARTIES

21  ### The Plaintiffs

22  1.      **Plaintiff Woman's Recovery Center, LLC, doing business as**

23  **Sunsets Recovery Center ("Woman's Recovery")** (TIN 81-5361991), is, and at all

24  relevant times herein mentioned was, a California limited liability company

25  qualified to do business in the State of California.  Woman's Recovery is a

26  substance use disorder ("SUD") treatment provider.  Woman's Recovery is in the

27  profession of helping individuals recover from alcoholism and addiction and return

28  to their families and communities as productive and contributing members of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

society.  Woman's Recovery is, and at all relevant times herein was, certified by the California Department of Health Care Services ("DHCS") to operate a SUD treatment program and is accredited by the Joint Commission, Behavioral Health Care Accreditation Program ("JCAHO") and has a Centers for Medicare and Medicaid Services ("CMS"), Clinical Laboratory Improvements Amendments ("CLIA"), certificate of waiver.

2. **Plaintiff TML Recovery, LLC, doing business as So Cal Recovery Centers and also known as Southern California Recovery Centers, So Cal Recovery and SCRC ("TML Recovery")** (TIN 46-2916076), is, and at all relevant times herein mentioned was, a California limited liability company qualified to do business in the State of California.  TML Recovery is a SUD treatment provider and, at times relevant herein, was a licensed clinical laboratory.  TML Recovery is in the profession of helping individuals recover from alcoholism and addiction and return to their families and communities as productive and contributing members of society.  TML Recovery is, and at all relevant times herein was, certified by the DHCS to operate a SUD treatment program, accredited by JCAHO and the Commission on Accreditation of Rehabilitation Facilities International ("CARF"), and has a CMS, CLIA, certificate of waiver.  At times relevant herein, TML Recovery was licensed by the California Department of Public Health ("DPH") and accredited by the CMS and Commission on Office Laboratory Accreditation ("COLA") as a laboratory for the examination of materials derived from the human body for the purpose of providing information for the diagnosis, prevention, and treatment of human disease or impairment, and to determine, measure, or otherwise describe the presence or absence of various substances or organisms in the body.

3. **Plaintiff Southern California Recovery Centers Oceanside, LLC, also known as Southern California Recovery Centers, So Cal Recovery and SCRC ("SCRCO")** (TIN 47-4573182), is, and at all relevant times herein mentioned was, a California limited liability company qualified to do business in the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   State of California.  SCRCO is a SUD treatment provider and clinical laboratory.

2   SCRCO is in the profession of helping individuals recover from alcoholism and

3   addiction and return to their families and communities as productive and

4   contributing members of society.  SCRCO is, and at all relevant times herein was,

5   certified by the DHCS to operate a SUD treatment program and has a CMS, CLIA,

6   certificate of waiver.  At times relevant herein, SCRCO was licensed by the DPH

7   and accredited by the CMS and COLA as a laboratory for the examination of

8   materials derived from the human body for the purpose of providing information for

9   the diagnosis, prevention, and treatment of human disease or impairment, and to

10   determine, measure, or otherwise describe the presence or absence of various

11   substances or organisms in the body.

12        4.    **Plaintiff MMR Services, LLC, doing business as Southern**

13   **California Services and So Cal Services ("MMR Services")** (TIN 47-3018602),

14   is, and at all relevant times herein mentioned was, a California limited liability

15   company qualified to do business in the State of California.  MMR Services was, at

16   all times relevant herein, a licensed clinical laboratory.  MMR Services provided

17   laboratory services to those in the process of recovering from mental health and

18   SUDs.  MMR Services was, at all relevant times herein, licensed by the DPH and

19   accredited by the CMS and COLA as a laboratory for the examination of materials

20   derived from the human body for the purpose of providing information for the

21   diagnosis, prevention, and treatment of human disease or impairment, and to

22   determine, measure, or otherwise describe the presence or absence of various

23   substances or organisms in the body.  MMR Services was a full service, CLIA

24   compliant, high complexity reference specialty laboratory that combines state of the

25   art laboratory testing processes, methodologies and cutting-edge technology for its

26   specialization in urine toxicology drug confirmation testing which is designed to

27   provide accurate results that help physicians and clinicians create a scientifically

28   designed drug monitoring strategy for optimal treatment outcomes, which includes

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -

1  core lab and PGx testing for accurate prescription therapy.

2      5.      **Plaintiff Southern California Addiction Center, Inc. ("SCAC")**

3  (TIN 47-5231947) is, and at all relevant times herein mentioned was, a California

4  corporation qualified to do business in the State of California.  At all times relevant

5  herein, SCAC was a SUD treatment provider in the profession of helping

6  individuals recover from alcoholism and addiction and return to their families and

7  communities as productive and contributing members of society.  SCAC was, at all

8  relevant times herein, licensed and certified by the DHCS to operate a SUD

9  residential facility and treatment program, accredited by JCAHO, and had a CMS,

10  CLIA, certificate of waiver.

11      6.      **Plaintiff Kool Living, Inc., doing business as Kool Living Recovery**

12  **Center and Footprints Behavioral Health ("Kool Living")** (TIN 46-1249745), is,

13  and at all relevant times herein mentioned was, a California corporation qualified to

14  do business in the State of California.  At all times relevant herein, Kool Living was

15  a SUD treatment provider in the profession of helping individuals recover from

16  alcoholism and addiction and return to their families and communities as productive

17  and contributing members of society.  Kool Living was, at all relevant times herein,

18  licensed and certified by the DHCS to operate a SUD residential facility and

19  treatment program, accredited by JCAHO, and had a CMS, CLIA, certificate of

20  waiver.

21      7.      **Plaintiff Pacific Palms Recovery, LLC, also known as Pacific Palms**

22  **Recovery & Lifeskills Program ("Pacific Palms")** (TIN 80-0651115), is, and at

23  all relevant times herein mentioned was, a California limited liability company

24  qualified to do business in the State of California.  Pacific Palms is a SUD treatment

25  provider.  Pacific Palms is in the profession of helping individuals recover from

26  alcoholism and addiction and return to their families and communities as productive

27  and contributing members of society.  Pacific Palms is, and at all relevant times

28  herein was, certified by the DHCS to operate a SUD treatment program, accredited

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 5 -
THIRD AMENDED CONSOLIDATED COMPLAINT

1   by JCAHO and CARF, and has a CMS, CLIA, certificate of waiver.

2          8.      **Plaintiff Addiction Health Alliance, LLC ("AHA")** (TIN 46-

3   5515765) is, and at all relevant times herein mentioned was, a California limited

4   liability company qualified to do business in the State of California.  AHA is a SUD

5   treatment provider and clinical laboratory.  AHA is in the profession of helping

6   individuals recover from alcoholism and addiction and return to their families and

7   communities as productive and contributing members of society.  AHA is, and at all

8   relevant times herein was, licensed by the DHCS to operate a SUD residential

9   facility and accredited by JCAHO.  AHA is, and at all relevant times herein was,

10  licensed by the DPH and accredited by the CMS and COLA as a laboratory for the

11  examination of materials derived from the human body for the purpose of providing

12  information for the diagnosis, prevention, and treatment of human disease or

13  impairment, and to determine, measure, or otherwise describe the presence or

14  absence of various substances or organisms in the body.

15         9.      **Plaintiff DR Recovery Encinitas, LLC, also known as Southern**

16  **California Recovery Centers, So Cal Recovery and SCRC ("DR Recovery")**

17  (TIN 47-1361036), is, and at all relevant times herein mentioned was, a California

18  limited liability company qualified to do business in the State of California.  At all

19  times relevant herein, DR Recovery was a SUD treatment provider and clinical

20  laboratory in the profession of helping individuals recover from alcoholism and

21  addiction and return to their families and communities as productive and

22  contributing members of society.  DR Recovery was, at all relevant times herein,

23  certified by the DHCS to operate a SUD treatment program and had a CMS, CLIA,

24  certificate of waiver.  At times relevant herein, DR Recovery was licensed by the

25  DPH and accredited by the CMS and COLA as a laboratory for the examination of

26  materials derived from the human body for the purpose of providing information for

27  the diagnosis, prevention, and treatment of human disease or impairment, and to

28  determine, measure, or otherwise describe the presence or absence of various

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 6 -

THIRD AMENDED CONSOLIDATED COMPLAINT

substances or organisms in the body.

      10.    **Plaintiff Inland Detox, Inc. ("Inland Detox")** (TIN 47-4597782) is, and at all relevant times herein mentioned was, a California corporation qualified to do business in the State of California.  Inland Detox is a SUD treatment provider. Inland Detox is in the profession of helping individuals recover from alcoholism and addiction and return to their families and communities as productive and contributing members of society.  Inland Detox is, and at all relevant times herein was, licensed by the DHCS to operate a SUD residential facility, accredited by CARF, and has a CMS, CLIA, certificate of waiver.

      11.    **Plaintiff 12 South, LLC ("12 South")** (TIN 47-5125464) is, and at all relevant times herein mentioned was, a California limited liability company qualified to do business in the State of California.  12 South is a mental health and SUD treatment provider.  12 South is in the profession of helping individuals recover from alcoholism and addiction and return to their families and communities as productive and contributing members of society.  12 South is, and at all relevant times herein was, certified by the DHCS to operate a SUD treatment program, accredited by JCAHO, and has a CMS, CLIA, certificate of waiver.

      12.    **Plaintiff NTR Resources, LLC ("NTR Resources")** (TIN 82-4434097) is, and at all relevant times herein mentioned was, a California limited liability company qualified to do business in the State of California.  NTR Resources is a clinical laboratory.  NTR Resources provides laboratory services to those in the process of recovering from mental health and SUDs.  NTR Resources is licensed by the DPH and accredited by the CMS and COLA as a laboratory for the examination of materials derived from the human body for the purpose of providing information for the diagnosis, prevention, and treatment of human disease or impairment, and to determine, measure, or otherwise describe the presence or absence of various substances or organisms in the body.  NTR Resources is a full service, CLIA compliant, high complexity reference specialty laboratory that

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   combines state of the art laboratory testing processes, methodologies and cutting-

2   edge technology for its specialization in urine toxicology drug confirmation testing

3   which is designed to provide accurate results that help physicians and clinicians

4   create a scientifically designed drug monitoring strategy for optimal treatment

5   outcomes, which includes core lab and PGx testing for accurate prescription

6   therapy.

7       **The Defendants**

8       13.   On information and belief, **Defendant Anthem Blue Cross Life and**

9   **Health Insurance Company ("Anthem Blue Cross")** is a California corporation,

10   which conducts insurance operations throughout California, representing to

11   consumers that Anthem Blue Cross, together with its syndicate, association,

12   subsidiaries and affiliates is a national health insurance organization.[1]  Anthem Blue

13   Cross operates as and owns the trademark "Anthem Blue Cross."

14       14.   On information and belief, **Defendant Anthem Inc. ("Anthem Inc.")**

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

---

[1]  In March 2020, the *Ames, et al. v. Anthem Blue Cross Life & Health Insurance Company*, *et al.*, Los Angeles Superior Court, Case No.: BC591623, class action settled.  The settlement benefits individuals who were enrolled under an Anthem PPO health plan and who requested coverage for behavioral health treatment for a co-morbid diagnosis (substance use disorder and mental health) between August 18, 2011 and February 4, 2020.  Included in the class are persons: (1) whose requests for authorization for substance use disorder treatment were denied because they had purportedly reached their plan's benefit limit; (2) whose requests for authorization for substance use disorder treatment were denied for lack of medical necessity under Anthem's criteria for assessing medical necessity of substance use disorders; and/or (3) who did not eek authorization of continued treatment because an Anthem representative or a provider told them that they had reached their plan's benefit limit for treatment of a substance use disorder in a calendar year. *See* Calif. Anthem Blue Cross Treatment Denial Class Action, retrieved on April 15, 2020 from https://topclassactions.com/lawsuit-settlements/open-lawsuit-settlements/insurance/calif-anthem-blue-cross-treatment-denial-class-action-settlement/; *see also*, Ames v. Anthem Notice of Settlement, retrieved from https://amessettlement.com/Home/portalid/0?portalid=0, on April 30, 2020.

- 8 -

1    is an Indiana corporation, doing business in California as Anthem Health, Inc.[2]

2         15.    On information and belief, **Defendant The Anthem Companies of**

3    **California ("The Anthem Companies")** is a California corporation.

4         16.    On information and belief, **Defendant The Anthem Companies, Inc.,**

5    is an Indiana corporation, doing business in Wisconsin as **Blue Cross and Blue**

6    **Shield of Wisconsin ("BCBS Wisconsin")**.

7         17.    On information and belief, **Defendant Anthem Insurance**

8    **Companies, Inc. ("Anthem Insurance Companies")** is an Indiana corporation,

9    doing business in Indiana as **Anthem Blue Cross and Blue Shield of Indiana**

10   **("BCBS Indiana")**.  "Anthem"® is a registered trademark of Anthem Insurance

11   Companies.

12        18.    On information and belief, **Defendant Blue Cross of California**

13   **("BCC")** is a California corporation.  Anthem Blue Cross is the trade name of BCC.

14        19.    On information and belief, **Defendant Blue Cross and Blue Shield of**

15   **Alabama ("BCBS Alabama")** is an Alabama corporation.

16        20.    On information and belief, **Defendant Blue Cross and Blue Shield of**

17   **Arizona, Inc. ("BCBS Arizona")** is an Arizona corporation.

18        21.    On information and belief, **Defendant  USAble Mutual Insrance**

19   **Company** doing business in Arkansas as **Arkansas Blue Cross and Blue Shield**

20   **("BCBS Arkansas")** is an Arkansas corporation.

21   _____

22   [2]  On March 27, 2020, Geoffrey S. Berman, the United States Attorney for the Southern District of
     New York, announced that the United States filed a Medicare fraud lawsuit against Anthem, Inc.,
23   alleging that Anthem falsely certified certifying the accuracy of the diagnosis data it submitted to
     CMS, which enabled Anthem to obtain millions of dollars in Medicare funds to which it was not
24   entitled.  *See* Manhattan U.S. Attorney Files Civil Fraud Suit Against Anthem, Inc., For Falsely
     Certifying The Accuracy Of Its Diagnosis Data _ USAO-SDNY _ Department of Justice – Press
25   Release Number: 20-100 (March 27, 2020), retrieved on March 31, 2020 from
     https://www.justice.gov/usao-sdny/pr/manhattan-us-attorney-files-civil-fraud-suit-against-anthem-
26   inc-falsely-certifying; *see also*, pdf copy of the filed complaint (March, 26, 2020), retrieved on
     March 31, 2020 from https://www.justice.gov/usao-sdny/press-release/file/1262841/download.
27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 9 -
THIRD AMENDED CONSOLIDATED COMPLAINT

22.    On information and belief, **Defendant Anthem Health Plans, Inc.**, is a Connecticut corporation, doing business in Connecticut as **Anthem Blue Cross and Blue Shield of Connecticut ("BCBS Connecticut")**.

23.    On information and belief, **Defendant Blue Cross and Blue Shield of Florida, Inc. ("BCBS Florida")** is a Florida corporation.

24.    On information and belief, **Defendant Blue Cross and Blue Shield of Georgia, Inc. ("BCBS Georgia")** is a Georgia corporation.

25.    On information and belief, **Defendant Health Care Service Corporation** is an Illinois corporation, doing business in Illinois as **Blue Cross Blue Shield of Illinois ("BCBS Illinois")**, in Oklahoma as **Blue Cross and Blue Shield of Oklahoma ("BCBS Oklahoma"),** and in Texas as **Blue Cross and Blue Shield of Texas ("BCBS Texas")**.

26.    On information and belief, **Defendant Blue Cross and Blue Shield of Kansas City, Inc. ("BCBS Kansas City")** is a Missouri corporation.

27.    On information and belief, **Defendant Anthem Health Plans of Kentucky, Inc.** is a Kentucky corporation, doing business in Kentucky as **Blue Cross Blue Shield of Kentucky ("BCBS Kentucky")**.

28.    On information and belief, **Defendant HMO Louisiana, Inc.** is a Louisiana corporation, doing business in Louisiana as **Blue Cross and Blue Shield of Louisiana ("BCBS Louisiana")**.

29.    On information and belief, **Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBS Massachusetts")** is a Massachusetts corporation.

30.    On information and belief, **Defendant BCBSM, Inc.,** is a Minnesota corporation, doing business in Minnesota as **Blue Cross and Blue Shield of Minnesota, Inc. ("BCBS Minnesota")**.

31.    On information and belief, **Defendant HMO Missouri, Inc.** is a Missouri corporation, doing business in Missouri as **Anthem Blue Cross and Blue Shield of Missouri ("BCBS Missouri")**.

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

32.     On information and belief, **Defendant Blue Cross and Blue Shield of Nebraska, Inc. ("BCBS Nebraska")** is a Nebraska corporation.

33.     On information and belief, **Defendant Blue Cross and Blue Shield of North Carolina ("BCBS North Carolina")** is a North Carolina corporation.

34.     On information and belief, **Defendant Community Insurance Company** is an Ohio corporation**,** doing business in Ohio as **Anthem Blue Cross and Blue Shield of Ohio ("BCBS Ohio")**.

35.     On information and belief, **Defendant Blue Cross and Blue Shield of Rhode Island ("BCBS Rhode Island")** is a Rhode Island corporation.

36.     On information and belief, **Defendant Blue Cross and Blue Shield of South Carolina ("BCBS South Carolina")** is a South Carolina corporation.

37.     On information and belief, **Defendant Blue Cross Blue Shield of Tennessee, Inc. ("BCBS Tennessee")** is a Tennessee corporation.

38.     On information and belief, **Defendant Anthem Health Plans of Virginia, Inc.** is a Virginia corporation, doing business in Virginia as **Anthem Blue Cross and Blue Shield of Virginia ("BCBS Virginia")**.

39.     On information and belief, **Defendant Capital Blue Cross ("BCBS Capital PA")** is a Pennsylvania corporation.

40.     On information and belief, **Defendant CareFirst BlueChoice, Inc. ("BCBS D.C.")** is a District of Columbia corporation.

41.     On information and belief, **Defendant CareFirst of Maryland, Inc.** is a Maryland corporation, doing business in Maryland as **CareFirst Blue Cross Blue Shield ("BCBS Maryland")**.

42.     On information and belief, **Defendant Empire HealthChoice Assurance, Inc.**, is a New York corporation, doing business in New York as **Empire Blue Cross Blue Shield ("BCBS Empire NY")**.

43.     On information and belief, **Defendant Excellus Health Plan, Inc.** is a New York corporation, doing business in New York as **Excellus Blue Cross Blue

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Shield (**"BCBS Excellus NY"**).

2      44.    On information and belief, **Defendant HealthKeepers, Inc. ("BCBS**

3    **HealthKeepers")** is a Virginia corporation.

4      45.    On information and belief, **Defendant Healthy Alliance Life**

5    **Insurance Company ("BCBS Healthy MO")** is a Missouri corporation.

6      46.    On information and belief, **Defendant Highmark Blue Cross Blue**

7    **Shield**, is a Pennsylvania corporation, doing business in Pennsylvania as **Blue**

8    **Cross Blue Shield of Western Pennsylvania ("BCBS Western PA")**.

9      47.    On information and belief, **Defendant Highmark Blue Shield**, is a

10    Pennsylvania corporation, doing business in Pennsylvania as **Pennsylvania Blue**

11    **Shield ("BCBS Central PA")**.

12      48.    On information and belief, **Defendant Independence Hospital**

13    **Indemnity Plan, Inc.**, formerly known as **Independence Blue Cross ("BCBS**

14    **Independence PA")** is a Pennsylvania corporation.

15      49.    On information and belief, **Defendant Premera Blue Cross ("BCBS**

16    **Premera WA")** is a Washington corporation.

17      50.    On information and belief, **Defendant Regence Blue Cross Blue**

18    **Shield** is an Oregon corporation, doing business in Oregon as **Blue Cross Blue**

19    **Shield of Oregon ("BCBS Oregon")**.

20      51.    On information and belief, **Defendant Regence Blue Shield ("BCBS**

21    **Regence WA")** is a Washington corporation.

22      52.    On information and belief, **Defendant Rocky Mountain Hospital and**

23    **Medical Service, Inc.** is a Colorado corporation, doing business in Colorado as

24    **Anthem Blue Cross and Blue Shield of Colorado ("BCBS Colorado")**.

25      53.    On information and belief, the Blue Cross and Blue Shield Defendants,

26    and each of them, market and issue health insurance, and insure, issue, administer

27    and make coverage and benefit determinations with respect to the health care plans

28    at issue in this action; they develop and apply SUD and mental health treatment and

THIRD AMENDED CONSOLIDATED COMPLAINT

1    laboratory guidelines in making coverage and benefit determinations; they

2    participate in the claims administration process related to plans insured, managed

3    and/or administered by their wholly-owned and controlled subsidiaries, syndicates,

4    associations, affiliates, controlled agents and undisclosed principals, including, but

5    not limited to each of the other Blue Cross and Blue Shield Defendants, and

6    Defendants Viant, Inc. and Multiplan, Inc.; and they are licensed and regulated by

7    the California Department of Insurance ("CDI") and the California Department of

8    Managed Health Care ("CDMHC") to transact the business of insurance in the State

9    of California, are in fact transacting the business of insurance in the State of

10   California, and are thereby subject to the laws and regulations of the State of

11   California.

12        54.    On information and belief, **Defendant Blue Cross and Blue Shield**

13   **Association (the "Association")** is an Illinois corporation, controlled and funded by

14   the Blue Cross and Blue Shield Defendants, among other Blue Cross Blue Shield

15   ("BCBS") entities that operate under the Blue Cross and Blue Shield trademarks and

16   trade names.  The Association was created by the Blue Cross and Blue Shield

17   Defendants and the other BCBS entities, and operates as the licensor of the Blue

18   Cross and Blue Shield trademarks and trade names.  The Association exists solely

19   for the benefit of the Blue Cross and Blue Shield Defendants and the other BCBS

20   entities and to facilitate their concerted activities.

21        55.    According to its website, The Association, and the Blue Cross and Blue

22   Shield Defendants and other BCBS entities, "understand and answer to the needs of

23   local communities, while providing nationwide healthcare coverage that opens doors

24   for more than 107 million members in all 50 states, Washington, D.C., and Puerto

25   Rico;" they contract nationwide with "more than 96 percent of hospitals and 95

26   percent of doctors and specialists contract with Blue Cross Blue Shield companies

27   — more than any other insurer;" the Association "is a national association of 36

28   independent, community-based and locally operated Blue Cross Blue Shield

- 13 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

companies;" "the Association owns and manages the Blue Cross and Blue Shield

trademarks and names in more than 170 countries around the world;" and "the

Association grants licenses to independent companies to use the trademarks and

names in exclusive geographic areas."  See, https://www.bcbs.com/about-us/the-

blue-cross-blue-shield-system (last visited August 22, 2020).

56.    The Association is engaged in the business of selling and administering

health insurance and healthcare benefit plans, and is the plan administrator of the

Federal Employee Health Benefit Program ("FEP"), under which a number of

Plaintiffs' claims were submitted.

57.    When explaining to the U.S. Internal Revenue Service ("IRS") why it

deserves tax exempt status as a non-profit organization, the Association has stated

that its tax exempt purpose is promoting, through Blue Cross and Blue Shield

Member Plans, the common good and general welfare of the community by

fostering broad-based health insurance coverage, and that it serves as the umbrella

organization for the Member Plans, coordinating advertising and communication

programs, providing policy and representation of member interests, monitoring and

fostering the financial stability of all the plans, and supporting the ability of the

plans to operate efficiently by providing conferences, consulting and miscellaneous

services to the plans. [3]

58.    The governance structure of the Association is set out in its bylaws,

which were approved by a vote of the Member Plans, who agreed to be bound by

the Association rules, yet serve as governing members of the Association and may

amend or repeal the bylaws and adopt new bylaws.  The Association's own bylaws

demonstrate that the Association is funded and controlled by the Member Plans,

who receive licenses to use the BCBS trade/service marks.  The Association is led

by a Chief Executive Officer and President, and the Association's Board of

---

[3] 2018 IRS Form 990, filed by Blue Cross Blue Shield Association with the Internal Revenue Service on November 14, 2019.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Directors is comprised of the CEO of each of the Member Plans plus the CEO of the Association.

59.     The Blue Cross and Blue Shield Defendants, who hold themselves out to the public as independent companies, have conspired with each other and with the Association to engage in an illegal horizontal market allocation, agreeing to carve the United States into exclusive service areas ("ESA") in which only one Member Plan can sell insurance, administer employee benefit plans or contract with healthcare providers.  The other Member Plans enjoy the benefit of the artificially reduced, fixed prices that each Member Plan pays to healthcare providers through the national programs they have collectively established, including the Blue Card Program and the National Accounts Programs.

60.     Each Member Plan has signed a License Agreement with the Association that identifies an ESA where a Member Plan may use the BCBS marks, and the Plans agreed that they may not use the licensed BCBS marks outside the ESA.

61.     Four Member Plan CEOs in 1986 recognized that "[t]he major advantage of an ESA was seen in the lessening of competition as well as the opportunity to discuss plans and proposals with companies in the same industry knowing that those ideas would not be used against you." [4]

62.     The Association and the Blue Cross and Blue Shield Defendants entities have conspired and agreed that the Blue Cross and Blue Shield Defendants will not compete with each other in terms of their provider networks, and even when the Blue Cross and Blue Shield Defendants have significant enrollees in another Blue Cross and Blue Shield Defendant's service area, they have an agreement that they will not contract with providers outside of their service areas except in limited circumstances.  In short, the Association exists solely for the benefit of the Blue

[4] Memorandum Opinion, *In re: Blue Cross Blue Shield Antitrust Litigation*, Case 2:13-cv-20000-RDP, ECF No. 2063, filed 04/05/18, at p. 13.

1    Cross and Blue Shield Defendants, and to facilitate their concerted activities.

2        63.    In furtherance of these concerted activities, each of the Blue Cross and

3    Blue Shield Defendants has agreed to participate in the national programs adopted

4    by the Association and Blue Cross and Blue Shield Defendants, including the Blue

5    Card Program and the National Accounts Program.  The Blue Card Program is a

6    program that enables members of one BCBS plan to obtain health care services

7    while traveling or living in another BCBS plan's service area.  Under this program,

8    when a member of a BCBS plan obtains covered health care services in another

9    state, the "local" or "host" BCBS plan (*i.e.*, the plan located in the state where the

10   services are provided) receives the claim(s) from the local provider and routes the

11   claim information along with pricing data to the "home" BCBS plan.  The "home"

12   plan is the BCBS plan that issues, insures and/or administers the health plan for the

13   member.[5]   The National Accounts Program functions in a similar manner and

14   generally applies to employee benefit plans with insured members in multiple states.

15   These programs have been established by a horizontal agreement between the Blue

16   Cross and Blue Shield Defendants.  The Blue Card Program is managed by a

17   Committee of Blue Cross and Blue Shield Defendants sitting on the Inter-Plan

18   Programs Committee.  These programs, among other national programs, lock in

19   fixed, discounted reimbursement rates that each Blue Cross and Blue Shield

20   Defendant achieves through market dominance in its service area and makes

21   subcompetitive rates available to all other Blue Cross and Blue Shield Defendants

22   without the need for negotiation or contracting.  Because many Blue Cross and Blue

23   _____

24   [5] Specifically, the mechanics of the Host/Home plan relationship operate as follows:  The Host
     Plan (in this case BCC) collects initial claims data and forwards it to the Home plan for a
25   determination as to whether the claim is covered under the policy issued by the Home Plan.  The
     Host Plan does not make any determination regarding the scope of coverage or the Member's
26   eligibility for coverage.  The Home Plan evaluates the data submitted by the Host Plan, determines
     whether and how much of the claim is allowable, and advises the Host Plan of its determination.
27   The Host Plan prices the claim and makes payment to the service provider, and then submits a
     claim to the Home Plan for reimbursement.
28

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Shield Defendants have large numbers of members outside of their service areas,

2    and rather than forming competing networks of providers in the other service areas,

3    the Blue Cross and Blue Shield Defendants pay the Home Plan a kickback, called an

4    Access Fee, and thereby share the excess profits they achieve through the sub-

5    competitive prices that the Blue Cross and Blue Shield Defendants pay to Providers.

6        64.    The Association and the Member Plans are defendants in the matter of

7    *In re: Blue Cross Blue Shield Antitrust Litigation*, Case 2:13-cv-20000-RDP, a

8    consolidation of multiple lawsuits that were initially filed in 2012 by two putative

9    nationwide classes of plaintiffs -- health plan subscribers and providers -- for

10   conspiring to horizontally allocate geographic markets through license agreements,

11   best efforts rules, restrictions on acquisitions, rules governing the BlueCard and

12   National Accounts programs and other arrangements.[6]

13       65.    In interviews conducted by the Association in which questions about

14   ESAs were asked, Plan CEOs stated that ESAs create "[l]arger market share because

15   other Blues stay out and do not fragment the market," and allow for aggressive

16   bargaining, and one CEO reported that "Plans benefit from the exclusive service

17   areas because it eliminates competition from other Blue Plans" and that without

18   service areas, "there would be open warfare."[7]

19       66.    In 1992, the Blue Card program was developed and participation in the

20   Blue Card program is a requirement of the License Agreement between the

21   Association and each individual Member Plan.[8]

22       67.    The Association and the Blue Cross and Blue Shield Defendants

23   operate under an agreed set of rules whereby prices for healthcare services paid by

24   the entire group of Member Plans -- all 36 separate BCBS entities -- are set by its

25

26   [6] Anthem, Inc. third quarter 2020 Form 10-Q, filed with the U.S. Securities and Exchange
     Commission ("SEC"), on October 28, 2020.

27   [7] Memorandum Opinion, *In re: Blue Cross Blue Shield Antitrust Litigation*, Case 2:13-cv-20000-
     RDP, ECF No. 2063, filed 04/05/18, at p. 13.

28   [8] *Id.*, at pp. 15-17.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 17 -

THIRD AMENDED CONSOLIDATED COMPLAINT

Home Plan, and the Member Plans have agreed to not interfere with the Home Plan's pricing of healthcare services or its negotiations with healthcare providers.[9]

68.     *In re: Blue Cross Blue Shield Antitrust Litigation* began as a single case in 2012, and was subsequently converted into an MDL after numerous similar cases by health plan subscribers and healthcare providers were filed across the country, each contending that the Association and Member Plans unlawfully impeded competition among its Member Plans, causing consumers to pay higher rates for healthcare services and insurance.

69.     When the claims of antitrust violations were raised on summary judgment in the matter of *In re: Blue Cross Blue Shield Antitrust Litigation*, the Association and the Blue Cross and Blue Shield Defendants' defense was that they cannot be guilty of fixing prices or monopolizing health insurance in their ESAs because *they operate as a single entity*.[10]   The Court in that case nonetheless ruled that:

a.     Defendants' ESA limitations prohibit the Blue Plans from competing, and thus earning revenue, outside of their area under their Blue brands, which is an antitrust violation.

b.     Defendants' National Best Efforts rule, implemented in 2005, requires a Plan to derive at least sixty-six and two-thirds percent (66 2/3%) of its national health insurance revenue from its Blue brand, which has been deemed an output restriction[11] on a Plan's non-Blue brand business.

---

[9] *Id.*, at pp. 52-53.

[10] *Id.*, at p. 32.

[11] Output restrictions have been called one of the "most important per se categories," along with naked horizontal price-fixing and market allocation. *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57, 61 (1st Cir. 2004) (citing *U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 593 (1st Cir. 1993)); see also *Xcaliber Int'l Ltd. LLC v. Atty. Gen. State of La.*, 612 F.3d 368, 375 (5th Cir. 2010).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

c.    The Blue Card program constitutes horizontal price fixing[12] that completely eliminates the possibility of price competition among the Blues for providers' services.[13]

70.    On October 16, 2020, the Association and the Blue Cross and Blue Shield Defendants settled just the subscribers' side of the case, and agreed to pay $2.67 billion and to be subjected to injunctive relief,[14] while the healthcare providers' claims against the Association and the Blue Cross and Blue Shield Defendants are still pending.

71.    On information and belief, **Defendant Viant, Inc. ("Viant")** is a Nevada corporation which conducts insurance operations throughout California. Viant provides health care payment solutions and offers auditing and reimbursement of behavioral health and SUD claims and costs, as well as prepayment services such as treatment facility bill review and professional negotiation, on plans at issue herein insured, managed and/or administered by Anthem Blue Cross and its syndicate, association, subsidiaries and affiliates.  Plaintiffs are informed and believe, and based thereon allege, that Viant is licensed and regulated by the CDI and the CDMHC to transact the business of insurance in the State of California, is in fact transacting the business of insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

72.    On information and belief, **Defendant MultiPlan, Inc. ("MPI")** is a New York corporation which conducts insurance operations throughout California.

---

[12] It is axiomatic that horizontal price-fixing schemes are per se violations of the Sherman Act. See *All Care Nursing Serv., Inc. v. High Tech Staffing Servs.*, 135 F.3d 740, 746 (11th Cir. 1998); *Texaco, Inc. v. Dagher*, 547 U.S. 1, 5 (2006).

[13] *Ibid.*, at pp. 46-49.

[14] Subscriber Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of Proposed Class Settlement (ECF 2610-1) and Settlement Agreement (ECF 2610-2), *In re Blue Cross Blue Shield Antitrust Litigation*, Case No. 2:13-cv-20000-RDP, filed October 30, 2020.

THIRD AMENDED CONSOLIDATED COMPLAINT

MPI is a provider of healthcare cost management solutions, specializing in providing claim cost management solutions for controlling the financial risks associated with health care bills on plans at issue herein insured, managed and/or administered by Anthem Blue Cross and its syndicate, association, subsidiaries and affiliates.  MPI also offers preferred provider organization network solutions for accessing hospitals, ancillary care facilities, treatment facilities, and health care professionals for the benefit and at the control and direction of Anthem Blue Cross and its syndicate, association, subsidiaries and affiliates.  Plaintiffs are informed and believe, and based thereon allege, that MPI is licensed and regulated by the CDI and the CDMHC to transact the business of insurance in the State of California, is in fact transacting the business of insurance in the State of California, and is thereby subject to the laws and regulations of the State of California.

73.    Plaintiffs are informed and believe that, at all relevant times, each of the Defendants was and is the agent, servant, representative, undisclosed principal and/or alter ego of each of the other Defendants, and in doing the things herein alleged, each of the Defendants was acting in the scope of its authority as such agent, servant, representative, undisclosed principal and/or alter ego, and with the permission and consent of each of the other Defendants.

74.    Plaintiffs are informed and believe that, at all relevant times, Defendants are the alter egos of the other Defendants, have comingled assets, have comingled business operations, have undercapitalized operations, have ignored corporate formalities, and have exercised such dominion and control over the operations of the other Defendants that it would be unjust to permit such Defendants to avoid individual liability.  Plaintiffs are further informed and believe, that a unity of interest and ownership exists between Defendants, that any individuality and separateness between Defendants have ceased, and that Defendants are the alter egos of one another.  On information and belief, Plaintiffs understand and believe that Defendants share the same common ownership, places of business,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    managements, and operate as a single enterprise.

2         75.    Plaintiffs are informed and believe that, at all relevant times, each of

3    the Defendants formed and operated a conspiracy with each of the other Defendants

4    to perform the acts alleged herein, in furtherance of a common design to place

5    profits over patients and damage SUD treatment providers and laboratories,

6    including Plaintiffs, and with knowledge that the conduct alleged herein of each of

7    the Defendants constituted violations of law and provided substantial assistance or

8    encouragement to each other to so act against insured patients and SUD treatment

9    providers and laboratories, including Plaintiffs.

10        76.    By the conduct alleged herein, and specifically the agreements

11   governing the Defendants' relationships, the Association and the Blue Cross and

12   Blue Shield Defendants, and each of them, represent one another in dealings with

13   third persons, hold power to alter the legal relations between each of them and third

14   parties, and control the conduct of each other, including restraints on competition

15   and pricing of healthcare claims, and each acts as a fiduciary of the other with

16   respect to matters within the scope of their agreements and business relationships.

17        77.    The agreements and relationships between the Association and the Blue

18   Cross and Blue Shield Defendants, and each of them, demonstrate a unity of interest

19   or ownership between the Defendants, and if the acts of denying and under-

20   reimbursing Plaintiffs' OON SUD claims are treated as those of a single Blue Cross

21   and Blue Shield Defendant, an inequitable result will follow as these unlawful

22   practices are institutional and have been carried out by each of the Defendants, each

23   knowing the other's conduct was unlawful and yet each providing substantial

24   assistance or encouragement to the other to so act and cause direct harm to

25   Plaintiffs.

26        78.    The Association and the Blue Cross and Blue Shield Defendants

27   engaged in a conspiracy to suppress, artificially reduce and fix the pricing for

28   healthcare services that is a substantial factor in Defendants' under-reimbursement

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 21 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1  of Plaintiffs' claims in contravention of the Plans and in violation of ERISA and

2  California law.

3       79.    The conspiratorial conduct of Defendants, and each of them, not only

4  violates state and federal antitrust laws as expressed in *In re Blue Cross Blue Shield*

5  *Antitrust Litigation*, but also creates an economic barrier to accessing OON SUD

6  services by suppressing reimbursement rates and concomitantly increasing the

7  insured patient's coinsurance amount and out of pocket expense that does not exist

8  for accessing medical and surgical benefits, in violation of MHPAEA, and also

9  results in the denial of mandated essential healthcare benefits – SUD services – in

10  violation of the PPACA.

11       80.    This unlawful conduct by Defendants, and each of them, has caused

12  Plaintiffs direct injury and harm in the form of loss of revenue, loss of profits, loss

13  of business opportunities, and other legal consequences of such unlawful conduct,

14  and Defendants, and each of them, must bear liability for their unlawful practices

15  and Plaintiffs' remedies for violation of California's Unfair Competition Law (Cal.

16  Bus & Prof. Code §§ 17200 et seq.) must be assessed as to each of the Defendants.

17       **BRIEF STATEMENT OF THE CONSOLIDATED LITIGATION**

18       81.    Plaintiffs are out-of-network ("OON") SUD treatment providers and

19  clinical laboratories.  Plaintiffs provided medically necessary, verified,

20  preauthorized and covered SUD treatment and laboratory services to 1,691

21  individuals with health insurance that was sold, insured, managed and/or

22  administered by Defendants.  The treatment and services provided by Plaintiffs

23  include residential detoxification ("DTX"), residential treatment ("RTC"), partial

24  hospitalization ("PHP"), intensive outpatient ("IOP"), outpatient and day treatment

25  ("OP"), diagnostic tests and evaluations, assessment and treatment planning,

26  treatment and procedures, counseling and individual, family and group therapy,

27  behavioral treatment and therapy, medication management, psychological testing,

28  case management services, crisis intervention, and laboratory services to, among

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

other things, determine, measure, or otherwise describe the presence or absence of

various substances in the body.  The treatments and services were provided by and

within the scope of practice of properly qualified, licensed and certified behavioral

health providers, medical and clinical directors and professionals, in a safe,

supportive and encouraging recovery environment, consistent with prevailing

professionally recognized standards of SUD treatment and services, and known to

be effective in improving health care outcomes for individuals with mental health

and SUDs.

82.     Defendants' health insurance plans, for each of the 1,691 insureds at

issue, allow the insureds to obtain SUD treatment and laboratory services from an

in-network provider ("INP") or OON provider ("OONP"), like Plaintiffs.  In this

regard, the plans, and each of them, provide that OON SUD benefits include the

following levels of care: DTX, RTC, PHP, IOP, and OP.  The plans also provide

that covered OON SUD services include: diagnostic tests and evaluations,

assessment and treatment planning, treatment and procedures, counseling,

individual, family and group therapy, behavioral treatment and therapy, medication

management, psychological testing, case management services and crisis

intervention.  The plans further provide coverage for OON laboratory benefits,

which include the facility charge and the charge for supplies and equipment,

physician services for pathologists, and presumptive drug tests and definitive drug

tests.

83.     Defendants' health insurance plans, for each of the 1,691 insureds at

issue, pay benefits for OON SUD treatment and laboratory services, including, but

not limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations,

assessment and treatment planning, treatment and procedures, counseling,

individual, family and group therapy, behavioral treatment and therapy, medication

management, psychological testing, case management services, crisis intervention,

and laboratory services, at varying percentages of covered charges (between 50% to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    80% of covered charges, with the majority of plans paying OON benefits at 70% of

2    covered charges (minus any outstanding cost-sharing amounts (*i.e.*, deductibles,

3    coinsurance), which Defendants deduct from payments to Plaintiffs)) until the

4    insured's annual out-of-pocket maximum ("AOOPM") is met at which time

5    Defendants pay 100%.  Plaintiffs are informed and believe, and based thereon

6    allege, that each of the 1,691 insureds had already met their AOOPM at the time

7    they first received treatment or services from Plaintiffs, or shortly thereafter.  Some

8    of the plans at issue pay 100% of covered charges (minus any applicable and

9    remaining in-network deductibles, copays or coinsurance) in the event of a "network

10   inadequacy" or "network gap" for the services received.  Plaintiffs are informed and

11   believe, and based thereon allege, that at all times relevant herein Defendants had an

12   inadequate network of SUD treatment providers and clinical laboratories.  The

13   exclusions, conditions and limitations in the plans do not apply to the OON SUD

14   treatment and laboratory services provided by Plaintiffs and at issue herein.

15         84.    Defendants' insureds, and each of them, orally assigned their health

16   insurance or plan benefits and rights to payments from Defendants on the claims at

17   issue to Plaintiffs.  In this regard, the insureds advised Plaintiffs prior to receiving

18   treatment that they were using their health benefits to pay for their SUD treatment

19   and services at issue herein.  In furtherance of this assignment, the insureds, and

20   each of them, provided Plaintiffs with their insurance information and at times a

21   copy of their insurance card, and the insureds called Defendants and authorized

22   Defendants to release their OON SUD benefits to Plaintiffs.  Plaintiffs then verified

23   the insureds' OON SUD benefits with Defendants.  Thereafter, in accordance with

24   Plaintiffs' customs and practices during the intake and admissions process, the

25   insureds, and each of them, were also informed, understood and agreed that

26   Plaintiffs would submit their claims as provider-assignees to Defendants for

27   payment and that Plaintiffs had the right and were entitled to all payments from

28   Defendants.  The insureds, and each of them, further understood and agreed to

- 24 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    return to Plaintiffs any payments they received from Defendants on the claims at

2    issue.  In reliance on the insureds' oral assignments, Plaintiffs provided the subject

3    SUD treatment and services at issue and submitted their claims to Defendants for

4    payment as the insureds' assignee.

5        85.    In furtherance of the assignments, Plaintiffs also obtained written

6    assignments of benefits from each of the insureds at issue, by which Defendants'

7    insureds intended to, and did, assign to Plaintiffs not only rights to payment from

8    Defendants on the claims at issue but to assert all rights and causes of action against

9    Defendants in connection with payment on the claims.  Plaintiffs, and each of them,

10   routinely receive executed assignment of benefits forms from their patients,

11   including the insured-patients at issue herein.  It is, and at all times relevant was,

12   Plaintiffs' standard practice and procedure to require each of their patients, prior to

13   their SUD treatment and laboratory services, to execute such a form.  This standard

14   practice applied to the insureds, and each of them, at issue herein.  If a written

15   assignment of benefits is missing for any of the insureds at issue herein, it is the

16   result of a filing or administrative mistake only.

17       86.    At all times relevant herein, Plaintiffs, and each of them, utilized an

18   electronic medical record ("EMR") system provided by Kipu or Sunwave,

19   companies that specifically serve the addiction treatment industry, which includes

20   various forms utilized by treatment providers like Plaintiffs.  The treatment provider

21   Plaintiffs, Woman's Recovery, TML Recovery, SCAC, Kool Living, Pacific Palms,

22   AHA, DR Recovery, Inland Detox and 12 South, utilized EMR assignment of

23   benefits forms and tailored them to their facility or program, and obtained from each

24   of the insureds at issue a written assignment of benefits and right to payment from

25   Defendants that state the following material terms, *inter alia*:

**Assignment of Benefits**

[Patient-insured] hereby authorize and request that
payment of benefits by [Defendants] be made directly to
[Plaintiff]… for services furnished to me or my dependent.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 25 -

THIRD AMENDED CONSOLIDATED COMPLAINT

…

[Plaintiff] is acting in filing for insurance benefits assigned
to [Plaintiff] …

…

[Plaintiff] has been appointed by me to act as my
representative and on my behalf in any proceeding that
may be necessary to seek payment from [Defendants].

87.     The laboratory Plaintiffs, MMR Services and NTR Resources, utilized

EMR assignment forms for each and every separate laboratory request that was

filled, and obtained from each of the insureds at issue a written assignment, right to

payment from Defendants, and authorization for Defendants to release information

needed to determine benefits that state the following material terms, *inter alia*:

Financial/Insurance Release:

[Patient-inured] authorize payments be made to [Plaintiff]
for services ordered by my practitioner.  I authorize my
physician and practice staff, as well as my insurance
company (if any) to release information needed to
determine benefits for laboratory services.  I understand
that I am responsible for payment of any deductibles or
co-insurance charges.

88.     In reliance on the assignments of benefits, Plaintiffs, and each of them,

rendered the subject SUD treatment and laboratory services to Defendants'

insureds/members.  Moreover, Defendants confirmed, represented, promised and

warranted to Plaintiffs through the required verification of benefits and the

preauthorization process and phone calls, that each of the insureds and their

respective OON SUD treatments and services were covered by health insurance

plans issued, managed and/or administered by Defendants, the premiums were paid

and the plans were effective, and that Plaintiffs would be paid for treating

Defendants' insureds.  In reliance on Defendants' coverage representations and

payment promises, Plaintiffs, and each of them, rendered the subject SUD treatment

and laboratory services to Defendants' insureds/members.  At all times relevant

herein, Defendants knew that Plaintiffs were treating and providing services, and

1    would continue to treat and provide services, to their insureds, and Defendants were,

2    at all times, advised and fully aware of Plaintiffs' charges for the SUD treatment and

3    laboratory services rendered, at each level of care.

4         89.    After providing the covered SUD treatment and services to the 1,691

5    insureds at issue herein, Plaintiffs submitted their claims to Defendants for payment.

6    The claim forms notified Defendants that Plaintiffs were submitting the claims as

7    the insureds' assignee.  Plaintiffs' billed charges on the claims at issue, and each of

8    them, are comparable and within the price range of the fees that OON SUD

9    providers and laboratories of the same specialty, in the same region, charge for the

10   same or similar treatments and services.  Defendants were obligated – under the law

11   and the plans – to pay Plaintiffs the applicable plan percentage of their covered

12   charges (between 50% to 80% of covered charges, with the majority of plans paying

13   OON benefits at 70% of covered charges (minus any outstanding insured cost-

14   sharing amounts)) until the insured's AOOPM is met at which time Defendants pay

15   100%.  Defendants also advised, confirmed and promised to Plaintiffs during the

16   verification and benefits and preauthorization process and phone calls for each of

17   the 1,691 insureds, that the OON benefits paid by Defendants to OON providers,

18   like Plaintiffs, for all levels of SUD treatment and laboratory services, is a

19   percentage of their covered charges (between 50% to 80% of covered charges, with

20   the majority of claims promised by Defendants to be paid at 70% of covered

21   charges) until the insured's AOOPM is met at which time Defendants pay 100%.

22        90.    Instead of paying Plaintiffs per the plan documents and the law, and in

23   accordance with Defendants' agreements, representations and promises to Plaintiffs,

24   Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and

25   systematic polices, practices and decisions – with an emphasis on profits over

26   patients – and paid Plaintiffs, as a group, an average of 17.59% of their covered

27   charges.  This includes, but is not limited to, Defendants' low payments based on

28   inapplicable Medicare rates, down coding, defective databases of purported usual

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

and customary rates for SUD treatment, and bundled per diem rates.  It also includes

Defendants' denial of claims based on overly restrictive level of care guidelines and

qualitative and quantitative restrictions on access to coverage and benefits for

individuals in SUD treatment and services, including, but not limited to,

Defendants' flawed criteria for coverage determinations which treat mental health

and SUDs as an acute and not chronic condition.  Plaintiffs are informed and

believe, and based thereon allege, that Defendants' misconduct as alleged herein

was and is motivated by profits, including, but not limited to, additional money

Anthem makes on the backend via its administrative services only agreements with

the plans, the Host Plan's (in this case BCC) agreements and financial arrangements

with the out-of-state plans, and MultiPlan's bonus program for employees who save

its client payors, including Anthem, money on claim payments, including the claims

at issue here.  Plaintiffs are informed and believe, and based thereon allege, that

Anthem and MultiPlan split the profits made on underpaying the claims at issue

herein.  These financial motivations benefited Defendants, and each of them, and

passed the costs of SUD treatment and services on to the insureds and the providers

who treated them, like Plaintiffs; and at times forced insureds to make a Hobson's

choice – pay for the costs of treatment themselves or receive no treatment at all.

Plaintiffs are also informed and believe, and based thereon allege, that these

financial motivations for Defendants created a situation where at times Defendants

made as much or even more money on the claims at issue than did Plaintiffs.

91.     It was only after Plaintiffs rendered the treatment and services at issue

that Defendants refused to properly compensate Plaintiffs for the covered SUD

treatment and services rendered to Defendants' insureds and at issue herein.

92.     During the claim submission and payment process, Defendants put

Plaintiffs on various pre-payment review and program integrity audits, and through

their various departments, Defendants repeatedly requested the same documents and

information from Plaintiffs, over and over again.  This was all an attempt by

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 28 -

THIRD AMENDED CONSOLIDATED COMPLAINT

Defendants, and each of them, to avoid processing and paying the claims. Plaintiffs

complied with Defendants' repetitive requests and despite being promised payment

pursuant to, *inter alia*, the plans and/or repricing agreements, Defendants refused to

properly reimburse Plaintiffs for the covered treatment and services provided to

Defendants' insureds. Defendants likewise failed and refused to provide Plaintiffs

and the insureds with adequate notice and/or explanation for the denial of benefits,

payments or reimbursement of claims, and failed and refused to provide Plaintiffs

and the insureds with a reasonable opportunity to engage in a meaningful claims

process and procedure which was full and fair. Defendants' audits, bogus TIN flags

and pending of claims, inadequate notices and explanations, denial of full and fair

claims processes and procedures, repetitive document and information requests and

promises of payment were false and fraudulent and were implemented by

Defendants, and each of them, as a pretext to unlawfully delay and deny Plaintiffs

(and hundreds of other SUD treatment providers and clinical laboratories) payment

in accordance with Defendants' representations and promises, and the law and

plans.

93.     Defendants did not inform or advise Plaintiffs (during the claim

submission and payment process or the post-claims process, or at any time prior to

this action) about any anti-assignment provisions in the health plans at issue, and

Defendants did not deny Plaintiffs' claims or deny payment to Plaintiffs on the

grounds of any anti-assignment provisions in the health plans. As a result and by

operation of law and principles of equity, Defendants have waived and are estopped

from asserting any such anti-assignment provisions in any of the health plans at

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

issue in this action.[15]  Likewise, Defendants did not provide Plaintiffs (during the claim submission and payment process or post-claims process, or at any time prior to this action) with the health plan documents at issue.  Similarly, Defendants did not inform or provide Plaintiffs with notice (during the claim submission and payment process or post-claims process, or at any time prior to this action) of any mandatory appeal obligations in the health plans at issue or any requirement in the plans to exhaust the appeals process to avoid losing the right to litigate.  As a result and by operation of law and principles of equity, Defendants failure to properly notify Plaintiffs of the need to exhaust administrative remedies to avoid losing the right to litigate is sufficient to obviate any exhaustion requirement in the health plans at issue.[16]

---

[15]  *See, California Spine and Neurosurgery Institute v. Blue Cross of California*, 2020 WL 3536496 at *1 (9th Cir. June 30, 2020) ("district court erred in determining waiver was inapplicable[;]" and "district court also erred in concluding that [Plaintiff] failed to satisfy three equitable estoppel factors" when insurer asserted for the first time in litigation an anti-assignment provision to avoid coverage.); *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) (considering an anti-assignment provision and explaining that "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court."); *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 720 (9th Cir. 2012) ("ERISA and its implementing regulations are undermined where plan administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary.").

[16]  This District Court has recently held that the failure to properly notify Plaintiffs of the need to exhaust administrative remedies is sufficient to obviate any exhaustion requirement. *See, In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare,* Case 8:19-cv-02075-JVS-DFM (*"UnitedHealthcare Action"*), Dkt. No. 92 (Order Regarding Motion to Dismiss TAC, April 14, 2021), pp. 5-7 ("The Court agrees with Plaintiffs that United's failure to properly notify the Plaintiffs in the EOBs of the need to exhaust administrative remedies is sufficient to obviate any exhaustion requirement.  [] United therefore did have an obligation to instruct Plaintiffs that they must appeal adverse decisions to avoid losing the right to litigate.  Plaintiffs' allegations that United failed to do so are sufficient to avoid dismissal for failure to exhaust."); *see also, TML Recovery, LLC et al. v. Cigna Corporation, et al.*, Case 8:20-cv-00269-DOC-JDE ("*Cigna Action*"), Dkt. No. 94 (Order Granting in Part Defendants' Motion to Dismiss, July 26, 2021), p. 8 (Plaintiffs properly alleged that the administrative route is futile because Defendants failed to provide Plaintiffs with a reasonable opportunity to engage in a meaningful claims process and procedure that was full and fair).

94.    As a result of Defendants' unfair, unreasonable, unlawful, incomplete, fraudulent and systematic polices, practices and decisions, Plaintiffs have suffered and continue to suffer general and incidental damages according to proof, including the benefits owed under the plans and the law in the millions, amounts owed in accordance with Defendants' payment promises to Plaintiffs, the interruption in Plaintiffs' businesses, lost business opportunities, lost profits and other consequences, and moreover, Plaintiffs are entitled to injunctive relief and statutory and prejudgment interest and attorney's fees against Defendants, and each of them.[17]

## AMERICA'S SUBSTANCE USE DISORDER EPIDEMIC

95.    Now, as never before, there is a critical need for access to treatment for SUDs.  The Substance Abuse and Mental Health Services Administration ("SAMHSA") estimates that in 2014, 20.2 million adult Americans, or 8.4 percent of the adult population suffered from a SUD within the past year.[18]  According to the President's Commission on Combatting Drug Addiction and the Opioid Crisis (November 2017), heroin overdose deaths increased four-fold from 2010 to 2015, while overdose deaths due to prescription opioids consistently outpaced even the disturbingly high heroin overdose rates.[19]  Drug overdoses now cause more deaths

---

[17]  The parties have engaged in an informal exchange of discovery and information for nearly two years, under the supervision of Special Master Stephen G. Larson (Judge, Ret.), which has included Plaintiffs' production of assignments of benefits and Defendants' production of plan documents.  This collaborative effort has resulted in a Master Excel Spreadsheet that identifies the Plaintiffs, patients, dates of service, amounts billed, amounts paid, balance and the responsible Defendant insurer/administrator for each claim.  The spreadsheet includes several tabs, for BlueCard and non-BlueCard plans, and claims that Plaintiffs have red-lined and removed from the litigation.

[18] *See* Rachel N. Lipari & Struther L. Van Horn, Trends in Substance Use Disorders in Adults 18 and Older (June 29, 2017), retrieved on May 23, 2019 from https://www.samhsa.gov/data/sites/default/files/report_2790/ShortReport-2790.html.

[19]  *See* President's Commission on Combatting Drug Addiction and the Opioid Crisis, Final Report, at p. 32, retrieved on May 23, 2019 from https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_11-15-2017.pdf.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1 than either car accidents or guns, and those suffering from SUDs are at the highest

2 risk.

3       96.     On average, 130 Americans die every day from an opioid overdose.

4 The opioid crisis has and continues to destroy lives and devastate families and

5 communities.[20]  It is the deadliest drug crisis in United States history and it is only

6 getting worse.[21][22] In 2017 alone, California lost 2,196 lives to the opioid epidemic.

7 Timely access to life-sustaining and life-saving treatment and continuing care for

8 mental health and SUDs is critical to preventing these deaths and allowing people to

9 achieve long-term recovery and to return to their families, friends and communities

10 as healthy, productive and contributing members of society.[23]

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

---

[20]  *See* Centers for Disease Control and Prevention, Understanding the Epidemic, retrieved on May 28, 2019 from https://www.cdc.gov/drugoverdose/epidemic/index.html.

[21]  *See* California Department of Public Health, Patterns of Opioid-Related Overdose Deaths in California, 2011-2017 (March 2019), retrieved on June 12, 2019 from https://www.cdph.ca.gov/Programs/CCDPHP/DCDIC/SACB/CDPH%20Document%20Library/Prescription%20Drug%20Overdose%20Program/Injury%20Data%20Brief%20Opioid%20Overdose%20Deaths%202011-2017_ADA.pdf.

[22]  *See* U.S. Department of Health and Human Services, The Opioid Epidemic By The Numbers, retrieved on February 22, 2022 from https://www.hhs.gov/opioids/about-the-epidemic/index.html, "70,630 people died from drug overdose in 2019, 1.6 million people had an opioid use disorder in the past year, 745,000 people used heroin in the past year, 1.6 million people misused prescription pain relievers for the first time, 48,006 deaths attributed to overdosing on synthetic opioids other than methadone (in 12-month period ending June 2020), 10.1 million people misused prescription opioids in the past year, 2 million people used methamphetamine in the past year, 50,000 people used heroin for the first time, and 14,480 deaths attributed to overdosing on heroin (in 12-month period ending June 2020);" *see also*, Centers for Disease Control and Prevention, Understanding the Opioid Overdose Epidemic, retrieved on February 22, 2022 from https://www.cdc.gov/opioids/basics/epidemic.htmlth, "From 1999–2019, nearly 500,000 people died from an overdose involving any opioid, including prescription and illicit opioids."

[23]  The human impact of the opioid epidemic – from babies born dependent, the emotional toll on individuals with a substance use disorder, and that of their families and communities, to the tens of thousands of lives cut short each year – has been tremendous.  Now, reports show that the economic impact has been just as shocking, with the drug crisis costing the U.S. economy $1 trillion since 2001 and likely to cost the economy an additional $500 billion by 2020 if the current rates of addiction and overdose remain steady.  *See* Altarum, Solutions to Advance Health: Economic Toll of Opioid Crisis in U.S. Exceeded $1 Trillion Since 2001 (February 13, 2018), retrieved on June 5, 2019 from https://altarum.org/news/economic-toll-opioid-crisis-us-exceeded-1-trillion-2001.

97.     Addiction is recognized as a chronic, relapsing brain disorder characterized by compulsive drug seeking, continued use despite harmful consequences, and long-lasting changes in the brain.  Addiction is considered both a complex brain disorder and a mental illness.  The brain changes can be long lasting and can lead to many harmful, often self-destructive, behaviors.  Addiction is the most severe form of a full spectrum of SUDs, and is a medical illness caused by repeated misuse of a substance or substances.[24]  Without treatment and engagement in recovery activities, addiction is progressive and can result in unemployment, homelessness, disability and premature death.

98.     SUD treatment is difficult and the challenges of recovery from addiction are many, which can involve cycles of recurrence and remission before long-term recovery is realized.  Timely access to treatment and continuing care, including DTX, RTC, PHP, IOP and OP treatment, diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, behavioral treatment and therapy, medication management, psychological testing, case management services, crisis intervention, social support and supportive sober living environments, are critical for people to recover from addiction and reclaim active and meaningful lives.  Clinical laboratory services are recognized as an appropriate and important diagnostic procedure in mental health and SUD treatment as such services promote prevention, diversion, early detection, and lifelong recovery from addiction.  Such testing is designed to provide accurate results that help physicians and treatment clinicians create a

---

[24] *See* National Institute of Drug Addiction, The Science of Drug Use and Addiction: The Basics, retrieved on May 29, 2019 from https://www.drugabuse.gov/publications/media-guide/science-drug-use-addiction-basics; *see also*, American Society of Addiction Medicine, Public Policy Statement: Definition of Addiction, retrieved on June 13, 2019 from https://www.asam.org/docs/default-source/public-policy-statements/1definition_of_addiction_long_4-11.pdf?sfvrsn=a8f64512_4.

scientifically designed drug monitoring strategy for optimal treatment outcomes, which includes testing for illicit drugs and prescription therapy and medication assisted treatment.[25]

99.    Families and individuals purchase health insurance to help cover the costs of health care, including the costs of mental health and SUD treatment.  Health insurance is supposed to provide people with peace of mind and security, and provide them with access and options for life-sustaining and life-saving health care while preventing families and individuals from experiencing financial crises, such as bankruptcy or home foreclosure, or being forced to choose between paying for rent, utilities and food or paying for necessary health care costs.

100.    Traditionally, insurers and employers have covered treatment for mental health conditions, including SUDs, less favorably than treatment for physical health conditions, including higher cost-sharing obligations for patients, more restrictive limits on the number of inpatient days and outpatient visits, and more onerous prior authorization requirements.  To address this unequal treatment, Congress first passed a mental health parity law in 1996, and many states followed suit in the following decade by passing laws of their own.  Among other limitations, however, the 1996 act did not address the treatment of SUDs.  Congress addressed this gap in passing the historic Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA"), 42 U.S.C. § 300gg-26, which, among other things, prohibits most plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, from imposing different treatment limits, cost-sharing and in-network and OON coverage on mental health and SUD treatment than are imposed on other medical

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

---

[25] *See* American Society of Addiction Medicine, Public Policy Statement on Drug Testing as a Component of Addiction Treatment and Monitoring Programs and in other Clinical Settings, retrieved on May 29, 2019 from https://www.asam.org/docs/default-source/public-policy-statements/1drug-testing---clinical-10-10.pdf.

---

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    and surgical services.[26]  Furthermore, ERISA requires fiduciaries to act solely in the

2    interests of plan participants and beneficiaries, and to decide claims for health care

3    benefits in accordance with plan documents and under a full and fair procedure.

4         101.   The Patient Protection and Affordable Care Act of 2010 ("PPACA"),

5    42 U.S.C. §§ 18001, *et seq.*, also known as the Affordable Care Act or Obamacare,

6    requires a range of health plans, both inside and outside of the exchanges, to provide

7    a core package of essential health benefits including mental health and SUD

8    treatment and laboratory services.  42 U.S.C. § 18022.  The PPACA extends the

9    impact of the MHPAEA so that many health plans must offer coverage for mental

10   health and SUD treatment and laboratory services with at least an equal level of

11   benefits as the plans offer for the treatment of medical and surgical benefits.

12   However, as President Donald J. Trump's commission on the opioid crisis wrote in

13   its November 2017 report, "health insurers are not following the federal law

14   requiring parity in the reimbursement for mental health and addiction [;] [t]hey must

15   be held responsible."[27]

16   **DEFENDANTS' SCHEME TO DENY ACCESS AND COVERAGE FOR**

17   **CRITICALLY-NEEDED SUBSTANCE USE DISORDER TREATMENT**

18        102.   Despite the above statutory requirements, and the obvious individual

19   and public health interests in timely access to and coverage for mental health and

20   _____

21   [26] California has its own Mental Health Parity Act ("MHPA"), codified in Insurance Code section
     10144.5 and Health and Safety Code section 1374.72, which, like the MHPAEA, requires mental
22   health care coverage to be provided "under the same terms and conditions applied to other medical
     conditions."  California law also requires health care plans to "provide all covered mental health
23   and substance use disorder benefits in compliance with the [MHPAEA] and all rules, regulations,
     and guidance issued" pursuant to federal laws.  Cal. Ins. Code §§ 10144.4, 10112.27; Cal. Health
24   & Safety Code § 1374.76.

25   [27] *See* President's Commission on Combatting Drug Addiction and the Opioid Crisis, Final
     Report, at pp. 9 and 122, retrieved on May 23, 2019 from
26   https://www.whitehouse.gov/sites/whitehouse.gov/files/images/Final_Report_Draft_11-15-
     2017.pdf.  Roster of Commissioners include Governor Chris Christie, Chairman, Governor Charlie
27   Baker, Governor Roy Cooper, Congressman Patrick J. Kennedy, Professor Bertha Madras, Ph.D.,
     Florida Attorney General Pam Bondi.
28

- 35 -

SUD treatment and laboratory services to determine, measure and describe the presence or absence of various substances in the body, including illicit drugs and prescribed medications, and help physicians and treatment clinicians create a drug monitoring strategy for optimal treatment outcomes, Defendants, and each of them and their syndicate, association, controlled agents and undisclosed principals, are engaged in unfair, unreasonable, incomplete, unlawful, fraudulent and systematic policies, practices and decisions that have and continue to result in the unlawful and fraudulent denial, underpayment, delay and/or flat-out refusal to authorize and decide access, coverage and claims for mental health and SUD treatment and laboratory services for patients whose plans promise, and the law requires, access to and coverage for such treatment, services and benefits.  Defendants' systematic practices have and continue to result in restrictive prior authorization requirements and restrictive limits on the number of mental health and SUD treatment days and tests.  Defendants' access, coverage and claims-handling policies, practices and decisions are imposing unlawful barriers between patients and life-saving mental health and SUD treatment they desperately need.  And Defendants have and are doing this in the middle of an opioid and addiction epidemic!  Defendants' impermissible barriers to mental health and SUD treatment and laboratory services must be removed and Defendants must be held responsible for placing profits over patients in a life and death situation.

103.   Defendants' mental health and SUD treatment and laboratory access, coverage and claims-handling policies, practices and decisions as a whole violate the law and the plan documents.  For instance, Plaintiffs are informed and believe, and based thereon allege, that Defendants unreasonably limit the number of DTX and RTC treatment days, and impermissibly and unreasonably require preauthorization for PHP and IOP treatment and then limits the number of treatment

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

days at each level of care.[28]  Plaintiffs are also informed and believe, and based thereon allege, that Defendants reimburse DTX, RTC, PHP and IOP levels of care at nominal percentages of covered charges, if at all.  Plaintiffs are further informed and believe, and based thereon allege, that Defendants refuse to reimburse OP claims and refuse to reimburse auxiliary claims in connection with their insureds' SUD treatment and services, and that Defendants improperly and unlawfully unbundle and down code SUD treatment and service claims in an effort to game the system at the expense of providers, including Plaintiffs.  Moreover, Plaintiffs are informed and believe, and based thereon allege, that Defendants utilize unlawful and overly restrictive medical necessity criteria and guidelines, including, but not limited to, flawed criteria for coverage determinations which treat mental health and SUDs as an acute and not chronic condition, in order to deny claims and profit over the health and safety of their insureds, and utilize improper single bundled rates on claims for covered individuals in SUD treatment and services.  Further, Plaintiffs are informed and believe, and based thereon allege, that Defendants refuse to pay for clinical laboratory claims as either beyond the numerical limitation and/or simply not covered or reimbursable.  Plaintiffs are also informed and believe, and based thereon

_____

[28]  Under California law, once a health insurer authorizes a specific type of treatment covered under a plan and the provider has provided that treatment in good faith and pursuant to the authorization, the insurer cannot rescind or modify that authorization for any reason.  Cal. Ins. Code § 796.04; Cal. Health & Safety Code § 1371.8. Moreover, California law requires that where health insurers cannot provide their insureds/members access to needed healthcare providers on an "in-network" basis, the insurers shall pay any "out-of-network" provider the amounts necessary to limit the out-of-pocket cost to the patient as if an in-networker provider had provided the same treatment and services.  In effect, this makes an out-of-network provider eligible to receive almost 100 percent of its billed charges.  Cal. Ins. Code § 10133.5; Cal. Code Regs. tit. 10, § 2240.1. Further, health insurers are required to reimburse health care providers at almost 100 percent of the billed charges for emergency services.  Cal. Ins. Code § 10112.7; Cal. Health & Safety Code § 1317; Cal. Code Regs., tit. 28, § 1300.67.  In addition, California law provides that health insurers may not "in any manner … direct, participate in, or control the selection of the hospital or health facility … from who the insured secures services … except that an insurer may negotiate and enter into contracts for alternative rates of payment with institutional providers, and offer the benefit of these alternative rates to insures who select these providers."  Cal. Ins. Code § 10133.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 37 -
THIRD AMENDED CONSOLIDATED COMPLAINT

1    allege, that Defendants make payments on claims based on inapplicable Medicare

2    rates (and defective databases of purported usual and customary rates for SUD

3    services) and demand refunds on other claims they assert should have been paid at

4    inapplicable Medicare rates.[29]  Plaintiffs are further informed and believe, and based

5    thereon allege, that at times Defendants pay the benefits owed directly to the

6    treatment insured (which for an individual recently discharged from SUD treatment

7    can be a relapse trigger and death certificate) without a 1099 tax form, thereby

8    depriving the state and federal government of substantial tax revenue.

9         104.   Plaintiffs are informed and believe, and based thereon allege, that

10   Defendants' objective is to deny their insureds/members access to and coverage for

11   critically-needed SUD DTX and RTC treatment, limit the number of authorized

12   DTX, RTC, PHP and IOP SUD treatment days, rush their insureds into an OP SUD

13   treatment level of care, refuse to reimburse OP and related auxiliary claims, deny

14   and/or underpay all other SUD treatment and laboratory claims, and then demand

15   refunds on paid claims and subject the remaining claims to inapplicable Medicare

16   rates or defective databases of purported usual and customary rates for SUD

17   treatment and services, all in violation of the law and the plan documents and to the

18   detriment of Defendants' insureds in need of life-saving mental health and SUD

19   _____

20   [29]  The California Department of Insurance concluded in its July 23, 2018 Order to Show Cause *In*

21   *the Matter of the Certificate of Authority of Health Net Life Insurance Company* (CDI File No.
     UPA-2016-00005), that Medicare does not provide a rate for inpatient or outpatient SUD

22   treatment provider charges and that substituting a bundled per diem Medicare rate for such
     treatment charges violates state and federal parity laws.  *See also*, Department of Health and

23   Human Services, Centers for Medicare & Medicaid Services, Medicare Coverage for Substance
     Abuse Services, retrieved on October 27, 2021 from https://www.cms.gov/Outreach-and-

24   Education/Medicare-Learning-Network-MLN/MLNMattersArticles/Downloads/SE1604.pdf,

25   "Similar to inpatient treatment, coverage of outpatient treatment would depend on the provider of
     the services.  Pursuant to the Social Security Act, Medicare does not recognize substance abuse

26   treatment facilities as an independent provider type, nor is there an integrated payment for the
     bundle of services those providers may provide (either directly, or incident to a physician's

27   service)."

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    treatment, and to the detriment of SUD treatment providers and clinical laboratories,

2    like Plaintiffs.

3        105.   Plaintiffs are informed and believe, and based thereon allege, that

4    Defendants' misconduct as alleged herein was and is motivated by profits,

5    including, but not limited to, additional money Anthem makes on the backend via its

6    administrative services only agreements with the plans, the Host Plan's (in this case

7    BCC) agreements and financial arrangements with the out-of-state plans, and

8    MultiPlan's bonus program for employees who save its client payors, including

9    Anthem, money on claim payments, including the claims at issue here.  Plaintiffs are

10   informed and believe, and based thereon allege, that Anthem and MultiPlan split the

11   profits made on underpaying the claims at issue herein.  These financial motivations

12   benefited Defendants, and each of them, and passed the costs of SUD treatment and

13   services on to the insureds and the providers who treated them, like Plaintiffs; and at

14   times forced insureds to make a Hobson's choice – pay for the costs of treatment

15   themselves or receive no treatment at all.  Plaintiffs are also informed and believe,

16   and based thereon allege, that these financial motivations for Defendants created a

17   situation where at times Defendants made as much or even more money on the

18   claims at issue than did Plaintiffs.

19        **DEFENDANTS' SCHEME SPECIFIC TO PLAINTIFFS**

20        **Woman's Recovery**

21        106.   Woman's Recovery is a certified SUD treatment provider.  Woman's

22   Recovery provided medically necessary, verified, preauthorized and covered SUD

23   treatment and services to 86 individuals with health insurance that was sold, insured,

24   managed and/or administered by Defendants.  The treatment and services provided

25   by Woman's Recovery include PHP, IOP, OP, assessment, evaluations and

26   treatment planning, treatment, counseling, therapy, and case management services.

27        107.   Defendants' health insurance plans, for each of the 86 insureds at issue,

28   allow the insureds to obtain SUD treatment from an INP or OONP, like Woman's

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Recovery.  The plans provide coverage and pay benefits for OON SUD treatment

and services, including, but not limited to, DTX, RTC, PHP, IOP, OP, diagnostic

tests and evaluations, assessment and treatment planning, treatment and procedures,

counseling, individual, family and group therapy, behavioral treatment and therapy,

medication management, psychological testing, case management services, crisis

intervention, and laboratory services, at varying percentages of covered charges

(between 50% to 80% of covered charges, with the majority of plans paying OON

benefits at 70% of covered charges (minus any outstanding cost-sharing amounts

(*i.e.*, deductibles, coinsurance), which Defendants deduct from payments to

providers)) until the insured's AOOPM is met at which time Defendants pay 100%.

Woman's Recovery is informed and believes, and based thereon alleges, that each of

the 86 insureds had already met their AOOPM at the time of admission into the

program, or shortly thereafter.  Some of the plans at issue pay 100% of covered

charges (minus any applicable and remaining in-network deductibles, copays or

coinsurance) in the event of a "network inadequacy" or "network gap" for the

services received.  Woman's Recovery is informed and believes, and based thereon

alleges, that at all times relevant herein Defendants had an inadequate network of

SUD treatment providers.

108.   In accordance with Woman's Recovery's customs and practices during

the intake and admissions process, Defendants' insureds, and each of them, orally

assigned their health insurance or plan benefits and rights to payments from

Defendants on the claims at issue to Woman's Recovery.  In furtherance of the

assignments, Woman's Recovery also obtained written assignments of benefits from

each of the insureds at issue, by which Defendants' insureds intended to, and did,

assign to Woman's Recovery not only rights to payment from Defendants on the

claims at issue but to assert all rights and causes of action against Defendants in

connection with payment on the claims.  A sample Woman's Recovery written

assignment of benefits from one of the insured-patients at issue (with only the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

patient's name redacted) is attached hereto as **Exhibit A**. It is, and at all times

relevant was, Woman's Recovery's standard practice and procedure to require each

of its patients, prior to their SUD treatment, to execute such a form. If a written

assignment of benefits is missing for any of the insureds at issue herein, it is the

result of a filing or administrative mistake only. In reliance on the assignments of

benefits, Woman's Recovery rendered the subject SUD treatment and services to

Defendants' insureds/members.

109.    Moreover, Defendants confirmed, represented, promised and warranted

to Woman's Recovery through the required verification of benefits and the

preauthorization process and calls, that each of the insureds and their respective

OON SUD treatments and services were covered by health insurance plans issued,

managed and/or administered by Defendants, the premiums were paid and the plans

were effective, and that Woman's Recovery would be paid for treating Defendants'

insureds/members. In reliance on Defendants' coverage representations and

payment promises, Woman's Recovery rendered the subject SUD treatment and

services to Defendants' insureds/members. At all times relevant herein, Defendants

knew that Woman's Recovery was treating and providing services, and would

continue to treat and provide services, to their insureds, and Defendants were, at all

times, advised and fully aware of Woman's Recovery 's charges for the SUD

treatment and services rendered, at each level of care.

110.    After providing covered treatment and services to the 86 insureds at

issue, Woman's Recovery submitted its claims to Defendants for payment. The

claim forms, and each of them, notified Defendants that Woman's Recovery

submitted the claims as the insureds' assignee. Defendants were obligated – under

the law and the policies – to pay Woman's Recovery the applicable plan percentage

of its covered charges (between 50% to 80% of covered charges, with the majority

of plans paying OON benefits at 70% of covered charges (minus any outstanding

insured cost-sharing amounts)) until the insured's AOOPM is met at which time

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 41 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    Defendants pay 100%.  Defendants also advised, confirmed and promised to

2    Woman's Recovery during the verification and benefits and preauthorization

3    process and calls for each of the 86 insureds, that the OON benefits paid by

4    Defendants to OON providers, like Woman's Recovery , for all levels of SUD

5    treatment, is a percentage of its covered charges (between 50% to 80% of covered

6    charges, with the majority of claims promised by Defendants to be paid at 70% of

7    covered charges) until the insured's AOOPM is met at which time Defendants pay

8    100%.

9        111.    Instead of paying Woman's Recovery per the plan documents and the

10   law, and in accordance with Defendants' agreements, representations and promises

11   to Woman's Recovery, Defendants engaged in unfair, unreasonable, unlawful,

12   incomplete, fraudulent and systematic polices, practices and decisions – with an

13   emphasis on profits over patients – and paid Woman's Recovery a mere 21.9% of its

14   covered charges.  This includes, but is not limited to, Defendants' low payments

15   based on inapplicable Medicare rates, down coding, defective databases of

16   purported usual and customary rates for SUD treatment and bundled per diem rates,

17   and Defendants' denial of claims based on overly restrictive level of care guidelines

18   and qualitative and quantitative restrictions (including, but not limited to, flawed

19   criteria for coverage determinations which treat mental health and SUDs as an acute

20   and not chronic condition) on access to coverage and benefits for individuals in

21   SUD treatment.  It was only after Woman's Recovery rendered the treatment and

22   services at issue that Defendants refused to properly compensate Woman's

23   Recovery for the covered SUD treatment and services rendered to Defendants'

24   insureds.

25       112.    During the claim submission and payment process, Defendants put

26   Woman's Recovery on various pre-payment review and program integrity audits,

27   and through their various departments, Defendants repeatedly requested the same

28   documents and information from Woman's Recovery, over and over again.  This

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  was all an attempt by Defendants, and each of them, to avoid processing and paying

2  the claims.  Woman's Recovery complied with Defendants' repetitive requests and

3  despite being promised payment pursuant to, *inter alia*, the plans and/or repricing

4  agreements, Defendants refused to properly reimburse Woman's Recovery for the

5  covered treatment and services provided to Defendants' insureds.  Defendants

6  likewise failed and refused to provide Woman's Recovery and the insureds with

7  adequate notice and/or explanation for the denial of benefits, payments or

8  reimbursement of claims, and failed and refused to provide Woman's Recovery and

9  the insureds with a reasonable opportunity to engage in a meaningful claims process

10  and procedure which was full and fair.  Defendants' audits, bogus TIN flag and

11  pending of claims, inadequate notices and explanations, denial of full and fair claims

12  processes and procedures, repetitive document and information requests and

13  promises of payment were false and fraudulent and were implemented by

14  Defendants, and each of them, as a pretext to unlawfully delay and deny Woman's

15  Recovery (and hundreds of other SUD treatment providers and clinical laboratories)

16  payment in accordance with Defendants' representations and promises, and the law

17  and plans.

18      113.  Defendants did not inform or advise Woman's Recovery (during the

19  claim submission and payment process or the post-claims process, or at any time

20  prior to this action) about any anti-assignment provisions in the health plans at issue,

21  and Defendants did not deny Woman's Recovery's claims or deny payment to

22  Woman's Recovery on the grounds of any anti-assignment provisions in the health

23  plans.  Likewise, Defendants did not provide Woman's Recovery (during the claim

24  submission and payment process or post-claims process, or at any time prior to this

25  action) with the health plan documents at issue.  Similarly, Defendants did not

26  inform or provide Woman's Recovery with notice (during the claim submission and

27  payment process or post-claims process, or at any time prior to this action) of any

28  mandatory appeal obligations in the health plans at issue or any requirement in the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 43 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    plans to exhaust the appeals process to avoid losing the right to litigate.

2         114.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

3    fraudulent and systematic polices, practices and decisions, Woman's Recovery has

4    suffered and continues to suffer general and incidental damages according to proof,

5    including the benefits owed under the plans and the law in the millions, amounts

6    owed in accordance with Defendants' payment promises to Woman's Recovery, the

7    interruption in Woman's Recovery's business, lost business opportunities, lost

8    profits and other consequences, and moreover, Woman's Recovery is entitled to

9    injunctive relief and statutory and prejudgment interest and attorney's fees against

10   Defendants, and each of them.

11        **TML Recovery**

12        115.   TML Recovery is a certified and accredited SUD treatment provider

13   and at times relevant herein, was a licensed and accredited clinical laboratory.  TML

14   Recovery provided medically necessary, verified, preauthorized and covered SUD

15   treatment and laboratory services to 214 individuals with health insurance that was

16   sold, insured, managed and/or administered by Defendants.  The treatment and

17   services provided by TML Recovery include PHP, IOP, OP, assessment, evaluations

18   and treatment planning, counseling, therapy, case management services, and

19   laboratory services.

20        116.   Defendants' health insurance plans, for each of the 214 insureds at

21   issue, allow the insureds to obtain SUD treatment and laboratory services from an

22   INP or OONP, like TML Recovery.  The plans provide coverage and pay benefits

23   for OON SUD treatment and laboratory services, including, but not limited to, DTX,

24   RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment and treatment

25   planning, treatment and procedures, counseling, individual, family and group

26   therapy, behavioral treatment and therapy, medication management, psychological

27   testing, case management services, crisis intervention, and laboratory services, at

28   varying percentages of covered charges (between 50% to 80% of covered charges,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 44 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   with the majority of plans paying OON benefits at 70% of covered charges (minus

2   any outstanding cost-sharing amounts (*i.e.*, deductibles, coinsurance), which

3   Defendants deduct from payments to providers)) until the insured's AOOPM is met

4   at which time Defendants pay 100%.  TML Recovery is informed and believes, and

5   based thereon alleges, that each of the 214 insureds had already met their AOOPM

6   at the time of admission into TML Recovery's program, or shortly thereafter.  Some

7   of the plans at issue pay 100% of covered charges (minus any applicable and

8   remaining in-network deductibles, copays or coinsurance) in the event of a "network

9   inadequacy" or "network gap" for the services received.  TML Recovery is

10  informed and believes, and based thereon alleges, that at all times relevant herein

11  Defendants had an inadequate network of SUD treatment providers and clinical

12  laboratories.

13      117.   In accordance with TML Recovery's customs and practices during the

14  intake and admissions process, Defendants' insureds, and each of them, orally

15  assigned their health insurance or plan benefits and rights to payments from

16  Defendants on the claims at issue to TML Recovery.  In furtherance of the

17  assignments, TML Recovery also obtained written assignments of benefits from

18  each of the insureds at issue, by which Defendants' insureds intended to, and did,

19  assign to TML Recovery not only rights to payment from Defendants on the claims

20  at issue but to assert all rights and causes of action against Defendants in connection

21  with payment on the claims.  A sample TML Recovery written assignment of

22  benefits from one of the insured-patients at issue (with only the patient's name

23  redacted) is attached hereto as **Exhibit B**.  It is, and at all times relevant was, TML

24  Recovery's standard practice and procedure to require each of its patients, prior to

25  their SUD treatment, to execute such a form.  If a written assignment of benefits is

26  missing for any of the insureds at issue herein, it is the result of a filing or

27  administrative mistake only.  In reliance on the assignments of benefits, TML

28  Recovery rendered the subject SUD treatment and services to Defendants'

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 45 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    insureds/members.

2         118.   Moreover, Defendants confirmed, represented, promised and warranted

3    to TML Recovery through the required verification of benefits and the

4    preauthorization process and calls, that each of the insureds and their respective

5    OON SUD treatments and services were covered by health insurance plans issued,

6    managed and/or administered by Defendants, the premiums were paid and the plans

7    were effective, and that TML Recovery would be paid for treating Defendants'

8    insureds/members.  In reliance on Defendants' coverage representations and

9    payment promises, TML Recovery rendered the subject SUD treatment and services

10   to Defendants' insureds/members.  At all times relevant herein, Defendants knew

11   that TML Recovery was treating and providing services, and would continue to treat

12   and provide services, to their insureds, and Defendants were, at all times, advised

13   and fully aware of TML Recovery's charges for the SUD treatment and services

14   rendered, at each level of care.

15        119.   After providing covered treatment and services to the 214 insureds at

16   issue, TML Recovery submitted its claims to Defendants for payment.  The claim

17   forms, and each of them, notified Defendants that TML Recovery submitted the

18   claims as the insureds' assignee.  Defendants were obligated – under the law and the

19   policies – to pay TML Recovery the applicable plan percentage of its covered

20   charges (between 50% to 80% of covered charges, with the majority of plans paying

21   OON benefits at 70% of covered charges (minus any outstanding insured cost-

22   sharing amounts)) until the insured's AOOPM is met at which time Defendants pay

23   100%.  Defendants also advised, confirmed and promised to TML Recovery during

24   the verification and benefits and preauthorization process and calls for each of the

25   214 insureds, that the OON benefits paid by Defendants to OON providers, like

26   TML Recovery, for all levels of SUD treatment and laboratory services, is a

27   percentage of its covered charges (between 50% to 80% of covered charges, with

28   the majority of claims promised by Defendants to be paid at 70% of covered

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    charges) until the insured's AOOPM is met at which time Defendants pay 100%.

2        120.    Instead of paying TML Recovery per the plan documents and the law,

3    and in accordance with Defendants' agreements, representations and promises to

4    TML Recovery, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

5    fraudulent and systematic polices, practices and decisions – with an emphasis on

6    profits over patients – and paid TML Recovery a mere 26.42% of its covered

7    charges.  This includes, but is not limited to, Defendants' low payments based on

8    inapplicable Medicare rates, down coding, defective databases of purported usual

9    and customary rates for SUD treatment and bundled per diem rates, and Defendants'

10   denial of claims based on overly restrictive level of care guidelines and qualitative

11   and quantitative restrictions (including, but not limited to, flawed criteria for

12   coverage determinations which treat mental health and SUDs as an acute and not

13   chronic condition) on access to coverage and benefits for individuals in SUD

14   treatment.  It was only after TML Recovery rendered the treatment and services at

15   issue that Defendants refused to properly compensate TML Recovery for the

16   covered SUD treatment and services rendered to Defendants' insureds.

17       121.    During the claim submission and payment process, Defendants put

18   TML Recovery on various pre-payment review and program integrity audits, and

19   through their various departments, Defendants repeatedly requested the same

20   documents and information from TML Recovery, over and over again.  This was all

21   an attempt by Defendants, and each of them, to avoid processing and paying the

22   claims.  TML Recovery complied with Defendants' repetitive requests and despite

23   being promised payment pursuant to, *inter alia*, the plans and/or repricing

24   agreements, Defendants refused to properly reimburse TML Recovery for the

25   covered treatment and services provided to Defendants' insureds.  Defendants

26   likewise failed and refused to provide TML Recovery and the insureds with

27   adequate notice and/or explanation for the denial of benefits, payments or

28   reimbursement of claims, and failed and refused to provide TML Recovery and the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 47 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   insureds with a reasonable opportunity to engage in a meaningful claims process and

2   procedure which was full and fair.  Defendants' audits, bogus TIN flag and pending

3   of claims, inadequate notices and explanations, denial of full and fair claims

4   processes and procedures, repetitive document and information requests and

5   promises of payment were false and fraudulent and were implemented by

6   Defendants, and each of them, as a pretext to unlawfully delay and deny TML

7   Recovery (and hundreds of other SUD treatment providers and clinical laboratories)

8   payment in accordance with Defendants' representations and promises, and the law

9   and plans.

10      122.   Defendants did not inform or advise TML Recovery (during the claim

11   submission and payment process or the post-claims process, or at any time prior to

12   this action) about any anti-assignment provisions in the health plans at issue, and

13   Defendants did not deny TML Recovery's claims or deny payment to TML

14   Recovery on the grounds of any anti-assignment provisions in the health plans.

15   Likewise, Defendants did not provide TML Recovery (during the claim submission

16   and payment process or post-claims process, or at any time prior to this action) with

17   the health plan documents at issue.  Similarly, Defendants did not inform or provide

18   TML Recovery with notice (during the claim submission and payment process or

19   post-claims process, or at any time prior to this action) of any mandatory appeal

20   obligations in the health plans at issue or any requirement in the plans to exhaust the

21   appeals process to avoid losing the right to litigate.

22      123.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

23   fraudulent and systematic polices, practices and decisions, TML Recovery has

24   suffered and continues to suffer general and incidental damages according to proof,

25   including the benefits owed under the plans and the law in the millions, amounts

26   owed in accordance with Defendants' payment promises to TML Recovery, the

27   interruption in TML Recovery's business, lost business opportunities, lost profits

28   and other consequences, and moreover, TML Recovery is entitled to injunctive

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  relief and statutory and prejudgment interest and attorney's fees against Defendants,

2  and each of them.

3  **SCRCO**

4  124.   SCRCO is a certified SUD treatment provider and at times relevant

5  herein, was a licensed and accredited clinical laboratory.  SCRCO provided

6  medically necessary, verified, preauthorized and covered SUD treatment and

7  laboratory services to 7 individuals with health insurance that was sold, insured,

8  managed and/or administered by Defendants.  The treatment and services provided

9  by SCRCO include PHP, IOP, OP, assessment, evaluations and treatment planning,

10  treatment, counseling, therapy, case management services, and laboratory services.

11  125.   Defendants' health insurance plans, for each of the 7 insureds at issue,

12  allow the insureds to obtain SUD treatment and laboratory services from an INP or

13  OONP, like SCRCO.  The plans provide coverage and pay benefits for OON SUD

14  treatment and laboratory services, including, but not limited to, DTX, RTC, PHP,

15  IOP, OP, diagnostic tests and evaluations, assessment and treatment planning,

16  treatment and procedures, counseling, individual, family and group therapy,

17  medication management, behavioral treatment and therapy, psychological testing,

18  case management services, crisis intervention, and laboratory services, at varying

19  percentages of covered charges (between 50% to 80% of covered charges, with the

20  majority of plans paying OON benefits at 70% of covered charges (minus any

21  outstanding cost-sharing amounts (*i.e.*, deductibles, coinsurance), which Defendants

22  deduct from payments to providers)) until the insured's AOOPM is met at which

23  time Defendants pay 100%.  SCRCO is informed and believes, and based thereon

24  alleges, that each of the 7 insureds had already met their AOOPM at the time of

25  admission into SCRCO's program, or shortly thereafter.  Some of the plans at issue

26  pay 100% of covered charges (minus any applicable and remaining in-network

27  deductibles, copays or coinsurance) in the event of a "network inadequacy" or

28  "network gap" for the services received.  SCRCO is informed and believes, and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 49 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    based thereon alleges, that at all times relevant herein Defendants had an inadequate

2    network of SUD treatment providers and clinical laboratories.

3        126.   In accordance with SCRCO's customs and practices during the intake

4    and admissions process, Defendants' insureds, and each of them, orally assigned

5    their health insurance or plan benefits and rights to payments from Defendants on

6    the claims at issue to SCRCO.  In furtherance of the assignments, SCRCO also

7    obtained written assignments of benefits from each of the insureds at issue, by

8    which Defendants' insureds intended to, and did, assign to SCRCO not only rights

9    to payment from Defendants on the claims at issue but to assert all rights and causes

10   of action against Defendants in connection with payment on the claims.  A sample

11   SCRCO written assignment of benefits from one of the insured-patients at issue

12   (with only the patient's name redacted) is attached hereto as **Exhibit C**.  It is, and at

13   all times relevant was, SCRCO's standard practice and procedure to require each of

14   its patients, prior to their SUD treatment, to execute such a form.  If a written

15   assignment of benefits is missing for any of the insureds at issue herein, it is the

16   result of a filing or administrative mistake only.  In reliance on the assignments of

17   benefits, SCRCO rendered the subject SUD treatment and services to Defendants'

18   insureds/members.

19       127.   Moreover, Defendants confirmed, represented, promised and warranted

20   to SCRCO through the required verification of benefits and the preauthorization

21   process and calls, that each of the insureds and their respective OON SUD

22   treatments and services were covered by health insurance plans issued, managed

23   and/or administered by Defendants, the premiums were paid and the plans were

24   effective, and that SCRCO would be paid for treating Defendants'

25   insureds/members.  In reliance on Defendants' coverage representations and

26   payment promises, SCRCO rendered the subject SUD treatment and services to

27   Defendants' insureds/members.  At all times relevant herein, Defendants knew that

28   SCRCO was treating and providing services, and would continue to treat and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1    provide services, to their insureds, and Defendants were, at all times, advised and

2    fully aware of SCRCO's charges for the SUD treatment and services rendered, at

3    each level of care.

4        128.    After providing covered SUD treatment and services to the 7 insureds

5    at issue, SCRCO submitted its claims to Defendants for payment.  The claim forms,

6    and each of them, notified Defendants that SCRCO submitted the claims as the

7    insureds' assignee.  Defendants were obligated – under the law and the policies – to

8    pay SCRCO the applicable plan percentage of its covered charges (between 50% to

9    80% of covered charges, with the majority of plans paying OON benefits at 70% of

10   covered charges (minus any outstanding insured cost-sharing amounts)) until the

11   insured's AOOPM is met at which time Defendants pay 100%.  Defendants also

12   advised, confirmed and promised to SCRCO during the verification and benefits and

13   preauthorization process and calls for each of the 7 insureds, that the OON benefits

14   paid by Defendants to OON providers, like SCRCO, for all levels of SUD treatment

15   and laboratory services, is a percentage of its covered charges (between 50% to 80%

16   of covered charges, with the majority of claims promised by Defendants to be paid

17   at 70% of covered charges) until the insured's AOOPM is met at which time

18   Defendants pay 100%.

19       129.    Instead of paying SCRCO per the plan documents and the law, and in

20   accordance with Defendants' agreements, representations and promises to SCRCO,

21   Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and

22   systematic polices, practices and decisions – with an emphasis on profits over

23   patients – and paid SCRCO 0% of its covered charges.  It was only after SCRCO

24   rendered the treatment and services at issue that Defendants refused to properly

25   compensate SCRCO for the covered treatment and services rendered to Defendants'

26   insureds.

27       130.    During the claim submission and payment process, Defendants put

28   SCRCO on various pre-payment review and program integrity audits, and through

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

their various departments, Defendants repeatedly requested the same documents and information from SCRCO, over and over again.  This was all an attempt by Defendants, and each of them, to avoid processing and paying the claims.  SCRCO complied with Defendants' repetitive requests and despite being promised payment pursuant to, *inter alia*, the plans and/or repricing agreements, Defendants refused to properly reimburse SCRCO for the covered treatment and services provided to Defendants' insureds.  Defendants likewise failed and refused to provide SCRCO and the insureds with adequate notice and/or explanation for the denial of benefits, payments or reimbursement of claims, and failed and refused to provide SCRCO and the insureds with a reasonable opportunity to engage in a meaningful claims process and procedure which was full and fair.  Defendants' audits, bogus TIN flag and pending of claims, inadequate notices and explanations, denial of full and fair claims processes and procedures, repetitive document and information requests and promises of payment were false and fraudulent and were implemented by Defendants, and each of them, as a pretext to unlawfully delay and deny SCRCO (and hundreds of other OON SUD treatment providers and clinical laboratories) payment in accordance with Defendants' representations and promises, and the law and plans.

131.   Defendants did not inform or advise SCRCO (during the claim submission and payment process or the post-claims process, or at any time prior to this action) about any anti-assignment provisions in the health plans at issue, and Defendants did not deny SCRCO's claims or deny payment to SCRCO on the grounds of any anti-assignment provisions in the health plans.  Likewise, Defendants did not provide SCRCO (during the claim submission and payment process or post-claims process, or at any time prior to this action) with the health plan documents at issue.  Similarly, Defendants did not inform or provide SCRCO with notice (during the claim submission and payment process or post-claims process, or at any time prior to this action) of any mandatory appeal obligations in

THIRD AMENDED CONSOLIDATED COMPLAINT

1   the health plans at issue or any requirement in the plans to exhaust the appeals

2   process to avoid losing the right to litigate.

3       132.    As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

4   fraudulent and systematic polices, practices and decisions, SCRCO has suffered and

5   continues to suffer general and incidental damages according to proof, including the

6   benefits owed under the plans and the law in the hundreds of thousands, amounts

7   owed in accordance with Defendants' payment promises to SCRCO, the interruption

8   in SCRCO's business, lost business opportunities, lost profits and other

9   consequences, and moreover, SCRCO is entitled to injunctive relief and statutory

10  and prejudgment interest and attorney's fees against Defendants, and each of them.

11      **MMR Services**

12      133.    MMR Services was, at all times relevant herein, a licensed and

13  accredited clinical laboratory.  MMR Services provided medically necessary,

14  verified, preauthorized and covered laboratory services to 288 individuals with

15  health insurance that was sold, insured, managed and/or administered by

16  Defendants.  The services provided by MMR Services include presumptive and

17  definitive laboratory tests.

18      134.    Defendants' health insurance plans, for each of the 288 insureds at

19  issue, allow the insureds to obtain SUD treatment and laboratory services from an

20  INP or OONP, like MMR Services.  The plans provide coverage and pay benefits

21  for OON laboratory services at varying percentages of covered charges (between

22  50% to 80% of covered charges, with the majority of plans paying OON benefits at

23  70% of covered charges (minus any outstanding cost-sharing amounts (*i.e.*,

24  deductibles, coinsurance), which Defendants deduct from payments to providers))

25  until the insured's AOOPM is met at which time Defendants pay 100%.  MMR

26  Services is informed and believes, and based thereon alleges, that each of the 288

27  insureds had already met their AOOPM at the time they first received services from

28  MMR Services, or shortly thereafter.  Some of the plans at issue pay 100% of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 53 -

covered charges (minus any applicable and remaining in-network deductibles, copays or coinsurance) in the event of a "network inadequacy" or "network gap" for the services received.  MMR Services is informed and believes, and based thereon alleges, that at all times relevant herein Defendants had an inadequate network of clinical laboratories.

135.    MMR Services obtained oral and written assignment of benefits from each of the insureds at issue, by which Defendants' insureds intended to, and did, assign to MMR Services not only rights to payments from Defendants on the claims at issue but to assert all rights and causes of action against Defendants in connection with payment on the claims.  A sample MMR Services written assignment of benefits from one of the insured-patients at issue (with only the patient's name redacted) is attached hereto as **Exhibit D**.  It is, and at all times relevant was, MMR Services' standard practice and procedure to require each of its patients, prior to each and every laboratory test, to execute such a form.  If a written assignment of benefits is missing for any of the insureds or claims at issue, it is the result of a filing or administrative mistake only.  In reliance on the assignments of benefits, MMR Services rendered the subject services to Defendants' insureds/members.

136.    Moreover, Defendants confirmed, represented, promised and warranted to MMR Services through the required verification of benefits calls, that each of the insureds and their respective OON laboratory services were covered by health insurance plans issued, managed and/or administered by Defendants, the premiums were paid and the plans were effective, and that MMR Services would be paid for treating and providing services to Defendants' insureds/members.  In reliance on Defendants' coverage representations and payment promises, MMR Services rendered the subject services to Defendants' insureds/members.  At all times relevant herein, Defendants knew that MMR Services was treating and providing services, and would continue to treat and provide services, to their insureds, and Defendants were, at all times, advised and fully aware of MMR Services' charges

- 54 -
THIRD AMENDED CONSOLIDATED COMPLAINT

1   for the laboratory services rendered.

2       137.   After providing covered treatment and services to the 288 insureds at

3   issue, MMR Services submitted its claims to Defendants for payment.  The claim

4   forms, and each of them, notified Defendants that MMR Services submitted the

5   claims as the insureds' assignee.  Defendants were obligated – under the law and the

6   policies – to pay MMR Services the applicable plan percentage of its covered

7   charges (between 50% to 80% of covered charges, with the majority of plans paying

8   OON benefits at 70% of covered charges (minus any outstanding insured cost-

9   sharing amounts)) until the insured's AOOPM is met at which time Defendants pay

10  100%.  Defendants also advised, confirmed and promised to MMR Services during

11  the verification and benefits calls for each of the 288 insureds, that the OON

12  benefits paid by Defendants to OON providers, like MMR Services, for all levels of

13  SUD treatment and laboratory services, is a percentage of its covered charges

14  (between 50% to 80% of covered charges, with the majority of claims promised by

15  Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

16  at which time Defendants pay 100%.

17      138.   Instead of paying MMR Services per the plan documents and the law,

18  and in accordance with Defendants' agreements, representations and promises to

19  MMR Services, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

20  fraudulent and systematic polices, practices and decisions – with an emphasis on

21  profits over patients – and paid MMR Services a mere 7.74% of its covered charges.

22  This includes, but is not limited to, Defendants' low payments based on inapplicable

23  Medicare rates, down coding, defective databases of purported usual and customary

24  rates and bundled per diem rates, and Defendants' denial of claims based on overly

25  restrictive level of care guidelines and qualitative and quantitative restrictions on

26  access to coverage and benefits for individuals in SUD treatment.  It was only after

27  MMR Services rendered the services at issue that Defendants refused to properly

28  compensate MMR Services for the covered treatment and services rendered to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Defendants' insureds.

2         139.    During the claim submission and payment process, Defendants put

3    MMR Services on various pre-payment review and program integrity audits, and

4    through their various departments, Defendants repeatedly requested the same

5    documents and information from MMR Services, over and over again.  This was all

6    an attempt by Defendants, and each of them, to avoid processing and paying the

7    claims.  MMR Services complied with Defendants' repetitive requests and despite

8    being promised payment pursuant to, *inter alia*, the plans and/or repricing

9    agreements, Defendants refused to properly reimburse MMR Services for the

10   covered treatment and services provided to Defendants' insureds.  Defendants

11   likewise failed and refused to provide MMR Services and the insureds with

12   adequate notice and/or explanation for the denial of benefits, payments or

13   reimbursement of claims, and failed and refused to provide MMR Services and the

14   insureds with a reasonable opportunity to engage in a meaningful claims process and

15   procedure which was full and fair.  Defendants' audits, bogus TIN flag and pending

16   of claims, inadequate notices and explanations, denial of full and fair claims

17   processes and procedures, repetitive document and information requests and

18   promises of payment were false and fraudulent and were implemented by

19   Defendants, and each of them, as a pretext to unlawfully delay and deny MMR

20   Services (and hundreds of other SUD treatment providers and clinical laboratories)

21   payment in accordance with Defendants' representations and promises, and the law

22   and plans.

23        140.    Defendants did not inform or advise MMR Services (during the claim

24   submission and payment process or the post-claims process, or at any time prior to

25   this action) about any anti-assignment provisions in the health plans at issue, and

26   Defendants did not deny MMR Services' claims or deny payment to MMR Services

27   on the grounds of any anti-assignment provisions in the health plans.  Likewise,

28   Defendants did not provide MMR Services (during the claim submission and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  payment process or post-claims process, or at any time prior to this action) with the

2  health plan documents at issue.  Similarly, Defendants did not inform or provide

3  MMR Services with notice (during the claim submission and payment process or

4  post-claims process, or at any time prior to this action) of any mandatory appeal

5  obligations in the health plans at issue or any requirement in the plans to exhaust the

6  appeals process to avoid losing the right to litigate.

7       141.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

8  fraudulent and systematic polices, practices and decisions, MMR Services has

9  suffered and continues to suffer general and incidental damages according to proof,

10 including the benefits owed under the plans and the law in the millions, amounts

11 owed in accordance with Defendants' payment promises to MMR Services, the

12 interruption in MMR Services' business, lost business opportunities, lost profits and

13 other consequences, and moreover, MMR Services is entitled to injunctive relief and

14 statutory and prejudgment interest and attorney's fees against Defendants, and each

15 of them.

16      **SCAC**

17      142.   SCAC was at all times relevant herein, a licensed, certified and

18 accredited SUD treatment provider.  SCAC provided medically necessary, verified,

19 preauthorized and covered SUD treatment and services to 84 individuals with health

20 insurance that was sold, insured, managed and/or administered by Defendants.  The

21 treatment and services provided by SCAC include DTX, RTC, PHP, IOP, OP,

22 assessment, evaluations and treatment planning, treatment, counseling, therapy, and

23 case management services.

24      143.   Defendants' health insurance plans, for each of the 84 insureds at issue,

25 allow the insureds to obtain SUD treatment from an INP or OONP, like SCAC.  The

26 plans provide coverage and pay benefits for OON SUD treatment, including, but not

27 limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment

28 and treatment planning, treatment and procedures, counseling, individual, family

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    and group therapy, behavioral treatment and therapy, medication management,

2    psychological testing, case management services, crisis intervention, and laboratory

3    services, at varying percentages of covered charges (between 50% to 80% of

4    covered charges, with the majority of plans paying OON benefits at 70% of covered

5    charges (minus and outstanding cost-sharing amounts (*i.e.*, deductibles,

6    coinsurance), which Defendants deduct from payments to providers)) until the

7    insured's AOOPM is met at which time Defendants pay 100%.  SCAC is informed

8    and believes, and based thereon alleges, that each of the 84 insureds had already met

9    their AOOPM at the time of admission into its program, or shortly thereafter.  Some

10   of the plans at issue pay 100% of covered charges (minus any applicable and

11   remaining in-network deductibles, copays or coinsurance) in the event of a "network

12   inadequacy" or "network gap" for the services received.  SCAC is informed and

13   believes, and based thereon alleges, that at all times relevant herein Defendants had

14   an inadequate network of SUD treatment providers.

15         144.   In accordance with SCAC's customs and practices during the intake

16   and admissions process, Defendants' insureds, and each of them, orally assigned

17   their health insurance or plan benefits and rights to payments from Defendants on

18   the claims at issue to SCAC.  In furtherance of the assignments, SCAC also obtained

19   written assignments of benefits from each of the insureds at issue, by which

20   Defendants' insureds intended to, and did, assign to SCAC not only rights to

21   payment from Defendants on the claims at issue but to assert all rights and causes of

22   action against Defendants in connection with payment on the claims.  A sample

23   SCAC written assignment of benefits from one of the insured-patients at issue (with

24   only the patient's name redacted) is attached hereto as **Exhibit E**.  It is, and at all

25   times relevant was, SCAC's standard practice and procedure to require each of its

26   patients, prior to their SUD treatment, to execute such a form.  If a written

27   assignment of benefits is missing for any of the insureds at issue herein, it is the

28   result of a filing or administrative mistake only.  In reliance on the assignments of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  benefits, SCAC rendered the subject SUD treatment and services to Defendants'

2  insureds/members.

3      145.   Moreover, Defendants confirmed, represented, promised and warranted

4  to SCAC through the required verification of benefits and the preauthorization

5  process and calls, that each of the insureds and their respective OON SUD

6  treatments and services were covered by health insurance plans issued, managed

7  and/or administered by Defendants, the premiums were paid and the plans were

8  effective, and that SCAC would be paid for treating Defendants' insureds/members.

9  In reliance on Defendants' coverage representations and payment promises, SCAC

10 rendered the subject SUD treatment and services to Defendants' insureds/members.

11 At all times relevant herein, Defendants knew that SCAC was treating and providing

12 services, and would continue to treat and provide services, to their insureds, and

13 Defendants were, at all times, advised and fully aware of SCAC's charges for the

14 SUD treatment and services rendered, at each level of care.

15     146.   After providing covered treatment and services to the 84 insureds at

16 issue, SCAC submitted its claims to Defendants for payment.  The claim forms, and

17 each of them, notified Defendants that SCAC submitted the claims as the insureds'

18 assignee.  Defendants were obligated – under the law and the policies – to pay

19 SCAC the applicable plan percentage of its covered charges (between 50% to 80%

20 of covered charges, with the majority of plans paying OON benefits at 70% of

21 covered charges (minus any outstanding insured cost-sharing amounts)) until the

22 insured's AOOPM is met at which time Defendants pay 100%.  Defendants also

23 advised, confirmed and promised to SCAC during the verification and benefits and

24 preauthorization process and calls for each of the 84 insureds, that the OON benefits

25 paid by Defendants to OON providers, like SCAC, for all levels of SUD treatment,

26 is a percentage of its covered charges (between 50% to 80% of covered charges,

27 with the majority of claims promised by Defendants to be paid at 70% of covered

28 charges) until the insured's AOOPM is met at which time Defendants pay 100%.

- 59 -

THIRD AMENDED CONSOLIDATED COMPLAINT

147.    Instead of paying SCAC per the plan documents and the law, and in accordance with Defendants' agreements, representations and promises to SCAC, Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid SCAC a mere 22.29% of its covered charges.  This includes, but is not limited to, Defendants' low payments based on inapplicable Medicare rates, down coding, defective databases of purported usual and customary rates for SUD treatment and bundled per diem rates, and Defendants' denial of claims based on overly restrictive level of care guidelines and qualitative and quantitative restrictions (including, but not limited to, flawed criteria for coverage determinations which treat mental health and SUDs as an acute and not chronic condition) on access to coverage and benefits for individuals in SUD treatment.  It was only after SCAC rendered the treatment and services at issue that Defendants refused to properly compensate SCAC for the covered SUD treatment and services rendered to Defendants' insureds.

148.    During the claim submission and payment process, Defendants put SCAC on various pre-payment review and program integrity audits, and through their various departments, Defendants repeatedly requested the same documents and information from SCAC, over and over again.  This was all an attempt by Defendants, and each of them, to avoid processing and paying the claims.  SCAC complied with Defendants' repetitive requests and despite being promised payment pursuant to, inter alia, the plans and/or repricing agreements, Defendants refused to properly reimburse SCAC for the covered treatment and services provided to Defendants' insureds.  Defendants likewise failed and refused to provide SCAC and the insureds with adequate notice and/or explanation for the denial of benefits, payments or reimbursement of claims, and failed and refused to provide SCAC and the insureds with a reasonable opportunity to engage in a meaningful claims process and procedure which was full and fair.  Defendants' audits, bogus TIN flag and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   pending of claims, inadequate notices and explanations, denial of full and fair claims

2   processes and procedures, repetitive document and information requests and

3   promises of payment were false and fraudulent and were implemented by

4   Defendants, and each of them, as a pretext to unlawfully delay and deny SCAC (and

5   hundreds of other SUD treatment providers and clinical laboratories) payment in

6   accordance with Defendants' representations and promises, and the law and plans.

7       149.   Defendants did not inform or advise SCAC (during the claim

8   submission and payment process or the post-claims process or at any time prior to

9   this action) about any anti-assignment provisions in the health plans at issue, and

10  Defendants did not deny SCAC's claims or deny payment to SCAC on the grounds

11  of any anti-assignment provisions in the health plans.  Likewise, Defendants did not

12  provide SCAC (during the claim submission and payment process or post-claims

13  process, or at any time prior to this action) with the health plan documents at issue.

14  Similarly, Defendants did not inform or provide SCAC with notice (during the claim

15  submission and payment process or post-claims process, or at any time prior to this

16  action) of any mandatory appeal obligations in the health plans at issue or any

17  requirement in the plans to exhaust the appeals process to avoid losing the right to

18  litigate.

19      150.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

20  fraudulent and systematic polices, practices and decisions, SCAC has suffered and

21  continues to suffer general and incidental damages according to proof, including the

22  benefits owed under the plans and the law in the millions, amounts owed in

23  accordance with Defendants' payment promises to SCAC, the interruption in

24  SCAC's business, lost business opportunities, lost profits and other consequences,

25  and moreover, SCAC is entitled to injunctive relief and statutory and prejudgment

26  interest and attorney's fees against Defendants, and each of them.

27      **Kool Living**

28      151.   Kool Living was at all times relevant herein, a licensed, certified and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    accredited SUD treatment provider.  Kool Living provided medically necessary,

2    verified, preauthorized and covered SUD treatment and services to 186 individuals

3    with health insurance that was sold, insured, managed and/or administered by

4    Defendants.  The treatment and services provided by Kool Living include DTX,

5    RTC, PHP, IOP, OP, assessment, evaluations and treatment planning, treatment,

6    counseling, therapy, and case management services.

7         152.   Defendants' health insurance plans, for each of the 186 insureds at

8    issue, allow the insureds to obtain SUD treatment from an INP or OONP, like Kool

9    Living.  The plans provide coverage and pay benefits for OON SUD treatment,

10   including, but not limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests and

11   evaluations, assessment and treatment planning, treatment and procedures,

12   counseling, individual, family and group therapy, behavioral treatment and therapy,

13   medication management, psychological testing, case management services, crisis

14   intervention, and laboratory services, at varying percentages of covered charges

15   (between 50% to 80% of covered charges, with the majority of plans paying OON

16   benefits at 70% of covered charges (minus and outstanding cost-sharing amounts

17   (*i.e.*, deductibles, coinsurance), which Defendants deduct from payments to

18   providers)) until the insured's AOOPM is met at which time Defendants pay 100%.

19   Kool Living is informed and believes, and based thereon alleges, that each of the

20   186 insureds had already met their AOOPM at the time of admission into its

21   program, or shortly thereafter.  Some of the plans at issue pay 100% of covered

22   charges (minus any applicable and remaining in-network deductibles, copays or

23   coinsurance) in the event of a "network inadequacy" or "network gap" for the

24   services received.  Kool Living is informed and believes, and based thereon alleges,

25   that at all times relevant herein Defendants had an inadequate network of SUD

26   treatment providers.

27        153.   In accordance with Kool Living's customs and practices during the

28   intake and admissions process, Defendants' insureds, and each of them, orally

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1    assigned their health insurance or plan benefits and rights to payments from

2    Defendants on the claims at issue to Kool Living.  In furtherance of the assignments,

3    Kool Living also obtained written assignments of benefits from each of the insureds

4    at issue, by which Defendants' insureds intended to, and did, assign to Kool Living

5    not only rights to payment from Defendants on the claims at issue but to assert all

6    rights and causes of action against Defendants in connection with payment on the

7    claims.  A sample Kool Living written assignment of benefits from one of the

8    insured-patients at issue (with only the patient's name redacted) is attached hereto as

9    **Exhibit F**.  It is, and at all times relevant was, Kool Living's standard practice and

10   procedure to require each of its patients, prior to their SUD treatment, to execute

11   such a form.  If a written assignment of benefits is missing for any of the insureds at

12   issue herein, it is the result of a filing or administrative mistake only.  In reliance on

13   the assignments of benefits, Kool Living rendered the subject SUD treatment and

14   services to Defendants' insureds/members.

15          154.   Moreover, Defendants confirmed, represented, promised and warranted

16   to Kool Living through the required verification of benefits and the preauthorization

17   process and calls, that each of the insureds and their respective OON SUD

18   treatments and services were covered by health insurance plans issued, managed

19   and/or administered by Defendants, the premiums were paid and the plans were

20   effective, and that Kool Living would be paid for treating Defendants'

21   insureds/members.  In reliance on Defendants' coverage representations and

22   payment promises, Kool Living rendered the subject SUD treatment and services to

23   Defendants' insureds/members.  At all times relevant herein, Defendants knew that

24   Kool Living was treating and providing services, and would continue to treat and

25   provide services, to their insureds, and Defendants were, at all times, advised and

26   fully aware of Kool Living's charges for the SUD treatment and services rendered,

27   at each level of care.

28          155.   After providing covered treatment and services to the 186 insureds at

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

issue, Kool Living submitted its claims to Defendants for payment. The claim

forms, and each of them, notified Defendants that Kool Living submitted the claims

as the insureds' assignee. Defendants were obligated – under the law and the

policies – to pay Kool Living the applicable plan percentage of its covered charges

(between 50% to 80% of covered charges, with the majority of plans paying OON

benefits at 70% of covered charges (minus any outstanding insured cost-sharing

amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.

Defendants also advised, confirmed and promised to Kool Living during the

verification and benefits and preauthorization process and calls for each of the 186

insureds, that the OON benefits paid by Defendants to OON providers, like Kool

Living, for all levels of SUD treatment, is a percentage of its covered charges

(between 50% to 80% of covered charges, with the majority of claims promised by

Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

at which time Defendants pay 100%.

156.    Instead of paying Kool Living per the plan documents and the law, and

in accordance with Defendants' agreements, representations and promises to Kool

Living, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

fraudulent and systematic polices, practices and decisions – with an emphasis on

profits over patients – and paid Kool Living a mere 36.23% of its covered charges.

This includes, but is not limited to, Defendants' low payments based on inapplicable

Medicare rates, down coding, defective databases of purported usual and customary

rates for SUD treatment and bundled per diem rates, and Defendants' denial of

claims based on overly restrictive level of care guidelines and qualitative and

quantitative restrictions (including, but not limited to, flawed criteria for coverage

determinations which treat mental health and SUDs as an acute and not chronic

condition) on access to coverage and benefits for individuals in SUD treatment. It

was only after Kool Living rendered the treatment and services at issue that

Defendants refused to properly compensate Kool Living for the covered treatment

THIRD AMENDED CONSOLIDATED COMPLAINT

1 and services rendered to Defendants' insureds.

2   157. During the claim submission and payment process, Defendants put

3 Kool Living on various pre-payment review and program integrity audits, and

4 through their various departments, Defendants repeatedly requested the same

5 documents and information from Kool Living, over and over again.  This was all an

6 attempt by Defendants, and each of them, to avoid processing and paying the claims.

7 Kool Living complied with Defendants' repetitive requests and despite being

8 promised payment pursuant to, *inter alia*, the plans and/or repricing agreements,

9 Defendants refused to properly reimburse Kool Living for the covered treatment and

10 services provided to Defendants' insureds.  Defendants likewise failed and refused

11 to provide Kool Living and the insureds with adequate notice and/or explanation for

12 the denial of benefits, payments or reimbursement of claims, and failed and refused

13 to provide Kool Living and the insureds with a reasonable opportunity to engage in

14 a meaningful claims process and procedure which was full and fair.  Defendants'

15 audits, bogus TIN flag and pending of claims, inadequate notices and explanations,

16 denial of full and fair claims processes and procedures, repetitive document and

17 information requests and promises of payment were false and fraudulent and were

18 implemented by Defendants, and each of them, as a pretext to unlawfully delay and

19 deny Kool Living (and hundreds of other SUD treatment providers and clinical

20 laboratories) payment in accordance with Defendants' representations and promises,

21 and the law and plans.

22   158. Defendants did not inform or advise Kool Living (during the claim

23 submission and payment process or the post-claims process, or at any time prior to

24 this action) about any anti-assignment provisions in the health plans at issue, and

25 Defendants did not deny Kool Living's claims or deny payment to Kool Living on

26 the grounds of any anti-assignment provisions in the health plans.  Likewise,

27 Defendants did not provide Kool Living (during the claim submission and payment

28 process or post-claims process, or at any time prior to this action) with the health

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 65 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   plan documents at issue.  Similarly, Defendants did not inform or provide Kool

2   Living with notice (during the claim submission and payment process or post-claims

3   process, or at any time prior to this action) of any mandatory appeal obligations in

4   the health plans at issue or any requirement in the plans to exhaust the appeals

5   process to avoid losing the right to litigate.

6        159.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

7   fraudulent and systematic polices, practices and decisions, Kool Living has suffered

8   and continues to suffer general and incidental damages according to proof, including

9   the benefits owed under the plans and the law in the millions, amounts owed in

10  accordance with Defendants' payment promises to Kool Living, the interruption in

11  Kool Living's business, lost business opportunities, lost profits and other

12  consequences, and moreover, Kool Living is entitled to injunctive relief and

13  statutory and prejudgment interest and attorney's fees against Defendants, and each

14  of them.

15       **Pacific Palms**

16       160.   Pacific Palms is a certified and accredited SUD treatment provider.

17  Pacific Palms provided medically necessary, verified, preauthorized and covered

18  SUD treatment and services to 482 individuals with health insurance that was sold,

19  insured, managed and/or administered by Defendants.  The treatment and services

20  provided by Pacific Palms include PHP, IOP, OP, assessment, evaluations and

21  treatment planning, counseling, therapy, and case management services.

22       161.   Defendants' health insurance plans, for each of the 482 insureds at

23  issue, allow the insureds to obtain SUD treatment from an INP or OONP, like

24  Pacific Palms.  The plans provide coverage and pay benefits for OON SUD

25  treatment and services, including, but not limited to, DTX, RTC, PHP, IOP, OP,

26  diagnostic tests and evaluations, assessment and treatment planning, treatment and

27  procedures, counseling, individual, family and group therapy, behavioral treatment

28  and therapy, medication management, psychological testing, case management

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    services, crisis intervention, and laboratory services, at varying percentages of

2    covered charges (between 50% to 80% of covered charges, with the majority of

3    plans paying OON benefits at 70% of covered charges (minus any outstanding cost-

4    sharing amounts (*i.e.*, deductibles, coinsurance), which Defendants deduct from

5    payments to providers)) until the insured's AOOPM is met at which time

6    Defendants pay 100%.  Pacific Palms is informed and believes, and based thereon

7    alleges, that each of the 482 insureds had already met their AOOPM at the time of

8    admission into Pacific Palms' program, or shortly thereafter.  Some of the plans at

9    issue pay 100% of covered charges (minus any applicable and remaining in-network

10   deductibles, copays or coinsurance) in the event of a "network inadequacy" or

11   "network gap" for the services received.  Pacific Palms is informed and believes,

12   and based thereon alleges, that at all times relevant herein Defendants had an

13   inadequate network of SUD treatment providers.

14        162.   In accordance with Pacific Palms' customs and practices during the

15   intake and admissions process, Defendants' insureds, and each of them, orally

16   assigned their health insurance or plan benefits and rights to payments from

17   Defendants on the claims at issue to Pacific Palms.  In furtherance of the

18   assignments, Pacific Palms also obtained written assignments of benefits from each

19   of the insureds at issue, by which Defendants' insureds intended to, and did, assign

20   to Pacific Palms not only rights to payment from Defendants on the claims at issue

21   but to assert all rights and causes of action against Defendants in connection with

22   payment on the claims.  A sample Pacific Palms written assignment of benefits from

23   one of the insured-patients at issue (with only the patient's name redacted) is

24   attached hereto as **Exhibit G**.  It is, and at all times relevant was, Pacific Palms'

25   standard practice and procedure to require each of its patients, prior to their SUD

26   treatment, to execute such a form.  If a written assignment of benefits is missing for

27   any of the insureds at issue herein, it is the result of a filing or administrative

28   mistake only.  In reliance on the assignments of benefits, Pacific Palms rendered the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 67 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    subject SUD treatment and services to Defendants' insureds/members.

2          163.   Moreover, Defendants confirmed, represented, promised and warranted

3    to Pacific Palms through the required verification of benefits and the

4    preauthorization process and calls, that each of the insureds and their respective

5    OON SUD treatments and services were covered by health insurance plans issued,

6    managed and/or administered by Defendants, the premiums were paid and the plans

7    were effective, and that Pacific Palms would be paid for treating Defendants'

8    insureds/members.  In reliance on Defendants' coverage representations and

9    payment promises, Pacific Palms rendered the subject SUD treatment and services

10   to Defendants' insureds/members.  At all times relevant herein, Defendants knew

11   that Pacific Palms was treating and providing services, and would continue to treat

12   and provide services, to their insureds, and Defendants were, at all times, advised

13   and fully aware of Pacific Palms 's charges for the SUD treatment and services

14   rendered, at each level of care.

15         164.   After providing covered treatment and services to the 482 insureds at

16   issue, Pacific Palms submitted its claims to Defendants for payment.  The claim

17   forms, and each of them, notified Defendants that Pacific Palms submitted the

18   claims as the insureds' assignee.  Defendants were obligated – under the law and the

19   policies – to pay Pacific Palms the applicable plan percentage of its covered charges

20   (between 50% to 80% of covered charges, with the majority of plans paying OON

21   benefits at 70% of covered charges (minus any outstanding insured cost-sharing

22   amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.

23   Defendants also advised, confirmed and promised to Pacific Palms during the

24   verification and benefits and preauthorization process and calls for each of the 482

25   insureds, that the OON benefits paid by Defendants to OON providers, like Pacific

26   Palms, for all levels of SUD treatment, is a percentage of its covered charges

27   (between 50% to 80% of covered charges, with the majority of claims promised by

28   Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    at which time Defendants pay 100%.

2        165.    Instead of paying Pacific Palms per the plan documents and the law,

3    and in accordance with Defendants' agreements, representations and promises to

4    Pacific Palms, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

5    fraudulent and systematic polices, practices and decisions – with an emphasis on

6    profits over patients – and paid Pacific Palms a mere 25.9% of its covered charges.

7    This includes, but is not limited to, Defendants' low payments based on inapplicable

8    Medicare rates, down coding, defective databases of purported usual and customary

9    rates for SUD treatment and bundled per diem rates, and Defendants' denial of

10   claims based on overly restrictive level of care guidelines and qualitative and

11   quantitative restrictions (including, but not limited to, flawed criteria for coverage

12   determinations which treat mental health and SUDs as an acute and not chronic

13   condition) on access to coverage and benefits for individuals in SUD treatment.  It

14   was only after Pacific Palms rendered the treatment and services at issue that

15   Defendants refused to properly compensate Pacific Palms for the covered SUD

16   treatment and services rendered to Defendants' insureds.

17       166.    During the claim submission and payment process, Defendants put

18   Pacific Palms on various pre-payment review and program integrity audits, and

19   through their various departments, Defendants repeatedly requested the same

20   documents and information from Pacific Palms, over and over again.  This was all

21   an attempt by Defendants, and each of them, to avoid processing and paying the

22   claims.  Pacific Palms complied with Defendants' repetitive requests and despite

23   being promised payment pursuant to, *inter alia*, the plans and/or repricing

24   agreements, Defendants refused to properly reimburse Pacific Palms for the covered

25   treatment and services provided to Defendants' insureds.  Defendants likewise failed

26   and refused to provide Pacific Palms and the insureds with adequate notice and/or

27   explanation for the denial of benefits, payments or reimbursement of claims, and

28   failed and refused to provide Pacific Palms and the insureds with a reasonable

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 69 -

1   opportunity to engage in a meaningful claims process and procedure which was full

2   and fair.  Defendants' audits, bogus TIN flag and pending of claims, inadequate

3   notices and explanations, denial of full and fair claims processes and procedures,

4   repetitive document and information requests and promises of payment were false

5   and fraudulent and were implemented by Defendants, and each of them, as a pretext

6   to unlawfully delay and deny Pacific Palms (and hundreds of other SUD disorder

7   treatment providers and clinical laboratories) payment in accordance with

8   Defendants' representations and promises, and the law and plans.

9          167.    Defendants did not inform or advise Pacific Palms (during the claim

10   submission and payment process or the post-claims process, or at any time prior to

11   this action) about any anti-assignment provisions in the health plans at issue, and

12   Defendants did not deny Pacific Palms' claims or deny payment to Pacific Palms on

13   the grounds of any anti-assignment provisions in the health plans.  Likewise,

14   Defendants did not provide Pacific Palms (during the claim submission and payment

15   process or post-claims process, or at any time prior to this action) with the health

16   plan documents at issue.  Similarly, Defendants did not inform or provide Pacific

17   Palms with notice (during the claim submission and payment process or post-claims

18   process, or at any time prior to this action) of any mandatory appeal obligations in

19   the health plans at issue or any requirement in the plans to exhaust the appeals

20   process to avoid losing the right to litigate.

21          168.    As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

22   fraudulent and systematic polices, practices and decisions, Pacific Palms has

23   suffered and continues to suffer general and incidental damages according to proof,

24   including the benefits owed under the plans and the law in the millions, amounts

25   owed in accordance with Defendants' payment promises to Pacific Palms, the

26   interruption in Pacific Palms' business, lost business opportunities, lost profits and

27   other consequences, and moreover, Pacific Palms is entitled to injunctive relief and

28   statutory and prejudgment interest and attorney's fees against Defendants, and each

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    of them.

2        **AHA**

3        169.    AHA is a licensed and accredited SUD treatment provider and clinical

4    laboratory.  AHA provided medically necessary, verified, preauthorized and covered

5    SUD treatment and laboratory services to 37 individuals with health insurance that

6    was sold, insured, managed and/or administered by Defendants.  The treatment and

7    services provided by AHA include DTX, RTC, assessment, evaluations and

8    treatment planning, counseling, therapy, case management services and laboratory

9    services.

10        170.    Defendants' health insurance plans, for each of the 37 insureds at issue,

11    allow the insureds to obtain SUD treatment and laboratory services from an INP or

12    OONP, like AHA.  The plans provide coverage and pay benefits for OON SUD

13    treatment and services, including, but not limited to, DTX, RTC, PHP, IOP, OP,

14    diagnostic tests and evaluations, assessment and treatment planning, treatment and

15    procedures, counseling, individual, family and group therapy, behavioral treatment

16    and therapy, medication management, psychological testing, case management

17    services, crisis intervention, and laboratory services, at varying percentages of

18    covered charges (between 50% to 80% of covered charges, with the majority of

19    plans paying OON benefits at 70% of covered charges (minus any outstanding cost-

20    sharing amounts (*i.e.*, deductibles, coinsurance), which Defendants deduct from

21    payments to providers)) until the insured's AOOPM is met at which time

22    Defendants pay 100%.  AHA is informed and believes, and based thereon alleges,

23    that each of the 37 insureds had already met their AOOPM at the time of admission

24    into AHA's program, or shortly thereafter.  Some of the plans at issue pay 100% of

25    covered charges (minus any applicable and remaining in-network deductibles,

26    copays or coinsurance) in the event of a "network inadequacy" or "network gap" for

27    the services received.  AHA is informed and believes, and based thereon alleges,

28    that at all times relevant herein Defendants had an inadequate network of SUD

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 71 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   treatment providers and clinical laboratories.

2       171.   In accordance with AHA's customs and practices during the intake and

3   admissions process, Defendants' insureds, and each of them, orally assigned their

4   health insurance or plan benefits and rights to payments from Defendants on the

5   claims at issue to AHA.  In furtherance of the assignments, AHA also obtained

6   written assignments of benefits from each of the insureds at issue, by which

7   Defendants' insureds intended to, and did, assign to AHA not only rights to payment

8   from Defendants on the claims at issue but to assert all rights and causes of action

9   against Defendants in connection with payment on the claims.  A sample AHA

10  written assignment of benefits from one of the insured-patients at issue (with only

11  the patient's name redacted) is attached hereto as **Exhibit H**.  It is, and at all times

12  relevant was, AHA's standard practice and procedure to require each of its patients,

13  prior to their SUD treatment, to execute such a form.  If a written assignment of

14  benefits is missing for any of the insureds at issue herein, it is the result of a filing or

15  administrative mistake only.  In reliance on the assignments of benefits, AHA

16  rendered the subject SUD treatment and services to Defendants' insureds/members.

17      172.   Moreover, Defendants confirmed, represented, promised and warranted

18  to AHA through the required verification of benefits and the preauthorization

19  process and calls, that each of the insureds and their respective OON SUD

20  treatments and services were covered by health insurance plans issued, managed

21  and/or administered by Defendants, the premiums were paid and the plans were

22  effective, and that AHA would be paid for treating Defendants' insureds/members.

23  In reliance on Defendants' coverage representations and payment promises, AHA

24  rendered the subject SUD treatment and services to Defendants' insureds/members.

25  At all times relevant herein, Defendants knew that AHA was treating and providing

26  services, and would continue to treat and provide services, to their insureds, and

27  Defendants were, at all times, advised and fully aware of AHA's charges for the

28  SUD treatment and laboratory services rendered, at each level of care.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

173.   After providing covered treatment and services to the 37 insureds at issue, AHA submitted its claims to Defendants for payment.  The claim forms, and each of them, notified Defendants that AHA submitted the claims as the insureds' assignee.  Defendants were obligated – under the law and the policies – to pay AHA the applicable plan percentage of its covered charges (between 50% to 80% of covered charges, with the majority of plans paying OON benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.  Defendants also advised, confirmed and promised to AHA during the verification and benefits and preauthorization process and calls for each of the 37 insureds, that the OON benefits paid by Defendants to OON providers, like AHA, for all levels of SUD treatment and laboratory services, is a percentage of its covered charges (between 50% to 80% of covered charges, with the majority of claims promised by Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met at which time Defendants pay 100%.

174.   Instead of paying AHA per the plan documents and the law, and in accordance with Defendants' agreements, representations and promises to AHA, Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid AHA a mere 16.95% of its covered charges.  This includes, but is not limited to, Defendants' low payments based on inapplicable Medicare rates, down coding, defective databases of purported usual and customary rates for SUD treatment and bundled per diem rates, and Defendants' denial of claims based on overly restrictive level of care guidelines and qualitative and quantitative restrictions (including, but not limited to, flawed criteria for coverage determinations which treat mental health and SUDs as an acute and not chronic condition) on access to coverage and benefits for individuals in SUD treatment.  It was only after AHA rendered the treatment and services at issue that Defendants refused to properly

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 73 -

1    compensate AHA for the covered SUD treatment and services rendered to

2    Defendants' insureds.

3         175.   During the claim submission and payment process, Defendants put

4    AHA on various pre-payment review and program integrity audits, and through their

5    various departments, Defendants repeatedly requested the same documents and

6    information from AHA, over and over again.  This was all an attempt by

7    Defendants, and each of them, to avoid processing and paying the claims.  AHA

8    complied with Defendants' repetitive requests and despite being promised payment

9    pursuant to, *inter alia*, the plans and/or repricing agreements, Defendants refused to

10   properly reimburse AHA for the covered treatment and services provided to

11   Defendants' insureds.  Defendants likewise failed and refused to provide AHA and

12   the insureds with adequate notice and/or explanation for the denial of benefits,

13   payments or reimbursement of claims, and failed and refused to provide AHA and

14   the insureds with a reasonable opportunity to engage in a meaningful claims process

15   and procedure which was full and fair.  Defendants' audits, bogus TIN flag and

16   pending of claims, inadequate notices and explanations, denial of full and fair claims

17   processes and procedures, repetitive document and information requests and

18   promises of payment were false and fraudulent and were implemented by

19   Defendants, and each of them, as a pretext to unlawfully delay and deny AHA (and

20   hundreds of other SUD treatment providers and clinical laboratories) payment in

21   accordance with Defendants' representations and promises, and the law and plans.

22        176.   Defendants did not inform or advise AHA (during the claim submission

23   and payment process or the post-claims process, or any time prior to this action)

24   about any anti-assignment provisions in the health plans at issue, and Defendants

25   did not deny AHA's claims or deny payment to AHA on the grounds of any anti-

26   assignment provisions in the health plans at issue.  Likewise, Defendants did not

27   provide AHA (during the claim submission and payment process or post-claims

28   process, or at any time prior to this action) with the health plan documents at issue.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Similarly, Defendants did not inform or provide AHA with notice (during the claim

2   submission and payment process or post-claims process, or at any time prior to this

3   action) of any mandatory appeal obligations in the health plans at issue or any

4   requirement in the plans to exhaust the appeals process to avoid losing the right to

5   litigate.

6          177.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

7   fraudulent and systematic polices, practices and decisions, AHA has suffered and

8   continues to suffer general and incidental damages according to proof, including the

9   benefits owed under the plans and the law in the millions, amounts owed in

10  accordance with Defendants' payment promises to AHA, the interruption in AHA's

11  business, lost business opportunities, lost profits and other consequences, and

12  moreover, AHA is entitled to injunctive relief and statutory and prejudgment interest

13  and attorney's fees against Defendants, and each of them.

14          **DR Recovery**

15          178.   DR Recovery was, at all times relevant herein, a certified SUD

16  treatment provider and licensed and accredited clinical laboratory.  DR Recovery

17  provided medically necessary, verified, preauthorized and covered SUD treatment

18  and laboratory services to 80 individuals with health insurance that was sold,

19  insured, managed and/or administered by Defendants.  The treatment and services

20  provided by DR Recovery include PHP, IOP, OP, assessment, evaluations and

21  treatment planning, counseling, therapy, case management services, and laboratory

22  services.

23          179.   Defendants' health insurance plans, for each of the 80 insureds at issue,

24  allow the insureds to obtain SUD treatment and laboratory services from an INP or

25  OONP, like DR Recovery.  The plans provide coverage and pay benefits for OON

26  SUD treatment and services, including, but not limited to, DTX, RTC, PHP, IOP,

27  OP, diagnostic tests and evaluations, assessment and treatment planning, treatment

28  and procedures, counseling, individual, family and group therapy, behavioral

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 75 -

THIRD AMENDED CONSOLIDATED COMPLAINT

treatment and therapy, medication management, psychological testing, case

management services, crisis intervention, and laboratory services, at varying

percentages of covered charges (between 50% to 80% of covered charges, with the

majority of plans paying OON benefits at 70% of covered charges (minus any

outstanding cost-sharing amounts (*i.e.*, deductibles, coinsurance), which Defendants

deduct from providers)) until the insured's AOOPM is met at which time

Defendants pay 100%. DR Recovery is informed and believes, and based thereon

alleges, that each of the 80 insureds had already met their AOOPM at the time of

admission into DR Recovery's program, or shortly thereafter. Some of the plans at

issue pay 100% of covered charges (minus any applicable and remaining in-network

deductibles, copays or coinsurance) in the event of a "network inadequacy" or

"network gap" for the services received. DR Recovery is informed and believes,

and based thereon alleges, that at all times relevant herein Defendants had an

inadequate network of SUD treatment providers and clinical laboratories.

180. In accordance with DR Recovery's customs and practices during the

intake and admissions process, Defendants' insureds, and each of them, orally

assigned their health insurance or plan benefits and rights to payments from

Defendants on the claims at issue to DR Recovery. In furtherance of the

assignments, DR Recovery also obtained written assignments of benefits from each

of the insureds at issue, by which Defendants' insureds intended to, and did, assign

to DR Recovery not only rights to payment from Defendants on the claims at issue

but to assert all rights and causes of action against Defendants in connection with

payment on the claims. A sample DR Recovery written assignment of benefits from

one of the insured-patients at issue (with only the patient's name redacted) is

attached hereto as **Exhibit I**. It is, and at all times relevant was, DR Recovery's

standard practice and procedure to require each of its patients, prior to their SUD

treatment, to execute such a form. If a written assignment of benefits is missing for

any of the insureds at issue herein, it is the result of a filing or administrative

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   mistake only.  In reliance on the assignments of benefits, DR Recovery rendered the

2   subject SUD treatment and services to Defendants' insureds/members.

3       181.   Moreover, Defendants confirmed, represented, promised and warranted

4   to DR Recovery through the required verification of benefits and the

5   preauthorization process and calls, that each of the insureds and their respective

6   OON SUD treatments and services were covered by health insurance plans issued,

7   managed and/or administered by Defendants, the premiums were paid and the plans

8   were effective, and that DR Recovery would be paid for treating Defendants'

9   insureds/members.  In reliance on Defendants' coverage representations and

10  payment promises, DR Recovery rendered the subject SUD treatment and services

11  to Defendants' insureds/members.  At all times relevant herein, Defendants knew

12  that DR Recovery was treating, and would continue to treat, their insureds, and

13  Defendants were, at all times, advised and fully aware of DR Recovery's charges for

14  the SUD treatment and services rendered, at each level of care.

15      182.   After providing covered treatment and services to the 80 insureds at

16  issue, DR Recovery submitted its claims to Defendants for payment.  The claim

17  forms, and each of them, notified Defendants that DR Recovery submitted the

18  claims as the insureds' assignee.  Defendants were obligated – under the law and the

19  policies – to pay DR Recovery the applicable plan percentage of its covered charges

20  (between 50% to 80% of covered charges, with the majority of plans paying OON

21  benefits at 70% of covered charges (minus any outstanding insured cost-sharing

22  amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.

23  Defendants also advised, confirmed and promised to DR Recovery during the

24  verification and benefits and preauthorization process and calls for each of the 80

25  insureds, that the OON SUD benefits paid by Defendants to OON providers, like

26  DR Recovery, for all levels of SUD treatment and laboratory services, is a

27  percentage of its covered charges (between 50% to 80% of covered charges, with

28  the majority of claims promised by Defendants to be paid at 70% of covered

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 77 -

THIRD AMENDED CONSOLIDATED COMPLAINT

charges) until the insured's AOOPM is met at which time Defendants pay 100%.

183.   Instead of paying DR Recovery per the plan documents and the law, and in accordance with Defendants' agreements, representations and promises to DR Recovery, Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid DR Recovery a mere 21.44% of its covered charges. This includes, but is not limited to, Defendants' low payments based on inapplicable Medicare rates, down coding, defective databases of purported usual and customary rates for SUD treatment and bundled per diem rates, and Defendants' denial of claims based on overly restrictive level of care guidelines and qualitative and quantitative restrictions (including, but not limited to, flawed criteria for coverage determinations which treat mental health and SUDs as an acute and not chronic condition) on access to coverage and benefits for individuals in SUD treatment.  It was only after DR Recovery rendered the treatment and services at issue that Defendants refused to properly compensate DR Recovery for the covered SUD treatment and services rendered to Defendants' insureds.

184.   During the claim submission and payment process, Defendants put DR Recovery on various pre-payment review and program integrity audits, and through their various departments, Defendants repeatedly requested the same documents and information from DR Recovery, over and over again.  This was all an attempt by Defendants, and each of them, to avoid processing and paying the claims.  DR Recovery complied with Defendants' repetitive requests and despite being promised payment pursuant to, *inter alia*, the plans and/or repricing agreements, Defendants refused to properly reimburse DR Recovery for the covered treatment and services provided to Defendants' insureds.  Defendants likewise failed and refused to provide DR Recovery and the insureds with adequate notice and/or explanation for the denial of benefits, payments or reimbursement of claims, and failed and refused to provide DR Recovery and the insureds with a reasonable opportunity to engage in a

- 78 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   meaningful claims process and procedure which was full and fair.  Defendants'

2   audits, bogus TIN flag and pending of claims, inadequate notices and explanations,

3   denial of full and fair claims processes and procedures, repetitive document and

4   information requests and promises of payment were false and fraudulent and were

5   implemented by Defendants, and each of them, as a pretext to unlawfully delay and

6   deny DR Recovery (and hundreds of other SUD treatment providers and clinical

7   laboratories) payment in accordance with Defendants' representations and promises,

8   and the law and plans.

9        185.   Defendants did not inform or advise DR Recovery (during the claim

10  submission and payment process or the post-claims process, or at any time prior to

11  this action) about any anti-assignment provisions in the health plans at issue, and

12  Defendants did not deny DR Recovery's claims or deny payment to DR Recovery

13  on the grounds of any anti-assignment provisions in the health plans.  Likewise,

14  Defendants did not provide DR Recovery (during the claim submission and payment

15  process or post-claims process, or at any time prior to this action) with the health

16  plan documents at issue.  Similarly, Defendants did not inform or provide DR

17  Recovery with notice (during the claim submission and payment process or post-

18  claims process, or at any time prior to this action) of any mandatory appeal

19  obligations in the health plans at issue or any requirement in the plans to exhaust the

20  appeals process to avoid losing the right to litigate.

21       186.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

22  fraudulent and systematic polices, practices and decisions, DR Recovery has

23  suffered and continues to suffer general and incidental damages according to proof,

24  including the benefits owed under the plans and the law in the millions, amounts

25  owed in accordance with Defendants' payment promises to DR Recovery, the

26  interruption in DR Recovery's business, lost business opportunities, lost profits and

27  other consequences, and moreover, DR Recovery is entitled to injunctive relief and

28  statutory and prejudgment interest and attorney's fees against Defendants, and each

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 79 -

1    of them.

2        **Inland Detox**

3        187.   Inland Detox is a licensed and accredited SUD treatment provider.

4    Inland Detox provided medically necessary, verified, preauthorized and covered

5    SUD treatment and services to 145 individuals with health insurance that was sold,

6    insured, managed and/or administered by Defendants.  The treatment and services

7    provided by Inland Detox include DTX, RTC, assessment, evaluations and

8    treatment planning, counseling, therapy, and case management services.

9        188.   Defendants' health insurance plans, for each of the 145 insureds at

10   issue, allow the insureds to obtain SUD treatment from an INP or OONP, like Inland

11   Detox.  The plans provide coverage and pay benefits for OON SUD treatment and

12   services, including, but not limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests

13   and evaluations, assessment and treatment planning, treatment and procedures,

14   counseling, individual, family and group therapy, behavioral treatment and therapy,

15   medication management, psychological testing, case management services, crisis

16   intervention, and laboratory services, at varying percentages of covered charges

17   (between 50% to 80% of covered charges, with the majority of plans paying OON

18   benefits at 70% of covered charges (minus and outstanding cost-sharing amounts

19   (*i.e.*, deductibles, coinsurance), which Defendants deduct from payments to

20   providers)) until the insured's AOOPM is met at which time Defendants pay 100%.

21   Inland Detox is informed and believes, and based thereon alleges, that each of the

22   145 insureds had already met their AOOPM at the time of admission into its

23   program, or shortly thereafter.  Some of the plans at issue pay 100% of covered

24   charges (minus any applicable and remaining in-network deductibles, copays or

25   coinsurance) in the event of a "network inadequacy" or "network gap" for the

26   services received.  Inland Detox is informed and believes, and based thereon alleges,

27   that at all times relevant herein Defendants had an inadequate network of SUD

28   treatment providers.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

189.   In accordance with Inland Detox' customs and practices during the intake and admissions process, Defendants' insureds, and each of them, orally assigned their health insurance or plan benefits and rights to payments from Defendants on the claims at issue to Inland Detox.  In furtherance of the assignments, Inland Detox also obtained written assignments of benefits from each of the insureds at issue, by which Defendants' insureds intended to, and did, assign to Inland Detox not only rights to payment from Defendants on the claims at issue but to assert all rights and causes of action against Defendants in connection with payment on the claims.  A sample Inland Detox written assignment of benefits from one of the insured-patients at issue (with only the patient's name redacted) is attached hereto as **Exhibit J**.  It is, and at all times relevant was, Inland Detox' standard practice and procedure to require each of its patients, prior to their SUD treatment, to execute such a form.  If a written assignment of benefits is missing for any of the insureds at issue herein, it is the result of a filing or administrative mistake only.  In reliance on the assignments of benefits, Inland Detox rendered the subject SUD treatment and services to Defendants' insureds/members.

190.   Moreover, Defendants confirmed, represented, promised and warranted to Inland Detox through the required verification of benefits and the preauthorization process and calls, that each of the insureds and their respective OON SUD treatments and services were covered by health insurance plans issued, managed and/or administered by Defendants, the premiums were paid and the plans were effective, and that Inland Detox would be paid for treating Defendants' insureds/members.  In reliance on Defendants' coverage representations and payment promises, Inland Detox rendered the subject SUD treatment and services to Defendants' insureds/members.  At all times relevant herein, Defendants knew that Inland Detox was treating and providing services, and would continue to treat and provide services, to their insureds, and Defendants were, at all times, advised and fully aware of Inland Detox' charges for the SUD treatment and services rendered,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    at each level of care.

2         191.   After providing covered treatment and services to the 145 insureds at

3    issue, Inland Detox submitted its claims to Defendants for payment.  The claim

4    forms, and each of them, notified Defendants that Inland Detox submitted the claims

5    as the insureds' assignee.  Defendants were obligated – under the law and the

6    policies – to pay Inland Detox the applicable plan percentage of its covered charges

7    (between 50% to 80% of covered charges, with the majority of plans paying OON

8    benefits at 70% of covered charges (minus any outstanding insured cost-sharing

9    amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.

10   Defendants also advised, confirmed and promised to Inland Detox during the

11   verification and benefits and preauthorization process and calls for each of the 145

12   insureds, that the OON benefits paid by Defendants to OON providers, like Inland

13   Detox, for all levels of SUD treatment, is a percentage of its covered charges

14   (between 50% to 80% of covered charges, with the majority of claims promised by

15   Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

16   at which time Defendants pay 100%.

17        192.   Instead of paying Inland Detox per the plan documents and the law, and

18   in accordance with Defendants' agreements, representations and promises to Inland

19   Detox, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

20   fraudulent and systematic polices, practices and decisions – with an emphasis on

21   profits over patients – and paid Inland Detox a mere 24.04% of its covered charges.

22   This includes, but is not limited to, Defendants' low payments based on inapplicable

23   Medicare rates, down coding, defective databases of purported usual and customary

24   rates for SUD treatment and bundled per diem rates, and Defendants' denial of

25   claims based on overly restrictive level of care guidelines and qualitative and

26   quantitative restrictions (including, but not limited to, flawed criteria for coverage

27   determinations which treat mental health and SUDs as an acute and not chronic

28   condition) on access to coverage and benefits for individuals in SUD treatment.  It

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 82 -

was only after Inland Detox rendered the treatment and services at issue that
Defendants refused to properly compensate Inland Detox for the covered treatment
and services rendered to Defendants' insureds.

193.   During the claim submission and payment process, Defendants put
Inland Detox on various pre-payment review and program integrity audits, and
through their various departments, Defendants repeatedly requested the same
documents and information from Inland Detox, over and over again.  This was all an
attempt by Defendants, and each of them, to avoid processing and paying the claims.
Inland Detox complied with Defendants' repetitive requests and despite being
promised payment pursuant to, *inter alia*, the plans and/or repricing agreements,
Defendants refused to properly reimburse Inland Detox for the covered treatment
and services provided to Defendants' insureds.  Defendants likewise failed and
refused to provide Inland Detox and the insureds with adequate notice and/or
explanation for the denial of benefits, payments or reimbursement of claims, and
failed and refused to provide Inland Detox and the insureds with a reasonable
opportunity to engage in a meaningful claims process and procedure which was full
and fair.  Defendants' audits, bogus TIN flag and pending of claims, inadequate
notices and explanations, denial of full and fair claims processes and procedures,
repetitive document and information requests and promises of payment were false
and fraudulent and were implemented by Defendants, and each of them, as a pretext
to unlawfully delay and deny Inland Detox (and hundreds of other SUD treatment
providers and clinical laboratories) payment in accordance with Defendants'
representations and promises, and the law and plans.

194.   Defendants did not inform or advise Inland Detox during the claim
submission and payment process, or the post-claims process, about any anti-
assignment provisions in the health plans at issue, and Defendants did not deny
Inland Detox' claims or deny payment to Inland Detox on the grounds of any anti-
assignment provisions in the health plans.  Likewise, Defendants did not provide

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Inland Detox (during the claim submission and payment process or post-claims

2   process, or at any time prior to this action) with the health plan documents at issue.

3   Similarly, Defendants did not inform or provide Inland Detox with notice (during

4   the claim submission and payment process or post-claims process, or at any time

5   prior to this action) of any mandatory appeal obligations in the health plans at issue

6   or any requirement in the plans to exhaust the appeals process to avoid losing the

7   right to litigate.

8       195.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

9   fraudulent and systematic polices, practices and decisions, Inland Detox has suffered

10  and continues to suffer general and incidental damages according to proof, including

11  the benefits owed under the plans and the law in the millions, amounts owed in

12  accordance with Defendants' payment promises to Inland Detox, the interruption in

13  Inland Detox' business, lost business opportunities, lost profits and other

14  consequences, and moreover, Inland Detox is entitled to injunctive relief and

15  statutory and prejudgment interest and attorney's fees against Defendants, and each

16  of them.

17      **12 South**

18      196.   12 South is a certified and accredited SUD treatment provider.  12

19  South provided medically necessary, verified, preauthorized and covered mental

20  health and SUD treatment and services to 67 individuals with health insurance that

21  was sold, insured, managed and/or administered by Defendants.  The treatment and

22  services provided by 12 South include PHP, IOP, OP, assessment, evaluations and

23  treatment planning, counseling, therapy, and case management services.

24      197.   Defendants' health insurance plans, for each of the 67 insureds at issue,

25  allow the insureds to obtain SUD treatment from an INP or OONP, like 12 South.

26  The plans provide coverage and pay benefits for OON SUD treatment and services,

27  including, but not limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests and

28  evaluations, assessment and treatment planning, treatment and procedures,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   counseling, individual, family and group therapy, behavioral treatment and therapy,

2   medication management, psychological testing, case management services, crisis

3   intervention, and laboratory services, at varying percentages of covered charges

4   (between 50% to 80% of covered charges, with the majority of plans paying OON

5   benefits at 70% of covered charges (minus any outstanding cost-sharing amounts,

6   (*i.e.*, deductibles, coinsurance), which Defendants deduct from payments to

7   providers)) until the insured's AOOPM is met at which time Defendants pay 100%.

8   12 South is informed and believes, and based thereon alleges, that each of the 67

9   insureds had already met their AOOPM at the time of admission into its program, or

10   shortly thereafter.  Some of the plans at issue pay 100% of covered charges (minus

11   any applicable and remaining in-network deductibles, copays or coinsurance) in the

12   event of a "network inadequacy" or "network gap" for the services received.  12

13   South is informed and believes, and based thereon alleges, that at all times relevant

14   herein Defendants had an inadequate network of mental health and SUD treatment

15   providers.

16         198.   In accordance with 12 South's customs and practices during the intake

17   and admissions process, Defendants' insureds, and each of them, orally assigned

18   their health insurance or plan benefits and rights to payments from Defendants on

19   the claims at issue to 12 South.  In furtherance of the assignments, 12 South also

20   obtained written assignments of benefits from each of the insureds at issue, by

21   which Defendants' insureds intended to, and did, assign to 12 South not only rights

22   to payment from Defendants on the claims at issue but to assert all rights and causes

23   of action against Defendants in connection with payment on the claims.  A sample

24   12 South written assignment of benefits from one of the insured-patients at issue

25   (with only the patient's name redacted) is attached hereto as **Exhibit K**.  It is, and at

26   all times relevant was, 12 South's standard practice and procedure to require each of

27   its patients, prior to their SUD treatment, to execute such a form.  If a written

28   assignment of benefits is missing for any of the insureds at issue herein, it is the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 85 -

result of a filing or administrative mistake only.  In reliance on the assignments of benefits, Pacific Palms rendered the subject SUD treatment and services to Defendants' insureds/members.

199.   Moreover, Defendants confirmed, represented, promised and warranted to 12 South through the required verification of benefits and the preauthorization process and calls that each of the insureds and their respective OON SUD treatments and services were covered by health insurance plans issued, managed and/or administered by Defendants, the premiums were paid and the plans were effective, and that 12 South would be paid for treating Defendants' insureds/members.  In reliance on Defendants' coverage representations and payment promises, 12 South rendered the subject SUD treatment and services to Defendants' insureds/members. At all times relevant herein, Defendants knew that 12 South was treating and providing services, and would continue to treat and provide services, to their insureds, and Defendants were, at all times, advised and fully aware of 12 South's charges for the SUD treatment and services rendered, at each level of care.

200.   After providing covered treatment and services to the 67 insureds at issue, 12 South submitted its claims to Defendants for payment.  The claim forms, and each of them, notified Defendants that 12 South submitted the claims as the insureds' assignee.  Defendants were obligated – under the law and the policies – to pay 12 South the applicable plan percentage of its covered charges (between 50% to 80% of covered charges, with the majority of plans paying OON benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts)) until the insured's AOOPM is met at which time Defendants pay 100%.  Defendants also advised, confirmed and promised to 12 South during the verification and benefits and preauthorization process and calls for each of the 67 insureds, that the OON benefits paid by Defendants to OON providers, like 12 South, for all levels of mental health and SUD treatment, is a percentage of its covered charges (between 50% to 80% of covered charges, with the majority of claims promised by

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 86 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

2    at which time Defendants pay 100%.

3          201.   Instead of paying 12 South per the plan documents and the law, and in

4    accordance with Defendants' agreements, representations and promises to 12 South,

5    Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and

6    systematic polices, practices and decisions – with an emphasis on profits over

7    patients – and paid 12 South a mere 8.1% of its covered charges.  This includes, but

8    is not limited to, Defendants' low payments based on inapplicable Medicare rates,

9    down coding, defective databases of purported usual and customary rates for SUD

10   treatment and bundled per diem rates, and Defendants' denial of claims based on

11   overly restrictive level of care guidelines and qualitative and quantitative restrictions

12   (including, but not limited to, flawed criteria for coverage determinations which

13   treat mental health and SUDs as an acute and not chronic condition) on access to

14   coverage and benefits for individuals in SUD treatment.  It was only after 12 South

15   rendered the treatment and services at issue that Defendants refused to properly

16   compensate 12 South for the covered SUD treatment and services rendered to

17   Defendants' insureds.

18         202.   During the claim submission and payment process, Defendants put 12

19   South on various pre-payment review and program integrity audits, and through

20   their various departments, Defendants repeatedly requested the same documents and

21   information from 12 South, over and over again.  This was all an attempt by

22   Defendants, and each of them, to avoid processing and paying the claims.  12 South

23   complied with Defendants' repetitive requests and despite being promised payment

24   pursuant to, *inter alia*, the plans and/or repricing agreements, Defendants refused to

25   properly reimburse 12 South for the covered treatment and services provided to

26   Defendants' insureds.  Defendants likewise failed and refused to provide 12 South

27   and the insureds with adequate notice and/or explanation for the denial of benefits,

28   payments or reimbursement of claims, and failed and refused to provide 12 South

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 87 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    and the insureds with a reasonable opportunity to engage in a meaningful claims

2    process and procedure which was full and fair.  Defendants' audits, bogus TIN flag

3    and pending of claims, inadequate notices and explanations, denial of full and fair

4    claims processes and procedures, repetitive document and information requests and

5    promises of payment were false and fraudulent and were implemented by

6    Defendants, and each of them, as a pretext to unlawfully delay and deny 12 South

7    (and hundreds of other SUD treatment providers and clinical laboratories) payment

8    in accordance with Defendants' representations and promises, and the law and

9    plans.

10        203.   Defendants did not inform or advise 12 South (during the claim

11   submission and payment process or the post-claims process, or at any time prior to

12   this action) about any anti-assignment provisions in the health plans at issue, and

13   Defendants did not deny 12 South's claims or deny payment to 12 South on the

14   grounds of any anti-assignment provisions in the health plans.  Likewise,

15   Defendants did not provide 12 South (during the claim submission and payment

16   process or post-claims process, or at any time prior to this action) with the health

17   plan documents at issue.  Similarly, Defendants did not inform or provide 12 South

18   with notice (during the claim submission and payment process or post-claims

19   process, or at any time prior to this action) of any mandatory appeal obligations in

20   the health plans at issue or any requirement in the plans to exhaust the appeals

21   process to avoid losing the right to litigate.

22        204.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

23   fraudulent and systematic polices, practices and decisions, 12 South has suffered

24   and continues to suffer general and incidental damages according to proof, including

25   the benefits owed under the plans and the law in the millions, amounts owed in

26   accordance with Defendants' payment promises to 12 South, the interruption in 12

27   South's business, lost business opportunities, lost profits and other consequences,

28   and moreover, 12 South is entitled to injunctive relief and statutory and prejudgment

- 88 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    interest and attorney's fees against Defendants, and each of them.

2    **NTR Resources**

3    205.   NTR Resources is a licensed and accredited clinical laboratory.  NTR

4    Resources provided medically necessary, verified, preauthorized and covered

5    laboratory services to 15 individuals with health insurance that was sold, insured,

6    managed and/or administered by Defendants.  The services provided by NTR

7    Resources include presumptive and definitive laboratory tests.

8    206.   Defendants' health insurance plans, for each of the 15 insureds at issue,

9    allow the insureds to obtain SUD treatment and laboratory services from an INP or

10   OONP, like NTR Resources.  The plans provide coverage and pay benefits for OON

11   laboratory services at varying percentages of covered charges (between 50% to 80%

12   of covered charges, with the majority of plans paying OON benefits at 70% of

13   covered charges (minus any outstanding cost sharing amounts (*i.e.*, deductibles,

14   coinsurance), which Defendants deduct from payments to providers)) until the

15   insured's AOOPM is met at which time Defendants pay 100%.  NTR Resources is

16   informed and believes, and based thereon alleges, that each of the 15 insureds had

17   already met their AOOPM at the time they first received services from NTR

18   Resources, or shortly thereafter.  Some of the plans at issue pay 100% of covered

19   charges (minus any applicable and remaining in-network deductibles, copays or

20   coinsurance) in the event of a "network inadequacy" or "network gap" for the

21   services received.  NTR Resources is informed and believes, and based thereon

22   alleges, that at all times relevant herein Defendants had an inadequate network of

23   clinical laboratories.

24   207.   NTR Resources obtained oral and written assignment of benefits from

25   each of the insureds at issue, by which Defendants' insureds intended to, and did,

26   assign to NTR Resources not only rights to payment from Defendants on the claims

27   at issue but to assert all rights and causes of action against Defendants in connection

28   with payment on the claims.  A sample NTR Resources written assignment of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

benefits from one of the insured-patients at issue (with only the patient's name redacted) is attached hereto as **Exhibit L**. It is, and at all times relevant was, NTR Resources' standard practice and procedure to require each of its patients, prior to each and every laboratory test, to execute such a form. If a written assignment of benefits is missing for any of the insureds or claims at issue, it is the result of a filing or administrative mistake only. In reliance on the assignments of benefits, NTR Resources rendered the subject services to Defendants' insureds/members.

208. Moreover, Defendants confirmed, represented, promised and warranted to NTR Resources through the required verification of benefits calls, that each of the insureds and their respective OON laboratory services were covered by health insurance plans issued, managed and/or administered by Defendants, the premiums were paid and the plans were effective, and that NTR Resources would be paid for treating and providing services to Defendants' insureds/members. In reliance on Defendants' coverage representations and payment promises, NTR Resources rendered the subject services to Defendants' insureds/members. At all times relevant herein, Defendants knew that NTR Resources was treating and providing services, and would continue to treat and provide services, to their insureds, and Defendants were, at all times, advised and fully aware of NTR Resources' charges for the laboratory services rendered.

209. After providing covered treatment and services to the 15 insureds at issue, NTR Resources submitted its claims to Defendants for payment. The claim forms, and each of them, notified Defendants that NTR Resources submitted the claims as the insureds' assignee. Defendants were obligated – under the law and the policies – to pay NTR Resources the applicable plan percentage of its covered charges (between 50% to 80% of covered charges, with the majority of plans paying OON benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts)) until the insured's AOOPM is met at which time Defendants pay 100%. Defendants also advised, confirmed and promised to NTR Resources during

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1   the verification and benefits calls for each of the 15 insureds, that the OON benefits

2   paid by Defendants to OON providers, like NTR Resources, for all levels of SUD

3   treatment and laboratory services, is a percentage of its covered charges (between

4   50% to 80% of covered charges, with the majority of claims promised by

5   Defendants to be paid at 70% of covered charges) until the insured's AOOPM is met

6   at which time Defendants pay 100%.

7       210.   Instead of paying NTR Resources per the plan documents and the law,

8   and in accordance with Defendants' agreements, representations and promises to

9   NTR Resources, Defendants engaged in unfair, unreasonable, unlawful, incomplete,

10   fraudulent and systematic polices, practices and decisions – with an emphasis on

11   profits over patients – and paid NTR Resources 0% of its covered charges.  It was

12   only after NTR Resources rendered the treatment and services at issue that

13   Defendants refused to properly compensate NTR Resources for the covered

14   treatment and services rendered to Defendants' insureds.

15       211.   During the claim submission and payment process, Defendants put

16   NTR Resources on various pre-payment review and program integrity audits, and

17   through their various departments, Defendants repeatedly requested the same

18   documents and information from NTR Resources, over and over again.  This was all

19   an attempt by Defendants, and each of them, to avoid processing and paying the

20   claims.  NTR Resources complied with Defendants' repetitive requests and despite

21   being promised payment pursuant to, *inter alia*, the plans and/or repricing

22   agreements, Defendants refused to properly reimburse NTR Resources for the

23   covered treatment and services provided to Defendants' insureds.  Defendants

24   likewise failed and refused to provide NTR Resources and the insureds with

25   adequate notice and/or explanation for the denial of benefits, payments or

26   reimbursement of claims, and failed and refused to provide NTR Resources and the

27   insureds with a reasonable opportunity to engage in a meaningful claims process and

28   procedure which was full and fair.  Defendants' audits, bogus TIN flag and pending

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1   of claims, inadequate notices and explanations, denial of full and fair claims

2   processes and procedures, repetitive document and information requests and

3   promises of payment were false and fraudulent and were implemented by

4   Defendants, and each of them, as a pretext to unlawfully delay and deny NTR

5   Resources (and hundreds of other SUD treatment providers and clinical laboratories)

6   payment in accordance with Defendants' representations and promises, and the law

7   and plans.

8       212.   Defendants did not inform or advise NTR Resources (during the claim

9   submission and payment process or the post-claims process, or at any time prior to

10  this action) about any anti-assignment provisions in the health plans at issue, and

11  Defendants did not deny NTR Resources' claims or deny payment to NTR

12  Resources on the grounds of any anti-assignment provisions in the health plans.

13  Likewise, Defendants did not provide NTR Resources (during the claim submission

14  and payment process or post-claims process, or at any time prior to this action) with

15  the health plan documents at issue.  Similarly, Defendants did not inform or provide

16  NTR Resources with notice (during the claim submission and payment process or

17  post-claims process, or at any time prior to this action) of any mandatory appeal

18  obligations in the health plans at issue or any requirement in the plans to exhaust the

19  appeals process to avoid losing the right to litigate.

20      213.   As a result of Defendants' unfair, unreasonable, unlawful, incomplete,

21  fraudulent and systematic polices, practices and decisions, NTR Resources has

22  suffered and continues to suffer general and incidental damages according to proof,

23  including the benefits owed under the plans and the law in the hundreds of

24  thousands of dollars, amounts owed in accordance with Defendants' payment

25  promises to NTR Resources, the interruption in NTR Resources' business, lost

26  business opportunities, lost profits and other consequences, and moreover, NTR

27  Resources is entitled to injunctive relief and statutory and prejudgment interest and

28  attorney's fees against Defendants, and each of them.

THIRD AMENDED CONSOLIDATED COMPLAINT

## LEGAL EFFECT AND CONSEQUENCES OF DEFENDANTS' SCHEME

214.   Defendants' conduct at issue herein has had a severe and adverse effect on not only Plaintiffs, but also Defendants' insureds and the SUD treatment profession as a whole.  Defendants' conduct has placed the lives of their insureds that are struggling with addiction in jeopardy, exposing the insureds and their families to significant financial and health risk, while simultaneously destroying or significantly damaging Plaintiffs and all similarly situated SUD treatment providers and clinical laboratories.

215.   Defendants' conduct breached agreements with Plaintiffs which arose when Plaintiffs' patients assigned benefits to Plaintiffs orally and in writing, and when Defendants confirmed OON coverage for the SUD treatment and laboratory services at issue herein and promised to pay Plaintiffs for said treatment and services, and when necessary, Defendants gave prior approval and authorization for the SUD treatment and services that Plaintiffs provided to Defendants' insureds/members.  Defendants' violated the implied covenant of good faith and fair dealing in said insurance contracts, rendering their actions in bad faith.

216.   Upon information and belief, Plaintiffs allege that Defendants' conduct was wanton and willful, and undertaken to improve their balance sheets by placing profits over patients in a life and death situation.  In this regard, Defendants' SUD treatment and clinical laboratory guidelines, reimbursement policies and claims handlings processes and procedures were, and are, fraudulently flawed and tainted by Defendants' financial interests.

217.   Defendants' practices were also unfair, fraudulent and unlawful under California's Unfair Competition Law ("UCL") in that, as a part of their scheme to not pay or underpay Plaintiffs, and to prevent Plaintiffs from learning of Defendants' scheme for as long as possible, Defendants violated their claims handling and processing obligations under ERISA and California law by providing either no, baseless, false, or dilatory reasons for not paying or underpaying

- 93 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Plaintiffs; thereby entitling Plaintiffs to injunctive relief and restitution against

2   Defendants, and each of them, under the UCL.

3       218.   Defendants' practices were similarly unfair, fraudulent and unlawful

4   under state and federal law in that they violate the MHPAEA, while simultaneously

5   constituting common law bad faith.  The MHPAEA is an antidiscrimination statute

6   intended to ensure that coverage of mental health and SUD treatment (such as

7   Plaintiffs provide) is in "parity" with coverage of medical and surgical care.

8   Defendants, and each of them, have systematically treated SUD treatment providers

9   differently than medical and surgical providers in California, and likely across the

10  nation.

11      219.   Defendants' practices were likewise unfair, fraudulent and unlawful

12  under state and federal law in that they violate the PPACA, which requires, among

13  other things, insurers to provide benefits for essential mental health and SUD

14  treatment and laboratory services, with no pre-existing condition exclusions and no

15  annual or lifetime dollar amount limits on coverage of such treatment services.

16      220.   Defendants' actions were further unfair, fraudulent and unlawful in that

17  they violated other well established public policies, including those set forth in the

18  California Unfair Insurance Practices Act ("UIPA"), as set forth in California

19  Insurance Code sections 790, *et seq*.

20      221.   Defendants' insureds/members were also unlawfully, unfairly and

21  fraudulently misled into believing that their health plans would provide coverage for

22  care supplied by OON SUD treatment providers and clinical laboratories, such as

23  Plaintiffs.

24      222.   Defendants, and each of them, never intended to provide the coverage

25  mandated by the plans at issue and instead intended to not pay or to underpay SUD

26  treatment providers and laboratories throughout California, including Plaintiffs.

27  Defendants, and each of them, have ignored Plaintiffs' efforts to recover payment

28  for the treatment and services provided, placing Plaintiffs in the untenable position

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 94 -

1   of being forced to file this lawsuit in order to recover payments due under the law

2   and plans, and in accordance with Defendants' OON coverage representations and

3   payment promises to Plaintiffs.

4      223.   Plaintiffs seek relief under their direct rights, assigned rights from

5   patients cheated out of their insurance benefits by Defendants, and as third-party

6   beneficiaries of their patients' health insurance plans issued, managed and/or

7   administered by Defendants.

8      224.   Defendants have also tortiously breached the implied covenant of good

9   faith and fair dealing in the underlying health insurance plans issued, managed

10  and/or administered by Defendants, which rights have been assigned to Plaintiffs.

11     225.   The treatment and services at issue were provided by Plaintiffs to

12  patients who at all relevant times had health insurance for the SUD treatment and

13  services that Plaintiffs provided and the health insurance plans were issued,

14  managed and/or administered by Defendants, and each of them, or at the direction

15  and under the control of Defendants.

16     226.   Defendants, and each of them, caused the events complained of herein

17  to occur in the County of Orange and throughout the State of California, and likely

18  across the nation.

19     227.   Plaintiffs provide SUD treatment and laboratory services to individuals

20  in the process of recovering from alcoholism and SUDs.  Plaintiffs' treatment

21  includes a range of services, including, but not limited to, DTX, RTC, PHP, IOP,

22  OP, diagnostic tests and evaluations, assessment and treatment planning, treatment

23  and/or procedures, medication management and other associated treatment,

24  psychological testing, referral services, individual, family and group therapy, case

25  management services, crisis intervention, and laboratory services.

26     228.   Defendants, and each of them, developed and marketed the subject

27  health insurance plans to include coverage for SUD treatment and laboratory

28  services provided to their insureds by INPs and OONPs, like Plaintiffs.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 95 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

229.   The health insurance plans issued, managed and/or administered by Defendants, and each of them, are industry standard indemnity health insurance contracts that provide richer benefits (less out-of-pocket expense for insureds) for treatment and services that are obtained from INPs.  Such providers contract with Defendants to become part of their "network" and generally agree to accept a set reduced rate of reimbursement in exchange for Defendants' steerage of patients to their practices or facilities and payment within specified contractual timeframes.

230.   The health insurance plans issued, managed and/or administered by Defendants, and each of them, provide for a reimbursement rate for OONP services at a lesser percentage of the overall billed charges than the 100% reimbursement rate for INP services, less the insured's copayment, coinsurance and deductible, generally resulting in greater out-of-pocket expenses for Defendants' insureds.

231.   California law requires that the policy forms, such as those utilized in the health insurance plans issued, managed and/or administered by Defendants, and each of them, be filed with and approved by the CDI, and are generally not to be withdrawn from the insurance marketplace without an insurer meeting specific conditions.

232.   The health insurance plans issued, managed and/or administered by Defendants, and each of them, provide coverage for, but not limited to, the following ONN SUD treatment and services: DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment and treatment planning, treatment and/or procedures, medication management and other associated treatment, psychological testing, referral services, individual, family and group therapy, case management services, crisis intervention, and laboratory services.

233.   The health insurance plans issued, managed and/or administered by Defendants, and each of them, provide for the payment of services with an INP at 100% of the provider's billed charges set by contract, less the insured's copayment, coinsurance and deductible.  Services with an OONP are reimbursed at a lesser

- 96 -

1    percentage of the provider's billed charges.

2        234.   The health insurance plans issued, managed and/or administered by

3    Defendants, and each of them, provide that Defendants are required to remit claim

4    payments to providers when the insured assigns his or her benefits to the provider in

5    writing, and Defendants warranted, represented and promised Plaintiffs that

6    payments would be made to Plaintiffs.

7        235.   When required by the health insurance plans issued, managed and/or

8    administered by Defendants, and each of them, Plaintiffs' standard operating

9    procedure was to obtain prior authorizations from Defendants for the SUD treatment

10   and services to be rendered.  Plaintiffs' standard operating procedure also included

11   obtaining a verification of benefits from Defendants to ensure the patient is covered

12   by the insurer and that the treatment and services at each level of care are covered

13   benefits under the plan.  Defendants' members/insureds were not admitted for

14   treatment and services with Plaintiffs, and each of them, until the verification of

15   benefits, assignments, prior authorizations, when needed, and payment promises

16   were confirmed and acknowledged by Defendants.

17       236.   In communication with Plaintiffs, including telephone calls requesting

18   verification of benefits and preauthorization, Defendants, and each of them,

19   represented to Plaintiffs that the services provided to Defendants' insureds were

20   covered and that the OON benefits paid by Defendants to OONPs, like Plaintiffs, for

21   all levels of SUD treatment and laboratory services, is a percentage of its covered

22   charges (between 50% to 80% of covered charges, with the majority of claims

23   promised by Defendants to be paid at 70% of covered charges) until the insured's

24   AOOPM is met at which time Defendants pay 100%.

25       237.   Specifically, for each of the 15 patients whose treatments and services

26   are at issue, Plaintiffs contacted Defendants by phone and/or in writing before

27   beginning such treatments and services.  Defendants confirmed with Plaintiffs that

28   the patients, and each of them, were validly covered by plans issued, managed

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    and/or administered by Defendants, and Plaintiffs advised Defendants of the

2    planned OON SUD treatments and services for Defendants' insureds, including the

3    specific types of treatment and services to be provided, the treatment duration,

4    billing codes and rates for the same.  Defendants' represented, warranted and

5    promised to Plaintiffs that the OON benefits paid by Defendants to OONPs, like

6    Plaintiffs, for all levels of SUD treatment and laboratory services, is a percentage of

7    the covered charges (between 50% to 80% of covered charges, with the majority of

8    claims promised by Defendants to be paid at 70% of covered charges) until the

9    insured's AOOPM is met at which time Defendants pay 100%.  Thereafter,

10   Plaintiffs treated and provided the subject treatment and services to Defendants'

11   insureds/members.

12        238.   Based upon the language of the health insurance plans issued, managed

13   and/or administered by Defendants, and each of them, and upon obtaining

14   verifications of benefits, prior authorizations and payment promises from

15   Defendants, and valid assignments from the patients, Plaintiffs and their patients

16   insured by Defendants, all 15 of them, reasonably expected that Plaintiffs' claims

17   would be paid promptly and consistent with the law and the terms of the plans

18   and/or the herein payment representations and promises that Defendants, and each

19   of them, made to Plaintiffs.

20        239.   Notwithstanding the verifications of benefits, prior authorizations,

21   coverage representations by Defendants, payment promises by Defendants, and

22   valid assignments, Plaintiffs' claims for the majority of the SUD treatment and

23   laboratory services provided to Defendants' insureds/members have not been paid

24   properly and require substantial interest payments for violation of the applicable

25   health plans, ERISA and California insurance laws and regulations providing for the

26   prompt payment of claims.

27        240.   Plaintiffs are entitled to payment for the SUD treatment and services

28   provided to Defendants' insureds/members at the proper reimbursement rates,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1   pursuant to the plan documents, valid assignments from their patients and pursuant

2   to Defendants' coverage representations and payment promises to Plaintiffs.

3       241.   While the breaches alleged herein involved health insurance plans

4   issued, managed and/or administered by one or more of the Defendants and

5   Defendants' coverage representations and payment promises to Plaintiffs, each

6   Defendant, upon information and belief, conceived, directed, approved, or aided and

7   abetted the others in this bad faith scheme.

8       242.   In California, a health insurer must provide or arrange for the provision

9   of access to health care services in a timely manner.  Most health insurers, including

10  Defendants, and each of them, seek to satisfy this duty by providing an adequate

11  network of INPs for their insureds to choose from so they may receive the necessary

12  treatment at the lowest expense to the insurer and the insured.

13      243.   A "network gap" or "network insufficiency" exists in a health insurer's

14  network when either the health insurer, or the patient, is unable to secure the

15  services of an INP for necessary treatment.  If a network gap exists, California law

16  requires the insurer to secure the services of an OONP so the insurer can meet its

17  legal and contractual obligations to provide or arrange for the provision of access to

18  health care services in a timely manner.  In addition, emergency services, and

19  sometimes urgently needed services, must be covered by an insurer with an OONP

20  if the insurer has no INP to provide the needed services.

21      244.   California law does not give a health insurer the right or ability to

22  unilaterally set the price it will pay an OONP that provides services to one of the

23  insurer's insureds in order to fill a network gap.

24      245.   Upon information and belief, Defendants had a network gap with

25  respect to SUD treatment providers and laboratories in California, and across the

26  nation, to serve the tremendous number of insured patients in need of such treatment

27  and services, due in large part to the opioid and addiction epidemic in California,

28  and across the nation.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 99 -

246.   Upon information and belief, Defendants had a network gap with respect to SUD treatment providers and laboratories required to treat and meet the needs of their insureds/members, which caused some of Defendants' insureds to obtain their needed treatment and services with OONPs, like Plaintiffs.

247.   In the health care industry, a "verification" of an insured's coverage for the contemplated treatment, or an "authorization" for such treatment, is understood by both the insurers and providers (and the law) to be an agreement by the insurers to pay for such treatment.  For INPs, it is an agreement by the insurers to pay those providers based on previously negotiated rates between the insurer and those providers.  For OONPs, it is an agreement by the insurers to pay those providers at their fully billed charges.

248.   Plaintiffs, as OONPs, after obtaining verifications of benefits and prior authorizations from Defendants, provided life-saving and medically necessary SUD treatment and services to Defendants' insureds/members due to a network gap, and therefore, Plaintiffs are entitled to recover payment for their treatment and services at their fully billed charges.

249.   While Plaintiffs have repeatedly demanded payment in full for the treatment and services provided to Defendants' insureds, Defendants, and each of them, have denied, delayed and incorrectly issued payment for Plaintiffs' claims even after requested records were copied, sent and received by Defendants.

250.   Defendants, and each of them, would respond to Plaintiffs' inquiries about the delay or errors in payment with false promises that payment would be made and/or a multitude of excuses.  Regardless of the excuses made by Defendants, and each of them, Plaintiffs did not receive proper claim payments for the covered SUD and services provided to Defendants' insureds/members.

251.   Upon information and belief, Defendants, and each of them, realized an immediate positive financial impact as a result of their misconduct alleged herein, cessation of SUD treatment and laboratory claims payments, and forcing treatment

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

providers, like Plaintiffs, through an expensive, administratively burdensome and indiscriminate audit, and not paying claims that are due and owed.

252.   Upon information and belief, Defendants, and each of them, undertook the actions alleged herein with the intent and designed purpose of not paying claims that are due and owed under the law and the plans, and in accordance with Defendants' coverage representations and payment promised to Plaintiffs, as part of a pattern and practice by Defendants, and each of them, that is unlawful, unfair and fraudulent, and thus violates, *inter alia*, California's UCL, state and federal regulations and ERISA, MHPAEA and PPACA.

253.   Upon information and belief, Defendants, and each of them, undertook the actions alleged herein, in violation of numerous provisions of California's UIPA, without limitation, numerous subsections of California Insurance Code section 790.03, including misrepresentations to patients and providers, failing to acknowledge and act reasonably and promptly in response to communications, failing to adopt and implement reasonable standards for investigations, not attempting in good faith to effectuate prompt, fair and equitable settlement of claims, and compelling providers, like Plaintiffs, to institute litigation to recover amounts due and owed.

254.   Upon information and belief, Defendants, and each of them, developed a mechanism through their superior economic might to oppress SUD treatment providers and laboratories, including Plaintiffs, and force Plaintiffs and other treatment providers into a position where they can no longer afford to accept patients insured by Defendants, or with health plans managed and/or administered by Defendants.  Defendants' misconduct as alleged herein has resulted in significant and undue hardship to Plaintiffs (and the patient-insureds) and interference with Plaintiffs' ability to provide life-saving substance use disorder treatment and services to individuals in desperate need of help.  And Defendants, and each of them, are doing this in the middle of an opioid and addiction epidemic!

THIRD AMENDED CONSOLIDATED COMPLAINT

**FIRST CAUSE OF ACTION**

**Claims for Plan Benefits Under ERISA, 29 U.S.C. §1132(a)(1)(B)**

**Against All Defendants**

255.   Plaintiffs incorporate by reference all allegations set forth in each of the paragraphs above as if fully set forth herein.

256.   Plaintiffs are OON SUD treatment providers and clinical laboratories. Plaintiffs are in the profession of helping individuals recover from alcoholism and addiction and return to their families and communities as productive and contributing members of society.  Plaintiffs provided medically necessary, verified, preauthorized and covered SUD treatment and laboratory services to 1,691 individuals with health insurance that was sold, insured, managed and/or administered by Defendants.  The treatment and services provided by Plaintiffs include DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, behavioral treatment and therapy,medication management, psychological testing, case management services, and laboratory services to, among other things, determine, measure, or otherwise describe the presence or absence of various substances in the body.

257.   Defendants' health insurance plans, for each of the 1,691 insureds at issue, provide coverage for OON SUD treatment and laboratory services.  In this regard, the plans, and each of them, provide that OON SUD benefits include the following levels of inpatient and outpatient care: DTX, RTC, PHP, IOP, and OP. The plans also provide that OON covered SUD services include: diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, behavioral treatment and therapy, medication management, psychological testing, case management services and crisis intervention.  The plans further provide coverage for OON laboratory benefits, which include the facility charge and the charge for supplies and equipment,

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    physician services for pathologists, and presumptive drug tests and definitive drug

2    tests.

3        258.   Plaintiffs allege this claim for relief in connection with their claims for

4    SUD treatment and laboratory services rendered to the 1,691 insureds at issue with a

5    health benefits plan governed by ERISA.  This claim seeks to recover benefits,

6    enforce rights and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B).

7    Plaintiffs have standing to pursue these claims as assignees of the insureds' benefits

8    under the ERISA plans.  Defendants' insureds orally assigned their health plan

9    benefits and rights to payment from Defendants on the claims at issue to Plaintiffs

10   and Plaintiffs obtained written assignments of benefits from each of the insureds at

11   issue, by which Defendants' insureds intended to, and did, assign to Plaintiffs not

12   only rights to payment from Defendants on the claims at issue but to assert all rights

13   and causes of action against Defendants in connection with payment on the claims.

14   (*see* ¶¶86-89, 110, 119, 128, 137, 146, 155, 164, 173, 182, 191, 200, 209, *supra*).

15   As the assignees of benefits under the ERISA plans, Plaintiffs are beneficiaries

16   entitled to collect benefits under the terms of the ERISA plans, and claimants for

17   purposes of ERISA.

18       259.   Defendants' health plans governed by ERISA pay benefits for OON

19   SUD treatment and services, including, but not limited to, DTX, RTC, PHP, IOP,

20   OP, diagnostic tests and evaluations, assessment and treatment planning, treatment

21   and procedures, counseling, individual, family and group therapy, behavioral

22   treatment and therapy, medication management, psychological testing, case

23   management services, crisis intervention, and laboratory services, at varying

24   percentages of covered charges (between 50% to 80% of covered charges, with the

25   majority of plans paying OON benefits at 70% of covered charges (minus any

26   outstanding cost-sharing amounts (*i.e.*, deductibles, coinsurance), which Defendants

27   deduct from payments to providers)) until the insured's AOOPM is met at which

28   time Defendants pay 100%.  Plaintiffs are informed and believe, and based thereon

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1  allege, that each of the 1,691 insureds at issue with an ERISA plan had already met

2  their AOOPM at the time they first received services from Plaintiffs, or shortly

3  thereafter. Some of the ERISA plans at issue pay 100% of covered charges (minus

4  any applicable and remaining in-network deductibles, copays or coinsurance) in the

5  event of a "network inadequacy" or "network gap" for the services received.

6  Plaintiffs are informed and believe, and based thereon allege, that at all times

7  relevant herein Defendants had an inadequate network of SUD treatment providers

8  and clinical laboratories.

9      260.  The intended benefits set forth in Defendants' ERISA health plans are

10  the same in all material respects as to the claims at issue for those of Defendants'

11  1,691 insureds with a health benefits plan governed by ERISA, and provide the

12  following material terms with respect to coverage for the SUD treatment and

13  laboratory services at issue herein:

14      a.    In this regard, one such ERISA plan (BCBSNE_0000357-

15  0000436) provides as follows:

16  **Benefit Summary**

17  **Payment for Services**

18

19              …

| OON Deductible, Individual | $1,400 |
| OON Coinsurance | 30% |
| AOOPM, Individual | $4,100 |

Once the AOOPM is reached, most Covered Services are payable by the plan at 100% for the rest of the Calendar Year.

              …

**Mental Illness and/or Substance Dependence and Abuse Covered Services**

              …

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 104 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE

A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| OON Inpatient Services | Deductible and Coinsurance |
|---|---|
| OON Outpatient Services<br>• Office Services<br>• All Other Outpatient Items & Services | Deductible and Coinsurance |

…

| OON Independent Laboratory<br>• Diagnostic | 100%, Same as in-network level of benefits |

…

## THE PLAN AND HOW IT WORKS

…

### BlueCard® Program

Under the BlueCard® Program, when you receive Covered Services within the geographic area served by a Host Plan, BCBSNE will remain responsible for doing what we agreed to in our agreement with the Group. However, the Host Plan is responsible for contracting with and generally handling all interactions with its participating providers.

When you receive Covered Services outside BCBSNE's service area and the claim is processed through the BlueCard Program, the amount you pay for Covered Services is calculated based on the lower of:

• The billed charges for your Covered Services, or

• The negotiated price that the Host Blue makes available to BCBSNE.

Often, this "negotiated price" will be a simple discount that reflects an actual price that the Host Blue pays to the provider. Sometimes, it is an estimated price that takes into account special arrangements with that your health care provider or provider group that may include types of settlements, incentive payments, and/or other credits or charges. Occasionally, it may be an average price, based on a discount that results in expected average savings for similar types of health care providers after taking into account the same type of transactions as with an estimated price.

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Estimated pricing and average pricing also take into account
2   adjustments to correct for over-or-underestimation of past
    pricing of claims, as noted above.  However, such adjustments
    will not affect the price BCBSNE used for your claim because
3   they will not be applied after a claim has already been paid.

4   …

5   **BENEFITS DESCRIPTIONS**

6   **What's Covered**

7   The following list includes example of the Services that are
    covered when medically Necessary care is provided by an
8   Approved Provider.  Additional information on many of these
    Services is found on the pages following this list:

9   …

10   • Outpatient x-ray, radiology, laboratory and pathology
11   charges;

    …

12   • Substance Dependence and Abuse Treatment;

13   …

14   **COVERED SERVICES – ADDITIONAL INFORMATION**

15   …

16   **Outpatient Hospital or Facility Services**

17   Benefits are available for Covered Outpatient Services provided
    by a Hospital, Ambulatory Surgical Facility, Urgent Care
18   Facility or other Outpatient facility.  An observation stay is
19   considered an Outpatient Service.

20   …

21   **Mental Illness, Substance Dependence and Abuse Benefits**

22   Benefits are payable for Covered Hospital and Physician
    Services, including mental health Services, psychological, or
    alcoholism and drug counseling Services by and within the scope
23   of practice of:

24   • a qualified Physician or Licensed Psychologists;

25   • a Licensed Special Psychologist, Licensed clinical social
    worker, Licensed professional counselor or Licensed
26   mental health practitioner; or

27   • auxiliary providers who are supervised, and billed for, by
    a qualified Physician or Licensed Psychologist or as
28   otherwise permitted by state law.

- 106 -

THIRD AMENDED CONSOLIDATED COMPLAINT

All licensing or certification shall be by the appropriate state authority. Appropriate supervision and consultation requirements also shall be provided by state law.

**Inpatient Care**

Benefits for Inpatient admissions must be Certified by BCBSNE.

A person shall be considered to be receiving Inpatient treatment if he or she is confined to a Hospital or a Substance Dependence and Abuse Treatment Center that provides medical management including 24-hour nursing care. Services provided by a facility that does not meet this criteria are considered part of a Residential Treatment Program.

Facilities must be Licensed by the Department of Health and Human Services, Regulation and Licensure (or equivalent state agency), or accredited by the Joint Commission on Accreditation of Rehabilitation Facilities (CARF) or Joint Commission on Accreditation of Healthcare Organizations (JCAHO).

**Residential Treatment Services**

Benefits are available for Covered Services and room and board provided as part of a Residential Treatment Program, for treatment of Mental Illness and Substance Dependence and Abuse.

The Residential Treatment Program and/or facility must be Licensed, accredited or Certified to provide such Services by the appropriate state agency, or accredited by CARF or JCAHO.

…

**Outpatient Care**

Benefits are available for Outpatient treatment of Mental Illness and Substance Dependence and Abuse.

Outpatient Covered Services include:

- psychological therapy and/or substance dependence and abuse counseling/rehabilitation provided by an Approved Provider;

- office visit or clinic visit, consultation, or emergency room visit;

- an evaluation and assessment;

- medication checks;

- an Outpatient day, or partial hospitalization program for Mental Illness or a Substance Dependence and Abuse treatment program, that offers all-inclusive Services for

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    each Outpatient treatment day;

2    • laboratory and diagnostic Services; and

3    • psychiatric/psychologicl testing.

4    Day treatment, partial care, and Outpatient programs must be
     provided in an Hospital or facility which is Licensed by the
5    Department of Health and Human Services Regulation and
     Licensure or accredited by the Commission on the Accreditation
6    of Rehabilitation Facilities (CARF).

7                                    …

8    **DEFINITIONS**

9                                    …

10   **Alcoholism or Drug (Substance Abuse) Treatment Center**: A
     facility Licensed by the Department of Health and Human
11   Services Regulation and Licensure, (or equivalent state agency),
     accredited by the Joint Commission on Accreditation of
12   Healthcare Organizations (JCAHO) or the Commission on the
     Accreditation of Rehabilitation Facilities (CARF).  Such facility
13   is not Licensed as a Hospital, but provides Inpatient or
     Outpatient care, treatment, Services, maintenance,
14   accommodation or board in group setting primarily and
     exclusively for individuals having any type of dependence or
15   addiction to the use of alcohol or drugs.

16                                   …

17   **Approved Provider**: A Licensed practitioner or the healing arts
     who provides Covered Services within the scope of his or her
18   License or a Licensed or Certified facility or other health care
     provider.

19
     **Auxiliary Provider**: A Certified social worker, psychiatric
20   registered nursed, Certified alcohol and drug abuse counselor or
     other Approved Provider who is performing Services within his
21   or her scope of practice and who is supervised, and billed for, by
     a qualified Physician or Licensed Psychologist, or as otherwise
22   permitted by state law.  Certified master social workers or
     Certified professional counselors performing mental health
23   Services who are not Licensed Mental Health Practitioners are
     included in this definition.

24                                   …

25   **Essential Health Benefits**:  The ACA identifies ten categories of
26   Covered Services as Essential Health Benefits: ambulatory
     patient services; emergency services; hospitalization; maternity
27   and newborn care; mental health and substance use disorder
     services; laboratory services; preventative and wellness services
28   and chronic disease management; and pediatric services,

- 108 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1  including oral and vision care.

2                                           …

3  **Host Blue:** A Blue Cross and/or a Blue Shield plan in another
   Blue Cross and Blue Shield Association Service Area, which
4  administers Claims through the BlueCard Program for Nebraska
   Covered Persons residing or traveling in that Service Area.
5
                                           …
6
   **Independent Laboratory**: A freestanding facility offering
7  radiology and pathology Services which is not part of a Hospital
   and is Licensed by the proper authority in the state in which it is
8  located.

9                                           …

10 **Outpatient Program**: An organized set of resources and
   Services for a Substance Abusive or mentally ill population,
11 administered by a Certified provider, which is directed toward
   the accomplishment of a designed set of objectives.  Day
12 treatment, partial care and Outpatient Programs which provide
   primary treatment for Mental Illness or Substance Dependence
13 and Abuse must be provided in a facility which is Licensed by
   the Department of Health and Human Services Regulation and
14 Licensure, (or equivalent state agency) or accredited by the Joint
   Commission on Accreditation of Healthcare Organizations
15 (JCAHO) or the Commission on the Accreditation of
   Rehabilitation Facilities (CARF).
16
                                           …
17
   **Residential Treatment Program**: Services or a program
18 organized and staffed to provide both general and specialized
   non-hospital based interdisciplinary Services 24 hours a day,
19 seven days a week for persons with behavioral health disorders.
   Residential treatment may be provided in freestanding,
20 nonhospital-based facilities or in unites or larger entities, such as
   a wing in a hospital.  Residential Treatment Programs may
21 include nonhospital addiction treatment centers; intermediate
   care facilities; psychiatric treatment centers or other nonmedical
22 settings.

23          b.      In this regard, one such ERISA plan (ANTHEM031044-031145)

24 provides as follows:

25 **Cost of care at a glance**

26

27 | OON Coinsurance | 30% after deductible unless otherwise specified in benefits below |
   |---|---|
28

- 109 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| OON Deductible, Individual | $700 |
|---|---|
| OON AOOPM, Individual | $5,000 |

**Benefit details**

…

| OON Diagnostic x-rays, lab tests (non-routine) | 30% coinsurance after deductible |
|---|---|

…

| OON SUD | |
|---|---|
| • Inpatient institutional and professional services | 30% coinsurance after deductible |
| • Residential treatment center and professional services | 30% coinsurance after deductible |
| • Professional office visit | 30% coinsurance after deductible |

…

| OON, Other Covered Services, Diagnostic x-rays, lab tests (non-routine) | 30% coinsurance after deductible |
|---|---|

…

**CO-PAYMENTS (CO-INSURANCE)**

…

- Your Co-Payment for non-participating providers will be the same as for participating providers for the following services.  []  b. An authorized referral from the claims administrator to a non-participating provider.

THIRD AMENDED CONSOLIDATED COMPLAINT

…

- If you receive services from a category of provider defined in this benefit booklet as a participating provider that is not available in the Blue Cross and/or Blue Shield Plan in that service area, your Co-Payment will be the same as for participating providers.

…

## YOUR MEDICAL BENEFITS

## MAXIMUM ALLOWED AMOUNT

…

**Non-Participating Providers and Other Health Care Providers\***

Non-participating providers or other health care providers, subject to Blue Cross Blue Shield Association rules governing claims filed by certain ancillary providers.  For covered services you receive from a non-participating provider or other health care provider, the maximum allowed amount will be based on the applicable non-participating provider rate or fee schedule for this plan, an amount negotiated by the claims administrator or a third party vendor which has been agreed to by the non-participating provider, an amount derived from the total charges billed by the non-participating provider, an amount based on information provided by a third party vendor, or an amount based on reimbursement or cost information from the Centers for Medicare and Medicaid Services ("CMS").  When basing the maximum allowed amount upon the level or method of reimbursement used by CMS, the claims administrator will update such information, which is unadjusted for geographic locality, no less than annually.

…

For covered services rendered outside the Anthem Blue Cross service area by non-participating providers, claims may be priced using the local Blue Cross Blue Shield plan's non-participating provider fee schedule/rate or the pricing arrangements required by applicable state or federal law.  In certain situations, the maximum allowed amount for out of area claims may be based on billed charges, the pricing used if the healthcare services had been obtained within the Anthem Blue Cross service area, or a special negotiated price.

…

**Satisfaction of the Out-Of-Pocket Amount**.  If, after you have met any applicable deductible, you pay Co-Payments equal to you Out-Of-Pocket Amount per member during a year, you will no longer be required to make Co-Payments for any additional covered services or supplies during the remainder of that year[.]

…

- 111 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# MEDICAL CARE THAT IS COVERED

…

**Diagnostic Services**.  Outpatient diagnostic imaging and laboratory services.

…

**Mental Health Conditions or Substance Abuse**.  Covered services shown below for medically necessary treatment of mental health conditions or substance abuse, or to prevent the deterioration or chronic condition.

1.   Inpatient hospital services and services from a residential treatment center as stated in the "Hospital" provision of this section, for inpatient services and supplies.  Coverage for services that are not considered medically necessary may be covered if approval is obtained.

2.   Partial hospitalization programs, including intensive outpatient programs and visits to a day treatment center. Partial hospitalization programs are covered as stated in the "Hospitals" provision of this section, for outpatient services and supplies.  Coverage for services that are not considered medically necessary may be covered if approval is obtained.

3.   Physician visits during a covered inpatient stay.

4.   Physician visits (including online visits) for outpatient psychotherapy or psychological testing for the treatment of mental health conditions of substance abuse.

…

[]  Those radiology and laboratory services and tests related to an injury or illness will be covered as any other medical service available under the terms and conditions of the provision "Diagnostic Services."

…

# GENERAL PROVISIONS

…

A.    **BlueCard® Program**

Under the BlueCard® Program, when you receive covered services within the geographic area served by a Host Blue, the claims administrator will still fulfill the plan's contractual obligations.  But, the Host Blue is responsible for: (a) contracting with its providers; and (b) handling its interactions with those providers.

When you receive covered services outside the Anthem Blue Cross Service Area and the claim is processed through the

- 112 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    BlueCard Program, the amount you pay is calculated based on
2    the lower of:

-    The billed charges for covered services; or

3
-    The negotiated price that the Host Blue makes available to
4        the claims administrator.

5    Often, this "negotiated price" will be a simple discount that
     reflects an actual price that the Host Blue pays to the provider.
6    Sometimes, it is an estimated price that takes into account special
     arrangements with that provider.  Sometimes, such an
7    arrangement may be an average price, based on a discount that
     results in expected average savings for services provided by
8    similar types of providers.  Estimated and average pricing
     arrangements may also invoke types of settlements, incentive
9    payments and/or other credits or charges.

10   Estimated pricing and average pricing also take into account
     adjustments to correct for over-or-underestimation of past
11   pricing of claims, as noted above.  However, such adjustments
     will not affect the price we used for your claim because they will
12   not be applied after a claim has already been paid.

13   **B.    Negotiated (non-BlueCard Program) Arrangements**

14   With respect to one or more Host Blues, instead of using the
     BlueCard Program, Anthem Blue Cross may process your claims
15   for covered services through Negotiated Arrangements for
     National Accounts.
16
     The amount you pay for covered services under this arrangement
17   will be calculated based on the lower of either billed charges for
     covered services or the negotiated price (refer to the description
18   of negotiated price under Section A. BlueCard Program) made
     available to Anthem Blue Cross by the Host Plan.
19
20                                    …

21   **Medical Necessity**.  The benefits of this plan are provided only
     for services which the claims administrator determines to be
22   medically necessary.  The services ordered by the attending
     physician for the direct care and treatment of a covered
23   condition.  They must be standard medical practices where
     received for the condition being treated and must be legal in the
24   United States.

25                            **DEFINITIONS**

26   **Claims administrator** refers to Anthem Blue Cross Life and
     Health Insurance Company.  On behalf of Anthem Blue Cross
27   Life and Health Insurance Company, Anthem Blue Cross shall
     perform all administrative services in connection with the
28   processing of claims under the plan.

---

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1
2
3
4
5
6
7

**Residential treatment center** is an inpatient treatment facility where the patient resides in a modified community environment and follows a comprehensive medical treatment regimen for treatment and rehabilitation of a mental health condition or substance abuse.  The facility must be licensed to provide psychiatric treatment of mental health conditions or substance abuse according to state and local laws and requires a minimum of one physician visit per week in the facility.  The facility must be fully accredited by The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

8
9

c.    In this regard, one such ERISA plan (ANTHEM073121-073194)

provides as follows:

10

## I.    PURPOSE

11
12
13
14

Medical expenses can place sizeable financial burdens on employees and their families, especially in cases of long-term or other catastrophic illness.  The Company therefore offers this group Health Plan to provide financial assistance for most medical expenses these individuals and their families might encounter.

…

15

## II.    HELPFUL TERMS

16
17

…

18
19
20

**Maximum Allowed Amount –** An amount based on reimbursement or cost information from the Centers for Medicare and Medicaid Services (CMS).  Unusual circumstances and complications are taken into consideration.  The Medical/Surgical Program uses a Maximum Allowed Amount equal to 315% of the Medicare allowed rate.

21

…

22
23
24
25

**Medically Necessary** – Services or supplies that are provided for the diagnosis or treatment of a medical or mental health and chemical dependency: are appropriate for the medical or mental health and chemical dependency condition; are done within the proper setting or manner required for the medical or mental health and chemical dependency condition; and meet generally accepted health care practices.

26

…

27
28

**Out-of-Pocket Maximum** – This is the most each covered individual would pay including deductible and coinsurance in a Plan year.  Once the out-of-pocket maximum has been met, the

- 114 -

Plan pays 100% for covered health care services and supplies for the remainder of the calendar year.

…

## X.    MEDICAL/SURGICAL PROGRAM

...

### C.    Covered Expenses

Expenses must be medically necessary in order to be covered by the Plan.  They are also limited to Reasonable and Customary charges, negotiated fee schedules, and other Plan limitations.

…

#### 9.    Diagnostic Tests

Diagnostic tests must be recommended by a doctor for the diagnosis for an illness or injury.  Covered diagnostic tests include X-rays or tests performed in a doctor's office, laboratory, or at a hospital as an outpatient.

…

#### 15.    Mental Health Parity and Substance Abuse Equity

The Plan has been designed to be in compliance with the Mental Health Parity and Addiction Equity Act of 2008 (the MHPAEA) and will provide in-patient and out-patient benefits, including emergency care and prescription drug coverage, for mental health conditions and substance use disorders without quantitative or non-quantitative treatment limitations more restrictive than those applied to equivalent medical/surgical benefits or other conditions covered by the Plan.  To the extent the Plan does not otherwise satisfy the requirements of the MHPAEA, the Plan will be interpreted under this paragraph in the manner which complies with the requirements of the MHPAEA.

Charges for the following expenses are covered by the Plan:

Substance Abuse Disorders

a.    Inpatient institutions and ancillaries and residential treatment centers, including detoxification.

- 115 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

  b.  Outpatient institutions and outpatient therapy.

  c.  Outpatient office visits.

…

**F.**  **Medical/Surgical Program – Member Coinsurance and Copay Chart**

…

| Expense Type | (After Deductible, Member Pays) OON |
|---|---|
| 3.  Mental/Behavioral Health & Substance Use Disorder | |
|  a.  Outpatient Services | 40% |
|  c.  Inpatient Services | 40% |
| 6.  Diagnostic Tests | 40% |

…

**XII.** **CLASSIC & SAVER HAS OPTIONS**

**A.**  **How Do the PPO Options Work?**

The Classic Option and the Saver HAS Option (the PPO Options) offer you the freedom to choose the benefit level you will receive each time you access medical care.  The benefit level depends on whether or not medical care is provided by a provider participating in the Anthem BC/BS PPO Network.  The two benefit levels available under the PPO Options are **in-network** benefits and **out-of-network** benefits.

…

**C.**  **General PPO Coverage**

Fees for services provided by a provider participating in the PPO Network are subject to the Negotiated Fee Schedule of the PPO Network.  The Network Negotiated Fee Schedule is the maximum allowable reimbursement for the services rendered by a provider participating in the PPO Network.  Providers accept the lesser of the charged fees or the Network fee as payment in full for covered services.  Fees for services provided by a provider not participating in the PPO Network are subject to

THIRD AMENDED CONSOLIDATED COMPLAINT

Reasonable and Customary limits regardless of the level of coverage paid under the PPO Option.

…

## XVII.     CLAIMS AND APPEALS

…

### A.   Filing an Initial Claim for Benefits

…

#### 1.   Medical/Surgical Claims and Preventative Services Claims

…

- **Providers who are not participating in the BC/BS Network** and Members submitting a claim directly are to send the claim to:

  Anthem BC/BS, PO Box 105187, Atlanta, GA 30348-5187

…

## XX.   ADMINISTRATIVE INFORMATION

…

### Claims Administrators

- **Medical/Surgical Program – Anthem BC/BS PPO Options**

  Anthem Insurance Companies, Inc., 220 Virginia Avenue, Indianapolis, IN 46204

…

## APPENDIX A

…

### Health Plan Summary of Provisions and Option Comparison

|  | Classic, OON | Saver HAS, OON |
|---|---|---|
| Deductible, Individual | $1,000 | $2,700 |
| Coinsurance | You pay 40% after deductible is met | You pay 40% after deductible is met |

- 117 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| AOOPM, Individual | $6,000 | $10,000 |
|---|---|---|

\* Once one covered family member has reached the individual out-of-pocket maximum, the Plan will pay 100% of covered services for that individual

…

## APPENDIX B – PRE-CERTIFICATION LIST

…

### Out-of Network Referrals:
Out of Network Services for consideration of payment at in-network benefit level (may be authorized, based on network availability and/or medical necessity.)

### Mental Health/Substance Abuse (MHSA):

- Acute Inpatient Admissions

…

- Intensive Outpatient Therapy (IOP)

- Partial Hospitalization (PHP)

- Residential Care

- Applied Behavioral Analysis

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

261.   Defendants, and each of them, insure, sponsor, fund, serve as the designated claims administrator, serve as the designated plan administrator and/or serve as the named plan administrator's designee for the various ERISA health plans at issue.

262.   The ERISA health plans at issue expressly state that Anthem acts as plan fiduciary and administrator, with discretionary authority and discretionary control respecting management of the plan benefits, sole discretionary authority and responsibility to interpret and construe the provisions of the plans and to determine all factual and legal questions under the plans, and the right to delegate such discretionary authority.

263.   With respect to a percentage of the ERISA claims at issue, Anthem

THIRD AMENDED CONSOLIDATED COMPLAINT

delegated to MultiPlan its discretionary authority to determine the amount of

benefits owed for medically necessary covered SUD treatment and services,

pursuant to a service agreement that incentivized MultiPlan to reduce the amount of

benefits paid to Plaintiffs, using MultiPlan's pricing database of healthcare claims

data that is wholly unrepresentative of amounts actually charged by or paid to

similar providers in Plaintiffs' same specialties, in the same surrounding area,

generating unreasonably low payment amounts relative to the reimbursement

amounts that would have been generated if Anthem and MultiPlan instead had relied

on the reimbursement methodologies set forth in the ERISA plans.

264.   Once MultiPlan's database and pricing tool generated a rate with

respect to a particular ERISA claim at issue, MultiPlan returned the rate information

to Anthem, who then issued the under-payment of benefits to Plaintiffs.

265.   After Anthem under-reimbursed Plaintiffs' claims that were priced by

MultiPlan, Plaintiffs received explanations of benefits ("EOB") from Anthem that

are misleading because the EOBs do not explain that Anthem's reimbursements had

been based on a methodology inconsistent with the ERISA plans' requirements, and

omitted information from these EOBs about the reimbursement methodology it

used.  But what the EOBs did make clear was MultiPlan's role as a plan fiduciary in

determining the amount of benefits Anthem would pay under the ERISA plans.

266.   The various ERISA health plans at issue fall into two categories –

fully-funded and self-funded – but are administered the same.

267.   With respect to each ERISA plan at issue in this litigation that is a

fully-funded plan, Defendants, and each of them are responsible for both

administering and paying the claims from their own bank accounts, and are the plan

administrators and ERISA fiduciaries for these plans.

268.   With respect to each ERISA plan at issue in this litigation that is a self-

funded plan, Defendants, and each of them, administer these plans pursuant to an

administrative service agreement, by which the self-funded ERISA plan sponsors

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

delegated to Defendants, and each of them, the authority and responsibility for all administrative responsibilities, including *inter alia,* providing plan members with plan documents, interpreting and applying the plan terms, making coverage and benefits decisions, handling appeals of coverage and benefits decisions, and providing for payment from their own bank accounts in the form of claim reimbursements, and as such are the plan administrators and ERISA fiduciaries for these plans.

269.   With respect to each ERISA plan at issue in this litigation that is a self-funded plan, but which does not specifically designate a plan administrator, Defendants, and each of them, functioned as the *de facto* plan administrators and were specifically designated by the ERISA plan sponsors as the claims administrator, with the same fiduciary duties as expressly designated plan administrators, and as such are the plan administrators and ERISA fiduciaries for these plans.

270.   With respect to each ERISA plan at issue in this litigation that is a self-funded plan, Defendants, and each of them, make all benefit determinations and authorize benefit checks to be issued out of their own bank accounts.  Periodically, Defendants, and each of them, will notify the ERISA self-funded plan sponsors of the need to replenish their accounts so that benefits can be paid.  Defendants, and each of them, control these accounts and are fully responsible for processing the insurance claims and making the determination whether to issue a benefits payment check from these accounts.

271.   As alleged herein, Defendants, and each of them, acted as agents for each other with regard to processing the claims under the ERISA plans at issue. With respect to the ERISA plans, whether fully-funded or self-funded, Defendants, and each of them, are the proper parties for Plaintiffs to sue because Defendants, and each of them, not the underlying plan sponsor or employer, made and continue to make all the relevant decisions whether to honor or deny claims under the ERISA

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  plans, and exercised and continue to exercise the authority to issue benefit payment

2  checks under the ERISA plans form their own bank accounts.

3       272.   After providing the covered SUD treatment and services to the 1,691

4  insureds at issue with ERISA plans, Plaintiffs submitted their claims to Defendants

5  for payment in accordance with the procedures for receiving benefits under the

6  terms of the ERISA plans, with the claim forms notifying Defendants that Plaintiffs

7  were submitting the claims as the insureds' assignee.  Defendants were obligated –

8  under the law and the ERISA plans – to pay Plaintiffs the applicable plan percentage

9  of their covered charges (between 50% to 80% of covered charges, with the majority

10 of plans paying OON benefits at 70% of covered charges (minus any outstanding

11 insured cost-sharing amounts)) until the insured's AOOPM is met at which time

12 Defendants pay 100%.

13      273.   Instead of paying Plaintiffs per the ERISA plan documents and the law,

14 Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and

15 systematic polices, practices and decisions – with an emphasis on profits over

16 patients – and paid Plaintiffs, as a group, an average of 17.59% of their covered

17 charges.  This includes, but is not limited to, Defendants' low payments based on

18 inapplicable Medicare rates, down coding, defective databases of purported usual

19 and customary rates for SUD treatment, and bundled per diem rates.  It also includes

20 Defendants' denial of claims based on overly restrictive level of care guidelines and

21 qualitative and quantitative restrictions on access to coverage and benefits for

22 individuals in SUD treatment and services, including, but not limited to,

23 Defendants' flawed criteria for coverage determinations which treat mental health

24 and SUDs as an acute and not chronic condition.  Plaintiffs are informed and

25 believe, and based thereon allege, that Defendants' misconduct as alleged herein

26 was and is motivated by profits, including, but not limited to, additional money

27 Anthem makes on the backend via its administrative services only agreements with

28 the plans, the Host Plan's (in this case BCC) agreements and financial arrangements

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    with the out-of-state plans, and MultiPlan's bonus program for employees who save

2    its client payors, including Anthem, money on claim payments, including the claims

3    at issue here.  Plaintiffs are informed and believe, and based thereon allege, that

4    Anthem and MultiPlan split the profits made on underpaying the claims at issue

5    herein.  These financial motivations benefited Defendants, and each of them, and

6    passed the costs of SUD treatment and services on to the insureds and the providers

7    who treated them, like Plaintiffs.  Plaintiffs are also informed and believe, and based

8    thereon allege, that these financial motivations for Defendants created a situation

9    where at times Defendants made as much or even more money on the claims at issue

10   than did Plaintiffs.

11        274.   It was only after Plaintiffs rendered the treatment and services at issue

12   that Defendants refused to properly compensate Plaintiffs for the covered treatment

13   and services rendered to Defendants' insureds.

14        275.   Defendants did not inform or advise Plaintiffs (during the claim

15   submission and payment process or the post-claims process, or at any time prior to

16   this action) about any anti-assignment provisions in the ERISA plans at issue, and

17   Defendants did not deny Plaintiffs' claims or deny payment to Plaintiffs on the

18   grounds of any anti-assignment provisions in the ERISA plans.  As a result and by

19   operation of law and principles of equity, Defendants have waived and are estopped

20   from asserting any such anti-assignment provisions in any of the ERISA plans at

21   issue in this action (*see* fn. 16, *supra*).  Likewise, Defendants did not provide

22   Plaintiffs (during the claim submission and payment process or post-claims process,

23   or at any time prior to this action) with the ERISA plan documents, and Defendants,

24   and each of them, made benefit determinations that were not based on the individual

25   plan terms.  Similarly, Defendants did not inform or provide Plaintiffs with notice

26   (during the claim submission and payment process or post-claims process, or at any

27   time prior to this action) of any mandatory appeal obligations in the ERISA plans at

28   issue or any requirement in the plans to exhaust the appeals process to avoid losing

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    the right to litigate.  As a result and by operation of law and principles of equity,

2    Defendants failure to properly notify Plaintiffs of the need to exhaust administrative

3    remedies to avoid losing the right to litigate is sufficient to obviate any exhaustion

4    requirement in the health plans at issue (*see* fn. 17, *supra*).

5        276.    During the claim submission and payment process, Defendants put

6    Plaintiffs on various pre-payment review and program integrity audits, and through

7    their various departments, Defendants repeatedly requested the same documents and

8    information from Plaintiffs, over and over again.  This was all an attempt by

9    Defendants, and each of them, to avoid processing and paying the claims.  Plaintiffs

10   complied with Defendants' repetitive requests and despite being promised payment

11   pursuant to, *inter alia*, the ERISA plans and/or repricing agreements, Defendants

12   refused to properly reimburse Plaintiffs for the covered treatment and services

13   provided to Defendants' insureds.  Defendants likewise failed and refused to provide

14   Plaintiffs and the insureds with adequate notice and/or explanation for the denial of

15   benefits, payments or reimbursement of claims, and failed and refused to provide

16   Plaintiffs and the insureds with a reasonable opportunity to engage in a meaningful

17   claims process and procedure which was full and fair.  Defendants' audits, bogus

18   TIN flags and pending of claims, inadequate notices and explanations, denial of full

19   and fair claims processes and procedures, repetitive document and information

20   requests and promises of payment were false and fraudulent and were implemented

21   by Defendants, and each of them, as a pretext to unlawfully delay and deny

22   Plaintiffs (and hundreds of other SUD treatment providers and clinical laboratories)

23   payment in accordance with the law and the ERISA plans.

24       277.    Plaintiffs have made all reasonable efforts to have Defendants

25   adjudicate their claims, and have provided Defendants with thousands of pages of

26   treatment records, none of which Defendants even consider for determining

27   coverage.  Plaintiffs have exhausted or by law are deemed to have exhausted their

28   administrative remedies under the ERISA plans at issue, and moreover, Defendants'

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

herein explained pattern of misconduct and misbehavior rendered all potential and

further administrative remedies futile.

278.   Not all of the ERISA plans at issue require the exhaustion of

administrative remedies as a condition precedent to taking legal action, and those

having such conditions couch the material terms of the appeal and grievance process

as an optional procedure, stating that if a claim for plan benefits is denied, the

insured member or an authorized representative, such as the provider, *may*

participate in Defendants' appeals and grievance process.

279.   OON providers who have been assigned their patients' rights to

reimbursement, such as Plaintiffs, have standing to pursue ERISA claims against

Defendants, and their assigned right to reimbursement includes the ability to seek

judicial enforcement of that right in this action.

280.   ERISA notice and appeal rights belong to the party with the legal right

to payment,[30] and the Department of Labor ("DOL") maintains that providers who

have been assigned their patients' rights to reimbursement, such as Plaintiffs, are

entitled to insist upon their assigned right to challenge the allegedly wrongful

decision to deny benefits through a process that complies with the ERISA Claims

Regulation.[31]

281.   Defendants failed to provide Plaintiffs with proper notice of their

appeal rights pursuant to ERISA Claims Regulation (29 C.F.R. § 2560.503-1),

which is consistent with Defendants' custom and practice of only giving notice of

---

[30] *See Premier Health Ctr. v. UnitedHealth Grp.*, 292 F.R.D. 204, 221 (D.N.J. 2013) (Out of network providers who have been assigned their patients' rights to reimbursement have standing to pursue ERISA claims against the plan sponsor/administrator, and that "assignment of the right to reimbursement 'must logically include the ability to seek judicial enforcement of that right.'" *Id*., citation omitted.

[31] *See Tri3 Enters., LLC v. Aetna, Inc.*, 2012 WL 6113799, at *29 (3d Cir. Nov. 30, 2012) (DOL Amicus Brief) (Out of network providers who have been assigned their patients' rights to reimbursement are "entitled to insist upon [their] assigned right to challenge the allegedly wrongful decision to deny benefits through a process that complies with the [ERISA] claims regulation."

1   ERISA appeal rights—if they give notice at all—to parties least likely to exercise

2   them (patients who have assigned their right to payment to providers), and deny

3   those rights to parties most likely to exercise them (providers who have been

4   assigned the right to payment).  Defendants' failure to provide Plaintiffs with proper

5   notice of their appeal rights pursuant to ERISA Claims Regulation is a systematic

6   violation of ERISA, deeming the administrative remedies exhausted,[32] constituting a

7   waiver of any condition requiring exhaustion of administrative remedies under the

8   ERISA plans at issue, and estopping Defendants from asserting administrative

9   exhaustion as a defense.

10          282.   Even when these similarly situated Plaintiffs sought to enforce their

11   assigned appeal rights in response to Defendants' wrongful denials and

12   underpayment of plan benefits for similarly situated patients, by giving notice in

13   accordance with the ERISA plans offering an appeal and grievance procedure, and

14   supplying the requisite information and documents, Plaintiffs exhausted the

15   administrative remedies to no avail.  Defendants repeatedly requested more and

16   more records (even duplicate requests), conducted sham peer to peer reviews and

17   ultimately upheld their denials and underpayments, representing to Plaintiffs that

18   Defendants' decision was final and no further steps needed to be taken, and not

19   advising Plaintiffs of any further conditions on Plaintiffs' rights to litigate the

20   ERISA claims at issue.  All of these facts and circumstances, along with

21   Defendants' insistence that it owes not a penny of the millions of dollars in ERISA

22   benefits at issue in this action, render it reasonable for Plaintiffs to conclude that the

23

24   _____

25   [32] 29 C.F.R. § 2560.503–1(*l* ); *see Barboza v. California Ass'n of Professional Firefighters* (9th

26   Cir. 2011) 651 F.3d 1073, 1076 ("when an employee benefits plan fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not

27   exhaust because his claims will be deemed exhausted"); *see also Downey Surgical Clinic, Inc. v. Ingenix, Inc.* (C.D. Cal., May 30, 2014, No. CV 09-5457 PSG (CTX)) 2014 WL 12558848, at *5–

28   6.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    pursuit of an administrative appeal to Defendants would be futile.[33]

2        283.   Defendants, and each of them, have failed to process Plaintiffs' claims

3    in a manner consistent with ERISA, by, among other acts and omissions:

4            a.   Delaying the processing, adjustment and/or payment of claims for

5                 periods of time greater than 45 days after submission of the claims

6                 in violation of 29 C.F.R. §2560.503-1(f)(2)(iii)(B);

7            b.   Failing and refusing to provide any notice and/or explanation for

8                 the denial of benefits, payments or reimbursement of the claims of

9                 each of the insureds, in violation of 29 U.S.C. §1133(1);

10           c.   Failing and refusing to provide an adequate notice and/or

11                explanation for the denial of benefits, payments or reimbursement

12                of claims of each of the insureds, in violation of 29 U.S.C. §

13                1133(1);

14           d.   Failing and refusing to provide an explanation for the denial of

15                benefits, payments or reimbursements of claims of each of the

16                insureds, and by failing and refusing to set forth the specific

17                reasons for such denials, all in violation of 29 U.S.C. §1133(1);

18           e.   Failing and refusing to provide an explanation for the denial of

19                benefits, payments or reimbursements of claims of each of the

20                insureds, written in a manner calculated to be understood by the

21                participant, in violation of 29 U.S.C. § 1133(1);

22

23   _____

[33] *See In re WellPoint, Inc. Out-of-Network UCR Rates Litigation,* 865 F.Supp.2d 1002, 1041–
24   1042 (C.D. Cal. 2011) (providers demonstrated futility by pointing to similarly situated plaintiffs
     who exhausted administrative remedies to no avail; *see also Perkins v. Prudential Insurance*
25   *Company of America,* 417 F.Supp.2d 1149, 1153 (C.D. Cal. 2006) (plaintiff's showing
     of futility sufficient where the long history of claims and lawsuits between the plaintiff and the
26   insurer showed that the insurer "consistently refused to pay [the plaintiff's] benefits until
     sued."); *see also Melczer v. Unum Life Ins. Co. Am.,* 2009 WL 792502 (D. Ariz. March 24, 2009)
27   (futility adequately shown where there was evidence regarding the lack of reviews done by the
     insurer in initial determination of claim such that appeal would be futile).
28

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

f.  Failing to afford Plaintiffs and/or their patient insureds with a reasonable opportunity to engage in an appeals process, in violation of 29 U.S.C. §1133(2);

g.  Failing to afford Plaintiffs and/or their patient insureds with a reasonable opportunity to engage in meaningful appeal process which was full and fair, in violation of 29 U.S.C. §1133(2);

h.  Failing and refusing to provide Plaintiffs and/or their patient insureds with information pertaining to their rights to appeal, including not limited to those deadlines for filing appeals and/or the requirements that an appeal be filed, in violation of 29 U.S.C. §1133(1);

i.  Violating the minimum requirements for employee benefit plans pertaining to claims and benefits by participants and beneficiaries, in violation of 29 C.F.R. § 2560.503-1(a), *et seq.*;

j.  Failing and refusing to establish and maintain reasonable claims procedures in violation of 29 C.F.R. § 2560.503-1(b);

k.  Establishing, maintaining and enforcing claims procedures which unduly inhibit the initiation and processing of claims for benefits, in violation of 29 C.F.R. §2560.503.1(b)(3);

l.  Precluding and prohibiting Plaintiffs from acting as authorized representatives of the patient insureds in pursuing a benefit claim or appeal of an adverse benefit determination, in violation of 29 C.F.R. §2560.503-1(b)(4);

m.  Failing and refusing to design, administer and enforce their processes, procedures and claims administration to ensure that their governing plan documents and provisions have been applied consistently with respect to similarly situated participants, beneficiaries and claimants, in violation of 29 C.F.R. §2560.503-

- 127 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    1(b)(5);

2  n. Failing and refusing to pay benefits for services rendered by

3    Plaintiffs which Defendants authorized, as well as rescinding the

4    same, in violation of California Health & Safety Code §1371.8 and

5    California Insurance Code §796.04;

6  o. Failing to offer coverage for mental health and substance use

7    disorder treatment and laboratory services in parity with the

8    medical and surgical benefits afforded by the same plans, as

9    required by 26 U.S.C. §9812(3), as well as other mandates set forth

10    at 26 U.S.C. §9812, *et seq.*; and

11  p. Failing and refusing to pay Plaintiffs for the substance use disorder

12    treatments and laboratory services provided to the patient insureds

13    in violation of 26 U.S.C. § 9812(3).

14   284. Defendants' failure and refusal to provide coverage, reimbursement,

15 payment and/or benefits for the SUD treatment and laboratory services that

16 Plaintiffs rendered to Defendants' insureds/members, and Defendants' denial of

17 health insurance benefits coverage, constitute breaches of the ERISA plans at issue.

18 Plaintiffs have performed all, or substantially all, of the significant things required

19 of them under the ERISA plans, except as excused by Defendants' material

20 breaches.  Plaintiffs seek reimbursement and compensation for any and all payments

21 which they would have received and to which they are entitled to receive as a result

22 of Defendants' breaches of the ERISA plans and failure to pay benefits and cover

23 the treatments and services rendered by Plaintiffs to Defendants' insureds/members,

24 in amounts according to proof at trial.

25   285. Defendants have arbitrarily and capriciously breached the obligations

26 set forth in the ERISA plans at issue, and as regulated by ERISA and implementing

27 regulations incorporated into the plans, and Defendants have arbitrarily and

28 capriciously breached their obligations under the ERISA plans to provide Plaintiffs

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1    and the patient insureds with health benefits.

2        286.   To remedy Defendants' wrongful conduct, Plaintiffs seek an order

3    awarding them an amount equal to the amount of ERISA benefits Plaintiffs should

4    have received and to which the patient insureds would have been entitled had

5    Defendants paid the proper amounts, in amounts according to proof at trial, as direct

6    and proximate result of the denial of plan benefits and other wrongful conduct by

7    Defendants, and each of them, as alleged herein.

8        287.   Plaintiffs are entitled to an award of reasonable attorney's fees pursuant

9    to 29 U.S.C. § 1132(g)(1).  As a result of the actions and failings of Defendants, and

10   each of them, Plaintiffs have retained the services of legal counsel and have

11   necessarily incurred attorney's fees and costs in prosecuting this litigation.

12   Furthermore, Plaintiffs anticipate incurring additional attorney's fees and costs

13   hereafter pursing this litigation and recovery of amounts due and owed by

14   Defendants.

15               **SECOND CAUSE OF ACTION**

16                **Breach of Written Contract**

17                   **(Non-ERISA Plans)**

18                  **Against All Defendants**

19       288.   Plaintiffs incorporate by reference all allegations set forth in each of the

20   paragraphs above as if fully set forth herein.

21       289.   Plaintiffs allege this cause of action in connection with their claims for

22   substance use disorder treatment and laboratory services rendered to the 1,691

23   insureds with health insurance plans not governed by ERISA.  Plaintiffs bring this

24   cause of action as assignees and third party beneficiaries of the non-ERISA health

25   insurance plans at issue.

26       290.   Plaintiffs are OON SUD treatment providers and clinical laboratories.

27   Plaintiffs are in the profession of helping individuals recover from alcoholism and

28   addiction and return to their families and communities as productive and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

contributing members of society.  Plaintiffs provided medically necessary, verified, preauthorized and covered substance use disorder treatment and laboratory services to 1,691 individuals with health insurance that was sold, insured, managed and/or administered by Defendants.  The treatment and services provided by Plaintiffs include DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, medication management, psychological testing, case management services, and laboratory services to, among other things, determine, measure, or otherwise describe the presence or absence of various substances in the body.

291.   Defendants' health insurance plans, for each of the 1,691 insureds at issue, provide coverage for OON SUD treatment and laboratory services.  In this regard, the plans, and each of them, provide that OON SUD benefits include the following levels of care: DTX, RTC, PHP, IOP, and OP.  The plans also provide that OON SUD services include: diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, medication management, psychological testing, case management services.  The plans further provide coverage for OON laboratory benefits, which include the facility charge and the charge for supplies and equipment, physician services for pathologists, and presumptive drug tests and definitive drug tests.

292.   Defendants' health insurance plans, for each of the 1,691 insureds at issue, pay benefits for OON SUD treatment and laboratory services, including, but not limited to, DTX, RTC, PHP, IOP, OP, diagnostic tests and evaluations, assessment and treatment planning, treatment and procedures, counseling, individual, family and group therapy, medication management, psychological testing, case management services and laboratory services, at varying percentages of covered charges (between 50% to 80% of covered charges, with the majority of plans paying out-of-network benefits at 70% of covered charges (minus any outstanding cost-sharing amounts (i.e., deductibles, coinsurance), which Defendants

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  deduct from payments to Plaintiffs)) until the insured's AOOPM is met at which

2  time Defendants pay 100%.  Plaintiffs are informed and believe, and based thereon

3  allege, that each of the 1,691 insureds had already met their AOOPM at the time

4  they first received treatment or services from Plaintiffs, or shortly thereafter.  The

5  plans also pay 100% of covered charges (minus any applicable and remaining in-

6  network deductibles, copays or coinsurance) in the event of a "network inadequacy"

7  or "network gap" for the services received.  Plaintiffs are informed and believe, and

8  based thereon allege, that at all times relevant herein Defendants had an inadequate

9  network of substance use disorder treatment providers and clinical laboratories.  The

10  exclusions, conditions and limitations in the plans do not apply to the treatments and

11  services provided by Plaintiffs.

12      293.   Plaintiffs obtained oral and written assignments of benefits from each

13  of the insureds at issue, by which Defendants' insureds intended to, and did, assign

14  to Plaintiffs their health plan benefits and rights to payment from Defendants on the

15  claims at issue to Plaintiffs and Plaintiffs obtained written assignments of benefits

16  from each of the insureds at issue, by which Defendants' insureds intended to, and

17  did, assign to Plaintiffs not only rights to payment from Defendants on the claims at

18  issue but to assert all rights and causes of action against Defendants in connection

19  with payment on the claims.  (*see* ¶¶86-89, 110, 119, 128, 137, 146, 155, 164, 173,

20  182, 191, 200, 209, *supra*).

21      294.   Plaintiffs were unaware of any anti-assignment provisions in the health

22  plans at issue, and Defendants, and each of them, and specifically BCBS Louisiana,

23  never informed or advised Plaintiffs during the claim submission and payment

24  process or post-claims process, and never denied Plaintiffs payment on the grounds

25  of any anti-assignment provisions in the health plans at issue, despite Defendants'

26  and each of them having knowledge of Plaintiffs' assignments as indicated on the

27  industry standard claim forms Plaintiffs submitted to Defendants.  As a result and by

28  operation of law and principles of equity, Defendants have waived and are estopped

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

from asserting any such anti-assignment provisions in any of the health plans at issue in this action.

295.   Plaintiffs are also express and intended third-party beneficiaries of the health insurance plans between Defendants and the 1,691 insured patients treated by Plaintiffs, and are entitled to recover on that basis.

296.   Defendants and their insureds intended that Plaintiffs directly benefit from the health insurance plans and the plans indicate the intent to benefit Plaintiffs by providing for payment to Plaintiffs for the treatment and services provided to Defendants' insureds.

297.   The health insurance plans issued, managed and/or administered by Defendants provide their insureds with the option of seeking treatment with Defendants' INPs or choosing their own OONPs, like Plaintiffs.  The plans also provide for the payment of benefits for OONPs, like Plaintiffs, who provide medically necessary services to the insureds.  Although the plans issued, managed and/or administered by Defendants may incentivize their insureds to seek treatment with INPs, the plans explicitly express Defendants' intent to benefit OONPs, like Plaintiffs.

298.   The health insurance plans issued, managed and/or administered by Defendants further express Defendants' intent to benefit OONPs, like Plaintiffs, insofar as the plans expressly incorporate by reference regulations requiring insurers, like Defendants, to provide an adequate network of INPs and, in the event of a "network inadequacy" or "network gap," requiring insurers, like Defendants, to pay for the required care with available and accessible OONPs, like Plaintiffs, with the insureds responsible for paying only cost-sharing in an amount equal to the cost-sharing they would have paid for provision of that or a similar service by an INP. Defendants' intent to benefit OONPs, like Plaintiffs, by the terms of the health insurance plans at issue is further evidenced by the conduct of the Defendants, who issued payments to OONPs, including Plaintiffs, for the medically necessary

1    treatment and services rendered to their insureds, in accordance with the terms of the

2    plans, until in or around 2015, when the Defendants, as part of their scheme to

3    decrease their costs on mental health and substance use disorder treatment claims,

4    conspired, concocted and implemented their plans to significantly decrease, and in

5    some cases completely ceased reimbursing, OONPs providing substance use

6    disorder treatment and related services, including Plaintiffs. Defendants confirmed,

7    represented, promised and warranted to Plaintiffs through the required verification

8    of benefits and the preauthorization process, that each of the insureds and their

9    respective out-of-network treatments and services were covered by health insurance

10   plans issued, managed and/or administered by Defendants, the premiums were paid

11   and the plans were effective, and that Plaintiffs would be paid for treating

12   Defendants' insureds.  At all times relevant herein, Defendants knew that Plaintiffs

13   were treating and providing services, and would continue to treat and provide

14   services, to their insureds, and Defendants were, at all times, advised and fully

15   aware of Plaintiffs' charges for the treatment and services rendered, at each level of

16   care.

17          299.   The intended benefits set forth in Defendants' non-ERISA, standard

18   form individual and family health plans are the same in all material respects as to

19   the claims at issue for those of Defendants' 1,691 insureds with an individual and

20   family health benefits plan not governed by ERISA, and provide the following

21   material terms with respect to coverage for the SUD treatment and laboratory

22   services at issue herein, as reflected in one such non-ERISA plan

23   (ANTHEM_027854-027908, as amended by endorsements) that provides as

24   follows:

### Mental Health Parity and Addiction Equity Act

The Mental Health Parity and Addiction Equity Act
provides for parity in the application of aggregate
treatment limitations (day or visit limits) on mental health
and substance abuse benefits with day or visit limits on
medical and surgical benefits. In general, group health

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

plans offering mental health and substance abuse benefits cannot set day/visit limits on mental health or substance abuse benefits that are lower than any such day or visit limits for medical and surgical benefits. …

The Mental Health Parity and Addiction Equity Act also provides for parity in the application of nonquantitative treatment limitations (NQTL). An example of a nonquantitative treatment limitation is a precertification requirement.

Also, the Plan may not impose Deductibles, Copayment, Coinsurance, and out of pocket expenses on mental health and substance abuse benefits that are more restrictive than Deductibles, Copayment, Coinsurance and out of pocket expenses applicable to other medical and surgical benefits.

PART II MAXIMUM COMPREHENSIVE BENEFITS

**Deductible**

Before we pay for any medical benefits, You must satisfy your $1,500 Yearly Deductible per Member. …

**Copayments/Coinsurance**

You will be required to pay a Copayment/Coinsurance for services received while You are covered under this Plan. Your Copayment/Coinsurance may be a fixed dollar amount per day, per visit or it may be a percentage of eligible charges. It could also be a combination of a fixed dollar amount and a percentage of eligible charges. …

**Yearly Maximum Copayment/Coinsurance Limit**

The Yearly Maximum Copayment/Coinsurance Limit for **Participating/Preferred and/or Non-Participating Providers,** also referred to as the out of pocket maximum, is **$4,000** per Member per Year. …

**MAXIMUM ALLOWED AMOUNT**

**General**

This provision describes how we determine the amount of reimbursement for Covered Services.

Reimbursement for services rendered by Participating and Non-Participating Providers is based on Your Plan's Maximum Allowed Amount for the Covered Service that You receive. Please also see the "Inter-Plan Programs" provision for additional information.

The Maximum Allowed Amount for this Plan is the maximum amount of reimbursement we will allow for

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

services and supplies:

- that meet our definition of Covered Services, to the extent such services and supplies are covered under Your Plan and are not excluded;

- that are Medically Necessary; and

- that are provided in accordance with all applicable Precertification, utilization management or other requirements set forth in Your Plan.

You will be required to pay a portion of the Maximum Allowed Amount to the extent You have not met Your Deductible or have a Copayment or Coinsurance. In addition, when You receive Covered Services from a Non-Participating Provider, You may be responsible for paying any difference between the Maximum Allowed Amount and the Provider's actual charges and this amount can be significant. …

When You receive Covered Services from a Provider, we will, to the extent applicable, apply claim processing rules to the claim submitted for those Covered Services. These rules evaluate the claim information and, among other things, determine the accuracy and appropriateness of the procedure and diagnosis codes included in the claim. Applying these rules may affect our determination of the Maximum Allowed Amount. …

**Provider Network Status**

The Maximum Allowed Amount may vary depending upon whether the Provider is a Participating Provider or a Non-Participating Provider.

A Participating Provider is a Provider who is in the managed network for this specific product or in other closely managed specialty network, or who has a participation contract with us. For Covered Services performed by a Participating Provider, the Maximum Allowed Amount for this Plan is the rate the Provider has agreed with us to accept as reimbursement for the Covered Services. …

Providers who have not signed any contract with us and are not in any of our networks are Non-Participating Providers, subject to Blue Cross Blue Shield Association rules governing claims filed by certain ancillary Providers.

For Covered Services You receive from a Non-Participating Provider, the Maximum Allowed Amount for Your Plan will be one of the following:

1.  An amount based on our Non-Participating Provider

THIRD AMENDED CONSOLIDATED COMPLAINT

1  fee schedule/rate, which we have established, and which
2  we may modify from time to time, after considering one
   (1) or more of the following: reimbursement amounts
3  accepted by like/similar Providers contracted with us,
   reimbursement amounts paid by the Centers for Medicare
4  and Medicaid Services for the same services or supplies,
   and other industry cost, reimbursement and utilization
5  data; or

6  2.  An amount based on reimbursement or cost
   information from the Centers for Medicare and Medicaid
7  Services ("CMS"). When basing the Maximum Allowed
   amount upon the level or method of reimbursement used
8  by CMS, Anthem will update such information, which is
   unadjusted for geographic locality, no less than annually;
9  or

10 3.  An amount based on information provided by a third
   party vendor, which may reflect one (1) or more of the
11 following factors: 1) the complexity or severity of
   treatment; 2) level of skill and experience required for the
12 treatment; or 3) comparable Providers' fees and costs to
   deliver care, or

13 4.  An amount negotiated by Us or a third party vendor
   which has been agreed to by the Provider. This may
14 include rates for services coordinated through case
   management, or

15
16 5.  An amount based on or derived from the total charges
   billed by the Non-Participating Provider. ...

17 **Authorized Services**

18 In some circumstances, such as where there is no
   Participating Provider available for the Covered Service,
19 we will authorize the Participating cost share amounts
   (Deductible, Copayment, and/or Coinsurance) to apply to
20 a claim for a Covered Service You receive from a Non-
   Participating Provider. …

21 **INTER-PLAN ARRANGEMENTS**
22
   **Out-of-Area Services**
23
   **Overview**
24
   We have a variety of relationships with other Blue Cross
25 and/or Blue Shield Licensees. Generally, these
   relationships are called "Inter-Plan Arrangements." These
26 Inter-Plan Arrangements work based on rules and
   procedures issued by the Blue Cross Blue Shield
27 Association ("Association"). Whenever You access
   healthcare services outside the geographic area we serve
28 (the "Anthem Service Area"), the claim for those services

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

1
2
may be processed through one of these Inter-Plan Arrangements. The Inter-Plan Arrangements are described below. …

3
## A.  BlueCard®Program

4
5
6
7
Under the BlueCard Program, when You receive Covered Services within the geographic area served by a Host Blue, we will still fulfill our contractual obligations. But, the Host Blue is responsible for: (a) contracting with its Providers; and (b) handling its interactions with those Providers.

8
9
When You receive Covered Services outside the Anthem Service Area and the claim is processed through the BlueCard Program, the amount You pay is calculated based on the lower of:

10
- ▪ The billed charges for Covered Services; or

11
- ▪ The Negotiated Price that the Host Blue makes available to us.

12
13
## D. Non-ParticipatingProvidersOutside Our Service Area

14
### 1. Allowed Amounts and Member liability Calculation

15
16
17
When Covered Services are provided outside of Anthem's Service Area by Non-Participating Providers, we may determine benefits and make payment based on pricing from either the Host Blue or the pricing arrangements required by applicable state or federal law. ….

18
19
### 2. Exceptions

20
21
22
In certain situations, we may use other pricing methods, such as billed charges the pricing we would use if the healthcare services had been obtained within the Anthem Service Area, or a special Negotiated Price to determine the amount we will pay for services provided by Non-Participating Providers. …

23
24
## PART IV COMPREHENSIVE BENEFITS: WHAT IS COVERED BY BLUE CROSS

…

25
26
## Mental Health and Substance Abuse (Chemical Dependency) Services

27
Covered Services include the following:

28
- ▪ **Inpatient Care** in a JCAHO-accredited Hospital or any

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 137 -

THIRD AMENDED CONSOLIDATED COMPLAINT

Facility that we must cover per State law Inpatient benefits include the following:

…

- Detoxification - medical management of withdrawal symptoms, including room and board, Physician services, Drugs, dependency recovery services, education and counseling

- Residential treatment which is specialized twenty-four (24) hour treatment in a licensed JCAHO or CARF-accredited Residential Treatment Center. …

- Transitional residential recovery services for Substance Abuse (chemical dependency)

- **Outpatient Care,** including:

  - Office Visits, which include:

    - Individual and group Mental Health evaluation and treatment

    - Outpatient services to monitor Drug therapy

    - Methadone maintenance treatment

    - Individual and group chemical dependency counseling

    - Medical treatment for withdrawal symptoms …

  - Other Outpatient Items and Services, including

    - Partial Hospitalization programs and intensive outpatient programs

    - Day treatment programs for Substance Abuse

    - Intensive outpatient programs for Substance Abuse …

300.   Another example of Defendants' non-ERISA, standard form individual and family health plans (ANTHEM_003796-003939) provides as follows:

Medical Deductible

Individual Plan [OON]: … $5,000 per Benefit Period

Family Plan [OON]:  … $5,000 per Benefit Period

Out of Pocket Maximum

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Individual Plan [OON]: … $5,000 per Benefit Period

2    Family Plan [OON]:  … $5,000 per Benefit Period  The

3    Out of Pocket Maximums include all Deductibles
     Coinsurance and Copayments You pay during a Benefit
4    Period for all Essential Health Benefits, medical services,
     child dental and vision services and Prescription Drug
5    services combined. …

6    Once the applicable Out of Pocket Maximum is satisfied
     You will not have to pay any additional Deductibles
7    Copayments or Coinsurance for the rest of the Benefit
     Period. …

8
     **HOW YOUR COVERAGE WORKS**
9
     …
10
     **This is a Preferred Provider Organization PPO Plan**
11
     We provide access to a network of Hospitals and Providers
12   who contract with Anthem to facilitate services to our
     Members and who provide services at pre-negotiated
13   discounted rates. Benefits for In Network Providers are
     based on a Maximum Allowed Amount. In Network
14   Providers have an agreement in effect with Anthem and
     have agreed to accept the Maximum Allowed Amount as
15   payment in full. … Out of Network Providers do not have
     an agreement with Anthem. Your personal financial costs
16   when using Out of Network Providers may be
     considerably higher than when You use In Network
17   Hospitals or In Network Providers. …

18   **Choice of Physicians and Providers**

19   You have the right to choose an In Network Facility, In
     Network Provider, or Out of Network Provider. Choosing
20   an Out of Network Provider may impact Your personal
     financial costs. …

21
     **WHAT IS COVERED**
22
     …
23
     **Mental Health and Substance Abuse Chemical
24   Dependency Services**

25   …

26   Covered Services include the following:

27   **Outpatient Office Visits** which include:

28   • Individual and group Mental Health evaluation and

- 139 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1    treatment

2    • Outpatient services to monitor Drug therapy

3    • Methadone maintenance treatment

4    • Individual and group chemical dependency counseling

5    • Medical treatment for withdrawal symptoms

6    • Behavioral Health Treatment for Pervasive
     Developmental Disorders or Autism delivered in an office
7    setting

8    **Other Outpatient Items and Services** including:

9    • Partial Hospitalization programs and Intensive
     Outpatient Programs

10

11   • Behavioral Health Treatment for Pervasive
     Developmental Disorder or Autism delivered outside an
     office setting such as in the home or a school setting

12   • Outpatient Psychological testing

13   • Day treatment programs for Substance Abuse

14   • Intensive Outpatient Programs for Substance Abuse

15   • Multidisciplinary treatment for an intensive outpatient
16   psychiatric treatment program for Mental Health

17   • Electroconvulsive therapy

18   **Inpatient Services** in a JCAHOaccredited Hospital or any
     Facility that we must cover per State law Inpatient benefits
19   include the following:

20   • Inpatient psychiatric hospitalization including room and
     board Drugs and services of Physicians
21
     and other Providers who are licensed health care
22   professionals acting within the scope of their

23   license

24   • Psychiatric observation for an acute psychiatric crisis

25   • Detoxification medical management of withdrawal
     symptoms including room and board Physician services
26   Drugs dependency recovery services education and
     counseling
27
     • Residential treatment which is specialized twenty four 24
28   hour treatment in a licensed JCAHO or CARF accredited

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Residential Treatment Center …

• Transitional residential recovery services for Substance Abuse chemical dependency …

• Online Visits when available in Your area Covered Services include a medical visit with the doctor using the internet by a webcam, chat or voice. …

**CLAIMS PAYMENTS**

…

**Maximum Allowed Amount**

**General**

This provision describes how we determine the amount of reimbursement for Covered Services.

Reimbursement for services rendered by In Network and Out of Network Providers is based on Your Plan's Maximum Allowed Amount for the Covered Service that You receive. Please also see the "Inter-Plan Programs" provision for additional information.

The Maximum Allowed Amount for this Plan is the maximum amount of reimbursement we will allow for services and supplies

• that meet our definition of Covered Services to the extent such services and supplies are covered under Your Plan and are not excluded

• that are Medically Necessary and

• that are provided in accordance with all applicable Precertification utilization management or other requirements set forth in Your Plan.

You will be required to pay a portion of the Maximum Allowed Amount to the extent You have not met Your Deductible or have a Copayment or Coinsurance. When You receive Covered Services from an Out of Network Provider, You may be responsible for paying any difference between the Maximum Allowed Amount and the Provider's actual charges. …

When You receive Covered Services from a Provider, we will to the extent applicable apply claim processing rules to the claim submitted for those Covered Services. These rules evaluate the claim information and, among other things, determine the accuracy and appropriateness of the procedure and diagnosis codes included in the claim. Applying these rules may affect our determination of the

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Maximum Allowed Amount. Our application of these rules does not mean that the Covered Services You received were not Medically Necessary. It means we have determined that the claim was submitted inconsistent with procedure coding rules and or reimbursement policies. …

**Provider Network Status**

The Maximum Allowed Amount may vary depending upon whether the Provider is an In Network Provider or an Out of Network Provider. …

Providers who have not signed any contract with us and are not in any of our networks are Out of Network Providers subject to Blue Cross Blue Shield Association rules governing claims filed by certain ancillary Providers.

For Covered Services You receive in an Emergency or if previously authorized from an Out of Network Provider, the Maximum Allowed Amount for Your Plan will be one of the following as determined by us …:

1. An amount based on our Out of Network Provider fee schedule rate which we have established in our discretion and which we reserve the right to modify from time to time after considering one (1) or more of the following reimbursement amounts accepted by like similar Providers contracted with us reimbursement amounts paid by the Centers for Medicare and Medicaid Services for the same services or supplies and other industry cost reimbursement and utilization data, or

2. An amount based on reimbursement or cost information from the Centers for Medicare and Medicaid Services ("CMS"). When basing the Maximum Allowed amount upon the level or method of reimbursement used by CMS, Anthem will update such information which is unadjusted for geographic locality no less than annually, or

3. An amount based on information provided by a third party vendor which may reflect one (1) or more of the following factors: 1) the complexity or severity of treatment; 2) level of skill and experience required for the treatment; or 3) comparable Providers fees and costs to deliver care, or

4. An amount negotiated by Us or a third party vendor which has been agreed to by the Provider. This may include rates for services coordinated through case management, or

5 An amount based on or derived from the total charges billed by the Out of Network Provider. …

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

For services rendered outside Anthem's Service Area by Out of Network Providers, claims may be priced using the local Blue Cross and or Blue Shield plan's nonparticipating provider fee schedule rate or the pricing arrangements required by applicable State or federal law. In certain situations, the Maximum Allowed Amount for out of area claims may be based on billed charges, the pricing we would use if the healthcare services had been obtained within the Anthem Service Area, or a special negotiated price. …

**Authorized Services**

In some circumstances, such as where there is no In Network Provider available for the Covered Service, we may authorize the In Network Cost Share amounts (Deductible, Copayment, and/or Coinsurance) to apply to a claim for a Covered Service You receive from an Out of Network Provider. …

**Inter-Plan Arrangements**

**Out-of-Area Services**

**Overview**

We have a variety of relationships with other Blue Cross and/or Blue Shield Licensees. … These Inter-Plan Arrangements work based on rules and procedures issued by the Blue Cross Blue Shield Association ("Association"). Whenever You access healthcare services outside the geographic area we serve (the "Anthem Service Area"),m the claim for those services may be processed through one (1) of these Inter-Plan Arrangements. …

When You receive care outside of the Anthem Service Area, You will receive it from one (1) of two (2) kinds of Providers. Most Providers ("participating Providers") contract with the local Blue Cross and or Blue Shield Plan in that geographic area ("Host Blue"). Some Providers ("nonparticipating Providers") don't contract with the Host Blue. We explain below how we pay both kinds of Providers. …

**A. BlueCard® Program**

Under the BlueCard Program, when You receive Covered Services within the geographic  area served by a Host Blue we will still fulfill our contractual obligations. But the Host Blue is responsible for a) contracting with its Providers, and b) handling its interactions with those Providers.

- 143 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

When You receive Covered Services outside the Anthem Service Area and the claim is processed through the BlueCard Program, the amount You pay is calculated based on the lower of:

• The billed charges for Covered Services or

• The negotiated price that the Host Blue makes available to us …

**D. Non participating Providers Outside our Service Area**

**1. Allowed Amounts and Member Liability Calculation**

When Covered Services are provided outside of Anthem's Service Area by non-participating Providers, we may determine benefits and make payment based on pricing from either the Host Blue, or the pricing arrangements required by applicable State or federal law. In these situations, the amount You pay for such services as Deductible, Copayment, or Coinsurance will be based on that allowed amount. Also, You may be responsible for the difference between the amount that the non-participating Provider bills and the payment we will make for the Covered Services as set forth in this paragraph. …

**2. Exceptions**

In certain situations, we may use other pricing methods, such as billed charges, the pricing we would use if the healthcare services had been obtained within the Anthem Service Area, or a special negotiated price to determine the amount we will pay for services provided by non-participating Providers. In these situations, You may be liable for the difference between the amount that the nonparticipating Provider bills and the payment we make for the Covered Services as set forth in this paragraph.

301.   Defendants also administer a number of self-funded non-ERISA health plans that provide the following material terms with respect to coverage for the SUD treatment and laboratory services at issue herein, and are the same in all material respects as to the claims at issue for those of Defendants' 1,691 insureds, as reflected in one such non-ERISA plan for CalPERS (ANTHEM_028237-028364) that provides as follows:

**ANTHEM BLUE CROSS**

Anthem Blue Cross works with an extensive network of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

"Preferred Providers" throughout California. These providers participate in a preferred provider organization program (PPO), called the Prudent Buyer Plan. They have agreed to accept payment amounts set by Anthem Blue Cross for their services. …

The Plan's Preferred Provider Network also includes BlueCard Program participating providers for Members who live or are traveling outside California. The Blue Cross and Blue Shield Association, of which Anthem Blue Cross is a member/Independent Licensee, administers a program (called the "BlueCard Program") which allows Members to have the reciprocal use of participating providers contracted under other states' Blue Cross and/or Blue Shield Plans. BlueCard Program participating providers are located throughout the United States.

Preferred Providers (BlueCard Program participating providers) have agreed to accept Allowable Amounts set by their local Blue Cross and/or Blue Shield Plan as payment for covered services. …

**How Do I Use BlueCard?**

…

When you get covered health care services through the BlueCard Program, the amount you pay for covered services is calculated on the lower of the:

• The Blled Charges for your covered services; or

• The negotiated price that the local Blue Cross and/or Blue Shield Plan passes on.

…

**What If I Use Out-of-Network Providers?**

Benefits are paid at the Non-Preferred Provider reimbursement level unless:

…

• There are no Preferred Providers available. …

• You live outside California and are considered an "Out-of-Area" Member.

**DEDUCTIBLES**

**Calendar Year Deductible**

… After the Calendar Year Deductible and any other applicable Deductible are satisfied, payment will be

- 145 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1

provided for covered services. …

2

The Calendar Year Deductible is **$500** for each Plan Member, and **$1,000** per family. It applies toward the Maximum Calendar Year Medical Financial Responsibility. …

3

4

After the Calendar Year and any other applicable Deductible has been satisfied, reimbursement for covered services will be provided as described in this section.

5

6

**Physician Services**

7

**1. Non-Emergency Services**

8

**a. Members Who Reside Within Area**

9

…

10

**ii. When Accessing Non-Preferred Providers:**

11

Covered services provided by a Non-Preferred Provider are paid at 60% of the Allowable Amount.

12

13

Plan Members are responsible for the remaining 40% and all charges in excess of the Allowable Amount, plus all charges for non-covered services. …

14

**iii. When Accessing a Non-Preferred Provider Because a Preferred Provider is not Available:**

15

16

Covered services provided by a Non-Preferred Provider (other than for Emergency Care Services) are automatically paid at 60% of the Allowable Amount. However, if you receive covered services from a Non-Preferred Provider because a Preferred Provider is not available within a 50-mile radius of your residence, your claim will automatically be paid at 80% of the Allowable Amount if an Authorized Referral is obtained prior to services being provided. …

17

18

19

20

21

If an Authorized Referral is NOT obtained prior to services being provided, your claim will automatically be paid at 60% of the Allowable Amount. Upon receipt of your Explanation of Benefits (EOB), contact your Member Services Department to request that your claim be reprocessed at the 80% level. …

22

23

24

25

**b. Members Who Reside Out-of-Area**

26

…

27

Physician office visits, Physician office visits in Retail Health Clinic, Physician Outpatient Hospital visits and Physician Outpatient Urgent Care visits are paid at the

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 146 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Allowable Amount less the Member's $20 Copayment. …

Other covered services are paid at 80% of the Allowable Amount This includes any separate facility charge by an affiliated Hospital for a covered office visit to a Physician. …

**Services by Other Providers**

… [S]ervices by Other Providers (unless specifically provided otherwise) will be reimbursed at 80% of the lesser of Billed Charges or the amount that Anthem Blue Cross or the local Blue Cross and/or Blue Shield Plan determines was being charged by the majority of providers of like-covered services at the time and in the area where services were provided. …

**MEDICAL AND HOSPITAL BENEFITS**

**Substance Use Disorder**

**Inpatient Care**

80% PPO and Out-of-Area

60% Non-PPO

…

**Outpatient Care (Facility-Based)**

80% PPO and Out-of-Area

60% Non-PPO

…

**Outpatient Care (Physician Office Visits, Physician Outpatient Hospital Visits, and Physician Urgent Care Visits)**

$20 Copayment, PPO and Out-of-Area (Office Visit)

80% PPO and Out-of-Area (Other Services)

60% Non-PPO

**DEFINITIONS**

…

Allowable Amount - the Anthem Blue Cross (applying to Members residing in California or Out-of-Area) or the local Blue Cross and/or Blue Shield Plan (applying to Members outside California) allowance or Negotiated

- 147 -

THIRD AMENDED CONSOLIDATED COMPLAINT

Amount as defined below for the service(s) rendered, or the provider's Billed Charge, whichever is less. The Allowance is:

1. the amount that Anthem Blue Cross or the local Blue Cross and/or Blue Shield Plan has determined is an appropriate payment for the service(s) rendered in the provider's geographic area, based on such factors as the Plan's evaluation of the value of the service(s) relative to the value of other services, market considerations, and provider charge patterns; or

2. such other amount as the Preferred Provider and Anthem Blue Cross or the local Blue Cross and/or Blue Shield Plan have agreed will be accepted as payment for the service(s) rendered; or

3. if an amount is not determined as described in either (1) or (2) above, the amount that Anthem Blue Cross or the local Blue Cross and/or Blue Shield Plan determines is appropriate considering the particular circumstances and the services rendered.

302.    After providing covered treatment and services to the 1,691 insureds at issue, Plaintiffs submitted their claims to Defendants for payment.  Defendants were obligated – under the law and the plans – to pay Plaintiffs the applicable plan percentage of their covered charges (between 50% to 80% of covered charges, with the majority of plans paying out-of-network benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts)) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%.  Instead of paying Plaintiffs per the plan documents and the law, Defendants engaged in unfair, unreasonable, unlawful, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid Plaintiffs, as a group, an average of 18.55% of their covered charges.

303.    Plaintiffs have performed all, or substantially all, of the significant things required of them under the health insurance plans, except as excused by Defendants' material breaches.

304.    To the extent any of Defendants' non-ERISA plans conditioned coverage and the right to payment of plan benefits on the exhaustion of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

administrative remedies, and specifically with respect to two state plans administered by BCBS North Carolina, Defendants and each of them failed to provide Plaintiffs with proper notice of their appeal rights or disclose to Plaintiffs that the plans conditioned coverage on the exhaustion of administrative remedies, constituting a waiver of any condition requiring exhaustion of administrative remedies, and estopping Defendants from asserting administrative exhaustion as a defense.

305.   Even when these similarly situated Plaintiffs sought to enforce their assigned appeal rights in response to Defendants' wrongful denials and underpayment of plan benefits for similarly situated patients, by giving notice in accordance with the plans offering an appeal and grievance procedure, and supplying the requisite information and documents, Plaintiffs exhausted the administrative remedies to no avail.  Defendants repeatedly requested more and more records (even duplicate requests), conducted sham peer to peer reviews and ultimately upheld their denials and underpayments, representing to Plaintiffs that Defendants' decision was final and no further steps needed to be taken, and not advising Plaintiffs of any further conditions on Plaintiffs' rights to litigate the claims at issue.  All of these facts and circumstances, along with Defendants' insistence that it owes not a penny of the millions of dollars in benefits at issue in this action, render it reasonable for Plaintiffs to conclude that the pursuit of an administrative appeal to Defendants would be futile.

306.   Defendants, and each of them, breached the health insurance plans by the conduct alleged herein, including without limitation withholding of proper claim payments from Plaintiffs, making unreasonable demands on Plaintiffs, not engaging in a prompt, full and complete investigation of Plaintiffs' claims, and interpreting the plans in an unduly restrictive manner so as to deny coverage and benefits when, in fact, coverage exists and benefits are owed to Plaintiffs.

307.   As a direct and proximate result Defendants' breaches, Plaintiffs have

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

suffered and will continue to suffer in the future, economic loss, including the benefits owed under the health insurance plans and the law in the millions, the interruption in Plaintiffs' businesses, lost business opportunities, lost profits, and other general, incidental and consequential damages, in amounts according to proof at trial.  Plaintiffs are also entitled to recover statutory and prejudgment interest against Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Non-ERISA Plans)
### Against All Defendants

308.   Plaintiffs incorporate by reference all allegations set forth in each of the paragraphs above as if fully set forth herein.

309.   Plaintiffs allege this cause of action in connection with their claims for substance use disorder treatment and laboratory services rendered to the 1,691 insureds with health insurance plans not governed by ERISA.

310.   As alleged herein, Plaintiffs are assignees and intended beneficiaries of their patients' health insurance plans issued, managed and/or administered by Defendants and the rights conferred thereunder.

311.   Each of the non-ERISA health insurance plans contains an implied covenant of good faith and fair dealing that obligates each party to do nothing to injure the right of the other party to receive the benefits of the agreement.

312.   As set forth hereinabove, Plaintiffs provided covered, verified, preauthorized and medically necessary SUD treatment and laboratory services to Defendants' insureds with the understanding and expectation that Defendants would act in good faith and deal fairly with Plaintiffs pursuant to the plans.  Defendants, and each of them, however, tortiously breached the plans and the implied covenant of good faith and fair dealing, and committed unfair and deceptive acts and practices in direct violation of California's Unfair Insurance Practices Act (Cal. Ins. Code §

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   790 *et seq.*) and Fair Claims Settlement Practices Regulations (Cal. Code Regs. tit.

2   10, § 2695.1, *et seq.*) in the following ways, among others:

3           a.     Misrepresenting to Plaintiffs pertinent facts and insurance policy

4   provisions relating to the coverages at issue (Cal. Ins. Code § 790.03(h)(1));

5           b.     Failing and refusing to acknowledge and act reasonably promptly

6   upon Plaintiffs' communications with respect to the claims at issue (Cal. Ins. Code §

7   790.03(h)(2));

8           c.     Failing and refusing to adopt and implement reasonable

9   standards for the prompt investigation and processing of the claims at issue (Cal.

10  Ins. Code § 790.03(h)(3));

11          d.     Failing and refusing to affirm or deny coverage of the claims at

12  issue within a reasonable time after proof of Plaintiffs' entitlement to benefits had

13  been established (Cal. Ins. Code § 790.03(h)(4));

14          e.     Not attempting in good faith to effectuate prompt, fair, and

15  equitable settlements of the claims at issue despite proof of Plaintiffs' entitlement to

16  benefits having been established (Cal. Ins. Code § 790.03(h)(5));

17          f.     Compelling Plaintiffs to institute litigation to recover amounts

18  due on the claims at issue by offering substantially less than the amounts owed (Cal.

19  Ins. Code § 790.03(h)(6));

20          g.     Delaying the investigation and payment of the claims at issue by

21  requiring Plaintiffs to submit multiple reports and documents that contain

22  substantially the same information (Cal. Ins. Code § 790.03(h)(11));

23          h.     Failing to and refusing promptly settle the claims at issue despite

24  proof of Plaintiffs' entitlement to benefits having been established under one portion

25  of the insurance policy's coverage in order to influence settlements under other

26  portions of the insurance policy's coverage (Cal. Ins. Code § 790.03(h)(12));

27          i.     Failing to and refusing promptly provide a reasonable

28  explanation of the basis relied on in the insurance policy, in relation to the facts or

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

applicable law, for the denial of the claims at issue or for the offer of a compromised

amount on the benefits owed (Cal. Ins. Code § 790.03(h)(13));

j.    Discriminating in its claims settlement practices based upon the

physical disabilities of Plaintiffs' patients/Defendants' insureds (Cal. Code Regs. tit.

10, § 2695.7(a));

k.    Failing and refusing to conduct and diligently pursue a thorough,

fair and objective investigation and persisting in seeking information not reasonably

required for or material to the resolution of the claims at issue (Cal. Code Regs. tit.

10, § 2695.7(d));

l.    Unjustifiably seeking reimbursement of an overpayment and

withholding benefits payable as a result of a claim on the basis that the sum

withheld or reimbursement sought is an adjustment or correction for an

overpayment (Cal. Code Regs. tit. 10, § 2695.11(a));

m.    Failing and refusing to provide Plaintiffs with an explanation of

benefits that includes a clear explanation of the computation of benefits (Cal. Code

Regs. tit. 10, § 2695.11(b));

n.    Failing and refusing to affirm or deny contested claims within 30

calendar days from the original notification that the claims at issue were being

contested (Cal. Code Regs. tit. 10, § 2695.11(d));

o.    Adopting unreasonable medical necessity standards that

indiscriminately reduce the amount of authorized substance use disorder treatment

available to their insureds;

p.    Bullying Plaintiffs into adopting these unreasonable standards by

threatening to withhold righteous claim payments;

q.    Interpreting the plans in an unduly restrictive manner so as to

deny coverage and benefits when, in fact, coverage exists and benefits are owed to

Plaintiffs;

r.    Making unreasonable demands on Plaintiffs;

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 152 -

THIRD AMENDED CONSOLIDATED COMPLAINT

s.      Not engaging in a prompt, full and complete investigation of Plaintiffs' claims;

t.      Fraudulently representing to Plaintiffs that Defendants would pay the claims in accordance with the plans and the Viant and Multiplan contracts;

u.      Forcing Plaintiffs to file appeals and requests for external peer reviews to obtain authorization for medically necessary treatment, and to obtain proper medically necessity determinations for post-service claim reimbursements;

v.      Failing and refusing to pay benefits for services rendered by Plaintiffs that Defendants authorized, as well as rescinding the same (Cal. Health & Safety Code §1371.8; Cal. Ins. Code §796.04);

w.      Failing and refusing to offer coverage for mental health and substance use disorder treatment and related laboratory services in parity with the medical and surgical benefits afforded by the same plans (26 U.S.C. §9812, *et seq.*); and

x.      Failing to abide by the rules and regulations promulgated by the CDI and the DMHC as alleged herein, and by other acts and omissions of which Plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

313.   Upon information and belief, the conduct of Defendants, and each of them, as alleged herein constitutes part of an institutional unlawful pattern and practice of bad faith and unlawful insurance practices.

314.   Defendants' conduct constitutes a continuing tort that is causing Plaintiffs continued damages.

315.   Defendants' conduct as alleged herein was undertaken by Defendants' officers, directors and/or managing agents who were responsible for the supervision, operation, reports, communications and decisions at issue in this action.  The conduct of said officers, directors and managing agents, and of other employees, representatives and agents, was undertaken on behalf of Defendants, which had

- 153 -

THIRD AMENDED CONSOLIDATED COMPLAINT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    advance knowledge of the action and conduct of said individuals whose conduct and

2    actions were authorized, ratified and approved by officers, directors or managing

3    agents of Defendants.

4        316.   As a direct and proximate result Defendants' breaches, Plaintiffs have

5    suffered and will continue to suffer in the future, economic losses, including the

6    benefits owed under the health insurance plans in the millions, the interruption in

7    Plaintiffs' businesses, lost business opportunities, lost profits, and other general,

8    incidental and consequential damages, in amounts according to proof at trial.

9    Plaintiffs are also entitled to recover statutory and prejudgment interest against

10    Defendants, and each of them.

11        317.   As a direct and proximate result of Defendants' breaches, Plaintiffs

12    have incurred attorney's fees and costs as a result of efforts to secure the insurance

13    benefits owed, in an amount according to proof.  Plaintiffs are also entitled to

14    recover statutory and prejudgment interest against Defendants, and each of them.

15               **FOURTH CAUSE OF ACTION**

16                  **Breach of Oral Contract**

17                 **Against All Defendants**

18        318.   Plaintiffs incorporate by reference all allegations set forth in each of the

19    paragraphs above as if fully set forth herein.

20        319.   As part of verifying benefits and authorizing treatment when necessary,

21    and in multiple communications following admissions and the submission of claims,

22    Defendants, and each of them, orally promised to pay Plaintiffs for the treatment

23    and services provided to Defendants' insureds, all 1,691 of them, a percentage of

24    their covered charges (between 50% to 80% of covered charges, with the majority of

25    claims promised by Defendants to be paid at 70% of covered charges) until the

26    insured's AOOPM is met at which time Defendants pay 100%.

27        320.   The persons answering calls and corresponding on behalf of

28    Defendants, and each of them, were upon information and belief the agents and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   employees of Defendants, and each of them, and in doing the things herein alleged

2   were acting within the course and scope of such agency and employment and with

3   the permission and consent of Defendants, and each of them.

4          321.   Plaintiffs have performed all duties required of them under the oral

5   contracts, except as excused by Defendants' material breaches.

6          322.   Defendants and each of them, however, breached the oral contracts by

7   the conduct alleged herein, including without limitation the withholding of proper

8   claim payments.

9          323.   As a direct and proximate result of Defendants' breaches, Plaintiffs

10   have suffered general and incidental damages according to proof, and are entitled to

11   statutory and prejudgment interest and attorney's fees against Defendants.  Under

12   this cause of action, Plaintiffs seek to recover the benefits orally promised, which

13   are equal to a percentage of their covered charges (between 50% to 80% of covered

14   charges, with the majority of claims promised by Defendants to be paid at 70% of

15   covered charges) until the insured's AOOPM is met at which time Defendants pay

16   100%.

17          324.   As a direct and proximate result of Defendants' breaches, Plaintiffs

18   have incurred and continue to incur economic loss, including the benefits owed in

19   the millions, the interruption in Plaintiffs' businesses, lost business opportunities,

20   lost profits and other consequences, all according to proof.

21                          **FIFTH CAUSE OF ACTION**

22                              **Promissory Estoppel**

23                              **Against All Defendants**

24          325.   Plaintiffs incorporate by reference all allegations set forth in each of the

25   paragraphs above as if fully set forth herein.

26          326.   As part of verifying benefits and authorizing treatment when necessary,

27   and in multiple communications following admissions and the submission of claims,

28   Defendants expressed a clear promise to pay Plaintiffs for the treatment and services

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 155 -

THIRD AMENDED CONSOLIDATED COMPLAINT

1   provided to Defendants' insureds, all 1,691 of them, on the same terms as provided

2   for in the plans between Defendants and their insureds; specifically, payments to

3   Plaintiffs equal to a percentage of their covered charges (between 50% to 80% of

4   covered charges, with the majority of claims promised by Defendants to be paid at

5   70% of covered charges) until the insured's AOOPM is met at which time

6   Defendants pay 100%.

7       327.   The persons answering calls and corresponding on behalf of

8   Defendants, and each of them, were upon information and belief the agents and

9   employees of Defendants, and each of them, and in doing the things herein alleged

10  were acting within the course and scope of such agency and employment and with

11  the permission and consent of Defendants, and each of them.

12      328.   Plaintiffs relied on Defendants' promises in providing the subject

13  treatment and services to Defendants' insureds, and Defendants, and each of them,

14  should reasonably have expected this to induce Plaintiffs' action in providing said

15  treatment and services to Defendants' insureds.

16      329.   Plaintiffs have suffered substantial detriment in reliance upon

17  Defendants' promises in providing treatment and services to Defendants' insureds,

18  including without limitation the benefits owed in the millions, the interruption in

19  Plaintiffs' businesses, lost business opportunities, lost profits and other

20  consequences, all according to proof at trial.

21      330.   As a direct and proximate result of Defendants' breach of their

22  promises, Plaintiffs are also entitled to statutory and prejudgment interest and

23  attorney's fees against Defendants, and each of them.

24                  **SIXTH CAUSE OF ACTION**

25                      **Unfair Competition**

26                    **Against All Defendants**

27      331.   Plaintiffs incorporate by reference all allegations set forth in each of the

28  paragraphs above as if fully set forth herein.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT

332.   The conduct of Defendants, and each of them, as alleged herein not only constitutes common law bad faith, but also violates state and federal law, regulations and policies, and thus constitutes unlawful, unfair, and fraudulent business practices in violation of the UCL (Bus. & Prof. Code §§ 17200 *et seq.*).

333.   Plaintiffs have suffered injury in fact and have lost money or property as a result of the unlawful acts of unfair competition by Defendants, and each of them, as alleged herein, which was designed specifically to deprive Plaintiffs and all other similarly situated OON SUD providers of their legal entitlement to reimbursement for medically necessary covered services rendered to Defendants' insureds.

334.   As alleged herein, the Association and the Blue Cross and Blue Shield Defendants engaged in a conspiracy to suppress, artificially reduce and fix the pricing for healthcare services that is a substantial factor in Defendants' under-reimbursement of Plaintiffs' claims in contravention of the Plans and in violation of ERISA and California law.

335.   The conspiratorial conduct of Defendants, and each of them, not only violates state and federal antitrust laws as expressed in *In re Blue Cross Blue Shield Antitrust Litigation*, but also creates an economic barrier to accessing OON SUD services by suppressing reimbursement rates and concomitantly increasing the insured patient's coinsurance amount and out of pocket expense that does not exist for accessing medical and surgical benefits in violation of MMHPAEA, and results in the denial of mandated essential healthcare benefits – SUD services – in violation of the PPACA.

336.   Plaintiffs seek relief under Section 17203 of the California Business & Professions Code that authorizes this Court to make such orders or judgments as may be necessary to prevent Defendants, and each of them, from using or employing the Blue Card Program and other programs, policies and procedures resulting from their conspiracy to suppress, artificially reduce and fix the pricing for

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  healthcare services, and to restore to Plaintiffs and all similarly situated OON SUD

2  providers the ill-gotten gains acquired through Defendants' unlawful practices.

3       337.   Plaintiffs alternatively seek relief under Section 17535 of the California

4  Business & Professions Code and ask this Court to enjoin Defendants and make

5  such orders or judgments, including the appointment of a receiver, as may be

6  necessary to Defendants, and each of them, from using or employing the Blue Card

7  Program and other programs, policies and procedures resulting from their

8  conspiracy to suppress, artificially reduce and fix the pricing for healthcare services,

9  and to restore to Plaintiffs and all similarly situated OON SUD providers the ill-

10  gotten gains acquired through Defendants' unlawful practices.

11                                    **PRAYER**

12       **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of

13  them, and that the Court award the following relief:

14       1.     For compensatory, general and special damages in amounts to be

15              proven at trial;

16       2.     For statutory and prejudgment interest;

17       3.     For costs incurred in connection with this lawsuit;

18       4.     For attorney's fees;

19       5.     For injunctive and equitable relief; and

20       6.     For all other relief the Court deems just and proper.

21

22                          **DEMAND FOR JURY TRIAL**

23       Plaintiffs hereby request a trial by jury for all claims triable by jury.

24  Dated:  March 1, 2022                **CALLAHAN & BLAINE, APLC**

25

26                              By:   /s/ *Damon D. Eisenbrey*
                                      Damon D. Eisenbrey
27                                    Attorneys for Plaintiffs

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

THIRD AMENDED CONSOLIDATED COMPLAINT