# EXHIBIT N

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 2:20-cv-12916 |
| v. | ) ) ) | Judge: Hon. Terrence G. Berg |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | Magistrate Judge: Hon. Anthony P. Patti |
| Defendant. | ) ) ) | **ORAL ARGUMENT REQUESTED** |

### BLUE CROSS BLUE SHIELD OF MICHIGAN'S UNOPPOSED COUNTER-MOTION FOR PARTIAL FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

Defendant Blue Cross Blue Shield of Michigan ("BCBSM") by and through

its undersigned counsel, submits this motion for entry of partial judgment pursuant

to Federal Rule of Civil Procedure 54(b), to move for entry of judgment for

BCBSM's allegations in its now-dismissed counterclaim (ECF No. 26, PageID.887-

908) if the Court grants A4's motion for entry of partial final judgment (ECF No.

64).

As required by Local Rule 7.1(a)(2)(A), BCBSM's counsel conferred with

Plaintiff's counsel on January 26, 2023, and explained the nature of the motion and

its legal bases.  A4 stated that it does not oppose BCBSM's request that if A4's

motion is granted, partial final judgment be entered on BCBSM's counterclaim as well.

In support of this motion, BCBSM relies on the authorities and arguments set forth in the accompanying brief, as well as its attachments.

Dated: January 27, 2023

Respectfully submitted,

SHEARMAN & STERLING LLP
By: */s/ Todd M. Stenerson*
Todd M. Stenerson (P51953)
401 9th Street, Suite 800
Washington, DC 20004
(202) 508-8000
todd.stenerson@shearman.com

Rachel Mossman Zieminski (*admitted in E.D. Mich.*, Texas Bar 24131967)
2601 Olive Street, Suite 1700
Dallas, TX 75201
(214) 271-5777

BODMAN PLC
By: */s/ Thomas J. Rheaume, Jr.*
Thomas J. Rheaume, Jr. (P74422)
Sarah L. Cylkowski
Alexandra C. Markel
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan*

ii

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 2:20-cv-12916 |
| v. | ) ) | Judge: Hon. Terrence G. Berg |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | Magistrate Judge: Hon. Anthony P. Patti |
| Defendant. | ) ) ) | **ORAL ARGUMENT REQUESTED** |

**BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF IN SUPPORT OF UNOPPOSED COUNTER-MOTION FOR PARTIAL FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ............................................................. iii

CONTROLLING/MOST APPROPRIATE AUTHORITIES ..................................iv

TABLE OF AUTHORITIES ............................................................................... v

INTRODUCTION ............................................................................................. 1

BACKGROUND AND PROCEDURE ................................................................. 1

LEGAL STANDARD ......................................................................................... 2

ARGUMENT ................................................................................................... 3

    I.     The Counterclaim, Hospital Conspiracy, and State Claims Are
          Inextricably Intertwined ........................................................ 3

    II.    There Is No Just Reason to Delay Appeal of BCBSM's
          Counterclaim if A4's Hospital Conspiracy and State Law Claims
          Are Appealed ......................................................................... 6

CONCLUSION ................................................................................................. 9

## STATEMENT OF ISSUES PRESENTED

1.    Are BCBSM's counterclaim and A4's Hospital Conspiracy and state law tort claims inextricably intertwined because the same factual issues are at the center of each claim, such that if A4's dismissed claims are certified BCBSM's counterclaim should also be certified under Rule 54(b)?

       **BCBSM's Answer: Yes.**

2.    Is there no just reason to delay certification of BCBSM's counterclaim under Rule 54(b) if A4's dismissed claims are certified because the claims concern overlapping factual issues, the Court of Appeals would have to hear the same issues multiple times, BCBSM's counterclaim could result in a set-off to any recovery by A4, and it would be inefficient consider the claims separately?

       **BCBSM's Answer: Yes.**

# CONTROLLING/MOST APPROPRIATE AUTHORITIES

*Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351 (6th Cir. 2021)

*General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994)

*Lowery v. Federal Exp. Corp.*, 426 F.3d 817 (6th Cir. 2005)

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Carpenter v. Liberty*,
   850 F. App'x 351 (6th Cir. 2021).................................................................. *passim*
*Cont'l Materials Corp. v. Valco, Inc.*,
   740 F. App'x 893 (10th Cir. 2018)........................................................................4
*Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*,
   392 F.3d 922 (7th Cir. 2004) ................................................................................4
*Gen. Acquisition, Inc. v. GenCORP, Inc.*,
   23 F.3d 1022 (6th Cir. 1994) ....................................................................... *passim*
*Lowery v. Fed. Exp. Corp.*,
   426 F.3d 817 (6th Cir. 2005) ...............................................................................8
*Nat'l Union Fire Ins. Co. v. Gilbert*,
   Nos. 93-1663, 93-1751, 1994 WL 520883 (6th Cir. Sep. 21, 1994).....................8
*Ouza v. City of Dearborn*,
   No. 16-14331, 2019 WL 1455241 (E.D. Mich. Apr. 2, 2019)..........................2, 6

**Rules**

Fed. R. Civ. P. 54(b) ............................................................................... 1, 2, 4, 9

**Other Authorities**

10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2659 .......................7

## INTRODUCTION

For the reasons explained in Blue Cross Blue Shield of Michigan's ("BCBSM") Response to Anesthesia Associates of Ann Arbor, PLLC's ("A4") Motion for Entry of a Partial Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) ("BCBSM's Response"),[1] the Court should not certify A4's Hospital Conspiracy and state law claims for immediate appeal.[2]  However, if it decides to do so, then the Court should also certify BCBSM's counterclaim (ECF No. 26, PageID.887-908) as a final judgment under Rule 54(b).[3]  Because of the significant factual overlap between A4's claims and BCBSM's counterclaim, it would be unjust and inefficient for the Court of Appeals not to consider them together.

## BACKGROUND AND PROCEDURE

The Court is already familiar with the facts and procedural history of this case, which are also detailed in BCBSM's Response filed simultaneously with this

---

[1] BCBSM's Response to A4's motion for partial final judgment (ECF No. 64) was filed simultaneously with this motion on January 27, 2023.

[2] Capitalized terms in this motion have the same meaning as in BCBSM's Response unless otherwise stated.

[3] BCBSM's counterclaim was dismissed on March 31, 2022.  ECF No. 48, PageID.1844.  It is therefore a "final judgment" under Rule 54(b).  *Gen. Acquisition, Inc. v. GenCORP, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994).

motion.  BCBSM hereby incorporates by reference the Background and Procedure section of BCBSM's Response into this motion.

## **LEGAL STANDARD**

"Generally, an order disposing of some, but not all, claims in a case is not a final judgment and therefore not appealable."  *Ouza v. City of Dearborn*, No. 16-14331, 2019 WL 1455241, at *1 (E.D. Mich. Apr. 2, 2019) (Berg, J.) (Ex. A). Federal Rule of Civil Procedure 54(b) is the "exception" to this rule.  *Id.*  Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  FED. R. CIV. P. 54(b).

Whether a party has met the standard under Rule 54(b), and therefore can be certified for appeal, is evaluated using a two-step process.  For the first step, "the Court must determine whether an action has more than one claim or party—and whether the Court's Order disposes of fewer than all the claims or parties."  *Ouza*, 2019 WL 1455241, at *1.  A party seeking certification under Rule 54(b) "fails this first step if it does not involve a 'final' order or does not feature multiple, separate 'claims.'"  *Carpenter v. Liberty*, 850 F. App'x 351, 353 (6th Cir. 2021).  "Second, the Court engages in a balancing test to find whether there is no just reason for delaying entry of a final judgment."  *Ouza*, 2019 WL 1455241, at *1.  When

evaluating this second step, the "district court must take into account judicial administrative interests as well as the equities involved." *Carpenter*, 850 F. App'x at 355.

Although "[n]o precise test exists," the Sixth Circuit has enumerated non-exhaustive factors a district court should consider in determining whether there is no just reason to delay, including: "(1) the relationship between the adjudicated an unadjudicated claims; (2) the possibility that the need for review may be mooted by future developments in the district court; (3) the possibility that the appellate court may have to consider the same issue on appeal a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like." *See Gen. Acquisition*, 23 F.3d at 1030.

## ARGUMENT

### I. The Counterclaim, Hospital Conspiracy, and State Claims Are Inextricably Intertwined

Where claims rely on the same factual background and are interrelated legally, they should be appealed together. The facts of BCBSM's counterclaim, A4's

3

Hospital Conspiracy, and A4's state claims are too intertwined to be considered separately appealable claims under Rule 54(b).[4]

Like the Hospital Conspiracy, BCBSM's counterclaim is focused on the prices BCBSM paid A4 for its anesthesiology services. Where A4 alleged that its prices are too low, BCBSM alleged that A4 prices are too high. BCBSM's counterclaim alleges that A4 combined a large group of anesthesiologists (who would otherwise compete with one another) and illegally *increased* the prices that insurers and patients paid for anesthesiology services. A4 did so by structuring and enforcing a series of non-compete clauses with its members and no-poach agreements with hospitals across Michigan. *See* ECF No. 26, PageID.888, 899-900. Thus, discovery into BCBSM's allegations that A4's non-compete and no-poach agreements with Michigan doctors and hospitals violated Section 1 of the Sherman Act would directly overlap with discovery of whether BCBSM's interactions with the same hospitals impacted A4's prices at those hospitals.

---

[4] *Carpenter*, 850 F. App'x at 353; *Gen. Acquisition*, 23 F.3d at 1028-29; *see Cont'l Materials Corp. v. Valco, Inc.*, 740 F. App'x 893, 897 (10th Cir. 2018) ("[W]e conclude that the dismissed claims are too intertwined with the remaining claim and counterclaims to qualify as separable and distinct."); *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004) (denying Rule 54(b) certification where contribution counterclaim "not only overlap[ed] but also depend[ed] on the principal claims in the suit").

For example, the following are factual issues that are central to both BCBSM's counterclaim and A4's alleged Hospital Conspiracy, as well as A4's state claims:

- **BCBSM's fee schedule, and the reasons for the prices it contains.** A4's Hospital Conspiracy alleges BCBSM used template hospital contracts with rates that were illegally low. *See, e.g.*, ECF No. 1, PageID.6; ECF No. 43-2, PageID.1553-55. BCBSM's counterclaim asserts that its statewide fee schedule was artificially inflated due to A4's cartel. *See, e.g.*, ECF No. 26, PageID.903.

- **A4's contracts with its employees and Michigan hospitals.** Certain of A4's state law claims allege that BCBSM coerced and induced Trinity hospital to breach its non-solicitation agreements with A4 and conspired with Trinity to induce A4's members to breach their non-compete agreements. *See, e.g.*, ECF No. 43-2, PageID.1566-67; ECF No. 53, PageID.1968. Those same agreements form the very basis for BCBSM's counterclaim, as they are the enforcement mechanisms by which A4 structured and maintains its illegal cartel. *See, e.g.*, ECF No. 26, PageID.898.

- **A4's de-participation strategy.** A4 has admitted that it decided to go out of BCBSM's network rather than accept BCBSM's allegedly low reimbursement rates, but claims BCBSM retaliated against hospitals within the Hospital Conspiracy to boycott A4 in response. A4 alleges that it was ultimately forced to go back in network under duress. *See, e.g.*, ECF No. 1, PageID.78-81; ECF No. 43-2, PageID.1568-69, 1602; ECF No. 53, PageID.1996-1999. BCBSM's counterclaim contends that A4's threats to go out of network are part of the cartel's deliberate strategy to illegally extract higher prices from insurers like BCBSM. *See, e.g.*, ECF No. 26, PageID.895, 903.

Discovery of these issues would require both parties to seek information from the hospitals on why they contracted with BCBSM and A4, the terms of those deals, and

5

how they interacted with the anesthesiologists that worked at those hospitals.[5]

Therefore, since BCBSM's counterclaim is the flip-side of A4's Hospital

Conspiracy and is closely related to A4's state claims, any appeal on the issues

presented should address both A4's claims and BCBSM's counterclaim.

## II. There Is No Just Reason to Delay Appeal of BCBSM's Counterclaim if A4's Hospital Conspiracy and State Law Claims Are Appealed

Given the substantial factual overlap, there is also no "just reason to delay

appellate review" of BCBSM's Counterclaim *if* A4's Hospital Conspiracy and state

claims are permitted to be appealed. *See Ouza*, 2019 WL 1455241, at *2; *Carpenter*,

850 F. App'x at 355. If the Court finds that A4's motion establishes that its Hospital

Conspiracy and state claims are separate and distinct from the Blues Conspiracy, the

balancing test supports certification of BCBSM's counterclaim as well.

The first factor in the Sixth Circuit's balancing test asks whether the

relationship between the adjudicated and unadjudicated claims supports

certification. S*ee Gen. Acquisition*, 23 F.3d at 1030. Claims that ultimately address

the same issue should be considered together. As described above, *see supra* Section

I, BCBSM's counterclaim concerns BCBSM's relationship with Michigan hospitals

and A4's contractual agreements, as do A4's dismissed claims. Both parties' claims

---

[5] Note that many of these issues will also need to be explored for BCBSM to defend itself on the Blues Conspiracy allegations, which is why the best course of action is for the Court to not certify its motion to dismiss opinions for appeal now.

present theories of why A4 received the prices that it did, and whether those prices

ought to have been different. Were the Court to certify only A4's claims—not

BCBSM's counterclaim—A4's Hospital Conspiracy and state law claims could be

revived by the Court of Appeals and remanded to this Court. Meanwhile, BCBSM's

counterclaim would linger until a final judgment, and if subsequently revived on a

later appeal, the parties would later have to come back and repeat portions of

discovery on the same topics previously explored.[6] Therefore, despite being brought

by different parties under different theories of relief, the claims are closely related

and should not be appealed separately.

The third factor,[7] which requires district courts to assess the possibility that

the appellate court might be required to hear the same issue twice (*see Gen.*

*Acquisition*, 23 F.3d at 1030), also strongly weighs in favor certifying BCBSM's

counterclaim simultaneously with A4's claims. Because the Hospital Conspiracy

and state claims implicate the same factual issues as BCBSM's counterclaim, failing

to appeal the claims together creates a risk that there are at least two successive

---

[6] *Cf.* 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2659 ("[A]n appellate court [] should not hear appeals that will require it to determine questions that remain before the trial court with regard to other claims.").

[7] BCBSM does not address the second factor (*see Gen. Acquisition*, 23 F.3d at 1030) since, as noted above, many of the same issues to potentially be certified for appeal will need to be explored as part of BCBSM's defenses to the remaining Blues Conspiracy claim, and therefore it would be most efficient for the Court to not certify any claims at this time.

appeals to the Sixth Circuit regarding the same factual issues. *See Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 823 (6th Cir. 2005) ("[T]he greater the overlap in the factual basis . . . the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal."). If the Court is to certify anything, certifying both A4's and BCBSM's dismissed claims serves the interests of judicial efficiency.

The fourth factor asks whether a claim or counterclaim exists which could result in set-off. *See Gen. Acquisition*, 23 F.3d at 1030. Of course, other claims do exist that could result in set-off to the relief sought in BCBSM's counterclaim—the very claims A4 now seeks to certify for appeal. In fact, given the heavy factual overlap between A4's Hospital Conspiracy, state law claims, and BCBSM's counterclaim, any eventual judgment on one of these claims could result in a set-off against a judgment on any other claim. *See Nat'l Union Fire Ins. Co. v. Gilbert*, Nos. 93-1663, 93-1751, 1994 WL 520883, at *4 (6th Cir. Sep. 21, 1994) (noting that determining liability on a subset of claims may be premature when there is a possibility of set-off) (Ex. B).

Finally, the fifth factor—miscellaneous considerations such as efficiency, expense, and the like (*see Gen. Acquisition*, 23 F.3d at 1030; *Carpenter*, 850 F. App'x at 355)—also weighs in favor of simultaneous certification. Both the Court and the parties will expend significant resources unnecessarily if A4's dismissed

8

claims and BCBSM's counterclaim are evaluated on separate appeal tracks, because

any remanded claims will move out of step.  Discovery and legal analysis on both

the claims will require similar proof and exploration of overlapping facts, such that

proceeding simultaneously is the most efficient path forward. Therefore, if A4's

Rule 54(b) motion is granted it would be inefficient for the Court of Appeals not to

consider A4's Hospital Conspiracy, A4's state claims, and BCBSM's counterclaim

together.

## CONCLUSION

For the foregoing reasons, if the Court certifies A4's dismissed Hospital

Conspiracy and state law claims, the Court should grant entry of a partial final

judgment as to BCBSM's counterclaim as well.

Dated: January 27, 2023

Respectfully submitted,

SHEARMAN & STERLING LLP
By: */s/ Todd M. Stenerson*
Todd M. Stenerson (P51953)
401 9th Street, Suite 800
Washington, DC 20004
(202) 508-8000
todd.stenerson@shearman.com

Rachel Mossman Zieminski (*admitted in E.D. Mich.*, Texas Bar 24131967)
2601 Olive Street, Suite 1700
Dallas, TX 75201
(214) 271-5777

BODMAN PLC
By: */s/ Thomas J. Rheaume, Jr.*
Thomas J. Rheaume, Jr. (P74422)
Sarah L. Cylkowski
Alexandra C. Markel
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan*

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, I caused the foregoing document to be served via ECF on all attorneys of record. I declare under penalty of perjury that the foregoing statements are true and correct.

By: */s/ Todd M. Stenerson*
Todd M. Stenerson
401 9th Street, Suite 800
Washington, DC 20004
(202) 508-8000
todd.stenerson@shearman.com

*Attorneys for Defendant BCBSM*