# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:   **March 30, 2023**

LOCATION OF HEARING SESSION:   Evo A. DeConcini U.S. Courthouse
Special Proceedings Courtroom, 2nd Floor
405 West Congress Street
Tucson, Arizona 85701

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- **The Panel has returned to its regular practice of in-person oral argument.** Argument time will be allocated when counsel check in at 8:00 a.m. the morning of the Hearing. The Panel shall notify the parties if there is any change to these procedures.

-2-

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- Please review and plan to abide by the District of Arizona's requirements regarding public access and masks or face coverings in light of COVID-19, which can be found on the court's website at https://www.azd.uscourts.gov.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 6, 2023.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the District of Arizona

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


HEARING SESSION ORDER


The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 30, 2023, the Panel will convene a hearing session in Tucson, Arizona, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.


PANEL ON MULTIDISTRICT LITIGATION


_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 30, 2023 -- Tucson, Arizona

### SECTION A
### MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

**MDL No. 3067 − IN RE: TIKTOK IN-APP BROWSER CONSUMER PRIVACY LITIGATION**

Motion of plaintiff Austin Recht to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

RECHT, ET AL. v. TIKTOK, INC., ET AL., C.A. No. 2:22−08613

Southern District of New York

E.K. v. TIKTOK, INC., ET AL., C.A. No. 7:22−10574

Eastern District of Pennsylvania

KOWALSKI v. TIKTOK, INC., ET AL., C.A. No. 2:22−04947

**MDL No. 3068 − IN RE: UNILEVER AEROSOL PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Samantha Simmons, et al.; Yvonne Barnes, et al.; and Lawanda Sims to transfer the following actions to the United States District Court for the Northern District of Illinois:

District of Connecticut

LITTLE, ET AL. v. UNILEVER UNITED STATES, INC., C.A. No. 3:22−01189
BARNETTE v. UNILEVER UNITED STATES, INC., C.A. No. 3:22−01649

   Northern District of Florida

 SIMMONS, ET AL. v. UNILEVER UNITED STATES INCORPORATED,
  C.A. No. 3:22−23376

   Northern District of Illinois

 BARNES, ET AL. v. UNILEVER UNITED STATES INCORPORATED,
  C.A. No. 1:21−06191
 SIMS v. UNILEVER UNITED STATES INC., C.A. No. 1:22−06140

   Middle District of Louisiana

 LOUDENSLAGER v. UNILEVER UNITED STATES INC., C.A. No. 3:22−01020

MDL No. 3070 − **IN RE: NATIONAL GRID TAX GROSS−UP ADDER LITIGATION**

 Motion of plaintiffs ACP Land LLC, et al.; Sunvestment Energy Group NY 64 LLC, et al.; and Tyngsboro Sports II Solar, LLC, et al., to transfer the following actions to the United States District Court for the District of Rhode Island:

   District of Massachusetts

 TYNGSBORO SPORTS II SOLAR, LLC, ET AL. v. NATIONAL GRID USA SERVICE
  COMPANY, INC., ET AL., C.A. No. 1:22−11791

   Northern District of New York

 SUNVESTMENT ENERGY GROUP NY 64 LLC, ET AL. v. NATIONAL GRID
  USA SERVICES CO., INC., ET AL., C.A. No. 5:22−01085

   District of Rhode Island

 ACP LAND LLC, ET AL. v. NATIONAL GRID PLC, ET AL., C.A. No. 1:21−00316

MDL No. 3071 − **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)**

Motion of defendants RealPage, Inc., et al., to transfer the following actions to the United States District Court for the Northern District of Texas:

<u>District of Colorado</u>

WEAVER v. REALPAGE, INC., ET AL., C.A. No. 1:22−03224
MACKIE v. REALPAGE, INC., ET AL., C.A. No. 1:23−00011

<u>District of District of Columbia</u>

KRAMER v. REALPAGE, INC., ET AL., C.A. No. 1:22−03835

<u>District of Massachusetts</u>

WHITE v. REALPAGE, INC., ET AL., C.A. No. 1:22−12134
PRECHT v. REALPAGE, INC., ET AL., C.A. No. 1:22−12230

<u>Middle District of Tennessee</u>

WATTERS v. REALPAGE, INC., ET AL., C.A. No. 3:22−01082

<u>Western District of Texas</u>

VINCIN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 1:22−01329
CARTER v. REALPAGE, INC., ET AL., C.A. No. 1:22−01332

<u>Western District of Washington</u>

NAVARRO v. REALPAGE, INC., ET AL., C.A. No. 2:22−01552
ALVAREZ, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01617
CHERRY, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01618
MORGAN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01712
ARMAS, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01726
JOHNSON v. REALPAGE, INC., ET AL., C.A. No. 2:22−01734
SILVERMAN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01740
BOHN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01743
PHAM, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01744
GODFREY v. REALPAGE, INC., ET AL., C.A. No. 2:22−01759
ZHOVMIRUK v. REALPAGE, INC., ET AL., C.A. No. 2:22−01779
BOELENS v. REALPAGE, INC., ET AL., C.A. No. 2:22−01802
MOORE v. THE IRVINE COMPANY LLC, ET AL., C.A. No. 2:22−01826

MDL No. 3072 − **IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021**

   Motion of defendant The Boeing Company to transfer the following actions to the United States District Court for the Northern District of Illinois:

    Northern District of Illinois

WADU, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04896
PONIJAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04897
RIDWAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04898
RIDWAN, ET AL. v. THE BOEING COMPANY, C.A. No. 1:22−04899
APRILLIA v. THE BOEING COMPANY, C.A. No. 1:22−05609
ARIFNI v. THE BOEING COMPANY, C.A. No. 1:23−00363
HANDAYANI v. THE BOEING COMPANY, C.A. No. 1:23−00370
WAHYUNI v. THE BOEING COMPANY, C.A. No. 1:23−00371
MASRIZAL v. THE BOEING COMPANY, C.A. No. 1:23−00373
RIYANTO v. THE BOEING COMPANY, C.A. No. 1:23−00374

    Eastern District of Virginia

KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00044
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00045
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00046
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00047
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00048
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00049
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00050
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00051
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00052
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00053
KASTENBAUM v. THE BOEING COMPANY, C.A. No. 1:23−00054

SECTION B
MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2406 − **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION**

Opposition of plaintiff Anesthesia Associates of Ann Arbor PLLC to transfer of the following action to the United States District Court for the Northern District of Alabama:

Eastern District of Michigan

ANESTHESIA ASSOCIATES OF ANN ARBOR PLLC v. BLUE CROSS BLUE
  SHIELD OF MICHIGAN, C.A. No. 2:20−12916

MDL No. 2441 − **IN RE: STRYKER REJUVENATE AND ABG II HIP IMPLANT
  PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Silvia Perfetti and Myra Nickerson, et al., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

District of Connecticut

PERFETTI v. CONNECTICUT ORTHOPAEDIC SPECIALISTS, PC, ET AL.,
  C.A. No. 3:23−00075

Western District of Oklahoma

NICKERSON, ET AL. v. HOWMEDICA OSTEONICS CORP, C.A. No. 5:22−01050

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY
  LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the District of South Carolina:

Northern District of California

THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. ROB BONTA, ATTORNEY
  GENERAL OF CALIFORNIA v. 3M COMPANY, ET AL., C.A. No. 4:22−09001

District of New Jersey

LEPTIEN v. A CLEMENTE, INC., ET AL., C.A. No. 1:22−04609

Eastern District of Pennsylvania

CITY OF PHILADELPHIA v. KIDDE FENWAL, INC., ET AL., C.A. No. 2:22−04779

Northern District of Texas

ELLISON−WOOD v. CHEMGUARD, INC., ET AL., C.A. No. 4:22−01057

Western District of Wisconsin

BEARSON, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00724
BOYLE, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00725
BOZELKA, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00726
CLOCHESY, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL, C.A. No. 3:22−00727
FURTON, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00728
VERSCHAY, ET AL. v. TYCO FIRE PRODUCTS LP, ET AL., C.A. No. 3:22−00729

**MDL No. 2924 − IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Anthony Gallagher to transfer of the *Gallagher* action, and Maria Heald, et al., to transfer of the *Heald* action to the United States District Court for the Southern District of Florida, and motion of plaintiff Perry Patterson for remand, pursuant to 28 U.S.C. § 1407(a), of the *Patterson* action to the United States District Court for the Eastern District of Texas:

Southern District of Florida

PATTERSON v. TEVA USA, ET AL., C.A. No. 9:21−82140 (E.D. Texas,
  C.A. No. 5:21−00095)

Southern District of New York

GALLAGHER v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
  C.A. No. 1:22−10216

Eastern District of Texas

HEALD, ET AL. v. H−E−B, LP, ET AL., C.A. No. 1:23−00018

MDL No. 2948 − **IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

Central District of California

RECHT, ET AL. v. TIKTOK, INC., ET AL., C.A. No. 2:22−08613
ARROYO v. TIKTOK, INC., ET AL., C.A. No. 2:22−09300

District of New Jersey

FLEMING v. TIKTOK, INC., ET AL., C.A. No. 2:22−07370

Southern District of New York

E.K. v. TIKTOK, INC., ET AL., C.A. No. 7:22−10574

Eastern District of Pennsylvania

KOWALSKI v. TIKTOK, INC., ET AL., C.A. No. 2:22−04947

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Tim Dufour, et al., to transfer of the following action to the United States District Court for the Southern District of Illinois:

Middle District of Louisiana

DUFOUR, ET AL. v. SYNGENTA CROP PROTECTIONS, LLC, ET AL.,
  C.A. No. 3:22−00911

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Robert Gandy, Sr., to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Southern District of Texas

GANDY v. KONINKLIJKE PHILIPS NV, ET AL., C.A. No. 4:23−00058

MDL No. 3043 − **IN RE: ACETAMINOPHEN − ASD/ADHD PRODUCTS LIABILITY LITIGATION**

Motion of Plaintiffs' Co-Lead Counsel in MDL No. 3043 to transfer the following action to the United States District Court for the Southern District of New York:

<u>Eastern District of New York</u>

L.N.K. INTERNATIONAL, INC. v. CONTINENTAL CASUALTY COMPANY, C.A. No. 2:22−05184

MDL No. 3052 − **IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of defendants Kia America, Inc.; Hyundai Motor America; and Hyundai America Technical Center, Inc., to transfer of the following action to the United States District Court for the Central District of California:

<u>Western District of New York</u>

PAYNE, ET AL. v. KIA CORPORATION, ET AL., C.A. No. 1:22−00881

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.