# EXHIBIT 2

**SHEARMAN & STERLING LLP**

401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

todd.stenerson@shearman.com

**CONFIDENTIAL**

**Via Email**

December 29, 2020

Gregory L. Curtner
Matthew Kennison
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, MI 48104
gcurtner@rshc-law.com
mkennison@rshc-law.com

Johnathan Schiller
David Barillari
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
jschiller@bsfllp.com
dbarillari@bsfllp.com

RE: *Anesthesia Associates of Ann Arbor, PLLC v. Blue Cross Blue Shield of Michigan*, Case No. 2:20-cv-12916-TGB-APP

Counsel:

We represent Blue Cross Blue Shield of Michigan (BCBSM) and below provide BCBSM's positions related to Anesthesia Associates of Ann Arbor's (A4) complaint.

A4's complaint against BCBSM fails to state a claim upon which relief may be granted under Fed. R. Civ. Pro. 12(b)(6). BCBSM intends to move to dismiss all of A4's counts on January 4, 2021. We write pursuant to Local Rule 7.1(a)(2)(A) to seek A4's agreement that all of its claims in its complaint should be dismissed.

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

CONFIDENTIAL

December 29, 2020

**A4's Deficient Antitrust Claims:**

A4's allegations boil down to a complaint that A4 is disappointed that it is not paid more by BCBSM and other insurers in Michigan, and that A4's strategy to terminate these insurers has failed to deliver its desired results. None of its allegations, whether collectively or individually, give rise to any plausible claim or entitlement to any relief under the antitrust laws. A4 alleges only a series of business decisions made independently by parties exercising their lawful contractual rights. As A4 is surely aware, BCBSM has no obligation to do business with A4 nor any other provider. Further, the only harm A4 alleges is that its prices are too low. A4 fails to plausibly allege sufficient facts to support an inference that there has been any reduction in the level or quality anesthesiology services. It does little more than allege that some of the doctors who used to work with A4 now provide the same services directly for hospitals, independently, or with other practice groups. Without more, A4 lacks standing for any of its Sherman Act claims.

**A4's Deficient State Law Claims:**

As for A4's state law claims, they fail for the same reasons that its antitrust claims fail: A4 does not allege that BCBSM did anything that it did not have a valid contractual right to do, and A4 has not alleged any superior legal right with which BCBSM interfered. Further, the Court lacks supplemental jurisdiction to hear them because A4 did not plausibly plead its federal law claims.

**Some of A4's Claims Are Without A Good-Faith Basis:**

While none of A4's claims are plausibly pled, its allegations regarding most-favored nations clauses (MFNs), the Blues System, and Section 8 of the Clayton Act border on the frivolous.

MFNs

A4's allegations about BCBSM's use of MFNs are time-barred and have no support in fact or law. It is public record that BCBSM has not used MFNs in Michigan since at least January 1, 2014 when the Michigan state legislature prohibited the use of MFNs in contracts between insurers and providers. MCL 500.3405a. Perhaps more importantly, at no time did BCBSM use MFNs with any anesthesiology group in Michigan. It is also public record that BCBSM never had an MFN with the primary hospitals in the Trinity system. A4 has no factual basis to allege any harm related to MFNs, and A4's allegations related thereto should be voluntarily dismissed.

Blues System

A4's allegations regarding the structure of the Blue Cross Blue Shield Association (BCBSA) are throwaway allegations intended to drag BCBSM into costly discovery. A4 has not plausibly pled how the structure of the Blues system relates to its individual dissatisfaction with its payments from Michigan insurers. As the Boies Schiller firm serves as lead counsel in *In re BCBS Antitrust Litig*. MDL No. 2406, you are well aware that claims challenging the Blues system are currently in front of the court in Alabama. If A4 refuses to withdraw those claims and they survive

Page 2 of 3

CONFIDENTIAL

December 29, 2020

BCBSM's motion to dismiss here, BCBSM is currently inclined to tag this suit to the Alabama MDL.

<u>Section 8 of the Clayton Act</u>

A4's allegations that Mr. Casalou's participation on the BCBSM Board violates Section 8 of the Clayton Act should be voluntarily dismissed for at least two reasons. First, as BCBSM is a mutual insurance company, not a corporation, Section 8 is inapplicable. Second, even if Section 8 were applicable to BCBSM, because BCBSM and Trinity operate at different levels of distribution, the service of Trinity's CEO on BCBSM's Board involves a vertical interlock. As you are well aware, vertical interlocks are not prohibited by the Clayton Act.

**BCBSM's Request to Stay Discovery and Notice of Filing Documents Referenced in the Complaint:**

BCBSM seeks A4's consent to stay all fact discovery until at least sixty days after the Court rules on BCBSM's motion to dismiss. If A4 will not agree, BCBSM intends to move for a stay when it files its Motion to Dismiss on January 4, 2021.

On October 22, 2020, A4 sent BCBSM a draft complaint and attached three exhibits (Oct. 4, 2020 email G. Bock to T. Simmer). Now that A4 has quoted selections from those exhibits in its complaint, A4 has put them at issue and they are properly considered during the motion to dismiss phase. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (permitting the consideration of public records and documents referenced in the complaint on motion to dismiss) *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Marshall v. Nationstar Mortgage, LLC*, No. 1:12-v-852, 2015 WL 1042197, at *2-3 (W.D. Mich. Mar. 10, 2015) (considering public record documents for the truth of the matter asserted even when they contradict the plaintiff's complaint). BCBSM intends to file Exhibit 2 (April 22, 2019 email from Robert Casalou to Gregory Bock and others) and Exhibit 3 (notification from Saint Joseph Mercy Health System to A4) publicly with its motion to dismiss, unless A4 notifies BCBSM that it will move to seal those documents (a motion BCBSM would not oppose).

BCBSM looks forward to A4's response. Please let us know whether A4 consents to stay discovery, opposes the public filing of Exhibits 2 & 3 referenced above and/or agrees to dismiss any or all of its claims no later than January 1, 2021.
BCBSM reserves all rights.

Regards,

*/s/ Todd M. Stenerson*

**Todd M. Stenerson**
Partner