# EXHIBIT 4

FILED
2016 Feb-23 AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | ) ) ) ) ) ) | **Master File** **No. 2:13-CV-20000-RDP** This document relates to all cases. |

## <u>QUALIFIED PROTECTIVE ORDER</u>

This matter is before the court on the Parties' joint motion for entry of an agreed Protective Order. (Doc. # 546). The court has determined that the Proposed Protective Order should be entered. Therefore, the Motion (Doc. # 546) is **GRANTED**. Discovery in the above-captioned litigation ("Proceeding") **SHALL** be governed by the following Qualified Protective Order ("Protective Order"), which amends the terms of the Protective Order entered by the court on December 17, 2013.

The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party.

The terms of this Protective Order are as follows:

1.    **Applicability.** This Protective Order is applicable to all plaintiffs and defendants, any additional parties joined in this Proceeding (collectively, the "Parties"), and any third-parties required to respond to discovery in this Proceeding, for the sole purpose of facilitating discovery in the Proceeding and

protecting the confidentiality and other interests of the Parties and third-parties throughout the course of this Proceeding including, but not limited to, trial. This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules"). This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules. The parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Order for any purpose other than this Action. Protections against the loss of any Attorney-Client Privilege, Work Product Protection or any other privilege or immunity are set out in a separate Protective Order under Fed. R. Evid. 502(d) Regarding Disclosure of Information Subject to Attorney-Client Privilege or Work Product Protection (Doc. 139).

2. **Scope of Use.** All "Confidential," "Confidential−Attorneys' Eyes Only," and "Confidential−Outside Counsel Only" information produced or exchanged in the course of this Proceeding shall be used solely for the purpose of prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

3. **Designation of Information.** Any document, data, testimony, interrogatory answer, response to a request to admit, exhibit, and other information produced, served or otherwise disclosed to or by any Party or third party during the Proceeding as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" (collectively "Confidential Material") shall be in the manner that is consistent with the definitions and procedures set forth in this Protective Order. Documents previously produced shall be retroactively designated by notice in writing by Bates number or such other means that will allow for the identification of such documents. The inadvertent failure by a Party or third party to designate specific documents or materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

a. **"Confidential" Designation.** A Party or third party may designate as "Confidential" any Confidential Material that it reasonably and in good faith believes contains any trade secret, other personal information of any Party or third party, or other confidential research, development, or commercial information, as referenced in Fed. R. Civ. P. 26(c)(1)(G), provided that the confidentiality has been subject to efforts to maintain confidentiality that are reasonable under the circumstances.

b. **"Confidential−Attorneys' Eyes Only" Designation.** A Party may designate as "Confidential−Attorneys' Eyes Only" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraph 12 could reasonably be expected to result in injury.

c. **"Confidential−Outside Counsel Only" Designation.** A Party may designate as "Confidential−Outside Counsel Only" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraph 13 could reasonably be expected to result in injury.

4.      **Confidential Health Information.** The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain

sensitive personal health information ("Confidential Health Information"). Confidential Health Information is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined below, and agree that any Confidential Health Information shall be deemed "Confidential" and any such information concerning a third party shall be deemed "Confidential—Attorneys' Eyes Only" and, as such, subject to the terms of this Protective Order.

     a.    **Protected Health Information.** Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. §160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or

derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

    i.     names;

    ii.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    iv.   telephone numbers;

    v.    fax numbers;

    vi.   electronic mail addresses;

    vii.   social security numbers;

    viii.  medical record numbers;

    ix.   health plan beneficiary numbers;

    x.    account numbers;

    xi.   certificate/license numbers;

    xii.   vehicle identifiers and serial numbers, including license plate numbers;

xiii.   device identifiers and serial numbers;

xiv.   web universal resource locators ("URLs");

xv.   internet protocol ("IP") address numbers;

xvi.   biometric identifiers, including finger and voice prints;

xvii.   full face photographic images and any comparable images;

xviii.   any other unique identifying number, characteristic, or code; and

xix.   any other information that the producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

"Confidential Health Information" does not include any document or information in which the producing Party has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A producing Party may, but is not required to, perform such redactions before producing documents that originally contained "Confidential Health Information" so long as the redactions do not result in prejudice to another Party.

b.   **Safeguards for Confidential Health Information**. The Parties also seek to ensure that any person who receives and stores Confidential Health

Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from any person in connection with this Proceeding. At a minimum, all Parties and persons or entities who might receive Confidential Health Information (including all signatories to Appendix A or B of this Order) agree that they will (1) comply with the Privacy and Security Rules; (2) establish contractual controls that require any vendors, experts, or third parties that might receive Confidential Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules. Confidential Health Information will be securely destroyed,[1] deleted, or returned pursuant to the provisions of paragraph 22 below.

      **5.    Document Production and Exhibits.**

           a.    **Documents.** Documents containing Confidential Material, and any copies thereof, shall be designated as such by including a legend of

---

[1] "Secure destruction" means: "Securely overwriting or wiping data using a secure file deletion utility to ensure that the information cannot be recovered. For those devices that cannot be overwritten (*e.g.*, defective hard drives, CDs/DVDs), the device must be destroyed prior to disposal."

"Confidential," "Confidential—Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" on each page as to which confidentiality is claimed. Said legend shall be made so as not to obscure any of the Confidential Material's content.

  b. **ESI.** With respect to any Confidential Material that is produced as electronically stored information ("ESI") and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party may label the production media "Confidential," "Confidential--Attorneys' Eyes Only," or "Confidential--Outside Counsel Only" and/or alter the file name of the native ESI to include "Conf." or "Atty.Only" or "OutsideCounsel" and shall inform all recipients in writing of the designation at the time that Confidential Material is produced; otherwise, the ESI shall be marked with the legend as provided in paragraph 5(a) above. Whenever any ESI is reduced to a hard-copy document, such copy shall be marked with the legend as provided in paragraph 5(a) above.

  6. **Production or Disclosure of Information.** Any Party or third party may designate documents and ESI that is exchanged, whether in response to formal or informal requests, as "Confidential," "Confidential—Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" by (a) including a statement that such information is "Confidential," "Confidential—Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" in the answer or response or (b) designating such information as "Confidential," "Confidential—Attorneys' Eyes

Only," or "Confidential−Outside Counsel Only" thereafter as provided in this Protective Order. A legend of "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" shall also be included on each page as to which confidentiality is claimed.

7.     **Depositions.** A deposition or portion thereof may be designated as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" by making that designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" within forty-five (45) days of receiving the transcript and exhibits and so informing all Parties of the designation. Until the forty-five-day period has passed, the deposition transcript shall be treated as "Confidential—Attorneys' Eyes Only." If testimony is orally designated as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked "CONFIDENTIAL" or "CONFIDENTIAL−ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY." Any portion of a deposition so designated, or separately bound, shall not be filed with the court, except in accordance with paragraph 9 of this Protective Order. Notwithstanding the above, when notified to

do so, persons attending depositions, other than the witness and his or her outside counsel provided that the witness and his or her outside counsel have signed the appropriate Attachment to this Protective Order, must leave the room before any discussion of any Confidential Material, or any excerpts, summaries, or information derived therefrom, that the person is not entitled to review under this Protective Order.

8. **Documents Produced by Third-Parties.** With respect to any document or ESI or other material that is produced or disclosed by any third party without a designation of "Confidential," "Confidential–Attorneys' Eyes Only," or "Confidential—Outside Counsel Only," any Party may designate such material as Confidential Material within thirty (30) days of actual knowledge of the production or disclosure of the material, or such other time as may be agreed upon by the Parties.

      a. Parties may designate such material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material. The designating Party shall either provide the Bates number(s) of the material in the written notice or provide a copy of the designated material bearing the appropriate legend. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice or copy of the designated material pursuant to this

subparagraph shall return to the designating Party all undesignated copies of such material in their custody or possession, shall inform the designating Party that all undesignated copies of such material in their custody or possession have been discarded, or shall affix the legend to all copies of such designated material in their custody or possession.

b.      Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated material or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated material in the possession of any person not permitted access to such information under the terms of this Order.

c.      No Party shall be deemed to have violated this Order for the sole reason that such material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

9.      **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential Material, if filed with the court,

shall either be redacted from the court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as Confidential Material) or may be filed under seal pursuant to the rules governing sealed documents, as set forth in CM/ECF procedures of the United States District Court for the Northern District of Alabama. No separate permission needs to be sought regarding the redaction of public filings or the filing of any such submissions under seal. Any Party shall have the right to seek a judicial determination, post-filing, of whether any Confidential Material should remain under seal, after following the process for challenging designations set forth in paragraph 16. Any courtesy copies served on the court shall be unredacted and complete, and shall be filed in an envelope labeled with the caption of the suit, a reference to the corresponding document number on file with the court, and marked "Filed Under Seal" along with the words "Confidential," "Confidential—Attorneys' Eyes Only," or "Confidential—Outside Counsel Only" and the following statement:

> "THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE PROTECTIVE ORDER ENTERED BY THE COURT IN THIS LITIGATION."

10.     **Restrictions on Use of Confidential Material.** Except as agreed by the designating Party or its counsel or as otherwise provided herein, Confidential Material, and any excerpts, summaries, or information derived therefrom:

a.      shall be maintained in confidence;

b.      may be disclosed only to persons entitled to access thereto under the terms of this Protective Order;

c.      shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Proceeding, including appeals, and for no other purpose; and

d.      may be photocopied or otherwise reproduced only as reasonably necessary for this Proceeding; and

e.      will be securely destroyed or returned at the conclusion of this Proceeding pursuant to the provisions of paragraph 22 below.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party or third party designating the information as Confidential Material consents in writing to such disclosure of its designated material. Nothing herein prevents the use of Confidential Material, in the examination or cross-examination in this Proceeding of any person who is indicated on the documents as being an author, source, or bona fide recipient, or who is reasonably expected to possess knowledge of the information discussed in the document, or the designated

14

representative of any person who has been tendered to testify about matters of or concerning the Confidential Material designated "Confidential," irrespective of which Party or third party produced such information.

11. **Authorized Users of "Confidential" Material.** Except as agreed in writing by the designating Party or as otherwise provided herein, information designated "Confidential" subject to this Protective Order, or extracts, summaries, or information derived therefrom, shall not be disclosed or shown to any person except the following:

a. In-house counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding.

b. Outside counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding. For purposes of this Proceeding, counsel of record for California Physicians' Service d/b/a Blue Shield of California shall be deemed outside counsel.

c. Any individual Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of this Proceeding, or a member of a putative Class who is a client of and actively engaged in assisting Plaintiffs' counsel, to the extent reasonably necessary

to enable the attorneys for that Party or client to render professional services in the Proceeding. Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A. Confidential Materials will not be disclosed to an individual member of a putative Class or an individual representative of any corporate entity that is a member of a putative Class until that person has signed and delivered to counsel for the Plaintiffs a statement in the form annexed hereto as Attachment A.

d.     An "Independent Expert," after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as Attachment B. An Independent Expert means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who is currently an employee of a Party or any non-Party entity that is a provider of healthcare financing administration or insurance cannot be retained as an Independent Expert or continue to serve as an Independent Expert. In addition, an Independent Expert cannot, during the course of this litigation, (a) be involved in or provide advice concerning negotiations of a contract related to reimbursement for healthcare services between any hospital or healthcare system and a Defendant

opposite a Party whose Confidential Information the Independent Expert has reviewed, and which information is likely to provide an identifiable strategic advantage in contract negotiations, or (b) provide advice concerning product design, pricing and market penetration for any non-Party provider of healthcare financing administration or insurance; provided that these limitations on who can serve as an Independent Expert do not apply (i) to a person who is a consultant or independent contractor only in connection with litigation, disputes that may result in litigation, or matters that may involve government agencies; or (ii) to a person as to whom all Defendants agree to such retention.

To the extent that an expert serving as an Independent Expert during the course of this litigation ceases to meet the criteria for Independent Experts set forth in this paragraph, the expert can no longer serve in the capacity of an Independent Expert retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who was entitled to view confidential materials solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving as an Independent Expert in this litigation, is still bound by the provisions (a) and (b) in paragraph 11(d) until the conclusion of this proceeding, or until four years after the Expert has last reviewed Confidential Materials, whichever is earlier. An Independent Expert, or a Party acting on his or her behalf, may seek relief from the court (or the Magistrate or Special Master if so Ordered)

from the provisions (a) and (b) of paragraph 11(d) at any time. In addition, before showing an Independent Expert certain Confidential Materials, a Party may seek a ruling that the specific Confidential Materials may be reviewed by the Independent Expert without making the Independent Expert in violation of the restrictions contained in provisions (a) and (b) of paragraph 11(d). A Party is entitled to seek this relief from the court without disclosing the identity of the Independent Expert to the Opposing Party(ies). The request should identify the specific Confidential Materials proposed to be reviewed and provide reasonable specificity about the role and expertise of the Independent Expert with respect to the limitations provided in provisions (a) and (b) of paragraph 11(d). All Parties will have the opportunity to oppose such a request; however, they will not be entitled to learn information about the identity of the Independent Expert prior to disclosure of such expert pursuant to the Federal Rules of Civil Procedure. The court or its appointed representative, if necessary to the disposition, may ask for, or receive, information about the proposed Independent Expert's identity *in camera*.

> e. A Party's outside service-providers and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants provided such persons have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as Attachment A.

f.     A deponent who is the author, bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this matter, and provided that the deponent has executed an appropriate agreement to be bound by this Protective Order. A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Material that they cannot otherwise access or view under the other provisions of this Protective Order.

g.     A court reporter and videographer in connection with the course of a deposition in this matter, provided that such persons have signed the appropriate attachment(s) to this Protective Order.

h.     The court, other court officials (including court reporters), and the trier of fact pursuant to a sealing order.

12.    **Authorized Users of "Confidential−Attorneys' Eyes Only" Material.** Except as agreed in writing by the designating Party or as otherwise provided herein, no information that is designated "Confidential−Attorneys' Eyes Only" pursuant to this Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person <u>except</u> those persons listed in paragraphs 11(a), (b), (d), (e), (f), (g) and (h).

13. **Authorized Users of "Confidential−Outside Counsel Only"**
**Material.** Except as agreed in writing by the designating Party or as otherwise
provided herein, no "Confidential−Outside Counsel Only" Material subject to this
Protective Order, or extracts or summaries therefrom, shall be disclosed or shown
to any person except those persons listed in paragraphs 11(b), (d), (e), (f), (g) and
(h). Nevertheless, upon a request from any Party, a designating Party may, at its
own discretion, agree in writing to disclose or show its own designated
"Confidential—Outside Counsel Only" material to the persons listed in paragraph
11(a).

14. **Use of "Confidential−Attorneys' Eyes Only" Materials and**
**"Confidential−Outside Counsel Only" Materials at Depositions.** With respect
to deponents:

    a.    A deponent can only be shown "Confidential—Attorneys' Eyes
Only" and/or "Confidential—Outside Counsel Only" materials during the
preparation for or course of a deposition if the deponent is the author or bona fide
recipient of the materials, or is reasonably expected to possess knowledge of the
information discussed in the materials.

    b.    The restrictions on the use of "Confidential−Attorneys' Eyes
Only" and/or "Confidential−Outside Counsel Only" Materials with a deponent do

not apply to use of a Party's own so-designated Materials with its directors, officers, employees or retained experts of that Party who are being deposed.

15.   **Disclosure to Unauthorized Persons.** If counsel for a Party wishes to disclose Confidential Material subject to this Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in paragraphs 11-13 above, they must proceed in the following manner: the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to lead counsel for all Parties twenty-one (21) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the twenty-one (21) day period, disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period. If an objection is made within the twenty-one (21) day period, the Party proposing the disclosure must seek an order from the court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by the court on that motion, unless the objection is withdrawn. Any person who becomes authorized to receive Confidential Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party who produced or designated the Confidential Material a

statement in the form annexed hereto as Attachment A. Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of this Protective Order. To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third party, such Party shall notify counsel for the Party, third party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials absent the written consent of the Party or third party whose Confidential Material is sought or if a court of competent jurisdiction orders the production.

16. **Challenging Designation.** If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the designating Party or third party in writing and provide a description of the Confidential Material (to include a Bates number identifier for each individual item for which a designation challenge is made), and a concise statement of the basis for

the challenge as to each individual document or other item so-identified, which the objecting Party believes should be released from some or all of the constraints of this Protective Order, and serve copies of such notice to all other Parties and the producing third party if applicable. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. To facilitate efficient discussions and encourage non-judicial resolution, Plaintiffs and Defendants shall identify "Liaison Counsel" for each side to assist with the coordination of all such meet and confers. If the objection cannot be resolved by agreement within thirty (30) days from the date of service of the written objection, any Party may move the court for a determination as to whether the designation is appropriate. The burden of establishing the appropriate level of confidentiality shall be on the Party making the designation. The protection of the Confidential Material afforded by the Protective Order shall continue as originally designated until the court issues an order on the motion.

17. **Use of Confidential Material at Trial.** Confidential Material, or extracts, summaries, or information derived therefrom, retain confidential status even if used in this Proceeding, including at trial. The Party using Confidential Material shall take all reasonable steps to maintain confidentiality of the Confidential Material during such use by redacting documents or testimony to the extent possible, requesting that the court seal any transcript or exhibits with respect

to the Proceeding, or moving for the sequestration of unauthorized persons. If Confidential Material has been marked as such because it contains Confidential Health Information, the Parties agree that, in lieu of the above procedures, the Party wishing to use the Confidential Material at any stage in this Proceeding, including in papers filed with the court, mediation, trial preparation, trial, and appeal, will properly redact the documents pursuant to the HIPAA de-identification standard set forth at 45 C.F.R. § 164.514(b)(2) and in accordance with paragraph 4(a) above, and a neutral, non-identifying patient indicator, consistent with 45 C.F.R. § 164.514(c), will be used to refer to the patient in the materials, documents, or information at issue.

18. **No Waiver.** Production pursuant to this Protective Order shall not be deemed a waiver of:

      a.     any Party's or third party's right to object to any discovery requests on any ground;

      b.     any Party's right to seek an order compelling discovery with respect to any discovery request;

      c.     any Party's right to object to the admission of any evidence on any ground in this Proceeding;

      d.     any Party's or third party's use and review of its own documents and its own Confidential Material in its sole and complete discretion; or

     e.    the status of any material as a trade secret.

19.    **Responsibility of Counsel.** Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining any executed version of the statement attached hereto as Attachment A when required under the provisions of this Protective Order.

20.    **Modification of Order.** This Order may be modified or amended either by written agreement of the Parties submitted to the court for approval or by order of the court upon good cause shown.

21.    **Third-Party Material.** To the extent that the Parties produce documents received from third-parties that have been designated by third-parties as Confidential Material, those documents shall be treated as Confidential Material in accordance with the terms of this Protective Order, and any testimony concerning the contents of those documents shall likewise be treated as Confidential Material in accordance with the terms of this Protective Order.

22.    **Conclusion of Proceeding.** The provisions of this Protective Order shall continue in effect with respect to any Confidential Material until expressly released by the Party or third party designating the Confidential Material, and if applicable, such effectiveness shall survive the final determination of this

Proceeding. Within ninety (90) days of the final determination of this Proceeding, including any appeal, all Confidential Material, including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the disclosing Party or third party; or (b) securely destroyed or deleted, with a written certification of such secure destruction or deletion provided to the disclosing Party or third party. This includes the return or secure destruction or deletion of Confidential Material provided to any person, including Independent Experts. Confidential Material that may exist on any back-up media must also be returned or securely destroyed or deleted within ninety (90) days of the final determination of this Proceeding, including any appeal. Counsel of record are permitted to retain a copy of attorney work product, which may incorporate information from Confidential Material, provided that (1) all such retained attorney work product, and counsel's further retention or further use thereof, shall remain subject to the terms of this Order, and (2) counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules (*e.g.*, does not contain any Protected Health Information). For the avoidance of doubt, such retention shall not include any Confidential Material itself (*e.g.*, produced documents and/or data designated as Confidential). For purposes of this Protective Order, the "final determination of this Proceeding" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and

exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this Proceeding (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court will be considered after the conclusion of this proceeding.

23. **Time Period for Protection.** Any Confidential Material or any information contained in or derived from Confidential Material shall be subject to the provisions of this Protective Order until further Order of this court.

24. **Enforcement.** Upon the final resolution of this Proceeding, any Party may seek leave to reopen the Proceeding or request the court retain jurisdiction to enforce the provisions of this Protective Order.

**DONE** and **ORDERED** this February 23, 2016.

 

 

 

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| | ) | |
| IN RE: BLUE CROSS BLUE SHIELD | ) | **Master File** |
| ANTITRUST LITIGATION | ) | **No. 2:13-CV-20000-RDP** |
| (MDL No. 2406) | ) | |
| | ) | This document relates to all |
| | ) | cases. |
| _____ | ) | |

## AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER

1.    I am familiar with and agree to be bound by the terms of the Qualified

Protective Order ("Protective Order") in No.: 2:13-CV-20000-RDP, Blue Cross

Blue Shield Antitrust Litigation (MDL No.: 2406). I understand that my execution

of this Agreement to Be Bound by the Protective Order indicates my agreement to

be bound by the Protective Order and is a prerequisite to my access or review of

any information or documents designated as Confidential Material pursuant to the

Protective Order. I further understand that my execution of this Agreement

indicates that I am a person who is allowed to access or review any information or

documents designated as Confidential Material pursuant to the Protective Order.

2.    I will access and review Confidential Material that may be provided to

me solely for the purpose of my role in assisting with prosecuting or defending this

Proceeding, including mediation, trial preparation, trial, and appeal, and for no

other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.     I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Proceeding. Upon the final determination of this Proceeding, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.     I understand that all Confidential Health Information, as defined in the Protective Order, is subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"). All Confidential Material disclosed by any Party or third party to this Proceeding that contains Confidential Health Information shall be treated in accordance with those standards, as applicable. Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

5.      By executing this Agreement to Be Bound by Qualified Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information I receive from any person in connection with this Proceeding.

6.      I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this ___ day of _____, 20__.

BY: _____

_____

(Print Name)

# ATTACHMENT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | ) ) ) ) ) ) ) | **Master File** **No. 2:13-CV-20000-RDP** This document relates to all cases. |

## AGREEMENT FOR INDEPENDENT EXPERTS TO BE BOUND BY QUALIFIED PROTECTIVE ORDER

1.       I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Protective Order") in No.: 2:13-CV-20000-RDP, Blue Cross Blue Shield Antitrust Litigation (MDL No.: 2406). I understand that my execution of this Agreement to Be Bound by the Protective Order indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.       I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no

other purpose whatsoever. I further agree that I will not disclose any Confidential
Material to any person except as allowed by the terms of the Protective Order.

3.    I will only make such copies of or notes concerning Confidential
Material as are necessary to enable me to render the assistance required in
connection with this litigation. Upon the final determination of this action, I shall
promptly and securely destroy or delete all Confidential Materials provided to me
as well as any notes or derivations thereof. I understand that my obligation to
honor the confidentiality of such material will continue even after this Proceeding
concludes.

4.    I will not use any Confidential Information or any information or
knowledge derived from Confidential Information for any purpose unrelated to this
Litigation, including, but not limited to, assisting any entity in any way in
connection with any commercial or business endeavor, relationship or negotiation
with any of the Defendants at any time or in connection with assisting any person
or entity that seeks to compete with any Defendant in any market.

5.    I understand that all Confidential Health Information, as defined in the
Protective Order, is subject to state and federal statutory and regulatory privacy
and security standards, including, but not limited to, the Health Insurance
Portability and Accountability Act of 1996 ("HIPAA"), the Health Information
Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"),

and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"). All Confidential Material disclosed by any Party or non-party to this Proceeding that contains Confidential Health Information shall be treated in accordance with those standards, as applicable. Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

6.      By executing this Agreement to Be Bound by Qualified Protective Order, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent non-permitted use or disclosure of any Confidential Health Information I receive from any person in connection with this Proceeding.

7.      I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

8.      I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to

any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Northern District of Alabama (without any time limit) for the purpose of enforcing the Protective Order.

DATED this ____ day of _____, 20__.

BY: _____

_____

(Print Name)

4