# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD }<br>}<br>ANTITRUST LITIGATION }<br>   (MDL NO.: 2406) }<br>} | Master File No.:  2:13-CV-20000-RDP<br><br>This order relates to the Subscriber Track |
| JOHN HOOVER, et al., }<br>}<br>     Plaintiff, }<br>}<br>v. }<br>}<br>BLUE CROSS BLUE SHIELD }<br>ASSOCIATION, et al., }<br>}<br>     Defendant. } | Case No.:  2:22-cv-00261-RDP |

## SUGGESTION OF REMAND

On February 14, 2022, the *Hoover* case was transferred by the Judicial Panel on Multidistrict Litigation from the United States District Court for the Southern District of Florida to this court for inclusion in MDL No. 2406. (Case No. 22-cv-00261-RDP, Doc. # 37). At that time, this court was in the process of evaluating the Subscriber Class Action Settlement in the MDL. On August 9, 2022, the court approved that Settlement. (Case 2:13-cv-20000-RDP, Doc. # 2931). On June 24, 2024, upon the Supreme Court's denial of two petitions for writs of certiorari, the Subscriber Class Action Settlement became effective.

The *Hoover* case is the sole remaining Subscriber case pending in MDL 2406. However, the court notes that it was filed by "individuals who timely opted out of the [Subscriber] settlement[.]" (Case No. 22-cv-00261-RDP, Doc. # 1 at ¶ 3). Although there are three pending Subscriber Opt Out cases pending before this court, Subscriber opt out cases have not been

centralized by the JPML here or elsewhere. And, unlike the *Hoover* case, the other Subscriber Opt Out cases were all originally filed in this court. (Case No. 2:21-cv-01209-RDP, Doc. # 1; Case No. 2:22-cv-00558-RDP, Doc. # 1; Case No. 2:22-cv-01256-RDP, Doc. # 1).

In its February 14, 2022 Transfer Order centralizing this case for inclusion in MDL 2406, the JPML specifically noted that "[i]f the transferee court grants the pending motion to approve the subscriber settlement, continued inclusion of individual actions brought by subscribers who opted out of the settlement may not contribute to the efficient conduct of the litigation." (Case No. 22-cv-00261-RDP, Doc. # 37 at 2). The JPML further noted that this was "a determination for the transferee judge to make in the exercise of his discretion" and that "[i]f he determines that Section 1407 remand of *Hoover* or any other action is appropriate, he can suggest remand." (*Id*.).

On October 17, 2024, this court ordered the *Hoover* parties to meet and confer and file a joint report on "whether this case should be remanded to the Southern District of Florida and/or how this case should otherwise proceed." (Case No. 22-cv-00261-RDP, Doc. # 43 at 2). Apparently, the parties do not agree about whether remand is appropriate at this time. (Case No. 22-cv-00261-RDP, Doc. # 44).

Plaintiffs urge that there is no longer a need for centralization and that this case should now be remanded to the Southern District of Florida for further proceedings. (Case No. 22-cv-00261-RDP, Doc. # 44 at 1). Defendants' position is apparently that "remand is premature" until this court first addresses an anticipated motion to dismiss and then, if any claims survive, the court should determine whether there are any discovery efficiencies to be gained from keeping this case with the other Opt Out cases. (*Id*. at 3). Defendants have also informally notified that court that they would like the court to hold a *Hoover* status conference in Birmingham the week of November 13-14, 2024, when the court is holding a status conference in the other Opt Out cases filed directly

here on November 13, and a preliminary approval hearing on the Provider Settlement on November 14.

This court has issued numerous (one might say exhaustive) substantive rulings and discovery orders in MDL 2406 and in the Alabama Opt Out cases which may be useful as resources for other judges handling opt out cases such as this one. The court sees no reason why Judge K. Michael Moore of the Southern District of Florida, or another member of that court, is not fully capable of handling this case and appropriately deciding any motions presented by the parties. Furthermore, just because a case is pending in another court does not prohibit the parties from informally agreeing to coordinate discovery with counsel in the cases pending before this court.

The court believes that the purposes of centralization have been served. The settlement of the Subscriber cases has become final. As such, the court respectfully suggests to the Panel that this last remaining Subscriber track case, whose Plaintiffs have opted out of the now-final Subscriber Settlement, is due to be remanded to its court of origin.

## CONCLUSION

Pursuant to Rule 10.1(b)(1) of the Rules of the Judicial Panel on Multidistrict Litigation, the court respectively **SUGGESTS** that the Panel **REMAND** the following case to its transferor court:

- *Hoover, et al. v. Blue Cross and Blue Shield Association, et al.*, Northern District of Alabama (Southern) Case No. 2:22-cv-00261-RDP.

The Clerk of Court is **DIRECTED** to serve a copy of this Suggestion of Remand on the JPML's Acting Clerk of the Panel, Marcella R. Lockert, Thurgood Marshall Federal Judiciary Building, One Columbus Circle, NE, Room G-255, North Lobby, Washington, DC 20544-0005.

**DONE** and **ORDERED** this November 15, 2024.

_____
R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE