BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: BLUE CROSS BLUE SHIELD  )
ANTITRUST LITIGATION  )  MDL No. 2406
  )

To:   Clerk of the Panel
      Judicial Panel on Multidistrict Litigation
      Thurgood Marshall Federal Judiciary Building
      One Columbus Circle, N.E.
      Room G-255, North Lobby
      Washington, D.C. 20544-0005

Pursuant to Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Blue Cross Blue Shield Association ("BCBSA") and Defendants in MDL No. 2406 (collectively with BCBSA, "Defendants" or "Blue Plans") hereby give notice of tag-along actions filed in the United States District Courts for the Northern District of Illinois,[1] the Northern District of California,[2] and the Eastern District of Pennsylvania (the "Tag-Along Actions").[3] Copies of the respective docket sheets and complaints are attached as Exhibits 1 through 7.

---

[1] *Adventist Health System Sunbelt Healthcare Corp. et al. v. Blue Cross Blue Shield Association et al.*, No, 1:25-cv-02367 (N.D. Ill.) ("*Adventist*"); *AmeriTeam Services LLC et al. v. Blue Cross and Blue Shield of Alabama et al.*, No. 1:25-cv-02295 (N.D. Ill.) ("*AmeriTeam*"); *CommonSpirit Health et al. v. Anthem, Inc. et al.*, No. 1:25-cv-02296 (N.D. Ill.) ("*CommonSpirit*"); and *IES Central Texas PLLC et al. v. Blue Cross and Blue Shield of Alabama et al.*, No. 1:25-cv-02267 (N.D. Ill.) ("*IES*").

[2] *Bon Secours Mercy Health, Inc. et al. v. Blue Cross Blue Shield Association et al.*, No. 5:25-cv-02331-NW (N.D. Cal.) ("*Bon Secours*").

[3] *LHHealth LLC v. Blue Cross Blue Shield Association et al.*, No. 5:25-cv-01158-JLS (E.D. Pa.) ("*LHHealth*"); and *Temple University Health System v. Blue Cross Blue Shield Association*, No. 5:25-cv-1156-JLS (E.D. Pa.) ("*Temple*").

I.   **BACKGROUND**

On December 12, 2012, the Judicial Panel on Multidistrict Litigation created MDL No. 2406 (the "MDL") and consolidated for pretrial purposes nine antitrust actions against BCBSA and 38 Blue Plans in the Northern District of Alabama, to be overseen by Judge R. David Proctor (the "MDL Court"). *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373 (J.P.M.L. 2012). The consolidated lawsuits all challenge certain provisions of the Blue Cross Blue Shield license agreements and allege that Defendants violated the antitrust laws by, among other things, allocating exclusive service areas and establishing revenue restrictions and price controls. *Id.* at 1376. To date, 90 actions total have been consolidated in the MDL.

Since that time, the MDL has proceeded on two tracks: a Subscriber Track (claims by a putative class of fully-insured healthcare subscribers) and a Provider Track (claims by a putative class of hospitals, physicians and other healthcare providers). In the Subscriber Track, a settlement received final approval in August 2022. (MDL Dkt. 2931.) Separately, a group of self-insured subscribers opted out of the Subscriber settlement class and brought a series of direct actions against Defendants (the "ASO Actions").[4] The ASO Actions were filed in the Northern District of Alabama and, upon assignment to Judge Proctor, were informally coordinated with the MDL. The ASO Actions are currently in fact discovery.

In the Provider Track, the MDL Court preliminarily approved a settlement on December 4, 2024 (the "Provider Settlement"). (MDL Dkt. 3225.) A final fairness hearing is scheduled for July 29, 2025. Each of the Plaintiffs in the Tag-Along Actions claims to be a member of the putative Provider settlement class.

---

[4] "ASO" stands for the term "administrative services only". Subscribers who fund their own medical coverage but contract with health insurance plans for claims processing and other administrative services are often referred to as "ASOs".

The Panel created MDL No. 2406 because it concluded "streamlined resolution" of common issues related to Defendants' license agreements and their use of exclusive service areas would inure "to the overall benefit of the parties and the judiciary". *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d at 1376. The Panel also determined (and has since reaffirmed on several occasions) that the Northern District of Alabama is the appropriate Section 1407 forum to hear actions concerning this core controversy. Both points remain true today.

## II. THE TAG-ALONG ACTIONS ARE NEARLY IDENTICAL TO ONE ANOTHER AND TO THE CASES CENTRALIZED IN THE MDL.

There is a near complete identity of common issues between and among the Tag-Along Actions and the Provider Track cases already consolidated in the Northern District of Alabama. Plaintiffs in both the MDL Provider Track and the Tag-Along Actions are hospitals, physicians, and other health care providers that bring claims for violations of the Sherman Act,[5] alleging Defendants entered into unlawful agreements to allocate health insurance markets and restrict revenue. Among other things, all of the Provider lawsuits assert that the Blues formed market-allocation and price-fixing conspiracies; that Defendants use BCBSA as a vehicle to coordinate their conduct; and that Defendants exploit their market dominance to extract surplus profits through the BlueCard and National Accounts programs. Put differently, not only do the Tag-Along Actions track the Consolidated Fourth Amended Provider Complaint (the "MDL Provider Complaint", attached as Exhibit 8), they also directly track one another.[6] This is a

---

[5] Plaintiffs in *Bon Secours* also bring antitrust claims under the laws of several states, in addition to federal antitrust claims under the Sherman Act. (Ex. 3B ¶¶ 509-772.)

[6] *Compare, e.g.*, Ex. 8 (MDL Provider Complaint) ¶ 7 ("The Market Allocation Conspiracy has significantly decreased competition in the markets for healthcare financing, including the markets for healthcare insurance and healthcare services . . . . As a result, healthcare providers, including Plaintiffs, are paid much less than they would be absent the BCBS Market Allocation

quintessential example of complex litigation involving a shared nucleus of fact for which multidistrict proceedings were designed. *See, e.g.*, Transfer Order, *In re: Snowflake, Inc. Data Sec. Breach Litig.*, MDL No. 3126, at 1 (J.P.M.L. Feb. 6, 2025) (Dkt. 302).

Although the Tag-Alongs may raise some unique issues, this does not prevent consolidation. (*See, e.g.*, Transfer Order, *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406, at 1 (J.P.M.L. Apr. 1, 2013) (final transfer order as to LifeWatch Services, Inc.).) As the Panel often explains, "the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core." *In re FTX Cryptocurrency Exch. Collapse Litig.*, 2024 WL 1636729, at *1 (J.P.M.L. Apr. 15, 2024); *In re Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1374 (J.P.M.L. Aug. 3, 2023) (rejecting argument that distinct state law claims preclude centralization, "[c]onsidering that the alleged conspiracy to fraudulently raise insulin prices is at the heart of all actions").

In sum, because the Tag-Along Actions turn on the Blues' alleged conspiracy to allocate exclusive territories and establish price and revenue restrictions—a controversy already the subject of a pending MDL—they satisfy the standard required for transfer. *See In re Gov't Auto Fleet Sales*, 328 F. Supp. 218, 219 (J.P.M.L. 1971) ("As in most multidistrict private treble damages antitrust litigation, the existence, scope and effect of the conspiracy involve factual matters common to all cases.").

---

Conspiracy."), *with* Ex. 4B (*CommonSpirit* Complaint) ¶ 6 ("The BCBS Market Allocation Conspiracy has substantially diminished competition in the market for healthcare insurance . . . . Due to restricted competition, Plaintiffs were paid much less than they would have been absent the BCBS Market Allocation Conspiracy."), *and* Ex. 3B (*Bon Secours* Complaint) ¶ 459 ("Absent the Market Allocation Conspiracy, there would be more competition among commercial insurers and for the reimbursement of health care goods, services and facilities . . . . This competition would increase the reimbursement rates available to Plaintiffs.").

### III. TRANSFERRING THE TAG-ALONG ACTIONS TO THE MDL WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LITIGATION.

Because of the similarities between and among the Tag-Along Actions and the MDL, transfer to the Northern District of Alabama will enhance efficiency and fairness.

*First*, just like Plaintiffs in the already-consolidated cases, Plaintiffs in the Tag-Along Actions presumably intend to conduct discovery directed at Defendants' license agreements, their relationship with BCBSA and the competitive landscape in the insurance industry. Discovery exploring these factual issues can be best managed in a coordinated proceeding rather than in separate litigations. *See In re Domestic Drywall Antitrust Litig.*, MDL No. 2437, 2018 WL 7153387, at *1 (J.P.M.L. Dec. 6, 2018). If the cases were instead to proceed independently, witnesses and parties would need to duplicate efforts multiple times over—presenting testimony, producing documents and responding to discovery requests that would undoubtedly involve substantial (if not near complete) overlap. By contrast, centralizing these actions in one forum would enable a single court to hear and resolve common discovery disputes, thus conserving judicial resources where separate courts would otherwise have to issue redundant rulings. *See, e.g.*, *In re Onglyza (Saxagliptin)*, 289 F. Supp. 3d 1357, 1359 (J.P.M.L. 2018) ("Centralization also will provide a single forum where disputes about the sufficiency of defendants' past and any supplemental document productions, as well as about expert discovery, can be handled in a streamlined fashion.").

*Second*, transfer to the Northern District of Alabama specifically would promote economies of scale. As discussed above, the Tag-Along Actions retread the same ground covered by the parties already in front of Judge Proctor. For that reason, they will surely seek discovery on the same facts and from the same witnesses involved in the MDL and ASO Actions. As the Panel has noted, transfer of opt-out actions to the MDL where class proceedings

5

originated is prudent because it enables "integration of existing discovery with discovery in the new actions". (Transfer Order, *In re: Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720, at 2 n.4 (J.P.M.L. Oct. 18, 2013) (Dkt. 204).) Indeed, in the ASO Actions, the parties have been able to leverage discovery taken in the MDL to avoid the unnecessary duplication of time, effort and resources. The same is to be expected here.

*Third*, the Tag-Along Actions can be most efficiently managed by inclusion in the MDL, where they will be overseen by "an experienced transferee judge who is already familiar with the contours of the litigation". *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d at 1376; *see also In re Insulin Pricing Litig.*, 688 F. Supp. 3d at 1375 (noting that the familiarity of a transferee judge with "unusually complex issues concerning an alleged multilateral, industry-wide conspiracy" weighs in favor of consolidation). Here, Judge Proctor has developed deep expertise in the issues, having shepherded the MDL for more than a decade. There is no one better suited to effectively steer coordinated pretrial proceedings in "this exceedingly complex antitrust litigation". (Transfer Order, *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406, at 1 (J.P.M.L. Apr. 7, 2023) (Dkt. 572) (final transfer order as to Anesthesia Associates of Ann Arbor PLLC ("*A4 Transfer Order*")).) Indeed, Judge Proctor's proficiency with the central controversies in these cases was a substantial motivating factor in the Panel's decision to transfer to the MDL another case brought by an opt-out from the putative Provider settlement class—the *A4* action—over that plaintiff's objection in April 2023. (*Id.* ("Transfer allows the parties to . . . realize efficiencies from the transferee court's management of overlapping actions, integrate MDL discovery with discovery in *A4*, and as a general matter to take advantage of the transferee court's expertise in the issues . . . .").) The same considerations warrant transfer here.

*Fourth*, consolidation of the Tag-Alongs will promote the uniform and equitable conduct of proceedings. The Tag-Along Actions share Defendants, theories of liability, claims and a core fact pattern with both the MDL and the ASO Actions. As such, permitting separate litigation would risk inconsistent rulings on common pretrial questions—a waste of judicial resources and an invitation to gamesmanship. *In re Pipe Flashing Patent Litig.*, 713 F. Supp. 3d 1414, 1415 (J.P.M.L. 2024).[7]

*Finally*, the Panel "has long recognized that transfer of opt-out actions to the MDL addressing the proposed class settlement is desirable". (Transfer Order, *In re: Payment Card Interchange & Merch. Disc. Antitrust Litig.*, MDL No. 1720, at 2 n.4; *see also*, Transfer Order, *In re: TikTok Consumer Privacy Litig.*, MDL No. 2948, at 2-3 (J.P.M.L. Apr. 7, 2023) (Dkt. 157) ("We have repeatedly held that [a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407." (internal citation and quotation marks omitted)).) Indeed, opt-out actions are routinely consolidated with the MDLs from which they came, even when the MDL proceedings are at an advanced stage. *E.g.*, *In re Pa. Life Co. Secs. Litig.*, 436 F. Supp. 406 (J.P.M.L. 1977); (Transfer Order, *In re Oil Spill by the Oil Rig "Deepwater Horizon,"* MDL No. 2179, at 1-2 (J.P.M.L. June 8, 2012) (Dkt. No. 1077).) Moreover, although the Subscriber Track of the MDL has largely wound down, *see* Suggestion of Remand, *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala. Nov. 15, 2024) (MDL Dkt. 2315), the MDL Court "has not yet begun remanding cases" in the Provider Track, where a direct opt-out action remains pending, *see A4 Transfer Order*, at 1. The Provider Track settlement is also still in the settlement-approval process, with opt-out notices and

---

[7] In this respect, it should be noted that counsel to some of the Tag-Along Plaintiffs is simultaneously representing Plaintiffs in the ASO Actions. The Panel should not hand them two bites at the apple by enabling them to argue the same issues at the same time in different forums.

objections only very recently submitted, and the final approval hearing not scheduled until later this year.  There is therefore little logic to consolidating opt-out actions in a new MDL when they already fall within the scope of an existing one.  (*See* Transfer Order, *In re:  Payment Card Interchange Fee & Merch. Discount Antitrust Litig.*, MDL No. 1720, at 3 (rejecting a request "to create a new MDL to handle the opt-out actions").)  This is particularly true here, where the ASO Actions also are pending in front of Judge Proctor and still at a relatively early stage—fact discovery has not yet even concluded.  And although the ASO Actions are not formally part of the MDL, the overlap between these actions and the Tag-Along Actions is undeniable, making transfer to the Northern District of Alabama all the more logical.

For all these reasons, the Tag-Alongs Actions should be transferred to the Northern District of Alabama and consolidated with MDL No. 2406.

Dated:  March 14, 2025

Respectfully submitted,

By */s/ Karin A. DeMasi*

Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue*

*Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Kansas City; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; Blue Cross Blue Shield of Wyoming; California Physicians' Service d/b/a Blue Shield of California; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com

Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield; Regence Blue Cross Blue Shield of Oregon*


John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); BlueCross BlueShield of South Carolina; Horizon Healthcare Services, Inc.*

mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas City; BlueCross BlueShield of South Carolina; Blue Cross and Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*


Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000

(Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield; Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health, f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon*

Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Jeffrey J. Zeiger, P.C.
Helen E. Witt
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern*

11

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendant Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX  75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL  36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100

*New York Inc.*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue N.W.
Washington, DC  20005
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski
ALLEN OVERY SHEARMAN STERLING US LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field

Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
bbailey@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC  20007
Tel: (202) 672-5491
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO  80202
Tel: (720) 437-2034
dhazel@foley.com

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and*

Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Vermont*

John DeQ. Briggs
Jeny M. Maier
Kenina J. Lee
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com
klee@axinn.com

Kail J. Jethmalani
Victoria J. Lu
AXINN, VELTROP & HARKRIDER, LLP
630 Fifth Avenue, 33rd Floor
New York, NY 10111

*Blue Shield and as BlueAdvantage Administrators of Arkansas*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY  14203
Tel: (716) 847-8400
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

Morris Wade Richardson
(ASB-8581-S78M)
Charles T. Grimes
(ASB-3224-S77C)
RICHARDSON CLEMENT PC
22 Inverness Center Parkway, Suite 500
Birmingham, Alabama 35242
Tel: (205) 729-7000
Facsimile: (205) 905-7009
wade@richardson.law
charley@richardson.law

Tel: (212) 728-2200
Fax: (212) 728-2201
kjethmalani@axinn.com
vlu@axinn.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence Hospital Indemnity Plan, Inc. f/k/a Independence Blue Cross; Independence Health Group, Inc.*

Tracy A. Roman
Jay P. DeSanto
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
troman@crowell.com
jdesanto@crowell.com

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Ave.
New York, NY 10001
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com

14

| | |
|---|---|
| *Counsel for Defendant Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield* | hcostello@crowell.com |

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota*